ELISE M. BLOOM (*pro hac vice*)
HOWARD L. GANZ
NEIL H. ABRAMSON (*pro hac vice*)
ADAM M. LUPION (*pro hac vice*)
**PROSKAUER ROSE LLP**
11 Times Square
New York, NY 10036
Telephone:   (212) 969-3000
Facsimile:   (212) 969-2900

LAURA REATHAFORD, State Bar No. 254751
**PROSKAUER ROSE LLP**
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:   (310) 557-2900
Facsimile:   (310) 557-2193
Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON SENNE, *et al.*,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL, *et al.*<br><br>                    Defendants. | CASE NO. 3:14-cv-00608-JCS<br><br>**ECF Case**<br><br>**DEFENDANTS THE OFFICE OF THE COMMISSIONER OF BASEBALL AND ALLAN HUBER "BUD" SELIG'S ANSWER  TO THE SECOND AMENDED COMPLAINT** |

For their Answer to the Second Amended Complaint of Plaintiff Aaron Senne, *et al.*, Defendants Office of the Commissioner of Baseball (d/b/a Major League Baseball) ("MLB") and Allan Huber "Bud" Selig ("Selig") (collectively, "Defendants"), by and through their attorneys, Proskauer Rose LLP, state as follows:

- 1 -

DEFENDANTS THE OFFICE OF THE COMMISSIONER OF BASEBALL AND ALLAN HUBER "BUD" SELIG'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

## I. <u>AS AND TO THE NATURE AND BACKGROUND OF THE SUIT</u>[1]

1.      Deny the allegations set forth in Paragraph 1 of the Second Amended Complaint.[2]

2.      Deny the allegations set forth in Paragraph 2 of the Second Amended Complaint.

3.      Deny the allegations set forth in Paragraph 3 of the Second Amended Complaint.

4.      Deny the allegations set forth in Paragraph 4 of the Second Amended Complaint, except admit that major league baseball players are currently represented by a union known as the Major League Baseball Players Association ("MLBPA"), that the first collective bargaining agreement between MLB and the MLBPA was entered into in 1968, and that the current MLB/MLBPA collective bargaining agreement provides for a minimum salary of $500,000 for the 2014 season.

5.      Deny the allegations set forth in Paragraph 5 of the Second Amended Complaint, except admit that minor league baseball players not on a Club's "40-man roster" are not represented by a union.

6.      Deny the allegations set forth in Paragraph 6 of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the alleged unsuccessful efforts to unionize minor league players and/or the reasons therefor, and Mr. Peltier's testimony.

7.      Deny the allegations set forth in Paragraph 7 of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mr. Peltier's testimony.

8.      Deny the allegations set forth in Paragraph 8 of the Second Amended Complaint.

9.      Deny the allegations set forth in Paragraph 9 of the Second Amended Complaint.

10.      Deny the allegations set forth in Paragraph 10 of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Defendant Clubs do not pay salaries during "spring training…instructional leagues and winter training."

---

[1] The headings used in this Answer are the headings created by Plaintiffs and used in the Second Amended Complaint.  Defendants submit a general denial with respect to the characterizations in the headings and Table of Contents of the Second Amended Complaint.

[2] Defendants deny the allegation set forth in Paragraph 1 of the Second Amended Complaint that Major League Baseball is a "cartel," and, where applicable, specifically incorporate this objection and denial throughout the remainder of their Answer.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Second Amended Complaint, except deny that "wage violations force many minor leaguers to live in poverty."

12.     Deny the allegations set forth in Paragraph 12 of the Second Amended Complaint, except admit that in 2013, one of the Defendant Clubs settled a U.S. Department of Labor ("DOL") action; upon information and belief, the DOL is currently conducting other investigations across the industry; and on March 26, 2014, the United States District Court for the Southern District of New York dismissed a lawsuit instituted against MLB for alleged wage and hour violations.

13.     Deny the allegations set forth in Paragraph 13 of the Second Amended Complaint, except admit that a representative of the U.S. Department of Labor made a presentation at a MLB meeting in 2013, and refer the Court to the memorandum referenced in Footnote 7 of the Second Amended Complaint for a full and accurate statement of the contents of that memorandum.

14.     Deny the allegations set forth in Paragraph 14 of the Second Amended Complaint.

15.     The allegations set forth in Paragraph 15 of the Second Amended Complaint constitute argument to which no response is required.  To the extent a response may be required, Defendants deny the allegation and refer the Court to President Franklin D. Roosevelt's Message to the Congress of the United States, November 15, 1937, for a full and accurate statement of that Message.

16.     The allegations set forth in Paragraph 16 of the Second Amended Complaint constitute argument to which no response is required.  To the extent a response may be required, Defendants admit that certain states have passed wage and hour laws.

17.     Deny the allegations set forth in Paragraph 17 of the Second Amended Complaint, except admit that Plaintiffs purport to seek the damages described in said paragraph, that five member Clubs of MLB are based in California, that the California League operates in California, that member Clubs of MLB maintain spring training facilities in Florida and Arizona, and that certain minor league teams operate in Florida and Arizona.

18.     Deny the allegations set forth in Paragraph 18 of the Second Amended Complaint, except admit that Plaintiffs purport to seek the relief described in said paragraph.

## II. <u>AS AND TO THE PARTIES</u>

### 1.      As and to the Plaintiffs

19.      Deny the allegations set forth in Paragraph 19 of the Second Amended Complaint, except admit that Aaron Senne is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 19 of the Second Amended Complaint, was a minor league baseball player for clubs affiliated with the Florida Marlins and/or Miami Marlins at certain points in 2010, 2011, 2012 and 2013; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Senne's current residence.

20.      Deny the allegations set forth in Paragraph 20 of the Second Amended Complaint, except admit that Michael Liberto is a plaintiff in this action and purports to be a representative plaintiff for the "Arizona Class" and the "Minor League Collective" as alleged in Paragraph 20 of the Second Amended Complaint, was a minor league baseball player for clubs affiliated with the Kansas City Royals at certain points in 2010, 2011, 2012 and 2013; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Liberto's current residence.

21.      Deny the allegations set forth in Paragraph 21 of the Second Amended Complaint, except admit that Oliver Odle is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 21 of the Second Amended Complaint, was a minor league baseball player for clubs affiliated with the San Francisco Giants at certain points in 2007, 2008, 2009, 2010 and 2011; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Odle's current residence.

22.      Deny the allegations set forth in Paragraph 22 of the Second Amended Complaint, except admit that Brad McAtee is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 22 of the Second Amended Complaint, was a minor league baseball player for clubs affiliated with the Colorado Rockies at certain points in 2008, 2009, 2010 and 2011; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning McAtee's current residence.

DEFENDANTS THE OFFICE OF THE COMMISSIONER OF BASEBALL AND ALLAN HUBER "BUD" SELIG'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

23.     Deny the allegations set forth in Paragraph 23 of the Second Amended Complaint, except admit that Craig Bennigson is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 23 of the Second Amended Complaint, was a minor league baseball player for clubs affiliated with the Colorado Rockies at certain points in 2008, 2009, 2010, 2011, 2012 and 2013; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Bennigson's current residence.

24.     Deny the allegations set forth in Paragraph 24 of the Second Amended Complaint, except admit that Matt Lawson is a plaintiff in this action and purports to be a representative plaintiff for the "Arizona Class" and the "Minor League Collective" as alleged in Paragraph 24 of the Second Amended Complaint, was a minor league baseball player for clubs affiliated with the Texas Rangers at certain points in 2007, 2008, 2008 and 2010, the Seattle Mariners at certain points in 2010 to 2011, and the Cleveland Indians at certain points in 2011, 2012, 2013 and 2014; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Lawson's current residence.

25.     Deny the allegations set forth in Paragraph 25 of the Second Amended Complaint, except admit that Kyle Woodruff is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 25 of the Second Amended Complaint, was a minor league baseball player for clubs affiliated with the San Francisco Giants at certain points in 2008, 2009, 2010 and 2011; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Woodruff's current residence.

26.     Deny the allegations set forth in Paragraph 26 of the Second Amended Complaint, except admit that Ryan Kiel is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 26 of the Second Amended Complaint, was a minor league baseball player for certain clubs affiliated with the Seattle Mariners at certain points in 2010, 2011 and 2012 and the Cincinnati Reds at certain points in 2012; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Kiel's current residence.

27.     Deny the allegations set forth in Paragraph 27 of the Second Amended Complaint, except admit that Kyle Nicholson is a plaintiff in this action and purports to be a representative plaintiff for the "California Class" as alleged in Paragraph 27 of the Second Amended Complaint, was a minor league baseball player for clubs affiliated with the San Francisco Giants at certain points in 2007, 2008, 2009, 2010 and 2011; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Nicholson's current residence.

28.     Deny the allegations set forth in Paragraph 28 of the Second Amended Complaint, except admit that Brad Stone is a plaintiff in this action and purports to be a representative plaintiff for the "Florida Class" and the "Minor League Collective" as alleged in Paragraph 28 of the Second Amended Complaint, was a minor league baseball player for certain clubs affiliated with the Florida Marlins at certain points in 2006, 2007, 2008, 2009, 2010 and 2011; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Stone's current residence.

29.     Deny the allegations set forth in Paragraph 29 of the Second Amended Complaint, except admit that Matt Daly is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 29 of the Second Amended Complaint, was a minor league baseball player for certain clubs affiliated with the Toronto Blue Jays at certain points in 2008, 2009, 2010, 2011, 2012 and 2013; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Daly's current residence.

30.     Deny the allegations set forth in Paragraph 30 of the Second Amended Complaint, except admit that Aaron Meade is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 30 of the Second Amended Complaint, was a minor league baseball player for certain clubs affiliated with the Los Angeles Angels of Anaheim at certain points in 2010, 2011, 2012 and 2013; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Meade's current residence.

31.     Deny the allegations set forth in Paragraph 31 of the Second Amended Complaint, except admit that Justin Murray is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 31 of the Second Amended

- 6 -

1    Complaint, was a minor league baseball player for certain clubs affiliated with the Oakland Athletics at

2    certain points in 2008, 2009, 2010 and 2011; and deny knowledge or information sufficient to form a

3    belief as to the truth of the allegations concerning Murray's current residence.

4           32.     Deny the allegations set forth in Paragraph 32 of the Second Amended Complaint, except

5    admit that Jake Kahaulelio is a plaintiff in this action and purports to be a representative plaintiff for

6    certain "Classes" and the "Minor League Collective" as alleged in Paragraph 32 of the Second Amended

7    Complaint, was a minor league baseball player for certain clubs affiliated with the Cincinnati Reds at

8    certain points in 2007, 2008, 2009, 2010 and 2011; and deny knowledge or information sufficient to

9    form a belief as to the truth of the allegations concerning Kahaulelio's current residence.

10          33.     Deny the allegations set forth in Paragraph 33 of the Second Amended Complaint, except

11   admit that Ryan Khoury is a plaintiff in this action and purports to be a representative plaintiff for

12   certain "Classes" and the "Minor League Collective" as alleged in Paragraph 33 of the Second Amended

13   Complaint, was a minor league baseball player for certain clubs affiliated with the Boston Red Sox at

14   certain points in 2006, 2007, 2008, 2009, 2010 and 2011; and deny knowledge or information sufficient

15   to form a belief as to the truth of the allegations concerning Khoury's current residence.

16          34.     Deny the allegations set forth in Paragraph 34 of the Second Amended Complaint, except

17   admit that Dustin Pease is a plaintiff in this action and purports to be a representative plaintiff for certain

18   "Classes" and the "Minor League Collective" as alleged in Paragraph 34 of the Second Amended

19   Complaint, was a minor league baseball player for certain clubs affiliated with the San Diego Padres at

20   certain points in 2011, 2012 and 2013; and deny knowledge or information sufficient to form a belief as

21   to the truth of the allegations concerning Pease's current residence.

22          35.     Deny the allegations set forth in Paragraph 35 of the Second Amended Complaint, except

23   admit that Jeff Nadeau is a plaintiff in this action and purports to be a representative plaintiff for the

24   "Florida Class" and the "Minor League Collective" as alleged in Paragraph 35 of the Second Amended

25   Complaint, was a minor league baseball player for certain clubs affiliated with the St. Louis Cardinals at

26   certain points in 2010, 2011 and 2012; and deny knowledge or information sufficient to form a belief as

27   to the truth of the allegations concerning Nadeau's current residence.

28

- 7 -

36.     Deny the allegations set forth in Paragraph 36 of the Second Amended Complaint, except admit that Jon Gaston is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 36 of the Second Amended Complaint, was a minor league baseball player for certain clubs affiliated with the Houston Astros at certain points in 2008, 2009, 2010, 2011 and 2012, and the Chicago White Sox at certain points in 2012; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Gaston's current residence.

37.     Deny the allegations set forth in Paragraph 37 of the Second Amended Complaint, except admit that Brandon Henderson is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 37 of the Second Amended Complaint, was a minor league baseball player for clubs affiliated with the Minnesota Twins at certain points in 2010 and 2011; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Henderson's current residence.

38.     Deny the allegations set forth in Paragraph 38 of the Second Amended Complaint, except admit that Tim Pahuta is a plaintiff in this action and purports to be a representative plaintiff for the "Florida Class" and the "Minor League Collective" as alleged in Paragraph 38 of the Second Amended Complaint, was a minor league baseball player for clubs affiliated with the Washington Nationals at certain points in 2005, 2006, 2007, 2008, 2009, 2010, 2011 and 2012; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Pahuta's current residence.

39.     Deny the allegations set forth in Paragraph 39 of the Second Amended Complaint, except admit that Les Smith is a plaintiff in this action and purports to be a representative plaintiff for the "Florida Class" and the "Minor League Collective" as alleged in Paragraph 39 of the Second Amended Complaint, was a minor league baseball player for clubs affiliated with the Detroit Tigers at certain points in 2010, 2011 and 2012; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Smith's current residence.

40.     Deny the allegations set forth in Paragraph 40 of the Second Amended Complaint, except admit that Joseph Newby is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 40 of the Second Amended Complaint, was a minor league baseball player for clubs affiliated with the Oakland Athletics at certain points in 2004, 2005, 2006 and 2007, the Seattle Mariners at certain points in 2009, and Los Angeles Dodgers at certain points in 2011; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Newby's current residence.

41.     Deny the allegations set forth in Paragraph 41 of the Second Amended Complaint, except admit that Ryan Hutson is a plaintiff in this action and purports to be a representative plaintiff for the "Florida Class" and the "Minor League Collective" as alleged in Paragraph 41 of the Second Amended Complaint, was a minor league baseball player for certain clubs affiliated with the New York Mets at certain points in 2011 and 2012; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Hutson's current residence.

42.     Deny the allegations set forth in Paragraph 42 of the Second Amended Complaint, except admit that Matt Frevert is a plaintiff in this action and purports to be a representative plaintiff for the "Florida Class" and the "Minor League Collective" as alleged in Paragraph 42 of the Second Amended Complaint, was a minor league baseball player for clubs affiliated with the St. Louis Cardinals at certain points in 2008, 2009, 2010 and 2011, and the Atlanta Braves at certain points in 2011; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Frevert's current residence.

43.     Deny the allegations set forth in Paragraph 43 of the Second Amended Complaint, except admit that Roberto Ortiz is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 43 of the Second Amended Complaint, was a minor league baseball player for clubs affiliated with the Arizona Diamondbacks at certain points in 2008, 2009, 2010, 2011 and 2012, and the Baltimore Orioles at certain points in 2012; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Ortiz's current residence.

44.     Deny the allegations set forth in Paragraph 44 of the Second Amended Complaint, except admit that Witer Jimenez is a plaintiff in this action and purports to be a representative plaintiff for the "Florida Class" and the "Minor League Collective" as alleged in Paragraph 44 of the Second Amended Complaint, was a minor league baseball player for clubs affiliated with the Philadelphia Phillies at certain points in 2010 and 2011; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Jimenez's current residence.

45.     Deny the allegations set forth in Paragraph 45 of the Second Amended Complaint, except admit that Kris Watts is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 45 of the Second Amended Complaint, was a minor league baseball player for clubs affiliated with the Pittsburgh Pirates at certain points in 2006, 2007, 2008, 2009, 2010, 2011 and 2012 and the Washington Nationals at certain points in 2012 and 2013; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Watts' current residence.

46.     Deny the allegations set forth in Paragraph 46 of the Second Amended Complaint, except admit that Mitch Hilligoss is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 46 of the Second Amended Complaint, was a minor league baseball player for clubs affiliated with the New York Yankees at certain points in 2006, 2007, 2008, 2009 and 2010, and the Texas Rangers at certain points in 2010 and 2011; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Hilligoss' current residence.

