ELISE M. BLOOM (*pro hac vice*)
HOWARD L. GANZ
NEIL H. ABRAMSON (*pro hac vice*)
ADAM M. LUPION (*pro hac vice*)
**PROSKAUER ROSE LLP**
11 Times Square
New York, NY 10036
Telephone:    (212) 969-3000
Facsimile:    (212) 969-2900

LAURA REATHAFORD, State Bar No. 254751
**PROSKAUER ROSE LLP**
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:    (310) 557-2900
Facsimile:    (310) 557-2193
Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON SENNE, *et al.*,<br>                    Plaintiffs,<br><br>               vs.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL, *et al.*<br>                    Defendants. | CASE NO. 3:14-cv-00608-JCS<br>**ECF Case**<br><br>**DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER  TO THE SECOND AMENDED COMPLAINT** |

　　　　For its Answer to the Second Amended Complaint of Plaintiff Aaron Senne, et al., Defendant

Kansas City Royals Baseball Corp. (d/b/a "Kansas City Royals") (referred to herein as "Defendant"), by

and through its attorneys, Proskauer Rose LLP, states as follows:

### I. AS AND TO THE NATURE AND BACKGROUND OF THE SUIT[1]

　　　　1.　　　Denies the allegations set forth in Paragraph 1 of the Second Amended Complaint.[2]

　　　　2.　　　Denies the allegations set forth in Paragraph 2 of the Second Amended Complaint.

　　　　3.　　　Denies the allegations set forth in Paragraph 3 of the Second Amended Complaint.

---

[1] The headings used in this Answer are the headings created by Plaintiffs and used in the Second Amended Complaint.  Defendant submits a general denial with respect to the characterizations in the headings and Table of Contents of the Second Amended Complaint.

[2] Defendant denies the allegation set forth in Paragraph 1 of the Second Amended Complaint that Major League Baseball is a "cartel," and, where applicable, specifically incorporates this objection and denial throughout the remainder of its Answer.

- 1 -

4.    Denies the allegations set forth in Paragraph 4 of the Second Amended Complaint, except admits that major league baseball players are currently represented by a union known as the Major League Baseball Players Association ("MLBPA"), that the first collective bargaining agreement between MLB and the MLBPA was entered into in 1968, and that the current MLB/MLBPA collective bargaining agreement provides for a minimum salary of $500,000 for the 2014 season.

5.    Denies the allegations set forth in Paragraph 5 of the Second Amended Complaint, except admits that minor league baseball players not on a Club's "40-man roster" are not represented by a union.

6.    Denies the allegations set forth in Paragraph 6 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the alleged unsuccessful efforts to unionize minor league players and/or the reasons therefor, and Mr. Peltier's testimony.

7.    Denies the allegations set forth in Paragraph 7 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mr. Peltier's testimony.

8.    Denies the allegations set forth in Paragraph 8 of the Second Amended Complaint.

9.    Denies the allegations set forth in Paragraph 9 of the Second Amended Complaint.

10.    Denies the allegations set forth in Paragraph 10 of the Second Amended Complaint, except admits that Defendant pays minor league players in accordance with MLB's rules and refers the Court to Major League Rules Attachment 3, UPC, attached to the Second Amended Complaint as Exhibit A, upon which the Plaintiffs purport to rely.

11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Second Amended Complaint, except denies that "wage violations force many minor leaguers to live in poverty."

12.    Denies the allegations set forth in Paragraph 12 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning any investigation or litigation involving MLB or other Clubs.

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

13.     Denies the allegations set forth in Paragraph 13 of the Second Amended Complaint, except admits that a representative of the U.S. Department of Labor made a presentation at a MLB meeting in 2013, and refers the Court to the memorandum referenced in Footnote 7 of the Second Amended Complaint for a full and accurate statement of the contents of that memorandum.

14.     Denies the allegations set forth in Paragraph 14 of the Second Amended Complaint.

15.     The allegations set forth in Paragraph 15 of the Second Amended Complaint constitute argument to which no response is required.  To the extent a response may be required, Defendant denies the allegation and refers the Court to President Franklin D. Roosevelt's Message to the Congress of the United States, November 15, 1937, for a full and accurate statement of that Message.

16.     The allegations set forth in Paragraph 16 of the Second Amended Complaint constitute argument to which no response is required.  To the extent a response may be required, Defendant admits that certain states have passed wage and hour laws.

17.     Denies the allegations set forth in Paragraph 17 of the Second Amended Complaint, except admits that Plaintiffs purport to seek the damages described in said paragraph, that five member Clubs of MLB are based in California, that the California League operates in California, that member Clubs of MLB maintain spring training facilities in Florida and Arizona, and that certain minor league teams operate in Florida and Arizona.

18.      Denies the allegations set forth in Paragraph 18 of the Second Amended Complaint, except admits that Plaintiffs purport to seek the relief described in said paragraph.

## II.  AS AND TO THE PARTIES

**1.     As and to the Plaintiffs**

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Second Amended Complaint, except admits that Aaron Senne is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 19 of the Second Amended Complaint.

20.     Denies the allegations set forth in Paragraph 20 of the Second Amended Complaint, except admits that Michael Liberto is a plaintiff in this action and purports to be a representative

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

1  plaintiff for the "Arizona Class" and the "Minor League Collective" as alleged in Paragraph 20 of the

2  Second Amended Complaint, was a minor league baseball player for clubs affiliated with the Kansas

3  City Royals at certain points in 2010, 2011, 2012 and 2013; and denies knowledge or information

4  sufficient to form a belief as to the truth of the allegations concerning Liberto's current residence.

5       21.     Denies knowledge or information sufficient to form a belief as to the truth of the

6  allegations set forth in Paragraph 21 of the Second Amended Complaint, except admits that Oliver Odle

7  is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the

8  "Minor League Collective" as alleged in Paragraph 21 of the Second Amended Complaint.

9       22.     Denies knowledge or information sufficient to form a belief as to the truth of the

10 allegations set forth in Paragraph 22 of the Second Amended Complaint, except admits that Brad

11 McAtee is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and

12 the "Minor League Collective" as alleged in Paragraph 22 of the Second Amended Complaint.

13      23.     Denies knowledge or information sufficient to form a belief as to the truth of the

14 allegations set forth in Paragraph 23 of the Second Amended Complaint, except admits that Craig

15 Bennigson is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes"

16 and the "Minor League Collective" as alleged in Paragraph 23 of the Second Amended Complaint.

17      24.     Denies knowledge or information sufficient to form a belief as to the truth of the

18 allegations set forth in Paragraph 24 of the Second Amended Complaint, except admits that Matt

19 Lawson is a plaintiff in this action and purports to be a representative plaintiff for the "Arizona Class"

20 and the "Minor League Collective" as alleged in Paragraph 24 of the Second Amended Complaint.

21      25.     Denies knowledge or information sufficient to form a belief as to the truth of the

22 allegations set forth in Paragraph 25 of the Second Amended Complaint, except admits that Kyle

23 Woodruff is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes"

24 and the "Minor League Collective" as alleged in Paragraph 25 of the Second Amended Complaint.

25      26.     Denies knowledge or information sufficient to form a belief as to the truth of the

26 allegations set forth in Paragraph 26 of the Second Amended Complaint, except admits that Ryan Kiel is

27

28

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND
AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 26 of the Second Amended Complaint.

27.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Second Amended Complaint, except admits that Kyle Nicholson is a plaintiff in this action and purports to be a representative plaintiff for the "California Class" as alleged in Paragraph 27 of the Second Amended Complaint.

28.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Second Amended Complaint, except admits that Brad Stone is a plaintiff in this action and purports to be a representative plaintiff for the "Florida Class" and the "Minor League Collective" as alleged in Paragraph 28 of the Second Amended Complaint.

29.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Second Amended Complaint, except admits that Matt Daly is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 29 of the Second Amended Complaint.

30.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Second Amended Complaint, except admits that Aaron Meade is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 30 of the Second Amended Complaint.

31.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Second Amended Complaint, except admits that Justin Murray is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 31 of the Second Amended Complaint.

32.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Second Amended Complaint, except admits that Jake Kahaulelio is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 32 of the Second Amended Complaint.

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

33.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Second Amended Complaint, except admits that Ryan Khoury is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 33 of the Second Amended Complaint.

34.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Second Amended Complaint, except admits that Dustin Pease is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 34 of the Second Amended Complaint.

35.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Second Amended Complaint, except admits that Jeff Nadeau is a plaintiff in this action and purports to be a representative plaintiff for the "Florida Class" and the "Minor League Collective" as alleged in Paragraph 35 of the Second Amended Complaint.

36.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Second Amended Complaint, except admits that Jon Gaston is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 36 of the Second Amended Complaint.

37.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Second Amended Complaint, except admits that Brandon Henderson is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 37 of the Second Amended Complaint.

38.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Second Amended Complaint, except admits that Tim Pahuta is a plaintiff in this action and purports to be a representative plaintiff for the "Florida Class" and the "Minor League Collective" as alleged in Paragraph 38 of the Second Amended Complaint.

39.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Second Amended Complaint, except admits that Les Smith is

- 6 -

a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 39 of the Second Amended Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Second Amended Complaint, except admits that Joseph Newby is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 40 of the Second Amended Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Second Amended Complaint, except admits that Ryan Hutson is a plaintiff in this action and purports to be a representative plaintiff for the "Florida Class" and the "Minor League Collective" as alleged in Paragraph 41 of the Second Amended Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Second Amended Complaint, except admits that Matt Frevert is a plaintiff in this action and purports to be a representative plaintiff for the "Florida Class" and the "Minor League Collective" as alleged in Paragraph 42 of the Second Amended Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Second Amended Complaint, except admits that Roberto Ortiz is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 43 of the Second Amended Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Second Amended Complaint, except admits that Witer Jimenez is a plaintiff in this action and purports to be a representative for the "Florida Class" and the "Minor League Collective" as alleged in Paragraph 44 of the Second Amended Complaint.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Second Amended Complaint, except admits that Kris Watts is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 45 of the Second Amended Complaint.

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Second Amended Complaint, except admits that Mitch Hilligoss is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 46 of the Second Amended Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Second Amended Complaint, except admits that Matt Gorgen is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 47 of the Second Amended Complaint.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Second Amended Complaint, except admits that Brett Newsome is a plaintiff in this action and purports to be a representative plaintiff for the "Florida Class" and the "Minor League Collective" as alleged in Paragraph 48 of the Second Amended Complaint.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Second Amended Complaint, except admits that Jake Opitz is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 49 of the Second Amended Complaint.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Second Amended Complaint, except admits that Daniel Britt is a plaintiff in this action and purports to be a representative plaintiff for the "Arizona Class" and the "Minor League Collective" as alleged in Paragraph 50 of the Second Amended Complaint.

**2.     As and to the Defendants**

51.     Denies the allegations set forth in Paragraph 51 of the Second Amended Complaint, except admits that the Office of the Commissioner of Baseball, d/b/a MLB, is an unincorporated association, also doing business as Major League Baseball, and it is currently comprised of 30 Major League Baseball Clubs; and Major League Baseball Properties, Inc. (d/b/a "Properties") and Major League Baseball Enterprises, Inc. (d/b/a "Enterprises") are separately owned and operated entities,

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND
AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

1  controlled by the 30 Major League Baseball Clubs, and Properties is a wholly-owned subsidiary of

2  Enterprises.[3]

3      52.    Denies the allegations set forth in Paragraph 52 of the Second Amended Complaint.

4      53.    Denies the allegations set forth in Paragraph 53 of the Second Amended Complaint,

5  except admits that Mr. Selig has served as the Commissioner of Major League Baseball since in or about

6  1998 and once had an ownership interest in a Club.

7      54.    Denies the allegations set forth in Paragraph 54 of the Second Amended Complaint,

8  except admits that, according to the Major League Constitution ("MLC"), Mr. Selig currently serves as

9  the "Chief Executive Officer of Major League Baseball" and has the authority to administer discipline,

10  announce rules and procedures and preside over meetings on behalf of MLB.

11      55.    Denies the allegations set forth in Paragraph 55 of the Second Amended Complaint,

12  except admits that, under the MLC, Mr. Selig has "executive responsibility for labor relations."

13      56.    Denies the allegations set forth in Paragraph 56 of the Second Amended Complaint,

14  except admits that Mr. Selig plays a role in the development, implementation and enforcement of rules

15  and policies with respect to minor league players.

16      57.    Denies the allegations set forth in Paragraph 57 of the Second Amended Complaint, and

17  refers to the provisions of the MLC for all of its terms and conditions.

18      58.    Admits the allegations set forth in Paragraph 58 of the Second Amended Complaint, and

19  refers to the provisions of the MLC for all of its terms and conditions.

20      59.    Denies the allegations set forth in Paragraph 59 of the Second Amended Complaint.

21      60.    Denies the allegations set forth in Paragraph 60 of the Second Amended Complaint,

22  except admits that the Office of the Commissioner of Baseball implemented drug testing for minor

23  league players in 2001 and HGH testing in 2010; the Office of the Commissioner of Baseball

24  implemented and oversees a tobacco policy that minor league players must abide by; and a collectively

25

26

27  _____

[3] Defendant admits that Plaintiffs purport to reserve the right to name Major League Baseball Properties,
Inc. and Major League Baseball Enterprises, Inc. as Defendants in this lawsuit, and Defendant reserves
28  all rights to oppose any such request.

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND
AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

1  bargained signing bonus pool system for drafted and undrafted players was implemented, the terms of

2  which are set forth in Major League Rule 3(c)(4).

3       61.     Denies the allegations set forth in Paragraph 61 of the Second Amended Complaint,

4  except admits that Plaintiffs purport to name the Clubs identified in the caption of the Second Amended

5  Complaint as Defendants in this lawsuit and to refer to them collectively.

6       62.     Denies the allegations set forth in Paragraph 62 of the Second Amended Complaint,

7  except admits that the entity known as the Kansas City Royals is a member Club of Major League

8  Baseball and employs and has employed certain minor league baseball players, including Plaintiff

9  Michael Liberto.

10      63.     Denies the allegations set forth in Paragraph 63 of the Second Amended Complaint,

11 except admits upon information and belief that the entity known as the Miami Marlins, previously

12 known as the Florida Marlins, is a member Club of Major League Baseball and employs and has

13 employed certain minor league baseball players.

14      64.     Denies the allegations set forth in Paragraph 64 of the Second Amended Complaint,

15 except admits upon information and belief that the entity known as the San Francisco Giants is a

16 member Club of Major League Baseball and employs and has employed certain minor league baseball

17 players.

18      65.     Denies the allegations set forth in Paragraph 65 of the Second Amended Complaint,

19 except admits upon information and belief that the entity known as the Boston Red Sox is a member

20 Club of Major League Baseball and employs and has employed certain minor league baseball players.

21      66.     Denies the allegations set forth in Paragraph 66 of the Second Amended Complaint,

22 except admits upon information and belief that the entity known as the Toronto Blue Jays is a member

23 Club of Major League Baseball and employs and has employed certain minor league baseball players.

24      67.     Denies the allegations set forth in Paragraph 67 of the Second Amended Complaint,

25 except admits upon information and belief that the entity known as the Chicago White Sox is a member

26 Club of Major League Baseball and employs and has employed certain minor league baseball players.

27

28

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND
AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

68.     Denies the allegations set forth in Paragraph 68 of the Second Amended Complaint, except admits upon information and belief that the entity known as the Cleveland Indians is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

69.     Denies the allegations set forth in Paragraph 69 of the Second Amended Complaint, except admits upon information and belief that the entity known as the Houston Astros is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

70.     Denies the allegations set forth in Paragraph 70 of the Second Amended Complaint, except admits upon information and belief that the entity known as the Los Angeles Angels of Anaheim is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

71.     Denies the allegations set forth in Paragraph 71 of the Second Amended Complaint, except admits upon information and belief that the entity known as the Oakland Athletics is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

72.     Denies the allegations set forth in Paragraph 72 of the Second Amended Complaint, except admits upon information and belief that the entity known as the Seattle Mariners is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

73.     Denies the allegations set forth in Paragraph 73 of the Second Amended Complaint, except admits upon information and belief that the entity known as the Cincinnati Reds is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

74.     Denies the allegations set forth in Paragraph 74 of the Second Amended Complaint, except admits upon information and belief that the entity known as the St. Louis Cardinals is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

75.     Denies the allegations set forth in Paragraph 75 of the Second Amended Complaint, except admits upon information and belief that the entity known as the Colorado Rockies is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

76.     Denies the allegations set forth in Paragraph 76 of the Second Amended Complaint, except admits upon information and belief that the entity known as the San Diego Padres is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

77.     Denies the allegations set forth in Paragraph 77 of the Second Amended Complaint, except admits upon information and belief that the entity known as the Minnesota Twins is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

78.     Denies the allegations set forth in Paragraph 78 of the Second Amended Complaint, except admits upon information and belief that the entity known as the Washington Nationals is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

79.     Denies the allegations set forth in Paragraph 79 of the Second Amended Complaint, except admits upon information and belief that the entity known as the Detroit Tigers is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

80.     Denies the allegations set forth in Paragraph 80 of the Second Amended Complaint, except admits upon information and belief that the entity known as the Los Angeles Dodgers is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

81.     Denies the allegations set forth in Paragraph 81 of the Second Amended Complaint, except admits upon information and belief that the entity known as the New York Mets is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

82.     Denies the allegations set forth in Paragraph 82 of the Second Amended Complaint, except admits upon information and belief that the entity known as the Atlanta Braves is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

83.     Denies the allegations set forth in Paragraph 83 of the Second Amended Complaint, except admits upon information and belief that the entity known as the Arizona Diamondbacks is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

84.    Denies the allegations set forth in Paragraph 84 of the Second Amended Complaint, except admits upon information and belief that the entity known as the Baltimore Orioles is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

85.    Denies the allegations set forth in Paragraph 85 of the Second Amended Complaint, except admits upon information and belief that the entity known as the Philadelphia Phillies is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

86.    Denies the allegations set forth in Paragraph 86 of the Second Amended Complaint, except admits upon information and belief that the entity known as the Pittsburgh Pirates is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

87.    Denies the allegations set forth in Paragraph 87 of the Second Amended Complaint, except admits upon information and belief that the entity known as the New York Yankees is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

88.    Denies the allegations set forth in Paragraph 88 of the Second Amended Complaint, except admits upon information and belief that the entity known as the Tampa Bay Rays is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

89.    Denies the allegations set forth in Paragraph 89 of the Second Amended Complaint, except admits upon information and belief that the entity known as the Chicago Cubs is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

90.    Denies the allegations set forth in Paragraph 90 of the Second Amended Complaint, except admits upon information and belief that the entity known as the Milwaukee Brewers is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

91.    Denies the allegations set forth in Paragraph 91 of the Second Amended Complaint, except admits upon information and belief that the entity known as the Texas Rangers is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

# III.  AS AND TO THE CLASS ACTION ALLEGATIONS

92.     Denies the allegations set forth in Paragraph 92 of the Second Amended Complaint, except admits that Plaintiffs purport to bring their state law claims as class actions on behalf of themselves and all others who are similarly situated under the statutes cited therein.

93.     Denies the allegations set forth in Paragraph 93 of the Second Amended Complaint, except admits that the Second Amended Complaint purports to assert claims on behalf of a "California Class," which is described therein.

94.     Denies the allegations set forth in Paragraph 94 of the Second Amended Complaint, except admits that the Plaintiffs identified therein purport to be the "California Class Representatives."

95.     Denies the allegations set forth in Paragraph 95 of the Second Amended Complaint, except admits that the Second Amended Complaint purports to seek waiting time penalties under California Labor Code § 203 on behalf of the "California Waiting Time Subclass" described therein.

96.     Denies the allegations set forth in Paragraph 96 of the Second Amended Complaint, except admits that the Second Amended Complaint purports to assert claims on behalf of the "Florida Class" described therein.

97.     Denies the allegations set forth in Paragraph 97 of the Second Amended Complaint, except admits that the Plaintiffs identified therein purport to be the "Florida Class Representatives."

98.     Denies the allegations set forth in Paragraph 98 of the Second Amended Complaint, except admits that the Second Amended Complaint purports to assert claims on behalf of the "Arizona Class" described therein.

99.     Denies the allegations set forth in Paragraph 99 of the Second Amended Complaint, except admits that the Plaintiffs identified therein purport to be the "Arizona Class Representatives."

100.    Denies the allegations set forth in Paragraph 100 of the Second Amended Complaint, except admits that the Second Amended Complaint purports to assert claims on behalf of the "North Carolina Class" described therein.

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

101.     Denies the allegations set forth in Paragraph 101 of the Second Amended Complaint, except admits that the Plaintiffs identified therein purport to be the "North Carolina Class Representatives."

102.     Denies the allegations set forth in Paragraph 102 of the Second Amended Complaint, except admits that the Second Amended Complaint purports to assert claims on behalf of the "New York Class" described therein.

103.     Denies the allegations set forth in Paragraph 103 of the Second Amended Complaint, except admits that the Plaintiffs identified therein purport to be the "New York Class Representatives."

104.     Denies the allegations set forth in Paragraph 104 of the Second Amended Complaint.

105.     Denies the allegations set forth in Paragraph 105 of the Second Amended Complaint.

106.     Denies the allegations set forth in Paragraph 106 of the Second Amended Complaint.

107.     Denies the allegations set forth in Paragraph 107 of the Second Amended Complaint.

108.     Denies the allegations set forth in Paragraph 108, including but not limited to subparagraphs (a) through (h), inclusive, of the Second Amended Complaint.

109.     Denies the allegations set forth in Paragraph 109 of the Second Amended Complaint.

110.     Denies the allegations set forth in Paragraph 110 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the putative class members' resources or motivations.

### IV.  **AS AND TO THE COLLECTIVE ACTION ALLEGATIONS**

111.     Denies the allegations set forth in Paragraph 111 of the Second Amended Complaint, except admits that Plaintiffs purport to bring Counts I and II on behalf of themselves and the individuals described therein.

112.     Denies the allegations set forth in Paragraph 112 of the Second Amended Complaint.

113.     Denies the allegations set forth in Paragraph 113 of the Second Amended Complaint.

### V.  **AS AND TO THE JURISDICTION, VENUE, AND COMMERCE ALLEGATIONS**

114.     The allegations set forth in Paragraph 114 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required,

- 15 -

Defendant denies the allegations, except admits that the Court has subject matter jurisdiction over the federal claims pursuant to the statutes cited therein.

115.     The allegations set forth in Paragraph 115 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

116.     The allegations set forth in Paragraph 116 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations, except admits that Plaintiffs allege that the amount in controversy exceeds $5,000,000.

117.     The allegations set forth in Paragraph 117 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant admits that the Court has jurisdiction over the federal claims pursuant to the statutes cited therein.

118.     The allegations set forth in Paragraph 118 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

119.     Denies the allegations set forth in Paragraph 119 of the Second Amended Complaint, except admits that Defendant engages in interstate commerce and uses instruments of interstate commerce.

120.     The allegations set forth in Paragraph 120 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations, except admits that two MLB Clubs are located in the Northern District of California; and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning three of the Plaintiffs having played for clubs affiliated with the San Francisco Giants and two of the Plaintiffs having played for clubs affiliated with the Oakland Athletics, and Plaintiffs' purported belief "that one of MLB's officers resides within this District."

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

121.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 121 of the Second Amended Complaint.

122.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 122 of the Second Amended Complaint, except denies the allegations set forth in the second sentence of Paragraph 122 of the Second Amended Complaint.

123.    Denies the allegations set forth in Paragraph 123 of the Second Amended Complaint, except admits that five MLB Clubs and one minor league are located in California.

124.    The allegations set forth in Paragraph 124 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

## VI.  AS AND TO THE FACTUAL ALLEGATIONS

### 1.    As and to "The Booming Business of MLB"

125.    Admits the allegations set forth in Paragraph 125 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to how many of the approximately 74 million fans who attended MLB games during the 2013 season paid for their own admission.

126.    Denies the allegations set forth in Paragraph 126 of the Second Amended Complaint.

127.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 127 of the Second Amended Complaint, except admits that the *Forbes* article referenced therein at Footnote 26 purported to estimate franchise values.

128.    Denies the allegations set forth in Paragraph 128 of the Second Amended Complaint, except admits that players are needed to play the game of baseball.

### 2.    As and to "Minor Leaguers' Uniform, Adhesive Contracts"

129.    Denies the allegations set forth in Paragraph 129 of the Second Amended Complaint, except admits that Clubs may include up to 25 Major League baseball players on an "Active Roster," Clubs may, but are not required to, reserve additional players to the "40-man roster," during the season,

- 17 -

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

1   players may end up on the "Major League Disabled List," and, currently, each Club has a little more

2   than 40 players under reserve and represented by the MLBPA.

3        130.    Denies the allegations set forth in Paragraph 130 of the Second Amended Complaint.

4        131.    The allegations set forth in Paragraph 131 of the Second Amended Complaint constitute

5   legal conclusions to which no response is required.  To the extent a response may be required,

6   Defendant denies the allegations, except admits that MLB and the Defendant Clubs are exempt from the

7   antitrust laws pursuant to decisional authority of the U.S. Supreme Court, except as expressly provided

8   by Congress under the Curt Flood Act.

9        132.    Denies the allegations set forth in Paragraph 132 of the Second Amended Complaint,

10  except admits that minor league baseball players not on a Club's "40-man roster" are not represented by

11  a union.

12       133.    Denies the allegations set forth in Paragraph 133 of the Second Amended Complaint,

13  except admits that minor league baseball players may agree to be employed pursuant to a minor league

14  contract, which they must agree to and execute, whether after an amateur draft or as a free agent.

15       134.    Denies the allegations set forth in Paragraph 134 of the Second Amended Complaint,

16  except admits that a draft, governed at least in part by the Major League Baseball Rule 4 ("Rule 4")

17  attached to the Second Amended Complaint, is sometimes referred to as the "amateur" draft and during

18  recent years has been held in June.

19       135.    Denies the allegations set forth in Paragraph 135 of the Second Amended Complaint,

20  except admits that a draft, governed at least in part by Major League Baseball Rule 4 ("Rule 4") attached

21  to the Second Amended Complaint, is sometimes referred to as the "Rule 4 draft," and was instituted in

22  1965, when Ford Frick served as the Commissioner.

23       136.    Denies the allegations set forth in Paragraph 136 of the Second Amended Complaint,

24  except admits that the Major League Baseball Rules, attached to the Second Amended Complaint, state

25  that Uniform Player Contracts signed by minor league baseball players are to be filed with and approved

26  by the Office of the Commissioner of Baseball, and in the past, the Commissioner's Office had provided

27

28

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND
AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

each Club with an informal recommendation for signing bonuses to be given to each high level draft pick.

137.    Denies the allegations set forth in Paragraph 137 of the Second Amended Complaint.

138.    Denies the allegations set forth in Paragraph 138 of the Second Amended Complaint, except admits that the draft, governed at least in part by Major League Baseball Rule 4 ("Rule 4") and which was developed and enforced by the Commissioner's Office, attached to the Second Amended Complaint, may include certain baseball players from the United States, Canada and Puerto Rico, and any other commonwealth, territory or possession of the United States, and in recent years has lasted up to 40 rounds with the Club with the worst win/loss record during the prior major league baseball championship season making the first selection.

139.    Denies the allegations set forth in Paragraph 139 of the Second Amended Complaint, except admits that baseball players in the draft, governed at least in part by Rule 4, attached to the Second Amended Complaint, may be between the ages of 18 and 23.

140.    Denies the allegations set forth in Paragraph 140 of the Second Amended Complaint, except admits that some baseball players retain agents or advisors and some do not.

141.    Denies the allegations set forth in Paragraph 141 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether "many" or "most" minor league players are represented by agents or advisors in connection with signing an initial Minor League Uniform Player Contract.

142.    Denies the allegations set forth in Paragraph 142 of the Second Amended Complaint, except admits that the Dominican Republic, followed by Venezuela, produce the most Latin American baseball players, and certain baseball players, including those from Latin American countries, may be subject to Major League Baseball Rule 3 ("Rule 3"), attached to the Second Amended Complaint, and are eligible to sign a Minor League Uniform Player Contract when they are 16 years old (if they turn 17 by September 1 of the following year).

143.    Denies the allegations set forth in Paragraph 143 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations

- 19 -

concerning information about the families, education-level and representation of minor league players from Latin American countries and whether Latino signees comprise over forty percent of minor league players, and admits that MLB prohibits bribes and/or kickbacks in connection with a player entering into a Minor League Uniform Player Contract, the FBI has investigated these issues, and one scout has been charged with a crime.

144.    Denies the allegations set forth in Paragraph 144 of the Second Amended Complaint.

145.    Denies the allegations set forth in Paragraph 145 of the Second Amended Complaint, except admits that baseball players who did not participate in the draft or were not taken in the draft, governed at least in part by Major League Baseball Rule 4 ("Rule 4"), attached to the Second Amended Complaint, may also sign Minor League Uniform Player Contracts with Clubs.

146.    Denies the allegations set forth in Paragraph 146 of the Second Amended Complaint, except admits that the Major League Baseball Scouting Bureau is within MLB, provides scouting services and information on certain baseball player prospects, the Scouting Bureau additionally requests that these players fill out informational cards and, sometimes, psychological tests; the Clubs have access to these evaluations; and denies knowledge or information sufficient to form a belief as to Plaintiffs' purported belief that Clubs use these evaluations when making draft and free agent acquisitions.

147.    Denies the allegations set forth in Paragraph 147 of the Second Amended Complaint, except refers the Court to Major League Baseball Rule 3 ("Rule 3"), attached to the Second Amended Complaint, for a full and accurate statement of the portion of Rule 3 that Plaintiffs purport to quote.

148.    Denies the allegations set forth in Paragraph 148 of the Second Amended Complaint, except admits that signed Minor League Uniform Player Contracts are to be sent to MLB and refers the Court to Major League Baseball Rule 3 ("Rule 3"), attached to the Second Amended Complaint, for a full and accurate statement of the portion of that Rule Plaintiffs purport to quote.

149.    Denies the allegations set forth in Paragraph 149 of the Second Amended Complaint, except refers the Court to Major League Baseball Rule 3 and the Uniform Player Contract ("UPC") (Major League Baseball Rule Attachment 3), attached to the Second Amended Complaint, for a full and accurate statement of the portions of the Rules Plaintiffs purport to cite.

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND
AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

150.     Denies the allegations set forth in Paragraph 150 of the Second Amended Complaint, except refers the Court to the Major League Baseball Rules 14 and 18 and the UPC, attached to the Second Amended Complaint, for a full and accurate statement of the portions of the Rules Plaintiffs purport to quote.

151.     Denies the allegations set forth in Paragraph 151 of the Second Amended Complaint.

152.     Denies the allegations set forth in Paragraph 152 of the Second Amended Complaint, except admits that minor league baseball players may play games at one or more levels, including Rookie, Short-Season A, Class-A, Advanced Class-A, Double-A, and Triple-A, after signing a Minor League Uniform Player Contract, and most do not play in Major League Baseball games.

153.     Denies the allegations set forth in Paragraph 153 of the Second Amended Complaint.

154.     Denies the allegations set forth in Paragraph 154 of the Second Amended Complaint, except admits that the Defendant does not operate certain minor league stadiums, but instead may enter into agreements, called "Player Development Contracts", with certain of its minor league affiliates.

155.     Denies the allegations set forth in Paragraph 155 of the Second Amended Complaint, except refers the Court to Major League Baseball Rule 56, attached to the Second Amended Complaint, for a full and accurate statement of the portion of the Rule Plaintiffs purport to quote.

156.     Denies the allegations set forth in Paragraph 156 of the Second Amended Complaint, except admits that the Defendant pays the salaries of minor league baseball players with a signed Uniform Player Contract in accordance with the terms of that contract.

157.     Denies the allegations set forth in Paragraph 157 of the Second Amended Complaint, except admits that the Defendant selects, employs and compensates managers, coaches, instructors and trainers who oversee the work and/or activities of and work with minor league baseball players during the minor league playing season and refers the Court to Major League Baseball Rule 56(g), attached to the Second Amended Complaint, for a full and accurate statement of the portion of the Rule Plaintiffs purport to quote.

158.     Denies the allegations set forth in Paragraph 158 of the Second Amended Complaint, except refers the Court to Major League Baseball Rule 56(g), attached to the Second Amended

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

1  Complaint, for a full and accurate statement of the requirements set forth in the portion of the Rule on

2  which Plaintiffs purport to rely.

3         **3.**      **As and to "The Illegal Minor League Salaries"**

4        159.    Denies the allegations set forth in Paragraph 159 of the Second Amended Complaint,

5  except denies knowledge or information sufficient to form a belief as to the truth of the allegations

6  concerning the "minor leaguer's strong desire to enter the industry."

7        160.    Denies the allegations set forth in Paragraph 160 of the Second Amended Complaint,

8  except denies knowledge or information to form a belief as to the truth of the allegations concerning the

9  2013 Miami Marlins Minor League Player Guide, and what Plaintiffs have been "informed and believe,"

10  and refers the Court to Major League Baseball Rule 3(c), attached to the Second Amended Complaint,

11  for a full and accurate statement of the requirements set forth in the portion of the Rule on which

12  Plaintiffs purport to rely.

13        161.    Denies knowledge or information sufficient to form a belief as to the truth of the

14  allegations set forth in Paragraph 161 of the Second Amended Complaint.

15        162.    Denies the allegations set forth in Paragraph 162 of the Second Amended Complaint,

16  except denies knowledge or information sufficient to form a belief as to the truth of the allegations

17  concerning Plaintiffs' purported belief.

18        163.    Denies the allegations set forth in Paragraph 163 of the Second Amended Complaint,

19  except admits that the Minor League Uniform Player Contract currently in effect permits different salary

20  amounts for different minor league players and refers the Court to Major League Baseball Rule

21  Attachment 3, attached to the Second Amended Complaint, for a full and accurate statement of the

22  language of the portion of the Attachment on which Plaintiffs purport to rely.

23        164.    Denies the allegations set forth in Paragraph 164 of the Second Amended Complaint,

24  except denies knowledge or information sufficient to form a belief as to the truth of the allegations

25  concerning Plaintiffs' purported belief and the allegation concerning the 2013 Miami Marlins Minor

26  League Player Guide.

27

28

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND
AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

165.     Denies the allegations set forth in Paragraph 165 of the Second Amended Complaint, except refers the Court to Major League Baseball Rule Attachment 3, attached to the Second Amended Complaint, for a full and accurate statement of the language of the portion of the Attachment which Plaintiffs purport to quote.

166.     Denies the allegations set forth in Paragraph 166 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' purported belief, and refers the Court to Major League Baseball Rule Attachment 3, attached to the Second Amended Complaint, for a full and accurate statement of the language of the portion of the Attachment on which Plaintiffs purport to rely.

167.     Denies the allegations set forth in Paragraph 167 of the Second Amended Complaint, except admits that spring training for minor league baseball players lasts around one month during March and refers the Court to Major League Baseball Rule Attachment 3, attached to the Second Amended Complaint, for a full and accurate statement of the portion of the Attachment on which Plaintiffs purport to rely.

168.     Denies the allegations set forth in Paragraph 168 of the Second Amended Complaint, except admits that certain minor league baseball players may participate in an "extended spring training" at the Club's spring training site, and refers the Court to Major League Baseball Rule Attachment 3, attached to the Second Amended Complaint, for a full and accurate statement of the portion of the Attachment on which Plaintiffs purport to rely.

169.     Denies the allegations set forth in Paragraph 169 of the Second Amended Complaint, except admits that certain minor league baseball players may participate in organized baseball activities for approximately one month at the conclusion of the championship season, and refers the Court to Major League Baseball Rule Attachment 3, attached to the Second Amended Complaint, for a full and accurate statement of the portion of the Attachment on which Plaintiffs purport to rely.

170.     Denies the allegations set forth in Paragraph 170 of the Second Amended Complaint, except refers the Court to Major League Baseball Rule Attachment 3, attached to the Second Amended

1  Complaint, for a full and accurate statement of the portion of the Attachment which Plaintiffs purport to

2  quote.

3       171.    Denies the allegations set forth in Paragraph 171 of the Second Amended Complaint,

4  except refers the Court to Major League Baseball Rule Attachment 3, attached to the Second Amended

5  Complaint, for a full and accurate statement of the portion of the Attachment on which Plaintiffs purport

6  to rely.

7       172.    The allegations set forth in Paragraph 172 of the Second Amended Complaint constitute

8  legal conclusions to which no response is required.  To the extent a response may be required,

9  Defendant denies the allegations.

10       **4.**    **As and to "The Long Hours Worked By Minor Leaguers"**

11       173.    Denies the allegations set forth in Paragraph 173 of the Second Amended Complaint, and

12  refers the Court to Major League Rule 32(b), attached to the Second Amended Complaint, for a full and

13  accurate statement concerning Minor League Schedules.

14       174.    Denies the allegations set forth in Paragraph 174 of the Second Amended Complaint,

15  except admits that minor league baseball players may participate in pregame activities.

16       175.    Denies the allegations set forth in Paragraph 175 of the Second Amended Complaint.

17       176.    The allegations set forth in Paragraph 176 of the Second Amended Complaint constitute

18  legal conclusions to which no response is required.  To the extent a response may be required,

19  Defendant denies the allegations.

20       177.    Denies the allegations set forth in Paragraph 177 of the Second Amended Complaint,

21  except admits that minor league baseball players play approximately half of their games away from their

22  home stadium.

23       178.    Denies knowledge or information sufficient to form a belief as to the truth of the

24  allegations set forth in Paragraph 178 of the Second Amended Complaint.

25       179.    The allegations set forth in Paragraph 179 of the Second Amended Complaint constitute

26  legal conclusions to which no response is required.  To the extent a response may be required,

27  Defendant denies the allegations.

28

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND
AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

180.     Denies the allegations set forth in Paragraph 180 of the Second Amended Complaint.

181.     Denies the allegations set forth in Paragraph 181 of the Second Amended Complaint.

182.     Denies the allegations set forth in Paragraph 182 of the Second Amended Complaint, except admits that spring training for minor league players usually lasts approximately four weeks, and the hours of training activities vary depending on whether games are played.

183.     Denies the allegations set forth in Paragraph 183 of the Second Amended Complaint, except refers the Court to Major League Baseball Rule Attachment 3, attached to the Second Amended Complaint, for a full and accurate statement of the portion of the Attachment on which Plaintiffs purport to rely.

184.     Denies the allegations set forth in Paragraph 184 of the Second Amended Complaint, except admits that minor league players may participate in organized baseball activities in the fall and pre-spring training minicamp.

185.     Denies the allegations set forth in Paragraph 185 of the Second Amended Complaint, except refers the Court to Major League Baseball Rule Attachment 3, attached to the Second Amended Complaint, for a full and accurate statement of the portion of the Attachment on which Plaintiffs purport to rely.

**5.      As and to the Allegations Concerning The Careers of the Class Representatives**

**5.1     As and to the Allegations Concerning Aaron Senne**

186.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 186 of the Second Amended Complaint.

187.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 187 of the Second Amended Complaint.

188.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 188 of the Second Amended Complaint.

189.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 189 of the Second Amended Complaint.

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND
AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

190.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 190 of the Second Amended Complaint.

191.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 191 of the Second Amended Complaint.

192.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 192 of the Second Amended Complaint.

193.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 193 of the Second Amended Complaint.

194.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 194 of the Second Amended Complaint.

195.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 195 of the Second Amended Complaint.

196.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 196 of the Second Amended Complaint.

197.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 197 of the Second Amended Complaint.

198.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 198 of the Second Amended Complaint.

199.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 199 of the Second Amended Complaint.

200.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 200 of the Second Amended Complaint.

### 5.2    As to the Allegations Concerning Michael Liberto

201.    Admits the allegations set forth in Paragraph 201 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Aaron Senne.

202.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 202 of the Second Amended Complaint, except admits that on June 10, 2010, Liberto executed a UPC with the Kansas City Royals, and that the UPC provided for, among other things, a $1,000 bonus.

203.   Denies the allegations set forth in Paragraph 203 of the Second Amended Complaint, except admits that Liberto executed a UPC with the Kansas City Royals; and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Liberto's contract negotiations.

204.   Admits the allegations set forth in Paragraph 204 of the Second Amended Complaint.

205.   Denies the allegations set forth in Paragraph 205 of the Second Amended Complaint, except admits that in 2010, Liberto played for the Royals' affiliates in Surprise, Arizona (Rookie ball); Burlington, Iowa (Single-A); Burlington, North Carolina (Short-Season A); and Idaho Falls, Idaho (Short-Season A).

206.   Denies the allegations set forth in Paragraph 206 of the Second Amended Complaint, except admits that in 2011, Liberto participated in extended spring training in Arizona, played for the Royals' affiliates in Kane County, Illinois (Class-A); Idaho Falls; and Wilmington, Delaware (Class-A); in 2012, Liberto played for the Royals' affiliates in Wilmington and Northwest Arkansas (Double-A); and on March 21, 2013, the Royals released Liberto.

207.   Denies the allegations set forth in Paragraph 207 of the Second Amended Complaint, except admits that according to Liberto's UPC, his monthly salary rate for the 2010 championship season was $1,100; and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Liberto's purported belief and allegations concerning Aaron Senne.

208.   Denies the allegations set forth in Paragraph 208 of the Second Amended Complaint, except admits that he was paid at all times in accordance with his UPC.

209.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 209 of the Second Amended Complaint, except admits that the UPC speaks for itself.  Denies the remainder of the allegations set forth in Paragraph 209

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

of the Second Amended Complaint, except admits that the Royals provide an off-season training manual to its players.

210.   Denies the allegations set forth in Paragraph 210 of the Second Amended Complaint, except admits that at all times he was paid in accordance with his UPC.

211.   Denies the allegations set forth in Paragraph 211 of the Second Amended Complaint, except admits that he participated in spring training in 2011, 2012 and 2013.

212.   Denies the allegations set forth in Paragraph 212 of the Second Amended Complaint, except admits that at all times he was paid in accordance with his UPC.

213.   Denies the allegations set forth in Paragraph 213 of the Second Amended Complaint.

**5.3   As and to the Allegations Concerning Oliver Odle**

214.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 214 of the Second Amended Complaint.

215.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 215 of the Second Amended Complaint.

216.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 216 of the Second Amended Complaint.

217.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 217 of the Second Amended Complaint.

218.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 218 of the Second Amended Complaint.

219.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 219 of the Second Amended Complaint.

220.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 220 of the Second Amended Complaint.

221.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 221 of the Second Amended Complaint.

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

222.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 222 of the Second Amended Complaint.

223.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 223 of the Second Amended Complaint.

224.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 224 of the Second Amended Complaint.

225.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 225 of the Second Amended Complaint.

226.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 226 of the Second Amended Complaint.

**5.4     As and to the Allegations Concerning Brad McAtee**

227.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 227 of the Second Amended Complaint.

228.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 228 of the Second Amended Complaint.

229.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 229 of the Second Amended Complaint.

230.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 230 of the Second Amended Complaint.

231.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 231 of the Second Amended Complaint.

232.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 232 of the Second Amended Complaint.

**5.5     As and to the Allegations Concerning Craig Bennigson**

233.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 233 of the Second Amended Complaint.

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

234.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 234 of the Second Amended Complaint.

235.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 235 of the Second Amended Complaint.

236.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 236 of the Second Amended Complaint.

237.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 237 of the Second Amended Complaint.

238.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 238 of the Second Amended Complaint.

239.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 239 of the Second Amended Complaint.

240.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 240 of the Second Amended Complaint.

### 5.6     As and to the Allegations Concerning Matt Lawson

241.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 241 of the Second Amended Complaint.

242.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 242 of the Second Amended Complaint.

243.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 243 of the Second Amended Complaint.

244.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 244 of the Second Amended Complaint.

245.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 245 of the Second Amended Complaint.

246.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 246 of the Second Amended Complaint.

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

247.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 247 of the Second Amended Complaint.

248.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 248 of the Second Amended Complaint.

249.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 249 of the Second Amended Complaint.

250.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 250 of the Second Amended Complaint.

251.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 251 of the Second Amended Complaint.

**5.7     As and to the Allegations Concerning Kyle Woodruff**

252.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 252 of the Second Amended Complaint.

253.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 253 of the Second Amended Complaint.

254.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 254 of the Second Amended Complaint.

255.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 255 of the Second Amended Complaint.

256.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 256 of the Second Amended Complaint.

257.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 257 of the Second Amended Complaint.

258.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 258 of the Second Amended Complaint.

259.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 259 of the Second Amended Complaint.

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

1

### 5.8   As to the Allegations Concerning Ryan Kiel

2

260.   Denies knowledge or information sufficient to form a belief as to the truth of the

3

allegations set forth in Paragraph 260 of the Second Amended Complaint.

4

261.   Denies knowledge or information sufficient to form a belief as to the truth of the

5

allegations set forth in Paragraph 261 of the Second Amended Complaint.

6

262.   Denies knowledge or information sufficient to form a belief as to the truth of the

7

allegations set forth in Paragraph 262 of the Second Amended Complaint.

8

263.   Denies knowledge or information sufficient to form a belief as to the truth of the

9

allegations set forth in Paragraph 263 of the Second Amended Complaint.

10

264.   Denies knowledge or information sufficient to form a belief as to the truth of the

11

allegations set forth in Paragraph 264 of the Second Amended Complaint.

12

265.   Denies knowledge or information sufficient to form a belief as to the truth of the

13

allegations set forth in Paragraph 265 of the Second Amended Complaint.

14

266.   Denies knowledge or information sufficient to form a belief as to the truth of the

15

allegations set forth in Paragraph 266 of the Second Amended Complaint.

16

267.   Denies knowledge or information sufficient to form a belief as to the truth of the

17

allegations set forth in Paragraph 267 of the Second Amended Complaint.

18

268.   Denies knowledge or information sufficient to form a belief as to the truth of the

19

allegations set forth in Paragraph 268 of the Second Amended Complaint.

20

### 5.9   As and to the Allegations Concerning Kyle Nicholson

21

269.   Denies knowledge or information sufficient to form a belief as to the truth of the

22

allegations set forth in Paragraph 269 of the Second Amended Complaint.

23

270.   Denies knowledge or information sufficient to form a belief as to the truth of the

24

allegations set forth in Paragraph 270 of the Second Amended Complaint.

25

271.   Denies knowledge or information sufficient to form a belief as to the truth of the

26

allegations set forth in Paragraph 271 of the Second Amended Complaint.

27

28

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND
AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

272.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 272 of the Second Amended Complaint.

273.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 273 of the Second Amended Complaint.

274.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 274 of the Second Amended Complaint.

275.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 275 of the Second Amended Complaint.

### 5.10   As and to the Allegations Concerning Brad Stone

276.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 276 of the Second Amended Complaint.

277.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 277 of the Second Amended Complaint.

278.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 278 of the Second Amended Complaint.

279.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 279 of the Second Amended Complaint.

280.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 280 of the Second Amended Complaint.

281.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 281 of the Second Amended Complaint.

282.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 282 of the Second Amended Complaint.

283.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 283 of the Second Amended Complaint.

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

1

### 5.11    As and to the Allegations Concerning Matt Daly

2    284.    Denies knowledge or information sufficient to form a belief as to the truth of the

3    allegations set forth in Paragraph 284 of the Second Amended Complaint.

4    285.    Denies knowledge or information sufficient to form a belief as to the truth of the

5    allegations set forth in Paragraph 285 of the Second Amended Complaint.

6    286.    Denies knowledge or information sufficient to form a belief as to the truth of the

7    allegations set forth in Paragraph 286 of the Second Amended Complaint.

8    287.    Denies knowledge or information sufficient to form a belief as to the truth of the

9    allegations set forth in Paragraph 287 of the Second Amended Complaint.

10    288.    Denies knowledge or information sufficient to form a belief as to the truth of the

11    allegations set forth in Paragraph 288 of the Second Amended Complaint.

12    289.    Denies knowledge or information sufficient to form a belief as to the truth of the

13    allegations set forth in Paragraph 289 of the Second Amended Complaint.

14    290.    Denies knowledge or information sufficient to form a belief as to the truth of the

15    allegations set forth in Paragraph 290 of the Second Amended Complaint.

16

### 5.12    As to the Allegations Concerning Aaron Meade

17    291.    Denies knowledge or information sufficient to form a belief as to the truth of the

18    allegations set forth in Paragraph 291 of the Second Amended Complaint.

19    292.    Denies knowledge or information sufficient to form a belief as to the truth of the

20    allegations set forth in Paragraph 292 of the Second Amended Complaint.

21    293.    Denies knowledge or information sufficient to form a belief as to the truth of the

22    allegations set forth in Paragraph 293 of the Second Amended Complaint.

23    294.    Denies knowledge or information sufficient to form a belief as to the truth of the

24    allegations set forth in Paragraph 294 of the Second Amended Complaint.

25    295.    Denies knowledge or information sufficient to form a belief as to the truth of the

26    allegations set forth in Paragraph 295 of the Second Amended Complaint.

27

28

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND
AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

296.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 296 of the Second Amended Complaint.

297.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 297 of the Second Amended Complaint.

### 5.13     As and to the Allegations Concerning Justin Murray

298.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 298 of the Second Amended Complaint.

299.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 299 of the Second Amended Complaint.

300.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 300 of the Second Amended Complaint.

301.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 301 of the Second Amended Complaint.

302.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 302 of the Second Amended Complaint.

303.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 303 of the Second Amended Complaint.

304.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 304 of the Second Amended Complaint.

305.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 305 of the Second Amended Complaint.

### 5.14     As and to the Allegations Concerning Jake Kahaulelio

306.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 306 of the Second Amended Complaint.

307.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 307 of the Second Amended Complaint.

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

308.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 308 of the Second Amended Complaint.

309.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 309 of the Second Amended Complaint.

310.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 310 of the Second Amended Complaint.

311.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 311 of the Second Amended Complaint.

312.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 312 of the Second Amended Complaint.

313.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 313 of the Second Amended Complaint.

### 5.15    As and to the Allegations Concerning Ryan Khoury

314.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 314 of the Second Amended Complaint.

315.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 315 of the Second Amended Complaint.

316.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 316 of the Second Amended Complaint.

317.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 317 of the Second Amended Complaint.

318.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 318 of the Second Amended Complaint.

319.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 319 of the Second Amended Complaint.

320.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 320 of the Second Amended Complaint.

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND
AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

321.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 321 of the Second Amended Complaint.

322.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 322 of the Second Amended Complaint.

323.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 323 of the Second Amended Complaint.

### 5.16    As and to the Allegations Concerning Dustin Pease

324.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 324 of the Second Amended Complaint.

325.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 325 of the Second Amended Complaint.

326.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 326 of the Second Amended Complaint.

327.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 327 of the Second Amended Complaint.

328.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 328 of the Second Amended Complaint.

329.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 329 of the Second Amended Complaint.

330.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 330 of the Second Amended Complaint.

331.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 331 of the Second Amended Complaint.

332.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 332 of the Second Amended Complaint.

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND
AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

1

### 5.17     As and to the Allegations Concerning Jeff Nadeau

2

333.     Denies knowledge or information sufficient to form a belief as to the truth of the

3

allegations set forth in Paragraph 333 of the Second Amended Complaint.

4

334.     Denies knowledge or information sufficient to form a belief as to the truth of the

5

allegations set forth in Paragraph 334 of the Second Amended Complaint.

6

335.     Denies knowledge or information sufficient to form a belief as to the truth of the

7

allegations set forth in Paragraph 335 of the Second Amended Complaint.

8

336.     Denies knowledge or information sufficient to form a belief as to the truth of the

9

allegations set forth in Paragraph 336 of the Second Amended Complaint.

10

337.     Denies knowledge or information sufficient to form a belief as to the truth of the

11

allegations set forth in Paragraph 337 of the Second Amended Complaint.

12

338.     Denies knowledge or information sufficient to form a belief as to the truth of the

13

allegations set forth in Paragraph 338 of the Second Amended Complaint.

14

339.     Denies knowledge or information sufficient to form a belief as to the truth of the

15

allegations set forth in Paragraph 339 of the Second Amended Complaint.

16

340.     Denies knowledge or information sufficient to form a belief as to the truth of the

17

allegations set forth in Paragraph 340 of the Second Amended Complaint.

18

### 5.18     As and to the Allegations Concerning Jon Gaston

19

341.     Denies knowledge or information sufficient to form a belief as to the truth of the

20

allegations set forth in Paragraph 341 of the Second Amended Complaint.

21

342.     Denies knowledge or information sufficient to form a belief as to the truth of the

22

allegations set forth in Paragraph 342 of the Second Amended Complaint.

23

343.     Denies knowledge or information sufficient to form a belief as to the truth of the

24

allegations set forth in Paragraph 343 of the Second Amended Complaint.

25

344.     Denies knowledge or information sufficient to form a belief as to the truth of the

26

allegations set forth in Paragraph 344 of the Second Amended Complaint.

27

28

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND
AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

345.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 345 of the Second Amended Complaint.

346.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 346 of the Second Amended Complaint.

347.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 347 of the Second Amended Complaint.

348.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 348 of the Second Amended Complaint.

### 5.19   As and to the Allegations Concerning Brandon Henderson

349.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 349 of the Second Amended Complaint.

350.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 350 of the Second Amended Complaint.

351.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 351 of the Second Amended Complaint.

352.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 352 of the Second Amended Complaint.

353.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 353 of the Second Amended Complaint.

354.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 354 of the Second Amended Complaint.

355.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 355 of the Second Amended Complaint.

### 5.20   As and to the Allegations Concerning Tim Pahuta

356.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 356 of the Second Amended Complaint.

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

357.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 357 of the Second Amended Complaint.

358.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 358 of the Second Amended Complaint.

359.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 359 of the Second Amended Complaint.

360.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 360 of the Second Amended Complaint.

361.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 361 of the Second Amended Complaint.

362.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 362 of the Second Amended Complaint.

363.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 363 of the Second Amended Complaint.

364.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 364 of the Second Amended Complaint.

### 5.21    As and to the Allegations Concerning Les Smith

365.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 365 of the Second Amended Complaint.

366.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 366 of the Second Amended Complaint.

367.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 367 of the Second Amended Complaint.

368.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 368 of the Second Amended Complaint.

369.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 369 of the Second Amended Complaint.

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

370.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 370 of the Second Amended Complaint.

371.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 371 of the Second Amended Complaint.

372.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 372 of the Second Amended Complaint.

### 5.22   As and to the Allegations Concerning Joseph Newby

373.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 373 of the Second Amended Complaint.

374.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 374 of the Second Amended Complaint.

375.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 375 of the Second Amended Complaint.

376.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 376 of the Second Amended Complaint.

377.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 377 of the Second Amended Complaint.

378.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 378 of the Second Amended Complaint.

379.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 379 of the Second Amended Complaint.

380.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 380 of the Second Amended Complaint.

381.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 381 of the Second Amended Complaint.

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

1

**5.23    As and to the Allegations Concerning Ryan Hutson**

2

382.    Denies knowledge or information sufficient to form a belief as to the truth of the

3

allegations set forth in Paragraph 382 of the Second Amended Complaint.

4

383.    Denies knowledge or information sufficient to form a belief as to the truth of the

5

allegations set forth in Paragraph 383 of the Second Amended Complaint.

6

384.    Denies knowledge or information sufficient to form a belief as to the truth of the

7

allegations set forth in Paragraph 384 of the Second Amended Complaint.

8

385.    Denies knowledge or information sufficient to form a belief as to the truth of the

9

allegations set forth in Paragraph 385 of the Second Amended Complaint.

10

386.    Denies knowledge or information sufficient to form a belief as to the truth of the

11

allegations set forth in Paragraph 386 of the Second Amended Complaint.

12

387.    Denies knowledge or information sufficient to form a belief as to the truth of the

13

allegations set forth in Paragraph 387 of the Second Amended Complaint.

14

**5.24    As and to the Allegations Concerning Matt Frevert**

15

388.    Denies knowledge or information sufficient to form a belief as to the truth of the

16

allegations set forth in Paragraph 388 of the Second Amended Complaint.

17

389.    Denies knowledge or information sufficient to form a belief as to the truth of the

18

allegations set forth in Paragraph 389 of the Second Amended Complaint.

19

390.    Denies knowledge or information sufficient to form a belief as to the truth of the

20

allegations set forth in Paragraph 390 of the Second Amended Complaint.

21

391.    Denies knowledge or information sufficient to form a belief as to the truth of the

22

allegations set forth in Paragraph 391 of the Second Amended Complaint.

23

392.    Denies knowledge or information sufficient to form a belief as to the truth of the

24

allegations set forth in Paragraph 392 of the Second Amended Complaint.

25

393.    Denies knowledge or information sufficient to form a belief as to the truth of the

26

allegations set forth in Paragraph 393 of the Second Amended Complaint.

27

28

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND
AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

394.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 394 of the Second Amended Complaint.

395.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 395 of the Second Amended Complaint.

396.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 396 of the Second Amended Complaint.

**5.25    As and to the Allegations Concerning Roberto Ortiz**

397.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 397 of the Second Amended Complaint.

398.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 398 of the Second Amended Complaint.

399.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 399 of the Second Amended Complaint.

400.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 400 of the Second Amended Complaint.

401.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 401 of the Second Amended Complaint.

402.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 402 of the Second Amended Complaint.

403.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 403 of the Second Amended Complaint.

404.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 404 of the Second Amended Complaint.

405.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 405 of the Second Amended Complaint.

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

1

### 5.26    As and to the Allegations Concerning Witer Jimenez

2    406.    Denies knowledge or information sufficient to form a belief as to the truth of the
3    allegations set forth in Paragraph 406 of the Second Amended Complaint.

4    407.    Denies knowledge or information sufficient to form a belief as to the truth of the
5    allegations set forth in Paragraph 407 of the Second Amended Complaint.

6    408.    Denies knowledge or information sufficient to form a belief as to the truth of the
7    allegations set forth in Paragraph 408 of the Second Amended Complaint.

8    409.    Denies knowledge or information sufficient to form a belief as to the truth of the
9    allegations set forth in Paragraph 409 of the Second Amended Complaint.

10    410.    Denies knowledge or information sufficient to form a belief as to the truth of the
11    allegations set forth in Paragraph 410 of the Second Amended Complaint.

12    411.    Denies knowledge or information sufficient to form a belief as to the truth of the
13    allegations set forth in Paragraph 411 of the Second Amended Complaint.

14    412.    Denies knowledge or information sufficient to form a belief as to the truth of the
15    allegations set forth in Paragraph 412 of the Second Amended Complaint.

16    413.    Denies knowledge or information sufficient to form a belief as to the truth of the
17    allegations set forth in Paragraph 413 of the Second Amended Complaint.

18

### 5.27    As and to the Allegations Concerning Kris Watts

19    414.    Denies knowledge or information sufficient to form a belief as to the truth of the
20    allegations set forth in Paragraph 414 of the Second Amended Complaint.

21    415.    Denies knowledge or information sufficient to form a belief as to the truth of the
22    allegations set forth in Paragraph 415 of the Second Amended Complaint.

23    416.    Denies knowledge or information sufficient to form a belief as to the truth of the
24    allegations set forth in Paragraph 416 of the Second Amended Complaint.

25    417.    Denies knowledge or information sufficient to form a belief as to the truth of the
26    allegations set forth in Paragraph 417 of the Second Amended Complaint.

27

28

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND
AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

418.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 418 of the Second Amended Complaint.

419.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 419 of the Second Amended Complaint.

420.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 420 of the Second Amended Complaint.

421.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 421 of the Second Amended Complaint.

422.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 422 of the Second Amended Complaint.

### 5.28    As and to the Allegations Concerning Mitch Hilligoss

423.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 423 of the Second Amended Complaint.

424.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 424 of the Second Amended Complaint.

425.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 425 of the Second Amended Complaint.

426.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 426 of the Second Amended Complaint.

427.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 427 of the Second Amended Complaint.

428.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 428 of the Second Amended Complaint.

429.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 429 of the Second Amended Complaint.

430.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 430 of the Second Amended Complaint.

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

431.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 431 of the Second Amended Complaint.

432.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 432 of the Second Amended Complaint.

**5.29    As and to the Allegations Concerning Matt Gorgen**

433.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 433 of the Second Amended Complaint.

434.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 434 of the Second Amended Complaint.

435.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 435 of the Second Amended Complaint.

436.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 436 of the Second Amended Complaint.

437.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 437 of the Second Amended Complaint.

438.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 438 of the Second Amended Complaint.

439.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 439 of the Second Amended Complaint.

440.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 440 of the Second Amended Complaint.

441.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 441 of the Second Amended Complaint.

**5.30    As and to the Allegations Concerning Brett Newsome**

442.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 442 of the Second Amended Complaint.

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND
AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

443.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 443 of the Second Amended Complaint.

444.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 444 of the Second Amended Complaint.

445.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 445 of the Second Amended Complaint.

446.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 446 of the Second Amended Complaint.

447.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 447 of the Second Amended Complaint.

448.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 448 of the Second Amended Complaint.

449.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 449 of the Second Amended Complaint.

### 5.31    As and to the Allegations Concerning Jake Opitz

450.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 450 of the Second Amended Complaint.

451.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 451 of the Second Amended Complaint.

452.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 452 of the Second Amended Complaint.

453.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 453 of the Second Amended Complaint.

454.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 454 of the Second Amended Complaint.

455.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 455 of the Second Amended Complaint.

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

456.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 456 of the Second Amended Complaint.

457.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 457 of the Second Amended Complaint.

458.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 458 of the Second Amended Complaint.

### 5.32    As and to the Allegations Concerning Daniel Britt

459.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 459 of the Second Amended Complaint.

460.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 460 of the Second Amended Complaint.

461.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 461 of the Second Amended Complaint.

462.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 462 of the Second Amended Complaint.

463.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 463 of the Second Amended Complaint.

464.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 464 of the Second Amended Complaint.

465.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 465 of the Second Amended Complaint.

466.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 466 of the Second Amended Complaint.

## VII.  AS AND TO THE ALLEGATIONS CONCERNING FEDERAL WAGE AND HOUR VIOLATIONS

### As and to the Allegations Concerning Count 1:  FLSA Minimum Wage and Overtime Violations

(Plaintiffs and the Minor League Collective Against All Defendants)

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

467.     Repeats and re-alleges each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

468.     Denies the allegations set forth in Paragraph 468 of the Second Amended Complaint.

469.     Denies the allegations set forth in Paragraph 469 of the Second Amended Complaint.

470.     Denies the allegations set forth in Paragraph 470 of the Second Amended Complaint.

471.     Denies the allegations set forth in Paragraph 471 of the Second Amended Complaint.

472.     Denies the allegations set forth in Paragraph 472 of the Second Amended Complaint.

473.     Denies the allegations set forth in Paragraph 473 of the Second Amended Complaint.

474.     Denies the allegations set forth in Paragraph 474 of the Second Amended Complaint.

475.     Denies the allegations set forth in Paragraph 475 of the Second Amended Complaint.

476.     Denies the allegations set forth in Paragraph 476 of the Second Amended Complaint.

**As and to the Allegations Concerning Count 2:  FLSA Recordkeeping Requirements**

(Plaintiffs and the Minor League Collective Against All Defendants)

477.     Repeats and re-alleges each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

478.     Denies the allegations set forth in Paragraph 478 of the Second Amended Complaint.

479.     Denies the allegations set forth in Paragraph 479 of the Second Amended Complaint.

## VIII.  <u>AS AND TO THE ALLEGATIONS CONCERNING STATE WAGE AND HOUR</u> <u>VIOLATIONS</u>

480.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 480 of the Second Amended Complaint, except admits that Plaintiffs purport to "recover for all minor league work performed by the Proposed Classes, including (but not limited to) winter off-season work" pursuant to the statutes and legal theories cited therein.

481.     Denies the allegations set forth in Paragraph 481 of the Second Amended Complaint, except refers the Court to the *Baseball America* database referenced in Footnote 68 of the Second Amended Complaint for a full and accurate presentation of the information Plaintiffs purported to cite,

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

1    and admits that certain Defendant Clubs employed and continue to employ minor league baseball

2    players in each of the states and during the relevant time periods referenced in the paragraph.

3                **As and to the Allegations Concerning Count 3:  California Minimum Wage Violations**

4                   (The California Class Representatives and the California Class Against All Defendants)

5        482.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of

6    this Answer with same force and effect as if fully set forth herein.

7        483.    The allegations set forth in Paragraph 483 of the Second Amended Complaint constitute

8    legal conclusions to which no response is required.   To the extent a response may be required,

9    Defendant denies the allegations.

10        484.    Denies the allegations set forth in Paragraph 484 of the Second Amended Complaint.

11        485.    Denies the allegations set forth in Paragraph 485 of the Second Amended Complaint.

12        486.    Denies the allegations set forth in Paragraph 486 of the Second Amended Complaint.

13                **As and to the Allegations Concerning Count 4:  California Unpaid Overtime Violations**

14                   (The California Class Representatives and the California Class Against All Defendants)

15        487.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of

16    this Answer with same force and effect as if fully set forth herein.

17        488.    The allegations set forth in Paragraph 488 of the Second Amended Complaint constitute

18    legal conclusions to which no response is required.   To the extent a response may be required,

19    Defendant denies the allegations.

20        489.    Denies the allegations set forth in Paragraph 489 of the Second Amended Complaint.

21        490.    Denies the allegations set forth in Paragraph 490 of the Second Amended Complaint.

22        491.    Denies the allegations set forth in Paragraph 491 of the Second Amended Complaint.

23        492.    Denies the allegations set forth in Paragraph 492 of the Second Amended Complaint.

24        493.    Denies the allegations set forth in Paragraph 493 of the Second Amended Complaint.

25        **As and to the Allegations Concerning Count 5:  Violation of California "Payday" Requirements**

26                   (The California Class Representatives and the California Class Against All Defendants)

27

28

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND
AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

1    494.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of

2    this Answer with same force and effect as if fully set forth herein.

3    495.    The allegations set forth in Paragraph 495 of the Second Amended Complaint constitute

4    legal conclusions to which no response is required.   To the extent a response may be required,

5    Defendant denies the allegations.

6    496.    Denies the allegations set forth in Paragraph 496 of the Second Amended Complaint.

7    497.    Denies the allegations set forth in Paragraph 497 of the Second Amended Complaint.

8    **As and to the Allegations Concerning Count 6:  California Waiting Time Penalties**

9    (The California Class Representatives and the California Waiting Time Subclass Against All

10    Defendants)

11    498.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of

12    this Answer with same force and effect as if fully set forth herein.

13    499.    The allegations set forth in Paragraph 499 of the Second Amended Complaint constitute

14    legal conclusions to which no response is required.   To the extent a response may be required,

15    Defendant denies the allegations.

16    500.    Denies the allegations set forth in Paragraph 500 of the Second Amended Complaint.

17    501.    Denies the allegations set forth in Paragraph 501 of the Second Amended Complaint.

18    **As and to the Allegations Concerning Count 7:  California Itemized Wage Statement Violations**

19    (The California Class Representatives and the California Class Against All Defendants)

20    502.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of

21    this Answer with same force and effect as if fully set forth herein.

22    503.    The allegations set forth in Paragraph 503 of the Second Amended Complaint constitute

23    legal conclusions to which no response is required.   To the extent a response may be required,

24    Defendant denies the allegations.

25    504.    The allegations set forth in Paragraph 504 of the Second Amended Complaint constitute

26    legal conclusions to which no response is required.   To the extent a response may be required,

27    Defendant denies the allegations.

28

- 51 -

1    505.    Denies the allegations set forth in Paragraph 505 of the Second Amended Complaint.

2    **As and to the Allegations Concerning Count 8:  Unfair Business Practices Under California Law**

3    (The California Class Representatives and the California Class Against All Defendants)

4    506.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of

5    this Answer with same force and effect as if fully set forth herein.

6    507.    Denies the allegations set forth in Paragraph 507 of the Second Amended Complaint,

7    except admits that "California Class Representatives" (as defined therein) purport to bring this cause of

8    action under the statutes and legal theories cited therein.

9    508.    The allegations set forth in Paragraph 508 of the Second Amended Complaint constitute

10   legal conclusions to which no response is required.   To the extent a response may be required,

11   Defendant denies the allegations.

12   509.    Denies the allegations set forth in Paragraph 509 of the Second Amended Complaint.

13   **As and to the Allegations Concerning Count 9: Recovery under California's Private Attorney**

14   **General Act**

15   (Craig Bennigson and All Those Similarly Situated Against All Defendants)

16   510.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of

17   this Answer with same force and effect as if fully set forth herein.

18   511.    Denies the allegations set forth in Paragraph 511 of the Second Amended Complaint.

19   512.    Denies the allegations set forth in Paragraph 512 of the Second Amended Complaint,

20   except admits that Mr. Bennigson purports to bring this cause of action "on behalf of himself and other

21   current and former employees of the Defendants" under the statutes and legal theories cited therein.

22   513.    Denies the allegations set forth in Paragraph 513 of the Second Amended Complaint,

23   except admits that Plaintiffs allege that notice was sent and that the notice speaks for itself; and denies

24   knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether

25   Plaintiffs received written notification by the LWDA.

26   **As and to the Allegations Concerning Count 10: Quantum Meruit Under California Common Law**

27   (The California Class Representatives and the California Class Against All Defendants)

28

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND
AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

514.     Repeats and re-alleges each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

515.     The allegations set forth in Paragraph 515 of the Second Amended Complaint constitute legal conclusions to which no response is required.   To the extent a response may be required, Defendant denies the allegations.

516.     Denies the allegations set forth in Paragraph 516 of the Second Amended Complaint, except admits that certain Defendant Clubs employed and continue to employ minor league baseball players who performed or currently perform services in California.

517.     Denies the allegations set forth in Paragraph 517 of the Second Amended Complaint, except admits that certain Defendant Clubs employed and continue to employ minor league baseball players who performed or currently perform services in California.

518.     Denies the allegations set forth in Paragraph 518 of the Second Amended Complaint.

519.     The allegations set forth in Paragraph 519 of the Second Amended Complaint constitute legal conclusions to which no response is required.   To the extent a response may be required, Defendant denies the allegations.

**As and to the Allegations Concerning Count 11:  Florida Minimum Wage Law Violations**

(The Florida Class Representatives and the Florida Class Against All Defendants)

520.     Repeats and re-alleges each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

521.     The allegations set forth in Paragraph 521 of the Second Amended Complaint constitute legal conclusions to which no response is required.   To the extent a response may be required, Defendant denies the allegations.

522.     Denies the allegations set forth in Paragraph 522 of the Second Amended Complaint.

523.     Denies the allegations set forth in Paragraph 523 of the Second Amended Complaint, except admits that Plaintiffs allege that notice was sent and that the notice speaks for itself.

524.     Denies the allegations set forth in Paragraph 524 of the Second Amended Complaint.

525.     Denies the allegations set forth in Paragraph 525 of the Second Amended Complaint.

526.    The allegations set forth in Paragraph 526 of the Second Amended Complaint constitute legal conclusions to which no response is required.   To the extent a response may be required, Defendant denies the allegations.

**As and to the Allegations Concerning Count 12:  Quantum Meruit Under Florida Common Law**

(The Florida Class Representatives and the Florida Class Against All Defendants)

527.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

528.    Denies the allegations set forth in Paragraph 528 of the Second Amended Complaint.

529.    Denies the allegations set forth in Paragraph 529 of the Second Amended Complaint, except admits that "much of [the alleged] work occurred and continues to occur in Florida."

530.    Denies the allegations set forth in Paragraph 530 of the Second Amended Complaint.

531.    Denies the allegations set forth in Paragraph 531 of the Second Amended Complaint.

532.    The allegations set forth in Paragraph 532 of the Second Amended Complaint constitute legal conclusions to which no response is required.   To the extent a response may be required, Defendant denies the allegations.

**As and to the Allegations Concerning Count 13:  Arizona Minimum Wage and Wage Law Violations**

(The Arizona Class Representatives and the Arizona Class Against All Defendants)

533.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

534.    The allegations set forth in Paragraph 534 of the Second Amended Complaint constitute legal conclusions to which no response is required.   To the extent a response may be required, Defendant denies the allegations.

535.    Denies the allegations set forth in Paragraph 535 of the Second Amended Complaint.

536.    Denies the allegations set forth in Paragraph 536 of the Second Amended Complaint.

537.    Denies the allegations set forth in Paragraph 537 of the Second Amended Complaint.

538.    Denies the allegations set forth in Paragraph 538 of the Second Amended Complaint.

- 54 -

1

**As and to the Allegations Concerning Count 14:  Arizona Recordkeeping Requirements**

2

(The Arizona Class Representatives and the Arizona Class Against All Defendants)

3

539.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of

4

this Answer with same force and effect as if fully set forth herein.

5

540.    Denies the allegations set forth in Paragraph 540 of the Second Amended Complaint.

6

541.    Denies the allegations set forth in Paragraph 541 of the Second Amended Complaint.

7

**As and to the Allegations Concerning Count 15:  Quantum Meruit Under Arizona Common Law**

8

(The Arizona Class Representatives and the Arizona Class Against All Defendants)

9

542.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of

10

this Answer with same force and effect as if fully set forth herein.

11

543.    The allegations set forth in Paragraph 543 of the Second Amended Complaint constitute

12

legal conclusions to which no response is required.   To the extent a response may be required,

13

Defendant denies the allegations.

14

544.    Denies the allegations set forth in Paragraph 544 of the Second Amended Complaint.

15

545.    Denies the allegations set forth in Paragraph 545 of the Second Amended Complaint.

16

546.    Denies the allegations set forth in Paragraph 546 of the Second Amended Complaint.

17

547.    The allegations set forth in Paragraph 547 of the Second Amended Complaint constitute

18

legal conclusions to which no response is required.   To the extent a response may be required,

19

Defendant denies the allegations.

20

**As and to the Allegations Concerning Count 16:  North Carolina Minimum Wage Violations**

21

(The North Carolina Class Representatives and the North Carolina Class Against All Defendants)

22

548.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of

23

this Answer with same force and effect as if fully set forth herein.

24

549.    The allegations set forth in Paragraph 549 of the Second Amended Complaint constitute

25

legal conclusions to which no response is required.   To the extent a response may be required,

26

Defendant denies the allegations.

27

28

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND
AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

550.     The allegations set forth in Paragraph 550 of the Second Amended Complaint constitute legal conclusions to which no response is required.   To the extent a response may be required, Defendant denies the allegations.

551.     Denies the allegations set forth in Paragraph 551 of the Second Amended Complaint.

552.     Denies the allegations set forth in Paragraph 552 of the Second Amended Complaint.

553.     Denies the allegations set forth in Paragraph 553 of the Second Amended Complaint.

**As and to the Allegations Concerning Count 17:  North Carolina Overtime Violations**

(The North Carolina Class Representatives and the North Carolina Class Against All Defendants)

554.     Repeats and re-alleges each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

555.     The allegations set forth in Paragraph 555 of the Second Amended Complaint constitute legal conclusions to which no response is required.   To the extent a response may be required, Defendant denies the allegations.

556.     The allegations set forth in Paragraph 556 of the Second Amended Complaint constitute legal conclusions to which no response is required.   To the extent a response may be required, Defendant denies the allegations.

557.     The allegations set forth in Paragraph 557 of the Second Amended Complaint constitute legal conclusions to which no response is required.   To the extent a response may be required, Defendant denies the allegations.

558.     Denies the allegations set forth in Paragraph 558 of the Second Amended Complaint.

559.     Denies the allegations set forth in Paragraph 559 of the Second Amended Complaint.

**As and to the Allegations Concerning Count 18:  Quantum Meruit Under North Carolina Common Law**

(The North Carolina Class Representatives and the North Carolina Class Against All Defendants)

560.     Repeats and re-alleges each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

561.   The allegations set forth in Paragraph 561 of the Second Amended Complaint constitute legal conclusions to which no response is required.   To the extent a response may be required, Defendant denies the allegations.

562.   Denies the allegations set forth in Paragraph 562 of the Second Amended Complaint, except admits that certain Defendant Clubs employed and continue to employ minor league baseball players in North Carolina.

563.   Denies the allegations set forth in Paragraph 563 of the Second Amended Complaint.

564.   Denies the allegations set forth in Paragraph 564 of the Second Amended Complaint.

565.   Denies the allegations set forth in Paragraph 565 of the Second Amended Complaint.

**As and to the Allegations Concerning Count 19:  New York Minimum Wage Violations**

(The New York Class Representatives and the New York Class Against All Defendants)

566.   Repeats and re-alleges each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

567.   Denies the allegations set forth in Paragraph 567 of the Second Amended Complaint.

568.   Denies the allegations set forth in Paragraph 568 of the Second Amended Complaint.

569.   Denies the allegations set forth in Paragraph 569 of the Second Amended Complaint.

570.   The allegations set forth in Paragraph 570 of the Second Amended Complaint constitute legal conclusions to which no response is required.   To the extent a response may be required, Defendant denies the allegations.

**As and to the Allegations Concerning Count 20:  New York Overtime Violations**

(The New York Class Representatives and the New York Class Against All Defendants)

571.   Repeats and re-alleges each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

572.   The allegations set forth in Paragraph 572 of the Second Amended Complaint constitute legal conclusions to which no response is required.   To the extent a response may be required, Defendant denies the allegations.

573.   Denies the allegations set forth in Paragraph 573 of the Second Amended Complaint.

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

574.     Denies the allegations set forth in Paragraph 574 of the Second Amended Complaint.

575.     Denies the allegations set forth in Paragraph 575 of the Second Amended Complaint.

**As and to the Allegations Concerning Count 21:  New York Wage Statement Violations**

(The New York Class Representatives and the New York Class Against All Defendants)

576.     Repeats and re-alleges each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

577.     The allegations set forth in Paragraph 577 of the Second Amended Complaint constitute legal conclusions to which no response is required.   To the extent a response may be required, Defendant denies the allegations.

578.     The allegations set forth in Paragraph 578 of the Second Amended Complaint constitute legal conclusions to which no response is required.   To the extent a response may be required, Defendant denies the allegations.

579.     Denies the allegations set forth in Paragraph 579 of the Second Amended Complaint.

**As and to the Allegations Concerning Count 22:  Quantum Meruit Under New York Common Law**

(The New York Class Representatives and the New York Class Against All Defendants)

580.     Repeats and re-alleges each and every response set forth in all preceding paragraphs of this Answer with same force and effect as if fully set forth herein.

581.     The allegations set forth in Paragraph 581 of the Second Amended Complaint constitute legal conclusions to which no response is required.   To the extent a response may be required, Defendant denies the allegations.

582.     Denies the allegations set forth in Paragraph 582 of the Second Amended Complaint.

583.     Denies the allegations set forth in Paragraph 583 of the Second Amended Complaint.

584.     Denies the allegations set forth in Paragraph 584 of the Second Amended Complaint.

585.     The allegations set forth in Paragraph 585 of the Second Amended Complaint constitute legal conclusions to which no response is required.   To the extent a response may be required, Defendant denies the allegations.

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND
AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

### IX.  **AS AND TO THE ALLEGATIONS CONCERNING THE PRAYER FOR RELIEF**

586.    Denies the allegations set forth in the WHEREFORE clause of the Second Amended Complaint, and further denies that Plaintiffs and/or the purported members of the Minor League Collective, California Class, California Waiting Time Subclass, Florida Class, Arizona Class, North Carolina Class, and/or New York Class are entitled to any of the relief demanded therein or any relief whatsoever.

587.    Denies each and every allegation in the Second Amended Complaint not specifically admitted herein.

### AFFIRMATIVE OR OTHER DEFENSES

In further answer to the Second Amended Complaint, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Kansas City Royals Baseball Corp. (hereinafter "Defendant") states as follows for its affirmative and other defenses, without admitting thereby that it necessarily bears the burden of proof on any such defense.

### FIRST AFFIRMATIVE OR OTHER DEFENSE

#### (Failure to State a Claim)

1.    The Second Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted or for which the relief sought can be awarded.

### SECOND AFFIRMATIVE OR OTHER DEFENSE

#### (Improper Venue/Forum Non Conveniens)

2.    Venue is improper or unduly inconvenient and, in the interest of judicial economy and convenience of the parties, this case should be transferred to a more convenient forum.

### THIRD AFFIRMATIVE OR OTHER DEFENSE

#### (Arbitration)

3.    Plaintiffs' and/or the putative members of the collective or classes' claims must be arbitrated pursuant to Article XX.B. of their executed Uniform Player Contracts (an example of which was attached to the Second Amended Complaint at Exhibit A, Major League Rules, Attachment 3). This action should be stayed and/or dismissed and Plaintiffs and/or the putative members of the

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

collective or classes should be compelled to arbitrate pursuant to 9 U.S.C. § 1 *et seq.* and other applicable federal or state laws.

## FOURTH AFFIRMATIVE OR OTHER DEFENSE

(No Basis for Collective Action Claims)

4.       The types of claims alleged by Plaintiffs provide no basis for the Court to certify a collective of persons "similarly situated" to any or all of the Plaintiffs and, therefore, this action may not be maintained as a collective action pursuant to Section 216(b) of the FLSA.

## FIFTH AFFIRMATIVE OR OTHER DEFENSE

(No Basis for Class Action Claims)

5.       The types of claims alleged by Plaintiffs are inherently individualized and Plaintiffs cannot establish the requirements for certification of the putative class actions under Federal Rule of Civil Procedure 23.

## SIXTH AFFIRMATIVE OR OTHER DEFENSE

(Failure To State Facts Warranting Class and/or Collective Certification
And Damages Or Any Other Representative Action)

6.       Plaintiffs' allegations that this action should be certified as several classes and/or collective actions or should continue as a representative action are barred by their failure to allege facts sufficient to warrant class and/or collective action certification and/or an award of class damages, pursuant to Federal Rule of Civil Procedure 23 and/or Section 216(b) of the FLSA.  Plaintiffs likewise failed to set forth any facts supporting any other form of representative action.

## SEVENTH AFFIRMATIVE OR OTHER DEFENSE

(Failure To State Facts Warranting A Predominance Of
Common Questions Of Fact And Law)

7.       The Second Amended Complaint, and each cause of action alleged therein, fails to the extent that Plaintiffs have not alleged a predominance of common questions of fact and law, as required under Federal Rule of Civil Procedure 23.

- 60 -

## EIGHTH AFFIRMATIVE OR OTHER DEFENSE

### (FLSA Exemptions)

8.    Plaintiffs' claims and those of certain putative collective members under the FLSA are barred by the exemptions afforded to, including without limitation, seasonal, amusement or recreational establishments and those employed in a "bona fide professional capacity."  *See* 29 U.S.C. §§ 213(a)(1),(3).

## NINTH AFFIRMATIVE OR OTHER DEFENSE

### (Florida Minimum Wage Law Exemption)

9.    Plaintiffs' claims and those of certain putative class members under Florida state law are barred by the FLSA exemptions afforded to, including without limitation, seasonal amusement or recreational establishments and those employed in a "bona fide professional capacity."  *See* Fla. Stat. § 448.110(3).

## TENTH AFFIRMATIVE OR OTHER DEFENSE

### (Exemption from North Carolina Wage and Hour Act Claims)

10.    Plaintiffs' claims and those of certain putative class members under North Carolina state law are barred by the exemptions afforded to, including without limitation, seasonal amusement or recreational establishments.  *See* N.C. Gen. Stat. §§ 95-25.3(e); 95-25.4(a).  In the alternative, Plaintiffs' claims under the North Carolina Wage and Hour Act are preempted by the FLSA.  *See* N.C. Gen. Stat. 95-25.14(a) (1).

## ELEVENTH AFFIRMATIVE OR OTHER DEFENSE

### (Exemption from New York Labor Law Claims)

11.    Plaintiffs' claims and those of certain putative class members under  New York Labor Law are barred by the exemptions afforded to, including without limitation, those "employed or permitted to work…in a bona fide…professional capacity."  *See* N.Y. Lab. Law § 651.

## TWELFTH AFFIRMATIVE OR OTHER DEFENSE

### (Failure to Exhaust Administrative Remedies)

12.     Plaintiffs' claims and those of certain putative class members are barred by the failure to exhaust internal and/or administrative remedies, including, but not limited to, the notice requirements of California's Private Attorney General Act, as the notice attached to the Second Amended Complaint as Exhibit C failed to properly identify the defendant employers, describe the underlying facts and theories in support of a violation under the California Labor Code.  *See* Cal. Lab. Code § 2699.

## THIRTEENTH AFFIRMATIVE OR OTHER DEFENSE

### (Exemption from Overtime under the California Labor Code)

13.     Plaintiffs' claims and those of certain putative class members under California state law are barred by the exemptions afforded to, including without limitation, professional employees under California Labor Code § 515.

## FOURTEENTH AFFIRMATIVE OR OTHER DEFENSE

### (No Private Right of Action)

14.     Plaintiffs and the putative class members lack standing and thus are not entitled to recover any civil penalties directly under Section 210 of the California Labor Code, which shall only be recoverable by the California Labor Commissioner, and any such recovery would be unjust, arbitrary, oppressive and confiscatory.

## FIFTEENTH AFFIRMATIVE OR OTHER DEFENSE

### (Penalties Unjust, Arbitrary, and Oppressive or Confiscatory)

15.     The penalties claimed by Plaintiff Craig Bennigson, on behalf of himself and other current and former employees of the Defendant alleging California Labor Code violations under California's Private Attorney General Act, pursuant to the Labor Code Sections 2699(e)(1) and (e)(2), are unjust, arbitrary, and oppressive or confiscatory and thus, should be reduced upon any finding of liability on the part of the Defendant.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SIXTEENTH AFFIRMATIVE OR OTHER DEFENSE

(Private Attorneys General Act)

16.     Plaintiffs' representative causes of action under California Labor Code § 2698 *et seq.* (the Private Attorneys General Act) violate Defendant's constitutional rights under both the United States and California Constitutions.

## SEVENTEENTH AFFIRMATIVE OR OTHER DEFENSE

(No Injunctive Relief)

17.     Plaintiffs' and/or the putative class members' claims for injunctive relief are barred because Plaintiffs cannot make the requisite showing to obtain injunctive relief in a labor dispute under California Labor Code §§ 1138.1 *et seq.* and/or California Business & Professions Code §§ 17203-04.

## EIGHTEENTH AFFIRMATIVE OR OTHER DEFENSE

(Equitable Set Off)

18.     To the extent that a court holds that Plaintiffs are entitled to equitable relief for unpaid wages, which Defendant denies, Defendant is entitled, as a matter of equity, to set off for wages provided to or amounts paid to Plaintiffs to which Plaintiffs were not entitled to under law.

## NINETEENTH AFFIRMATIVE OR OTHER DEFENSE

(Improper Unfair Competition Law Representative Action)

19.     The Cause of Action for violations of California Business and Professions Code § 17200 *et seq,* is barred under Proposition 64 as an improper representative action to the extent Plaintiffs are attempting to bring claims on behalf of others without meeting all class action procedural requirements.

## TWENTIETH AFFIRMATIVE OR OTHER DEFENSE

(Safe Harbor Defense)

20.     Plaintiffs are barred from recovering under the Second Amended Complaint, and in particular under Count 8 alleged therein, in whole or in part, under the "safe harbor defense," which precludes Plaintiffs from stating a claim through California Business and Professions Code § 17200 *et seq.* when such a claim would be barred under other principles of law.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### TWENTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

(Action Unconstitutional)

21.    Plaintiffs' purported claim for violation of California Business and Professions Code § 17200 *et seq.* is barred under the facts and circumstances of this case because provisions of Section 17200 violate the provisions of the United States and California Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

### TWENTY-SECOND AFFIRMATIVE OR OTHER DEFENSE

(No Unfair Practices)

22.    Plaintiffs' Second Amended Complaint, and each claim contained therein, is barred because Defendant's challenged conduct was not "unfair" under California Business and Professions Code § 17200 *et seq.*

### TWENTY-THIRD AFFIRMATIVE OR OTHER DEFENSE

(Lack of Standing under California Unfair Competition Law)

23.    Plaintiffs' Second Amended Complaint, and each claim contained therein, is barred because Plaintiffs did not suffer the injury in fact and lose money or property as a result of Defendant's challenged conduct.

### TWENTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE

(Not "Hours Worked")

24.    Some or all of the certain hours claimed by Plaintiffs and the putative members of the collective or classes are not "hours worked" within the meaning of applicable federal and state laws and/or written administrative regulations, orders, rulings, guidance and/or interpretations, in that Plaintiffs and the putative members of the collective or classes were not performing labor for the benefit of Defendant during those times (including, but not limited to, certain training, travel and commuting time), such that minimum wage and overtime compensation need not be paid for those hours. *See, e.g.,* 29 U.S.C. § 254.

- 64 -

1

**TWENTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE**

2

(Statute of Limitations)

3       25.     Subject to proof through discovery, some or all of Plaintiffs' claims and those of the

4   putative members of the collective or classes are barred, in whole or in part, by the applicable statute(s)

5   of limitations, including without limitation, the willfulness provision of the FLSA.  *See* 29 U.S.C. § 255;

6   Ariz. Rev. Stat. § 23-364; Cal. Code Civ. Proc. §§ 338, 340(a); Cal. Labor Code § 203; California

7   Business and Professions Code § 17208; Fla. Stat. §§ 95.11, 448.110; N.C. Gen. Stat. § 95-25.22(f);

8   New York Labor Law §§ 663(3), 198(3).

9

**TWENTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE**

10

(Good Faith/Liquidated Damages)

11      26.     If Defendant is found to have failed to pay Plaintiffs and/or any putative member of the

12  collective or classes, as alleged in the Second Amended Complaint, any amount due, which allegations

13  Defendant denies is owed, Defendant acted at all times on the basis of a good faith and reasonable belief

14  that its actions were in compliance and conformity with all applicable federal and state laws and/or

15  written administrative regulations, orders, rulings, guidance and/or interpretations.  By reason of the

16  foregoing, Plaintiffs are not entitled to liquidated or penalty damages under federal or state law.  *See* 29

17  U.S.C. § 260; Ariz. Rev. Stat. § 23-355; Cal. Labor Code § 1194.2; Fla Stat. § 448.110(c)(1); N.C. Gen.

18  Stat. § 95-22(a); New York Labor Law § 198, *et seq*.

19

**TWENTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE**

20

(Laches)

21      27.     Subject to proof through discovery, Plaintiffs have delayed inexcusably and unreasonably

22  in the filing of this action causing substantial prejudice to Defendant and thus Plaintiffs' claims are

23  barred by the equitable doctrine of *laches*.

24

**TWENTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE**

25

(Adequate Legal Remedy)

26      28.     Plaintiffs' claims for equitable relief are barred because Plaintiffs have an adequate and

27  complete remedy at law, and/or Plaintiffs cannot make the requisite showing to obtain injunctive relief.

28

- 65 -

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND
AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS

## TWENTY-NINTH AFFIRMATIVE OR OTHER DEFENSE

### (Any Harm "De Minimus")

29.     The Second Amended Complaint and some of the causes of action alleged therein are barred to the extent any harm or damage suffered by Plaintiffs and/or the putative class and/or collective, all of which Defendant denies, premised upon Defendant's alleged compensation practices was "de minimus," and therefore, are not compensable as a matter of law.


30.     Defendant reserves the right to and does rely upon such further affirmative or other defenses as may become available during discovery in this action and amend this Answer to assert any such defenses.

WHEREFORE, Defendant Kansas City Royals Baseball Corp. prays:

1.      That Plaintiffs take nothing by the Second Amended Complaint;

2.      For costs of suit; and

3.      For such other and further relief as the Court deems just and proper.


DATED: May 22, 2014


/s/ Elise M. Bloom
_____

Elise M. Bloom
PROSKAUER ROSE LLP
ELISE M. BLOOM
HOWARD L. GANZ
NEIL H. ABRAMSON
ADAM M. LUPION
LAURA REATHAFORD
Attorneys for Defendant.

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWER TO THE SECOND
AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS