1  STEPHEN M. TILLERY (*pro hac vice*)
     stillery@koreintillery.com
2  GARRETT R. BROSHUIS (*pro hac vice*)
     gbroshuis@koreintillery.com
3  GIUSEPPE S. GIARDINA (*pro hac vice*)
     ggiardina@koreintillery.com
4  **KOREIN TILLERY, LLC**
   505 North 7th Street, Suite 3600
5  St. Louis, MO 63101
   Telephone: (314) 241-4844
6  Facsimile: (314) 241-3525

7  GEORGE A. ZELCS (*pro hac vice*)
     gzelcs@koreintillery.com
8  **KOREIN TILLERY, LLC**
   205 North Michigan, Suite 1950
9  Chicago, IL 60601
   Telephone: (312) 641-9750
10

11  BRUCE L. SIMON (Bar No. 96241)          DANIEL L. WARSHAW (Bar No. 185365)
      bsimon@pswlaw.com                        dwarshaw@pswlaw.com
12  **PEARSON, SIMON & WARSHAW, LLP**        BOBBY POUYA (Bar No. 245527)
    44 Montgomery Street, Suite 2450           bpouya@pswlaw.com
13  San Francisco, CA 94104                  **PEARSON, SIMON & WARSHAW, LLP**
    Telephone: (415) 433-9000                15165 Ventura Boulevard, Suite 400
14  Facsimile: (415) 433-9008                Sherman Oaks, California 91403
                                             Telephone: (818) 788-8300
15                                           Facsimile: (818) 788-8104

16  (*Additional Counsel Listed on Signature Page*)

17  Attorneys for all Plaintiffs, individually and on
    behalf of all those similarly situated

18                    **UNITED STATES DISTRICT COURT**

19          **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

20  AARON SENNE, et al., Individually and on      CASE NO. 3:14-cv-00608-JCS
    Behalf of All Those Similarly Situated;
21                                                 **CLASS ACTION**
                    Plaintiffs,
22                                                 **DECLARATION OF STEPHEN M.**
            vs.                                    **TILLERY IN SUPPORT OF PLAINTIFFS'**
23                                                 **MOTION FOR APPOINTMENT OF**
    OFFICE OF THE COMMISSIONER OF                  **INTERIM CO-LEAD CLASS COUNSEL**
24  BASEBALL, an unincorporated association
    doing business as MAJOR LEAGUE
25  BASEBALL; et al.;

26                  Defendants.

27

28
                                                            3:14-cv-00608-JCS

I, Stephen M. Tillery, declare as follows:

1.      I am a partner in the firm of Korein Tillery, LLC ("KT"), attorneys of record for Plaintiffs and the proposed classes.

2.      I submit this declaration in support of the Motion for Appointment of PSW and KT as Interim Co-Lead Counsel in the above entitled action.  For the reasons set forth below and the accompanying motion, I believe that PSW and KT are appropriately suited for appointment as Interim Co-Lead Counsel in this case.

**PSW and KT Have Effectively and Efficiently Managed This Class Action Lawsuit**

3.      In 2013, KT pioneered the investigation of the facts underlying this class action lawsuit. Those efforts were primarily undertaken by Garrett Broshuis, one of KT's attorneys and a former minor league baseball player who pitched in the San Francisco Giants' minor league system for six championship seasons. Since at least 2006, Mr. Broshuis has been an outspoken advocate for better minor league working conditions and better representation of minor leaguers. Mr. Broshuis began researching the legality of the wages paid to minor leaguers—which is at issue in this litigation—before attending law school and joining KT. After joining KT in September of 2013, senior attorneys at the firm joined the legal and factual investigation. KT then partnered with PSW to complete the initial investigation and the prosecution of this class action lawsuit. PSW and KT have worked cohesively to ensure the efficient handling of this case and protect the interests of Plaintiffs and members of the absent classes. PSW and KT worked together to develop the facts and legal theories of the case and prepare the class action complaint. Since the filing of the lawsuit PSW and KT have continued to work together on all aspects of this litigation. PSW and KT have been jointly responsible for developing the case strategy and executing that strategy as reflected in the pleadings, motions, and work product filed to date. PSW and KT have effectively managed this case thus far and will continue to do so if they are appointed as Interim Co-Lead Counsel by the Court.

4.      The effective leadership and management also demonstrated by PSW and KT is demonstrated by their ability to achieve cooperation and consensus among all Plaintiffs' counsel in this case. Notably, PSW and KT's application for appointment as Interim Co-Lead Counsel is supported by counsel from well-established and highly regarded firms that have recently joined the

1    action including, Lieff, Cabraser, Heimann, & Bernstein, LLP; Carney, Bates & Pulliam, PLLC; and

2    Glancy, Binkow & Goldberg, LLP. The support of these respected firms is a strong indicator that

3    PSW and KT are suited to serve as Interim Co-Lead Counsel in this Case.

4    **KT Has the Resources, Ability, and Commitment to Prosecute This Case**

5         5.     KT is willing and able to commit to co-leading this case. In recent years, KT has

6    undertaken significant risk and demonstrated unwavering commitment to prosecuting significant and

7    important legal matters. For instance, KT has been prosecuting *Price v. Philip Morris Inc.* for more than

8    a decade. On March 21, 2013, the firm obtained a $10.1 billion verdict ($7.1 billion compensatory and

9    $3 billion punitive) in this first ever judgment rendered in a light cigarette fraud case. This class action

10   lawsuit accused Philip Morris of misleading Illinois consumers by packaging cigarettes as "Lights" and

11   claiming that these cigarettes contain "lower tar and nicotine than regular cigarettes." The trial court

12   agreed, holding not only that these "Lights" cigarettes deliver the same amount of tar and nicotine

13   and are therefore just as harmful as a regular cigarettes, but also that the "Lights" cigarettes actually

14   deliver more of the most toxic substances to smokers than regular cigarettes. After more than a

15   decade of appeals—and following a reversal of the trial court judgment by the Illinois Supreme Court

16   and the trial court's refusal to reinstate the judgment—KT convinced the Illinois Fifth District

17   Appellate Court to reinstated the $10.1 billion judgment on April 29, 2014.[1]

18        6.     Similarly, in *City of Greenville v. Syngenta Crop Prot., Inc.,* No. 3:10-CV-188-JPG-PMF,

19   KT represented dozens of public water providers, as well as the nation's largest private water

20   company, in their efforts to recover costs incurred in removing the widely used herbicide atrazine

21   from the public water supply. Beginning in 2004, KT filed a series of lawsuits against agri-giant

22   Syngenta—the largest manufacturer and distributor of atrazine and atrazine-containing products in

23   _____

24   [1] *Price v. Philip Morris Inc.,* 2003 WL 22597608 (Ill. Cir. Mar 21, 2003), *rev'd,* 848 N.E.2d 1 (Ill. Dec. 15,
     2005), *reh'g denied,* 846 N.E.2d 597 (Ill. May 5, 2006), *cert denied,* 549 U.S. 1054 (Nov. 27, 2006), *petition*
25   *from relief from judgment denied,* 2009 WL 2840913, (Ill. Cir., Feb. 04, 2009), *rev'd* 2011 WL 722749 (Ill.
     App. Ct. Feb. 24, 2011), *appeal denied,* 2011 IL 112067 (Sept. 30, 2011), *petition for relief from judgment*
26   *denied,* No. 00-L-112 (Ill. Cir., Dec. 12, 2012), *judgment reinstated,* No. 5-13-0017, 2014 WL 1696280 (Ill.
     App. Ct. Apr. 29, 2014), *petition for leave to appeal and motion for supervisory order pending,* Nos. 117687 and
27   117689 (Ill. S. Ct.).

28

DECLARATION OF STEPHEN M.TILLERY IN SUPPORT OF PLAINTIFFS' MOTION FOR APPOINTMENT
OF INTERIM CO-LEAD CLASS COUNSEL

1    the U.S. After nearly seven years of hard-fought litigation, KT recovered a $105 million settlement for

2    its clients, which will be used to protect the integrity of the nation's drinking water. The atrazine

3    litigation was precedent-setting because plaintiffs sought to recover damages for the ordinary use of a

4    highly-regulated pesticide according to manufacturers' directions and consistent with governmental

5    regulations. In other words, plaintiffs' claims were based not on some unforeseen release of atrazine

6    into drinking water supplies, but rather on the ordinary and anticipated fate and transport

7    characteristics of the chemical. I am aware of no other firm that has prevailed in a class environmental

8    contamination case under similar circumstances.

9         7.    *Price* and *City of Greenville* are examples of the investments KT has made—and will

10   continue to make—in cases of significance to its clients and society. This case is no different, and KT

11   will fully commit its leadership, personnel and monetary resources to achieve the best result possible

12   for the classes. KT has the financial resources necessary to prosecute this action effectively.

13   Additionally, with offices in St. Louis, Missouri and Chicago, Illinois, KT is geographically well

14   positioned to appear anywhere in the country for depositions and discovery-related matters and host

15   geographically disperse counsel and witnesses for depositions.

16   **KT's Leadership in Complex Litigation and Class Actions**

17        8.    KT has been involved in numerous complex litigations and has considerable

18   experience prosecuting class actions. A substantial portion of the firm's practice is the representation

19   of plaintiffs and plaintiff classes in complex litigation. The National Law Journal has named KT to its

20   "Plaintiffs' Hot List" seven times in the past eleven years: in 2003, 2004, 2007, 2008, 2011, 2012, and

21   2013. The American Bar Association's Securities Litigation Journal likewise deemed two of KT's

22   cases—*Kircher v. Putnam Funds Trust,* 547 U.S. 633 (2006) and *Merrill Lynch Pierce Fenner & Smith, Inc. v.*

23   *Dabit,* 547 U.S. 71 (2006)—among the most important securities-law decisions in 2006. Since 2009,

24   KT has been at the forefront of residential mortgage-backed securities ("RMBS") litigation and has

25   represented institutional investors and governmental entities in their efforts to recover massive losses

26   suffered when those securities collapsed. To date, the firm has collected $1.75 billion in recoveries for

27   its client in RMBS litigation.

28

DECLARATION OF STEPHEN M.TILLERY IN SUPPORT OF PLAINTIFFS' MOTION FOR APPOINTMENT
OF INTERIM CO-LEAD CLASS COUNSEL

9.     KT has been appointed as class counsel in more than fifty class actions and has successfully negotiated some of the country's largest settlements. Additional information about KT, its attorneys and their qualifications is contained in the firm's resume. A true and correct copy of the firm resume for KT is attached hereto as Exhibit A.

### KT is Dedicated to the Just, Speedy, and Inexpensive Adjudication of this Litigation

10.    KT has a demonstrated history of efficiently litigating this matter to maximize recovery for the classes while minimizing fees and expenses. For instance, in *Prather v. Pfizer Inc.*, 02-L-480 (Ill. Cir. Ct. Dec. 2, 2004), KT resolved a product liability and consumer fraud action against Pfizer and Warner-Lambert involving the anti-diabetes drug Rezulin®. The resulting settlement established a fund of $60 million, representing an 85% recovery for claimants and a $20 million *cy pres* award benefiting diabetes research.

11.    KT is committed to achieving maximum recovery for the classes in this case. It will do so through efficient management of discovery and litigation related expenses and efficient use of attorney and firm personnel time required to prosecute claims on behalf of the clasee.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 3, 2014.

By: _____
STEPHEN M. TILLERY

DECLARATION OF STEPHEN M. TILLERY IN SUPPORT OF PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL

# EXHIBIT A

# KOREIN TILLERY

*Attorneys at Law*

Michigan Plaza
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Phone: 312-641-9750
Fax: 312-641-9750
www.KoreinTillery.com

KOREIN TILLERY, a national complex-litigation firm with offices in Chicago and St. Louis, has recovered billions of dollars in verdicts and settlements in a variety of cases involving securities, pension funds, insurance, antitrust, pharmaceuticals, environmental contamination, tobacco, computer technology, and consumer fraud.   Perhaps best known for its $10 billion trial verdict against Philip Morris, the firm has gained a national reputation for aggressively and successfully pursuing a wide variety of complex cases on behalf of its clients.   Korein Tillery has received professional recognition for excellence among judges, lawyers, and the community.

The National Law Journal has consistently deemed Korein Tillery to be one of the country's top plaintiffs' firms by naming it to its "Plaintiffs' Hot List" seven times in the past eleven years: in 2003, 2004, 2007, 2008, 2011, 2012, and 2013.   The American Bar Association's Securities Litigation Journal likewise deemed two of Korein Tillery's cases—*Kircher v. Putnam Funds Trust,* 547 U.S. 633 (2006) and *Merrill Lynch Pierce Fenner & Smith, Inc. v. Dabit,* 547 U.S. 71 (2006)—among the most important securities-law decisions in 2006.[1]

Since 2009, Korein Tillery has been at the forefront of mortgage-backed securities litigation and has represented institutional investors and governmental entities in their efforts to recover massive losses suffered when those securities collapsed.   The firm has already achieved a number of significant recoveries in settlements on behalf those clients—among the nation's largest to date.

Korein Tillery has been appointed as class counsel in more than fifty class actions[2] and has successfully negotiated some of the country's largest settlements.   *See, e.g., Parker v. Sears Roebuck &*

---

[1]   Securities Litigation Journal, *Top 10 Securities Law Decisions of 2006* (Winter 2006).   In *Kircher,* Korein Tillery served as lead counsel for the plaintiffs' class from the initial trial court filing to the Supreme Court of the United States, where the Court reversed the Seventh Circuit in a 9-0 decision. In *Dabit,* Korein Tillery assisted the Plaintiffs' class after the U.S. Supreme Court granted certiorari.

[2]   *See, e.g., Asbury v. May Dep't Store Co. Ret. Plan,* No. 97-667-GPM (S.D. Ill. May 3, 1999); *Barbara's Sales Inc. v. Intel Corp.,* 2004 WL 5723558 (Ill. Cir. July 12, 2004); *Berger v. Xerox Corp. Ret. Income Guar. Plan,* No. 00-584-DRH (S.D. Ill. Dec. 5, 2003); *Berkowitz v. Nat'l Westminster Bancorp Ret. Plan,* 2000 WL 852451 (D. Conn. Mar. 30, 2000); *Brentwood Travel Serv., Inc. v. DCT Enter.,* No. 03CC-2857 (Mo. Cir. Ct. June 13, 2007); *Call v. Ameritech Mgmt. Pension Plan,* No. 01-717-GPM (S.D. Ill. Aug. 26, 2003); *Chultem v. Ticor Title Ins. Co.,* 927 N.E.2d 289 (Ill. App. Ct. 2010); *City of Univ. City, Mo. v. AT&T Wireless Servs., Inc.,* No. 01-CC-004454 (Mo. Cir. Ct. Aug. 30, 2007); *Clevenger v. Dillards, Inc.,* No. 02-558 (S.D. Ohio Nov. 31, 2006); *Clutts v. Allstate Ins. Co.,* No. 02-L-226 (Ill. Cir. Dec. 6, 2005); *Collora v. R.J. Reynolds Tobacco Co.,* 2003 WL 23139377 (Mo. Cir. Ct. Dec. 31, 2003); *Cooper v. The IBM Pers. Pension Plan, No. 99-829 GPM* (S.D. Ill. May 19 2005); *Craft v. Philip Morris, Inc.,* 2003 WL 23355745 (Mo. Cir. Ct. Dec. 31, 2003); *Crockett v. U.S. Sales Corp.,* No. 98-L-1057 (Ill. Cir. Apr. 5,

*Co.,* Case No. 04-L-716 (Ill. Cir. Ct., Jan. 16, 2008) (settlement valued at $544.5 million); *Cooper v. The IBM Pers. Pension Plan,* 2005 WL 1981501, 35 Employee Benefits Cas. 2488 (S.D. Ill. Aug. 8, 2005) ($325 million settlement); *Sparks v. AT&T Corp.,* 96-LM-983 (Ill. Cir. Ct. Nov. 4, 2002) ($350 million settlement); *Sullivan v. DB Investments, Inc,* 04-2819 (D.N.J. May 22, 2008) ($323 million settlement);

---

2000); *Dunn v. BOC Group Pension Plan,* No. 01-CV-382-DRH (S.D. Ill. Dec. 11, 2003); *Esden v. Bk. of Boston,* 182 F.R.D. 432 (D. Vt. Sept. 28, 1998); *Folkerts v. Ill. Bell Tel. Co.,* No. 95-L-912 (Ill. Cir. Jan. 7, 1998); *Fun Serv. of Kan. City, Inc. v. AMF Bowling, Inc.,* No. 03-DV-203690 (Mo. Cir. Ct. Apr. 22, 2005); *Gans v. Leiserv, Inc.,* No. 02CC-002115 (Mo. Cir. Ct. Oct. 6, 2004); *Gans v. Seventeen Motors, Inc.,* No. 01-L-478 (Ill. Cir. July 1, 2002); *Graf v. Automatic Data Processing,* No. 00-694-GPM (S.D. Ill. June 18, 2001); *Harris v. Roto-Rooter Servs. Co.,* No. 00-L-525 (Ill. Cir. Nov. 17, 2005); *Howard v. Brown & Williamson Tobacco Co.,* 2001 WL 1910779 (Ill. Cir. Dec. 18, 2001); *Hoormann v. SmithKline Beecham Corp.,* 2006 WL 3869484 (Ill. Cir. Oct. 6, 2006); *Hoyleton Youth & Family Servs. v. Surrey Vacation Resorts, Inc.,* No. 03-L-0507 (Ill. Cir. Mar. 18, 2011); *In Re: MCI Non-Subscriber Tel. Rates Litig., No. MDL 1275* (S.D. Ill. Jan. 12 2001); *JC Hauling v. Capital Assoc.,* No. 02-L0425 (Ill. Cir. Feb. 9, 2005); *Joiner v. Ameritech Mobile Commc'ns,* No. 96-L-121 (Ill. Cir. Aug. 8, 2000); *Kaiser v. Cigna Corp,* 2001 WL 36180948 (Ill. Cir. Apr. 20, 2001); *Kohl v. Am. Trial Lawyers Ass'n,* No. AW-97-3264 (D. Md. Nov. 2, 1999); *Laurenzano v. Blue Cross/Blue Shield of Mass. Ret. Income Trust,* No. 99CV11751 (D. Mass. Apr. 30, 2002); *Lawrence v. Philip Morris USA, Inc.,* No. 09-CV-519 (N.H. Nov. 22, 2010); *Little L.L.C. v. Brinker Mo., Inc.,* 2005 WL 6191055 (Mo. Cir. Ct. Sept. 23, 2005); *Malloy v. Ameritech,* No. 98-488-GPM (S.D. Ill. May 3, 2000); *Mangone v. First USA Bk., N.A.,* 2000 WL 33529651 (S.D. Ill. Nov. 21, 2000); *Mansfield v. Air Line Pilots Ass'n,* No. 06-cv-06869 (N.D. Ill. July 9, 2007); *May v. SmithKline Beecham Corp.,* No. 98-108-WDS (S.D. Ill. May 31, 2001); *Meyer v. HomEq Servicing Corp.,* No. 05-L-208 (Ill. Cir. Nov. 16, 2011); *Medeika v. S. New Eng. Tel.,* No. 97CV01123 (D. Conn. Aug. 9, 1999); *Nichols v. B.P. Am. Pension Plan,* No. 01-C-6238 (N.D. Ill. July 15, 2002); *Nichols-Siedhoff v. Ameritech Corp.,* No. 01-L-456 (Ill. Cir. Feb. 6, 2004); *Null v. D.B. Inv., Inc.,* No. 05-L-209 (Ill. Cir. July 22, 2005); *Parker v. Sears, Roebuck & Co.,* No. 04-L-716 (Ill. Cir. Sept. 18, 2007); *Patterson v. Nations Bk.,* No. 99-481-PER (S.D. Ill. July 29, 1999); *Peterson v. State Farm Mut. Auto. Ins. Co.,* 2000 WL 35641572 (Ill. Cir. Dec. 21, 2000); *Pierce v. Gold Kist,* No. CV-97-L-0748-5 (N.D. Ala. Aug. 11, 1997); *Prather v. Pfizer Inc.,* No. 02-L-480 (Ill. Cir. Mar. 2, 2004); *Price v. Philip Morris Inc.,* 2001 WL 34366710 (Ill. Cir. Feb. 1, 2001); *Rice v. Nat'l Steel,* No. 98-L-98 (Ill. Cir. June 30, 1999); *Richardson v. Fairchild Space & Def.,* No. 99-1867 (M.D. Pa. Oct. 9, 2001); *Rogers v. Tyson Foods, Inc.,* 2007 WL 6712021 (Ill. Cir. Aug. 17, 2007); *Seifert v. May Co. Ret. Plan,* No. 96-1028-GPM (S.D. Ill. May 3, 1999); *Shuppert v. Blair Down,* No. 00-L-223 (Ill. Cir. Feb. 18, 2004); *Sims v. Allstate Ins. Co.,* 2000 WL 35751322 (Ill. Cir. Dec. 21, 2000); *Sparks v. Lucent Tech.,* 2001 WL 36208888 (Ill. Cir. July 27, 2001); *State of Mo. v. SBC Commc'ns, Inc.,* No. 22044-02645 (Mo. Cir. Ct. Nov. 9, 2009); *Sullivan v. DeBeers, A.G.,* No. 04-2819 (D.N.J. Nov. 30, 2005); *Synfuel Tech. v. Airborne Inc.,* No. 02-CV-324-DRH (S.D. Ill. Oct. 31, 2003); *Todt v. Ameritech Corp.,* No. 97-L-1020 (Ill. Cir. Nov. 12, 1997); *Tullock v. K-Mart Corp. Employee Pension Plan,* No. 99-289-DRH (S.D. Ill. Feb. 22, 2002); *Turner v. R.J. Reynolds Tobacco Co.,* No. 00-L-113 (Ill. Cir. Nov. 14, 2001); *Vollmer v. PCH,* No. 99-434-GPM (S.D. Ill. June 30, 1999); *Wagner v. Lowe's Home Ctrs., Inc.,* No. 02-L-690 (Ill. Cir. Jan. 14, 2008); *Wheeler v. Sears, Roebuck & Co.,* No. 99-L-529 (Ill. Cir. Apr. 17, 2003); *Wilgus v. Cybersource,* No. 02-L-995 (Ill. Cir. Aug. 30, 2004); *Williams v. Am. Equity Mortgage, Inc.,* No. 05-L-207 (Ill. Cir. July 21, 2011); *Williams v. Con Agra,* No. 97-L-373 (Ill. Cir. Oct. 31, 1997); *Williams v. Rohm & Haas Pension Plan,* No. 04-78 (S.D. Ind. Nov. 21, 2004).

*Folkerts v. Illinois Bell Tel. Co.*, 95-L-912 (Ill. Cir. Ct. July 7, 1998) ($252 million settlement); *Berger v. Xerox Corp. Ret. Income Guar. Plan*, 2004 WL 287902, 32 Employee Benefits Cas. 1362 (S.D. Ill. Jan. 22, 2004) ($240 million settlement); *Malloy v. Ameritech*, 98-488-GPM (S.D. Ill. July 21, 2000) ($180 million settlement); *City of Greenville v. Syngenta Crop Prot., Inc.*, 3:10-CV-188-JPG-PMF, 2012 WL 1948153 (S.D. Ill. May 30, 2012) ($105 million settlement); *In Re: MCI Non-Subscriber Tel. Rates Litig.*, MDL 1275 (S.D. Ill. Apr. 19, 2001) ($99 million settlement); and *Dunn v. BOC Group Pension Plan*, 01-CV-382-DRH (S.D. Ill. Mar. 12, 2004) ($70 million settlement).

## REPRESENTATIVE MATTERS

### Antitrust Litigation

Beginning in 2004, purchasers of polished diamonds filed several cases against De Beers and its related companies alleging violations of federal antitrust law and various state antitrust and consumer protection laws. On July 22, 2005, Korein Tillery became the first firm to obtain certification of a nationwide class of diamond purchasers in *Null v. D.B. Investments, Inc.*, No. 05-L-209 (Ill. Cir. Ct. July 22, 2005). On May 22, 2008, in a consolidated proceeding where Korein Tillery served as co-lead counsel, the district court approved a nationwide settlement that created a fund of $323 million to compensate diamond purchasers, and provided additional injunctive relief to the class.

In 2010, the Third Circuit Court of Appeals initially reversed the district court's approval of the settlement. *Sullivan v. DB Investments, Inc.*, 613 F.3d 134 (3d Cir. 2010). But Plaintiffs were able to successfully petition for rehearing *en banc*, *Sullivan v. DB Investments, Inc.*, 619 F.3d 287 (3d Cir. 2010), after which the Third Circuit affirmed the district court's approval of the settlement and provided much-needed guidance on the design of future nationwide class action settlements. *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 285 (3d Cir. 2011). The objectors' petition for writ of certiorari was denied in April 2012. *Murray v. Sullivan*, 132 S. Ct. 1876 (2012) *reh'g denied*, 132 S. Ct. 2451 (2012).

### Securities Litigation

Korein Tillery currently represents the National Credit Union Administration (NCUA), an independent federal agency created by the U.S. Congress to regulate and insure federal credit unions, in securities litigation. Korein Tillery has filed over a dozen lawsuits against investment banks alleging that they misled corporate credit unions about the quality of, and the risk levels associated with, certain mortgage-backed securities sold to the credit unions. These misrepresentations caused billions of dollars of losses that were insured by the NCUA when five corporate credit unions failed as a result of losses in their mortgage-backed securities portfolios. National media sources have reported that as of 2013, 105 credit unions have failed since the onset of the financial crisis.[3]

---

[3]  Mark Maremont & Victoria McGrane,"Credit Unions Bailed Out." The Wall Street Journal (September 25, 2010). http://online.wsj.com/article/SB10001424052748703499604575512254063682236.html.  Ismat Sarah Mangla, "Credit unions' homey image starts to fray." CNN Money (April 8, 2013). http://money.cnn.com/2013/04/01/pf/credit-unions.moneymag/index.html.

Since November 2011, Korein Tillery has recovered approximately $1.75 billion for the NCUA in settlements with Deutsche Bank Securities, Citigroup, HSBC, Bank of America, and JP Morgan. These settlements and ongoing litigation against other banks will allow the NCUA to minimize losses and thereby reduce the assessments that all credit unions will have to pay into the NCUA insurance fund.

Korein Tillery also currently represents the CUNA Mutual Group—a multi-billion-dollar group of financial-services and insurance firms that offer insurance, investment, and retirement products and services to credit unions and their members.  Beginning in 2011, Korein Tillery has filed a series of lawsuits on behalf of CUNA Mutual seeking to recover losses on roughly $300 million of mortgage-backed securities purchases.  Korein Tillery continues to prosecute lawsuits on behalf of CUNA Mutual against RBS Securities, Morgan Stanley & Co., J.P. Morgan Securities, and Goldman, Sachs & Co.

### Environmental Litigation

*City of Greenville v. Syngenta Crop Prot., Inc.,* No. 3:10-CV-188-JPG-PMF, 2012 WL 1948153 (S.D. Ill. May 30, 2012).

Korein Tillery represented dozens of public water providers, as well as the nation's largest private water company, in their efforts to recover costs incurred in removing the widely used herbicide atrazine from the public water supply.  Beginning in 2004, Korein Tillery filed a series of lawsuits against agri-giant Syngenta—the largest manufacturer and distributor of atrazine and atrazine-containing products in the U.S. After nearly seven years of hard-fought litigation, Korein Tillery recovered a $105 million settlement for its clients, which will be used to protect the integrity of the nation's drinking water.

The atrazine litigation was precedent-setting because plaintiffs sought to recover damages for the ordinary use of a highly-regulated pesticide according to manufacturers' directions and consistent with governmental regulations.   In other words, plaintiffs' claims were based not on some unforeseen release of atrazine into drinking water supplies, but rather on the ordinary and anticipated fate and transport characteristics of the chemical.  Korein Tillery is aware of no other firm that has prevailed in a class environmental contamination case under similar circumstances.

*Graham v. Shell Oil Co. and Exxon Mobil Co.,* 01-L-1472 (Ill. Cir. Ct. Oct. 24, 2007), and *Village of East Alton v. Piasa Mot. Fuels, Inc. and Thomas Oil. Co., Inc.,* No. 01-L-1171 (Ill. Cir. Ct. Apr. 11, 2008).

Methyl tertiary butyl ether ("MTBE") is a gasoline additive that has a chemical attraction to water. MTBE mixes so well with water that it spreads its toxic plumes faster and farther than any other component of gasoline. Once MTBE is released into the environment and permitted to contaminate groundwater, its foul taste and odor may render the water virtually unusable and unfit for human consumption, and costly and difficult to remediate. Korein Tillery filed these actions seeking damages from Shell and Exxon Mobil for breach of their duty to ensure that MTBE would not pose an unreasonable risk to groundwater.  Following years of litigation, the litigation against the Defendants was terminated on confidential terms.

*Municipal Tax Enforcement*

Korein Tillery recovered over $250 million on behalf of Missouri municipalities from wireless and landline telephone companies that did not pay their business license taxes.  *See, e.g., University City v. AT&T Wireless Services Inc.,* (US Cellular) 01-CC-4454 (Mo. Cir. Ct. Feb. 22, 2008); *University City v. AT&T Wireless Services Inc.,* (AT&T) 01-CC-4454 (Mo. Cir. Ct. Apr. 18, 2008); *University City v. AT&T Wireless Services Inc.,* (Sprint) 01-CC-4454 (Mo. Cir. Ct. Apr. 18, 2008).  During the course of this representation, the Missouri legislature passed an industry-sponsored bill that immunized wireless carriers from back-tax liability and mandated the dismissal of pending collection suits. Korein Tillery challenged the law as unconstitutional and prevailed before the Missouri Supreme Court, thus preserving access to the courts and reaffirming the power of municipalities to tax local businesses.  *University City v. AT&T Wireless Svcs.,* 203 S.W.3d 197 (Mo. banc 2006); *City of Wellston v. SBC Communications,* 203 S.W.3d 189 (Mo. banc 2006).

In 2012, Korein Tillery also challenged the constitutionality of a state statute that purported to bar cities and towns from serving as class representatives.  Korein Tillery persuaded the Missouri Supreme Court to issue an extraordinary writ (mandamus) and to find that the statute violates Art. V, § 5, of the Missouri Constitution, which allocates rulemaking of court procedure to the Missouri Supreme Court.  The ruling preserves the rights of municipalities to seek recoveries through the class mechanism where no economically viable means of redress are otherwise available.

*ERISA Pension Fund Litigation*

Korein Tillery is a leader in representing classes of employees and retirees in fighting employers' manipulation of pension accruals and payments, which often leave retirees with smaller pension incomes than are guaranteed by law.  Korein Tillery has acted as court-appointed lead counsel in dozens of pension fund class actions, recovering close to $1 billion in judgments and settlements on behalf of hundreds of thousands of employees and retirees.

*Williams v. Rohm & Haas Pension Plan,* 497 F.3d 710 (7th Cir. 2007).

In 2002, Korein Tillery sued the Rohm & Haas Pension Plan for failing to include the value of future cost-of-living adjustments in calculating lump-sum distributions from the Plan.  After eight years of litigation, Korein Tillery obtained one of the largest ERISA settlements in history — $180 million.  Under the settlement, all 11,000 class members who had taken lump sum distributions of their retirement benefits will receive cash, with an average award being over $9,000.  For class members who have not yet retired, the settlement requires the Plan to be amended to provide approximately $40 million in additional benefits to participants.  *Williams v. Rohm & Hass Pension Plan,* 2010 WL 1490350 (S.D. Ind. Apr. 12, 2010).  In its order awarding attorneys' fees of $43.5 million, the district court noted: "we have commented on numerous occasions regarding the unexpected twists and turns which have characterized the course of this litigation.  We recognize that this lawsuit has been highly complex involving difficult and sometimes novel factual and legal issues, requiring superior skills and an extraordinary level of attention by counsel well versed in practicing in this specialty area."  In September 2011, the Seventh Circuit Court of Appeals affirmed the district court's approval of the class action settlement and its award of attorneys' fees. *Williams v.*

*Rohm & Haas Pension Plan*, 658 F.3d 629, 637 (7th Cir. 2011).  Objectors' petition for certiorari was denied in April 2012.  132 S. Ct. 1911, 182 L. Ed. 2d 779 (2012).

*Call v. Ameritech Management Pension Plan*, 475 F.3d 816 (7th Cir. 2007).

Korein Tillery obtained a $31 million judgment on behalf of plan participants.  On January 9, 2007, the Seventh Circuit Court of Appeals affirmed the trial court's judgment.  Ameritech appealed to the United States Supreme Court where its writ for certiorari was denied on June 9, 2008.

*Cooper v. The IBM Pers. Pension Plan,* 2005 WL 1981501, 35 Employee Benefits Cas. 2488 (S.D. Ill. 2005), *appeal dismissed*, 163 Fed. Appx. 424 (7th Cir. Feb. 1, 2006).

Korein Tillery challenged IBM's pension equity plan on the grounds that it violated ERISA's prohibition against age discrimination.  After obtaining class certification and summary judgment in favor of the class, Korein Tillery obtained a $324 million settlement for the class.

*Berger v. Xerox Retirement Income Guar. Plan*, 231 F. Supp. 2d 804 (S.D.Ill. Sep. 30, 2002), *aff'd*, 338 F.3d 755 (7th Cir. Aug. 1, 2003).

Korein Tillery obtained a $255 million judgment for a class of retirees in their challenge to Xerox's improper payment of lump sum distributions from a defined benefit cash balance plan.  Following Korein Tillery's successful defense of the verdict on appeal, the case settled in March 2004 for $239 million.

*Laurenzano v. Blue Cross/Blue Shield of Mass. Ret. Income Trust,* 134 F. Supp. 2d 189 (D.Mass. 2001).

Korein Tillery was class counsel and challenged defendant's exclusion of cost-of-living adjustments in the calculation of retirement benefit lump sums paid to class members.  Korein Tillery successfully recovered approximately $16 million for BCBS retirees in this suit.

*Malloy v. Ameritech*, 98-488-GPM (S.D. Ill. May 3, 2000).

Korein Tillery was class counsel in this suit for ERISA violations and recovered approximately $185 million in pension benefits for Ameritech retirees.

*Esden v. Bk. of Boston,* 229 F.3d 154 (2d Cir. 2000).

Korein Tillery was class counsel in this groundbreaking ERISA-based class action.  *Esden* has formed the basis for a number of other class actions which netted hundreds of millions of dollars for retirees.  *Esden* was the first case to successfully challenge cash-balance type defined benefit plans.

### Tobacco Litigation

Korein Tillery has filed numerous class action and individual cases against the nation's three largest tobacco companies—Philip Morris, R.J. Reynolds and Brown & Williamson—based on their

marketing and sale of so-called "light" cigarettes.  Korein Tillery was the first law firm in the country to convince a court to certify a light cigarette case as a class action, and it was lead counsel in the first light cigarette class action ever tried to verdict—$10.1 billion.  In December 2006, the Canadian Department of Justice honored Korein Tillery for its help in securing a settlement that removed the descriptors "light" and "mild" from tobacco products in Canada.

*Price v. Philip Morris Inc.*, 2003 WL 22597608 (Ill. Cir. Mar 21, 2003), *rev'd*, 848 N.E.2d 1 (Ill. Dec. 15, 2005), *reh'g denied*, 846 N.E.2d 597 (Ill. May 5, 2006), *cert denied*, 549 U.S. 1054 (Nov. 27, 2006), *petition from relief from judgment denied*, 2009 WL 2840913, (Ill. Cir., Feb. 04, 2009), *rev'd* 2011 WL 722749 (Ill. App. Ct. Feb. 24, 2011), *appeal denied*, 2011 IL 112067 (Sept. 30, 2011), *petition for relief from judgment denied*, No. 00-L-112 (Ill. Cir., Dec. 12, 2012), *judgment reinstated*, No. 5-13-0017, 2014 WL 1696280 (Ill. App. Ct. Apr. 29, 2014), *petition for leave to appeal*, No. 117687 (Ill. S. Ct.).

Korein Tillery obtained a $10.1 billion verdict ($7.1 billion compensatory and $3 billion punitive) in this first ever judgment rendered in a light cigarette fraud case.  This class action lawsuit accused Philip Morris of misleading Illinois consumers by packaging cigarettes as "Lights" and claiming that these cigarettes contain "lower tar and nicotine than regular cigarettes."  The trial court agreed, holding not only that these "Lights" cigarettes deliver the same amount of tar and nicotine and are therefore just as harmful as a regular cigarettes, but also that the "Lights" cigarettes actually deliver more of the most toxic substances to smokers than regular cigarettes.  Three of Korein Tillery's lawyers were nominated for Public Justice's Trial Lawyer of the Year award as a result of our work on this case.

Philip Morris appealed the judgment and on December 15, 2005 the Illinois Supreme Court reversed on the basis that the Federal Trade Commission (FTC) "specifically authorized" Philip Morris's use of the descriptors "light" and "lowered tar and nicotine" to describe its cigarettes, thus exempting Philip Morris from liability pursuant to section 10b(1) of the Consumer Fraud Act.  *Price v. Philip Morris, Inc.*, 219 Ill. 2d 182 (2005).  After several failed attempts to obtain appellate review, on June 18, 2008, the FTC, the Department of Justice and the Solicitor General filed an amicus brief in *Altria Group, Inc. v. Good,* No. 07-562 (U.S. Sup. Ct.), in which it contradicted many of the facts advanced by Philip Morris in *Price* litigation and which formed the basis of Illinois Supreme Court's reversal of the trial victory.  The U.S. Supreme Court issued its opinion in *Altria Group, Inc. v. Good*, 555 U.S. 70 (2008), in which the Court rejected the contention by Philip Morris that the Federal Cigarette Labeling and Advertising Act expressly preempted claims indistinguishable from the Plaintiffs' claims here and further held that "the FTC's various decisions with respect to statements of tar and nicotine content do not impliedly pre-empt respondents' claim." *Id.* at 91.

On December 18, 2008, based on the clarification of the factual record concerning the FTC's regulation of Philip Morris precipitated by the FTC brief, the rescission, and the *Good* decision, Plaintiffs petitioned for relief from the final judgment.  After the Circuit Court denied Plaintiffs' petition for relief from judgment as untimely, the appellate court reversed.  Plaintiffs filed an amended petition for relief for judgment, again arguing that the judgment should be vacated as it was based on the inaccurate and later disproven testimony of one Philip Morris witness.  The Circuit Court agreed but denied Plaintiffs' petition because the court could not determine whether Plaintiffs would have prevailed in the original appeal on all of Philip Morris's other appellate arguments.

Plaintiffs' appealed the Circuit Court's denial of Plaintiffs' petition for relief from judgment to the Illinois Fifth District Appellate Court, which reinstated the $10.1 billion verdict on April 29, 2014.

*Watson v. Philip Morris,* 127 S. Ct. 2301 (2007); *Kelly v. Martin & Bayley, Inc.*, 503 F.3d 584 (2007); 2007 WL 2710816 (Sep. 19, 2007).

After the United States Court of Appeals for the Eighth Circuit erroneously held that Philip Morris was acting as a federal officer in designing, manufacturing and selling "light" cigarettes, Korein Tillery successfully obtained reversal by the U.S. Supreme Court. To avoid the result of the erroneous decision from the Court of Appeals, which would allow tobacco companies to remove to federal court all cases involving "light" cigarettes, Korein Tillery employed a two-pronged attack. While simultaneously pursuing the same issue to the Seventh Circuit on behalf of the family of Everett Kelly, a deceased "light" cigarette smoker, Korein Tillery assisted counsel for *Watson* in successfully petitioning the Supreme Court for certiorari. Once certiorari was granted, Korein Tillery attorneys assisted counsel in *Watson* with brief writing and preparation for oral argument. The result: a 9-0 reversal of the Eighth Circuit in *Watson*, as well as a subsequent legal victory for the Plaintiffs in *Kelly*.

### Pharmaceutical Litigation

Since 2002, Korein Tillery has taken great effort to apply its extensive experience in prosecuting product liability and consumer fraud actions to pharmaceutical litigation. Following the withdrawal of the anti-diabetes drug Rezulin® from the market, Korein Tillery filed suit against Pfizer and Warner-Lambert, alleging that the Defendants engaged in unfair business conduct relating to their pricing of Rezulin®. The success of this theory changed the landscape of pharmaceutical litigation. The resulting settlement, finalized in 2005, established a fund of $60 million, representing an 85% recovery for claimants and a $20 million cy pres award benefiting diabetes research. *Prather v. Pfizer Inc.*, 02-L-480 (Ill. Cir. Ct. Dec. 2, 2004).

In July 2004, Korein Tillery sued SmithKline Beecham on behalf of a nationwide class of purchasers alleging that GlaxoSmithKline promoted Paxil® and Paxil CR™ for prescription to children and adolescents despite having actual knowledge that these drugs exposed children and adolescents to dangerous side effects while failing to treat their symptoms. Following three years of litigation, Korein Tillery obtained a settlement that established a $63.8 million fund to reimburse class members 100% of their out-of-pocket expenses. *Hoormann v. SmithKline Beecham*, 04-L-715 (Ill. Cir. Ct. May 17, 2007). The New York Attorney General's office settled its lawsuit concerning the same conduct for a $2.5 million fine.

### Consumer Fraud

*Parker v. Sears, Roebuck & Co.*, Case No.: 04-L-716 (Ill. Cir. Ct. Jan. 16, 2007).

Korein Tillery acted as lead counsel in this case against Sears involving allegations that Sears sold and set-up gas and electric ranges throughout the United States without installing anti-tip safety devices, which prevent ranges from tipping over and severely burning or injuring unsuspecting consumers. In January 2008, the court granted final approval of a settlement which provides

complete relief by requiring Sears to install anti-tip brackets for the class as well as requiring the installation of such brackets in the future.  The settlement is valued at more than $544 million.

## CASE ATTORNEYS

### *Stephen M. Tillery*

With more than 35 years of trial experience, Stephen Tillery has acted as lead counsel in hundreds of complex cases at both the trial and appellate levels that have resulted in some of the largest trial verdicts and settlements in the United States.

Mr. Tillery completed his undergraduate studies at Illinois College (B.A. magna cum laude, Phi Beta Kappa) in 1972. Thereafter he attended Saint Louis University School of Law (J.D. cum laude, Order of the Woolsack, 1976).  While obtaining his law degree, Mr. Tillery was a law clerk for the Honorable James L. Foreman, United States District Court for the Southern District of Illinois. Following graduation from law school, he was a law clerk to the Honorable George J. Moran, Fifth District Court of Appeals of Illinois.

Stephen Tillery is a member of the Illinois Trial Lawyers Association, where he has been one of the elected Board of Managers since 1987, and for which he has chaired and served on numerous committees.  Mr. Tillery is also a member of the Illinois Bar Association, the Missouri Association of Trial Attorneys, the St. Louis Metropolitan Bar Association, the St. Clair County Bar Association and the American Association for Justice. He serves as a board member of Public Justice. He was named Litigation Daily's Litigator of the Week on May 1, 2014 for successfully reinstating the trial court's $10.1 billion verdict in *Price v. Philip Morris, Inc.*, No. 5-13-0017, 2014 WL 1696280 (Ill. App. Ct. Apr. 29, 2014).

Mr. Tillery has written numerous legal articles and has served as lecturer, moderator, and panel member at dozens of legal seminars relating to litigation and trial practice.  He was an adjunct professor at Saint Louis University School of Law for eleven years, and was Co-Director of the Advanced Trial Advocacy Program there from 1983 to 1988.

### *George A. Zelcs*

George Zelcs focuses his practice in the areas of complex commercial litigation including securities, antitrust, consumer fraud, qui tam/whistleblower, and pharmaceutical litigation in state and federal courts.  Mr. Zelcs completed his undergraduate degree at Indiana University (B.A. Political Science, Urban Planning, and Sociology) in 1976.  He received his law degree at Chicago-Kent College of Law in 1979, and was admitted to practice law in Illinois in 1979.  He is admitted to practice before the United States Courts of Appeals for the Second Circuit (2013), Fifth Circuit (1999), Seventh Circuit (1980), Eighth Circuit (1996), Tenth Circuit (1982), and Eleventh Circuit (1993), the United States Tax Court (1984), the United States Court of Federal Claims (2013), the Supreme Court of the United States (2005), and the United States District Courts for the Northern and Southern District of Illinois.

Mr. Zelcs has conducted bench and jury trials in state and federal courts throughout the United States and has participated in arbitration proceedings in foreign venues.  He has obtained settlements and judgments ranging from fifteen million to in excess of ten billion dollars for his clients in various state and federal jurisdictions throughout the United States.

Mr. Zelcs was first selected as a Leading Illinois Attorney in 1993 and as an Illinois Super Lawyer. He was selected as a Finalist in 2003 for the Trial Lawyers For Public Justice Trial Lawyer of the Year Award for his work on the *Price, et al. vs. Philip Morris USA* verdict.  He serves on the Chicago-Kent Board of Overseers and as a Trustee for the Chicago-Kent Institute on the Supreme Court of the United States.  He has testified, at the invitation of the New York State Assembly, regarding financial guaranty insurance and representations and warranties made by mortgage originators in mortgage-backed securities.

### Giuseppe Giardina

Giuseppe Giardina concentrates his practice in securities and complex commercial litigation. With ten years of litigation experience, Giuseppe has tried cases and conducted evidentiary hearings in state and federal courts throughout the United States and has broad experience handling depositions of fact and expert witnesses, preparing briefs and arguing dispositive and evidentiary motions. In particular, Giuseppe has represented both plaintiffs and defendants in litigation involving securities valuation, unfair competition, breach of contract, and business torts in the financial services, technology, insurance and manufacturing industries. This experience includes the successful representation of a valuation firm with respect to its valuation of $450 million of a credit union's paid-in-capital shares. In addition, Giuseppe successfully represented a broker against a nationwide insurance company's claims of unfair competition in *Farmers Insurance Exchange v. Schweiss* and represented individuals in an unfair competition case against a technology company in *EMC v. Pantaenius*.  He was recently part of the trial team that obtained a breach of contract verdict on behalf of the plaintiff in *Eagle Industries, Ltd v. KDH Defense Systems, Inc.* involving the sale of body armor to the U.S. Marine Corp.  In *Eagle Industries,* Giuseppe successfully convinced the trial judge to give a jury instruction with a presumption in favor of his client, which resulted in a plaintiff's verdict on that claim.

Giuseppe is a 2003 graduate of Saint Louis University School Law, where he graduated *Cum Laude, Order of the Woolsack.* In law school, Giuseppe clerked for the Civil Division of the Office of the United States Attorney, Eastern District of Missouri. Giuseppe served as a Staff Editor of the Saint Louis University Journal of Health Law & Policy. In addition, he served as the coach for the Kirkwood High School Mock Trial Team for several years.

### Garrett R. Broshuis

Garrett R. Broshuis is an attorney at Korein Tillery's St. Louis office. Garrett received his J.D. from Saint Louis University, where he graduated valedictorian and served as Editor-in-Chief of the Law Journal.  Garrett interned for Chief Judge Catherine Perry of the U.S. District Court for the Eastern District of Missouri. He obtained his B.A., summa cum laude, from the University of Missouri-Columbia.

Garrett currently represents clients in securities litigation emanating from the failure of the mortgage-backed securities market and employment litigation.  His appellate experience includes briefing and arguing multiple cases in the Missouri Court of Appeals.

During his undergraduate career at the University of Missouri, Garrett earned both All-American and Academic All-American honors for NCAA Division-I baseball. In 2004, he became a finalist for the Big 12 Conference Male Athlete of the Year after recording a perfect 11-0 record as a pitcher. He also earned the school's Total Person Program Excellence Award three times.

The San Francisco Giants drafted Garrett in the fifth round of the 2004 amateur baseball draft. He played at all levels of minor league baseball during his six-year career with the Giants and attained the second most wins of any pitcher in the entire organization from 2008 to 2009. For four years, he wrote a regular column for two sports magazines, The Sporting News and Baseball America, and has been published in numerous other news outlets such as USA Today.

In a 2013 writing contest hosted by the Sports Lawyers Association, Garrett won second place for his submission entitled Death to the Crazy Hotdog Vendor?: The Continued Erosion of the Baseball Rule After Coomer v. Kansas City Royals.