SAMUEL KORNHAUSER, Esq., California Bar No. 083528
LAW OFFICES OF SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, California 94111
Telephone: (415) 981-6281
Facsimile: (415) 981-7616

BRIAN DAVID, Esq., Illinois ARDC No. 0582468 *(pro hac vice)*
LAW OFFICES OF BRIAN DAVID
33 North LaSalle Street, Suite 3200
Chicago, Illinois 60610
Telephone: (847) 778-7528
Facsimile: (312) 346-8469

Attorneys for *Marti* Plaintiffs and
those similarly situated in
*Marti, et al. v. Office of the
Commissioner of Baseball, et al.,*
Case No. 3:14-cv-03289-RS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL, et al.,<br><br>Defendants. | **Case No. 3:14-cv-00608-RS**<br><br>**CLASS ACTION**<br><br>**THE MARTI PLAINTIFFS' MEMORANDUM IN OPPOSITION TO THE SENNE PLAINTIFFS' MOTION TO CONSOLIDATE RELATED CASES**<br><br>Date: October 9, 2014<br>Time: 1:30 p.m.<br>Crtrm: 3 – 17th Floor |

**INTRODUCTION**

The plaintiffs in *Marti, et al. v. Office of the Commissioner of Baseball, et al.*, Case No. 3:14-cv-03289-RS, ("*Marti* Plaintiffs") oppose the motion of the plaintiffs in *Senne, et al. v. Office of the Commissioner of Baseball, et al.*, Case No. 3:14-cv-00608-RS, ("*Senne* litigation") to consolidate that action "for all purposes" with this action, *Marti v. Office of the Commissioner of Baseball* ("*Marti* litigation"), for the following reasons:

1. The *Marti* litigation involves some state law claims that are different and not involved in the *Senne* case. *Horizon Asset Management Inc. v. H & R Block, Inc.* 580 F. 3d 755, 768-769 (8th Cir. 2009). The *Marti* case is brought as a class action on behalf of minor league baseball players for violations of wage and unfair competition laws in California, Florida, Arizona, Pennsylvania, Maryland and Oregon. Plaintiffs' counsel in the *Marti* case have been contacted by additional minor league baseball players and expect to amend their complaint to assert class action claims for violations of additional state laws. The *Senne* case does not assert claims for violations of Pennsylvania, Maryland or Oregon state laws.

In addition, the *Marti* Plaintiffs also assert claims for violations of California's laws not asserted in the *Senne* case.

2. While counsel for the *Marti* Plaintiffs were willing to, and in fact reached out to counsel for the *Senne* Plaintiffs to, cooperate in the prosecution of these cases, counsel for the *Senne* Plaintiffs summarily refused to jointly cooperate. Counsel for the *Marti* Plaintiffs believe they can more efficiently, expeditiously and inexpensively prosecute this action than the numerous plaintiffs' counsel in the *Senne* case. If the *Marti* Plaintiffs' counsel are not at least appointed interim co-lead counsel, then consolidation would be problematic and erroneous. *Horizon Asset Management Inc. v. H & R Block, Inc.* 580 F. 3d 755, 768-769 (8th Cir. 2009).

3. While the *Marti* Plaintiffs would not oppose consolidation of discovery efforts (to the extent the discovery overlaps on the common federal and California, Florida and Arizona state law claims), there should be <u>no</u> consolidation for discovery of claims asserting violations of Pennsylvania, Maryland and Oregon state laws or for any other purposes, i.e., motions, settlement or trial. Moreover, since the *Senne* Plaintiffs's counsel are seeking to be

appointed as <u>sole</u> interim lead plaintiffs' counsel (including for state law claims they have not alleged and are not litigating) as opposed to co-lead plaintiffs' counsel along with the *Marti* Plaintiffs' counsel, consolidation for any purpose other than common discovery should be denied. *Horizon Asset Management Inc. v. H & R Block, Inc.* 580 F. 3d 755, 768-769 (8th Cir. 2009).

**STATEMENT OF FACTS**

On February 7, 2014, the *Senne* Plaintiffs filed a complaint against the Commissioner of Baseball and several major league baseball clubs. (Docket No. 1). On March 5, 2014, The *Senne* Plaintiffs filed a first amended complaint naming several more named plaintiffs and additional baseball club defendants. (Docket No. 19).

On May 16, 2014, the *Senne* Plaintiffs filed their pending Second Amended Complaint alleging class action claims for violation of the Fair Labor Standards Act ("FLSA") and wage and quantum meruit claims under the state laws of California, Florida, Arizona, North Carolina, and New York. (Docket No. 57).

The *Senne* Second Amended Complaint does not assert claims for violations of California Labor Code §§ 221 and 432.5, Pennsylvania, Maryland and Oregon law.

On July 7, 2014, the Korein Tillery, LLC and the Pearson, Simon & Warshaw, LLP law firms filed a motion to be appointed interim lead plaintiffs' attorneys.

On July 21, 2014, the *Marti* Plaintiffs filed the pending class action complaint in this Court on behalf of minor league baseball players against the Commissioner of Baseball and all of the major league baseball clubs asserting class action claims for violations of the FLSA and violations of various state laws of California, Arizona, Florida, Pennsylvania, Maryland and Oregon. (Case No. 3:14-cv-03289-RS).

On July 21, 2014, the attorneys for the *Marti* Plaintiffs, with the permission of Magistrate Judge Spero, filed an opposition in the *Senne* case to the *Senne* Plaintiffs' motion for appointment of interim lead counsel. The *Marti* Plaintiffs' counsel contacted counsel for the

*Senne* Plaintiffs to discuss cooperating in acting as interim <u>co</u>-lead counsel in the two cases, but counsel for the *Senne* Plaintiffs refused the offer to cooperate.

On July 28, 2014, the cases were ordered related. (*Senne* Docket No. 196).

On August 18, 2014, *Senne* Plaintiffs' counsel moved to consolidate the *Senne* case and the *Marti* case "for all purposes." (*Senne* Docket No. 200).

On August 19, 2014, the *Senne* Plaintiffs filed a "renewed" motion to be appointed as lead plaintiffs' counsel for the *Senne* case. (*Senne* Docket No. 201).

**ARGUMENT**

In determining whether consolidation is appropriate, the court must balance the possible savings of time and effort against the potential for delay, confusion, and prejudice that could be caused by consolidation. *Southwest Marin, Inc. v. Triple A Mach. Shop, Inc.* 720 F. Supp. 805, 806-807 (N.D. Cal. 1989) [consolidation denied because it would confuse jury and would prejudice some plaintiffs].

Where, as here, the cases assert some different class action claims and counsel in one case seek to act as sole lead plaintiffs' counsel for both cases but are not pursuing all claims asserted in the other case, it is both inappropriate to consolidate the cases for all purposes and inappropriate to name counsel which is not representing all parties on all claims as sole lead counsel in both actions. *Horizon Asset Management Inc. v. H & R Block, Inc.* 580 F. 3d 755, 768-769 (8th Cir. 2009). [1]

In *Horizon Asset*, the District Court consolidated multiple actions alleging class action securities violations. The District Court appointed counsel for one set of plaintiffs as sole lead

---

[1] *Senne*'s reliance on *Investors Research Co. v. U.S. Dist. Court of Cent. Dist. of California* 877 F. 2d 777 (9th Cir. 1989) is misplaced. In that case, the plaintiffs in both cases were represented by the same counsel, and there was no opposition to consolidation and no claim of prejudice in consolidating the cases. That is not our case.

Likewise, in *Huene v. U.S.* 743 F. 2d 703 (9th Cir. 1984), the same plaintiff represented by the same counsel brought a FOIA claim against the IRS for information acquired by the IRS before April 16, 1982 and then brought a second FOIA action against the IRS for information acquired by the IRS after April 16, 1982. Again, there was no opposition to consolidation and no claim of prejudice.

3

plaintiff, but those plaintiffs and counsel were not asserting the derivative claims asserted by the other plaintiffs. The Court of Appeal held it was error to appoint one named plaintiff and its counsel as sole lead plaintiff because they were not asserting the derivative claims.

Here while there may be some overlap in discovery with regard to the FLSA claims, the *Marti* Plaintiffs are also asserting class action claims for violations of Pennsylvania, Maryland, and Oregon state laws which are not asserted by the *Senne* Plaintiffs. Therefore, it would be "problematic" and an abuse of discretion for this Court to consolidate "for all purposes" the *Senne* and the *Marti* cases.

The *Marti* case is asserting different state claims and will be asserting additional different state claims which are not asserted in the *Senne* case. It would be prejudicial and manifestly unfair to consolidate the *Senne* and *Marti* cases for any purposes other than possibly for discovery on their common FLSA claims, and it would be prejudicial and unfair to appoint the *Senne* counsel as sole interim lead counsel since they are not asserting and do not represent the *Marti* Plaintiffs on their different state law claims.

**CONCLUSION**

For the reasons set forth above, the *Senne* case and the *Marti* case should not be consolidated. If they are consolidated, the cases should be consolidated only for the limited purpose of possible overlapping discovery regarding the FLSA claims and the *Marti* counsel should be appointed as interim co-lead counsel along with the *Senne* Plaintiffs' proposed interim lead counsel. Otherwise, the *Senne* Plaintiffs' motion to appoint the Korein Tillery, LLC and the Pearson, Simon & Warshaw, LLP law firms as sole lead counsel should be denied, as should their motion to consolidate for all purposes.

DATED: September 2, 2014　　　　　　　LAW OFFICES OF SAMUEL KORNHAUSER

　　　　　　　　　　　　　　　　　　　　　and

　　　　　　　　　　　　　　　　　　　　LAW OFFICES OF BRIAN DAVID


　　　　　　　　　　　　　　　　　　　By: ____/s/ Samuel Kornhauser_____
　　　　　　　　　　　　　　　　　　　　　　Samuel Kornhauser
　　　　　　　　　　　　　　　　　　　　　　Attorneys for *Marti* Plaintiffs and
　　　　　　　　　　　　　　　　　　　　　　those similarly situated

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the forgoing **THE MARTI PLAINTIFFS' MEMORANDUM IN OPPOSITION TO THE SENNE PLAINTIFFS' MOTION TO CONSOLIDATE RELATED CASES** has been filed electronically with the U.S. District Court, Northern District of California this 2nd day of September, 2014. Notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system.

                                          /s/ Jefferson Lai
                                            Jefferson Lai

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111