# Exhibit A

1  STEPHEN M. TILLERY *(pro hac vice)*
      stillery@koreintillery.com
2  GARRETT R. BROSHUIS *(pro hac vice)*
      gbroshuis@koreintillery.com
3  GIUSEPPE S. GIARDINA *(pro hac vice)*
      ggiardina@koreintillery.com
4  **KOREIN TILLERY, LLC**
   505 North 7th Street, Suite 3600
5  St. Louis, MO 63101
   Telephone:  (314) 241-4844
6  Facsimile: (314) 241-3525

7  GEORGE A. ZELCS *(pro hac vice)*
      gzelcs@koreintillery.com
8  **KOREIN TILLERY, LLC**
   205 North Michigan, Suite 1950
9  Chicago, IL  60601
   Telephone: (312) 641-9750
10

11  BRUCE L. SIMON (Bar No. 96241)                      DANIEL L. WARSHAW (Bar No. 185365)
       bsimon@pswlaw.com                                   dwarshaw@pswlaw.com
    THOMAS K BOARDMAN (Bar No. 276313)                  BOBBY POUYA (Bar No. 245527)
12     tboardman@pswlaw.com                                bpouya@pswlaw.com
    **PEARSON, SIMON & WARSHAW, LLP**                   **PEARSON, SIMON & WARSHAW, LLP**
13  44 Montgomery Street, Suite 2450                    15165 Ventura Boulevard, Suite 400
    San Francisco, CA 94104                             Sherman Oaks, California 91403
14  Telephone:  (415) 433-9000                          Telephone:  (818) 788-8300
    Facsimile: (415) 433-9008                           Facsimile: (818) 788-8104
15
    (*Additional Counsel Listed on Signature Page*)
16
    Attorneys for all Plaintiffs, individually and on
17  behalf of all those similarly situated

18                     **UNITED STATES DISTRICT COURT**

19         **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

20  AARON SENNE, et al., Individually and on            CASE NO. 3:14-cv-00608-JCS
    Behalf of All Those Similarly Situated;
21                                                      **CLASS ACTION**
                  Plaintiffs,
22                                                      **PLAINTIFFS' FIRST SET OF
             vs.                                        INTERROGATORIES TO
23                                                      PERSONAL JURISDICTION
    OFFICE OF THE COMMISSIONER OF                       DEFENDANTS REGARDING
24  BASEBALL, an unincorporated association             PERSONAL JURISDICTION
    doing business as MAJOR LEAGUE                      AND VENUE**
25  BASEBALL; et al.;

26                Defendants.

27

28
    859776.1
    ──────────────────────────────────────────────────────────────────
              PLAINTIFFS' FIRST SET OF INTERROGATORIES TO PERSONAL
        JURISDICTION DEFENDANTS REGARDING PERSONAL JURISDICTION AND VENUE

Pursuant to Fed. R. Civ. P. 33, Plaintiffs hereby request Atlanta National League Baseball Club, Inc.; Boston Red Sox Baseball Club L.P.; Chicago White Sox, Ltd.; Cleveland Indians Baseball Co., L.P.; Cleveland Indians Baseball Co.; Inc., Detroit Tigers, Inc.; New York Yankees, P'ship; The Phillies; Pittsburgh Associates, LP; Tampa Bay Rays Baseball, Ltd.; Washington Nationals Baseball Club, LLC; Baltimore Orioles L.P.; and Baltimore Orioles, Inc.[1] to respond to the following Interrogatories within thirty (30) days of the date of these Interrogatories:

**DEFINITIONS**

1. The term "Communication" (or any variant thereof) means any contact between or among two or more Persons, including but not limited to written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mail, instant message, or any other Document; the transmittal of information by any means; any oral contact such as face-to-face meetings or telephone conversations; and any writings memorializing such oral contact.

2. The term "Document" or "Documents" means "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. Fed. R. Civ. P. 34(a)(1)(A).

3. The term "Identify" with respect to a natural person, shall require You to state the Person's name, residential address, business addresses, title and scope of duties, if applicable.

4. The term "Identify" with respect to corporation, firm, company, sole proprietorship, partnership, joint venture, association, institute, or other business, legal or governmental entity or association shall require you to state its, state of incorporation, the address it maintains for its principal place of business, headquarters, and each of its offices.

---

[1] These Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction. A separate set of interrogatories will be sent to those Defendants who did not join the jurisdictional motion.

859776.1

1

PLAINTIFFS' FIRST SET OF INTERROGATORIES TO PERSONAL
JURISDICTION DEFENDANTS REGARDING PERSONAL JURISDICTION AND VENUE

5. The terms "High School," "College" and "Junior College" shall have the same meanings as those ascribed to them in the Basic Agreement of the Major League Baseball Players Association ("Basic Agreement").

6. The term "Person" means natural person, corporation, firm, company, sole proprietorship, partnership, joint venture, association, institute, or other business, legal or governmental entity or association, including any directors, officers, employees, agents, successors, predecessors, assignees, or representatives thereof.

7. As used herein "You" or "Your" means each of the following Defendants—individually as opposed to collectively—including each Defendant's agents, subsidiaries, related entities, affiliated companies, predecessors, successors, assigns, officers, directors, partners, employees, representatives (in their individual or representative capacities), affiliates of any kind or nature, or any person or entity acting on its behalf: Atlanta National League Baseball Club, Inc.; Boston Red Sox Baseball Club L.P.; Chicago White Sox, Ltd.; Cleveland Indians Baseball Co., L.P.; Cleveland Indians Baseball Co.; Inc., Detroit Tigers, Inc.; New York Yankees, P'ship; The Phillies; Pittsburgh Associates, LP; Tampa Bay Rays Baseball, Ltd.; Washington Nationals Baseball Club, LLC; Baltimore Orioles L.P.; and Baltimore Orioles, Inc. The definition of "You" and "Your" includes any entity that has owned and operated the baseball team currently operated by each Defendant between January 1, 2008 and the present. Thus, the term "You" and "Your" addresses each Defendant separately and requires a separate response from each Defendant identified herein.

8. The masculine form of a noun or pronoun shall be considered to include the feminine form of the noun or pronoun, and vice versa as may be appropriate to construe the individual Interrogatory in the broadest form.

9. Unless otherwise specified herein, the terms and phrases used in these Interrogatories shall have the same meaning as applied to them when used in the Basic Agreement or the Major League Rules, as applicable, or their commonsense, dictionary meaning. If You contend that a term or phrase is vague or ambiguous You shall answer the Interrogatory based on Your interpretation of the term or phrase and provide an description of Your understanding.

# INSTRUCTIONS

1. To the fullest extent, each Interrogatory shall be deemed continuing so as to require further and supplemental responses if You receive, discover, become aware of or create additional responsive information subsequent to the date of Your response to these Interrogatories.

2. If You object to or otherwise refuse to comply with any portion of an Interrogatory, please (i) state the objection or reason for such refusal, and (ii) provide all information called for by that portion of the Interrogatory to which You do not object or which You do not decline to answer as follows:

    a. If You object to a Interrogatory on the ground that to respond would constitute an undue burden, then You shall respond as fully as possible without undertaking such asserted undue burden; and

    b. If You object to any portion of an Interrogatory on the ground that it is vague or indefinite, You shall set forth Your good faith understanding of the allegedly vague or indefinite term and shall then respond to the Interrogatory based upon that stated understanding.

3. If You refuse to answer any Interrogatory on the ground of privilege, please provide a statement of the claim of privilege and all facts relied upon in support of that claim. Fed. R. Civ. P. 26(b)(5).

4. Unless otherwise stated, the time period for each interrogatory is January 1, 2008 through the present.

# INTERROGATORIES

1. Identify each address at which you maintained an office or place of business or owned or leased property in California that is used in Your business.

2. Identify each Person (including but not limited to corporate officers or directors, owners, general managers, assistant general managers, special assistants to the general manager, pitching or hitting coordinators, directors of minor league operations, scouting directors, other coordinators and directors, roving instructors, minor league coaches or managers, area scouts, associate scouts or "bird dogs," supervisor or regional scouts, cross-checkers, or pro-coverage

scouts—either advanced MLB scouts or scouts covering the minor leagues) employed or contracted by You who has (i) lived in California, (ii) worked in California, (iii) traveled to California for Your business, (iv) attended any MLB or MiLB meeting, gathering or event in California, or (v) recruited any baseball player living in California or attending High School, College or Junior College in California.

    3. For each Person Identified in response to Interrogatory number 2(i), state:

        a. The Person's city of residence;

        b. The city in which the Person has maintained his place of business;

        c. The time period that such person lived in California while employed or contracted by You; and

        d. The Person's title and scope of responsibility.

    4. For each Person Identified in response to Interrogatory number 2(ii)-(v), state:

        a. The Person's city of residence;

        b. The city in which the Person has maintained his place of business;

        c. The purpose and duration of the Person's presence in California for each occasion he or she was in California; and

        d. The Person's title and scope of responsibility.

    5. For each year between 2008 and the present, state the number of California residents drafted by You or signed to a Minor League Uniform Player Contract by You.

    6. For each year between 2008 and the present, state the number of minor leaguers employed by You who maintained an off-season address in California.

    7. For each year between 2008 and the present, identify each off-season workout, conditioning or training packet, contract addenda (including an "Addendum C"), or any other communication relating to their employment You sent to minor leaguers identified in interrogatory number 6.

    8. For each year between 2008 and the present, identify the number of minor leaguers that signed a Uniform Player Contract, any subsequent contract addenda (including "Addendum C"), or employment contract in California.

9. Identify the date and location of each tryout You held in California, (Major League Rule 3(g)), and state:

    a. The overall number of Persons (including those trying out) who attended;

    b. The number of California residents who attended, and the number from each other state as needed;

    c. The name and residence of the person who attended on Your behalf.

10. Identify any revenue You have generated based on any activity occurring in California, whether the activity was performed by You or not, including revenue from licensing, merchandising, televised baseball games, ticket sales, the Base Plan (Article XXIV of the Basic Agreement), the Revenue Sharing Plan (Article XXIV of the Basic Agreement), the Supplemental Plan (Article XXIV of the Basic Agreement), the Commissioner's Discretionary Fund (Article XXIV of the Basic Agreement), Major League Baseball Properties, Inc., or Major League Baseball Advanced Media, and state:

    a. The amount of the revenue by Revenue Sharing Year or calendar year ;

    b. The source of the revenue by Revenue Sharing Year or calendar year.

11. Identify each of Your employees for whom You have paid payroll taxes to the state of California due to work performed on Your behalf.

12. Identify the amount of any taxes, including but not limited to income taxes, corporate, partnership or LLC taxes, local taxes, franchise taxes, licensing fees, franchise fees, fines, penalties, unemployment insurance, employment training tax, or state disability insurance You have paid to the state of California or any agency of the state of California.

13. Identify each lawsuit or workers compensation claim You have been a party to in California state or federal court, any California administrative tribunal, or arbitration located in California and state:

    a. Whether You were the plaintiff / petitioner or defendant / respondent;

    b. The court or tribunal in which the matter was pending;

    c. The name of Your adversary;

    d. The nature of each action;

   e. If You were the defendant / respondent, whether You contest(ed) personal jurisdiction or venue.

This Interrogatory specifically includes the workers compensation matters identified on Exhibit A to these Interrogatories.

  14. Identify each possible witness who you contend will be inconvenienced by a trial of this case in the Northern District of California, the reason each will be inconvenienced, and the Person's city of residence and city of principal place of business.

  15. Identify each first year player that You permitted to alter or change his Uniform Player Contract (other than the information provided in the addenda, such as personal information of the draftee, the signing bonus, if any, and college scholarship plan, if any).

  16. Have You ever been qualified, licensed or registered to do business in California? If yes, identify the years in which You were registered to do business in California and the reason You terminated the registration or otherwise failed to continue to be registered to do business in California.

Dated: July 9, 2014

Respectfully submitted,

/s/ *Giuseppe S. Giardina*

| | |
|---|---|
| Bruce L. Simon (Bar No. 96241) | Stephen M. Tillery (*pro hac vice*) |
| bsimon@pswlaw.com | stillery@koreintillery.com |
| PEARSON, SIMON & WARSHAW LLP | Giuseppe S. Giardina (*pro hac vice*) |
| 44 Montgomery Street, Suite 2450 | ggiardina@koreintillery.com |
| San Francisco, CA 94104 | Garrett R. Broshuis (*pro hac vice*) |
| Telephone: (415) 433-9000 | gbroshuis@koreintillery.com |
| Facsimile: (415) 433-9008 | KOREIN TILLERY, LLC |
| | 505 North 7th Street, Suite 3600 |
| Daniel L. Warshaw (Bar No. 185365) | St. Louis, MO 62101 |
| dwarshaw@pswlaw.com | Telephone: (314) 241-4844 |
| Bobby Pouya (Bar No. 245527) | Facsimile: (314) 241-3525 |
| bpouya@pswlaw.com | |
| PEARSON, SIMON & WARSHAW LLP | George A. Zelcs (*pro hac vice*) |
| 15165 Ventura Boulevard, Suite 400 | gzelcs@koreintillery.com |
| Sherman Oaks, CA 91403 | KOREIN TILLERY, LLC |
| Telephone: (818) 788-8300 | 205 North Michigan, Suite 1950 |
| Facsimile: (818) 788-8104 | Chicago, IL 60601 |
| | Telephone: (312) 641-9750 |
| Randall K. Pulliam (*pro hac vice*) | Facsimile: (314) 241-3525 |
| rpulliam@cbplaw.com | |
| CARNEY BATES & PULLIAM, PLLC | Kelly M. Dermody (State Bar No. 171716) |
| 11311 Arcade Drive | kdermody@lchb.com |
| Little Rock, AR 72212 | Anne B. Shaver (State Bar No. 255928) |
| Telephone: 501.312.8500 | ashaver@lchb.com |
| Facsimile: 501.312.8505 | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
| | 275 Battery Street, 29th Floor |
| Brian P. Murray (*pro hac vice*) | San Francisco, CA 94111-3339 |
| bmurray@glancylaw.com | Telephone: 415.956.1000 |
| Lee Albert (*pro hac vice*) | Facsimile: 415.956.1008 |
| lalbert@glancylaw.com | |
| GLANCY BINKOW & GOLDBERG LLP | Rachel Geman (*pro hac vice*) |
| 122 East 42nd Street | rgeman@lchb.com |
| Suite 2920 | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
| New York, NY 10168 | 250 Hudson Street, 8th Floor |
| Telephone: (212) 682-5340 | New York, NY 10013-1413 |
| Facsimile: (212) 884-0988 | Telephone: 212.355.9500 |
| | Facsimile: 212.355.9592 |

*Attorneys for Plaintiffs, Individually and All Those Similarly Situated*

859776.1

7

PLAINTIFFS' FIRST SET OF INTERROGATORIES TO PERSONAL
JURISDICTION DEFENDANTS REGARDING PERSONAL JURISDICTION AND VENUE

### CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of July, 2014, a true and accurate copy of the foregoing was served via electronic mail on the following:

| | |
|---|---|
| Howard L. Ganz<br>Elise M. Bloom<br>Adam M Lupion<br>Neil H. Abramson<br>PROSKAUER ROSE LLP<br>Eleven Times Square<br>New York, NY 10036-8299<br>Telephone: 212-969-3000<br>Facsimile: 212-969-2900<br>hganz@proskauer.com<br>ebloom@proskauer.com<br>alupion@proskauer.com<br>nabramson@proskauer.com<br><br>Laura L Reathaford<br>PROSKAUER ROSE LLP<br>2049 Century Park East, 32nd Floor<br>Los Angeles, CA 90067<br>Telephone: 310-557-2900<br>Facsimile: 310-557-2193<br>lreathaford@proskauer.com | Alan Mark Rifkin<br>Joyce Elizabeth Smithey<br>RIFKIN, WEINER, LIVINGSTON, LEVITAN AND SILVER, LLC<br>225 Duke of Gloucester Street<br>Annapolis, MD 21401<br>Telephone: 410- 269-5066<br>Facsimile: 410- 269-6274<br>arifkin@rwlls.com<br>jsmithey@rwlls.com<br><br>Marie Celeste Bruce<br>RIFKIN, WEINER, LIVINGSTON, LEVITAN AND SILVER, LLC<br>7979 Old Georgetown Road, Suite 400<br>Bethesda, MD 20814<br>Telephone: 301- 951-0150<br>Facsimile: 301- 951-0172<br>cbruce@rwlls.com<br><br>D. Gregory Valenza<br>SHAW VALENZA LLP<br>300 Montgomery Street, Suite 788<br>San Francisco, California 94104<br>Tel: (415) 983-5960<br>Fax: (415) 983-5963<br>gvalenza@shawvalenza.com |

                                                */s/ Giuseppe S. Giardina*