# Exhibit B

1 | STEPHEN M. TILLERY *(pro hac vice)*
    stillery@koreintillery.com
2 | GARRETT R. BROSHUIS *(pro hac vice)*
    gbroshuis@koreintillery.com
3 | GIUSEPPE S. GIARDINA *(pro hac vice)*
    ggiardina@koreintillery.com
4 | **KOREIN TILLERY, LLC**
    505 North 7th Street, Suite 3600
5 | St. Louis, MO 63101
    Telephone:  (314) 241-4844
6 | Facsimile: (314) 241-3525

7 | GEORGE A. ZELCS *(pro hac vice)*
    gzelcs@koreintillery.com
8 | **KOREIN TILLERY, LLC**
    205 North Michigan, Suite 1950
9 | Chicago, IL  60601
    Telephone: (312) 641-9750
10 |

11 | BRUCE L. SIMON (Bar No. 96241)          DANIEL L. WARSHAW (Bar No. 185365)
       bsimon@pswlaw.com                       dwarshaw@pswlaw.com
12 | THOMAS K BOARDMAN (Bar No. 276313)      BOBBY POUYA (Bar No. 245527)
       tboardman@pswlaw.com                    bpouya@pswlaw.com
13 | **PEARSON, SIMON & WARSHAW, LLP**       **PEARSON, SIMON & WARSHAW, LLP**
     44 Montgomery Street, Suite 2450        15165 Ventura Boulevard, Suite 400
14 | San Francisco, CA 94104                 Sherman Oaks, California 91403
     Telephone:  (415) 433-9000              Telephone:  (818) 788-8300
15 | Facsimile: (415) 433-9008               Facsimile: (818) 788-8104

16 | (*Additional Counsel Listed on Signature Page*)

17 | Attorneys for all Plaintiffs, individually and on behalf of all those similarly situated

18 | **UNITED STATES DISTRICT COURT**

19 | **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated; | CASE NO. 3:14-cv-00608-JCS |
| Plaintiffs, | **CLASS ACTION** |
| vs. | **PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PERSONAL JURISDICTION DEFENDANTS REGARDING PERSONAL JURISDICTION AND VENUE** |
| OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL; et al.; | |
| Defendants. | |

859762.1

Pursuant to Fed. R. Civ. P. 34, Plaintiffs hereby request Atlanta National League Baseball Club, Inc.; Boston Red Sox Baseball Club L.P.; Chicago White Sox, Ltd.; Cleveland Indians Baseball Co., L.P.; Cleveland Indians Baseball Co.; Inc., Detroit Tigers, Inc.; New York Yankees, P'ship; The Phillies; Pittsburgh Associates, LP; Tampa Bay Rays Baseball, Ltd.; Washington Nationals Baseball Club, LLC; Baltimore Orioles L.P.; and Baltimore Orioles, Inc.[1] to produce the following documents in their possession, custody or control within thirty (30) days of the date of this Request:

## DEFINITIONS

1. The term "Communication" (or any variant thereof) means any contact between or among two or more Persons, including but not limited to written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mail, instant message, or any other Document; the transmittal of information by any means; any oral contact such as face-to-face meetings or telephone conversations; and any writings memorializing such oral contact.

2. The term "Document" or "Documents" means "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. Fed. R. Civ. P. 34(a)(1)(A).

3. The term "Identify" with respect to a natural person, shall require You to state the Person's name, residential address, business addresses, title and scope of duties, if applicable.

4. The term "Identify" with respect to corporation, firm, company, sole proprietorship, partnership, joint venture, association, institute, or other business, legal or governmental entity or association shall require you to state its, state of incorporation, the address it maintains for its principal place of business, headquarters, and each of its offices.

---

[1] These Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction. A separate set of requests will be sent to those Defendants who did not join the jurisdictional motion.

5. The terms "High School," "College" and "Junior College" shall have the same meanings as those ascribed to them in the Basic Agreement of the Major League Baseball Players Association ("Basic Agreement").

6. The term "Person" means natural person, corporation, firm, company, sole proprietorship, partnership, joint venture, association, institute, or other business, legal or governmental entity or association, including any directors, officers, employees, agents, successors, predecessors, assignees, or representatives thereof.

7. As used herein "You" or "Your" means each of the following Defendants—individually as opposed to collectively—including each Defendant's agents, subsidiaries, related entities, affiliated companies, predecessors, successors, assigns, officers, directors, partners, employees, representatives (in their individual or representative capacities), affiliates of any kind or nature, or any person or entity acting on its behalf: Atlanta National League Baseball Club, Inc.; Boston Red Sox Baseball Club L.P.; Chicago White Sox, Ltd.; Cleveland Indians Baseball Co., L.P.; Cleveland Indians Baseball Co.; Inc., Detroit Tigers, Inc.; New York Yankees, P'ship; The Phillies; Pittsburgh Associates, LP; Tampa Bay Rays Baseball, Ltd.; Washington Nationals Baseball Club, LLC; Baltimore Orioles L.P.; and Baltimore Orioles, Inc. The definition of "You" and "Your" includes any entity that has owned and operated the baseball team currently operated by each Defendant between January 1, 2008 and the present. Thus, the term "You" and "Your" addresses each Defendant separately and requires a separate response from each Defendant identified herein.

8. Unless otherwise specified herein, the terms and phrases used in these Requests shall have the same meaning as applied to them when used in the Basic Agreement or the Major League Rules, as applicable, or their commonsense, dictionary meaning. If You contend that a term or phrase is vague or ambiguous You shall respond to the Request based on Your interpretation of the term or phrase and provide an description of Your understanding.

**INSTRUCTIONS**

1. All requests hereunder for the production of Documents require production of the requested Documents in full, without deletion, redaction, abbreviation, or expurgation.

2. All Documents should be produced in the order in which they appear in Your files, organized by source, and should contain a clear indication of where each Document ends and the next begins. Documents that are found in boxes, file folders, bindings, or other containers are to be left intact as kept. Documents maintained in a file folder or binding should be preceded by the file folder or binding label, if one exists, and should contain a clear indication of where the file folder or binding begins and ends. All attachments to a Document should be produced with the Document. Hard copy Documents are to be electronically imaged consistent with the instructions in this paragraph. A unique control number should be affixed to each page.

3. If You are unable to comply with a demand for any Document in full, You are requested to specify whether Your inability to comply is because the Document has never existed, has been destroyed, cannot be processed fully due to file corruption or protection by an irretrievable password, has been lost, misplaced or stolen, and/or has never been, or is no longer in Your possession, custody, or control. The statement shall set forth the name and address of any person or organization known or believed by You to have possession, custody, or control of the Document.

4. To the fullest extent, each request shall be deemed continuing so as to require further and supplemental production if You receive, discover, become aware of or create additional responsive documents subsequent to the date of Your response to these document requests.

5. If You object to or otherwise refuse to comply with any portion of a document request, please (i) state the objection or reason for such refusal, and (ii) provide all information called for by that portion of the document request to which You do not object or which You do not decline to answer as follows:

    a. If You object to a document request on the ground that to respond would constitute an undue burden, then You shall respond as fully as possible without undertaking such asserted undue burden; and

    b. If You object to any portion of a document request on the ground that it is vague or indefinite, You shall set forth Your good faith understanding of the allegedly vague or indefinite term and shall then respond to the document request based upon that stated understanding

6. If You object to any portion of a document request on the ground that it is vague or indefinite, You shall set forth Your good faith understanding of the allegedly vague or indefinite term and shall then respond to the document request based upon that stated understanding. If any Document requested herein is claimed to be privileged or otherwise withheld, in whole or in part, You must identify each Document and provide the following information:

   a. Identification of the person who created, wrote, or prepared the Document and, if applicable, the person to whom the Document (or copies of it) was sent;

   b. Date on which the Document was created, written, prepared, and/or transmitted;

   c. Description of the nature of the Document (e.g., letter, e-mail, memorandum);

   d. Description of the subject matter of the Document;

   e. Number of pages the Document contains; and

   f. Whether the Document is privileged or otherwise withheld, and why the Document is privileged or withheld.

7. Each request for Documents seeks production of all Documents described along with any attachments, drafts, and non-identical copies in any language whatsoever, in the possession, custody, or control of You or Your respective agents or attorneys. You are specifically instructed to review any storage and archive facilities and the personal files, records, notes, correspondence, daily calendars, telephone logs, and records of all persons who would likely have responsive Documents.

8. Unless otherwise noted, the time period for each request is January 1, 2008, to the present.

**DOCUMENTS AND THINGS TO BE PRODUCED**

1. Documents sufficient to Identify any employee or person contracted by You (including but not limited to corporate officers or directors, owners, general managers, assistant general managers, special assistants to the general manager, pitching or hitting coordinators, directors of minor league operations, scouting directors, other coordinators and directors, roving instructors,

minor league coaches or managers, area scouts, associate scouts or "bird dogs," supervisor or regional scouts, cross-checkers, or pro-coverage scouts—either advanced MLB scouts or scouts covering the minor leagues) who (i) lived in California, (ii) worked in California, (iii) traveled to California for Your business, (iv) attended any MLB or MiLB meeting, gathering or event in California, or (v) recruited any baseball player living in California or attending High School, College or Junior College in California

2. For each Person Identified in response to Interrogatory No. 2, documents sufficient to Identify any business trips taken to California by any employee or person contracted by You, including, but not limited to, Your owner, officers or directors, general manager, assistant general managers, special assistants to the general manager, pitching or hitting coordinators, directors of minor league operations, scouting director, other coordinators and directors, roving instructors, minor league coaches, or any scout, and:

    a. the reason for each trip,

    b. the dates and length of each trip,

    c. the person taking the trip.

3. Documents sufficient to Identify each minor league baseball player employed or drafted by you who:

    a. resided in California at or immediately before the time of signing a contract with you;

    b. played for a California High School, College, or Junior College at the time or immediately before entering minor league baseball; or

    c. maintained an off-season address in California.

4. Each contract, including each Uniform Player Contract or "Addendum C," signed between You and (i) any Person with a California address, or (ii) any Person who played for a California High School, College, or Junior College at the time of or immediately before contracting with you.

5. Communications with any minor leaguer while that minor leaguer was living in California, or who maintained his off-season residence in California, including transmission of any contract or off-season workout, conditioning, or training materials.

6.      Communications made between You to each potential draftee who was a California resident or played at any High School, College or Junior College in California, including information cards and Communications concerning a career in major league baseball or the merits of the Person's contracting with You (Major League Rule 3(g)).

7.      Documents sufficient to Identify any Person attending a California College paid for by You under a College Scholarship Plan, including Tuition Allowances or Living Allowances (as those terms are defined in the Major League Rules).

8.      Communications between You and the Major League Scouting Bureau (which is located in Ontario, California), or any employee of the Major League Scouting Bureau, concerning potential minor leaguers living in California.

9.      Documents sufficient to show any tryouts held by You of any Person attending High School or living in California. (Major League Rule 3(g)).

10.     Documents sufficient to show any taxes including but not limited to income taxes, corporate, partnership or LLC taxes, local taxes, franchise taxes, licensing fees, franchise fees, fines, penalties, unemployment insurance, employment training tax, or state disability insurance, You paid to the State of California, either on behalf of yourself or on behalf of an employee.

11.     Documents sufficient to show revenue paid to You per Revenue Sharing Year or calendar year based on any revenue generated in California or as a result of any activity occurring in California, including revenue from licensing, merchandising, televised baseball games, ticket sales, the Base Plan (Article XXIV of the Basic Agreement), the Revenue Sharing Plan (Article XXIV of the Basic Agreement), the Supplemental Plan (Article XXIV of the Basic Agreement), the Commissioner's Discretionary Fund (Article XXIV of the Basic Agreement), including Your Financial Information Questionnaire Supplementary Information Questionnaire (Article XXIV), Major League Baseball Properties, Inc., or Major League Baseball Advanced Media.

12.     All game schedules (including preseason and postseason) and media guides for each season of Your major league team and each of Your minor league affiliates.

13.     A copy of each Uniform Player Contract signed by any first-year player that shows any term of the contract (other than the information in the addenda, such as the personal information

of the draftee, the signing bonus, if any, and college scholarship plan, if any) that You permitted the player to alter or change.

Dated: July 9, 2014

Respectfully submitted,

/s/ *Giuseppe S. Giardina*

| | |
|---|---|
| Bruce L. Simon (Bar No. 96241) | Stephen M. Tillery (*pro hac vice*) |
| bsimon@pswlaw.com | stillery@koreintillery.com |
| PEARSON, SIMON & WARSHAW LLP | Giuseppe S. Giardina (*pro hac vice*) |
| 44 Montgomery Street, Suite 2450 | ggiardina@koreintillery.com |
| San Francisco, CA 94104 | Garrett R. Broshuis (*pro hac vice*) |
| Telephone: (415) 433-9000 | gbroshuis@koreintillery.com |
| Facsimile: (415) 433-9008 | KOREIN TILLERY, LLC |
| | 505 North 7th Street, Suite 3600 |
| Daniel L. Warshaw (Bar No. 185365) | St. Louis, MO 62101 |
| dwarshaw@pswlaw.com | Telephone: (314) 241-4844 |
| Bobby Pouya (Bar No. 245527) | Facsimile: (314) 241-3525 |
| bpouya@pswlaw.com | |
| PEARSON, SIMON & WARSHAW LLP | George A. Zelcs (*pro hac vice*) |
| 15165 Ventura Boulevard, Suite 400 | gzelcs@koreintillery.com |
| Sherman Oaks, CA 91403 | KOREIN TILLERY, LLC |
| Telephone: (818) 788-8300 | 205 North Michigan, Suite 1950 |
| Facsimile: (818) 788-8104 | Chicago, IL 60601 |
| | Telephone: (312) 641-9750 |
| Randall K. Pulliam (*pro hac vice*) | Facsimile: (314) 241-3525 |
| rpulliam@cbplaw.com | |
| CARNEY BATES & PULLIAM, PLLC | Kelly M. Dermody (State Bar No. 171716) |
| 11311 Arcade Drive | kdermody@lchb.com |
| Little Rock, AR 72212 | Anne B. Shaver (State Bar No. 255928) |
| Telephone:  501.312.8500 | ashaver@lchb.com |
| Facsimile:  501.312.8505 | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
| Brian P. Murray  (*pro hac vice*) | 275 Battery Street, 29th Floor |
| bmurray@glancylaw.com | San Francisco, CA  94111-3339 |
| Lee Albert (*pro hac vice*) | Telephone:  415.956.1000 |
| lalbert@glancylaw.com | Facsimile:  415.956.1008 |
| GLANCY BINKOW & GOLDBERG LLP | |
| 122 East 42nd Street | Rachel Geman   (*pro hac vice*) |
| Suite 2920 | rgeman@lchb.com |
| New York, NY  10168 | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
| Telephone: (212) 682-5340 | 250 Hudson Street, 8th Floor |
| Facsimile: (212) 884-0988 | New York, NY  10013-1413 |
| | Telephone:  212.355.9500 |
| | Facsimile:  212.355.9592 |

*Attorneys for Plaintiffs, Individually and All Those Similarly Situated*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of July, 2014, a true and accurate copy of the foregoing was served via electronic mail on the following:

| | |
|---|---|
| Howard L. Ganz<br>Elise M. Bloom<br>Adam M Lupion<br>Neil H. Abramson<br>PROSKAUER ROSE LLP<br>Eleven Times Square<br>New York, NY 10036-8299<br>Telephone: 212-969-3000<br>Facsimile: 212-969-2900<br>hganz@proskauer.com<br>ebloom@proskauer.com<br>alupion@proskauer.com<br>nabramson@proskauer.com<br><br>Laura L Reathaford<br>PROSKAUER ROSE LLP<br>2049 Century Park East, 32nd Floor<br>Los Angeles, CA 90067<br>Telephone: 310-557-2900<br>Facsimile: 310-557-2193<br>lreathaford@proskauer.com | Alan Mark Rifkin<br>Joyce Elizabeth Smithey<br>RIFKIN, WEINER, LIVINGSTON,<br>LEVITAN AND SILVER, LLC<br>225 Duke of Gloucester Street<br>Annapolis, MD 21401<br>Telephone: 410- 269-5066<br>Facsimile: 410- 269-6274<br>arifkin@rwlls.com<br>jsmithey@rwlls.com<br><br>Marie Celeste Bruce<br>RIFKIN, WEINER, LIVINGSTON,<br>LEVITAN AND SILVER, LLC<br>7979 Old Georgetown Road, Suite 400<br>Bethesda, MD 20814<br>Telephone: 301- 951-0150<br>Facsimile: 301- 951-0172<br>cbruce@rwlls.com<br><br>D. Gregory Valenza<br>SHAW VALENZA LLP<br>300 Montgomery Street, Suite 788<br>San Francisco, California 94104<br>Tel: (415) 983-5960<br>Fax: (415) 983-5963<br>gvalenza@shawvalenza.com |

                                        */s/ Giuseppe S. Giardina*