# Exhibit F

PROSKAUER ROSE LLP
Elise M. Bloom (*pro hac vice*)
Howard L. Ganz
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
11 Times Square
New York, NY 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

PROSKAUER ROSE LLP
Laura Reathaford (SBN 254751)
lreathaford@proskauer.com
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3206
Telephone: 310.557.2900
Facsimile: 310.557.2193

Attorneys for Defendants (except Baltimore Orioles, Inc. and L.P.)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated;<br><br>Plaintiffs,<br><br>vs.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL; et al.;<br><br>Defendants. | CASE NO. 3:14-cv-00608-JCS<br><br>**CLASS ACTION**<br><br>**OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PERSONAL JURISDICTION DEFENDANTS REGARDING PERSONAL JURISDICTION AND VENUE** |

---

OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PERSONAL JURISDICTION DEFENDANTS REGARDING PERSONAL JURISDICTION AND VENUE –
CASE NO. 3:14-CV-00608-JCS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, as well as Local Civil Rule 34 of the Northern District of California, Defendants Atlanta National League Baseball Club, Inc.; Boston Red Sox Baseball Club L.P.; Chicago White Sox, Ltd.; Cleveland Indians Baseball Co., L.P.; Cleveland Indians Baseball Co., Inc., Detroit Tigers, Inc.; New York Yankees, P'ship; The Phillies; Pittsburgh Associates, LP; Tampa Bay Rays Baseball, Ltd.; Washington Nationals Baseball Club, LLC (each "Defendant" and collectively, "Defendants"), by and through their attorneys, Proskauer Rose LLP, hereby object to "Plaintiffs' First Requests for Production of Documents to Personal Jurisdiction Defendants Regarding Personal Jurisdiction and Venue" (the "Requests") and respond as follows:

These objections and responses reflect Defendants' present knowledge of the matters covered by the Requests and their best efforts to identify the information responsive to those Requests. Defendants' efforts are continuing, however, and they reserve the right to amend and/or supplement the objections and responses herein as may be necessary or appropriate.

## GENERAL OBJECTIONS

The following General Objections apply to the Requests, which shall have the same force and effect as if they were fully set forth in response to each individually numbered Request:

1. Defendants object to the Requests because they are unduly burdensome and go beyond the limited scope of discovery related to the pending motions to dismiss for lack of personal jurisdiction and to transfer venue. The documents and information sought in the Requests are duplicative of the Interrogatories, and (notwithstanding Defendant's substantive objections to the Interrogatories), Defendants refer Plaintiffs to their individual responses to the Interrogatories as if incorporated fully herein.

2. Defendants object to the Requests, including the "Definitions" and "Instructions" sections contained in the Requests, to the extent they seek to impose obligations on Defendants that are in addition to, or inconsistent with, those imposed by the Federal Rules of Civil Procedure (the "Federal Rules"), the Local Civil Rules for the Northern District of California (the "Local Civil Rules"), the Court's individual rules and/or standing orders. Defendants will apply the

definitions and instructions established in Rules 26 and 34 of the Federal Rules and Local Civil Rule 34 and will respond to the Requests in accordance with those Rules and will not provide documents or information insofar as such production exceeds the requirements of those Rules.

3.  Defendants object to the "Definitions" section contained in the Requests to the extent they are overbroad, beyond the scope of permissible discovery and/or seek documents or information without proper limitation as to the scope of the limited discovery concerning the pending motions to dismiss for lack of personal jurisdiction and to transfer venue.

4.  Defendants object to the Requests insofar as they are vague and/or ambiguous, fail to identify the documents sought with reasonable particularity, are overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence and unduly burdensome.

5.  Defendants object to the Requests to the extent that they impermissibly infringe upon the privacy rights of third parties.

6.  Defendants object to Plaintiffs' definition of "Communications" in Paragraph 1 of the Definition section of the Requests (and the Requests applying the definition) on the grounds that it is overbroad, seeks documents or information not relevant to the subject matter of this action and goes beyond the scope of the limited discovery that Plaintiffs requested by motion and letter-brief in connection with opposing the pending motion to dismiss for lack of personal jurisdiction and to transfer venue, and to the extent it seeks to impose obligations on Defendants that are in addition to, or inconsistent with, those imposed by the Federal Rules, Local Civil Rules, the Court's individual rules and/or standing orders.

7.  Defendants object to Plaintiffs' definition of "Document" or "Documents" in Paragraph 2 of the Definition section of the Requests (and the Requests applying the definition) on the grounds that it is overbroad, seeks documents or information not relevant to the subject matter of this action and goes beyond the scope of the limited discovery that Plaintiffs requested by motion and letter-brief in connection with opposing the pending motion to dismiss for lack of personal jurisdiction and to transfer venue, and to the extent it seeks to impose obligations on

Defendants that are in addition to, or inconsistent with, those imposed by the Federal Rules, Local Civil Rules, the Court's individual rules and/or standing orders.

8. Defendants object to Plaintiffs' definitions of "Identify" in Paragraphs 3 and 4 of the Definition section of the Requests (and the Requests applying the definition) on the grounds that they are overbroad, unduly burdensome, impermissibly infringe upon privacy rights of third parties to the extent it calls for information like residential addresses, seek documents or information not relevant to the subject matter of this action and go beyond the scope of the limited discovery that Plaintiffs requested by motion and letter-brief in connection with opposing the pending motion to dismiss for lack of personal jurisdiction and to transfer venue, and to the extent they seek to impose obligations on Defendants that are in addition to, or inconsistent with, those imposed by the Federal Rules, the Local Civil Rules, the Court's individual rules and/or standing orders.

9. Defendants object to Plaintiffs' definition of "Person" in Paragraph 6 of the Definition section of the Requests (and the Requests applying the definition) on the grounds that it is overbroad, unduly burdensome, seeks documents or information not relevant to the subject matter of this action and goes beyond the scope of the limited discovery that Plaintiffs requested by motion and letter-brief in connection with opposing the pending motions to dismiss for lack of personal jurisdiction and to transfer venue, and to the extent it seeks to impose obligations on Defendant that are in addition to, or inconsistent with, those imposed by the Federal Rules, the Local Civil Rules, the Court's individual rules and/or standing orders.

10. Defendants object to Plaintiffs' definition of "You" or "Your" in Paragraph 7 of the Definition section of the Requests as revised (and the Requests applying the definition) on the grounds it is overbroad, vague and ambiguous, unduly burdensome, impermissibly infringes upon privacy rights of third parties, seeks documents or information not relevant to the subject matter of this action and goes beyond the scope of the limited discovery that Plaintiffs requested by motion and letter-brief in connection with opposing the pending motions to dismiss for lack of personal jurisdiction and to transfer venue, and to the extent it seeks to impose obligations on Defendants

1  that are in addition to, or inconsistent with, those imposed by the Federal Rules, the Local Civil
2  Rules, the Court's individual rules and/or standing orders. Defendants also object to the extent it
3  seeks information without proper limitation as to temporal scope.

4      11. For purposes of Defendants' Objections and Responses to Plaintiffs' First Requests
5  for Production of Documents to Personal Jurisdiction Defendants, Defendants apply the following
6  definition: "You" or "Your" shall mean the Major League Baseball Club and/or the Club's minor
7  league affiliate(s).

8      12. Defendants object to Paragraphs 1 through 7 of the Instructions section of the
9  Requests to the extent they seek to impose obligations on Defendants that are in addition to, or
10 inconsistent with, those imposed by the Federal Rules, the Local Civil Rules, the Court's
11 individual rules and/or standing orders.

12      13. Defendants object to Paragraph 8 of the Instructions section of the Requests to the
13 extent it seeks information without proper limitation as to temporal scope.

14      14. Defendants object to the Requests to the extent that they presume the existence of
15 certain facts, or are based on assumptions, neither proven by Plaintiffs, nor admitted by
16 Defendants. Defendants' willingness to respond to any Request does not constitute in any manner
17 Defendants' admission to any of the assertions set forth or assumed in the Requests or constitute a
18 waiver of Defendants' objections thereto.

19      15. Defendants object to the Requests to the extent they seek information created after
20 the commencement of the instant lawsuit or for the purposes of, or in connection with, the instant
21 litigation.

22      16. Defendants object to the Requests to the extent they call for the production of (i)
23 confidential or proprietary business information relating to Defendants and/or (ii) confidential or
24 proprietary information concerning individuals or entities who are not parties to this action ("third
25 parties"). To the extent Defendants agree to provide confidential or proprietary information, such
26 production shall be subject to an appropriate Stipulated Protective Order to be executed by the
27 parties.
28

17. Defendants reserve their right to supplement their production in the event they discover further information responsive to the Requests, and also reserve their right to amend and/or supplement any response or objection herein.

18. In providing these objections and responses to the Requests, Defendants do not waive or intend to waive, but, on the contrary, reserve and intend to reserve:

    a. all questions as to competency, authenticity, relevancy, materiality, privilege, and admissibility of the information provided hereunder or the subject matter thereof;

    b. the right to object on any ground to the use of the information provided hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding;

    c. the right to object on any ground at any time to a demand for further information or document production; and

    d. the right at any time to revise, supplement, correct, or add to their responses.

19. To the extent that any documents or information are provided in response to a Request, Defendants will provide the responsive information once. Additionally, to the extent that Defendants reference their answers or responses to their individual Interrogatories and/or Document Requests, Defendants' objections to their individual Interrogatories and/or Document Requests are incorporated herein by reference.

20. These General Objections shall be deemed continuing throughout and incorporated into each and every one of the following specific objections and responses to the Requests, whether or not expressly repeated in response to any particular Definition, Instruction or Request, unless otherwise noted. The statement of any specific objection in the following response to the Requests shall in no way waive or prejudice Defendants' assertion of the General Objections.

21. Defendants' objections and responses to the Requests are without waiver of, or prejudice to, their right to later use additional documents or information not set forth or referred to in these responses to the Requests. Any response contained herein is also made with the express reservation of all rights pursuant to the Federal Rules, Local Civil Rules, the Court's individual

rules and/or standing orders to supplement or amend these responses or to present evidence either discovered subsequent to the date hereof or the significance of which is later discovered.

## SPECIFIC OBJECTIONS AND RESPONSES

### DOCUMENT REQUEST NO. 1

Documents sufficient to Identify any employee or person contracted by You (including but not limited to corporate officers or directors, owners, general managers, assistant general managers, special assistants to the general manager, pitching or hitting coordinators, directors of minor league operations, scouting directors, other coordinators and directors, roving instructors, minor league coaches or managers, area scouts, associate scouts or "bird dogs," supervisor or regional scouts, cross-checkers, or pro-coverage scouts—either advanced MLB scouts or scouts covering the minor leagues) who (i) lived in California, (ii) worked in California, (iii) traveled to California for Your business, (iv) attended any MLB or MiLB meeting, gathering or event in California, or (v) recruited any baseball player living in California or attending High School, College or Junior College in California

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1

Subject to and without waiving the General Objections and incorporating those Objections herein, Defendants refer Plaintiffs to their individual Objections and Answers to Interrogatory Nos. 2 through 4 as if incorporated fully herein.

### DOCUMENT REQUEST NO. 2

For each Person Identified in response to Interrogatory No. 2, documents sufficient to Identify any business trips taken to California by any employee or person contracted by You, including, but not limited to, Your owner, officers or directors, general manager, assistant general managers, special assistants to the general manager, pitching or hitting coordinators, directors of minor league operations, scouting director, other coordinators and directors, roving instructors, minor league coaches, or any scout, and:

      a. the reason for each trip,

      b. the dates and length of each trip,

      c. the person taking the trip.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 2**

Subject to and without waiving the General Objections and incorporating those Objections herein, Defendants refer Plaintiffs to their individual Objections and Answers to Interrogatory Nos. 2 and 4 as if incorporated fully herein.

**DOCUMENT REQUEST NO. 3**

Documents sufficient to Identify each minor league baseball player employed or drafted by you who:

      a. resided in California at or immediately before the time of signing a contract with you;

      b. played for a California High School, College, or Junior College at the time or immediately before entering minor league baseball; or

      c. maintained an off-season address in California.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 3**

Subject to and without waiving the General Objections and incorporating those Objections herein, Defendants refer Plaintiffs to their individual Objections and Answers to Interrogatory Nos. 5 and 6 as if incorporated fully herein.

**DOCUMENT REQUEST NO. 4**

Each contract, including each Uniform Player Contract or "Addendum C," signed between You and (i) any Person with a California address, or (ii) any Person who played for a California High School, College, or Junior College at the time of or immediately before contracting with you.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 4**

Subject to and without waiving the General Objections and incorporating those Objections herein, Defendants refer Plaintiffs to their individual Objections and Answers to Interrogatory Nos. 5, 6 and 8 as if incorporated fully herein.

**DOCUMENT REQUEST NO. 5**

Communications with any minor leaguer while that minor leaguer was living in California, or who maintained his off-season residence in California, including transmission of any contract or off-season workout, conditioning, or training materials.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 5**

Subject to and without waiving the General Objections and incorporating those Objections herein, Defendants refer Plaintiffs to their individual Objection and Answer to Interrogatory No. 7 as if incorporated fully herein.

**DOCUMENT REQUEST NO. 6**

Communications made between You to each potential draftee who was a California resident or played at any High School, College or Junior College in California, including information cards and Communications concerning a career in major league baseball or the merits of the Person's contracting with You (Major League Rule 3(g)).

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 6**

Subject to and without waiving the General Objections and incorporating those Objections herein, Defendants refer Plaintiffs to their individual Objection and Answer to Interrogatory No. 9 as if incorporated fully herein.

**DOCUMENT REQUEST NO. 7**

Documents sufficient to Identify any Person attending a California College paid for by You under a College Scholarship Plan, including Tuition Allowances or Living Allowances (as those terms are defined in the Major League Rules).

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 7**

Subject to and without waiving the General Objections and incorporating those Objections herein, Defendants further object to this Request on the grounds that it is overbroad as to temporal scope and the characterization of "You" and "Person"; is not relevant to the limited discovery in connection with opposing the pending motions to dismiss for lack of personal jurisdiction and to transfer venue because, *inter alia*, the contacts of the named plaintiffs, rather than the absent putative class members, are determinative and that information is equally available to Plaintiffs; is unduly burdensome; and is premature to the extent it seeks information pertaining to the merits of this action.

**DOCUMENT REQUEST NO. 8**

Communications between You and the Major League Scouting Bureau (which is located in Ontario, California), or any employee of the Major League Scouting Bureau, concerning potential minor leaguers living in California.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 8**

Subject to and without waiving the General Objections and incorporating those Objections herein, Defendants further object to this Request on the grounds that it is not relevant to the limited discovery in connection with opposing the pending motions to dismiss for lack of personal jurisdiction and to transfer venue because, *inter alia,* the Requests have no bearing on whether the Court can exercise personal jurisdiction over Defendants, the location of potential witnesses or any other factors related to whether the Middle District of Florida is the more convenient forum than

the Northern District of California; further, the contacts of the named plaintiffs, rather than the absent putative class members, are determinative and that information is equally available to Plaintiffs.

**DOCUMENT REQUEST NO. 9**

Documents sufficient to show any tryouts held by You of any Person attending High School or living in California. (Major League Rule 3(g)).

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 9**

Subject to and without waiving the General Objections and incorporating those Objections herein, Defendants refer Plaintiffs to their individual Objection and Response to Interrogatory No. 9 as if incorporated fully herein.

**DOCUMENT REQUEST NO. 10**

Documents sufficient to show any taxes including but not limited to income taxes, corporate, partnership or LLC taxes, local taxes, franchise taxes, licensing fees, franchise fees, fines, penalties, unemployment insurance, employment training tax, or state disability insurance, You paid to the State of California, either on behalf of yourself or on behalf of an employee.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 10**

Subject to and without waiving the General Objections and incorporating those Objections herein, Defendants refer Plaintiffs to their individual Objection and Answer to Interrogatory No. 12 as if incorporated fully herein.

**DOCUMENT REQUEST NO. 11**

Documents sufficient to show revenue paid to You per Revenue Sharing Year or calendar year based on any revenue generated in California or as a result of any activity occurring in California,

1 including revenue from licensing, merchandising, televised baseball games, ticket sales, the Base
2 Plan (Article XXIV of the Basic Agreement), the Revenue Sharing Plan (Article XXIV of the
3 Basic Agreement), the Supplemental Plan (Article XXIV of the Basic Agreement), the
4 Commissioner's Discretionary Fund (Article XXIV of the Basic Agreement), including Your
5 Financial Information Questionnaire Supplementary Information Questionnaire (Article XXIV),
6 Major League Baseball Properties, Inc., or Major League Baseball Advanced Media.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 11**

Subject to and without waiving the General Objections and incorporating those Objections herein, Defendants refer Plaintiffs to their individual Objection and Answer to Interrogatory No. 10 as if incorporated fully herein.

**DOCUMENT REQUEST NO. 12**

All game schedules (including preseason and postseason) and media guides for each season of Your major league team and each of Your minor league affiliates.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 12**

Subject to and without waiving the General Objections and incorporating those Objections herein, Defendants further object to this Request on the grounds that it is unduly burdensome; is overbroad with respect to temporal scope; and the information is equally available to Plaintiffs.

**DOCUMENT REQUEST NO. 13**

A copy of each Uniform Player Contract signed by any first-year player that shows any term of the contract (other than the information in the addenda, such as the personal information of the draftee, the signing bonus, if any, and college scholarship plan, if any) that You permitted the player to alter or change.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 13**

Subject to and without waiving the General Objections and incorporating those Objections herein, Defendants refer Plaintiffs to their individual Objection and Answer to Interrogatory No. 15 as if incorporated fully herein.

Dated: August 8, 2014

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom (*pro hac vice*)

Howard L. Ganz
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
**PROSKAUER ROSE LLP**
11 Times Square
New York, NY 10036
Telephone:    (212) 969-3000
Facsimile:    (212) 969-2900

Laura Reathaford (SBN 254751)
**PROSKAUER ROSE LLP**
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:    (310) 557-2900
Facsimile:    (310) 557-2193
lreathaford@proskauer.com

*Attorneys for Defendants (except Baltimore Orioles, Inc. and Baltimore Orioles, L.P.)*

TO:   KOREIN TILLERY, LLC
Stephen M. Tillery
Garrett R. Broshuis
Guiseppe S. Giardina
505 North 7th Street, Suite 3600
St. Louis, MO 63101

*Attorneys for Plaintiffs*

PROSKAUER ROSE LLP
Elise M. Bloom (*pro hac vice*)
Howard L. Ganz
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
11 Times Square
New York, NY 10036
Telephone:   (212) 969-3000
Facsimile:    (212) 969-2900

PROSKAUER ROSE LLP
Laura Reathaford (SBN 254751)
lreathaford@proskauer.com
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:   310.557.2900
Facsimile:    310.557.2193

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated;<br><br>Plaintiffs,<br><br>vs.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL; et al.;<br><br>Defendants. | CASE NO. 3:14-cv-00608-JCS<br><br>**<u>CLASS ACTION</u>**<br><br>**CERTIFICATE OF SERVICE** |

PERSONAL JURISDICTION DEFENDANTS REGARDING PERSONAL JURISDICTION AND VENUE
CERTIFICATE OF SERVICE
CASE NO. 3:14-CV-00608-JCS

I hereby certify that on August 8, 2014, I caused to be served the following:

1. Objections and Responses to Plaintiffs' First Request for Production of Documents to Personal Jurisdiction Defendants Regarding Personal Jurisdiction and Venue

by e-mail on the following counsel for Plaintiffs:

>Garrett R. Broshuis, Esq.
>Giuseppe S. Giardina, Esq.
>KOREIN TILLERY, LLC
>505 North 7th Street, Suite 3600
>St. Louis, MO 63101
>
>Bobby Pouya
>Daniel L. Warshaw
>PEARSON, SIMON & WARSHAW, LLP
>15165 Ventura Boulevard, Suite 400
>Sherman Oaks, CA 91403

Dated: New York, New York
August 8, 2014

Respectfully submitted,

*/s/ Elise M. Bloom*
PROSKAUER ROSE LLP
Elise M. Bloom
Eleven Times Square
New York, New York 10036
Ph.: (212) 969.3410
Fax: (212) 969.2900
ebloom@proskauer.com

1

PERSONAL JURISDICTION DEFENDANTS REGARDING PERSONAL JURISDICTION AND VENUE
CERTIFICATE OF SERVICE
CASE NO. 3:14-CV-00608-JCS