# Exhibit A

1
PROSKAUER ROSE LLP
Elise M. Bloom (*pro hac vice*)
Howard L. Ganz
2
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
3
11 Times Square
New York, NY 10036
4
Telephone:     (212) 969-3000
Facsimile:     (212) 969-2900
5

6
PROSKAUER ROSE LLP
Laura Reathaford (SBN 254751)
lreathaford@proskauer.com
7
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
8
Telephone:    310.557.2900
Facsimile:    310.557.2193
9

10
Attorneys for Defendant

11

12
**UNITED STATES DISTRICT COURT**

13
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| 14  AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated; | CASE NO. 3:14-cv-00608-RS |
| 15           Plaintiffs, | **CLASS ACTION** |
| 16      vs. | **DEFENDANT ATLANTA NATIONAL LEAGUE BASEBALL CLUB, INC.,'S** |
| 17  OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL; et al.; | **SECOND SUPPLEMENTAL OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO PERSONAL JURISDICTION DEFENDANTS REGARDING PERSONAL JURISDICTION AND VENUE** |
| 18 | |
| 19 | |
| 20           Defendants. | |

21

22

23

24

25

26

27

28

DEFENDANT ATLANTA NATIONAL LEAGUE BASEBALL CLUB, INC.,'S SECOND SUPPLEMENTAL OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO PERSONAL JURISDICTION DEFENDANTS REGARDING PERSONAL JURISDICTION AND VENUE – CASE NO. 3:14-CV-00608-RS

CONFIDENTIAL

1       Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, as well as Local Civil

2   Rule 33 of the Northern District of California, Defendant Atlanta National League Baseball Club,

3   Inc. ("Defendant"), by and through its attorneys, Proskauer Rose LLP, hereby supplements its

4   objections and answers to "Plaintiffs' First Set of Interrogatories to Certain Franchise Defendants

5   regarding Personal Jurisdiction and Venue" (the "Interrogatories"), as follows:

6       These objections and answers reflect Defendant's present knowledge of the matters

7   covered by the Interrogatories and its best efforts to identify the information responsive to those

8   Interrogatories.  Defendant's efforts are continuing, however, and it reserves the right to amend

9   and/or supplement the objections and answers herein as may be necessary or appropriate.

10

11                                               **GENERAL OBJECTIONS**

12       Each of Defendant's objections and answers is subject to and incorporates the General

13   Objections made in its initial Objections and Answers to Plaintiffs' First Set of Interrogatories to

14   Certain Franchise Defendants regarding Personal Jurisdiction and Venue.

15       The following General Objections apply to the Interrogatories, which shall have the same

16   force and effect as if they were fully set forth in response to each individually numbered

17   Interrogatory:

18       1.        Defendant objects to the Interrogatories, including the "Definitions" and

19   "Instructions" sections contained in the Interrogatories, to the extent they seek to impose

20   obligations on Defendant that are in addition to, or inconsistent with, those imposed by the Federal

21   Rules of Civil Procedure (the "Federal Rules"), the Local Civil Rules for the Northern District of

22   California (the "Local Civil Rules"), the Court's individual rules and/or standing orders.

23   Defendant will apply the definitions and instructions established in Rules 26 and 33 of the Federal

24   Rules and Local Civil Rule 33 and will answer the Interrogatories in accordance with those Rules

25   and will not provide information insofar as such production exceeds the requirements of those

26   Rules.

27

28

2.    Defendant objects to the "Definitions" section contained in the Interrogatories to the extent they are overbroad, beyond the scope of permissible discovery and/or seek information without proper limitation as to the scope of the limited discovery concerning the pending motions to dismiss for lack of personal jurisdiction and to transfer venue.

3.    Defendant objects to the Interrogatories insofar as they are vague and/or ambiguous, fail to identify the information sought with reasonable particularity, are overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence and unduly burdensome.

4.    Defendant objects to the Interrogatories to the extent that they impermissibly infringe upon the privacy rights of third parties.

5.    Defendant objects to Plaintiffs' definition of "Communications" in Paragraph 1 of the Definition section of the Interrogatories on the grounds that it is overbroad, seeks information not relevant to the subject matter of this action and goes beyond the scope of the limited discovery that Plaintiffs requested by motion and letter-brief in connection with opposing the pending motions to dismiss for lack of personal jurisdiction and to transfer venue, and to the extent it seeks to impose obligations on Defendant that are in addition to, or inconsistent with, those imposed by the Federal Rules, Local Civil Rules, the Court's individual rules and/or standing orders.

6.    Defendant objects to Plaintiffs' definitions of "Identify" in Paragraphs 3 and 4 of the Definition section of the Interrogatories (and the Interrogatories applying the definition) on the grounds that they are overbroad, unduly burdensome, impermissibly infringe upon privacy rights of third parties to the extent it calls for information like residential addresses, seek information not relevant to the subject matter of this action and go beyond the scope of the limited discovery that Plaintiffs requested by motion and letter-brief in connection with opposing the pending motions to dismiss for lack of personal jurisdiction and to transfer venue, and to the extent they seek to impose obligations on Defendant that are in addition to, or inconsistent with, those imposed by the Federal Rules, the Local Civil Rules, the Court's individual rules and/or standing orders.

DEFENDANT ATLANTA NATIONAL LEAGUE BASEBALL CLUB, INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO PERSONAL JURISDICTION DEFENDANTS REGARDING PERSONAL JURISDICTION AND VENUE – CASE NO. 3:14-CV-00608-RS

CONFIDENTIAL

1      7.      Defendant objects to Plaintiffs' definition of "Person" in Paragraph 6 of the

2  Definition section of the Interrogatories (and the Interrogatories applying the definition) on the

3  grounds that it is overbroad, unduly burdensome, seeks information not relevant to the subject

4  matter of this action and goes beyond the scope of the limited discovery that Plaintiffs requested

5  by motion and letter-brief in connection with opposing the pending motions to dismiss for lack of

6  personal jurisdiction and to transfer venue, and to the extent it seeks to impose obligations on

7  Defendant that are in addition to, or inconsistent with, those imposed by the Federal Rules, the

8  Local Civil Rules, the Court's individual rules and/or standing orders.

9      8.      Defendant objects to Plaintiffs' definition of "You" or "Your" in Paragraph 7 of the

10  Definition section of the Interrogatories and as revised (and the Interrogatories applying the

11  definition) on the grounds it is overbroad, vague and ambiguous, unduly burdensome,

12  impermissibly infringes upon privacy rights of third parties, seeks information not relevant to the

13  subject matter of this action and goes beyond the scope of the limited discovery that Plaintiffs

14  requested by motion and letter-brief in connection with opposing the pending motions to dismiss

15  for lack of personal jurisdiction and to transfer venue, and to the extent it seeks to impose

16  obligations on Defendant that are in addition to, or inconsistent with, those imposed by the Federal

17  Rules, the Local Civil Rules, the Court's individual rules and/or standing orders.  Defendant also

18  objects to the extent it seeks information without proper limitation as to temporal scope.

19      9.      For purposes of Defendant's Objections and Answers to Plaintiffs' First Set of

20  Interrogatories to Certain Franchise Defendants Regarding Personal Jurisdiction and Venue,

21  Defendant applies the following definition:  "You" or "Your" shall mean the Major League

22  Baseball Club and/or the Club's minor league affiliate(s).

23      10.      Defendant objects to Paragraphs 1 through 3 of the Instructions section of the

24  Interrogatories to the extent they seek to impose obligations on Defendant that are in addition to,

25  or inconsistent with, those imposed by the Federal Rules, the Local Civil Rules, the Court's

26  individual rules and/or standing orders.

27

28

CONFIDENTIAL

11.     Defendant objects to Paragraph 4 of the Instructions section of the Interrogatories to the extent it seeks information without proper limitation as to temporal scope.

12.     Defendant objects to the Interrogatories to the extent that they presume the existence of certain facts, or are based on assumptions, neither proven by Plaintiffs, nor admitted by Defendant.  Defendant's willingness to answer any Interrogatory does not constitute in any manner Defendant's admission to any of the assertions set forth or assumed in the Interrogatories or constitute a waiver of Defendant's objections thereto.

13.     Defendant objects to the Interrogatories to the extent they seek information created after the commencement of the instant lawsuit or for the purposes of, or in connection with, the instant litigation.

14.     Defendant objects to the Interrogatories to the extent they call for the production of (i) confidential or proprietary business information relating to Defendant and/or (ii) confidential or proprietary information concerning individuals or entities who are not parties to this action ("third parties").  To the extent Defendant agrees to provide confidential or proprietary information, such production shall be subject to an appropriate Stipulated Protective Order to be executed by the parties.

15.     Defendant reserves its right to supplement their Interrogatory answers in the event it discovers further information responsive to the Interrogatories, and also reserves its right to amend and/or supplement any answer or objection herein.

16.     In providing these objections and answers to the Interrogatories, Defendant does not waive or intend to waive, but, on the contrary, reserves and intends to reserve:

    a.   all questions as to competency, authenticity, relevancy, materiality, privilege, and admissibility of the information provided hereunder or the subject matter thereof;

    b.   the right to object on any ground to the use of the information provided hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding;

4

CONFIDENTIAL

c.   the right to object on any ground at any time to a demand for further information or document production; and

d.   the right at any time to revise, supplement, correct, or add to its answers.

17.    To the extent that any information is provided in answer to an Interrogatory, Defendant will provide the responsive information once.  Additionally, to the extent that Defendant references its answers or responses to other Interrogatories and/or Document Requests, Defendant's objections to the other Interrogatories and/or Document Requests are incorporated herein by reference.

18.    These General Objections shall be deemed continuing throughout and incorporated into each and every one of the following specific objections and answers to the Interrogatories, whether or not expressly repeated in an answer to any particular Definition, Instruction or Interrogatory, unless otherwise noted.  The statement of any specific objection in the following answers to the Interrogatories shall in no way waive or prejudice Defendant's assertion of the General Objections.

19.    Defendant's objections and answers to the Interrogatories are without waiver of, or prejudice to, its right to later use additional documents or information not set forth or referred to in these answers to the Interrogatories.  Any answer contained herein is also made with the express reservation of all rights pursuant to the Federal Rules, Local Civil Rules, the Court's individual rules and/or standing orders to supplement or amend these answers or to present evidence either discovered subsequent to the date hereof or the significance of which is later discovered.

## SPECIFIC OBJECTIONS AND ANSWERS

**INTERROGATORY NO. 1**

Identify each address at which you maintained an office or place of business or owned or leased property in California that is used in Your business.

DEFENDANT ATLANTA NATIONAL LEAGUE BASEBALL CLUB, INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO PERSONAL JURISDICTION DEFENDANTS REGARDING PERSONAL JURISDICTION AND VENUE – CASE NO. 3:14-CV-00608-RS

**OBJECTION AND ANSWER TO INTERROGATORY NO. 1**

Subject to and without waiving the General Objections and incorporating those Objections herein, Defendant further objects to this Interrogatory on the grounds that it is not relevant to the limited discovery in connection with opposing the pending motion to transfer venue; is overbroad as to temporal scope; and is overbroad, vague and ambiguous with respect to the characterizations of "office," "place of business," "property" and "Your".

Notwithstanding these objections and subject to and without waiving the foregoing General and Specific Objections, and in accordance with the Court's June 27 Order, since January 1, 2008, Defendant has not owned or leased any property in California.

**INTERROGATORY NO. 2**

Identify each Person (including but not limited to corporate officers or directors, owners, general managers, assistant general managers, special assistants to the general manager, pitching or hitting coordinators, directors of minor league operations, scouting directors, other coordinators and directors, roving instructors, minor league coaches or managers, area scouts, associate scouts or "bird dogs," supervisor or regional scouts, cross-checkers, or pro-coverage scouts—either advanced MLB scouts or scouts covering the minor leagues) employed or contracted by You who has (i) lived in California, (ii) worked in California, (iii) traveled to California for Your business, (iv) attended any MLB or MiLB meeting, gathering or event in California, or (v) recruited any baseball player living in California or attending High School, College or Junior College in California.

**OBJECTION AND ANSWER TO INTERROGATORY NO. 2**

Subject to and without waiving the General Objections and incorporating those Objections herein, Defendant further objects to this Interrogatory on the grounds that it is overbroad as to temporal scope; is overbroad with respect to Plaintiffs' definition of "Person", "You" and "Your"; is overbroad, vague and ambiguous with respect to the use of the term "recruited"; and goes

6

1  beyond the scope of the limited discovery in connection with opposing the pending motions to

2  dismiss for lack of personal jurisdiction and to transfer venue with respect to subparagraphs (iii)

3  through (v).  Defendant further objects to this Interrogatory – specifically, with respect to

4  subparagraphs (iii) through (v) – on the grounds that it is overly broad and unduly burdensome.

5        Notwithstanding these objections and subject to and without waiving the foregoing

6  General and Specific Objections, and in accordance with the Court's June 27 Order, in response to

7  subparagraphs (i) and (ii), Defendant has identified below individuals employed by Defendant by

8  name, title, current city and state of residence and current principal work location whose duties

9  and responsibilities include minor league baseball operations and includes individuals identified

10  by Plaintiffs in their initial disclosures.  The list of individuals identified below is not exhaustive,

11  and Defendant expressly reserves its right to supplement or modify this list.

12

| Name | Title | Principal Work Location | City/State of Residence |
|------|-------|-------------------------|-------------------------|
| Albert, Rick | Hitting Coach | Lake Buena Vista, FL | ███████ FL |
| Alcantara, Ricky | Trainer | Pearl, MS | ████ TX |
| Almarez, Johnny | Director of International Scouting and Operations | Atlanta, GA | ██████ TX |
| Bialas, David | Minor League Field Coordinator | Orlando, FL | ████████ FL |
| Blake, Robby | Senior Payroll Manager | Atlanta, GA | ██████ GA |
| Botelho, Derek | Rehab Pitching Coordinator | Orlando, FL | ██████ IA |
| Breeden, Joseph | Roving Instructor - Catching | Orlando, FL | ██████ FL |
| Clift, Justin | Equipment Manager - Orlando | Orlando, FL | ██████ FL |
| Coppolella, John | Assistant General Manager | Atlanta, GA | ██████ GA |
| Craft, Dan | Strength and Conditioning Coach - PT | Orlando, FL/Danville, VA | ████ NY |
| Cruz, Ivan | Hitting Coach | Danville, VA | █████████ FL |

DEFENDANT ATLANTA NATIONAL LEAGUE BASEBALL CLUB, INC.'S SECOND SUPPLEMENTAL OBJECTIONS
AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO PERSONAL JURISDICTION DEFENDANTS
REGARDING PERSONAL JURISDICTION AND VENUE – CASE NO. 3:14-CV-00608-RS

CONFIDENTIAL

| Name | Title | Principal Work Location | City/State of Residence |
|------|-------|------------------------|------------------------|
| Curry, Jason | Strength and Conditioning Coach - PT | Lawrenceville, GA | ▓▓▓▓ PA |
| Damschroder, Kyle | Trainer | Rome, GA | ▓▓▓ OH |
| Dayton, Chris | Strength and Conditioning Coach - PT | Pearl, Mississippi | ▓▓▓ CA |
| DeMacio, Tony | Director of Scouting | Atlanta, GA | ▓▓▓▓▓ VA |
| Dubee, Richard | Pitching Coordinator | Orlando, FL | ▓▓▓ FL |
| Elia, Lee | Special Assistant to Player Development | Orlando, FL | ▓▓▓ FL |
| Garbey, Barbaro | Coach | Lake Buena Vista, FL | ▓▓▓ MI |
| Gonzalez, James | Assistant Strength & Conditioning Coordinator | Orlando, FL | ▓▓▓ FL |
| Grabowski, Matt | Baseball Operations Assistant | Atlanta, GA | ▓▓▓ GA |
| Graus, Jason | Trainer | Lawrenceville, GA | ▓▓▓ GA |
| Hernandez, Julio | Trainer | Orlando, FL | ▓▓▓ FL |
| Holbert, Aaron | Manager | Pearl, MS | ▓▓▓▓ CA |
| Ingle, Randy | Manager | Danville, VA | ▓▓▓▓ NC |
| Ingram, Garey | Batting Coach | Lawrenceville, GA | ▓▓▓ GA |
| Juras, Lara | Vice President of Human Resources | Atlanta, GA | ▓▓▓ GA |
| Knight, Ron | Baseball Operations Assistant | Atlanta, GA | ▓▓▓▓ GA |
| Lewallyn, Dennis | Pitching Coach | Pearl, MS | ▓▓▓ FL |
| Lewis, Derrick | Pitching Coach | Lynchburg, VA | ▓▓▓ NC |
| Lopez, Juan | Coach | Lake Buena Vista, FL | ▓▓▓ FL |
| Lopez, Luis | Roving Instructor - Infield | Orlando, FL | ▓▓▓▓▓▓ PR |

DEFENDANT ATLANTA NATIONAL LEAGUE BASEBALL CLUB, INC.'S SECOND SUPPLEMENTAL OBJECTIONS
AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO PERSONAL JURISDICTION DEFENDANTS
REGARDING PERSONAL JURISDICTION AND VENUE – CASE NO. 3:14-CV-00608-RS

CONFIDENTIAL

| Name | Title | Principal Work Location | City/State of Residence |
|------|-------|------------------------|-------------------------|
| Luat, Joseph | Trainer | Orlando, FL/Danville, VA | ████ CA |
| Luckert, Gabriel | Pitching Coach | Rome, GA | ████ FL |
| Manno, Bruce J. | Vice President and Assistant GM/Player Development | Atlanta, GA | ██████ GA |
| Martinez, Jose | Special Assistant to the GM & Player Development | Orlando, FL | ████ FL |
| Martinez, Willie | Pitching Coach | Lake Buena Vista, FL | ████ FL |
| Mendez, Carlos | Hitting Coach | Lynchburg, VA | ████ DE |
| Meyer, Dan | Pitching Coach | Danville, VA | ████████ FL |
| Mitchell, Robert | Roving Instructor - OF/Base Running | Orlando, FL | ██████ CA |
| Moore, Bobby | Batting Coach | Rome, GA | ████ GA |
| Moore, Chip | Chief Financial Officer | Atlanta, GA | ██████ GA |
| Moses, John | Hitting Coach | Pearl, MS | ████ AZ |
| Mota Brito, Jose | Coach | Orlando, FL/Danville, VA | ████ GA |
| Nadell, Rick | Strength and Conditioning Coach - PT | Orlando, FL | ██████ MA |
| Nicholson, Billy | Coach | Lawrenceville, GA | ██████ GA |
| Oceguera, Marc | Physical Therapist | Orlando, FL | ████ CA |
| Ortegon, Ronnie | Hitting Coordinator | Orlando, FL | █, TX |
| Perez, Nestor | Coach | Rome, GA | ██████ FL |
| Reed, Marty | Pitching Coach | Lawrenceville, GA | █, FL |
| Richardson, Ronnie | Director of Minor League Operations | Atlanta, GA | ████ GA |
| Salazar, Luis | Manager | Lynchburg, VA | ██████ FL |
| Schuerholz, John | President | Atlanta, GA | ████ GA |
| Schuerholz, Jonathan | Manager | Rome, GA | ████ GA |

9

CONFIDENTIAL

| Name | Title | Principal Work Location | City/State of Residence |
|------|-------|------------------------|------------------------|
| Sheeks, Ryan | Strength and Conditioning Coach - PT | Lynchburg, VA | ███████████, CA |
| Slate, Rick | Director, Strength and Conditioning | Orlando, FL | ████████, FL |
| Snitker, Brian | Manager | Lawrenceville, GA | ██████ GA |
| Straus, Tim | Coach | Rome, GA | █████ GA |
| Toenjes, Joseph | Trainer | Lynchburg, VA | ████████ FL |
| Wheeler, Rocket | Manager | Lake Buena Vista, FL | █████████ SC |
| Williams, Richard | Special Assistant to the GM - Pitching Development | Orlando, FL | ████ FL |
| Witkowski, Frank | Strength and Conditioning Coach - PT | Rome, GA | █████████ FL |
| Wren, Frank | Executive Vice President and General Manager | Atlanta, GA | █████████ GA |

In further response to subparagraph (i), since January 1, 2008, Defendant has not had any owners, corporate officers or directors who have maintained their principal place of residence in California.  In further response to subparagraph (ii), Defendant has identified below any Club employee whose employment has been based in California since January 1, 2008.

| Name | Title | Principal Work Location | Period of Time Employed in CA (During Relevant Period) |
|------|-------|------------------------|-------------------------------------------------------|
| Adams, Jr., Richard | Area Scouting Supervisor | Colfax, CA | 1/1/12 – Present |
| Battista Jr., Thomas | Regional Cross Checker | Thousand Oaks, CA | 1/1/08 – 12/31/09 |
| Clemmens, Blaine | Area Scouting Supervisor | Petaluma, CA | 1/1/08 – 12/31/09 |
| Davis, Thomas | Regional Cross Checker | Ripon, CA | 11/1/09 – Present |
| Hunter, Brian | Area Scouting Supervisor | Lakewood, CA | 1/1/08 – 12/31/11 |

| Name | Title | Principal Work Location | Period of Time Employed in CA (During Relevant Period) |
|------|-------|------------------------|--------------------------------------------------------|
| Leavitt, Steven | Area Scouting Supervisor | Huntington Beach, CA | 11/1/09 – Present |
| Moore, Timothy | Area Scouting Supervisor | Elk Grove, CA | 1/1/08 – 12/31/11 |
| Spiers, Michael | Professional Scout | San Bernardino, CA | 1/1/08 – 12/31/09 |
| Wadsworth, Robert | Area Scouting Supervisor | Westminister, CA | 1/1/08 – 12/31/09 |

In response to subparagraph (iv), and notwithstanding Defendant's specific objection that the request is overly broad and unduly burdensome and not relevant to the pending motions, pursuant to Rule 33(c), Defendant refers to a document identifying the location of each formal MLB meeting that took place or was scheduled to take place since January 1, 2008.  *See* **Attachment #1 for Personal Jurisdiction Defendants – MLB Meetings.**  For purposes of Defendant's answer to this Interrogatory, upon information belief, a representative from the Defendant Club was present at each meeting referenced herein.

Defendant's answers to this Interrogatory do not constitute an acknowledgement or representation that the individuals identified have knowledge or information concerning any claims and defenses, and shall not be construed as a waiver of any objection Defendant may assert at the appropriate time, all of which are hereby expressly preserved.  Defendant also reserves its rights to rely on the testimony of individuals who are not identified above, consistent with the Federal Rules, Local Civil Rules, the Court's individual rules and/or standing orders.

**SUPPLEMENTAL OBJECTION AND ANSWER TO INTERROGATORY NO. 2**

Subject to and without waiving the General Objections and the objections stated in Defendant's Objection and Answer to Interrogatory No. 2 and incorporating those objections herein, Defendant identifies the following individuals whose employment was not based on California as having made the following approximate number trips per year to California from 2008 through the present, for the purpose of scouting and/or recruiting amateur players:

11

| Name | Title | Trips to California |
|------|-------|---------------------|
| Dick Balderson | Special Assistant to GM | 5 trips/year in 2008-2012 |
| Bill Bliss | Area Supervisor | 10 or more trips/year since 2009 |
| Brian Bridges | Southeast Cross-Checker | 5-7 trips/year since 2008 |
| Roy Clark | Director of Scouting | 3-4 trips/year in 2008-2009 |
| Tim Conroy | Special Assistant to GM | 5 trips/year in 2008-2012 |
| Tony DeMacio | Director of Scouting | 3-4 trips/year since 2009 |
| Brett Evert | Area Supervisor | 10 or more trips/year since 2008 |
| Paul Faulk | East Coast Cross-Checker | 5-7 trips/year in 2008-2009 |
| John Flannery | National Cross-Checker | 5-7 trips/year since 2009 |
| Steve Fleming | East Coast Supervisor | 10 or more trips/year in 2008-2009 |
| Jim Fregosi | Special Assistant to GM | 5 trips/year in 2008-2013 |
| Jerry Jordan | National Cross-Checker | 5-7 trips/year in 2008-2009 |
| Chris Knabenshue | Area Supervisor | 10 or more trips/year since 2008 |
| James Merriweather | Southwest Cross-Checker | 5-7 trips/year since 2009 |
| Deron Rombach | National Cross-Checker | 5-7 trips/year since 2009 |
| Jeff Schugel | Special Assistant to GM | 5 trips/year in 2014 |
| Brad Sloan | Special Assistant to GM | 5 trips/year in 2013-2014 |
| Terry R. Tripp | Midwest Cross-Checker | 5-7 trips/year since 2008 |
| Darin Vaughan | Area Supervisor | 10 or more trips in 2014 |
| Bobby Wine | Advance Scout | 3-4 trips/year in 2008 |

## INTERROGATORY NO. 3

For each Person Identified in response to Interrogatory number 2(i), state:

    a.   The Person's city of residence;

    b.   The city in which the Person has maintained his place of business;

    c.   The time period that such person lived in California while employed or contracted by

        You; and

    d.   The Person's title and scope of responsibility.

## OBJECTION AND ANSWER TO INTERROGATORY NO. 3

    Subject to and without waiving the General Objections and incorporating those Objections herein, Defendant's Objection and Answer to Interrogatory No. 2 is incorporated as if fully set forth herein.  Defendant further objects to this Interrogatory to the extent that it seeks the individual's "scope of responsibility," which is vague and ambiguous, not relevant to the limited

CONFIDENTIAL

1  discovery in connection with opposing the pending motions to dismiss for lack of personal

2  jurisdiction and to transfer venue, and is unduly burdensome.  Defendant also objects to this

3  Interrogatory to the extent it seeks the individual's city of residence and the city in which the

4  individual has maintained a place of business, which goes beyond the scope of the limited

5  discovery in connection with opposing the pending motions to dismiss for lack of personal

6  jurisdiction and to transfer venue.

7       Notwithstanding these objections and subject to and without waiving the foregoing

8  General and Specific Objections, and in accordance with the Court's June 27 Order, Defendant

9  refers Plaintiffs to its Objection and Answer to Interrogatory No. 2.

10

11  **INTERROGATORY NO. 4**

12  For each Person Identified in response to Interrogatory number 2(ii)-(v), state:

13      a.   The Person's city of residence;

14      b.   The city in which the Person has maintained his place of business;

15      c.   The purpose and duration of the Person's presence in California for each occasion he or

16        she was in California; and

17      d.   The Person's title and scope of responsibility.

18

19  **OBJECTION AND ANSWER TO INTERROGATORY NO. 4**

20       Subject to and without waiving the General Objections and incorporating those Objections

21  herein, Defendant's Objections and Answers to Interrogatory Nos. 2 and 3 are incorporated as if

22  fully set forth herein.  Defendant further objects to this Interrogatory to the extent that it seeks the

23  "purpose and duration of the Person's presence in California for each occasion he or she was in

24  California" on the grounds that it is vague and ambiguous, not relevant to the limited discovery in

25  connection with opposing the pending motions to dismiss for lack of personal jurisdiction and to

26  transfer venue, and is unduly burdensome.

27       Notwithstanding these objections and subject to and without waiving the foregoing

13

28

1  General and Specific Objections, and in accordance with the Court's June 27 Order, Defendant

2  refers Plaintiffs to its Objection and Answer to Interrogatory No. 2.

3

4  **SUPPLEMENTAL OBJECTION AND ANSWER TO INTERROGATORY NO. 4**

5      Subject to and without waiving the General Objections and the objections stated in

6  Defendant's Objection and Answer to Interrogatory No. 4 and incorporating those objections

7  herein, Defendant refers Plaintiffs to its Supplemental Objection and Answer to Interrogatory No.

8  2.

9

10  **INTERROGATORY NO. 5**

11  For each year between 2008 and the present, state the number of California residents drafted by

12  You or signed to a Minor League Uniform Player Contract by You.

13

14  **OBJECTION AND ANSWER TO INTERROGATORY NO. 5**

15      Subject to and without waiving the General Objections and incorporating those Objections

16  herein, Defendant further objects to this Interrogatory on the grounds that it is overbroad as to

17  temporal scope, the characterization of "You" and the request for the number of California

18  residents "signed to a Minor League Uniform Player Contract" which is not limited to putative

19  class members; is vague and ambiguous as to the characterization of "California residents"; is not

20  relevant to the limited discovery in connection with opposing the pending motions to dismiss for

21  lack of personal jurisdiction and to transfer venue because, *inter alia,* the contacts of the named

22  plaintiffs, rather than the absent putative class members, are determinative on such motions and

23  that information is equally available to Plaintiffs; and is unduly burdensome.

24      Notwithstanding these objections and subject to and without waiving the foregoing

25  General and Specific Objections, and in accordance with the Court's June 27 Order, Defendant has

26  identified below the number of individuals selected in the Rule 4 Amateur Draft each year since

27  2008 by the state in which their high school or college was located at the time of the draft.

28

14

CONFIDENTIAL

| State/Territory | 2008 | 2009 | 2010 | 2011 | 2012 | 2013 | 2014 |
|---|---|---|---|---|---|---|---|
| Alabama | 4 | 2 | 3 | 1 | 1 | 3 | 2 |
| Arizona | 1 | 2 | 0 | 2 | 0 | 1 | 1 |
| Arkansas | 1 | 0 | 1 | 0 | 0 | 0 | 0 |
| California | 4 | 7 | 9 | 5 | 3 | 7 | 4 |
| Colorado | 0 | 1 | 0 | 0 | 0 | 0 | 3 |
| Connecticut | 0 | 0 | 0 | 1 | 0 | 0 | 0 |
| Florida | 2 | 5 | 2 | 2 | 6 | 4 | 3 |
| Georgia | 10 | 7 | 1 | 1 | 6 | 4 | 3 |
| Hawaii | 0 | 0 | 0 | 1 | 0 | 0 | 0 |
| Idaho | 0 | 0 | 1 | 0 | 0 | 0 | 0 |
| Illinois | 1 | 2 | 2 | 3 | 0 | 0 | 2 |
| Indiana | 0 | 0 | 1 | 0 | 0 | 0 | 2 |
| Iowa | 0 | 0 | 1 | 0 | 0 | 0 | 0 |
| Kansas | 1 | 0 | 1 | 1 | 0 | 0 | 1 |
| Kentucky | 1 | 0 | 0 | 6 | 0 | 0 | 0 |
| Louisiana | 0 | 1 | 0 | 0 | 0 | 0 | 0 |
| Maryland | 0 | 1 | 0 | 1 | 0 | 0 | 1 |
| Massachusetts | 0 | 0 | 0 | 1 | 0 | 0 | 0 |
| Michigan | 0 | 0 | 0 | 0 | 0 | 3 | 1 |
| Minnesota | 1 | 0 | 1 | 1 | 0 | 1 | 0 |
| Mississippi | 0 | 0 | 1 | 0 | 0 | 1 | 1 |
| Missouri | 0 | 1 | 0 | 1 | 5 | 1 | 2 |
| Montana | 0 | 0 | 0 | 0 | 1 | 0 | 0 |
| Nebraska | 0 | 0 | 0 | 0 | 0 | 0 | 2 |
| Nevada | 4 | 0 | 2 | 0 | 0 | 0 | 0 |
| New Jersey | 0 | 3 | 0 | 0 | 0 | 0 | 0 |
| New Mexico | 1 | 0 | 1 | 0 | 1 | 0 | 0 |
| New York | 0 | 0 | 3 | 1 | 4 | 1 | 1 |
| North Carolina | 4 | 3 | 1 | 1 | 3 | 1 | 3 |
| Ohio | 0 | 0 | 1 | 0 | 1 | 0 | 0 |
| Oklahoma | 0 | 0 | 1 | 2 | 0 | 1 | 2 |
| Oregon | 0 | 0 | 2 | 1 | 0 | 0 | 0 |
| Pennsylvania | 0 | 0 | 3 | 1 | 0 | 1 | 0 |
| Rhode Island | 0 | 0 | 0 | 0 | 0 | 0 | 1 |
| South Carolina | 4 | 5 | 2 | 3 | 2 | 1 | 1 |
| Tennessee | 5 | 6 | 0 | 6 | 1 | 2 | 0 |
| Texas | 5 | 1 | 6 | 5 | 4 | 4 | 3 |
| Utah | 0 | 0 | 1 | 0 | 0 | 0 | 0 |
| Virginia | 1 | 2 | 4 | 1 | 0 | 1 | 1 |
| Washington | 1 | 0 | 0 | 1 | 2 | 1 | 0 |
| West Virginia | 0 | 0 | 0 | 1 | 0 | 0 | 0 |
| Puerto Rico | 0 | 0 | 0 | 0 | 0 | 2 | 0 |
| **Totals** | **51** | **49** | **51** | **50** | **40** | **40** | **40** |

DEFENDANT ATLANTA NATIONAL LEAGUE BASEBALL CLUB, INC.'S SECOND SUPPLEMENTAL OBJECTIONS
AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO PERSONAL JURISDICTION DEFENDANTS
REGARDING PERSONAL JURISDICTION AND VENUE – CASE NO. 3:14-CV-00608-RS

CONFIDENTIAL

**INTERROGATORY NO. 6**

For each year between 2008 and the present, state the number of minor leaguers employed by You who maintained an off-season address in California.

**OBJECTION AND ANSWER TO INTERROGATORY NO. 6**

Subject to and without waiving the General Objections and incorporating those Objections herein, Defendant further objects to this Interrogatory on the grounds that it is overbroad as to temporal scope and the characterization of "You"; is vague and ambiguous as to the characterization of "off-season address"; is not relevant to the limited discovery in connection with opposing the pending motions to dismiss for lack of personal jurisdiction and to transfer venue because, *inter alia*, the contacts of the named plaintiffs, rather than the absent putative class members, are determinative on such motions and that information is equally available to Plaintiffs; and is unduly burdensome.

**INTERROGATORY NO. 7**

For each year between 2008 and the present, identify each off-season workout, conditioning or training packet, contract addenda (including an "Addendum C"), or any other communication relating to their employment You sent to minor leaguers identified in interrogatory number 6.

**OBJECTION AND ANSWER TO INTERROGATORY NO. 7**

Subject to and without waiving the General Objections and incorporating those Objections herein, Defendant further objects to this Interrogatory on the grounds that it is overbroad as to temporal scope and the characterization of "You"; is vague, ambiguous and unduly burdensome as to the characterization of "off-season workout, conditioning or training packet…or any other communication relating to their employment"; is not relevant to the limited discovery in connection with opposing the pending motions to dismiss for lack of personal jurisdiction and to

16

1  transfer venue because, *inter alia,* the contacts of the named plaintiffs, rather than the absent

2  putative class members, are determinative on such motions and that information is equally

3  available to Plaintiffs; is unduly burdensome; and is premature to the extent it seeks information

4  pertaining to the merits of this action.

5      Notwithstanding these objections and subject to and without waiving the foregoing

6  General and Specific Objections, and in accordance with the Court's June 27 Order, Defendant

7  answers as follows:  Since 2008, minor league players have been provided their workout programs

8  at each affiliate location prior to the end of the season.

9

10     **SUPPLEMENTAL OBJECTION AND ANSWER TO INTERROGATORY NO. 7**

11     Subject to and without waiving the General Objections and the objections stated in

12  Defendant's Objection and Answer to Interrogatory No. 7 and incorporating those objections

13  herein, Defendant has no responsive communications that were mailed to Named Plaintiff Matt

14  Frevert.

15

16  **INTERROGATORY NO. 8**

17  For each year between 2008 and the present, identify the number of minor leaguers that signed a

18  Uniform Player Contract, any subsequent contract addenda (including "Addendum C"), or

19  employment contract in California.

20

21  **OBJECTION AND ANSWER TO INTERROGATORY NO. 8**

22     Subject to and without waiving the General Objections and incorporating those Objections

23  herein, Defendant further objects to this Interrogatory on the grounds that it is not relevant to the

24  limited discovery in connection with opposing the pending motions to dismiss for lack of personal

25  jurisdiction and to transfer venue because, *inter alia,* the location of contract execution has no

26  bearing on whether the Court can exercise personal jurisdiction over Defendant.  Defendant also

27  objects on the grounds that the Interrogatory is overbroad and unduly burdensome with respect to

17

28

temporal scope; is overbroad, unduly burdensome, vague and ambiguous with respect to the characterization of "minor leaguers" and "employment contract"; and is unduly burdensome to the extent that Defendant does not maintain records that indicate where the UPCs and/or Addenda Cs were executed.

Notwithstanding these objections and subject to and without waiving the foregoing General and Specific Objections, and in accordance with the Court's June 27 Order, Defendant does not have a formal policy or practice with respect to the location of where minor league players sign their Uniform Player Contracts and/or Addenda Cs.

**INTERROGATORY NO. 9**

Identify the date and location of each tryout You held in California, (Major League Rule 3(g)), and state:

    a.   The overall number of Persons (including those trying out) who attended;

    b.   The number of California residents who attended, and the number from each other state as needed;

    c.   The name and residence of the person who attended on Your behalf.

**OBJECTION AND ANSWER TO INTERROGATORY NO. 9**

Subject to and without waiving the General Objections and incorporating those Objections herein, Defendant further objects to this Interrogatory on the grounds that it is not relevant to the limited discovery in connection with opposing the pending motions to dismiss for lack of personal jurisdiction and to transfer venue because, *inter alia,* whether Defendant conducts "tryouts" in California with individuals who have not yet provided services for Defendant pursuant to a Uniform Player Contract has no bearing on whether the Court can exercise personal jurisdiction over Defendant in California and/or whether the Middle District of Florida is the more convenient forum than the Northern District of California. Defendant also objects on the grounds that the Interrogatory is overbroad and unduly burdensome with respect to temporal scope and the

18

1   characterization of "You," "Your" and "Persons"; is overbroad, unduly burdensome, vague and

2   ambiguous with respect to the characterization of "tryout," "California residents" and "Your

3   behalf"; and is unduly burdensome.  Defendant objects on the grounds that it is unable to verify

4   whether an individual who participated in a tryout, pursuant to Major League Rule 3(g), is a

5   "California resident."

6          Notwithstanding these objections and subject to and without waiving the foregoing

7   General and Specific Objections, and in accordance with the Court's June 27 Order, Defendant

8   answers as follows:  Since January 1, 2008, Defendant has held an average of 16 tryouts per year,

9   and no more than 24 in a given year pursuant to Major League Rule 3(g).  The tryouts have been

10  held in various states throughout the country, and only one of the 111 tryouts since January 1,

11  2008 was held in California.

12

13  **INTERROGATORY NO. 10**

14  Identify any revenue You have generated based on any activity occurring in California, whether

15  the activity was performed by You or not, including revenue from licensing, merchandising,

16  televised baseball games, ticket sales, the Base Plan (Article XXIV of the Basic Agreement), the

17  Revenue Sharing Plan (Article XXIV of the Basic Agreement), the Supplemental Plan (Article

18  XXIV of the Basic Agreement), the Commissioner's Discretionary Fund (Article XXIV of the

19  Basic Agreement), Major League Baseball Properties, Inc., or  Major League Baseball Advanced

20  Media, and state:

21          a.   The amount of the revenue by Revenue Sharing Year or calendar year ;

22          b.   The source of the revenue by Revenue Sharing Year or calendar year.

23

24  **OBJECTION AND ANSWER TO INTERROGATORY NO. 10**

25          Subject to and without waiving the General Objections and incorporating those Objections

26  herein, Defendant further objects to this Interrogatory on the grounds that it is unduly burdensome

27  and not relevant to the limited discovery in connection with opposing the pending motions to

28

1    dismiss for lack of personal jurisdiction and to transfer venue because, *inter alia,* revenue

2    generated based on *any* activity in California, regardless of whether such activity was performed

3    by Defendant, has no bearing on whether the Court may exercise personal jurisdiction over

4    Defendant and/or whether the Middle District of Florida is a more convenient forum than the

5    Northern District of California.  Defendant further objects on the grounds that the request seeks

6    proprietary and highly confidential financial information; is overbroad and unduly burdensome

7    with respect to temporal scope; and is overbroad, unduly burdensome, vague and ambiguous with

8    respect to the characterization of "revenue," "any activity" and "You".

9

10    **SUPPLEMENTAL OBJECTION AND ANSWER TO INTERROGATORY NO. 10**

11    Subject to and without waiving the General Objections and the objections stated in

12    Defendant's Objection and Answer to Interrogatory No. 10 and incorporating those objections

13    herein, Defendant refers Plaintiffs to Defendant The Office of the Commissioner of Baseball's

14    Supplemental Objection and Answer to Interrogatory No. 5.

15

16    **INTERROGATORY NO. 11**

17    Identify each of Your employees for whom You have paid payroll taxes to the state of California

18    due to work performed on Your behalf.

19

20    **OBJECTION AND ANSWER TO INTERROGATORY NO. 11**

21    Subject to and without waiving the General Objections and incorporating those Objections

22    herein, Defendant further objects to this Interrogatory on the grounds that it is not relevant to the

23    limited discovery in connection with opposing the pending motions to dismiss for lack of personal

24    jurisdiction and to transfer venue.  Defendant further objects on the grounds that the Interrogatory

25    seeks proprietary and confidential financial information; is overbroad with respect to temporal

26    scope; and is overbroad, vague and ambiguous with respect to the characterization of "work,"

27    "employees," "You" and "Your".

28

CONFIDENTIAL

1      Notwithstanding these objections and subject to and without waiving the foregoing

2 General and Specific Objections, and in accordance with the Court's June 27 Order, Defendant has

3 paid payroll taxes to the state of California due to work performed on its behalf there for the

4 following number of people (excluding Major League Players and Major League coaching staff)

5 each year:

6     •    2008: 5 employees out of more than 2,000 total employees

7     •    2009: 7 employees out of more than 2,000 total employees

8     •    2010: 3 employees out of more than 2,000 total employees

9     •    2011: 3 employees out of more than 2,000 total employees

10     •    2012: 3 employees out of more than 2,000 total employees

11     •    2013: 3 employees out of more than 2,000 total employees

12

13 **INTERROGATORY NO. 12**

14 Identify the amount of any taxes, including but not limited to income taxes, corporate, partnership

15 or LLC taxes, local taxes, franchise taxes, licensing fees, franchise fees, fines, penalties,

16 unemployment insurance, employment training tax, or state disability insurance You have paid to

17 the state of California or any agency of the state of California.

18

19 **OBJECTION AND ANSWER TO INTERROGATORY NO. 12**

20      Subject to and without waiving the General Objections and incorporating those Objections

21 herein, Defendant further objects to this Interrogatory on the grounds that it is not relevant to the

22 limited discovery in connection with opposing the pending motions to dismiss for lack of personal

23 jurisdiction and to transfer venue.  Defendant also objects on the grounds that the Interrogatory

24 seeks proprietary and confidential financial information; is overbroad with respect to temporal

25 scope and its characterization of "taxes"; and is overbroad, vague and ambiguous with respect to

26 the characterization of "You" and "Your".

27      Notwithstanding these objections and subject to and without waiving the foregoing

28

CONFIDENTIAL

General and Specific Objections, and in accordance with the Court's June 27 Order, since January 1, 2008, Defendant has paid an annual Franchise Board Tax Fee of ███ to the state of California. In addition, Defendant has paid California State Unemployment Insurance taxes during this time period as follows (as compared to the percentage of total state unemployment insurance taxes paid):  2008 ██████████; 2009██████████; 2010 ██████████; 2011██████████); 2012 ██████████; 2013██████████.  Further, Defendant has made no income tax payments to the state of California during this time period.

**INTERROGATORY NO. 13**

Identify each lawsuit or workers compensation claim You have been a party to in California state or federal court, any California administrative tribunal, or arbitration located in California and state:

   a.   Whether You were the plaintiff / petitioner or defendant / respondent;

   b.   The court or tribunal in which the matter was pending;

   c.   The name of Your adversary;

   d.   The nature of each action;

   e.   If You were the defendant / respondent, whether You contest(ed) personal jurisdiction or venue.

This Interrogatory specifically includes the workers compensation matters identified on Exhibit A to these Interrogatories.

**OBJECTION AND ANSWER TO INTERROGATORY NO. 13**

Subject to and without waiving the General Objections and incorporating those Objections herein, Defendant further objects to this Interrogatory on the grounds that it is not relevant to the limited discovery in connection with opposing the pending motions to dismiss for lack of personal jurisdiction and to transfer venue.  Indeed, the extent to which Defendant may have been parties to an action or proceeding in California, and the particular related factual and legal issues

22

CONFIDENTIAL

1  surrounding such action, has no bearing on whether Defendant has purposefully availed itself of

2  the Court's forum sufficient for the Court to exercise personal jurisdiction over it.  In addition, this

3  Interrogatory has no relevance with regard to the pending motion to transfer venue.  Defendant

4  further objects on the grounds that the Interrogatory is overbroad in its entirety; and is specifically

5  overbroad, vague and ambiguous with respect to the characterization of "You" and "Your".

6

7  **SUPPLEMENTAL OBJECTION AND ANSWER TO INTERROGATORY NO. 13**

8  Subject to and without waiving the General Objections and the objections stated in

9  Defendant's Objection and Answer to Interrogatory No. 13 and incorporating those Objections

10  herein, from 2008 to the present, Defendant has not filed any lawsuits, cross-claims or

11  counterclaims in California.

12

13  **INTERROGATORY NO. 14**

14  Identify each possible witness who you contend will be inconvenienced by a trial of this case in

15  the Northern District of California, the reason each will be inconvenienced, and the Person's city

16  of residence and city of principal place of business.

17

18  **OBJECTION AND ANSWER TO INTERROGATORY NO. 14**

19  Subject to and without waiving the General Objections and incorporating those Objections

20  herein, Defendant's Objections and Answers to Interrogatory Nos. 2 through 4 are incorporated as

21  if fully set forth herein.  Defendant further objects to this Interrogatory on the grounds that it is

22  overbroad with respect to Plaintiffs' definition of "Person"; and is overbroad and unduly

23  burdensome with regard to the request that Defendant provides specific reasons for its answers.

24  Defendant also objects to this Interrogatory on the grounds that Plaintiffs seek premature witness

25  identification.

26

27

28

DEFENDANT ATLANTA NATIONAL LEAGUE BASEBALL CLUB, INC.'S SECOND SUPPLEMENTAL OBJECTIONS
AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO PERSONAL JURISDICTION DEFENDANTS
REGARDING PERSONAL JURISDICTION AND VENUE – CASE NO. 3:14-CV-00608-RS

1       Notwithstanding these objections and subject to and without waiving the foregoing

2 General and Specific Objections, and in accordance with the Court's June 27 Order, Defendant

3 refers Plaintiffs to its Objection and Answer to Interrogatory No. 2.

4       Defendant's answers to this Interrogatory do not constitute an acknowledgement or

5 representation that the individuals identified have knowledge or information concerning any

6 claims and defenses, and shall not be construed as a waiver of any objection Defendant may assert

7 at the appropriate time, all of which are hereby expressly preserved.  Defendant also reserves its

8 rights to rely on the testimony of individuals who are not identified in response to Defendant's

9 Objection and Answer to Interrogatory No. 2, consistent with the Federal Rules, Local Civil

10 Rules, the Court's individual rules and/or standing orders.

11

12 **INTERROGATORY NO. 15**

13 Identify each first year player that You permitted to alter or change his Uniform Player Contract

14 (other than the information provided in the addenda, such as personal information of the draftee,

15 the signing bonus, if any, and college scholarship plan, if any).

16

17 **OBJECTION AND ANSWER TO INTERROGATORY NO. 15**

18       Subject to and without waiving the General Objections and incorporating those Objections

19 herein, Defendant further objects to this Interrogatory on the grounds that it is not relevant to the

20 limited discovery in connection with opposing the pending motions to dismiss for lack of personal

21 jurisdiction and to transfer venue because, *inter alia,* Plaintiffs' contention in this Interrogatory

22 has no bearing on whether the Court may exercise personal jurisdiction over Defendant and/or

23 whether the Middle District of Florida is the more convenient forum than the Northern District of

24 California.  Defendant further objects on the grounds that the Interrogatory seeks information

25 pertaining to the merits of this action and is premature; is argumentative; and is an inappropriate

26 contention interrogatory.  Defendant also objects on the grounds that the Interrogatory is

27 overbroad and unduly burdensome, in particular with respect to temporal scope; and is overbroad,

28

24

1 unduly burdensome, vague and ambiguous with respect to the characterization of "You" and "alter

2 or change."

3

4 **INTERROGATORY NO. 16**

5 Have You ever been qualified, licensed or registered to do business in California? If yes, identify

6 the years in which You were registered to do business in California and the reason You terminated

7 the registration or otherwise failed to continue to be registered to do business in California.

8

9 **OBJECTION AND ANSWER TO INTERROGATORY NO. 16**

10      Subject to and without waiving the General Objections and incorporating those Objections

11 herein, Defendant further objects to this Interrogatory on the grounds that it is unduly burdensome

12 and not relevant to the limited discovery in connection with opposing the pending motions to

13 dismiss for lack of personal jurisdiction and to transfer venue.  Defendant further objects on the

14 grounds that the Interrogatory is overbroad with respect to temporal scope; and is overbroad,

15 unduly burdensome, vague and ambiguous with respect to the characterization of "You" and

16 Plaintiffs' request for the "reason", if any, the California business was terminated.

17      Notwithstanding these objections and subject to and without waiving the foregoing

18 General and Specific Objections, and in accordance with the Court's June 27 Order, since January

19 1, 2008, Defendant has not been qualified, licensed or registered to do business in the state of

20 California.

21

22

23

24

25

26

27

28

CONFIDENTIAL

Dated:  October 23, 2014

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom (*pro hac vice*)
Howard L. Ganz
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
**PROSKAUER ROSE LLP**
11 Times Square
New York, NY 10036
Telephone:    (212) 969-3000
Facsimile:     (212) 969-2900

Laura Reathaford (SBN 254751)
**PROSKAUER ROSE LLP**
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:    (310) 557-2900
Facsimile:     (310) 557-2193
lreathaford@proskauer.com

*Attorneys for Defendant*

TO:    KOREIN TILLERY, LLC
       Stephen M. Tillery
       Garrett R. Broshuis
       Guiseppe S. Giardina
       505 North 7th Street, Suite 3600
       St. Louis, MO 63101

       *Attorneys for Plaintiffs*

26

CONFIDENTIAL

**VERIFICATION**

1

2  STATE OF _Georgia_ )

3              :  SS.:
   COUNTY OF _Fulton_ )

4

5  I, _Greg Heller_ being duly sworn, state that I am the _SVP, General Counsel_ at

6  Defendant Atlanta National League Baseball Club, Inc. and hereby verify under oath that I have

7  read the Defendant Atlanta National League Baseball Club, Inc.'s Second Supplemental

8  Objections and Answers to Plaintiffs' First Set of Interrogatories to Personal Jurisdiction

9  Defendants Regarding Personal Jurisdiction and Venue and know the contents thereof. I am

10  making this verification based on my personal knowledge, knowledge or information provided to

11  me by other employees or agents of Defendant and/or gained from Defendant's records, except as

12  to the matters stated to be alleged on information and belief; and as to those matters I believe them

13  to be true.

14

15

16

17

18  Sworn to before me this
    23rd day of October 2014

19

20  _____
    Notary Public

21

22

23  EVE PORTER
    NOTARY
    EXPIRES
    GEORGIA
    OCT. 22, 2016
    PUBLIC
    FULTON COUNTY

24

25

26

27

28

DEFENDANT ATLANTA NATIONAL LEAGUE BASEBALL CLUB, INC.'S SECOND SUPPLEMENTAL OBJECTIONS
AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO PERSONAL JURISDICTION DEFENDANTS
REGARDING PERSONAL JURISDICTION AND VENUE – CASE NO. 3:14-CV-00608-RS

CONFIDENTIAL

1  PROSKAUER ROSE LLP
   Elise M. Bloom (*pro hac vice*)
   Howard L. Ganz
2  Neil H. Abramson (*pro hac vice*)
   Adam M. Lupion (*pro hac vice*)
3  11 Times Square
   New York, NY 10036
4  Telephone:    (212) 969-3000
   Facsimile:    (212) 969-2900
5
6  PROSKAUER ROSE LLP
   Laura Reathaford (SBN 254751)
   lreathaford@proskauer.com
7  2049 Century Park East, 32nd Floor
   Los Angeles, CA  90067-3206
8  Telephone:    310.557.2900
   Facsimile:    310.557.2193
9

10 Attorneys for Defendant

11

12                    **UNITED STATES DISTRICT COURT**

13      **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

14 AARON SENNE, et al., Individually and on      CASE NO. 3:14-cv-00608-RS
   Behalf of All Those Similarly Situated;

15              Plaintiffs,                       **CLASS ACTION**

16       vs.                                      **CERTIFICATE OF SERVICE**

17 OFFICE OF THE COMMISSIONER OF
   BASEBALL, an unincorporated association
18 doing business as MAJOR LEAGUE
   BASEBALL; et al.;

19              Defendants.

20

21

22

23

24

25

26

27

28 DEFENDANT ATLANTA NATIONAL LEAGUE BASEBALL CLUB. INC.'S CERTIFICATE OF SERVICE
   CASE NO. 3:14-CV-00608-RS

CONFIDENTIAL

1   I hereby certify that on October 23, 2014, I caused to be served the following:

2
3       1.  Defendant Atlanta National League Baseball Club, Inc.'s Second Supplemental Objections
            and Answers to Plaintiffs' First Set of Interrogatories to Personal Jurisdiction Defendants
            Regarding Personal Jurisdiction and Venue

4
5   by e-mail on the following counsel for Plaintiffs:

6                           Garrett R. Broshuis, Esq.
                            Giuseppe S. Giardina, Esq.
7                           KOREIN TILLERY, LLC
                            505 North 7th Street, Suite 3600
8                           St. Louis, MO 63101

9                           Bobby Pouya
                            Daniel L. Warshaw
10                          PEARSON, SIMON & WARSHAW, LLP
                            15165 Ventura Boulevard, Suite 400
11                          Sherman Oaks, CA 91403

12

13  Dated: New York, New York
            October 23, 2014
14                                      Respectfully submitted,

15
16                                      /s/ Elise M. Bloom
                                        PROSKAUER ROSE LLP
17                                      Elise M. Bloom
                                        Eleven Times Square
18                                      New York, New York 10036
                                        Ph.:  (212) 969.3410
19                                      Fax: (212) 969.2900
                                        ebloom@proskauer.com
20

21

22

23

24

25

26

27

28
                                        1
    DEFENDANT ATLANTA NATIONAL LEAGUE BASEBALL CLUB, INC.'S CERTIFICATE OF SERVICE
                        CASE NO. 3:14-CV-00608-RS