# Exhibit X

1  PROSKAUER ROSE LLP
Elise M. Bloom (*pro hac vice*)
Howard L. Ganz
2  Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
3  11 Times Square
New York, NY 10036
4  Telephone:    (212) 969-3000
Facsimile:     (212) 969-2900
5
6  PROSKAUER ROSE LLP
Laura Reathaford (SBN 254751)
7  lreathaford@proskauer.com
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
8  Telephone:    310.557.2900
Facsimile:     310.557.2193
9
10  Attorneys for Defendant

11
                    UNITED STATES DISTRICT COURT
12
        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION
13

14  AARON SENNE, et al., Individually and on        CASE NO. 3:14-cv-00608-JCS
    Behalf of All Those Similarly Situated;
15                                                  **CLASS ACTION**
              Plaintiffs,
16                                                  **DEFENDANT STERLING METS, L.P.'S**
         vs.                                        **OBJECTIONS AND ANSWERS TO**
17                                                  **PLAINTIFFS' FIRST SET OF**
    OFFICE OF THE COMMISSIONER OF              **INTERROGATORIES REGARDING**
18  BASEBALL, an unincorporated association         **VENUE**
    doing business as MAJOR LEAGUE
19  BASEBALL; et al.;

              Defendants.
20

21

22

23

24

25

26

27

28  DEFENDANT STERLING METS, L.P.'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF
    INTERROGATORIES REGARDING VENUE – CASE NO. 3:14-CV-00608-JCS

1      Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, as well as Local Civil

2    Rule 33 of the Northern District of California, Defendant Sterling Mets, L.P.("Defendant"), by

3    and through its attorneys, Proskauer Rose LLP, hereby responds and objects to "Plaintiffs' First

4    Set of Interrogatories to Certain Franchise Defendants regarding Venue" (the "Interrogatories") as

5    follows:

6      These objections and answers reflect Defendant's present knowledge of the matters

7    covered by the Interrogatories and its best efforts to identify the information responsive to those

8    Interrogatories.  Defendant's efforts are continuing, however, and it reserves the right to amend

9    and/or supplement the objections and answers herein as may be necessary or appropriate.

10

11                **GENERAL OBJECTIONS**

12      The following General Objections apply to the Interrogatories, which shall have the same

13    force and effect as if they were fully set forth in response to each individually numbered

14    Interrogatory:

15      1.    Defendant objects to the Interrogatories, including the "Definitions" and

16    "Instructions" sections contained in the Interrogatories, to the extent they seek to impose

17    obligations on Defendant that are in addition to, or inconsistent with, those imposed by the Federal

18    Rules of Civil Procedure (the "Federal Rules"), the Local Civil Rules for the Northern District of

19    California (the "Local Civil Rules"), the Court's individual rules and/or standing orders.

20    Defendant will apply the definitions and instructions established in Rules 26 and 33 of the Federal

21    Rules and Local Civil Rule 33 and will answer the Interrogatories in accordance with those Rules

22    and will not provide information insofar as such production exceeds the requirements of those

23    Rules.

24      2.    Defendant objects to the "Definitions" section contained in the Interrogatories to

25    the extent they are overbroad, beyond the scope of permissible discovery and/or seek information

26    without proper limitation as to the scope of the limited discovery concerning the pending motion

27    to transfer venue.

28

1
DEFENDANT STERLING METS, L.P.'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES REGARDING VENUE – CASE NO. 3:14-CV-00608-JCS

CONFIDENTIAL

1      3.      Defendant objects to the Interrogatories insofar as they are vague and/or

2  ambiguous, fail to identify the information sought with reasonable particularity, are overbroad,

3  irrelevant and not reasonably calculated to lead to the discovery of admissible evidence and

4  unduly burdensome.

5      4.      Defendant objects to the Interrogatories to the extent that they impermissibly

6  infringe upon the privacy rights of third parties.

7      5.      Defendant objects to Plaintiffs' definition of "Communications" in Paragraph 1 of

8  the Definition section of the Interrogatories on the grounds that it is overbroad, seeks information

9  not relevant to the subject matter of this action and goes beyond the scope of the limited discovery

10  that Plaintiffs requested by motion and letter-brief in connection with opposing the pending

11  motion to transfer venue, and to the extent it seeks to impose obligations on Defendant that are in

12  addition to, or inconsistent with, those imposed by the Federal Rules, Local Civil Rules, the

13  Court's individual rules and/or standing orders.

14      6.      Defendant objects to Plaintiffs' definitions of "Identify" in Paragraphs 3 and 4 of

15  the Definition section of the Interrogatories (and the Interrogatories applying the definition) on the

16  grounds that they are overbroad, unduly burdensome, impermissibly infringe upon privacy rights

17  of third parties to the extent it calls for information like residential addresses, seek information not

18  relevant to the subject matter of this action and go beyond the scope of the limited discovery that

19  Plaintiffs requested by motion and letter-brief in connection with opposing the pending motion to

20  transfer venue, and to the extent they seek to impose obligations on Defendant that are in addition

21  to, or inconsistent with, those imposed by the Federal Rules, the Local Civil Rules, the Court's

22  individual rules and/or standing orders.

23      7.      Defendant objects to Plaintiffs' definition of "Person" in Paragraph 5 of the

24  Definition section of the Interrogatories (and the Interrogatories applying the definition) on the

25  grounds that it is overbroad, unduly burdensome, seeks information not relevant to the subject

26  matter of this action and goes beyond the scope of the limited discovery that Plaintiffs requested

27  by motion and letter-brief in connection with opposing the pending motion to transfer venue, and

28

2

DEFENDANT STERLING METS, L.P.'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES REGARDING VENUE – CASE NO. 3:14-CV-00608-JCS

CONFIDENTIAL

1   to the extent it seeks to impose obligations on Defendant that are in addition to, or inconsistent

2   with, those imposed by the Federal Rules, the Local Civil Rules, the Court's individual rules

3   and/or standing orders.

4        8.     Defendant objects to Plaintiffs' definition of "You" or "Your" in Paragraph 6 of the

5   Definition section of the Interrogatories as revised (and the Interrogatories applying the definition)

6   on the grounds it is overbroad, vague and ambiguous, unduly burdensome, impermissibly

7   infringes upon privacy rights of third parties, seeks information not relevant to the subject matter

8   of this action and goes beyond the scope of the limited discovery that Plaintiffs requested by

9   motion and letter-brief in connection with opposing the pending motion to transfer venue, and to

10   the extent it seeks to impose obligations on Defendant that are in addition to, or inconsistent with,

11   those imposed by the Federal Rules, the Local Civil Rules, the Court's individual rules and/or

12   standing orders.  Defendant also objects to the extent it seeks information without proper

13   limitation as to temporal scope.

14        9.     For purposes of the Objections and Answers to Plaintiffs' First Set of

15   Interrogatories to Certain Franchise Defendants, Defendant applies the following definition:

16   "You" or "Your" shall mean the Major League Baseball Club and/or the Club's minor league

17   affiliate(s).

18        10.    Defendant objects to Paragraphs 1 through 3 of the Instructions section of the

19   Interrogatories to the extent they seek to impose obligations on Defendant that are in addition to,

20   or inconsistent with, those imposed by the Federal Rules, the Local Civil Rules, the Court's

21   individual rules and/or standing orders.

22        11.    Defendant objects to Paragraph 4 of the Instructions section of the Interrogatories

23   to the extent it seeks information without proper limitation as to temporal scope.

24        12.    Defendant objects to the Interrogatories to the extent that they presume the

25   existence of certain facts, or are based on assumptions, neither proven by Plaintiffs, nor admitted

26   by Defendant.  Defendant's willingness to answer any Interrogatory does not constitute in any

27

28

3
DEFENDANT STERLING METS, L.P.'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES REGARDING VENUE – CASE NO. 3:14-CV-00608-JCS

CONFIDENTIAL

1   manner Defendant's admission to any of the assertions set forth or assumed in the Interrogatories

2   or constitute a waiver of Defendant's objections thereto.

3        13.     Defendant objects to the Interrogatories to the extent they seek information created

4   after the commencement of the instant lawsuit or for the purposes of, or in connection with, the

5   instant litigation.

6        14.     Defendant objects to the Interrogatories to the extent they call for the production of

7   (i) confidential or proprietary business information relating to Defendant and/or (ii) confidential or

8   proprietary information concerning individuals or entities who are not parties to this action ("third

9   parties").  To the extent Defendant agrees to provide confidential or proprietary information, such

10  production shall be subject to an appropriate Stipulated Protective Order to be executed by the

11  parties.

12       15.     Defendant reserves its right to supplement their Interrogatory answers in the event

13  it discovers further information responsive to the Interrogatories, and also reserves its right to

14  amend and/or supplement any answer or objection herein.

15       16.     In providing these objections and answers to the Interrogatories, Defendant does

16  not waive or intend to waive, but, on the contrary, reserves and intends to reserve:

17            a.   all questions as to competency, authenticity, relevancy, materiality, privilege, and

18                 admissibility of the information provided hereunder or the subject matter thereof;

19            b.   the right to object on any ground to the use of the information provided hereunder

20                 or the subject matter thereof at any trial or hearing in this matter or in any related or

21                 subsequent action or proceeding;

22            c.   the right to object on any ground at any time to a demand for further information or

23                 document production; and

24            d.   the right at any time to revise, supplement, correct, or add to its answers.

25       17.     To the extent that any information is provided in answer to an Interrogatory,

26  Defendant will provide the responsive information once.  Additionally, to the extent that

27  Defendant references its answers or responses to other Interrogatories and/or Document Requests,

28

4

DEFENDANT STERLING METS, L.P.'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES REGARDING VENUE – CASE NO. 3:14-CV-00608-JCS

1  Defendant's objections to the other Interrogatories and/or Document Requests are incorporated

2  herein by reference.

3      18.    These General Objections shall be deemed continuing throughout and incorporated

4  into each and every one of the following specific objections and answers to the Interrogatories,

5  whether or not expressly repeated in an answer to any particular Definition, Instruction or

6  Interrogatory, unless otherwise noted.  The statement of any specific objection in the following

7  answers to the Interrogatories shall in no way waive or prejudice Defendant's assertion of the

8  General Objections.

9      19.    Defendant's objections and answers to the Interrogatories are without waiver of, or

10  prejudice to, its right to later use additional documents or information not set forth or referred to in

11  these answers to the Interrogatories.  Any answer contained herein is also made with the express

12  reservation of all rights pursuant to the Federal Rules, Local Civil Rules, the Court's individual

13  rules and/or standing orders to supplement or amend these answers or to present evidence either

14  discovered subsequent to the date hereof or the significance of which is later discovered.

15  **SPECIFIC OBJECTIONS AND ANSWERS**

16  **INTERROGATORY NO. 1**

17  Identify each Person (including but not limited to corporate officers or directors, owners, general

18  managers, assistant general managers, special assistants to the general manager, pitching or hitting

19  coordinators, directors of minor league operations, scouting director, other coordinators and

20  directors, roving instructors, minor league coaches or managers, area scouts, associate scouts or

21  "bird dogs," supervisor or regional scouts, cross-checkers, or pro-coverage scouts—either

22  advanced MLB scouts or scouts covering the minor leagues) employed or contracted by You who

23  has any involvement with Your minor league operations and has (i) lived in California, (ii) worked

24  in California, (iii) made a business trip to California, or (iv) recruited any baseball player living in

25  California or attending High School, College or Junior College in California.

26

27

28

DEFENDANT STERLING METS, L.P.'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES REGARDING VENUE – CASE NO. 3:14-CV-00608-JCS

CONFIDENTIAL

**OBJECTION AND ANSWER TO INTERROGATORY NO. 1**

Subject to and without waiving the General Objections and incorporating those Objections herein, Defendant further objects to this Interrogatory on the grounds that it is overbroad as to temporal scope; is overbroad with respect to Plaintiffs' definition of "Person", "You" and "Your"; is overbroad, vague and ambiguous with respect to the use of the terms "any involvement" and "recruited"; and goes beyond the scope of the limited discovery in connection with opposing the pending motion to transfer venue with respect to subparagraphs (iii) and (iv), which have no bearing on whether the Middle District of Florida is the more convenient forum than the Northern District of California.  Defendant further objects to this Interrogatory – specifically, with respect to subparagraphs (iii) and (iv) – on the grounds that it is overly broad and unduly burdensome.

Notwithstanding these objections and subject to and without waiving the foregoing General and Specific Objections, and in accordance with the Court's June 27 Order, in response to subparagraphs (i) and (ii), Defendant has identified below individuals employed by Defendant or Defendant's subsidiaries by name, title, current city and state of residence and current principal work location whose duties and responsibilities include minor league baseball operations and includes individuals identified by Plaintiffs in their initial disclosures.  The list of individuals identified below is not exhaustive, and Defendant expressly reserves its right to supplement or modify this list.

Defendant's answers to this request do not constitute an acknowledgement or representation that the individuals identified have knowledge or information concerning any claims and defenses, and shall not be construed as a waiver of any objection Defendant may assert at the appropriate time, all of which are hereby expressly preserved.  Defendant also reserves its rights to rely on the testimony of individuals who are not identified below, consistent with the Federal Rules, Local Civil Rules, the Court's individual rules and/or standing orders.

| Name | Title | Principal Work Location | City/State of Residence |
|------|-------|-------------------------|--------------------------|
| Abbott, Glenn | Pitching Coach | Binghamton, NY | ███████████ AR |

DEFENDANT STERLING METS, L.P.'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING VENUE – CASE NO. 3:14-CV-00608-JCS

CONFIDENTIAL

| Name | Title | Principal Work Location | City/State of Residence |
|------|-------|-------------------------|-------------------------|
| Alderson, Sandy | General Manager | Flushing, NY | ██████ NY |
| Alfonzo, Edgardo | Special Instructor | N/A – Travels to all minor league affiliates | ██████ NY |
| Auerbach, Daniel | Video Intern | Las Vegas, NV | ██████ NY |
| Aybar, Manuel | Pitching Coach | Dominican Republic | Dominican Republic |
| Backman, Wally | Manager | Las Vegas, NV | ██████ OR |
| Barra, T.J. | Manager, Minor League Operations/Baseball Information | Flushing, NY | ██████ NY |
| Blake, Benjamin | Video Intern | Port St. Lucie, FL | ██████ MA |
| Branski, Jarad | Athletic Training/Rehab Intern | Port St. Lucie, FL | ██████ OH |
| Brenner, Jack | Assistant Clubhouse Manager | Port St. Lucie, FL | ████ FL |
| Capellan, Carlos | Coach | Dominican Republic | Dominican Republic |
| Carreno, Jose | Manager | Port St. Lucie, FL | █████ FL |
| Castillo, Alberto | Manager | Dominican Republic | Dominican Republic |
| Castro, Liliano | Coach | Dominican Republic | Dominican Republic |
| Chavez, Ender | Hitting Coach | Port St. Lucie, FL | ██████ VZ |
| Clarke, Dustin | Strength and Conditioning Coach | Las Vegas, NV | ████████ FL |
| Cohen, Max | Video Intern | Port St. Lucie, FL | ██████ NY |
| Collins, Sean | Video Intern | Kingsport, TN | ██████ MA |
| Conti, Guy | Senior Advisor | N/A – Travels to all minor league affiliates | ██████ FL |
| Craig, Jason | Strength & Conditioning Coordinator | Port St. Lucie, FL | ████████ FL |
| Davalillo, David | Manager | Dominican Republic | Venezuela |
| De La Cruz, Yucarybert | Coach | Dominican Republic | Dominican Republic |
| Debus, Jon | Rehabilitation Pitching Coordinator | Port St. Lucie | ██████ FL |

7

DEFENDANT STERLING METS, L.P.'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING VENUE – CASE NO. 3:14-CV-00608-JCS

CONFIDENTIAL

| Name | Title | Principal Work Location | City/State of Residence |
|---|---|---|---|
| DePodesta, Paul | Vice President, Player Development and Amateur Scouting | Flushing, NY and Port St. Lucie, FL | ███████, CA |
| Distefano, Benny | Hitting Coach | Brooklyn, NY | ███████████ TX |
| D'Onza, Giovanni | Dominican Republic Athletic Training Coordinator | Dominican Republic | Dominican Republic |
| Ellis, Ryan | Manager | Port St. Lucie, FL | ████████████FL |
| Floyd, Bobby | Special Instructor | N/A – Travels to all minor league affiliates | ████████████ FL |
| Fuentes, Joel | Hitting Coach | Port St. Lucie, FL | ██████████PR |
| Galvez, Franklin | Strength & Conditioning | Dominican Republic | Dominican Republic |
| Gamboa, Tom | Manager | Brooklyn, NY | ███████████CA |
| Garcia, Yunir | Hitting Coach | Kingsport, TN | ████████████████ Venezuela |
| Golia, Joe | Athletic Trainer | Las Vegas, NV | ████████ SC |
| Goudoras, Christopher | Video Intern | Brooklyn, NY | █████████ NY |
| Greer, George | Hitting Coach | Las Vegas, NV | ████████ VA |
| Griffin, Jason | Strength and Conditioning Coach | Binghamton, NY | █████ IL |
| Grosh, Gavin | Athletic Trainer | Kingsport, TN | █████████IN |
| Hanford, Jonathan | Video Intern | Savannah, GA | ███████████WA |
| Henderson, Juan | Director, Latin America Operations | Dominican Republic | Santo Domingo |
| Herbst, Mike | Medical Coordinator | Port St. Lucie, FL | ██████████FL |
| Hernandez, Leonardo | Hitting Coach | Dominican Republic | Venezuela |
| Hunter, Matt | Athletic Trainer | Port St. Lucie, FL | ██████████ FL |
| Hurst, Jonathan | Pitching Coach | Kingsport, TN | ████████ SC |
| Inderrieden, Dane | Strength and Conditioning Coach | Port St. Lucie, FL | █████████ MN |
| Iwanow, Deb | Athletic Trainer | Binghamton, NY | █████ NY |
| Jackson, Al | Pitching Consultant | N/A – Travels to all minor league affiliates | ██████████ FL |
| Landestoy, Rafael | International Field Coordinator | Dominican Republic | ██████FL |
| LaRoche, Dave | Assistant Pitching Coach | Las Vegas, NV | ████████ KS |

8

CONFIDENTIAL

| Name | Title | Principal Work Location | City/State of Residence |
|---|---|---|---|
| Leger, Jose | Manager | Kingsport, TN | ███████ DR |
| Lego, Joe | Strength Coach | Brooklyn, NY | ███ NY |
| Lopez, Pedro | Manager | Binghamton, NY | ███ PR |
| Martinez, Francis | Pitching Coach | Dominican Republic | Dominican Republic |
| Martinez, Manuel | Hitting Coach | Dominican Republic | Dominican Republic |
| McLaren, Tristan | Strength and Conditioning Coach | Savannah, GA | ████ SC |
| Marte, Benjamin | Pitching Coach | Dominican Republic | Dominican Republic |
| Miller, Jon | Director, Minor League Operations | Alexandria, VA | ████ VA |
| Morgan, Kevin | Instruction/Infield Coordinator | N/A – Travels to all minor league affiliates | ████ LA |
| Mullin, John | Equipment/Operations Manager | Port St. Lucie, FL | ███ FL |
| Nader, Mark | Video Intern | Binghamton, NY | ███ NY |
| Natal, Bob | Catching Coordinator | N/A – Travels to all minor league affiliates | ████ TX |
| Pascucci, Valentino | Hitting Coach | Savannah, GA | ████ PA |
| Pearson, David | Rehabilitation & Physical Therapy Coordinator | Port St. Lucie, FL | ██████ FL |
| Perez, Guarionex | Dominican Republic Strength & Conditioning Coordinator | Dominican Republic | Dominican Republic |
| Ramirez, Eddy | Strength & Conditioning | Dominican Republic | Dominican Republic |
| Regan, Phil | Pitching Coach | Port St. Lucie, FL | ██████ FL |
| Reyes, Pedro | Coach | Dominican Republic | Dominican Republic |
| Reyes, Ronny | Coordinator, International Operations | Port St. Lucie | ███████ FL |
| Ricciardi, J.P. | Special Assistant to General Manager Sandy Alderson | Flushing, NY and Port St. Lucie, FL | █████ MA |
| Ricco, John | Vice President, Baseball Operations and Assistant General Manager | Flushing, NY | █████ NJ |

DEFENDANT STERLING METS, L.P.'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES REGARDING VENUE – CASE NO. 3:14-CV-00608-JCS

CONFIDENTIAL

| Name | Title | Principal Work Location | City/State of Residence |
|------|-------|------------------------|------------------------|
| Ring, Royce | Pitching Coach | Port St. Lucie, FL | ▮ CA |
| Rivera, Luis | Hitting Coach | Binghamton, NY | ▮ FL |
| Rojas, Luis | Manager | Savannah, GA | ▮ FL |
| Romanick, Ron | Pitching Coordinator | N/A - Travels to all minor league affiliates | ▮ AZ |
| Scott, Dick | Director, Player Development | Travels to all MLB affiliates | ▮ AZ |
| Signore, Tom | Pitching Coach | Brooklyn, NY | ▮ NY |
| Sosa, Antonio | Trainer | Dominican Republic | Dominican Republic |
| Tada, Kiyoshi | Athletic Trainer | Brooklyn, NY | ▮ FL |
| Tavarez, Alex | Strength and Conditioning Coach | Port St. Lucie, FL | ▮ FL |
| Truedson, Tom | Athletic Trainer | Port St. Lucie, FL | ▮ MN |
| Valdes, Marc | Pitching Coach | Savannah, GA | ▮ FL |
| Valdes, Miguel | Short-Season Pitching Coach | N/A – Travels to all minor league affiliates | ▮ FL |
| Velasquez, Eric | Athletic Trainer | Savannah, GA | ▮ TX |
| Velasquez, Jharvyn | Trainer | Dominican Republic | Venezuela |
| Viola, Frank | Pitching Coach | Las Vegas, NV | ▮ FL |
| Virgil, Sr., Osvaldo | Special Catching Instructor | Dominican Republic | Dominican Republic |
| Voigt, Jack | Outfield/Baserunning Coordinator | N/A – Travels to all minor league affiliates | ▮ FL |
| Wan, Kory | Strength and Conditioning Coach | Kingsport, TN | ▮ FL |
| Warren, Kyle | Video Intern | Port St. Lucie, FL | ▮ NJ |
| Wolf, Jen | Assistant, Minor League Operations | Flushing, NY | ▮ NY |

**INTERROGATORY NO. 2**

For each Person Identified in Interrogatory number 2(i), state:

   a.  The Person's city of residence;

   b.  The city in which the Person has maintained his place of business; and

   c.  The Person's title and scope of responsibility.

10

DEFENDANT STERLING METS, L.P.'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES REGARDING VENUE – CASE NO. 3:14-CV-00608-JCS

CONFIDENTIAL

1  **OBJECTION AND ANSWER TO INTERROGATORY NO. 2**

2       Subject to and without waiving the General Objections and incorporating those Objections

3  herein, Defendant's Objection and Answer to Interrogatory No. 1 is incorporated as if fully set

4  forth herein.  Defendant further objects to this Interrogatory to the extent that it seeks the

5  individual's "scope of responsibility," which is vague and ambiguous, not relevant to the limited

6  discovery in connection with opposing the pending motion to transfer venue, and is unduly

7  burdensome.  Defendant also objects to this Interrogatory to the extent it seeks the individual's

8  city of residence and the city in which the individual has maintained his or her place of business,

9  which also go beyond the scope of the limited discovery in connection with opposing the pending

10  motion to transfer venue.

11       Notwithstanding these objections and subject to and without waiving the foregoing

12  General and Specific Objections, and in accordance with the Court's June 27 Order, Defendant

13  refers Plaintiffs to its Objection and Answer to Interrogatory No. 1.

14

15  **INTERROGATORY NO. 3**

16  For each Person Identified in response to Interrogatory number 2(ii)-(iv), state:

17      a.  The Person's city of residence;

18      b.  The city in which the Person has maintained his place of business;

19      c.  The purpose and duration of the Person's presence in California for each occasion he or

20         she was in California; and

21      d.  The Person's title and scope of responsibility.

22

23  **OBJECTION AND ANSWER TO INTERROGATORY NO. 3**

24       Subject to and without waiving the General Objections and incorporating those Objections

25  herein, Defendant's Objections and Answers to Interrogatory Nos. 1 and 2 are incorporated as if

26  fully set forth herein.  Defendant further objects to this Interrogatory to the extent that it seeks the

27  "purpose and duration of the Person's presence in California for each occasion he or she was in

28

DEFENDANT STERLING METS, L.P.'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES REGARDING VENUE – CASE NO. 3:14-CV-00608-JCS

CONFIDENTIAL

1  California" on the grounds that it is vague and ambiguous, not relevant to the limited discovery in

2  connection with opposing the pending motion to transfer venue, and is unduly burdensome.

3      Notwithstanding these objections and subject to and without waiving the foregoing

4  General and Specific Objections, and in accordance with the Court's June 27 Order, Defendant

5  refers Plaintiffs to its Objection and Answer to Interrogatory No. 1.

6

7  **INTERROGATORY NO. 4**

8  Identify each possible witness who you contend will be inconvenienced by a trial of this case in

9  the Northern District of California, the reason each will be inconvenienced, and the Person's city

10  of residence and address at which the Person maintains his place of business.

11

12  **OBJECTION AND ANSWER TO INTERROGATORY NO. 4**

13      Subject to and without waiving the General Objections and incorporating those Objections

14  herein, Defendant's Objections and Answers to Interrogatory Nos. 1 through 3 are incorporated as

15  if fully set forth herein.  Subject to and without waiving the General Objections and incorporating

16  those Objections herein, Defendant further objects to this Interrogatory on the grounds that it is

17  overbroad with respect to Plaintiffs' definition of "Person"; and is overbroad and unduly

18  burdensome with regard to the request that Defendant provides specific reasons for its answers.

19  Defendant also objects to this Interrogatory on the grounds that Plaintiffs seek premature witness

20  identification.

21      Notwithstanding these objections and subject to and without waiving the foregoing

22  General and Specific Objections, and in accordance with the Court's June 27 Order, Defendant

23  refers Plaintiffs to its Objection and Answer to Interrogatory No. 1.

24      Defendant's answers to this request do not constitute an acknowledgement or

25  representation that the individuals identified have knowledge or information concerning any

26  claims and defenses, and shall not be construed as a waiver of any objection Defendant may assert

27  at the appropriate time, all of which are hereby expressly preserved.  Defendant also reserves its

28

12
DEFENDANT STERLING METS, L.P.'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES REGARDING VENUE – CASE NO. 3:14-CV-00608-JCS

CONFIDENTIAL

1  rights to rely on the testimony of individuals who are not identified in response to Defendant's

2  Objection and Answer to Interrogatory No. 1, consistent with the Federal Rules, Local Civil

3  Rules, the Court's individual rules and/or standing orders.

4

5  **INTERROGATORY NO. 5**

6  For each year between 2008 and the present, identify the number of California residents drafted by

7  You or signed to a Minor League Uniform Player Contract by You.

8

9  **OBJECTION AND ANSWER TO INTERROGATORY NO. 5**

10      Subject to and without waiving the General Objections and incorporating those Objections

11  herein, Defendant further objects to this Interrogatory on the grounds that it is overbroad as to

12  temporal scope, the characterization of "You" and the request for the number of California

13  residents "signed to a Minor League Uniform Player Contract" which is not limited to putative

14  class members; is vague and ambiguous as to the characterization of "California residents"; is not

15  relevant to the limited discovery in connection with opposing the pending motion to transfer venue

16  because, *inter alia,* the contacts of the named plaintiffs, rather than the absent putative class

17  members, are determinative on such motions and that information is equally available to Plaintiffs;

18  and is unduly burdensome.

19

20  **INTERROGATORY NO. 6**

21  Identify any revenue You have generated based on any activity occurring in California, whether

22  the activity was performed by You or not, including revenue from licensing, merchandising,

23  televised baseball games, ticket sales, the Base Plan (Article XXIV of the Basic Agreement), the

24  Revenue Sharing Plan (Article XXIV of the Basic Agreement), the Supplemental Plan (Article

25  XXIV of the Basic Agreement), the Commissioner's Discretionary Fund (Article XXIV of the

26  Basic Agreement), Major League Baseball Properties, Inc., or Major League Baseball Advanced

27  Media, and state:

28

DEFENDANT STERLING METS, L.P.'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES REGARDING VENUE – CASE NO. 3:14-CV-00608-JCS

CONFIDENTIAL

a.   The amount of the revenue by Revenue Sharing Year or calendar year ;

b.   The source of the revenue by Revenue Sharing Year or calendar year.

**OBJECTION AND ANSWER TO INTERROGATORY NO. 6**

Subject to and without waiving the General Objections and incorporating those Objections herein, Defendant further objects to this Interrogatory on the grounds that it is unduly burdensome and not relevant to the limited discovery in connection with opposing the pending motion to transfer venue because, *inter alia,* revenue generated based on *any* activity in California, regardless of whether such activity was performed by Defendant, has no bearing on whether the Middle District of Florida is a more convenient forum than the Northern District of California. Defendant further objects on the grounds that the request seeks proprietary and highly confidential financial information; is overbroad and unduly burdensome with respect to temporal scope; and is overbroad, unduly burdensome, vague and ambiguous with respect to the characterization of "revenue," "any activity" and "You".

**INTERROGATORY NO. 7**

Identify each of Your employees for whom You have paid payroll taxes to the state of California due to work performed on Your behalf.

**OBJECTION AND ANSWER TO INTERROGATORY NO. 7**

Subject to and without waiving the General Objections and incorporating those Objections herein, Defendant further objects to this Interrogatory on the grounds that it is not relevant to the limited discovery in connection with opposing the pending motion to transfer venue because, *inter alia,* whether Defendant paid payroll taxes to the state of California due to work performed on Defendant's behalf has no bearing on whether the Middle District of Florida is a more convenient forum than the Northern District of California.  Defendant further objects on the grounds that the Interrogatory seeks proprietary and confidential financial information; is overbroad with respect to

14

DEFENDANT STERLING METS, L.P.'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES REGARDING VENUE – CASE NO. 3:14-CV-00608-JCS

CONFIDENTIAL

1  temporal scope; and is overbroad, vague and ambiguous with respect to the characterization of

2  "work," "employees," "You" and "Your".

3

4  **INTERROGATORY NO. 8**

5  Have You ever been qualified, licensed or registered to do business in California? If yes, identify

6  the years in which You were registered to do business in California and the reason You terminated

7  the registration or otherwise failed to continue to be registered to do business in California.

8

9  **OBJECTION AND ANSWER TO INTERROGATORY NO. 8**

10       Subject to and without waiving the General Objections and incorporating those Objections

11  herein, Defendant further objects to this Interrogatory on the grounds that it is unduly burdensome

12  and not relevant to the limited discovery in connection with opposing the pending motion to

13  transfer venue.  Defendant further objects on the grounds that the Interrogatory is overbroad with

14  respect to temporal scope; and is overbroad, unduly burdensome, vague and ambiguous with

15  respect to the characterization of "You" and Plaintiffs' request for the "reason", if any, the

16  California business was terminated.

17       Notwithstanding these objections and subject to and without waiving the foregoing

18  General and Specific Objections, and in accordance with the Court's June 27 Order, Defendant is

19  not qualified, licensed or registered to do business in the state of California.

20

21  **INTERROGATORY NO. 9**

22  Identify each first year player that You permitted to alter or change his Uniform Player Contract,

23  identify each term of the contract (other than information provided in the addenda, such as the

24  personal information of the draftee, the signing bonus, if any, and college scholarship plan, if any).

25

26  **OBJECTION AND ANSWER TO INTERROGATORY NO. 9**

27       Subject to and without waiving the General Objections and incorporating those Objections

28

15

DEFENDANT STERLING METS, L.P.'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES REGARDING VENUE – CASE NO. 3:14-CV-00608-JCS

CONFIDENTIAL

1    herein, Defendant further objects to this Interrogatory on the grounds that it is not relevant to the

2    limited discovery in connection with opposing the pending motion to transfer venue because, *inter*

3    *alia,* Plaintiffs' contentions in this Interrogatory have no bearing on whether the Middle District of

4    Florida is the more convenient forum than the Northern District of California.  Defendant further

5    objects on the grounds that the Interrogatory seeks information pertaining to the merits of this

6    action and is premature; is argumentative; and is an inappropriate contention interrogatory.

7    Defendant also objects on the grounds that the Interrogatory is overbroad and unduly burdensome,

8    in particular with respect to temporal scope; and is overbroad, unduly burdensome, vague and

9    ambiguous with respect to the characterization of "You" and "alter or change."

10

11   **INTERROGATORY NO. 10**

12   For each year between 2008 and the present, identify the number of minor leaguers that signed a

13   Uniform Player Contract, any subsequent contract addenda (including "Addendum C") or

14   employment contract in California and Florida.

15

16   **OBJECTION AND ANSWER TO INTERROGATORY NO. 10**

17          Subject to and without waiving the General Objections, Defendant further objects to this

18   Interrogatory on the grounds that it is not relevant to the limited discovery in connection with

19   opposing the pending motion to transfer venue because, *inter alia,* the location of contract

20   execution has no bearing on whether the Middle District of Florida is the more convenient forum

21   than the Northern District of California.  Defendant also objects on the grounds that the

22   Interrogatory is overbroad and unduly burdensome with respect to temporal scope; is overbroad,

23   unduly burdensome, vague and ambiguous with respect to the characterization of "minor leaguers"

24   and "employment contract"; and is unduly burdensome to the extent that Defendant does not

25   maintain records that indicate where the UPCs and/or Addenda Cs were executed.

26          Notwithstanding these objections and subject to and without waiving the foregoing

27   General and Specific Objections, and in accordance with the Court's June 27 Order, Defendant

28

DEFENDANT STERLING METS, L.P.'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES REGARDING VENUE – CASE NO. 3:14-CV-00608-JCS

CONFIDENTIAL

1  refers Plaintiffs to the declaration submitted on its behalf in support of the motion to transfer

2  venue.  (Dkt. No. 118-11.)

3

4  Dated:  August 8, 2014                              Respectfully submitted,

5                                                      /s/ Elise M. Bloom

6                                                      Elise M. Bloom (*pro hac vice*)
                                                       Howard L. Ganz
7                                                      Neil H. Abramson (*pro hac vice*)
                                                       Adam M. Lupion (*pro hac vice*)
8                                                      **PROSKAUER ROSE LLP**
                                                       11 Times Square
9                                                      New York, NY 10036
                                                       Telephone:   (212) 969-3000
10                                                     Facsimile:    (212) 969-2900

11                                                     Laura Reathaford (SBN 254751)
                                                       **PROSKAUER ROSE LLP**
12                                                     2049 Century Park East, 32nd Floor
                                                       Los Angeles, CA  90067-3206
13                                                     Telephone:   (310) 557-2900
                                                       Facsimile:    (310) 557-2193
14                                                     lreathaford@proskauer.com

15                                                     *Attorneys for Defendant*

16  TO:      KOREIN TILLERY, LLC
             Stephen M. Tillery
17           Garrett R. Broshuis
             Guiseppe S. Giardina
18           505 North 7th Street, Suite 3600
             St. Louis, MO 63101
19
             *Attorneys for Plaintiffs*
20

21

22

23

24

25

26

27

28
                                          17
    DEFENDANT STERLING METS, L.P.'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF
           INTERROGATORIES REGARDING VENUE – CASE NO. 3:14-CV-00608-JCS

**VERIFICATION**

STATE OF New York )
                   : SS.:
COUNTY OF Queens )

I, David P. Cohen being duly sworn, state that I am the EVP, GC at Defendant Sterling

Mets, L.P. and hereby verify under oath that I have read the Defendant Sterling Mets, L.P.'s

Objections and Answers to Plaintiffs' First Set of Interrogatories Regarding Venue and know the

contents thereof.  I am making this verification based on my personal knowledge, knowledge or

information provided to me by other employees or agents of Defendant and/or gained from

Defendant's records, except as to the matters stated to be alleged on information and belief; and as

to those matters I believe them to be true.

Sworn to before me this
7th day of August 2014

Notary Public
JESSICA BOYLAN
Notary Public, State of New York
No. 01BO6193331
Qualified in New York County
Commission Expires September 15, 2016

18

DEFENDANT STERLING METS, L.P.'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES REGARDING VENUE – CASE NO. 3:14-CV-00608-JCS

CONFIDENTIAL

PROSKAUER ROSE LLP
Elise M. Bloom (*pro hac vice*)
Howard L. Ganz
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
11 Times Square
New York, NY 10036
Telephone:    (212) 969-3000
Facsimile:    (212) 969-2900

PROSKAUER ROSE LLP
Laura Reathaford (SBN 254751)
lreathaford@proskauer.com
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:    310.557.2900
Facsimile:    310.557.2193

Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated;<br><br>Plaintiffs,<br><br>vs.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL; et al.;<br><br>Defendants. | CASE NO. 3:14-cv-00608-JCS<br><br>**CLASS ACTION**<br><br>**CERTIFICATE OF SERVICE** |

DEFENDANT STERLING METS, L.P.'S CERTIFICATE OF SERVICE
CASE NO. 3:14-CV-00608-JCS

I hereby certify that on August 8, 2014, I caused to be served the following:

   1.   Defendant Sterling Mets, L.P.'s Objections and Answers to Plaintiffs' First Set of
        Interrogatories Regarding Venue

by e-mail on the following counsel for Plaintiffs:

>               Garrett R. Broshuis, Esq.
>               Giuseppe S. Giardina, Esq.
>               KOREIN TILLERY, LLC
>               505 North 7th Street, Suite 3600
>               St. Louis, MO 63101
>
>               Bobby Pouya
>               Daniel L. Warshaw
>               PEARSON, SIMON & WARSHAW, LLP
>               15165 Ventura Boulevard, Suite 400
>               Sherman Oaks, CA 91403

Dated: New York, New York
       August 8, 2014

>                         Respectfully submitted,
>
>                         /s/ Elise M. Bloom
>                         PROSKAUER ROSE LLP
>                         Elise M. Bloom
>                         Eleven Times Square
>                         New York, New York 10036
>                         Ph.:  (212) 969.3410
>                         Fax: (212) 969.2900
>                         ebloom@proskauer.com