UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON SENNE, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>KANSAS CITY ROYALS BASEBALL CORP., et al.,<br><br>    Defendants. | Case No. 14-cv-00608-JCS<br><br>**ORDER TO SHOW CAUSE WHY REQUEST TO SEAL SHOULD NOT BE DENIED**<br><br>Re: Dkt. No. 298 |

Plaintiffs have filed an administrative motion to file under seal certain documents in support of their opposition to Defendants' Motion to Dismiss and Transfer Venue ("the Administrative Motion"). Plaintiffs' request to file under seal is based on the designation of the documents as Confidential under the Stipulated Protective Order in this case. In compliance with Civil Local Rule 79-5(e), Plaintiffs filed a declaration in support of the Administrative Motion identifying the documents sought to be filed under seal and the parties who designated those documents as Confidential. The designating parties are: 1) Baltimore Orioles; 2) Tampa Bay Rays; 3) Cleveland Indians; 4) New York Yankees and 4) Washington Nationals ("Designating Parties").

Under Civ. L.R. 79-5(e)(1), the parties who designated the documents as Confidential were required to file declarations within four days establishing that the designated material is sealable. Counsel for all of the designating parties except the Baltimore Orioles filed a statement in support of the administrative motion to seal, as well as a declaration of counsel stating that the "Proposed Sealed Documents should be sealed because (i) they are not publicly available; and (ii) to the extent they contain confidential and proprietary information, including but not limited to Club-specific information regarding training and player development, and confidential salary

information." *See* Docket Nos. 307-308. Neither the statement nor the declaration offered any specific facts in support of these assertions. The Baltimore Orioles did not file a declaration in support of the Administrative Motion.

The standard that is applied to determine whether documents are sealable depends on whether they are offered in connection with a dispositive or a non-dispositive motion. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-1179 (9th Cir. 2006). While compelling reasons are required to seal documents in connection with dispositive motions, the Ninth Circuit has recognized that the "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Id*. at 1179 (internal quotations and citations omitted). Therefore, in the case of non-dispositive motions, a party must make only "a particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c)." *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). Though there is scant case law on the question, at least one court has found that a motion to dismiss for lack of personal jurisdiction or to transfer venue is considered a non-dispositive motion for the purposes of sealing determinations. *Young v. Actions Semiconductor Co., Ltd.*, 2007 WL 2177028, at *2 (S.D.Cal., July 27, 2007). The undersigned agrees with the reasoning in the *Young* decision and therefore concludes that the "good cause" standard applies to the documents identified in the Administrative Motion. The Designating Parties have not established that that standard is met, however.

Under Federal Rule 26(c), "[t]he Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed .R.Civ.P. 26(c). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1130 (9th Cir. 2003). Conclusory allegations of potential harm are not enough. *Id*. The Baltimore Orioles have submitted no declaration to justify protection of the document that they designated as Confidential and the remaining Defendants have provided only a conclusory statement that the documents

"contain confidential and proprietary information, including but not limited to Club-specific information regarding training and player development, and confidential salary information." They do not address the specific documents at issue and they do not explain why the disclosure of any of this information will result in specific prejudice.

Accordingly, the Designating Parties shall submit declarations establishing that the documents identified in the Administrative Motion are sealable under the "good cause" standard discussed above. Declarations in compliance with Civ.L.R. 79-5(d)(1)(A) may be filed by **January 12, 2015**. Failure to establish good cause by the Designating Parties will result in denial, either in whole or in part, of Plaintiff's Administrative Motion.

**IT IS SO ORDERED.**

Dated: January 6, 2015

JOSEPH C. SPERO
United States Magistrate Judge