47.     Deny the allegations set forth in Paragraph 47 of the Second Amended Complaint, except admit that Matt Gorgen is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 47 of the Second Amended Complaint, was a minor league baseball player for clubs affiliated with the Tampa Bay Rays at certain points in 2008, 2009 and 2010, and the Arizona Diamondbacks at certain points in 2010, 2011, 2012 and 2013; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Gorgen's current residence.

48.      Deny the allegations set forth in Paragraph 48 of the Second Amended Complaint, except admit that Brett Newsome is a plaintiff in this action and purports to be a representative plaintiff for the "Florida Class" and the "Minor League Collective" as alleged in Paragraph 48 of the Second Amended Complaint, was a minor league baseball player for clubs affiliated with the Washington Nationals at certain points from 2008, 2009, 2010, 2011, 2012 and 2013; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Newsome's current residence.

49.      Deny the allegations set forth in Paragraph 49 of the Second Amended Complaint, except admit that Jake Opitz is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 49 of the Second Amended Complaint, was a minor league baseball player for clubs affiliated with the Chicago Cubs at certain points in 2008, 2009, 2010, 2011 and 2012, and the Philadelphia Phillies at certain points in 2012; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Opitz's current residence.

50.      Deny the allegations set forth in Paragraph 50 of the Second Amended Complaint, except admit that Daniel Britt is a plaintiff in this action and purports to be a representative plaintiff for the "Arizona Class" and the "Minor League Collective" as alleged in Paragraph 50 of the Second Amended Complaint, was a minor league baseball player for clubs affiliated with the Milwaukee Brewers at certain points in 2010 and 2011; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Britt's current residence.

## 2.      As and to the Defendants

51.      Deny the allegations set forth in Paragraph 51 of the Second Amended Complaint, except admit that the Office of the Commissioner of Baseball, d/b/a MLB, is an unincorporated association, also doing business as Major League Baseball, and it is currently comprised of 30 Major League Baseball Clubs; and Major League Baseball Properties, Inc. (d/b/a "Properties") and Major League

- 11 -

DEFENDANTS THE OFFICE OF THE COMMISSIONER OF BASEBALL AND ALLAN HUBER "BUD" SELIG'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

Baseball Enterprises, Inc. (d/b/a "Enterprises") are separately owned and operated entities, controlled by the 30 Major League Baseball Clubs, and Properties is a wholly-owned subsidiary of Enterprises.[3]

52.     Deny the allegations set forth in Paragraph 52 of the Second Amended Complaint.

53.     Deny the allegations set forth in Paragraph 53 of the Second Amended Complaint, except admit that Mr. Selig has served as the Commissioner of Major League Baseball since in or about 1998 and once had an ownership interest in a Club.

54.     Deny the allegations set forth in Paragraph 54 of the Second Amended Complaint, except admit that, according to the Major League Constitution ("MLC"), Mr. Selig currently serves as the "Chief Executive Officer of Major League Baseball" and has the authority to administer discipline, announce rules and procedures and preside over meetings on behalf of MLB.

55.      Deny the allegations set forth in Paragraph 55 of the Second Amended Complaint, except admit that, under the MLC, Mr. Selig has "executive responsibility for labor relations."

56.     Deny the allegations set forth in Paragraph 56 of the Second Amended Complaint, except admit that Mr. Selig plays a role in the development, implementation and enforcement of rules and policies with respect to minor league players.

57.     Deny the allegations set forth in Paragraph 57 of the Second Amended Complaint, and refer to the provisions of the MLC for all of its terms and conditions.

58.     Admit the allegations set forth in Paragraph 58 of the Second Amended Complaint, and refer to the provisions of the MLC for all of its terms and conditions.

59.     Deny the allegations set forth in Paragraph 59 of the Second Amended Complaint.

60.     Deny the allegations set forth in Paragraph 60 of the Second Amended Complaint, except admit that the Office of the Commissioner of Baseball implemented drug testing for minor league players in 2001 and HGH testing in 2010; the Office of the Commissioner of Baseball implemented and oversees a tobacco policy that minor league players must abide by; and a collectively bargained signing

---

[3] Defendants admit that Plaintiffs purport to reserve the right to name Major League Baseball Properties, Inc. and Major League Baseball Enterprises, Inc. as Defendants in this lawsuit, and Defendants reserve all rights to oppose any such request.

DEFENDANTS THE OFFICE OF THE COMMISSIONER OF BASEBALL AND ALLAN HUBER "BUD" SELIG'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

1   bonus pool system for drafted and undrafted players was implemented, the terms of which are set forth

2   in Major League Rule 3(c)(4).

3        61.      Deny the allegations set forth in Paragraph 61 of the Second Amended Complaint, except

4   admit that Plaintiffs purport to name the Clubs identified in the caption of the Second Amended

5   Complaint as Defendants in this lawsuit and to refer to them collectively.

6        62.      Deny the allegations set forth in Paragraph 62 of the Second Amended Complaint, except

7   admit that the entity known as the Kansas City Royals is a member Club of Major League Baseball and

8   employs and has employed certain minor league baseball players, including Plaintiff Michael Liberto.

9        63.      Deny the allegations set forth in Paragraph 63 of the Second Amended Complaint, except

10  admit that the entity known as the Miami Marlins, previously known as the Florida Marlins, is a member

11  Club of Major League Baseball and employs and has employed certain minor league baseball players,

12  including Plaintiffs Aaron Senne and Brad Stone.

13       64.      Deny the allegations set forth in Paragraph 64 of the Second Amended Complaint, except

14  admit that the entity known as the San Francisco Giants is a member Club of Major League Baseball and

15  employs and has employed certain minor league baseball players, including Plaintiffs Kyle Nicholson,

16  Kyle Woodruff, and Oliver Odle.

17       65.      Deny the allegations set forth in Paragraph 65 of the Second Amended Complaint, except

18  admit that the entity known as the Boston Red Sox is a member Club of Major League Baseball and

19  employs and has employed certain minor league baseball players, including Plaintiff Ryan Khoury.

20       66.      Deny the allegations set forth in Paragraph 66 of the Second Amended Complaint, except

21  admit that the entity known as the Toronto Blue Jays is a member Club of Major League Baseball and

22  employs and has employed certain minor league baseball players, including Plaintiff Matt Daly.

23       67.      Deny the allegations set forth in Paragraph 67 of the Second Amended Complaint, except

24  admit that the entity known as the Chicago White Sox is a member Club of Major League Baseball and

25  employs and has employed certain minor league baseball players, including Plaintiff Jon Gaston.

26

27

28

DEFENDANTS THE OFFICE OF THE COMMISSIONER OF BASEBALL AND ALLAN HUBER
"BUD" SELIG'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-
00608-JCS

1
2
3

68.     Deny the allegations set forth in Paragraph 68 of the Second Amended Complaint, except admit that the entity known as the Cleveland Indians is a member Club of Major League Baseball and employs and has employed certain minor league baseball players, including Plaintiff Matt Lawson.

4
5
6

69.     Deny the allegations set forth in Paragraph 69 of the Second Amended Complaint, except admit that the entity known as the Houston Astros is a member Club of Major League Baseball and employs and has employed certain minor league baseball players, including Plaintiff Jon Gaston.

7
8
9
10

70.     Deny the allegations set forth in Paragraph 70 of the Second Amended Complaint, except admit that the entity known as the Los Angeles Angels of Anaheim is a member Club of Major League Baseball and employs and has employed certain minor league baseball players, including Plaintiff Aaron Meade.

11
12
13

71.     Deny the allegations set forth in Paragraph 71 of the Second Amended Complaint, except admit that the entity known as the Oakland Athletics is a member Club of Major League Baseball and employs and has employed certain minor league baseball players, including Plaintiff Justin Murray.

14
15
16
17

72.     Deny the allegations set forth in Paragraph 72 of the Second Amended Complaint, except admit that the entity known as the Seattle Mariners is a member Club of Major League Baseball and employs and has employed certain minor league baseball players, including Plaintiffs Matt Lawson and Ryan Kiel.

18
19
20

73.     Deny the allegations set forth in Paragraph 73 of the Second Amended Complaint, except admit that the entity known as the Cincinnati Reds is a member Club of Major League Baseball and employs and has employed certain minor league baseball players, including Plaintiff Jake Kahaulelio.

21
22
23

74.     Deny the allegations set forth in Paragraph 74 of the Second Amended Complaint, except admit that the entity known as the St. Louis Cardinals is a member Club of Major League Baseball and employs and has employed certain minor league baseball players, including Plaintiff Jeff Nadeau.

24
25
26
27

75.     Deny the allegations set forth in Paragraph 75 of the Second Amended Complaint, except admit that the entity known as the Colorado Rockies is a member Club of Major League Baseball and employs and has employed certain minor league baseball players, including Plaintiffs Brad McAtee and Craig Bennigson.

28

DEFENDANTS THE OFFICE OF THE COMMISSIONER OF BASEBALL AND ALLAN HUBER "BUD" SELIG'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

1

2

3

76.     Deny the allegations set forth in Paragraph 76 of the Second Amended Complaint, except admit that the entity known as the San Diego Padres is a member Club of Major League Baseball and employs and has employed certain minor league baseball players, including Plaintiff Dustin Pease.

4

5

6

7

77.     Deny the allegations set forth in Paragraph 77 of the Second Amended Complaint, except admit that the entity known as the Minnesota Twins is a member Club of Major League Baseball and employs and has employed certain minor league baseball players, including Plaintiff Brandon Henderson.

8

9

10

78.     Deny the allegations set forth in Paragraph 78 of the Second Amended Complaint, except admit that the entity known as the Washington Nationals is a member Club of Major League Baseball and employs and has employed certain minor league baseball players, including Plaintiff Tim Pahuta.

11

12

13

79.     Deny the allegations set forth in Paragraph 79 of the Second Amended Complaint, except admit that the entity known as the Detroit Tigers is a member Club of Major League Baseball and employs and has employed certain minor league baseball players, including Plaintiff Les Smith.

14

15

16

80.     Deny the allegations set forth in Paragraph 80 of the Second Amended Complaint, except admit that the entity known as the Los Angeles Dodgers is a member Club of Major League Baseball and employs and has employed certain minor league baseball players, including Plaintiff Joseph Newby.

17

18

19

81.     Deny the allegations set forth in Paragraph 81 of the Second Amended Complaint, except admit that the entity known as the New York Mets is a member Club of Major League Baseball and employs and has employed certain minor league baseball players, including Plaintiff Ryan Hutson.

20

21

22

82.     Deny the allegations set forth in Paragraph 82 of the Second Amended Complaint, except admit that the entity known as the Atlanta Braves is a member Club of Major League Baseball and employs and has employed certain minor league baseball players, including Plaintiff Matt Frevert.

23

24

25

26

83.     Deny the allegations set forth in Paragraph 83 of the Second Amended Complaint, except admit that the entity known as the Arizona Diamondbacks is a member Club of Major League Baseball and employs and has employed certain minor league baseball players, including Plaintiffs Roberto Ortiz and Matt Gorgen.

27

28

DEFENDANTS THE OFFICE OF THE COMMISSIONER OF BASEBALL AND ALLAN HUBER "BUD" SELIG'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

1    84.    Deny the allegations set forth in Paragraph 84 of the Second Amended Complaint, except

2  admit that the entity known as the Baltimore Orioles is a member Club of Major League Baseball and

3  employs and has employed certain minor league baseball players, including Plaintiff Roberto Ortiz.

4    85.    Deny the allegations set forth in Paragraph 85 of the Second Amended Complaint, except

5  admit that the entity known as the Philadelphia Phillies is a member Club of Major League Baseball and

6  employs and has employed certain minor league baseball players, including Plaintiffs Witer Jimenez and

7  Jake Opitz.

8    86.    Deny the allegations set forth in Paragraph 86 of the Second Amended Complaint, except

9  admit that the entity known as the Pittsburgh Pirates is a member Club of Major League Baseball and

10  employs and has employed certain minor league baseball players, including Plaintiff Kris Watts.

11    87.    Deny the allegations set forth in Paragraph 87 of the Second Amended Complaint, except

12  admit that the entity known as the New York Yankees is a member Club of Major League Baseball and

13  employs and has employed certain minor league baseball players, including Plaintiff Mitch Hilligoss.

14    88.    Deny the allegations set forth in Paragraph 88 of the Second Amended Complaint, except

15  admit that the entity known as the Tampa Bay Rays is a member Club of Major League Baseball and

16  employs and has employed certain minor league baseball players, including Plaintiff Matt Gorgen.

17    89.    Deny the allegations set forth in Paragraph 89 of the Second Amended Complaint, except

18  admit that the entity known as the Chicago Cubs is a member Club of Major League Baseball and

19  employs and has employed certain minor league baseball players, including Plaintiff Jake Opitz.

20    90.    Deny the allegations set forth in Paragraph 90 of the Second Amended Complaint, except

21  admit that the entity known as the Milwaukee Brewers is a member Club of Major League Baseball and

22  employs and has employed certain minor league baseball players, including Plaintiff Daniel Britt.

23    91.    Deny the allegations set forth in Paragraph 91 of the Second Amended Complaint, except

24  admit that the entity known as the Texas Rangers is a member Club of Major League Baseball and

25  employs and has employed certain minor league baseball players, including Plaintiff Mitch Hilligoss.

26

27

28

- 16 -

### III.  AS AND TO THE CLASS ACTION ALLEGATIONS

92.    Deny the allegations set forth in Paragraph 92 of the Second Amended Complaint, except admit that Plaintiffs purport to bring their state law claims as class actions on behalf of themselves and all others who are similarly situated under the statutes cited therein.

93.    Deny the allegations set forth in Paragraph 93 of the Second Amended Complaint, except admit that the Second Amended Complaint purports to assert claims on behalf of a "California Class," which is described therein.

94.    Deny the allegations set forth in Paragraph 94 of the Second Amended Complaint, except admit that the Plaintiffs identified therein purport to be the "California Class Representatives."

95.    Deny the allegations set forth in Paragraph 95 of the Second Amended Complaint, except admit that the Second Amended Complaint purports to seek waiting time penalties under California Labor Code §  203 on behalf of the "California Waiting Time Subclass" described therein.

96.    Deny the allegations set forth in Paragraph 96 of the Second Amended Complaint, except admit that the Second Amended Complaint purports to assert claims on behalf of the "Florida Class" described therein.

97.    Deny the allegations set forth in Paragraph 97 of the Second Amended Complaint, except admit that the Plaintiffs identified therein purport to be the "Florida Class Representatives."

98.    Deny the allegations set forth in Paragraph 98 of the Second Amended Complaint, except admit that the Second Amended Complaint purports to assert claims on behalf of the "Arizona Class" described therein.

99.    Deny the allegations set forth in Paragraph 99 of the Second Amended Complaint, except admit that the Plaintiffs identified therein purport to be the "Arizona Class Representatives."

100.    Deny the allegations set forth in Paragraph 100 of the Second Amended Complaint, except admit that the Second Amended Complaint purports to assert claims on behalf of the "North Carolina Class" described therein.

101.    Deny the allegations set forth in Paragraph 101 of the Second Amended Complaint, except admit that the Plaintiffs identified therein purport to be the "North Carolina Class Representatives."

102.    Deny the allegations set forth in Paragraph 102 of the Second Amended Complaint, except admit that the Second Amended Complaint purports to assert claims on behalf of the "New York Class" described therein.

103.    Deny the allegations set forth in Paragraph 103 of the Second Amended Complaint, except admit that the Plaintiffs identified therein purport to be the "New York Class Representatives."

104.    Deny the allegations set forth in Paragraph 104 of the Second Amended Complaint.

105.    Deny the allegations set forth in Paragraph 105 of the Second Amended Complaint.

106.    Deny the allegations set forth in Paragraph 106 of the Second Amended Complaint.

107.    Deny the allegations set forth in Paragraph 107 of the Second Amended Complaint.

108.    Deny the allegations set forth in Paragraph 108, including but not limited to subparagraphs (a) through (h), inclusive, of the Second Amended Complaint.

109.    Deny the allegations set forth in Paragraph 109 of the Second Amended Complaint.

110.    Deny the allegations set forth in Paragraph 110 of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the putative class members' resources or motivations.

## IV.  AS AND TO THE COLLECTIVE ACTION ALLEGATIONS

111.    Deny the allegations set forth in Paragraph 111 of the Second Amended Complaint, except admit that Plaintiffs purport to bring Counts I and II on behalf of themselves and the individuals described therein.

112.    Deny the allegations set forth in Paragraph 112 of the Second Amended Complaint.

113.    Deny the allegations set forth in Paragraph 113 of the Second Amended Complaint.

## V.  AS AND TO THE JURISDICTION, VENUE, AND COMMERCE ALLEGATIONS

114.    The allegations set forth in Paragraph 114 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required,

DEFENDANTS THE OFFICE OF THE COMMISSIONER OF BASEBALL AND ALLAN HUBER "BUD" SELIG'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

1   Defendants deny the allegations, except admit that the Court has subject matter jurisdiction over the

2   federal claims pursuant to the statutes cited therein.

3          115.    The allegations set forth in Paragraph 115 of the Second Amended Complaint constitute

4   legal conclusions to which no response is required.  To the extent a response may be required,

5   Defendants deny the allegations.

6          116.    The allegations set forth in Paragraph 116 of the Second Amended Complaint constitute

7   legal conclusions to which no response is required.  To the extent a response may be required,

8   Defendants deny the allegations, except admit that Plaintiffs allege that the amount in controversy

9   exceeds $5,000,000.

10          117.    The allegations set forth in Paragraph 117 of the Second Amended Complaint constitute

11   legal conclusions to which no response is required.  To the extent a response may be required,

12   Defendants admit that the Court has jurisdiction over the federal claims pursuant to the statutes cited

13   therein.

14          118.    The allegations set forth in Paragraph 118 of the Second Amended Complaint constitute

15   legal conclusions to which no response is required.  To the extent a response may be required,

16   Defendants deny the allegations.

17          119.    Deny the allegations set forth in Paragraph 119 of the Second Amended Complaint,

18   except admit that Defendants engage in interstate commerce and use instruments of interstate commerce.

19          120.    The allegations set forth in Paragraph 120 of the Second Amended Complaint constitute

20   legal conclusions to which no response is required.  To the extent a response may be required,

21   Defendants deny the allegations, except admit that two MLB Clubs are located in the Northern District

22   of California, three of the Plaintiffs played for clubs affiliated with the San Francisco Giants, and two of

23   the Plaintiffs played for clubs affiliated with the Oakland Athletics, and Plaintiffs purport to "believe[]

24   that one of MLB's officers resides within this District."

25          121.    Deny the allegations set forth in Paragraph 121 of the Second Amended Complaint,

26   except admit that in certain years California has ranked as the most common home state or territory of

27   individuals selected by Major League Clubs in the Rule 4 Draft.

28

- 19 -

122. Deny the allegations set forth in Paragraph 122 of the Second Amended Complaint, except admit that "[i]n the last three years, California averaged 221 draft picks per year (compared to, for instance an average of 32 per year for New York over the same time span)."

123. Deny the allegations set forth in Paragraph 123 of the Second Amended Complaint, except admit that five MLB Clubs and one minor league are located in California.

124. The allegations set forth in Paragraph 124 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent a response may be required, Defendants deny the allegations.

## VI. AS AND TO THE FACTUAL ALLEGATIONS

### 1. As and to "The Booming Business of MLB"

125. Admit the allegations set forth in Paragraph 125 of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to how many of the approximately 74 million fans who attended MLB games during the 2013 season paid for their own admission.

126. Deny the allegations set forth in Paragraph 126 of the Second Amended Complaint.

127. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 127 of the Second Amended Complaint, except admit that the *Forbes* article referenced therein at Footnote 26 purported to estimate franchise values.

128. Deny the allegations set forth in Paragraph 128 of the Second Amended Complaint, except admit that players are needed to play the game of baseball.

### 2. As and to "Minor Leaguers' Uniform, Adhesive Contracts"

129. Deny the allegations set forth in Paragraph 129 of the Second Amended Complaint, except admit that Clubs may include up to 25 Major League baseball players on an "Active Roster," Clubs may, but are not required to, reserve additional players to the "40-man roster," during the season, players may end up on the "Major League Disabled List," and, currently, each Club has a little more than 40 players under reserve and represented by the MLBPA.

130. Deny the allegations set forth in Paragraph 130 of the Second Amended Complaint.

- 20 -

131.    The allegations set forth in Paragraph 131 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations, except admit that MLB and the Defendant Clubs are exempt from the antitrust laws pursuant to decisional authority of the U.S. Supreme Court, except as expressly provided by Congress under the Curt Flood Act.

132.    Deny the allegations set forth in Paragraph 132 of the Second Amended Complaint, except admit that minor league baseball players not on a Club's "40-man roster" are not represented by a union.

133.    Deny the allegations set forth in Paragraph 133 of the Second Amended Complaint, except admit that minor league baseball players may agree to be employed pursuant to a minor league contract, which they must agree to and execute, whether after an amateur draft or as a free agent.

134.    Deny the allegations set forth in Paragraph 134 of the Second Amended Complaint, except admit that a draft, governed at least in part by the Major League Baseball Rule 4 ("Rule 4") attached to the Second Amended Complaint, is sometimes referred to as the "amateur" draft and during recent years has been held in June.

135.    Deny the allegations set forth in Paragraph 135 of the Second Amended Complaint, except admit that a draft, governed at least in part by Major League Baseball Rule 4 ("Rule 4") attached to the Second Amended Complaint, is sometimes referred to as the "Rule 4 draft," and was instituted in 1965, when Ford Frick served as the Commissioner.

136.    Deny the allegations set forth in Paragraph 136 of the Second Amended Complaint, except admit that the Major League Baseball Rules, attached to the Second Amended Complaint, state that Uniform Player Contracts signed by minor league baseball players are to be filed with and approved by the Office of the Commissioner of Baseball, and in the past, the Commissioner's Office had provided each Club with an informal recommendation for signing bonuses to be given to each high level draft pick.

137.    Deny the allegations set forth in Paragraph 137 of the Second Amended Complaint.

DEFENDANTS THE OFFICE OF THE COMMISSIONER OF BASEBALL AND ALLAN HUBER "BUD" SELIG'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

138.     Deny the allegations set forth in Paragraph 138 of the Second Amended Complaint, except admit that the draft, governed at least in part by Major League Baseball Rule 4 ("Rule 4") and which was developed and enforced by the Commissioner's Office, attached to the Second Amended Complaint, may include certain baseball players from the United States, Canada and Puerto Rico, and any other commonwealth, territory or possession of the United States, and in recent years has lasted up to 40 rounds with the Club with the worst win/loss record during the prior major league baseball championship season making the first selection.

139.     Deny the allegations set forth in Paragraph 139 of the Second Amended Complaint, except admit that baseball players in the draft, governed at least in part by Rule 4, attached to the Second Amended Complaint, may be between the ages of 18 and 23.

140.     Deny the allegations set forth in Paragraph 140 of the Second Amended Complaint, except admit that some baseball players retain agents or advisors and some do not.

141.     Deny the allegations set forth in Paragraph 141 of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether "many" or "most" minor league players are represented by agents or advisors in connection with signing an initial Minor League Uniform Player Contract.

142.     Deny the allegations set forth in Paragraph 142 of the Second Amended Complaint, except admit that the Dominican Republic, followed by Venezuela, produce the most Latin American baseball players, and certain baseball players, including those from Latin American countries, may be subject to Major League Baseball Rule 3 ("Rule 3"), attached to the Second Amended Complaint, and are eligible to sign a Minor League Uniform Player Contract when they are 16 years old (if they turn 17 by September 1 of the following year).

143.     Deny the allegations set forth in Paragraph 143 of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning information about the families, education-level and representation of minor league players from Latin American countries and whether Latino signees comprise over forty percent of minor league players, and admit that MLB prohibits bribes and/or kickbacks in connection with a player entering into

- 22 -

a Minor League Uniform Player Contract, the FBI has investigated these issues, and one scout has been

charged with a crime.

144.    Deny the allegations set forth in Paragraph 144 of the Second Amended Complaint.

145.    Deny the allegations set forth in Paragraph 145 of the Second Amended Complaint,

except admit that baseball players who did not participate in the draft or were not taken in the draft,

governed at least in part by Major League Baseball Rule 4 ("Rule 4"), attached to the Second Amended

Complaint, may also sign Minor League Uniform Player Contracts with Clubs.

146.    Deny the allegations set forth in Paragraph 146 of the Second Amended Complaint,

except admit that the Major League Baseball Scouting Bureau is within MLB, provides scouting

services and information on certain baseball player prospects, the Scouting Bureau additionally requests

that these players fill out informational cards and, sometimes, psychological tests; the Clubs have access

to these evaluations; and deny knowledge or information sufficient to form a belief as to Plaintiffs'

purported belief that Clubs use these evaluations when making draft and free agent acquisitions.

147.    Deny the allegations set forth in Paragraph 147 of the Second Amended Complaint,

except refer the Court to Major League Baseball Rule 3 ("Rule 3"), attached to the Second Amended

Complaint, for a full and accurate statement of the portion of Rule 3 that Plaintiffs purport to quote.

148.    Deny the allegations set forth in Paragraph 148 of the Second Amended Complaint,

except admit that signed Minor League Uniform Player Contracts are to be sent to MLB and refer the

Court to Major League Baseball Rule 3 ("Rule 3"), attached to the Second Amended Complaint, for a

full and accurate statement of the portion of that Rule Plaintiffs purport to quote.

149.    Deny the allegations set forth in Paragraph 149 of the Second Amended Complaint,

except refer the Court to Major League Baseball Rule 3 and the Uniform Player Contract ("UPC")

(Major League Baseball Rule Attachment 3), attached to the Second Amended Complaint, for a full and

accurate statement of the portions of the Rules Plaintiffs purport to cite.

150.    Deny the allegations set forth in Paragraph 150 of the Second Amended Complaint,

except refer the Court to the Major League Baseball Rules 14 and 18 and the UPC, attached to the

- 23 -

1    Second Amended Complaint, for a full and accurate statement of the portions of the Rules Plaintiffs

2    purport to quote.

3         151.    Deny the allegations set forth in Paragraph 151 of the Second Amended Complaint.

4         152.    Deny the allegations set forth in Paragraph 152 of the Second Amended Complaint,

5    except admit that minor league baseball players may play games at one or more levels, including

6    Rookie, Short-Season A, Class-A, Advanced Class-A, Double-A, and Triple-A, after signing a Minor

7    League Uniform Player Contract, and most do not play in Major League Baseball games.

8         153.    Deny the allegations set forth in Paragraph 153 of the Second Amended Complaint.

9         154.    Deny the allegations set forth in Paragraph 154 of the Second Amended Complaint,

10   except admit that Clubs may not operate the stadium where minor league games are played and may

11   enter into agreements, called "Player Development Contracts", with certain of their minor league

12   affiliates.

13        155.    Deny the allegations set forth in Paragraph 155 of the Second Amended Complaint,

14   except refer the Court to Major League Baseball Rule 56, attached to the Second Amended Complaint,

15   for a full and accurate statement of the portion of the Rule Plaintiffs purport to quote.

16        156.    Deny the allegations set forth in Paragraph 156 of the Second Amended Complaint,

17   except admit that the Clubs pay the salaries of minor league baseball players with a signed Uniform

18   Player Contract in accordance with the terms of that contract.

19        157.    Deny the allegations set forth in Paragraph 157 of the Second Amended Complaint,

20   except admit that the Clubs select, employ and compensate managers, coaches, instructors and trainers

21   who oversee the work and/or activities of and work with minor league baseball players during the minor

22   league playing season and refer the Court to Major League Baseball Rule 56(g), attached to the Second

23   Amended Complaint, for a full and accurate statement of the portion of the Rule Plaintiffs purport to

24   quote.

25        158.    Deny the allegations set forth in Paragraph 158 of the Second Amended Complaint,

26   except refer the Court to Major League Baseball Rule 56(g), attached to the Second Amended

27

28
                                              - 24 -

1   Complaint, for a full and accurate statement of the requirements set forth in the portion of the Rule on

2   which Plaintiffs purport to rely.

3      **3.  As and to "The Illegal Minor League Salaries"**

4      159.  Deny the allegations set forth in Paragraph 159 of the Second Amended Complaint,

5   except deny knowledge or information sufficient to form a belief as to the truth of the allegations

6   concerning the "minor leaguer's strong desire to enter the industry."

7      160.  Deny the allegations set forth in Paragraph 160 of the Second Amended Complaint,

8   except deny knowledge or information to form a belief as to the truth of the allegations concerning the

9   2013 Miami Marlins Minor League Player Guide, and what Plaintiffs have been "informed and believe,"

10   and refer the Court to Major League Baseball Rule 3(c), attached to the Second Amended Complaint, for

11   a full and accurate statement of the requirements set forth in the portion of the Rule on which Plaintiffs

12   purport to rely.

13      161.  Deny the allegations set forth in Paragraph 161 of the Second Amended Complaint,

14   except deny knowledge or information sufficient to form a belief as to the truth of the allegations

15   concerning Plaintiffs' purported belief.

16      162.  Deny the allegations set forth in Paragraph 162 of the Second Amended Complaint,

17   except deny knowledge or information sufficient to form a belief as to the truth of the allegations

18   concerning Plaintiffs' purported belief.

19      163.  Deny the allegations set forth in Paragraph 163 of the Second Amended Complaint,

20   except admit that the Minor League Uniform Player Contract currently in effect permits different salary

21   amounts for different minor league players and refer the Court to Major League Baseball Rule

22   Attachment 3, attached to the Second Amended Complaint, for a full and accurate statement of the

23   language of the portion of the Attachment on which Plaintiffs purport to rely.

24      164.  Deny the allegations set forth in Paragraph 164 of the Second Amended Complaint,

25   except deny knowledge or information sufficient to form a belief as to the truth of the allegations

26   concerning Plaintiffs' purported belief and the allegation concerning the 2013 Miami Marlins Minor

27   League Player Guide.

28

- 25 -

DEFENDANTS THE OFFICE OF THE COMMISSIONER OF BASEBALL AND ALLAN HUBER "BUD" SELIG'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

165.     Deny the allegations set forth in Paragraph 165 of the Second Amended Complaint, except refer the Court to Major League Baseball Rule Attachment 3, attached to the Second Amended Complaint, for a full and accurate statement of the language of the portion of the Attachment which Plaintiffs purport to quote.

166.     Deny the allegations set forth in Paragraph 166 of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' purported belief, and refer the Court to Major League Baseball Rule Attachment 3, attached to the Second Amended Complaint, for a full and accurate statement of the language of the portion of the Attachment on which Plaintiffs purport to rely.

167.     Deny the allegations set forth in Paragraph 167 of the Second Amended Complaint, except admit that spring training for minor league baseball players lasts around one month during March and refer the Court to Major League Baseball Rule Attachment 3, attached to the Second Amended Complaint, for a full and accurate statement of the portion of the Attachment on which Plaintiffs purport to rely.

168.     Deny the allegations set forth in Paragraph 168 of the Second Amended Complaint, except admit that certain minor league baseball players may participate in an "extended spring training" at the Club's spring training site, and refer the Court to Major League Baseball Rule Attachment 3, attached to the Second Amended Complaint, for a full and accurate statement of the portion of the Attachment on which Plaintiffs purport to rely.

169.     Deny the allegations set forth in Paragraph 169 of the Second Amended Complaint, except admit that certain minor league baseball players may participate in organized baseball activities for approximately one month at the conclusion of the championship season, and refer the Court to Major League Baseball Rule Attachment 3, attached to the Second Amended Complaint, for a full and accurate statement of the portion of the Attachment on which Plaintiffs purport to rely; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the number of players who participate and whether they are compensated by the Clubs.

170.    Deny the allegations set forth in Paragraph 170 of the Second Amended Complaint, except refer the Court to Major League Baseball Rule Attachment 3, attached to the Second Amended Complaint, for a full and accurate statement of the portion of the Attachment which Plaintiffs purport to quote.

171.    Deny the allegations set forth in Paragraph 171 of the Second Amended Complaint, except refer the Court to Major League Baseball Rule Attachment 3, attached to the Second Amended Complaint, for a full and accurate statement of the portion of the Attachment on which Plaintiffs purport to rely.

172.    The allegations set forth in Paragraph 172 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

**4.      As and to "The Long Hours Worked By Minor Leaguers"**

173.    Deny the allegations set forth in Paragraph 173 of the Second Amended Complaint, and refer the Court to Major League Rule 32(b), attached to the Second Amended Complaint, for a full and accurate statement concerning Minor League Schedules.

174.    Deny the allegations set forth in Paragraph 174 of the Second Amended Complaint, except admit that minor league baseball players may participate in pregame activities, and such activities are not governed by the Office of the Commissioner of Baseball.

175.    Deny the allegations set forth in Paragraph 175 of the Second Amended Complaint.

176.    The allegations set forth in Paragraph 176 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

177.    Deny the allegations set forth in Paragraph 177 of the Second Amended Complaint, except admit that minor league baseball players play approximately half of their games away from their home stadium.

178.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 178 of the Second Amended Complaint.

- 27 -

179.     The allegations set forth in Paragraph 179 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

180.     Deny the allegations set forth in Paragraph 180 of the Second Amended Complaint.

181.     Deny the allegations set forth in Paragraph 181 of the Second Amended Complaint.

182.     Deny the allegations set forth in Paragraph 182 of the Second Amended Complaint, except admit that spring training for minor league players usually lasts approximately four weeks, and the hours of training activities vary depending on whether games are played.

183.     Deny the allegations set forth in Paragraph 183 of the Second Amended Complaint, except refer the Court to Major League Baseball Rule Attachment 3, attached to the Second Amended Complaint, for a full and accurate statement of the portion of the Attachment on which Plaintiffs purport to rely.

184.     Deny the allegations set forth in Paragraph 184 of the Second Amended Complaint, except admit that minor league players may participate in organized baseball activities in the fall and pre-spring training minicamp; and deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning whether minor league players receive any compensation or benefits for these activities.

185.     Deny the allegations set forth in Paragraph 185 of the Second Amended Complaint, except refer the Court to Major League Baseball Rule Attachment 3, attached to the Second Amended Complaint, for a full and accurate statement of the portion of the Attachment on which Plaintiffs purport to rely.

**5.      As and to the Allegations Concerning The Careers of the Class Representatives**

       **5.1     As and to the Allegations Concerning Aaron Senne**

186.     Admit the allegations set forth in Paragraph 186 of the Second Amended Complaint.

187.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 187 of the Second Amended Complaint, except admit that on June 11, 2010, Senne executed a Uniform Player Contract with the Florida Marlins.

188.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 188 of the Second Amended Complaint, except admit that Senne executed a UPC with the Florida Marlins.

189.    Deny the allegations set forth in Paragraph 189 of the Second Amended Complaint, except admit that in connection with the UPC he signed with the Florida Marlins, Senne was due to earn, among other benefits, a $25,000 bonus, and the Marlins agreed to reimburse or pay on behalf of Senne certain expenses under the College Scholarship Plan ("CSP").

190.    Deny the allegations set forth in Paragraph 190 of the Second Amended Complaint, except admit that in 2010, Senne played for the Marlins' Short-Season A affiliate in Jamestown, New York (the Jamestown Jammers) for the remainder of its championship season.

191.    Deny the allegations set forth in Paragraph 191 of the Second Amended Complaint, except admit that during the 2012 championship season, Senne played for the Marlins' affiliate in Greensboro, North Carolina; and during the 2013 championship season, Senne played for the Marlins' affiliate in Jupiter, Florida; and deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning Senne's participation at the Marlins' spring training site in Jupiter for the entire 2011 season.

192.    Deny the allegations set forth in Paragraph 192 of the Second Amended Complaint, except admit that according to Senne's UPC, his monthly salary rate for the 2010 championship season was $1,100; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Senne's purported belief.

193.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 193 of the Second Amended Complaint.

194.    Deny the allegations set forth in Paragraph 194 of the Second Amended Complaint, except refer the Court to Major League Baseball Rule 56(g), attached to the Second Amended Complaint, for a full and accurate statement of the portion of the Rule on which Plaintiffs purport to rely.

195.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 195 of the Second Amended Complaint.

196.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 196 of the Second Amended Complaint.

197.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 197 of the Second Amended Complaint.

198.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 198 of the Second Amended Complaint.

199.     Deny the allegations set forth in Paragraph 199 of the Second Amended Complaint, except admit that the Marlins placed Senne on the Voluntary Retired List on June 11, 2013, and refer the Court to Major League Baseball Rule 14 and Major League Baseball Attachment 3, attached to the Second Amended Complaint, for a full and accurate statement of the portions of the Rule and Attachment on which Plaintiffs purport to rely.

200.     Deny the allegations set forth in Paragraph 200 of the Second Amended Complaint.

### 5.2     As to the Allegations Concerning Michael Liberto

201.      Admit the allegations set forth in Paragraph 201 of the Second Amended Complaint.

202.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 202 of the Second Amended Complaint, except admit that on June 10, 2010, Liberto executed a UPC with the Kansas City Royals, and was due to earn, among other benefits, a $1,000 bonus.

203.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 203 of the Second Amended Complaint, except admit that on June 10, 2010, Liberto executed a UPC with the Kansas City Royals.

204.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 204 of the Second Amended Complaint.

205.     Deny the allegations set forth in Paragraph 205 of the Second Amended Complaint, except admit that in 2010, Liberto played for the Royals' affiliates in Surprise, Arizona (Rookie ball);

DEFENDANTS THE OFFICE OF THE COMMISSIONER OF BASEBALL AND ALLAN HUBER "BUD" SELIG'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

1   Burlington, Iowa (Single-A); Burlington, North Carolina (Short-Season A); and Idaho Falls, Idaho

2   (Short-Season A).

3          206.    Deny the allegations set forth in Paragraph 206 of the Second Amended Complaint,

4   except admit that in 2011, Liberto played for the Royals' affiliates in Kane County, Illinois (Class-A);

5   Idaho Falls; and Wilmington, Delaware (Class-A); in 2012, Liberto played for the Royals' affiliates in

6   Wilmington and Northwest Arkansas (Double-A); on March 21, 2013, the Royals released Liberto; and

7   deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning

8   Liberto's participation in extended spring training.

9          207.    Deny the allegations set forth in Paragraph 207 of the Second Amended Complaint,

10  except admit that according to Liberto's UPC, his monthly salary rate for the 2010 championship season

11  was $1,100; and deny knowledge or information sufficient to form a belief as to the truth of the

12  allegations concerning Liberto's purported belief.

13         208.    Deny the allegations set forth in Paragraph 208 of the Second Amended Complaint,

14  except deny knowledge or information sufficient to form a belief as to the truth of the allegations

15  concerning the amount of hours Liberto purportedly worked.

16         209.    Deny knowledge or information sufficient to form a belief as to the truth of the

17  allegations set forth in Paragraph 209 of the Second Amended Complaint.

18         210.    Deny knowledge or information sufficient to form a belief as to the truth of the

19  allegations set forth in Paragraph 210 of the Second Amended Complaint.

20         211.    Deny knowledge or information sufficient to form a belief as to the truth of the

21  allegations set forth in Paragraph 211 of the Second Amended Complaint.

22         212.    Deny knowledge or information sufficient to form a belief as to the truth of the

23  allegations set forth in Paragraph 212 of the Second Amended Complaint.

24         213.    Deny the allegations set forth in Paragraph 213 of the Second Amended Complaint.

25         **5.3     As and to the Allegations Concerning Oliver Odle**

26         214.    Admit the allegations set forth in Paragraph 214 of the Second Amended Complaint.

27

28

DEFENDANTS THE OFFICE OF THE COMMISSIONER OF BASEBALL AND ALLAN HUBER
"BUD" SELIG'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-
00608-JCS

215.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 215 of the Second Amended Complaint.

216.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 216 of the Second Amended Complaint.

217.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 217 of the Second Amended Complaint, except admit that on June 13, 2007, Odle executed a UPC with the San Francisco Giants that included, among other benefits, a $2,500 signing bonus.

218.     Deny the allegations set forth in Paragraph 218 of the Second Amended Complaint, except admit that in 2007, Odle played for the Giants' Arizona League affiliate and the Giants' Short-Season A affiliate in Salem, Oregon.

219.     Deny the allegations set forth in Paragraph 219 of the Second Amended Complaint, except admit that in 2008, Odle played for the Giants' affiliate in Augusta, Georgia; in 2009 and 2010, Odle played for the Giants' affiliates in San Jose, California (Advanced Class-A) and Fresno, California; and on March 15, 2011, the Giants released Odle.

220.     Deny the allegations set forth in Paragraph 220 of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Odle's purported belief.

221.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 221 of the Second Amended Complaint.

222.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 222 of the Second Amended Complaint.

223.     Deny knowledge or information sufficient form a belief as to the truth of the allegations set forth in Paragraph 223 of the Second Amended Complaint.

224.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 224 of the Second Amended Complaint.

225.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 225 of the Second Amended Complaint.

226.    Deny the allegations set forth in Paragraph 226 of the Second Amended Complaint.

**5.4    As and to the Allegations Concerning Brad McAtee**

227.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 227 of the Second Amended Complaint, except admit that Brad McAtee was selected in the 45th round of the 2008 Rule 4 draft by the Colorado Rockies, and on June 11, 2008, McAtee executed a UPC with the Colorado Rockies.

228.    Deny the allegations set forth in Paragraph 228 of the Second Amended Complaint, except admit that in 2008, 2009 and 2010, McAtee played for the Rockies' affiliate in Pasco, Washington, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning McAtee's participation in extended spring training and McAtee's purported belief.

229.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 229 of the Second Amended Complaint.

230.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 230 of the Second Amended Complaint.

231.    Deny the allegations set forth in Paragraph 231 of the Second Amended Complaint, except admit that according to McAtee's UPC, his monthly salary rate for the 2008 championship season was $1,100; the Rockies released McAtee on June 7, 2011; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning McAtee's purported belief.

232.    Deny the allegations set forth in Paragraph 232 of the Second Amended Complaint.

**5.5    As and to the Allegations Concerning Craig Bennigson**

233.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 233 of the Second Amended Complaint, except admit that Craig Bennigson was selected in the ninth round of the 2008 Rule 4 draft by the Colorado Rockies, and on June 8, 2008, Bennigson executed a UPC with the Rockies.

234. Deny the allegations set forth in Paragraph 234 of the Second Amended Complaint, except admit that in 2008, Bennigson played for the Rockies' Short-Season A affiliate in Casper, Wyoming; in 2009, Bennigson played for the Rockies' affiliate in Pasco, Washington; in 2010, Bennigson played for the Rockies' affiliates in Pasco and Tulsa, Oklahoma; in 2011, Bennigson played for the Rockies' affiliates in Pasco and Asheville, North Carolina; in 2012, Bennigson played for the Rockies' affiliates in Asheville and Modesto, California; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Bennigson's purported belief and his participation in extended spring training.

235. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 235 of the Second Amended Complaint.

236. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 236 of the Second Amended Complaint.

237. Deny the allegations set forth in Paragraph 237 of the Second Amended Complaint, except admit that according to Bennigson's UPC, his monthly salary rate for the 2008 championship season was $1,100; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Bennigson's purported belief.

238. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 238 of the Second Amended Complaint.

239. Admit the allegations set forth in Paragraph 239 of the Second Amended Complaint.

240. Deny the allegations set forth in Paragraph 240 of the Second Amended Complaint.

### 5.6    As and to the Allegations Concerning Matt Lawson

241. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 241 of the Second Amended Complaint, except admit that Matt Lawson was selected in the 14th round of the 2007 Rule 4 draft by the Texas Rangers and on June 10, 2007, Lawson executed a UPC with the Rangers.

242. Deny the allegations set forth in Paragraph 242 of the Second Amended Complaint, except admit that in 2007, Lawson played for the Rangers' Short-Season A affiliate in Spokane,

- 34 -

1   Washington; in 2008, Lawson played for the Rangers' affiliate in Clinton, Iowa; in 2009, Lawson played

2   for the Rangers' affiliate in Bakersfield, California; and in 2010, Lawson played for the Rangers'

3   affiliate in Frisco, Texas.

4       243.    Deny the allegations set forth in Paragraph 243 of the Second Amended Complaint,

5   except admit that on July 9, 2010, the Rangers traded Lawson to the Seattle Mariners, and Lawson

6   played for the Mariners' affiliate in West Tennessee.

7       244.    Deny the allegations set forth in Paragraph 244 of the Second Amended Complaint,

8   except admit that on March 2, 2011, the Mariners traded Lawson to the Cleveland Indians; in 2011 and

9   2012, Lawson played for the Indians' affiliate in Akron, Ohio and Niles, Ohio; and in 2013, Lawson

10  played for the Indians' affiliate in Akron and Columbus, Ohio.

11      245.    Deny the allegations set forth in Paragraph 245 of the Second Amended Complaint,

12  except deny knowledge or information sufficient to form a belief as to the truth of the allegations

13  concerning Lawson's purported belief.

14      246.    Deny knowledge or information sufficient to form a belief as to the truth of the

15  allegations set forth in Paragraph 246 of the Second Amended Complaint.

16      247.    Deny knowledge or information sufficient to form a belief as to the truth of the

17  allegations set forth in Paragraph 247 of the Second Amended Complaint.

18      248.    Deny the allegations set forth in Paragraph 248 of the Second Amended Complaint,

19  except admit that according to Lawson's UPC, his monthly salary rate for the 2007 championship season

20  was $1,100; and deny knowledge or information sufficient to form a belief as to the truth of the

21  allegations concerning Lawson's purported belief.

22      249.    Deny knowledge or information sufficient to form a belief as to the truth of the

23  allegations set forth in Paragraph 249 of the Second Amended Complaint.

24      250.    Deny knowledge or information sufficient to form a belief as to the truth of the

25  allegations set forth in Paragraph 250 of the Second Amended Complaint, except admit that on April 3,

26  2014, Lawson was placed on the Restricted List.

27      251.    Deny the allegations set forth in Paragraph 251 of the Second Amended Complaint.

28

- 35 -

DEFENDANTS THE OFFICE OF THE COMMISSIONER OF BASEBALL AND ALLAN HUBER
"BUD" SELIG'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-
00608-JCS

**5.7     As and to the Allegations Concerning Kyle Woodruff**

252.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 252 of the Second Amended Complaint, except admit that Kyle Woodruff was selected in the 27th round of the 2008 Rule 4 draft by the San Francisco Giants, and on June 8, 2008, Woodruff executed a UPC with the Giants.

253.     Deny the allegations set forth in Paragraph 253 of the Second Amended Complaint, except admit that in 2008, Woodruff played for the Giants' Arizona League affiliate; in 2009 and 2010, Woodruff played for the Giants' affiliate in Augusta, Georgia; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Woodruff's participation in extended spring training and his purported belief.

254.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 254 of the Second Amended Complaint.

255.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 255 of the Second Amended Complaint.

256.     Deny the allegations set forth in Paragraph 256 of the Second Amended Complaint, except admit that according to Woodruff's UPC, his monthly salary rate for the 2008 championship season was $1,100; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Woodruff's purported belief.

257.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 257 of the Second Amended Complaint.

258.     Admit the allegations set forth in Paragraph 258 of the Second Amended Complaint.

259.     Deny the allegations set forth in Paragraph 259 of the Second Amended Complaint.

**5.8     As to the Allegations Concerning Ryan Kiel**

260.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 260 of the Second Amended Complaint, except admit that Ryan Kiel was selected in the 37th round of the June 2010 Rule 4 draft by the Seattle Mariners and on June 12, 2010, Kiel executed a UPC with the Mariners.

- 36 -

261.   Deny the allegations set forth in Paragraph 261 of the Second Amended Complaint, except admit that in 2010, Kiel played for the Mariners' Short-Season A affiliate in Pulaski, Virginia; in 2011, Kiel played for the Mariners' affiliates in Everett, Washington (Short-Season A), the Arizona League (Rookie), and Clinton, Iowa (Low-A); the Mariners released Kiel on March 29, 2012; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Kiel's participation in extended spring training.

262.   Deny the allegations set forth in Paragraph 262 of the Second Amended Complaint, except admit that on April 4, 2012, the Cincinnati Reds signed Kiel to a Non-First Year Minor League Contract; in 2012, Kiel played for the Reds' affiliates in Dayton, Ohio, and Bakersfield, California; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Kiel's participation in extended spring training.

263.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 263 of the Second Amended Complaint.

264.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 264 of the Second Amended Complaint.

265.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 265 of the Second Amended Complaint.

266.   Deny the allegations set forth in Paragraph 266 of the Second Amended Complaint, except admit that according to Kiel's UPC, his monthly salary rate for the 2010 championship season was $1,100; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Kiel's purported belief.

267.   Deny the allegations set forth in Paragraph 267 of the Second Amended Complaint, except admit that the Reds released Kiel on July 25, 2012.

268.   Deny the allegations set forth in Paragraph 268 of the Second Amended Complaint.

**5.9     As and to the Allegations Concerning Kyle Nicholson**

269.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 269 of the Second Amended Complaint, except admit that Kyle

- 37 -

1  Nicholson was selected in the seventh round in the 2007 Rule 4 draft by the San Francisco Giants, and

2  on July 16, 2007, Nicholson executed a UPC with the Giants.

3       270.    Deny the allegations set forth in Paragraph 270 of the Second Amended Complaint,

4  except admit that in 2008, Nicholson played for the Giants' Arizona League affiliate; in 2009, Nicholson

5  played for the Giants' affiliate in Augusta, Georgia and San Jose, California; in 2010, Nicholson played

6  for the Giants' affiliate in San Jose; and deny knowledge or information sufficient to form a belief as to

7  the truth of the allegations concerning Nicholson's purported belief and Nicholson's participation at the

8  Giants' complex in Scottsdale, Arizona in 2007.

9       271.    Deny knowledge or information sufficient to form a belief as to the truth of the

10 allegations set forth in Paragraph 271 of the Second Amended Complaint.

11      272.    Deny knowledge or information sufficient to form a belief as to the truth of the

12 allegations set forth in Paragraph 272 of the Second Amended Complaint.

13      273.    Deny the allegations set forth in Paragraph 273 of the Second Amended Complaint,

14 except admit that according to Nicholson's UPC, his monthly salary rate for the 2007 championship

15 season was $1,100; and deny knowledge or information sufficient to form a belief as to the truth of

16 Nicholson's purported belief.

17      274.    Deny knowledge or information sufficient to form a belief as to the truth of the

18 allegations set forth in Paragraph 274 of the Second Amended Complaint, except admit that Nicholson

19 was placed on the Restricted List on January 27, 2011.

20      275.    Deny the allegations set forth in Paragraph 275 of the Second Amended Complaint.

21          **5.10    As and to the Allegations Concerning Brad Stone**

22      276.    Deny knowledge or information sufficient to form a belief as to the truth of the

23 allegations set forth in Paragraph 276 of the Second Amended Complaint, except admit that Brad Stone

24 was selected in the 12th round of the 2006 Rule 4 draft by the Florida Marlins and on June 15, 2006,

25 Stone executed a UPC with the Marlins.

26      277.    Deny the allegations set forth in Paragraph 277 of the Second Amended Complaint,

27 except admit that in 2006, Stone played for the Marlins' affiliates in Jamestown, New York, and

28
- 38 -

Greensboro, North Carolina; in 2007, Stone played for the Marlins' affiliate in Greensboro; in 2008, Stone played for the Marlins' affiliates in Greensboro and Jupiter, Florida; in 2009, Stone played for the Marlins' affiliates in Jupiter, Jacksonville, Florida, and New Orleans, Louisiana; in 2010, Stone played for the Marlins' affiliates in Jacksonville, New Orleans and the Gulf Coast League; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Stone's participation at the Marlins' spring training site and Stone's purported belief.

278.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 278 of the Second Amended Complaint.

279.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 279 of the Second Amended Complaint.

280.    Deny the allegations set forth in Paragraph 280 of the Second Amended Complaint, except admit that according to Stone's UPC, his monthly salary rate for the 2006 championship season was $1,100; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Stone's purported belief.

281.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 281 of the Second Amended Complaint.

282.    Admit the allegations set forth in Paragraph 282 of the Second Amended Complaint.

283.    Deny the allegations set forth in Paragraph 283 of the Second Amended Complaint.

### 5.11    As and to the Allegations Concerning Matt Daly

284.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 284 of the Second Amended Complaint, except admit that Matt Daly was selected in the thirteenth round of the 2008 Rule 4 draft, and on June 9, 2008, Daly executed a UPC with the Blue Jays.

285.    Deny the allegations set forth in Paragraph 285 of the Second Amended Complaint, except admit that in 2008, Daly played for the Blue Jays' affiliate in Auburn, New York; in 2009, Daly played for the Blue Jays' affiliates in Lansing, Michigan and Dunedin, Florida; in 2010, Daly played for the Blue Jays' affiliate in Dunedin; in 2011, Daly played for the Blue Jays' affiliates in Dunedin and

- 39 -

New Hampshire; in 2012 Daly played for the Blue Jays' affiliate in New Hampshire; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Daly's participation at the Blue Jays' Florida site in 2008 and his purported belief.

286.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 286 of the Second Amended Complaint.

287.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 287 of the Second Amended Complaint.

288.    Deny the allegations set forth in Paragraph 288 of the Second Amended Complaint, except admit that according to Daly's UPC, his monthly salary rate for the 2008 championship season was $1,100; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Daly's purported belief.

289.    Admit the allegations set forth in Paragraph 289 of the Second Amended Complaint.

290.    Deny the allegations set forth in Paragraph 290 of the Second Amended Complaint.

### 5.12    As to the Allegations Concerning Aaron Meade

291.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 291 of the Second Amended Complaint, except admit that Meade was selected in the tenth round of the June 2010 Rule 4 draft by the Anaheim Angels and on June 11, 2010, Meade executed a UPC with the Angels.

292.    Deny the allegations set forth in Paragraph 292 of the Second Amended Complaint, except admit that in 2010 and in 2011, Meade played for the Angels' Rookie affiliates in Orem, Utah and Arizona; in 2012, Meade played for the Angels' Single-A affiliates in Cedar Rapids, Iowa, and San Bernardino, California; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Meade's participation in Angels' "minicamp" in 2010 and Meade's purported belief.

293.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 293 of the Second Amended Complaint.

- 40 -

1    294.    Deny knowledge or information sufficient to form a belief as to the truth of the
2    allegations set forth in Paragraph 294 of the Second Amended Complaint.

3    295.    Deny the allegations set forth in Paragraph 295 of the Second Amended Complaint,
4    except admit that according to Meade's UPC, his monthly salary rate for the 2010 championship season
5    was $1,100; and deny knowledge or information sufficient to form a belief as to the truth of the
6    allegations concerning Meade's purported belief.

7    296.    Admit the allegations set forth in Paragraph 296 of the Second Amended Complaint.

8    297.    Deny the allegations set forth in Paragraph 297 of the Second Amended Complaint.

9    **5.13    As and to the Allegations Concerning Justin Murray**

10    298.    Deny knowledge or information sufficient to form a belief as to the truth of the
11    allegations set forth in Paragraph 298 of the Second Amended Complaint, except admit that Justin
12    Murray was selected in the 29th round of the 2008 Rule 4 draft by the Oakland Athletics, and on July 29,
13    2008, Murray executed a UPC with the Athletics.

14    299.    Deny the allegations set forth in Paragraph 299 of the Second Amended Complaint,
15    except admit that in 2008, Murray played for the Athletics' Arizona League affiliate and its affiliate in
16    Midland, Texas; in 2009, Murray played for the Athletics' affiliates in Stockton, California and Kane
17    County, Illinois; in 2010 and 2011, Murray played for the Athletics' affiliates in Stockton and Midland;
18    and deny knowledge or information sufficient to form a belief as to the truth of the allegations
19    concerning Murray's participation at the Athletics' complex in Arizona in 2008 and his purported belief.

20    300.    Deny knowledge or information sufficient to form a belief as to the truth of the
21    allegations set forth in Paragraph 300 of the Second Amended Complaint.

22    301.    Deny knowledge or information sufficient to form a belief as to the truth of the
23    allegations set forth in Paragraph 301 of the Second Amended Complaint.

24    302.    Deny knowledge or information sufficient to form a belief as to the truth of the
25    except admit that according to Murray's UPC, his monthly salary rate for the 2008 championship season
26    was $1,100; and deny knowledge or information sufficient to form a belief as to the truth of the
27    allegations concerning Murray's purported belief.

28
- 41 -

303.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 303 of the Second Amended Complaint.

304.    Admit the allegations set forth in Paragraph 304 of the Second Amended Complaint.

305.    Deny the allegations set forth in Paragraph 305 of the Second Amended Complaint.

**5.14    As and to the Allegations Concerning Jake Kahaulelio**

306.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 306 of the Second Amended Complaint, except admit that Jake Kahaulelio was selected in the 20th round of the 2007 Rule 4 draft by the Cincinnati Reds and on June 10, 2007, Kahaulelio executed a UPC with the Reds.

307.    Deny the allegations set forth in Paragraph 307 of the Second Amended Complaint, except admit that in 2008, Kahaulelio played for the Reds' Gulf Coast League affiliate and its affiliate in Dayton, Ohio; in 2009, Kahaulelio played for the Reds' affiliates in Sarasota, Florida and Zebulon, North Carolina; in 2010, Kahaulelio played for the Reds' affiliate in Zebulon; in 2011, Kahaulelio played for the Reds' affiliates in Bakersfield, California and Zebulon; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Kahaulelio's participation at the Reds' complex in Sarasota in 2007 and his purported belief.

308.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 308 of the Second Amended Complaint.

309.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 309 of the Second Amended Complaint.

310.    Deny the allegations set forth in Paragraph 310 of the Second Amended Complaint, except admit that according to Kahaulelio's UPC, his monthly salary rate for the 2007 championship season was $1,100; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Kahaulelio's purported belief.

311.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 311 of the Second Amended Complaint.

312.    Admit the allegations set forth in Paragraph 312 of the Second Amended Complaint.

- 42 -

1    313.   Deny the allegations set forth in Paragraph 313 of the Second Amended Complaint.

2         **5.15    As and to the Allegations Concerning Ryan Khoury**

3    314.   Deny knowledge or information sufficient to form a belief as to the truth of the

4    allegations set forth in Paragraph 314 of the Second Amended Complaint, except admit that Ryan

5    Khoury was selected in the 12th round of the 2006 Rule 4 draft by the Boston Red Sox, and on or about

6    June 8, 2006, Khoury executed a UPC with the Red Sox.

7    315.   Deny the allegations set forth in Paragraph 315 of the Second Amended Complaint,

8    except admit that in 2006, Khoury played for the Red Sox's affiliates in Lowell, Massachusetts;

9    Greenville, South Carolina; and Pawtucket, Rhode Island; in 2007, Khoury played for the Red Sox's

10   affiliate in Lancaster, California; in 2008, Khoury played for the Red Sox's affiliates in Lowell and

11   Portland, Maine; in 2009, Khoury played for the Red Sox's affiliate in Portland; and in 2010, Khoury

12   played for the Red Sox's affiliates in Portland and Pawtucket.

13   316.   Deny the allegations set forth in Paragraph 316 of the Second Amended Complaint,

14   except admit that the Boston Red Sox released Khoury on March 31, 2011, re-signed him on June 21,

15   2011 and for the remainder of the 2011 championship season, Khoury played for the Red Sox's affiliates

16   in Portland and Pawtucket.

17   317.   Deny knowledge or information sufficient to form a belief as to the truth of the

18   allegations set forth in Paragraph 317 of the Second Amended Complaint.

19   318.   Deny knowledge or information sufficient to form a belief as to the truth of the

20   allegations set forth in Paragraph 318 of the Second Amended Complaint.

21   319.   Deny knowledge or information sufficient to form a belief as to the truth of the

22   allegations set forth in Paragraph 319 of the Second Amended Complaint.

23   320.   Deny the allegations set forth in Paragraph 320 of the Second Amended Complaint,

24   except admit that according to Khoury's UPC, his monthly salary rate for the 2006 championship season

25   was $1,100; and deny knowledge or information sufficient to form a belief as to the truth of the

26   allegations concerning Khoury's purported belief.

27

28
                                    - 43 -

321.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 321 of the Second Amended Complaint.

322.     Deny the allegations set forth in Paragraph 322 of the Second Amended Complaint, except admit that the Red Sox released Khoury on November 2, 2011.

323.     Deny the allegations set forth in Paragraph 323 of the Second Amended Complaint.

### 5.16    As and to the Allegations Concerning Dustin Pease

324.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 324 of the Second Amended Complaint, except admit that on January 11, 2008, Dustin Pease executed a UPC with the San Diego Padres, and, according to the UPC, Pease was not due to earn a signing bonus.

325.     Deny the allegations set forth in Paragraph 325 of the Second Amended Complaint, except admit that in 2011, Pease played for the Padres' affiliate in Lake Elsinore, California; in 2012, Pease played for the Padres' affiliate in San Antonio; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Pease's purported belief.

326.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 326 of the Second Amended Complaint.

327.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 327 of the Second Amended Complaint.

328.     Deny knowledge or information sufficient to form a belief as to the truth concerning the allegations set forth in Paragraph 328 of the Second Amended Complaint.

329.     Deny the allegations set forth in Paragraph 329 of the Second Amended Complaint, except admit that according to Pease's UPC, his monthly salary rate for the 2011 championships season was $1,100; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Pease's purported belief.

330.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 330 of the Second Amended Complaint.

331.     Admit the allegations set forth in Paragraph 331 of the Second Amended Complaint.

- 44 -

1    332.    Deny the allegations set forth in Paragraph 332 of the Second Amended Complaint.

2            **5.17    As and to the Allegations Concerning Jeff Nadeau**

3    333.    Deny the allegations set forth in Paragraph 333 of the Second Amended Complaint,

4    except admit that Nadeau was selected in the 38th round in the 2010 Rule 4 draft by the St. Louis

5    Cardinals, on June 10, 2010, executed a UPC with the Cardinals; and deny knowledge or information

6    sufficient to form a belief as to the truth of the allegations concerning Nadeau's purported belief.

7    334.    Deny the allegations set forth in Paragraph 334 of the Second Amended Complaint,

8    except admit that in 2010, Nadeau played for the Cardinals' affiliate in Johnson City, Tennessee; and

9    deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning

10   Nadeau's purported belief, whether he participated in any activities at the Cardinals' facility in Jupiter,

11   Florida in 2010 and 2011, and whether Nadeau "even worked overtime hours for the Cardinals while

12   injured."

13   335.    Deny knowledge or information sufficient to form a belief as to the truth of the

14   allegations set forth in Paragraph 335 of the Second Amended Complaint.

15   336.    Deny knowledge or information sufficient to form a belief as to the truth of the

16   allegations set forth in Paragraph 336 of the Second Amended Complaint.

17   337.    Deny knowledge or information sufficient to form a belief as to the truth of the

18   allegations set forth in Paragraph 337 of the Second Amended Complaint.

19   338.    Deny the allegations set forth in Paragraph 338 of the Second Amended Complaint,

20   except deny knowledge or information sufficient to form a belief as to the truth of the allegations

21   concerning Nadeau's purported belief.

22   339.    Admit the allegations set forth in Paragraph 339 of the Second Amended Complaint.

23   340.    Deny the allegations set forth in Paragraph 340 of the Second Amended Complaint.

24           **5.18    As and to the Allegations Concerning Jon Gaston**

25   341.    Deny knowledge or information sufficient to form a belief as to the truth of the

26   allegations set forth in Paragraph 341 of the Second Amended Complaint, except admit that Jon Gaston

27

28
- 45 -

1  was selected in the seventh round of the 2008 Rule 4 draft by the Houston Astros and on June 16, 2008,

2  Gaston executed a UPC with the Astros.

3          342.    Deny the allegations set forth in Paragraph 342 of the Second Amended Complaint,

4  except admit that in 2008, Gaston played for the Astros' affiliate in Albany, New York; in 2009, Gaston

5  played for the Astros' affiliate in Lancaster, California; in 2010 and 2011, Gaston played for the Astros'

6  affiliates in Corpus Christi, Texas; and on March 27, 2012, the Astros released Gaston.

7          343.    Deny the allegations set forth in Paragraph 343 of the Second Amended Complaint,

8  except admit that Gaston executed a UPC with the Chicago White Sox on May 25, 2012; Gaston played

9  for the White Sox's affiliate in Birmingham, Alabama; and the White Sox released Gaston on June 21,

10  2012.

11          344.    Deny knowledge or information sufficient to form a belief as to the truth of the

12  allegations set forth in Paragraph 344 of the Second Amended Complaint.

13          345.    Deny knowledge or information sufficient to form a belief as to the truth of the

14  allegations set forth in Paragraph 345 of the Second Amended Complaint.

15          346.    Deny knowledge or information sufficient to form a belief as to the truth of the

16  allegations set forth in Paragraph 346 of the Second Amended Complaint.

17          347.    Deny the allegations set forth in Paragraph 347 of the Second Amended Complaint,

18  except admit that according to Gaston's UPC, his monthly salary rate for the 2009 championship season

19  was $1,100; and deny knowledge or information sufficient to form a belief as to the truth of the

20  allegations concerning Gaston's purported belief.

21          348.    Deny the allegations set forth in Paragraph 348 of the Second Amended Complaint.

22          **5.19    As and to the Allegations Concerning Brandon Henderson**

23          349.    Deny knowledge or information sufficient to form a belief as to the truth of the

24  allegations set forth in Paragraph 349 of the Second Amended Complaint, except admit that Henderson

25  was selected in the 27th round in the 2010 Rule 4 draft by the Minnesota Twins and on June 14, 2010,

26  Henderson executed a UPC with the Twins.

27

28
                                                        - 46 -

350.    Deny the allegations set forth in Paragraph 350 of the Second Amended Complaint, except admit that in 2010, Henderson played for the Twins' affiliate in Elizabethton, Tennessee; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Henderson's purported belief and his participation at the Twins' site in Florida in 2010 and 2011.

351.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 351 of the Second Amended Complaint.

352.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 352 of the Second Amended Complaint.

353.    Deny the allegations set forth in Paragraph 353 of the Second Amended Complaint, except admit that according to Henderson's UPC, his monthly salary rate for the 2010 championship season was $1,100; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Henderson's purported belief.

354.    Admit the allegations set forth in Paragraph 354 of the Second Amended Complaint.

355.    Deny the allegations set forth in Paragraph 355 of the Second Amended Complaint.

### 5.20    As and to the Allegations Concerning Tim Pahuta

356.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 356 of the Second Amended Complaint, except admit that Tim Pahuta was selected in the 18th round of the 2005 Rule 4 draft by the Washington Nationals, and on June 20, 2005 Pahuta executed a UPC with the Nationals.

357.    Deny the allegations set forth in Paragraph 357 of the Second Amended Complaint, except admit that in 2005, Pahuta played for the Nationals' Gulf Coast League affiliate; in 2006, Pahuta played for the Nationals' affiliate in Savannah, Georgia and Vermont; in 2007 and 2008, Pahuta played for the National's affiliate in Hagerstown; in 2009, Pahuta played for the Nationals' affiliates in Woodbridge, Virginia and Harrisburg, Pennsylvania; in 2010, Pahuta played for the National's affiliates in Woodbridge, Harrisburg and Syracuse, New York; in 2011 and 2012, Pahuta played for the Nationals' affiliate in Harrisburg; deny knowledge or information sufficient to form a belief as to the

- 47 -

1   truth of the allegations concerning Pahuta's purported belief and Pahuta's participation at the Nationals'

2   Florida site in 2007.

3          358.    Deny knowledge or information sufficient to form a belief as to the truth of the

4   allegations set forth in Paragraph 358 of the Second Amended Complaint.

5          359.    Deny knowledge or information sufficient to form a belief as to the truth of the

6   allegations set forth in Paragraph 359 of the Second Amended Complaint.

7          360.    Deny the allegations set forth in Paragraph 360 of the Second Amended Complaint,

8   except admit that according to Pahuta's UPC, his monthly salary rate for the 2005 championship season

9   was $1,100; and deny knowledge or information sufficient to form a belief as to the truth of the

10  allegations concerning Pahuta's purported belief and the amount he earned in salary during his last

11  season governed by his initial UPC.

12         361.    Deny the allegations set forth in Paragraph 361 of the Second Amended Complaint,

13  except admit that on November 2, 2011, Pahuta was declared a Minor League Free Agent, on December

14  9, 2011, Pahuta executed a UPC with the Nationals; and deny knowledge or information sufficient to

15  form a belief as to the truth of the allegations concerning Pahuta's purported belief.

16         362.    Deny knowledge or information sufficient to form a belief as to the truth of the

17  allegations set forth in Paragraph 362 the Second Amended Complaint.

18         363.    Deny knowledge or information sufficient to form a belief as to the truth of the

19  allegations set forth in Paragraph 363 of the Second Amended Complaint.

20         364.    Deny the allegations set forth in Paragraph 364 of the Second Amended Complaint.

21                 **5.21    As and to the Allegations Concerning Les Smith**

22         365.    Deny knowledge or information sufficient to form a belief as to the truth of the

23  allegations set forth in Paragraph 365 of the Second Amended Complaint, except admit that Smith was

24  selected in the 27th round of the 2010 Rule 4 draft by the Detroit Tigers and on June 17, 2010, Smith

25  executed a UPC with the Tigers.

26         366.    Deny the allegations set forth in Paragraph 366 of the Second Amended Complaint,

27  except admit that in 2010, Smith played for the Tigers' affiliates in Florida (Gulf Coast League) and

28

- 48 -

DEFENDANTS THE OFFICE OF THE COMMISSIONER OF BASEBALL AND ALLAN HUBER
"BUD" SELIG'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-
00608-JCS

Connecticut (Short-Season A); in 2011, Smith played for the Tigers' affiliate in Connecticut; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Smith's purported belief, his participation in extended spring training, and whether he moved "from one level to the next on a moment's notice."

367.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 367 of the Second Amended Complaint.

368.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 368 of the Second Amended Complaint.

369.    Deny the allegations set forth in Paragraph 369 of the Second Amended Complaint, except admit that according to Smith's UPC, his monthly salary rate for the 2010 championship season was $1,100; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Smith's purported belief.

370.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 370 the Second Amended Complaint.

371.    Admit the allegations set forth in Paragraph 371 of the Second Amended Complaint.

372.    Deny the allegations set forth in Paragraph 372 of the Second Amended Complaint.

### 5.22    As and to the Allegations Concerning Joseph Newby

373.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 373 of the Second Amended Complaint, except admit that Joseph Newby executed a UPC with the Oakland Athletics on June 19, 2004, and on May 10, 2007, the Athletics released Newby.

374.    Deny the allegations set forth in Paragraph 374 of the Second Amended Complaint, except admit that on February 26, 2009, Newby executed a UPC with the Seattle Mariners; in 2009, Newby played for the Mariners' affiliates in High Desert (California), West Tennessee, and Tacoma, Washington; Newby was declared a Minor League Free Agent on November 9, 2009; and deny knowledge or information sufficient to form a belief as to the truth of the allegations that Newby moved "between the affiliates at a moment's notice."

1      375.    Deny the allegations set forth in Paragraph 375 of the Second Amended Complaint,

2   except admit that on February 21, 2011, Newby executed a UPC with the Los Angeles Dodgers; in

3   2011, Newby played for the Dodgers' affiliates in Chattanooga and Albuquerque; and Newby was

4   declared a Minor League Free Agent on November 2, 2011.

5      376.    Deny knowledge or information sufficient to form a belief as to the truth of the

6   allegations set forth in Paragraph 376 of the Second Amended Complaint.

7      377.    Deny knowledge or information sufficient to form a belief as to the truth of the

8   allegations set forth in Paragraph 377 of the Second Amended Complaint.

9      378.    Deny knowledge or information sufficient to form a belief as to the truth of the

10  allegations set forth in Paragraph 378 of the Second Amended Complaint.

11     379.    Deny the allegations set forth in Paragraph 379 of the Second Amended Complaint,

12  except deny knowledge or information sufficient to form a belief as to the truth of the allegations

13  concerning Newby's purported belief and the allegations concerning clubhouse dues.

14     380.    Deny knowledge or information sufficient to form a belief as to the truth of the

15  allegations set forth in Paragraph 380 of the Second Amended Complaint.

16     381.    Deny the allegations set forth in Paragraph 381 of the Second Amended Complaint.

17          **5.23    As and to the Allegations Concerning Ryan Hutson**

18     382.    Deny knowledge or information sufficient to form a belief as to the truth of the

19  allegations set forth in Paragraph 382 of the Second Amended Complaint, except admit that Hutson was

20  selected in the 36th round of the 2011 Rule 4 draft by the New York Mets.

21     383.    Deny the allegations set forth in Paragraph 383 of the Second Amended Complaint,

22  except admit that in 2011, Hutson played for the Mets' Gulf Coast League affiliate in Florida; and deny

23  knowledge or information sufficient to form a belief as to the truth of the allegations concerning

24  Hutson's purported belief and his participation in extended spring training in 2012.

25     384.    Deny knowledge or information sufficient to form a belief as to the truth of the

26  allegations set forth in Paragraph 384 of the Second Amended Complaint.

27

28

DEFENDANTS THE OFFICE OF THE COMMISSIONER OF BASEBALL AND ALLAN HUBER
"BUD" SELIG'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-
00608-JCS

385.     Deny the allegations set forth in Paragraph 385 of the Second Amended Complaint, except admit that according to Hutson's UPC, his monthly salary rate for the 2011 championship season was $1,100; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Hutson's purported belief and the allegation that "[b]ecause of these salaries, Mr. Hutson struggled to live."

386.     Admit the allegations set forth in Paragraph 386 of the Second Amended Complaint.

387.     Deny the allegations set forth in Paragraph 387 of the Second Amended Complaint.

### 5.24    As and to the Allegations Concerning Matt Frevert

388.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 388 of the Second Amended Complaint, except admit that Matt Frevert was selected in the 28th round of the 2008 Rule 4 draft by the St. Louis Cardinals, and on June 10, 2008, Frevert executed a UPC with the Cardinals.

389.     Deny the allegations set forth in Paragraph 389 of the Second Amended Complaint, except admit that in 2008, Frevert played for the Cardinals' affiliates in the Gulf Coast League, Tennessee and Iowa; in 2009, Frevert played for the Cardinals' affiliates in Iowa and Batavia, New York; in 2010, Frevert played for the Cardinals' affiliate in Palm Beach, Florida; in 2011, Frevert played for the Cardinals' affiliate in Springfield, Missouri; the Cardinals released Frevert on May 18, 2011; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Frevert's participation in extended spring training in 2009.

390.     Deny the allegations set forth in Paragraph 390 of the Second Amended Complaint, except admit that on May 25, 2011, Frevert executed a UPC with the Atlanta Braves; in 2011, Frevert played for the Braves' affiliate in Lynchburg, Virginia; and on July 4, 2011, Frevert was placed on the Voluntarily Retired List.

391.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 391 of the Second Amended Complaint.

392.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 392 of the Second Amended Complaint.

393.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 393 of the Second Amended Complaint.

394.     Deny the allegations set forth in Paragraph 394 of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Frevert's purported belief and the allegations concerning clubhouse dues.

395.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 395 of the Second Amended Complaint.

396.     Deny the allegations set forth in Paragraph 396 of the Second Amended Complaint.

### 5.25    As and to the Allegations Concerning Roberto Ortiz

397.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 397 of the Second Amended Complaint, except admit that on September 21, 2008, Roberto Ortiz executed a UPC with the Arizona Diamondbacks.

398.     Deny the allegations set forth in Paragraph 398 of the Second Amended Complaint, except admit that in 2009, Oritz played for the Diamondbacks' affiliate in the Dominican Summer League; in 2010, Ortiz played for the Diamondbacks' affiliates in the Dominican Summer League and in Yakima, Washington; in 2011, Ortiz played for the Diamondbacks' affiliate in South Bend, Indiana; on March 23, 2012, the Diamondbacks released Ortiz; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Ortiz's participation in extended spring training in 2011.

399.     Deny the allegations set forth in Paragraph 399 of the Second Amended Complaint, except admit that on May 7, 2012, Ortiz executed a UPC with the Baltimore Orioles; in 2012, Ortiz played for the Orioles' affiliate in Aberdeen, Maryland; on July 16, 2012, the Orioles released Ortiz; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Ortiz's participation in extended spring training in 2012.

400.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 400 of the Second Amended Complaint.

1      401.    Deny knowledge or information sufficient to form a belief as to the truth of the

2  allegations set forth in Paragraph 401 of the Second Amended Complaint.

3      402.    Deny knowledge or information sufficient to form a belief as to the truth of the

4  allegations set forth in Paragraph 402 of the Second Amended Complaint.

5      403.    Deny the allegations set forth in Paragraph 403 of the Second Amended Complaint,

6  except deny knowledge or information sufficient to form a belief as to the truth of the allegations

7  concerning Ortiz's purported belief.

8      404.    Deny knowledge or information sufficient to form a belief as to the truth of the

9  allegations set forth in Paragraph 404 of the Second Amended Complaint.

10      405.    Deny the allegations set forth in Paragraph 405 of the Second Amended Complaint.

11          **5.26**    **As and to the Allegations Concerning Witer Jimenez**

12      406.    Deny knowledge or information sufficient to form a belief as to the truth of the

13  allegations set forth in Paragraph 406 of the Second Amended Complaint, except admit that on May 25,

14  2010, Jimenez executed a UPC with the Philadelphia Phillies.

15      407.    Deny the allegations set forth in Paragraph 407 of the Second Amended Complaint,

16  except admit that at certain points in 2010 and 2011, Jimenez played for the Phillies' Dominican

17  Summer League affiliate; at certain points in 2011, Jimenez played for the Phillies' Gulf Coast League

18  affiliate in Florida and its Short-Season A affiliate in Williamsport, Pennsylvania; the Phillies released

19  Jimenez on October 21, 2011; and deny knowledge or information sufficient to form a belief as to the

20  truth of the allegations concerning Jimenez's participation in extended spring training in 2011.

21      408.    Deny knowledge or information sufficient to form a belief as to the truth of the

22  allegations set forth in Paragraph 408 of the Second Amended Complaint.

23      409.    Deny knowledge or information sufficient to form a belief as to the truth of the

24  allegations set forth in Paragraph 409 of the Second Amended Complaint.

25      410.    Deny knowledge or information sufficient to form a belief as to the truth of the

26  allegations set forth in Paragraph 410 of the Second Amended Complaint.

27

28

DEFENDANTS THE OFFICE OF THE COMMISSIONER OF BASEBALL AND ALLAN HUBER "BUD" SELIG'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

411.    Deny the allegations set forth in Paragraph 411 of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Jimenez's purported belief.

412.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 412 of the Second Amended Complaint.

413.    Deny the allegations set forth in Paragraph 413 of the Second Amended Complaint.

### 5.27    As and to the Allegations Concerning Kris Watts

414.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 414 of the Second Amended Complaint, except admit that Kris Watts was selected in the 16th round of the 2006 Rule 4 draft by the Pittsburgh Pirates.

415.    Deny the allegations set forth in Paragraph 415 of the Second Amended Complaint, except admit that in 2006, Watts played for the Pirates' affiliate in Williamsport, Pennsylvania; in 2007, Watts played for the Pirates' affiliate in Hickory, North Carolina and State College, Pennsylvania; in 2008, Watts played for the Pirates' affiliates in Altoona, Pennsylvania and Lynchburg, Virginia; in 2009, Watts played for the Pirates' affiliate in Lynchburg and Indianapolis; in 2010, Watts played for the Pirates' affiliate in Altoona; in 2011, Watts played for the Pirates' affiliates in Altoona and Indianapolis; in 2012, Watts played for the Pirates' affiliates in Indianapolis and State College; and on June 8, 2012, the Pirates traded Watts to the Washington Nationals.

416.    Deny the allegations set forth in Paragraph 416 of the Second Amended Complaint, except admit that in 2012, Watts played for the Nationals' affiliate in Harrisburg, Pennsylvania; on November 2, 2012, Watts executed a UPC with the Nationals; in 2013, Watts played for the Nationals' affiliates in Harrisburg and Syracuse, New York; and on September 5, 2013, the Nationals released Watts.

417.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 417 of the Second Amended Complaint.

418.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 418 of the Second Amended Complaint.

419.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 419 of the Second Amended Complaint.

420.    Deny the allegations set forth in Paragraph 420 of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Watts' purported belief.

421.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 421 of the Second Amended Complaint.

422.    Deny the allegations set forth in Paragraph 422 of the Second Amended Complaint.

### 5.28    As and to the Allegations Concerning Mitch Hilligoss

423.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 423 of the Second Amended Complaint, except admit that Mitch Hilligoss was selected in the sixth round of the 2006 Rule 4 draft by the New York Yankees and on June 12, 2006, Hilligoss executed a UPC with the Yankees.

424.    Deny the allegations set forth in Paragraph 424 of the Second Amended Complaint, except admit that in 2006, Hilligoss played for the Yankees' affiliate in Staten Island; in 2007, Hilligoss played for the Yankees' affiliate in Charleston, South Carolina; in 2008 and 2009, Hilligoss played for the Yankees' affiliate in Tampa; and on January 26, 2010, the Yankees traded Hilligoss to the Texas Rangers.

425.    Deny the allegations set forth in Paragraph 425 of the Second Amended Complaint, except admit that in 2010, Hilligoss played for the Rangers' affiliates in Bakersfield, California and Frisco, Texas; in 2011, Hilligoss played for the Rangers' affiliates in Frisco and Myrtle Beach, South Carolina; on December 20, 2011, the Rangers released Hilligoss; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Hilligoss' participation in extended spring training in 2011.

426.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 426 of the Second Amended Complaint.

427.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 427 of the Second Amended Complaint.

428.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 428 of the Second Amended Complaint.

429.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 429 of the Second Amended Complaint.

430.    Deny the allegations set forth in Paragraph 430 of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth concerning Hilligoss' purported belief.

431.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 431 of the Second Amended Complaint.

432.    Deny the allegations set forth in Paragraph 432 of the Second Amended Complaint.

### 5.29    As and to the Allegations Concerning Matt Gorgen

433.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 433 of the Second Amended Complaint, except admit that Matt Gorgen was selected in the 16th round of the 2008 Rule 4 draft by the Tampa Bay Rays, and on June 11, 2008, Gorgen executed a UPC with the Rays.

434.    Deny the allegations set forth in Paragraph 434 of the Second Amended Complaint, except admit that in 2008, Gorgen played for the Rays' affiliate in Hudson Valley, New York; in 2009, Gorgen played for the Rays' affiliates in Port Charlotte, Florida and Montgomery, Alabama; in 2010, Gorgen played for the Rays' affiliate in Montgomery; on September 9, 2010, the Rays traded Gorgen to the Arizona Diamondbacks.

435.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 435 of the Second Amended Complaint, except admit that in 2012 and 2013, Gorgen played for the Diamondbacks' affiliates in Reno, Nevada and Mobile, Alabama; and on October 3, 2013, the Diamondbacks released Gorgen.

436.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 436 of the Second Amended Complaint.

437.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 437 of the Second Amended Complaint.

438.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 438 of the Second Amended Complaint.

439.    Deny the allegations set forth in Paragraph 439 of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Gorgen's purported belief and clubhouse dues.

440.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 440 of the Second Amended Complaint.

441.    Deny the allegations set forth in Paragraph 441 of the Second Amended Complaint.

### 5.30    As and to the Allegations Concerning Brett Newsome

442.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 442 of the Second Amended Complaint, except admit that on June 16, 2008, Brett Newsome executed a UPC with the Washington Nationals.

443.    Deny the allegations set forth in Paragraph 443 of the Second Amended Complaint, except admit that in 2008 and 2009, Newsome played for the Nationals' affiliate in the Gulf Coast League; in 2009, 2010, 2011 and 2012, Newsome played for the Nationals' affiliate in Hagerstown, Maryland; on January 7, 2013, the Nationals released Newsome; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Newsome's participation in extended spring training in 2009.

444.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 444 of the Second Amended Complaint.

445.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 445 of the Second Amended Complaint.

446.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 446 of the Second Amended Complaint.

447.     Deny the allegations set forth in Paragraph 447 of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth concerning Newsome's purported belief.

448.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 448 of the Second Amended Complaint.

449.     Deny the allegations set forth in Paragraph 449 of the Second Amended Complaint.

### 5.31    As and to the Allegations Concerning Jake Opitz

450.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 450 of the Second Amended Complaint, except admit that Jake Opitz was selected in the 39th round of the 2008 Rule 4 draft by the Chicago Cubs and on June 10, 2008, Opitz executed a UPC with the Cubs.

451.     Deny the allegations set forth in Paragraph 451 of the Second Amended Complaint, except admit that in 2008, Opitz played for the Cubs' affiliates in the Arizona League, Boise, Idaho and Peoria, Illinois; in 2009, Opitz played for the Cubs' affiliate in Daytona, Florida; in 2010, Opitz played for the Cubs' affiliates in Daytona and Knoxville, Tennessee; in 2011, Opitz was placed on the disabled list; on March 23, 2012, the Cubs released Opitz; and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Opitz's participation at extended spring training in 2011.

452.     Deny the allegations set forth in Paragraph 452 of the Second Amended Complaint, except admit that on August 4, 2012, Opitz executed a UPC with the Philadelphia Phillies; in 2012, Opitz played for the Phillies' affiliates in Reading, Pennsylvania and Allentown, Pennsylvania; and on November 2, 2012, Opitz was declared a Minor League Free Agent.

453.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 453 of the Second Amended Complaint.

454.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 454 of the Second Amended Complaint.

455.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 455 of the Second Amended Complaint.

456.     Deny the allegations set forth in Paragraph 456 of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth concerning Opitz's purported belief.

457.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 457 of the Second Amended Complaint.

458.     Deny the allegations set forth in Paragraph 458 of the Second Amended Complaint.

### 5.32    As and to the Allegations Concerning Daniel Britt

459.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 459 of the Second Amended Complaint, except admit that Britt was selected in the 29th round of the 2010 Rule 4 draft by the Milwaukee Brewers and on June 9, 2010, Britt executed a UPC with the Brewers.

460.     Deny the allegations set forth in Paragraph 460 of the Second Amended Complaint, except admit that in 2010, Britt played for the Brewers' Arizona League affiliate; in 2011, Britt played for the Brewers' Single A affiliate in Wisconsin; and on November 10, 2011, the Brewers released Britt.

461.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 461 of the Second Amended Complaint.

462.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 462 of the Second Amended Complaint.

463.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 463 of the Second Amended Complaint.

464.     Deny the allegations set forth in Paragraph 464 of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Britt's purported belief.

465.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 465 of the Second Amended Complaint.

466.    Deny the allegations set forth in Paragraph 466 of the Second Amended Complaint.

## VII.  AS AND TO THE ALLEGATIONS CONCERNING FEDERAL WAGE AND HOUR VIOLATIONS

**As and to the Allegations Concerning Count 1:  FLSA Minimum Wage and Overtime Violations**

(Plaintiffs and the Minor League Collective Against All Defendants)

467.    Repeat and re-allege each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

468.    Deny the allegations set forth in Paragraph 468 of the Second Amended Complaint.

469.    Deny the allegations set forth in Paragraph 469 of the Second Amended Complaint.

470.    Deny the allegations set forth in Paragraph 470 of the Second Amended Complaint.

471.    Deny the allegations set forth in Paragraph 471 of the Second Amended Complaint.

472.    Deny the allegations set forth in Paragraph 472 of the Second Amended Complaint.

473.    Deny the allegations set forth in Paragraph 473 of the Second Amended Complaint.

474.    Deny the allegations set forth in Paragraph 474 of the Second Amended Complaint.

475.    Deny the allegations set forth in Paragraph 475 of the Second Amended Complaint.

476.    Deny the allegations set forth in Paragraph 476 of the Second Amended Complaint.

**As and to the Allegations Concerning Count 2:  FLSA Recordkeeping Requirements**

(Plaintiffs and the Minor League Collective Against All Defendants)

477.    Repeat and re-allege each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

478.    Deny the allegations set forth in Paragraph 478 of the Second Amended Complaint.

479.    Deny the allegations set forth in Paragraph 479 of the Second Amended Complaint.

## VIII.  AS AND TO THE ALLEGATIONS CONCERNING STATE WAGE AND HOUR VIOLATIONS

480.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 480 of the Second Amended Complaint, except admit that Plaintiffs purport to "recover for all minor league work performed by the Proposed Classes, including (but not limited to) winter off-season work" pursuant to the statutes and legal theories cited therein.

481.    Deny the allegations set forth in Paragraph 481 of the Second Amended Complaint, except refer the Court to the *Baseball America* database referenced in Footnote 68 of the Second Amended Complaint for a full and accurate presentation of the information Plaintiffs purported to cite, and admit that certain Defendant Clubs employed and continue to employ minor league baseball players in each of the states and during the relevant time periods referenced in the paragraph.

**As and to the Allegations Concerning Count 3:  California Minimum Wage Violations**

(The California Class Representatives and the California Class Against All Defendants)

482.    Repeat and re-allege each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

483.    The allegations set forth in Paragraph 483 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

484.    Deny the allegations set forth in Paragraph 484 of the Second Amended Complaint.

485.    Deny the allegations set forth in Paragraph 485 of the Second Amended Complaint.

486.    Deny the allegations set forth in Paragraph 486 of the Second Amended Complaint.

**As and to the Allegations Concerning Count 4:  California Unpaid Overtime Violations**

(The California Class Representatives and the California Class Against All Defendants)

487.    Repeat and re-allege each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

- 61 -

488.    The allegations set forth in Paragraph 488 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

489.    Deny the allegations set forth in Paragraph 489 of the Second Amended Complaint.

490.    Deny the allegations set forth in Paragraph 490 of the Second Amended Complaint.

491.    Deny the allegations set forth in Paragraph 491 of the Second Amended Complaint.

492.    Deny the allegations set forth in Paragraph 492 of the Second Amended Complaint.

493.    Deny the allegations set forth in Paragraph 493 of the Second Amended Complaint.

**As and to the Allegations Concerning Count 5:  Violation of California "Payday" Requirements**

(The California Class Representatives and the California Class Against All Defendants)

494.    Repeat and re-allege each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

495.    The allegations set forth in Paragraph 495 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

496.    Deny the allegations set forth in Paragraph 496 of the Second Amended Complaint.

497.    Deny the allegations set forth in Paragraph 497 of the Second Amended Complaint.

**As and to the Allegations Concerning Count 6:  California Waiting Time Penalties**

(The California Class Representatives and the California Waiting Time Subclass Against All Defendants)

498.    Repeat and re-allege each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

499.    The allegations set forth in Paragraph 499 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

500.    Deny the allegations set forth in Paragraph 500 of the Second Amended Complaint.

501.    Deny the allegations set forth in Paragraph 501 of the Second Amended Complaint.

**As and to the Allegations Concerning Count 7:  California Itemized Wage Statement Violations**

(The California Class Representatives and the California Class Against All Defendants)

502.    Repeat and re-allege each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

503.    The allegations set forth in Paragraph 503 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

504.    The allegations set forth in Paragraph 504 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

505.    Deny the allegations set forth in Paragraph 505 of the Second Amended Complaint.

**As and to the Allegations Concerning Count 8:  Unfair Business Practices Under California Law**

(The California Class Representatives and the California Class Against All Defendants)

506.    Repeat and re-allege each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

507.    Deny the allegations set forth in Paragraph 507 of the Second Amended Complaint, except admit that "California Class Representatives" (as defined therein) purport to bring this cause of action under the statutes and legal theories cited therein.

508.    The allegations set forth in Paragraph 508 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

509.    Deny the allegations set forth in Paragraph 509 of the Second Amended Complaint.

**As and to the Allegations Concerning Count 9: Recovery under California's Private Attorney General Act**

(Craig Bennigson and All Those Similarly Situated Against All Defendants)

510.    Repeat and re-allege each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

- 63 -

511.    Deny the allegations set forth in Paragraph 511 of the Second Amended Complaint.

512.    Deny the allegations set forth in Paragraph 512 of the Second Amended Complaint, except admit that Mr. Bennigson purports to bring this cause of action "on behalf of himself and other current and former employees of the Defendants" under the statutes and legal theories cited therein.

513.    Deny the allegations set forth in Paragraph 513 of the Second Amended Complaint, except admit that Plaintiffs allege that notice was sent and that the notice speaks for itself; and deny knowledge or information sufficient to sufficient to form a belief as to the truth of whether Plaintiffs have received written notification by the LWDA.

**As and to the Allegations Concerning Count 10: Quantum Meruit Under California Common Law**

(The California Class Representatives and the California Class Against All Defendants)

514.    Repeat and re-allege each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

515.    The allegations set forth in Paragraph 515 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

516.    Deny the allegations set forth in Paragraph 516 of the Second Amended Complaint, except admit that certain Defendant Clubs employed and continue to employ minor league baseball players who performed or currently perform services in California.

517.    Deny the allegations set forth in Paragraph 517 of the Second Amended Complaint, except admit that certain Defendant Clubs employed and continue to employ minor league baseball players who performed or currently perform services in California.

518.    Deny the allegations set forth in Paragraph 518 of the Second Amended Complaint.

519.    The allegations set forth in Paragraph 519 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

**As and to the Allegations Concerning Count 11:  Florida Minimum Wage Law Violations**

- 64 -

1    (The Florida Class Representatives and the Florida Class Against All Defendants)

2    520.    Repeat and re-allege each and every response set forth in all preceding paragraphs of this

3    Answer with same force and effect as if fully set forth herein.

4    521.    The allegations set forth in Paragraph 521 of the Second Amended Complaint constitute

5    legal conclusions to which no response is required.  To the extent a response may be required,

6    Defendants deny the allegations.

7    522.    Deny the allegations set forth in Paragraph 522 of the Second Amended Complaint.

8    523.    Deny the allegations set forth in Paragraph 523 of the Second Amended Complaint,

9    except admit that Plaintiffs allege that notice was sent and that the notice speaks for itself.

10   524.    Deny the allegations set forth in Paragraph 524 of the Second Amended Complaint.

11   525.    Deny the allegations set forth in Paragraph 525 of the Second Amended Complaint.

12   526.    The allegations set forth in Paragraph 526 of the Second Amended Complaint constitute

13   legal conclusions to which no response is required.  To the extent a response may be required,

14   Defendants deny the allegations.

15   **As and to the Allegations Concerning Count 12:  Quantum Meruit Under Florida Common Law**

16   (The Florida Class Representatives and the Florida Class Against All Defendants)

17   527.    Repeat and re-allege each and every response set forth in all preceding paragraphs of this

18   Answer with same force and effect as if fully set forth herein.

19   528.    Deny the allegations set forth in Paragraph 528 of the Second Amended Complaint.

20   529.    Deny the allegations set forth in Paragraph 529 of the Second Amended Complaint,

21   except admit that "much of [the alleged] work occurred and continues to occur in Florida."

22   530.    Deny the allegations set forth in Paragraph 530 of the Second Amended Complaint.

23   531.    Deny the allegations set forth in Paragraph 531 of the Second Amended Complaint.

24   532.    The allegations set forth in Paragraph 532 of the Second Amended Complaint constitute

25   legal conclusions to which no response is required.  To the extent a response may be required,

26   Defendants deny the allegations.

27

28

- 65 -

**As and to the Allegations Concerning Count 13:  Arizona Minimum Wage and Wage Law Violations**

(The Arizona Class Representatives and the Arizona Class Against All Defendants)

533.   Repeat and re-allege each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

534.   The allegations set forth in Paragraph 534 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

535.   Deny the allegations set forth in Paragraph 535 of the Second Amended Complaint.

536.   Deny the allegations set forth in Paragraph 536 of the Second Amended Complaint.

537.   Deny the allegations set forth in Paragraph 537 of the Second Amended Complaint.

538.   Deny the allegations set forth in Paragraph 538 of the Second Amended Complaint.

**As and to the Allegations Concerning Count 14:  Arizona Recordkeeping Requirements**

(The Arizona Class Representatives and the Arizona Class Against All Defendants)

539.   Repeat and re-allege each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

540.   Deny the allegations set forth in Paragraph 540 of the Second Amended Complaint.

541.   Deny the allegations set forth in Paragraph 541 of the Second Amended Complaint.

**As and to the Allegations Concerning Count 15:  Quantum Meruit Under Arizona Common Law**

(The Arizona Class Representatives and the Arizona Class Against All Defendants)

542.   Repeat and re-allege each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

543.   The allegations set forth in Paragraph 543 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

544.   Deny the allegations set forth in Paragraph 544 of the Second Amended Complaint.

545.   Deny the allegations set forth in Paragraph 545 of the Second Amended Complaint.

- 66 -

546.     Deny the allegations set forth in Paragraph 546 of the Second Amended Complaint.

547.     The allegations set forth in Paragraph 547 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

**As and to the Allegations Concerning Count 16:  North Carolina Minimum Wage Violations**

(The North Carolina Class Representatives and the North Carolina Class Against All Defendants)

548.     Repeat and re-allege each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

549.     The allegations set forth in Paragraph 549 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

550.     The allegations set forth in Paragraph 550 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

551.     Deny the allegations set forth in Paragraph 551 of the Second Amended Complaint.

552.     Deny the allegations set forth in Paragraph 552 of the Second Amended Complaint.

553.     Deny the allegations set forth in Paragraph 553 of the Second Amended Complaint.

**As and to the Allegations Concerning Count 17:  North Carolina Overtime Violations**

(The North Carolina Class Representatives and the North Carolina Class Against All Defendants)

554.     Repeat and re-allege each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

555.     The allegations set forth in Paragraph 555 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

556.     The allegations set forth in Paragraph 556 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

- 67 -

557.    The allegations set forth in Paragraph 557 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

558.    Deny the allegations set forth in Paragraph 558 of the Second Amended Complaint.

559.    Deny the allegations set forth in Paragraph 559 of the Second Amended Complaint.

**As and to the Allegations Concerning Count 18:  Quantum Meruit Under North Carolina Common Law**

(The North Carolina Class Representatives and the North Carolina Class Against All Defendants)

560.    Repeat and re-allege each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

561.    The allegations set forth in Paragraph 561 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

562.    Deny the allegations set forth in Paragraph 562 of the Second Amended Complaint, except admit that certain Defendant Clubs employed and continue to employ minor league baseball players in North Carolina.

563.    Deny the allegations set forth in Paragraph 563 of the Second Amended Complaint.

564.    Deny the allegations set forth in Paragraph 564 of the Second Amended Complaint.

565.    Deny the allegations set forth in Paragraph 565 of the Second Amended Complaint.

**As and to the Allegations Concerning Count 19:  New York Minimum Wage Violations**

(The New York Class Representatives and the New York Class Against All Defendants)

566.    Repeat and re-allege each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

567.    Deny the allegations set forth in Paragraph 567 of the Second Amended Complaint.

568.    Deny the allegations set forth in Paragraph 568 of the Second Amended Complaint.

569.    Deny the allegations set forth in Paragraph 569 of the Second Amended Complaint.

- 68 -

570.    The allegations set forth in Paragraph 570 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

**As and to the Allegations Concerning Count 20:  New York Overtime Violations**

(The New York Class Representatives and the New York Class Against All Defendants)

571.    Repeat and re-allege each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

572.    The allegations set forth in Paragraph 572 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

573.    Deny the allegations set forth in Paragraph 573 of the Second Amended Complaint.

574.    Deny the allegations set forth in Paragraph 574 of the Second Amended Complaint.

575.    Deny the allegations set forth in Paragraph 575 of the Second Amended Complaint.

**As and to the Allegations Concerning Count 21:  New York Wage Statement Violations**

(The New York Class Representatives and the New York Class Against All Defendants)

576.    Repeat and re-allege each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

577.    The allegations set forth in Paragraph 577 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

578.    The allegations set forth in Paragraph 578 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

579.    Deny the allegations set forth in Paragraph 579 of the Second Amended Complaint.

**As and to the Allegations Concerning Count 22:  Quantum Meruit Under New York Common**

**Law**

(The New York Class Representatives and the New York Class Against All Defendants)

580.    Repeat and re-allege each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

581.    The allegations set forth in Paragraph 581 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

582.    Deny the allegations set forth in Paragraph 582 of the Second Amended Complaint.

583.    Deny the allegations set forth in Paragraph 583 of the Second Amended Complaint.

584.    Deny the allegations set forth in Paragraph 584 of the Second Amended Complaint.

585.    The allegations set forth in Paragraph 585 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendants deny the allegations.

**IX.  AS AND TO THE ALLEGATIONS CONCERNING THE PRAYER FOR RELIEF**

586.    Deny the allegations set forth in the WHEREFORE clause of the Second Amended Complaint, and further deny that Plaintiffs and/or the purported members of the Minor League Collective, California Class, California Waiting Time Subclass, Florida Class, Arizona Class, North Carolina Class, and/or New York Class are entitled to any of the relief demanded therein or any relief whatsoever.

587.    Deny each and every allegation in the Second Amended Complaint not specifically admitted herein.

**X.  AFFIRMATIVE OR OTHER DEFENSES**

In further answer to the Second Amended Complaint, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants the Office of the Commissioner of Baseball and Allan Huber "Bud" Selig (collectively, "Defendants") state as follows for their affirmative and other defenses, without admitting thereby that they necessarily bear the burden of proof on any such defense.

## FIRST AFFIRMATIVE OR OTHER DEFENSE

(Failure to State a Claim)

1.      The Second Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted or for which the relief sought can be awarded.

## SECOND AFFIRMATIVE OR OTHER DEFENSE

(Improper Venue/Forum Non Conveniens)

2.      Venue is improper or unduly inconvenient and, in the interest of judicial economy and convenience of the parties, this case should be transferred to a more convenient forum.

## THIRD AFFIRMATIVE OR OTHER DEFENSE

(Joint Employer)

3.      The Defendants (the Office of the Commissioner of Baseball and Commissioner Selig) did not exert the necessary control over the wages, hours and other conditions of Plaintiffs and the putative members of the collective or classes, and thus Defendants are not joint employers under the federal and state laws asserted in the Second Amended Complaint.

## FOURTH AFFIRMATIVE OR OTHER DEFENSE

(Arbitration)

4.      Plaintiffs' and/or the putative members of the collective or classes' claims must be arbitrated pursuant to Article XX.B. of their executed Uniform Player Contracts (an example of which was attached to the Second Amended Complaint at Exhibit A, Major League Rules, Attachment 3). This action should be stayed and/or dismissed and Plaintiffs and/or the putative members of the collective or classes should be compelled to arbitrate pursuant to 9 U.S.C. § 1 *et seq.* and other applicable federal or state laws.

## FIFTH AFFIRMATIVE OR OTHER DEFENSE

(No Basis for Collective Action Claims)

5.      The types of claims alleged by Plaintiffs provide no basis for the Court to certify a collective of persons "similarly situated" to any or all of the Plaintiffs and, therefore, this action may not be maintained as a collective action pursuant to Section 216(b) of the FLSA.

- 71 -

1
2

### SIXTH AFFIRMATIVE OR OTHER DEFENSE

(No Basis for Class Action Claims)

3    6.    The types of claims alleged by Plaintiffs are inherently individualized and Plaintiffs
4  cannot establish the requirements for certification of the putative class actions under Federal Rule of
5  Civil Procedure 23.

6

### SEVENTH AFFIRMATIVE OR OTHER DEFENSE

7    (Failure To State Facts Warranting Class and/or Collective Certification
8    And Damages Or Any Other Representative Action)

9    7.    Plaintiffs' allegations that this action should be certified as several classes and/or
10  collective actions or should continue as a representative action are barred by their failure to allege facts
11  sufficient to warrant class and/or collective action certification and/or an award of class damages,
12  pursuant to Federal Rule of Civil Procedure 23 and/or Section 216(b) of the FLSA.  Plaintiffs likewise
13  failed to set forth any facts supporting any other form of representative action.

14

### EIGHTH AFFIRMATIVE OR OTHER DEFENSE

15    (Failure To State Facts Warranting A Predominance Of
16    Common Questions Of Fact And Law)

17    8.    The Second Amended Complaint, and each cause of action alleged therein, fails to the
18  extent that Plaintiffs have not alleged a predominance of common questions of fact and law, as required
19  under Federal Rule of Civil Procedure 23.

20

### NINTH AFFIRMATIVE OR OTHER DEFENSE

21    (FLSA Exemptions)

22    9.    Plaintiffs' claims and those of certain putative collective members under the FLSA are
23  barred by the exemptions afforded to, including without limitation, seasonal, amusement or recreational
24  establishments and those employed in a "bona fide professional capacity."  *See* 29 U.S.C. §§
25  213(a)(1),(3).

26
27
28

- 72 -

DEFENDANTS THE OFFICE OF THE COMMISSIONER OF BASEBALL AND ALLAN HUBER
"BUD" SELIG'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-
00608-JCS

1

### TENTH AFFIRMATIVE OR OTHER DEFENSE

2

(Florida Minimum Wage Law Exemption)

3      10.     Plaintiffs' claims and those of certain putative class members under Florida state law are

4    barred by the FLSA exemptions afforded to, including without limitation, seasonal amusement or

5    recreational establishments and those employed in a "bona fide professional capacity."  *See* Fla. Stat. §

6    448.110(3).

7

### ELEVENTH AFFIRMATIVE OR OTHER DEFENSE

8

(Exemption from North Carolina Wage and Hour Act Claims)

9      11.     Plaintiffs' claims and those of certain putative class members under North Carolina state

10   law are barred by the exemptions afforded to, including without limitation, seasonal amusement or

11   recreational establishments.  *See* N.C. Gen. Stat. §§ 95-25.3(e); 95-25.4(a).  In the alternative, Plaintiffs'

12   claims under the North Carolina Wage and Hour Act are preempted by the FLSA.  *See* N.C. Gen. Stat.

13   95-25.14(a) (1).

14

### TWELFTH AFFIRMATIVE OR OTHER DEFENSE

15

(Exemption from New York Labor Law Claims)

16      12.     Plaintiffs' claims and those of certain putative class members under  New York Labor

17   Law are barred by the exemptions afforded to, including without limitation, those "employed or

18   permitted to work…in a bona fide…professional capacity."  *See* N.Y. Lab. Law § 651.

19

### THIRTEENTH AFFIRMATIVE OR OTHER DEFENSE

20

(Failure to Exhaust Administrative Remedies)

21      13.     Plaintiffs' claims and those of certain putative class members are barred by the failure to

22   exhaust internal and/or administrative remedies, including, but not limited to, the notice requirements of

23   California's Private Attorney General Act, as the notice attached to the Second Amended Complaint as

24   Exhibit C failed to properly identify the defendant employers, describe the underlying facts and theories

25   in support of a violation under the California Labor Code and failed to properly notify the Defendant

26   Commissioner Selig, among others.  *See* Cal. Lab. Code § 2699.

27

28

- 73 -

**FOURTEENTH AFFIRMATIVE OR OTHER DEFENSE**

(Exemption from Overtime under the California Labor Code)

14.    Plaintiffs' claims and those of certain putative class members under California state law are barred by the exemptions afforded to, including without limitation, professional employees under California Labor Code § 515.

**FIFTEENTH AFFIRMATIVE OR OTHER DEFENSE**

(No Private Right of Action)

15.    Plaintiffs and the putative class members lack standing and thus are not entitled to recover any civil penalties directly under Section 210 of the California Labor Code, which shall only be recoverable by the California Labor Commissioner, and any such recovery would be unjust, arbitrary, oppressive and confiscatory.

**SIXTEENTH AFFIRMATIVE OR OTHER DEFENSE**

(Penalties Unjust, Arbitrary, and Oppressive or Confiscatory)

16.    The penalties claimed by Plaintiff Craig Bennigson, on behalf of himself and other current and former employees of the Defendants alleging California Labor Code violations under California's Private Attorney General Act, pursuant to the Labor Code Sections 2699(e)(1) and (e)(2), are unjust, arbitrary, and oppressive or confiscatory and thus, should be reduced upon any finding of liability on the part of the Defendants or any individual Defendant.

**SEVENTEENTH AFFIRMATIVE OR OTHER DEFENSE**

(Private Attorneys General Act)

17.    Plaintiffs' representative causes of action under California Labor Code § 2698 *et* seq. (the Private Attorneys General Act) violate Defendants' constitutional rights under both the United States and California Constitutions.

- 74 -

1

**EIGHTEENTH AFFIRMATIVE OR OTHER DEFENSE**

2

(No Injunctive Relief)

3

18.    Plaintiffs' and/or the putative class members' claims for injunctive relief are barred

4

because Plaintiffs cannot make the requisite showing to obtain injunctive relief in a labor dispute under

5

California Labor Code §§ 1138.1 *et seq.* and/or California Business & Professions Code §§ 17203-04.

6

**NINETEENTH AFFIRMATIVE OR OTHER DEFENSE**

7

(Equitable Set Off)

8

19.    To the extent that a court holds that Plaintiffs are entitled to equitable relief for unpaid

9

wages, which Defendants deny, Defendants are entitled, as a matter of equity, to set off for wages

10

provided to or amounts paid to Plaintiffs to which Plaintiffs were not entitled to under law.

11

**TWENTIETH AFFIRMATIVE OR OTHER DEFENSE**

12

(Improper Unfair Competition Law Representative Action)

13

20.    The Cause of Action for violations of California Business and Professions Code § 17200

14

*et seq,* is barred under Proposition 64 as an improper representative action to the extent Plaintiffs are

15

attempting to bring claims on behalf of others without meeting all class action procedural requirements.

16

**TWENTY-FIRST AFFIRMATIVE OR OTHER DEFENSE**

17

(Safe Harbor Defense)

18

21.    Plaintiffs are barred from recovering under the Second Amended Complaint, and in

19

particular under Count 8 alleged therein, in whole or in part, under the "safe harbor defense," which

20

precludes Plaintiffs from stating a claim through California Business and Professions Code § 17200 *et*

21

*seq.* when such a claim would be barred under other principles of law.

22

**TWENTY-SECOND AFFIRMATIVE OR OTHER DEFENSE**

23

(Action Unconstitutional)

24

22.    Plaintiffs' purported claim for violation of California Business and Professions Code §

25

17200 *et seq.* is barred under the facts and circumstances of this case because provisions of Section

26

17200 violate the provisions of the United States and California Constitutions, including, but not limited

27

to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

28

- 75 -

1

**TWENTY-THIRD AFFIRMATIVE OR OTHER DEFENSE**

2

(No Unfair Practices)

3    23.    Plaintiffs' Second Amended Complaint, and each claim contained therein, is barred

4 because Defendants' challenged conduct was not "unfair" under California Business and Professions

5 Code § 17200 *et seq.*

6

**TWENTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE**

7

(Lack of Standing under California Unfair Competition Law)

8    24.    Plaintiffs' Second Amended Complaint, and each claim contained therein, is barred

9 because Plaintiffs did not suffer the injury in fact and lose money or property as a result of Defendants'

10 challenged conduct.

11

**TWENTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE**

12

(Not "Hours Worked")

13    25.    Some or all of the certain hours claimed by Plaintiffs and the putative members of the

14 collective or classes are not "hours worked" within the meaning of applicable federal and state laws

15 and/or written administrative regulations, orders, rulings, guidance and/or interpretations, in that

16 Plaintiffs and the putative members of the collective or classes were not performing labor for the benefit

17 of Defendants during those times (including, but not limited to, certain training, travel and commuting

18 time), such that minimum wage and overtime compensation need not be paid for those hours.  *See, e.g.,*

19 29 U.S.C. § 254.

20

**TWENTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE**

21

(Statute of Limitations)

22    26.    Subject to proof through discovery, some or all of Plaintiffs' claims and those of the

23 putative members of the collective or classes are barred, in whole or in part, by the applicable statute(s)

24 of limitations, including without limitation, the willfulness provision of the FLSA.  *See* 29 U.S.C. § 255;

25 Ariz. Rev. Stat. § 23-364; Cal. Code Civ. Proc. §§ 338, 340(a); Cal. Labor Code § 203; California

26 Business and Professions Code § 17208; Fla. Stat. §§ 95.11, 448.110; N.C. Gen. Stat. § 95-25.22(f);

27 New York Labor Law §§ 663(3), 198(3).

28

- 76 -

DEFENDANTS THE OFFICE OF THE COMMISSIONER OF BASEBALL AND ALLAN HUBER
"BUD" SELIG'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-
00608-JCS

## TWENTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE

(Good Faith/Liquidated Damages)

27.     If Defendants are found to have failed to pay Plaintiffs and/or any putative member of the collective or classes, as alleged in the Second Amended Complaint, any amount due, which allegations Defendants deny is owed, Defendants acted at all times on the basis of a good faith and reasonable belief that its actions were in compliance and conformity with all applicable federal and state laws and/or written administrative regulations, orders, rulings, guidance and/or interpretations.  By reason of the foregoing, Plaintiffs are not entitled to liquidated or penalty damages under federal or state law.  *See* 29 U.S.C. § 260; Ariz. Rev. Stat. § 23-355; Cal. Labor Code § 1194.2; Fla Stat. § 448.110(c)(1); N.C. Gen. Stat. § 95-22(a); New York Labor Law § 198, *et seq*.

## TWENTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE

(Laches)

28.     Subject to proof through discovery, Plaintiffs have delayed inexcusably and unreasonably in the filing of this action causing substantial prejudice to Defendants and thus Plaintiffs' claims are barred by the equitable doctrine of *laches*.

## TWENTY-NINTH AFFIRMATIVE OR OTHER DEFENSE

(Adequate Legal Remedy)

29.     Plaintiffs' claims for equitable relief are barred because Plaintiffs have an adequate and complete remedy at law, and/or Plaintiffs cannot make the requisite showing to obtain injunctive relief.

## THIRTIETH AFFIRMATIVE OR OTHER DEFENSE

(Any Harm "De Minimus")

30.     The Second Amended Complaint and some of the causes of action alleged therein are barred to the extent any harm or  damage suffered by Plaintiffs and/or the putative class and/or collective, all of which Defendants deny, premised upon Defendants' alleged compensation practices was "de minimus," and therefore, are not compensable as a matter of law.

- 77 -

1   31.   Defendants reserve the right to and do rely upon such further affirmative or other

2   defenses as may become available during discovery in this action and amend this Answer to assert any

3   such defenses.

4   WHEREFORE, the Office of the Commissioner of Baseball and Commissioner Selig pray:

5   1.   That Plaintiffs take nothing by the Second Amended Complaint;

6   2.   For costs of suit; and

7   3.   For such other and further relief as the Court deems just and proper.

8   DATED: May 22, 2014

9                                    /s/ Elise M. Bloom

10   _____

11   Elise M. Bloom
    PROSKAUER ROSE LLP
    ELISE M. BLOOM
12   HOWARD L. GANZ
    NEIL H. ABRAMSON
13   ADAM M. LUPION
    LAURA REATHAFORD
14   Attorneys for Defendants.

DEFENDANTS THE OFFICE OF THE COMMISSIONER OF BASEBALL AND ALLAN HUBER "BUD" SELIG'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS