ELISE M. BLOOM (*pro hac vice*)
HOWARD L. GANZ
NEIL H. ABRAMSON (*pro hac vice*)
ADAM M. LUPION (*pro hac vice*)
**PROSKAUER ROSE LLP**
11 Times Square
New York, NY 10036
Telephone:    (212) 969-3000
Facsimile:    (212) 969-2900

ENZO DER BOGHOSSIAN, State Bar No. 211351
**PROSKAUER ROSE LLP**
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:    (310) 284-4592
Facsimile:    (310) 557-2193
Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON SENNE, *et al.*,<br>      Plaintiffs,<br>    vs.<br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL, *et al.*<br>      Defendants. | CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)<br>**ECF Case**<br><br>**DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER  TO THE CONSOLIDATED AMENDED COMPLAINT** |

For its First Amended Answer to the Consolidated Amended Complaint of Plaintiff Aaron Senne, *et al.*, Defendant Athletics Investment Group, LLC (d/b/a "Oakland Athletics") (referred to herein as "Defendant"), by and through its attorneys, Proskauer Rose LLP, states as follows:

### I. AS AND TO THE NATURE AND BACKGROUND OF THE SUIT[1]

1.      Denies the allegations set forth in Paragraph 1 of the Consolidated Amended Complaint.[2]

2.      Denies the allegations set forth in Paragraph 2 of the Consolidated Amended Complaint.

---

[1] The headings used in this First Amended Answer are the headings created by Plaintiffs and used in the Consolidated Amended Complaint.  Defendant submits a general denial with respect to the characterizations in the headings and Table of Contents of the Consolidated Amended Complaint.

[2] Defendant denies the allegation set forth in Paragraph 1 of the Consolidated Amended Complaint that Major League Baseball is a "cartel," and, where applicable, specifically incorporates this objection and denial throughout the remainder of its First Amended Answer.

- 1 -

3. Denies the allegations set forth in Paragraph 3 of the Consolidated Amended Complaint.

4. Denies the allegations set forth in Paragraph 4 of the Consolidated Amended Complaint, except admits that major league baseball players are currently represented by a union known as the Major League Baseball Players Association ("MLBPA"), that the first collective bargaining agreement between MLB and the MLBPA was entered into in 1968, and that the current MLB/MLBPA collective bargaining agreement provides for a minimum salary of $500,000 for the 2014 season.

5. Denies the allegations set forth in Paragraph 5 of the Consolidated Amended Complaint, except admits that minor league baseball players not on a Club's "40-man roster" are not represented by a union.

6. Denies the allegations set forth in Paragraph 6 of the Consolidated Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the alleged unsuccessful efforts to unionize minor league players and/or the reasons therefor, and Mr. Peltier's testimony.

7. Denies the allegations set forth in Paragraph 7 of the Consolidated Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mr. Peltier's testimony.

8. Denies the allegations set forth in Paragraph 8 of the Consolidated Amended Complaint.

9. Denies the allegations set forth in Paragraph 9 of the Consolidated Amended Complaint.

10. Denies the allegations set forth in Paragraph 10 of the Consolidated Amended Complaint, except admits that Defendant pays minor league players in accordance with MLB's rules and refers the Court to Major League Rules Attachment 3, UPC, attached to the Consolidated Amended Complaint as Exhibit A, upon which the Plaintiffs purport to rely.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Consolidated Amended Complaint, except denies that "wage violations force many minor leaguers to live in poverty."

- 2 -

12.      Denies the allegations set forth in Paragraph 12 of the Consolidated Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning any investigation or litigation involving MLB or other Clubs.

13.      Denies the allegations set forth in Paragraph 13 of the Consolidated Amended Complaint, except admits that a representative of the U.S. Department of Labor made a presentation at a MLB meeting in 2013, and refers the Court to the memorandum referenced in Footnote 7 of the Consolidated Amended Complaint for a full and accurate statement of the contents of that memorandum.

14.      Denies the allegations set forth in Paragraph 14 of the Consolidated Amended Complaint.

15.      The allegations set forth in Paragraph 15 of the Consolidated Amended Complaint constitute argument to which no response is required.  To the extent a response may be required, Defendant denies the allegations and refers the Court to President Franklin D. Roosevelt's Message to the Congress of the United States, November 15, 1937, for a full and accurate statement of that Message.

16.      The allegations set forth in Paragraph 16 of the Consolidated Amended Complaint constitute argument to which no response is required.  To the extent a response may be required, Defendant admits that certain states have passed wage and hour laws.

17.      Denies the allegations set forth in Paragraph 17 of the Consolidated Amended Complaint, except admits that Plaintiffs purport to seek the damages described in said paragraph, that five member Clubs of MLB are based in California, that the California League operates in California, that member Clubs of MLB maintain spring training facilities in Florida and Arizona, and that certain minor league teams operate in Florida and Arizona.

18.       Denies the allegations set forth in Paragraph 18 of the Consolidated Amended Complaint, except admits that Plaintiffs purport to seek the relief described in said paragraph.

## II. AS AND TO THE PARTIES

### 1.      As and to the Plaintiffs

19.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Consolidated Amended Complaint, except admits that Aaron

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

Senne is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 19 of the Consolidated Amended Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Consolidated Amended Complaint, except admits that Michael Liberto is a plaintiff in this action and purports to be a representative plaintiff for the "Arizona Class" and the "Minor League Collective" as alleged in Paragraph 20 of the Consolidated Amended Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Consolidated Amended Complaint, except admits that Oliver Odle is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 21 of the Consolidated Amended Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Consolidated Amended Complaint, except admits that Brad McAtee is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 22 of the Consolidated Amended Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Consolidated Amended Complaint, except admits that Craig Bennigson is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 23 of the Consolidated Amended Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Consolidated Amended Complaint, except admits that Matt Lawson is a plaintiff in this action and purports to be a representative plaintiff for the "Arizona Class" and the "Minor League Collective" as alleged in Paragraph 24 of the Consolidated Amended Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Consolidated Amended Complaint, except admits that Kyle Woodruff is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 25 of the Consolidated Amended Complaint.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

26.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Consolidated Amended Complaint, except admits that Ryan Kiel is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 26 of the Consolidated Amended Complaint.

27.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Consolidated Amended Complaint, except admits that Kyle Nicholson is a plaintiff in this action and purports to be a representative plaintiff for the "California Class" as alleged in Paragraph 27 of the Consolidated Amended Complaint.

28.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Consolidated Amended Complaint, except admits that Brad Stone is a plaintiff in this action and purports to be a representative plaintiff for the "Florida Class" and the "Minor League Collective" as alleged in Paragraph 28 of the Consolidated Amended Complaint.

29.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Consolidated Amended Complaint, except admits that Matt Daly is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 29 of the Consolidated Amended Complaint.

30.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Consolidated Amended Complaint, except admits that Aaron Meade is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 30 of the Consolidated Amended Complaint.

31.   Denies the allegations set forth in Paragraph 31 of the Consolidated Amended Complaint, except admits that Justin Murray is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 31 of the Consolidated Amended Complaint, was a minor league baseball player for certain clubs affiliated with the Oakland Athletics at certain points in 2008, 2009, 2010 and 2011; and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Murray's current residence.

- 5 -

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Consolidated Amended Complaint, except admits that Jake Kahaulelio is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 32 of the Consolidated Amended Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Consolidated Amended Complaint, except admits that Ryan Khoury is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 33 of the Consolidated Amended Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Consolidated Amended Complaint, except admits that Dustin Pease is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 34 of the Consolidated Amended Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Consolidated Amended Complaint, except admits that Jeff Nadeau is a plaintiff in this action and purports to be a representative plaintiff for the "Florida Class" and the "Minor League Collective" as alleged in Paragraph 35 of the Consolidated Amended Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Consolidated Amended Complaint, except admits that Jon Gaston is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 36 of the Consolidated Amended Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Consolidated Amended Complaint, except admits that Brandon Henderson is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 37 of the Consolidated Amended Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Consolidated Amended Complaint, except admits that Tim

- 6 -

Pahuta is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 38 of the Consolidated Amended Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Consolidated Amended Complaint, except admits that Les Smith is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 39 of the Consolidated Amended Complaint.

40.     Denies the allegations set forth in Paragraph 40 of the Consolidated Amended Complaint, except admits that Joseph Newby is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 40 of the Consolidated Amended Complaint, was a minor league baseball player for clubs affiliated with the Oakland Athletics at certain points in 2004, 2005, 2006 and 2007; and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Newby's current residence and his having played for other Clubs.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Consolidated Amended Complaint, except admits that Ryan Hutson is a plaintiff in this action and purports to be a representative plaintiff for the "Florida Class" and the "Minor League Collective" as alleged in Paragraph 41 of the Consolidated Amended Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Consolidated Amended Complaint, except admits that Matt Frevert is a plaintiff in this action and purports to be a representative plaintiff for the "Florida Class" and the "Minor League Collective" as alleged in Paragraph 42 of the Consolidated Amended Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Consolidated Amended Complaint, except admits that Roberto Ortiz is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 43 of the Consolidated Amended Complaint.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Consolidated Amended Complaint, except admits that Witer Jimenez is a plaintiff in this action and purports to be a representative for the "Florida Class" and the "Minor League Collective" as alleged in Paragraph 44 of the Consolidated Amended Complaint.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Consolidated Amended Complaint, except admits that Kris Watts is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 45 of the Consolidated Amended Complaint.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Consolidated Amended Complaint, except admits that Mitch Hilligoss is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 46 of the Consolidated Amended Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Consolidated Amended Complaint, except admits that Matt Gorgen is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 47 of the Consolidated Amended Complaint.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Consolidated Amended Complaint, except admits that Brett Newsome is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 48 of the Consolidated Amended Complaint.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Consolidated Amended Complaint, except admits that Jake Opitz is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 49 of the Consolidated Amended Complaint.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Consolidated Amended Complaint, except admits that Daniel

- 8 -

Britt is a plaintiff in this action and purports to be a representative plaintiff for the "Arizona Class" and the "Minor League Collective" as alleged in Paragraph 50 of the Consolidated Amended Complaint.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Consolidated Amended Complaint, except admits that Joel Weeks is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 51 of the Consolidated Amended Complaint.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Consolidated Amended Complaint, except admits that Gaspar Santiago is a plaintiff in this action and purports to be a representative plaintiff for certain "Classes" and the "Minor League Collective" as alleged in Paragraph 52 of the Consolidated Amended Complaint.

### 2.     As and to the Defendants

53.     Denies the allegations set forth in Paragraph 53 of the Consolidated Amended Complaint, except admits that the Office of the Commissioner of Baseball, d/b/a MLB, is an unincorporated association, also doing business as Major League Baseball, and it is currently comprised of 30 Major League Baseball Clubs; and Major League Baseball Properties, Inc. (d/b/a "Properties") and Major League Baseball Enterprises, Inc. (d/b/a "Enterprises") are separately owned and operated entities, controlled by the 30 Major League Baseball Clubs, and Properties is a wholly-owned subsidiary of Enterprises.[3]

54.     Denies the allegations set forth in Paragraph 54 of the Consolidated Amended Complaint.

55.     Denies the allegations set forth in Paragraph 55 of the Consolidated Amended Complaint, except admits that Mr. Selig has served as the Commissioner of Major League Baseball since in or about 1998 and once had an ownership interest in a Club.

56.     Denies the allegations set forth in Paragraph 56 of the Consolidated Amended Complaint, except admits that, according to the Major League Constitution ("MLC"), Mr. Selig currently serves as

---

[3] Defendant admits that Plaintiffs purport to reserve the right to name Major League Baseball Properties, Inc. and Major League Baseball Enterprises, Inc. as Defendants in this lawsuit, and Defendant reserves all rights to oppose any such request.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1    the "Chief Executive Officer of Major League Baseball" and has the authority to administer discipline,

2    announce rules and procedures and preside over meetings on behalf of MLB.

3            57.    Denies the allegations set forth in Paragraph 57 of the Consolidated Amended Complaint,

4    except admits that, under the MLC, Mr. Selig has "executive responsibility for labor relations."

5            58.    Denies the allegations set forth in Paragraph 58 of the Consolidated Amended Complaint,

6    except admits that Mr. Selig plays a role in the development, implementation and enforcement of rules

7    and policies with respect to minor league players.

8            59.    Denies the allegations set forth in Paragraph 59 of the Consolidated Amended Complaint,

9    and refers to the provisions of the MLC for all of its terms and conditions.

10           60.    Admits the allegations set forth in Paragraph 60 of the Consolidated Amended

11   Complaint, and refers to the provisions of the MLC for all of its terms and conditions.

12           61.    Denies the allegations set forth in Paragraph 61 of the Consolidated Amended Complaint.

13           62.    Denies the allegations set forth in Paragraph 62 of the Consolidated Amended Complaint,

14   except admits that the Office of the Commissioner of Baseball implemented drug testing for minor

15   league players in 2001 and HGH testing in 2010; the Office of the Commissioner of Baseball

16   implemented and oversees a tobacco policy that minor league players must abide by; and a collectively

17   bargained signing bonus pool system for drafted and undrafted players was implemented, the terms of

18   which are set forth in Major League Rule 3(c)(4).

19           63.    Denies the allegations set forth in Paragraph 63 of the Consolidated Amended Complaint,

20   except admits that Plaintiffs purport to name the Clubs identified in the caption of the Consolidated

21   Amended Complaint as Defendants in this lawsuit and to refer to them collectively.

22           64.    Denies the allegations set forth in Paragraph 64 of the Consolidated Amended Complaint,

23   except admits upon information and belief that the entity known as the Kansas City Royals is a member

24   Club of Major League Baseball and employs and has employed certain minor league baseball players.

25           65.    Denies the allegations set forth in Paragraph 65 of the Consolidated Amended Complaint,

26   except admits upon information and belief that the entity known as the Miami Marlins, previously

27

28                                                  - 10 -

known as the Florida Marlins, is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

66.     Denies the allegations set forth in Paragraph 66 of the Consolidated Amended Complaint, except admits upon information and belief that the entity known as the San Francisco Giants is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

67.     Denies the allegations set forth in Paragraph 67 of the Consolidated Amended Complaint, except admits upon information and belief that the entity known as the Boston Red Sox is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

68.     Denies the allegations set forth in Paragraph 68 of the Consolidated Amended Complaint, except admits upon information and belief that the entity known as the Toronto Blue Jays is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

69.     Denies the allegations set forth in Paragraph 69 of the Consolidated Amended Complaint, except admits upon information and belief that the entity known as the Chicago White Sox is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

70.     Denies the allegations set forth in Paragraph 70 of the Consolidated Amended Complaint, except admits upon information and belief that the entity known as the Cleveland Indians is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

71.     Denies the allegations set forth in Paragraph 71 of the Consolidated Amended Complaint, except admits upon information and belief that the entity known as the Houston Astros is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

72.     Denies the allegations set forth in Paragraph 72 of the Consolidated Amended Complaint, except admits upon information and belief that the entity known as the Los Angeles Angels of Anaheim is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

73.     Denies the allegations set forth in Paragraph 73 of the Consolidated Amended Complaint, except admits that the entity known as the Oakland Athletics is a member Club of Major League

- 11 -

1   Baseball and employs and has employed certain minor league baseball players, including Plaintiffs

2   Justin Murray and Joseph Newby.

3          74.     Denies the allegations set forth in Paragraph 74 of the Consolidated Amended Complaint,

4   except admits upon information and belief that the entity known as the Seattle Mariners is a member

5   Club of Major League Baseball and employs and has employed certain minor league baseball players.

6          75.     Denies the allegations set forth in Paragraph 75 of the Consolidated Amended Complaint,

7   except admits upon information and belief that the entity known as the Cincinnati Reds is a member

8   Club of Major League Baseball and employs and has employed certain minor league baseball players.

9          76.     Denies the allegations set forth in Paragraph 76 of the Consolidated Amended Complaint,

10  except admits upon information and belief that the entity known as the St. Louis Cardinals is a member

11  Club of Major League Baseball and employs and has employed certain minor league baseball players.

12         77.     Denies the allegations set forth in Paragraph 77 of the Consolidated Amended Complaint,

13  except admits upon information and belief that the entity known as the Colorado Rockies is a member

14  Club of Major League Baseball and employs and has employed certain minor league baseball players.

15         78.     Denies the allegations set forth in Paragraph 78 of the Consolidated Amended Complaint,

16  except admits upon information and belief that the entity known as the San Diego Padres is a member

17  Club of Major League Baseball and employs and has employed certain minor league baseball players.

18         79.     Denies the allegations set forth in Paragraph 79 of the Consolidated Amended Complaint,

19  except admits upon information and belief that the entity known as the Minnesota Twins is a member

20  Club of Major League Baseball and employs and has employed certain minor league baseball players.

21         80.     Denies the allegations set forth in Paragraph 80 of the Consolidated Amended Complaint,

22  except admits upon information and belief that the entity known as the Washington Nationals is a

23  member Club of Major League Baseball and employs and has employed certain minor league baseball

24  players.

25         81.     Denies the allegations set forth in Paragraph 81 of the Consolidated Amended Complaint,

26  except admits upon information and belief that the entity known as the Detroit Tigers is a member Club

27  of Major League Baseball and employs and has employed certain minor league baseball players.

28

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE
CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with
3:14-cv-03289-JCS)

82.     Denies the allegations set forth in Paragraph 82 of the Consolidated Amended Complaint, except admits upon information and belief that the entity known as the Los Angeles Dodgers is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

83.     Denies the allegations set forth in Paragraph 83 of the Consolidated Amended Complaint, except admits upon information and belief that the entity known as the New York Mets is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

84.     Denies the allegations set forth in Paragraph 84 of the Consolidated Amended Complaint, except admits upon information and belief that the entity known as the Atlanta Braves is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

85.     Denies the allegations set forth in Paragraph 85 of the Consolidated Amended Complaint, except admits upon information and belief that the entity known as the Arizona Diamondbacks is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

86.     Denies the allegations set forth in Paragraph 86 of the Consolidated Amended Complaint, except admits upon information and belief that the entity known as the Baltimore Orioles is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

87.     Denies the allegations set forth in Paragraph 87 of the Consolidated Amended Complaint, except admits upon information and belief that the entity known as the Philadelphia Phillies is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

88.     Denies the allegations set forth in Paragraph 88 of the Consolidated Amended Complaint, except admits upon information and belief that the entity known as the Pittsburgh Pirates is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

89.     Denies the allegations set forth in Paragraph 89 of the Consolidated Amended Complaint, except admits upon information and belief that the entity known as the New York Yankees is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

- 13 -

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

90.     Denies the allegations set forth in Paragraph 90 of the Consolidated Amended Complaint, except admits upon information and belief that the entity known as the Tampa Bay Rays is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

91.     Denies the allegations set forth in Paragraph 91 of the Consolidated Amended Complaint, except admits upon information and belief that the entity known as the Chicago Cubs is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

92.     Denies the allegations set forth in Paragraph 92 of the Consolidated Amended Complaint, except admits upon information and belief that the entity known as the Milwaukee Brewers is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

93.     Denies the allegations set forth in Paragraph 93 of the Consolidated Amended Complaint, except admits upon information and belief that the entity known as the Texas Rangers is a member Club of Major League Baseball and employs and has employed certain minor league baseball players.

### III.  AS AND TO THE CLASS ACTION ALLEGATIONS

94.     Denies the allegations set forth in Paragraph 94 of the Consolidated Amended Complaint, except admits that Plaintiffs purport to bring their state law claims as class actions on behalf of themselves and all others who are similarly situated under the statutes cited therein.

95.     Denies the allegations set forth in Paragraph 95 of the Consolidated Amended Complaint, except admits that the Consolidated Amended Complaint purports to assert claims on behalf of a "California Class," which is described therein.

96.     Denies the allegations set forth in Paragraph 96 of the Consolidated Amended Complaint, except admits that the Plaintiffs identified therein purport to be the "California Class Representatives."

97.     Denies the allegations set forth in Paragraph 97 of the Consolidated Amended Complaint, except admits that the Consolidated Amended Complaint purports to seek waiting time penalties under California Labor Code § 203 on behalf of the "California Waiting Time Subclass" described therein.

98.     Denies the allegations set forth in Paragraph 98 of the Consolidated Amended Complaint, except admits that the Consolidated Amended Complaint purports to assert claims on behalf of the "Florida Class" described therein.

- 14 -

99.     Denies the allegations set forth in Paragraph 99 of the Consolidated Amended Complaint, except admits that the Plaintiffs identified therein purport to be the "Florida Class Representatives."

100.     Denies the allegations set forth in Paragraph 100 of the Consolidated Amended Complaint, except admits that the Consolidated Amended Complaint purports to assert claims on behalf of the "Arizona Class" described therein.

101.     Denies the allegations set forth in Paragraph 101 of the Consolidated Amended Complaint, except admits that the Plaintiffs identified therein purport to be the "Arizona Class Representatives."

102.     Denies the allegations set forth in Paragraph 102 of the Consolidated Amended Complaint, except admits that the Consolidated Amended Complaint purports to assert claims on behalf of the "North Carolina Class" described therein.

103.     Denies the allegations set forth in Paragraph 103 of the Consolidated Amended Complaint, except admits that the Plaintiffs identified therein purport to be the "North Carolina Class Representatives."

104.     Denies the allegations set forth in Paragraph 104 of the Consolidated Amended Complaint, except admits that the Consolidated Amended Complaint purports to assert claims on behalf of the "New York Class" described therein.

105.     Denies the allegations set forth in Paragraph 105 of the Consolidated Amended Complaint, except admits that the Plaintiffs identified therein purport to be the "New York Class Representatives."

106.     Denies the allegations set forth in Paragraph 106 of the Consolidated Amended Complaint, except admits that the Consolidated Amended Complaint purports to assert claims on behalf of the "Pennsylvania Class" described therein.

107.     Denies the allegations set forth in Paragraph 107 of the Consolidated Amended Complaint, except admits that the Plaintiffs identified therein purport to be the "Pennsylvania Class Representatives."

- 15 -

108. Denies the allegations set forth in Paragraph 108 of the Consolidated Amended Complaint, except admits that the Consolidated Amended Complaint purports to assert claims on behalf of the "Maryland Class" described therein.

109. Denies the allegations set forth in Paragraph 109 of the Consolidated Amended Complaint, except admits that the Plaintiffs identified therein purport to be the "Maryland Class Representatives."

110. Denies the allegations set forth in Paragraph 110 of the Consolidated Amended Complaint, except admits that the Consolidated Amended Complaint purports to assert claims on behalf of the "Oregon Class" described therein.

111. Denies the allegations set forth in Paragraph 111 of the Consolidated Amended Complaint, except admits that the Plaintiffs identified therein purport to be the "Oregon Class Representatives."

112. Denies the allegations set forth in Paragraph 112 of the Consolidated Amended Complaint.

113. Denies the allegations set forth in Paragraph 113 of the Consolidated Amended Complaint.

114. Denies the allegations set forth in Paragraph 114 of the Consolidated Amended Complaint.

115. Denies the allegations set forth in Paragraph 115 of the Consolidated Amended Complaint.

116. Denies the allegations set forth in Paragraph 116, including but not limited to subparagraphs (a) through (h), inclusive, of the Consolidated Amended Complaint.

117. Denies the allegations set forth in Paragraph 117 of the Consolidated Amended Complaint.

118. Denies the allegations set forth in Paragraph 118 of the Consolidated Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the putative class members' resources or motivations.

1

## IV.  AS AND TO THE COLLECTIVE ACTION ALLEGATIONS

2      119.    Denies the allegations set forth in Paragraph 119 of the Consolidated Amended

3 Complaint, except admits that Plaintiffs purport to bring Counts I and II on behalf of themselves and the

4 individuals described therein.

5      120.    Denies the allegations set forth in Paragraph 120 of the Consolidated Amended

6 Complaint.

7      121.    Denies the allegations set forth in Paragraph 121 of the Consolidated Amended

8 Complaint.

9

## V.  AS AND TO THE JURISDICTION, VENUE, AND COMMERCE ALLEGATIONS

10      122.    The allegations set forth in Paragraph 122 of the Consolidated Amended Complaint

11 constitute legal conclusions to which no response is required.  To the extent a response may be required,

12 Defendant denies the allegations, except admits that the Court has subject matter jurisdiction over the

13 federal claims pursuant to the statutes cited therein.

14      123.    The allegations set forth in Paragraph 123 of the Consolidated Amended Complaint

15 constitute legal conclusions to which no response is required.  To the extent a response may be required,

16 Defendant denies the allegations.

17      124.    The allegations set forth in Paragraph 124 of the Consolidated Amended Complaint

18 constitute legal conclusions to which no response is required.  To the extent a response may be required,

19 Defendant denies the allegations, except admits that Plaintiffs allege that the amount in controversy

20 exceeds $5,000,000.

21      125.    The allegations set forth in Paragraph 125 of the Consolidated Amended Complaint

22 constitute legal conclusions to which no response is required.  To the extent a response may be required,

23 Defendant admits that the Court has jurisdiction over the federal claims pursuant to the statutes cited

24 therein.

25      126.    The allegations set forth in Paragraph 126 of the Consolidated Amended Complaint

26 constitute legal conclusions to which no response is required.  To the extent a response may be required,

27 Defendant denies the allegations.

28

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE
CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with
3:14-cv-03289-JCS)

127.     Denies the allegations set forth in Paragraph 127 of the Consolidated Amended Complaint, except admits that Defendant engages in interstate commerce and uses instruments of interstate commerce.

128.     The allegations set forth in Paragraph 128 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations, except admits that two MLB Clubs are located in the Northern District of California, and that two of the Plaintiffs played for clubs affiliated with the Oakland Athletics; and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning five of the Plaintiffs having played for clubs affiliated with the San Francisco Giants, and Plaintiffs' purported belief "that one of MLB's officers resides within this District."

129.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 129 of the Consolidated Amended Complaint.

130.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 130 of the Consolidated Amended Complaint, except denies the allegations set forth in the second sentence of Paragraph 130 of the Consolidated Amended Complaint.

131.     Denies the allegations set forth in Paragraph 131 of the Consolidated Amended Complaint, except admits that five MLB Clubs and one minor league are located in California.

132.     The allegations set forth in Paragraph 132 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

## VI.  AS AND TO THE FACTUAL ALLEGATIONS

### 1.     As and to "The Booming Business of MLB"

133.     Admits the allegations set forth in Paragraph 133 of the Consolidated Amended Complaint, except denies knowledge or information sufficient to form a belief as to how many of the approximately 74 million fans who attended MLB games during the 2013 season paid for their own admission.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

134.     Denies the allegations set forth in Paragraph 134 of the Consolidated Amended Complaint.

135.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 135 of the Consolidated Amended Complaint, except admits that the *Forbes* article referenced therein at Footnote 26 purported to estimate franchise values.

136.     Denies the allegations set forth in Paragraph 136 of the Consolidated Amended Complaint, except admits that players are needed to play the game of baseball.

**2.     As and to "Minor Leaguers' Uniform, Adhesive Contracts"**

137.     Denies the allegations set forth in Paragraph 137 of the Consolidated Amended Complaint, except admits that Clubs may include up to 25 Major League baseball players on an "Active Roster," Clubs may, but are not required to, reserve additional players to the "40-man roster," during the season, players may end up on the "Major League Disabled List," and, from time to time, each Club has a little more than 40 players under reserve and represented by the MLBPA.

138.     Denies the allegations set forth in Paragraph 138 of the Consolidated Amended Complaint.

139.     The allegations set forth in Paragraph 139 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations, except admits that MLB and the Defendant Clubs are exempt from the antitrust laws pursuant to decisional authority of the U.S. Supreme Court, except as expressly provided by Congress under the Curt Flood Act.

140.     Denies the allegations set forth in Paragraph 140 of the Consolidated Amended Complaint, except admits that minor league baseball players not on a Club's "40-man roster" are not represented by a union.

141.     Denies the allegations set forth in Paragraph 141 of the Consolidated Amended Complaint, except admits that minor league baseball players may agree to be employed pursuant to a minor league contract, which they must agree to and execute, whether after an amateur draft or as a free agent.

- 19 -

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

142.    Denies the allegations set forth in Paragraph 142 of the Consolidated Amended Complaint, except admits that a draft, governed at least in part by the Major League Baseball Rule 4 ("Rule 4") attached to the Consolidated Amended Complaint, is sometimes referred to as the "amateur" draft and during recent years has been held in June.

143.    Denies the allegations set forth in Paragraph 143 of the Consolidated Amended Complaint, except admits that a draft, governed at least in part by Major League Baseball Rule 4 ("Rule 4") attached to the Consolidated Amended Complaint, is sometimes referred to as the "Rule 4 draft," and was instituted in 1965, when Ford Frick served as the Commissioner.

144.    Denies the allegations set forth in Paragraph 144 of the Consolidated Amended Complaint, except admits that the Major League Baseball Rules, attached to the Consolidated Amended Complaint, state that Uniform Player Contracts signed by minor league baseball players are to be filed with and approved by the Office of the Commissioner of Baseball, and in the past, the Commissioner's Office had provided each Club with an informal recommendation for signing bonuses to be given to each high level draft pick.

145.    Denies the allegations set forth in Paragraph 145 of the Consolidated Amended Complaint.

146.    Denies the allegations set forth in Paragraph 146 of the Consolidated Amended Complaint, except admits that the draft, governed at least in part by Major League Baseball Rule 4 ("Rule 4") and which was developed and enforced by the Commissioner's Office, attached to the Consolidated Amended Complaint, may include certain baseball players from the United States, Canada and Puerto Rico, and any other commonwealth, territory or possession of the United States, and in recent years has lasted up to 40 rounds with the Club with the worst win/loss record during the prior major league baseball championship season making the first selection.

147.    Denies the allegations set forth in Paragraph 147 of the Consolidated Amended Complaint, except admits that baseball players in the draft, governed at least in part by Rule 4, attached to the Consolidated Amended Complaint, may be between the ages of 18 and 23.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

148.     Denies the allegations set forth in Paragraph 148 of the Consolidated Amended Complaint, except admits that some baseball players retain agents or advisors and some do not.

149.     Denies the allegations set forth in Paragraph 149 of the Consolidated Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether "many" or "most" minor league players are represented by agents or advisors in connection with signing an initial Minor League Uniform Player Contract.

150.     Denies the allegations set forth in Paragraph 150 of the Consolidated Amended Complaint, except admits that the Dominican Republic, followed by Venezuela, produce the most Latin American baseball players, and certain baseball players, including those from Latin American countries, may be subject to Major League Baseball Rule 3 ("Rule 3"), attached to the Consolidated Amended Complaint, and are eligible to sign a Minor League Uniform Player Contract when they are 16 years old (if they turn 17 by September 1 of the following year).

151.     Denies the allegations set forth in Paragraph 151 of the Consolidated Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning information about the families, education-level and representation of minor league players from Latin American countries and whether Latino signees comprise over forty percent of minor league players, and admits that MLB prohibits bribes and/or kickbacks in connection with a player entering into a Minor League Uniform Player Contract, the FBI has investigated these issues, and one scout has been charged with a crime.

152.     Denies the allegations set forth in Paragraph 152 of the Consolidated Amended Complaint.

153.     Denies the allegations set forth in Paragraph 153 of the Consolidated Amended Complaint, except admits that baseball players who did not participate in the draft or were not taken in the draft, governed at least in part by Major League Baseball Rule 4 ("Rule 4"), attached to the Consolidated Amended Complaint, may also sign Minor League Uniform Player Contracts with Clubs.

154.     Denies the allegations set forth in Paragraph 154 of the Consolidated Amended Complaint, except admits that the Major League Baseball Scouting Bureau is within MLB, provides

- 21 -

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

scouting services and information on certain baseball player prospects, the Scouting Bureau additionally requests that these players fill out informational cards and, sometimes, psychological tests; the Clubs have access to these evaluations; and denies knowledge or information sufficient to form a belief as to Plaintiffs' purported belief that Clubs use these evaluations when making draft and free agent acquisitions.

155.     Denies the allegations set forth in Paragraph 155 of the Consolidated Amended Complaint, except refers the Court to Major League Baseball Rule 3 ("Rule 3"), attached to the Consolidated Amended Complaint, for a full and accurate statement of the portion of Rule 3 that Plaintiffs purport to quote.

156.     Denies the allegations set forth in Paragraph 156 of the Consolidated Amended Complaint, except admits that signed Minor League Uniform Player Contracts are to be sent to MLB and refers the Court to Major League Baseball Rule 3 ("Rule 3"), attached to the Consolidated Amended Complaint, for a full and accurate statement of the portion of that Rule Plaintiffs purport to quote.

157.     Denies the allegations set forth in Paragraph 157 of the Consolidated Amended Complaint, except refers the Court to Major League Baseball Rule 3 and the Uniform Player Contract ("UPC") (Major League Baseball Rule Attachment 3), attached to the Consolidated Amended Complaint, for a full and accurate statement of the portions of the Rules Plaintiffs purport to cite.

158.     Denies the allegations set forth in Paragraph 158 of the Consolidated Amended Complaint, except refers the Court to the Major League Baseball Rules 14 and 18 and the UPC, attached to the Consolidated Amended Complaint, for a full and accurate statement of the portions of the Rules Plaintiffs purport to quote.

159.     Denies the allegations set forth in Paragraph 159 of the Consolidated Amended Complaint.

160.     Denies the allegations set forth in Paragraph 160 of the Consolidated Amended Complaint, except admits that minor league baseball players may play games at one or more levels, including Rookie, Short-Season A, Class-A, Advanced Class-A, Double-A, and Triple-A, after signing a Minor League Uniform Player Contract, and most do not play in Major League Baseball games.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

161.    Denies the allegations set forth in Paragraph 161 of the Consolidated Amended Complaint.

162.    Denies the allegations set forth in Paragraph 162 of the Consolidated Amended Complaint, except admits that the Defendant does not operate certain minor league stadiums, but instead may enter into agreements, called "Player Development Contracts", with certain of its minor league affiliates.

163.    Denies the allegations set forth in Paragraph 163 of the Consolidated Amended Complaint, except refers the Court to Major League Baseball Rule 56, attached to the Consolidated Amended Complaint, for a full and accurate statement of the portion of the Rule Plaintiffs purport to quote.

164.    Denies the allegations set forth in Paragraph 164 of the Consolidated Amended Complaint, except admits that the Defendant pays the salaries of minor league baseball players with a signed Uniform Player Contract in accordance with the terms of that contract.

165.    Denies the allegations set forth in Paragraph 165 of the Consolidated Amended Complaint, except admits that the Defendant selects, employs and compensates managers, coaches, instructors and trainers who oversee the work and/or activities of and work with minor league baseball players during the minor league playing season and refers the Court to Major League Baseball Rule 56(g), attached to the Consolidated Amended Complaint, for a full and accurate statement of the portion of the Rule Plaintiffs purport to quote.

166.    Denies the allegations set forth in Paragraph 166 of the Consolidated Amended Complaint, except refers the Court to Major League Baseball Rule 56(g), attached to the Consolidated Amended Complaint, for a full and accurate statement of the requirements set forth in the portion of the Rule on which Plaintiffs purport to rely.

**3.      As and to "The Illegal Minor League Salaries"**

167.    Denies the allegations set forth in Paragraph 167 of the Consolidated Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the "minor leaguer's strong desire to enter the industry."

- 23 -

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

168.    Denies the allegations set forth in Paragraph 168 of the Consolidated Amended Complaint, except denies knowledge or information to form a belief as to the truth of the allegations concerning the 2013 Miami Marlins Minor League Player Guide, and what Plaintiffs have been "informed and believe," and refers the Court to Major League Baseball Rule 3(c), attached to the Consolidated Amended Complaint, for a full and accurate statement of the requirements set forth in the portion of the Rule on which Plaintiffs purport to rely.

169.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 169 of the Consolidated Amended Complaint.

170.    Denies the allegations set forth in Paragraph 170 of the Consolidated Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' purported belief.

171.    Denies the allegations set forth in Paragraph 171 of the Consolidated Amended Complaint, except admits that the Minor League Uniform Player Contract currently in effect permits different salary amounts for different minor league players and refers the Court to Major League Baseball Rule Attachment 3, attached to the Consolidated Amended Complaint, for a full and accurate statement of the language of the portion of the Attachment on which Plaintiffs purport to rely.

172.    Denies the allegations set forth in Paragraph 172 of the Consolidated Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' purported belief and the allegation concerning the 2013 Miami Marlins Minor League Player Guide.

173.    Denies the allegations set forth in Paragraph 173 of the Consolidated Amended Complaint, except refers the Court to Major League Baseball Rule Attachment 3, attached to the Consolidated Amended Complaint, for a full and accurate statement of the language of the portion of the Attachment which Plaintiffs purport to quote.

174.    Denies the allegations set forth in Paragraph 174 of the Consolidated Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' purported belief, and refers the Court to Major League Baseball Rule

Attachment 3, attached to the Consolidated Amended Complaint, for a full and accurate statement of the language of the portion of the Attachment on which Plaintiffs purport to rely.

175.     Denies the allegations set forth in Paragraph 175 of the Consolidated Amended Complaint, except admits that spring training for minor league baseball players lasts around one month during March and refers the Court to Major League Baseball Rule Attachment 3, attached to the Consolidated Amended Complaint, for a full and accurate statement of the portion of the Attachment on which Plaintiffs purport to rely.

176.     Denies the allegations set forth in Paragraph 176 of the Consolidated Amended Complaint, except admits that certain minor league baseball players may participate in an "extended spring training" at the Club's spring training site, and refers the Court to Major League Baseball Rule Attachment 3, attached to the Consolidated Amended Complaint, for a full and accurate statement of the portion of the Attachment on which Plaintiffs purport to rely.

177.     Denies the allegations set forth in Paragraph 177 of the Consolidated Amended Complaint, except admits that certain minor league baseball players may participate in organized baseball activities for approximately one month at the conclusion of the championship season, and refers the Court to Major League Baseball Rule Attachment 3, attached to the Consolidated Amended Complaint, for a full and accurate statement of the portion of the Attachment on which Plaintiffs purport to rely.

178.     Denies the allegations set forth in Paragraph 178 of the Consolidated Amended Complaint, except refers the Court to Major League Baseball Rule Attachment 3, attached to the Consolidated Amended Complaint, for a full and accurate statement of the portion of the Attachment which Plaintiffs purport to quote.

179.     Denies the allegations set forth in Paragraph 179 of the Consolidated Amended Complaint, except refers the Court to Major League Baseball Rule Attachment 3, attached to the Consolidated Amended Complaint, for a full and accurate statement of the portion of the Attachment on which Plaintiffs purport to rely.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

180.     The allegations set forth in Paragraph 180 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

### 4.     As and to "The Long Hours Worked By Minor Leaguers"

181.     Denies the allegations set forth in Paragraph 181 of the Consolidated Amended Complaint, and refers the Court to Major League Rule 32(b), attached to the Consolidated Amended Complaint, for a full and accurate statement concerning Minor League Schedules.

182.     Denies the allegations set forth in Paragraph 182 of the Consolidated Amended Complaint, except admits that minor league baseball players may participate in pregame activities.

183.     Denies the allegations set forth in Paragraph 183 of the Consolidated Amended Complaint.

184.     The allegations set forth in Paragraph 184 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

185.     Denies the allegations set forth in Paragraph 185 of the Consolidated Amended Complaint, except admits that minor league baseball players play approximately half of their games away from their home stadium.

186.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 186 of the Consolidated Amended Complaint.

187.     The allegations set forth in Paragraph 187 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

188.     Denies the allegations set forth in Paragraph 188 of the Consolidated Amended Complaint.

189.     Denies the allegations set forth in Paragraph 189 of the Consolidated Amended Complaint.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

190.     Denies the allegations set forth in Paragraph 190 of the Consolidated Amended Complaint, except admits that spring training for minor league players usually lasts approximately four weeks, and the hours of training activities vary depending on whether games are played.

191.     Denies the allegations set forth in Paragraph 191 of the Consolidated Amended Complaint, except refers the Court to Major League Baseball Rule Attachment 3, attached to the Consolidated Amended Complaint, for a full and accurate statement of the portion of the Attachment on which Plaintiffs purport to rely.

192.     Denies the allegations set forth in Paragraph 192 of the Consolidated Amended Complaint, except admits that minor league players may participate in organized baseball activities in the fall and pre-spring training minicamp.

193.     Denies the allegations set forth in Paragraph 193 of the Consolidated Amended Complaint, except refers the Court to Major League Baseball Rule Attachment 3, attached to the Consolidated Amended Complaint, for a full and accurate statement of the portion of the Attachment on which Plaintiffs purport to rely.

**5.     As and to the Allegations Concerning The Careers of the Class Representatives**

       **5.1     As and to the Allegations Concerning Aaron Senne**

194.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 194 of the Consolidated Amended Complaint.

195.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 195 of the Consolidated Amended Complaint.

196.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 196 of the Consolidated Amended Complaint.

197.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 197 of the Consolidated Amended Complaint.

198.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 198 of the Consolidated Amended Complaint.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

199.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 199 of the Consolidated Amended Complaint.

200.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 200 of the Consolidated Amended Complaint.

201.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 201 of the Consolidated Amended Complaint.

202.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 202 of the Consolidated Amended Complaint.

203.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 203 of the Consolidated Amended Complaint.

204.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 204 of the Consolidated Amended Complaint.

205.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 205 of the Consolidated Amended Complaint.

206.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 206 of the Consolidated Amended Complaint.

207.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 207 of the Consolidated Amended Complaint.

208.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 208 of the Consolidated Amended Complaint.

### 5.2   As to the Allegations Concerning Michael Liberto

209.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 209 of the Consolidated Amended Complaint.

210.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 210 of the Consolidated Amended Complaint.

211.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 211 of the Consolidated Amended Complaint.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

212.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 212 of the Consolidated Amended Complaint.

213.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 213 of the Consolidated Amended Complaint.

214.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 214 of the Consolidated Amended Complaint.

215.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 215 of the Consolidated Amended Complaint.

216.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 216 of the Consolidated Amended Complaint.

217.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 217 of the Consolidated Amended Complaint.

218.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 218 of the Consolidated Amended Complaint.

219.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 219 of the Consolidated Amended Complaint.

220.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 220 of the Consolidated Amended Complaint.

221.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 221 of the Consolidated Amended Complaint.

### 5.3     As and to the Allegations Concerning Oliver Odle

222.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 222 of the Consolidated Amended Complaint.

223.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 223 of the Consolidated Amended Complaint.

224.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 224 of the Consolidated Amended Complaint.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

225.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 225 of the Consolidated Amended Complaint.

226.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 226 of the Consolidated Amended Complaint.

227.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 227 of the Consolidated Amended Complaint.

228.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 228 of the Consolidated Amended Complaint.

229.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 229 of the Consolidated Amended Complaint.

230.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 230 of the Consolidated Amended Complaint.

231.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 231 of the Consolidated Amended Complaint.

232.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 232 of the Consolidated Amended Complaint.

233.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 233 of the Consolidated Amended Complaint.

234.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 234 of the Consolidated Amended Complaint.

### 5.4    As and to the Allegations Concerning Brad McAtee

235.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 235 of the Consolidated Amended Complaint.

236.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 236 of the Consolidated Amended Complaint.

237.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 237 of the Consolidated Amended Complaint.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

238.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 238 of the Consolidated Amended Complaint.

239.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 239 of the Consolidated Amended Complaint.

240.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 240 of the Consolidated Amended Complaint.

### 5.5     As and to the Allegations Concerning Craig Bennigson

241.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 241 of the Consolidated Amended Complaint.

242.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 242 of the Consolidated Amended Complaint.

243.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 243 of the Consolidated Amended Complaint.

244.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 244 of the Consolidated Amended Complaint.

245.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 245 of the Consolidated Amended Complaint.

246.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 246 of the Consolidated Amended Complaint.

247.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 247 of the Consolidated Amended Complaint.

248.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 248 of the Consolidated Amended Complaint.

### 5.6     As and to the Allegations Concerning Matt Lawson

249.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 249 of the Consolidated Amended Complaint.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

250.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 250 of the Consolidated Amended Complaint.

251.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 251 of the Consolidated Amended Complaint.

252.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 252 of the Consolidated Amended Complaint.

253.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 253 of the Consolidated Amended Complaint.

254.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 254 of the Consolidated Amended Complaint.

255.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 255 of the Consolidated Amended Complaint.

256.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 256 of the Consolidated Amended Complaint.

257.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 257 of the Consolidated Amended Complaint.

258.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 258 of the Consolidated Amended Complaint.

259.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 259 of the Consolidated Amended Complaint.

### 5.7    As and to the Allegations Concerning Kyle Woodruff

260.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 260 of the Consolidated Amended Complaint.

261.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 261 of the Consolidated Amended Complaint.

262.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 262 of the Consolidated Amended Complaint.

263.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 263 of the Consolidated Amended Complaint.

264.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 264 of the Consolidated Amended Complaint.

265.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 265 of the Consolidated Amended Complaint.

266.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 266 of the Consolidated Amended Complaint.

267.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 267 of the Consolidated Amended Complaint.

**5.8     As to the Allegations Concerning Ryan Kiel**

268.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 268 of the Consolidated Amended Complaint.

269.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 269 of the Consolidated Amended Complaint.

270.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 270 of the Consolidated Amended Complaint.

271.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 271 of the Consolidated Amended Complaint.

272.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 272 of the Consolidated Amended Complaint.

273.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 273 of the Consolidated Amended Complaint.

274.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 274 of the Consolidated Amended Complaint.

275.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 275 of the Consolidated Amended Complaint.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

276.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 276 of the Consolidated Amended Complaint.

### 5.9     As and to the Allegations Concerning Kyle Nicholson

277.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 277 of the Consolidated Amended Complaint.

278.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 278 of the Consolidated Amended Complaint.

279.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 279 of the Consolidated Amended Complaint.

280.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 280 of the Consolidated Amended Complaint.

281.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 281 of the Consolidated Amended Complaint.

282.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 282 of the Consolidated Amended Complaint.

283.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 283 of the Consolidated Amended Complaint.

### 5.10    As and to the Allegations Concerning Brad Stone

284.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 284 of the Consolidated Amended Complaint.

285.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 285 of the Consolidated Amended Complaint.

286.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 286 of the Consolidated Amended Complaint.

287.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 287 of the Consolidated Amended Complaint.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

288.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 288 of the Consolidated Amended Complaint.

289.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 289 of the Consolidated Amended Complaint.

290.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 290 of the Consolidated Amended Complaint.

291.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 291 of the Consolidated Amended Complaint.

### 5.11    As and to the Allegations Concerning Matt Daly

292.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 292 of the Consolidated Amended Complaint.

293.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 293 of the Consolidated Amended Complaint.

294.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 294 of the Consolidated Amended Complaint.

295.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 295 of the Consolidated Amended Complaint.

296.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 296 of the Consolidated Amended Complaint.

297.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 297 of the Consolidated Amended Complaint.

298.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 298 of the Consolidated Amended Complaint.

### 5.12    As to the Allegations Concerning Aaron Meade

299.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 299 of the Consolidated Amended Complaint.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

300.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 300 of the Consolidated Amended Complaint.

301.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 301 of the Consolidated Amended Complaint.

302.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 302 of the Consolidated Amended Complaint.

303.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 303 of the Consolidated Amended Complaint.

304.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 304 of the Consolidated Amended Complaint.

305.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 305 of the Consolidated Amended Complaint.

**5.13    As and to the Allegations Concerning Justin Murray**

306.   Denies the allegations set forth in Paragraph 306 of the Consolidated Amended Complaint, except admits that Justin Murray was selected in the 29th round of the 2008 Rule 4 draft by the Oakland Athletics, and on July 29, 2008, Murray executed a UPC with the Athletics.

307.   Denies the allegations set forth in Paragraph 307 of the Consolidated Amended Complaint, except admits that in 2008, Murray played for the Athletics' Arizona League affiliate and its affiliate in Midland, Texas; in 2009, Murray played for the Athletics' affiliates in Stockton, California and Kane County, Illinois; in 2010 and 2011, Murray played for the Athletics' affiliates in Stockton and Midland; and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Murray's purported belief.

308.   Denies the allegations set forth in Paragraph 308 of the Consolidated Amended Complaint, except admits that he participated in spring training in Arizona in 2009, 2010 and 2011, and one instructional league, and that at all times he was paid in accordance with his UPC.

309.   Denies the allegations set forth in Paragraph 309 of the Consolidated Amended Complaint, except admits that the Athletics provide an off-season training manual to its players.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

310.     Denies the allegations set forth in Paragraph 310 of the Consolidated Amended Complaint, except admits that he was paid at all times in accordance with his UPC, and that according to his UPC, his monthly salary rate for the 2008 championship season was $1,100; and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Murray's purported belief.

311.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 311 of the Consolidated Amended Complaint.

312.     Admits the allegation set forth in Paragraph 312 of the Consolidated Amended Complaint.

313.     Denies the allegations set forth in Paragraph 313 of the Consolidated Amended Complaint.

### 5.14     As and to the Allegations Concerning Jake Kahaulelio

314.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 314 of the Consolidated Amended Complaint.

315.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 315 of the Consolidated Amended Complaint.

316.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 316 of the Consolidated Amended Complaint.

317.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 317 of the Consolidated Amended Complaint.

318.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 318 of the Consolidated Amended Complaint.

319.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 319 of the Consolidated Amended Complaint.

320.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 320 of the Consolidated Amended Complaint.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

321.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 321 of the Consolidated Amended Complaint.

### 5.15    As and to the Allegations Concerning Ryan Khoury

322.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 322 of the Consolidated Amended Complaint.

323.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 323 of the Consolidated Amended Complaint.

324.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 324 of the Consolidated Amended Complaint.

325.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 325 of the Consolidated Amended Complaint.

326.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 326 of the Consolidated Amended Complaint.

327.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 327 of the Consolidated Amended Complaint.

328.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 328 of the Consolidated Amended Complaint.

329.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 329 of the Consolidated Amended Complaint.

330.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 330 of the Consolidated Amended Complaint.

331.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 331 of the Consolidated Amended Complaint.

### 5.16    As and to the Allegations Concerning Dustin Pease

332.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 332 of the Consolidated Amended Complaint.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

333.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 333 of the Consolidated Amended Complaint.

334.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 334 of the Consolidated Amended Complaint.

335.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 335 of the Consolidated Amended Complaint.

336.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 336 of the Consolidated Amended Complaint.

337.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 337 of the Consolidated Amended Complaint.

338.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 338 of the Consolidated Amended Complaint.

339.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 339 of the Consolidated Amended Complaint.

340.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 340 of the Consolidated Amended Complaint.

### 5.17    As and to the Allegations Concerning Jeff Nadeau

341.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 341 of the Consolidated Amended Complaint.

342.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 342 of the Consolidated Amended Complaint.

343.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 343 of the Consolidated Amended Complaint.

344.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 344 of the Consolidated Amended Complaint.

345.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 345 of the Consolidated Amended Complaint.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

346.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 346 of the Consolidated Amended Complaint.

347.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 347 of the Consolidated Amended Complaint.

348.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 348 of the Consolidated Amended Complaint.

### 5.18    As and to the Allegations Concerning Jon Gaston

349.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 349 of the Consolidated Amended Complaint.

350.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 350 of the Consolidated Amended Complaint.

351.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 351 of the Consolidated Amended Complaint.

352.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 352 of the Consolidated Amended Complaint.

353.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 353 of the Consolidated Amended Complaint.

354.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 354 of the Consolidated Amended Complaint.

355.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 355 of the Consolidated Amended Complaint.

356.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 356 of the Consolidated Amended Complaint.

### 5.19    As and to the Allegations Concerning Brandon Henderson

357.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 357 of the Consolidated Amended Complaint.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

358. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 358 of the Consolidated Amended Complaint.

359. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 359 of the Consolidated Amended Complaint.

360. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 360 of the Consolidated Amended Complaint.

361. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 361 of the Consolidated Amended Complaint.

362. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 362 of the Consolidated Amended Complaint.

363. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 363 of the Consolidated Amended Complaint.

**5.20    As and to the Allegations Concerning Tim Pahuta**

364. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 364 of the Consolidated Amended Complaint.

365. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 365 of the Consolidated Amended Complaint.

366. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 366 of the Consolidated Amended Complaint.

367. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 367 of the Consolidated Amended Complaint.

368. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 368 of the Consolidated Amended Complaint.

369. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 369 of the Consolidated Amended Complaint.

370. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 370 of the Consolidated Amended Complaint.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

371.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 371 of the Consolidated Amended Complaint.

372.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 372 of the Consolidated Amended Complaint.

### 5.21     As and to the Allegations Concerning Les Smith

373.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 373 of the Consolidated Amended Complaint.

374.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 374 of the Consolidated Amended Complaint.

375.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 375 of the Consolidated Amended Complaint.

376.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 376 of the Consolidated Amended Complaint.

377.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 377 of the Consolidated Amended Complaint.

378.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 378 of the Consolidated Amended Complaint.

379.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 379 of the Consolidated Amended Complaint.

380.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 380 of the Consolidated Amended Complaint.

### 5.22     As and to the Allegations Concerning Joseph Newby

381.     Denies the allegations set forth in Paragraph 381 of the Consolidated Amended Complaint, except admits that Joseph Newby executed a UPC with the Oakland Athletics as a non-drafted free agent on June 19, 2004, and on May 10, 2007, the Athletics released Newby; and denies knowledge or information sufficient to form a belief as to the truth of the allegation that "[h]e did not have an agent."

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE
CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with
3:14-cv-03289-JCS)

382.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 382 of the Consolidated Amended Complaint.

383.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 383 of the Consolidated Amended Complaint.

384.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 384 of the Consolidated Amended Complaint.

385.    Denies the allegations set forth in Paragraph 385 of the Consolidated Amended Complaint, except admits that Newby participated in spring training for the Athletics in Arizona in 2005, 2006 and 2007 and that he was paid at all times in accordance with his UPC; and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Newby having played for other Clubs.

386.    Denies the allegations set forth in Paragraph 386 of the Consolidated Amended Complaint, except admits that the Athletics provide an off-season training manual to its players; and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Newby having played for other Clubs.

387.    Denies the allegations set forth in Paragraph 387 of the Consolidated Amended Complaint, except admits that he was paid at all times in accordance with his UPC; and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Newby having played for other Clubs, Newby's purported belief and the allegations concerning clubhouse dues.

388.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 388 of the Consolidated Amended Complaint.

389.    Denies the allegations set forth in Paragraph 389 of the Consolidated Amended Complaint.

### 5.23   As and to the Allegations Concerning Ryan Hutson

390.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 390 of the Consolidated Amended Complaint.

- 43 -

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

391.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 391 of the Consolidated Amended Complaint.

392.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 392 of the Consolidated Amended Complaint.

393.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 393 of the Consolidated Amended Complaint.

394.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 394 of the Consolidated Amended Complaint.

395.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 395 of the Consolidated Amended Complaint.

### 5.24   As and to the Allegations Concerning Matt Frevert

396.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 396 of the Consolidated Amended Complaint.

397.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 397 of the Consolidated Amended Complaint.

398.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 398 of the Consolidated Amended Complaint.

399.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 399 of the Consolidated Amended Complaint.

400.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 400 of the Consolidated Amended Complaint.

401.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 401 of the Consolidated Amended Complaint.

402.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 402 of the Consolidated Amended Complaint.

403.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 403 of the Consolidated Amended Complaint.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

404.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 404 of the Consolidated Amended Complaint.

### 5.25    As and to the Allegations Concerning Roberto Ortiz

405.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 405 of the Consolidated Amended Complaint.

406.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 406 of the Consolidated Amended Complaint.

407.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 407 of the Consolidated Amended Complaint.

408.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 408 of the Consolidated Amended Complaint.

409.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 409 of the Consolidated Amended Complaint.

410.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 410 of the Consolidated Amended Complaint.

411.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 411 of the Consolidated Amended Complaint.

412.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 412 of the Consolidated Amended Complaint.

413.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 413 of the Consolidated Amended Complaint.

### 5.26    As and to the Allegations Concerning Witer Jimenez

414.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 414 of the Consolidated Amended Complaint.

415.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 415 of the Consolidated Amended Complaint.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

416.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 416 of the Consolidated Amended Complaint.

417.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 417 of the Consolidated Amended Complaint.

418.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 418 of the Consolidated Amended Complaint.

419.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 419 of the Consolidated Amended Complaint.

420.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 420 of the Consolidated Amended Complaint.

421.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 421 of the Consolidated Amended Complaint.

### 5.27   As and to the Allegations Concerning Kris Watts

422.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 422 of the Consolidated Amended Complaint.

423.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 423 of the Consolidated Amended Complaint.

424.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 424 of the Consolidated Amended Complaint.

425.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 425 of the Consolidated Amended Complaint.

426.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 426 of the Consolidated Amended Complaint.

427.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 427 of the Consolidated Amended Complaint.

428.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 428 of the Consolidated Amended Complaint.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

429.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 429 of the Consolidated Amended Complaint.

430.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 430 of the Consolidated Amended Complaint.

### 5.28    As and to the Allegations Concerning Mitch Hilligoss

431.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 431 of the Consolidated Amended Complaint.

432.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 432 of the Consolidated Amended Complaint.

433.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 433 of the Consolidated Amended Complaint.

434.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 434 of the Consolidated Amended Complaint.

435.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 435 of the Consolidated Amended Complaint.

436.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 436 of the Consolidated Amended Complaint.

437.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 437 of the Consolidated Amended Complaint.

438.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 438 of the Consolidated Amended Complaint.

439.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 439 of the Consolidated Amended Complaint.

440.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 440 of the Consolidated Amended Complaint.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

### 5.29    As and to the Allegations Concerning Matt Gorgen

441.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 441 of the Consolidated Amended Complaint.

442.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 442 of the Consolidated Amended Complaint.

443.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 443 of the Consolidated Amended Complaint.

444.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 444 of the Consolidated Amended Complaint.

445.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 445 of the Consolidated Amended Complaint.

446.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 446 of the Consolidated Amended Complaint.

447.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 447 of the Consolidated Amended Complaint.

448.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 448 of the Consolidated Amended Complaint.

449.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 449 of the Consolidated Amended Complaint.

### 5.30    As and to the Allegations Concerning Brett Newsome

450.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 450 of the Consolidated Amended Complaint.

451.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 451 of the Consolidated Amended Complaint.

452.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 452 of the Consolidated Amended Complaint.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

453.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 453 of the Consolidated Amended Complaint.

454.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 454 of the Consolidated Amended Complaint.

455.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 455 of the Consolidated Amended Complaint.

456.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 456 of the Consolidated Amended Complaint.

457.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 457 of the Consolidated Amended Complaint.

### 5.31    As and to the Allegations Concerning Jake Opitz

458.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 458 of the Consolidated Amended Complaint.

459.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 459 of the Consolidated Amended Complaint.

460.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 460 of the Consolidated Amended Complaint.

461.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 461 of the Consolidated Amended Complaint.

462.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 462 of the Consolidated Amended Complaint.

463.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 463 of the Consolidated Amended Complaint.

464.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 464 of the Consolidated Amended Complaint.

465.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 465 of the Consolidated Amended Complaint.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

466.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 466 of the Consolidated Amended Complaint.

### 5.32     As and to the Allegations Concerning Daniel Britt

467.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 467 of the Consolidated Amended Complaint.

468.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 468 of the Consolidated Amended Complaint.

469.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 469 of the Consolidated Amended Complaint.

470.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 470 of the Consolidated Amended Complaint.

471.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 471 of the Consolidated Amended Complaint.

472.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 472 of the Consolidated Amended Complaint.

473.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 473 of the Consolidated Amended Complaint.

474.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 474 of the Consolidated Amended Complaint.

### 5.33     As and to the Allegations Concerning Joel Weeks

475.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 475 of the Consolidated Amended Complaint.

476.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 476 of the Consolidated Amended Complaint.

477.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 477 of the Consolidated Amended Complaint.

478.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 478 of the Consolidated Amended Complaint.

479.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 479 of the Consolidated Amended Complaint.

480.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 480 of the Consolidated Amended Complaint.

481.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 481 of the Consolidated Amended Complaint.

### 5.34     As and to the Allegations Concerning Gaspar Santiago

482.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 482 of the Consolidated Amended Complaint.

483.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 483 of the Consolidated Amended Complaint.

484.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 484 of the Consolidated Amended Complaint.

485.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 485 of the Consolidated Amended Complaint.

486.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 486 of the Consolidated Amended Complaint.

487.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 487 of the Consolidated Amended Complaint.

488.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 488 of the Consolidated Amended Complaint.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

# VII. AS AND TO THE ALLEGATIONS CONCERNING FEDERAL WAGE AND HOUR VIOLATIONS

**As and to the Allegations Concerning Count 1: FLSA Minimum Wage and Overtime Violations**

(Plaintiffs and the Minor League Collective Against All Defendants)

489.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of this First Amended Answer with same force and effect as if fully set forth herein.

490.    Denies the allegations set forth in Paragraph 490 of the Consolidated Amended Complaint.

491.    Denies the allegations set forth in Paragraph 491 of the Consolidated Amended Complaint.

492.    Denies the allegations set forth in Paragraph 492 of the Consolidated Amended Complaint.

493.    Denies the allegations set forth in Paragraph 493 of the Consolidated Amended Complaint.

494.    Denies the allegations set forth in Paragraph 494 of the Consolidated Amended Complaint.

495.    Denies the allegations set forth in Paragraph 495 of the Consolidated Amended Complaint.

496.    Denies the allegations set forth in Paragraph 496 of the Consolidated Amended Complaint.

497.    Denies the allegations set forth in Paragraph 497 of the Consolidated Amended Complaint.

498.    Denies the allegations set forth in Paragraph 498 of the Consolidated Amended Complaint.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

**As and to the Allegations Concerning Count 2: FLSA Recordkeeping Requirements**

(Plaintiffs and the Minor League Collective Against All Defendants)

499.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of this First Amended Answer with same force and effect as if fully set forth herein.

500.    Denies the allegations set forth in Paragraph 500 of the Consolidated Amended Complaint.

501.    Denies the allegations set forth in Paragraph 501 of the Consolidated Amended Complaint.

## VIII.  AS AND TO THE ALLEGATIONS CONCERNING STATE WAGE AND HOUR VIOLATIONS

502.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 502 of the Consolidated Amended Complaint, except admits that Plaintiffs purport to "recover for all minor league work performed by the Proposed Classes, including (but not limited to) winter off-season work" pursuant to the statutes and legal theories cited therein.

503.    Denies the allegations set forth in Paragraph 503 of the Consolidated Amended Complaint, except refers the Court to the *Baseball America* database referenced in Footnote 68 of the Consolidated Amended Complaint for a full and accurate presentation of the information Plaintiffs purported to cite, and admits that certain Defendant Clubs employed and continue to employ minor league baseball players in each of the states and during the relevant time periods referenced in the paragraph.

**As and to the Allegations Concerning Count 3: California Minimum Wage Violations**

(The California Class Representatives and the California Class Against All Defendants)

504.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of this First Amended Answer with same force and effect as if fully set forth herein.

505.    The allegations set forth in Paragraph 505 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

- 53 -

506.     Denies the allegations set forth in Paragraph 506 of the Consolidated Amended Complaint.

507.     Denies the allegations set forth in Paragraph 507 of the Consolidated Amended Complaint.

508.     Denies the allegations set forth in Paragraph 508 of the Consolidated Amended Complaint.

**As and to the Allegations Concerning Count 4:  California Unpaid Overtime Violations**

(The California Class Representatives and the California Class Against All Defendants)

509.     Repeats and re-alleges each and every response set forth in all preceding paragraphs of this First Amended Answer with same force and effect as if fully set forth herein.

510.     The allegations set forth in Paragraph 510 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

511.     Denies the allegations set forth in Paragraph 511 of the Consolidated Amended Complaint.

512.     Denies the allegations set forth in Paragraph 512 of the Consolidated Amended Complaint.

513.     Denies the allegations set forth in Paragraph 513 of the Consolidated Amended Complaint.

514.     Denies the allegations set forth in Paragraph 514 of the Consolidated Amended Complaint.

515.     Denies the allegations set forth in Paragraph 515 of the Consolidated Amended Complaint.

**As and to the Allegations Concerning Count 5:  Violation of California "Payday" Requirements**

(The California Class Representatives and the California Class Against All Defendants)

516.     Repeats and re-alleges each and every response set forth in all preceding paragraphs of this First Amended Answer with same force and effect as if fully set forth herein.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

517.    The allegations set forth in Paragraph 517 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

518.    Denies the allegations set forth in Paragraph 518 of the Consolidated Amended Complaint.

519.    Denies the allegations set forth in Paragraph 519 of the Consolidated Amended Complaint.

**As and to the Allegations Concerning Count 6:  California Waiting Time Penalties**

(The California Class Representatives and the California Waiting Time Subclass Against All Defendants)

520.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of this First Amended Answer with same force and effect as if fully set forth herein.

521.    The allegations set forth in Paragraph 521 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

522.    Denies the allegations set forth in Paragraph 522 of the Consolidated Amended Complaint.

523.    Denies the allegations set forth in Paragraph 523 of the Consolidated Amended Complaint.

**As and to the Allegations Concerning Count 7:  California Itemized Wage Statement Violations**

(The California Class Representatives and the California Class Against All Defendants)

524.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of this First Amended Answer with same force and effect as if fully set forth herein.

525.    The allegations set forth in Paragraph 525 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

- 55 -

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

526.   The allegations set forth in Paragraph 526 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

527.   Denies the allegations set forth in Paragraph 527 of the Consolidated Amended Complaint.

**As and to the Allegations Concerning Count 8:  Unfair Business Practices Under California Law**

(The California Class Representatives and the California Class Against All Defendants)

528.   Repeats and re-alleges each and every response set forth in all preceding paragraphs of this First Amended Answer with same force and effect as if fully set forth herein.

529.   Denies the allegations set forth in Paragraph 529 of the Consolidated Amended Complaint, except admits that "California Class Representatives" (as defined therein) purport to bring this cause of action under the statutes and legal theories cited therein.

530.   The allegations set forth in Paragraph 530 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

531.   Denies the allegations set forth in Paragraph 531 of the Consolidated Amended Complaint.

**As and to the Allegations Concerning Count 9: Recovery under California's Private Attorney General Act**

(Craig Bennigson and All Those Similarly Situated Against All Defendants)

532.   Repeats and re-alleges each and every response set forth in all preceding paragraphs of this First Amended Answer with same force and effect as if fully set forth herein.

533.   Denies the allegations set forth in Paragraph 533 of the Consolidated Amended Complaint.

534.   Denies the allegations set forth in Paragraph 534 of the Consolidated Amended Complaint, except admits that Mr. Bennigson purports to bring this cause of action "on behalf of himself

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

and other current and former employees of the Defendants" under the statutes and legal theories cited therein.

535.    Denies the allegations set forth in Paragraph 535 of the Consolidated Amended Complaint, except admits that Plaintiffs allege that notice was sent and that the notice speaks for itself; and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether Plaintiffs received written notification by the LWDA.

**As and to the Allegations Concerning Count 10: Quantum Meruit Under California Common Law**

(The California Class Representatives and the California Class Against All Defendants)

536.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of this First Amended Answer with same force and effect as if fully set forth herein.

537.    The allegations set forth in Paragraph 537 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

538.    Denies the allegations set forth in Paragraph 538 of the Consolidated Amended Complaint, except admits that certain Defendant Clubs employed and continue to employ minor league baseball players who performed or currently perform services in California.

539.    Denies the allegations set forth in Paragraph 539 of the Consolidated Amended Complaint, except admits that certain Defendant Clubs employed and continue to employ minor league baseball players who performed or currently perform services in California.

540.    Denies the allegations set forth in Paragraph 540 of the Consolidated Amended Complaint.

541.    The allegations set forth in Paragraph 541 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

**As and to the Allegations Concerning Count 11:  Florida Minimum Wage Law Violations**

(The Florida Class Representatives and the Florida Class Against All Defendants)

542.   Repeats and re-alleges each and every response set forth in all preceding paragraphs of this First Amended Answer with same force and effect as if fully set forth herein.

543.   The allegations set forth in Paragraph 543 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

544.   Denies the allegations set forth in Paragraph 544 of the Consolidated Amended Complaint.

545.   Denies the allegations set forth in Paragraph 545 of the Consolidated Amended Complaint, except admits that Plaintiffs allege that notice was sent and that the notice speaks for itself.

546.   Denies the allegations set forth in Paragraph 546 of the Consolidated Amended Complaint.

547.   Denies the allegations set forth in Paragraph 547 of the Consolidated Amended Complaint.

548.   The allegations set forth in Paragraph 548 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

**As and to the Allegations Concerning Count 12:  Quantum Meruit Under Florida Common Law**

(The Florida Class Representatives and the Florida Class Against All Defendants)

549.   Repeats and re-alleges each and every response set forth in all preceding paragraphs of this First Amended Answer with same force and effect as if fully set forth herein.

550.   Denies the allegations set forth in Paragraph 550 of the Consolidated Amended Complaint.

551.   Denies the allegations set forth in Paragraph 551 of the Consolidated Amended Complaint, except admits that "much of [the alleged] work occurred and continues to occur in Florida."

- 58 -

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

552.    Denies the allegations set forth in Paragraph 552 of the Consolidated Amended Complaint.

553.    Denies the allegations set forth in Paragraph 553 of the Consolidated Amended Complaint.

554.    The allegations set forth in Paragraph 554 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

**As and to the Allegations Concerning Count 13:  Arizona Minimum Wage and Wage Law Violations**

(The Arizona Class Representatives and the Arizona Class Against All Defendants)

555.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of this First Amended Answer with same force and effect as if fully set forth herein.

556.    The allegations set forth in Paragraph 556 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

557.    Denies the allegations set forth in Paragraph 557 of the Consolidated Amended Complaint.

558.    Denies the allegations set forth in Paragraph 558 of the Consolidated Amended Complaint.

559.    Denies the allegations set forth in Paragraph 559 of the Consolidated Amended Complaint.

560.    Denies the allegations set forth in Paragraph 560 of the Consolidated Amended Complaint.

**As and to the Allegations Concerning Count 14:  Arizona Recordkeeping Requirements**

(The Arizona Class Representatives and the Arizona Class Against All Defendants)

561.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of this First Amended Answer with same force and effect as if fully set forth herein.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

562.    Denies the allegations set forth in Paragraph 562 of the Consolidated Amended Complaint.

563.    Denies the allegations set forth in Paragraph 563 of the Consolidated Amended Complaint.

**As and to the Allegations Concerning Count 15:  Quantum Meruit Under Arizona Common Law**

(The Arizona Class Representatives and the Arizona Class Against All Defendants)

564.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of this First Amended Answer with same force and effect as if fully set forth herein.

565.    The allegations set forth in Paragraph 565 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

566.    Denies the allegations set forth in Paragraph 566 of the Consolidated Amended Complaint.

567.    Denies the allegations set forth in Paragraph 567 of the Consolidated Amended Complaint.

568.    Denies the allegations set forth in Paragraph 568 of the Consolidated Amended Complaint.

569.    The allegations set forth in Paragraph 569 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

**As and to the Allegations Concerning Count 16:  North Carolina Minimum Wage Violations**

(The North Carolina Class Representatives and the North Carolina Class Against All Defendants)

570.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of this First Amended Answer with same force and effect as if fully set forth herein.

571.    The allegations set forth in Paragraph 571 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

- 60 -

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

572.    The allegations set forth in Paragraph 572 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

573.    Denies the allegations set forth in Paragraph 573 of the Consolidated Amended Complaint.

574.    Denies the allegations set forth in Paragraph 574 of the Consolidated Amended Complaint.

575.    Denies the allegations set forth in Paragraph 575 of the Consolidated Amended Complaint.

**As and to the Allegations Concerning Count 17:  North Carolina Overtime Violations**

(The North Carolina Class Representatives and the North Carolina Class Against All Defendants)

576.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of this First Amended Answer with same force and effect as if fully set forth herein.

577.    The allegations set forth in Paragraph 577 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

578.    The allegations set forth in Paragraph 578 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

579.    The allegations set forth in Paragraph 579 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

580.    Denies the allegations set forth in Paragraph 580 of the Consolidated Amended Complaint.

581.    Denies the allegations set forth in Paragraph 581 of the Consolidated Amended Complaint.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

**As and to the Allegations Concerning Count 18:  Quantum Meruit Under North Carolina Common Law**

(The North Carolina Class Representatives and the North Carolina Class Against All Defendants)

582.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of this First Amended Answer with same force and effect as if fully set forth herein.

583.    The allegations set forth in Paragraph 583 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

584.    Denies the allegations set forth in Paragraph 584 of the Consolidated Amended Complaint, except admits that certain Defendant Clubs employed and continue to employ minor league baseball players in North Carolina.

585.    Denies the allegations set forth in Paragraph 585 of the Consolidated Amended Complaint.

586.    Denies the allegations set forth in Paragraph 586 of the Consolidated Amended Complaint.

587.    Denies the allegations set forth in Paragraph 587 of the Consolidated Amended Complaint.

**As and to the Allegations Concerning Count 19:  New York Minimum Wage Violations**

(The New York Class Representatives and the New York Class Against All Defendants)

588.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of this First Amended Answer with same force and effect as if fully set forth herein.

589.    Denies the allegations set forth in Paragraph 589 of the Consolidated Amended Complaint.

590.    Denies the allegations set forth in Paragraph 590 of the Consolidated Amended Complaint.

591.    Denies the allegations set forth in Paragraph 591 of the Consolidated Amended Complaint.

- 62 -

592.    The allegations set forth in Paragraph 592 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

**As and to the Allegations Concerning Count 20:  New York Overtime Violations**

(The New York Class Representatives and the New York Class Against All Defendants)

593.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of this First Amended Answer with same force and effect as if fully set forth herein.

594.    The allegations set forth in Paragraph 594 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

595.    Denies the allegations set forth in Paragraph 595 of the Consolidated Amended Complaint.

596.    Denies the allegations set forth in Paragraph 596 of the Consolidated Amended Complaint.

597.    Denies the allegations set forth in Paragraph 597 of the Consolidated Amended Complaint.

**As and to the Allegations Concerning Count 21:  New York Wage Statement Violations**

(The New York Class Representatives and the New York Class Against All Defendants)

598.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of this First Amended Answer with same force and effect as if fully set forth herein.

599.    The allegations set forth in Paragraph 599 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

600.    The allegations set forth in Paragraph 600 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

601.   Denies the allegations set forth in Paragraph 601 of the Consolidated Amended Complaint.

**As and to the Allegations Concerning Count 22:   Quantum Meruit Under New York Common Law**

(The New York Class Representatives and the New York Class Against All Defendants)

602.   Repeats and re-alleges each and every response set forth in all preceding paragraphs of this First Amended Answer with same force and effect as if fully set forth herein.

603.   The allegations set forth in Paragraph 603 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.   To the extent a response may be required, Defendant denies the allegations.

604.   Denies the allegations set forth in Paragraph 604 of the Consolidated Amended Complaint.

605.   Denies the allegations set forth in Paragraph 605 of the Consolidated Amended Complaint.

606.   Denies the allegations set forth in Paragraph 606 of the Consolidated Amended Complaint.

607.   The allegations set forth in Paragraph 607 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.   To the extent a response may be required, Defendant denies the allegations.

**As and to the Allegations Concerning Count 23:  Pennsylvania Minimum Wage Violations**

(The Pennsylvania Class Representatives and the Pennsylvania Class Against All Defendants)

608.   Repeats and re-alleges each and every response set forth in all preceding paragraphs of this First Amended Answer with same force and effect as if fully set forth herein.

609.   Denies the allegations set forth in Paragraph 609 of the Consolidated Amended Complaint.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

610.    The allegations set forth in Paragraph 610 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

611.    Denies the allegations set forth in Paragraph 611 of the Consolidated Amended Complaint.

612.    Denies the allegations set forth in Paragraph 612 of the Consolidated Amended Complaint.

613.    Denies the allegations set forth in Paragraph 613 of the Consolidated Amended Complaint.

**As and to the Allegations Concerning Count 24:  Pennsylvania Overtime Violations**

(The Pennsylvania Class Representatives and the Pennsylvania Class Against All Defendants)

614.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of this First Amended Answer with same force and effect as if fully set forth herein.

615.    Denies the allegations set forth in Paragraph 615 of the Consolidated Amended Complaint.

616.    The allegations set forth in Paragraph 616 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

617.    Denies the allegations set forth in Paragraph 617 of the Consolidated Amended Complaint.

618.    Denies the allegations set forth in Paragraph 618 of the Consolidated Amended Complaint.

619.    Denies the allegations set forth in Paragraph 619 of the Consolidated Amended Complaint.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

## As and to the Allegations Concerning Count 25:  Quantum Meruit Under Pennsylvania Common Law

(The Pennsylvania Class Representatives and the Pennsylvania Class Against All Defendants)

620.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of this First Amended Answer with same force and effect as if fully set forth herein.

621.    The allegations set forth in Paragraph 621 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

622.    Denies the allegations set forth in Paragraph 622 of the Consolidated Amended Complaint.

623.    Denies the allegations set forth in Paragraph 623 of the Consolidated Amended Complaint.

624.    Denies the allegations set forth in Paragraph 624 of the Consolidated Amended Complaint.

625.    The allegations set forth in Paragraph 625 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

## As and to the Allegations Concerning Count 26:  Maryland Minimum Wage Violations

(The Maryland Class Representatives and the Maryland Class Against All Defendants)

626.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of this First Amended Answer with same force and effect as if fully set forth herein.

627.    Denies the allegations set forth in Paragraph 627 of the Consolidated Amended Complaint.

628.    The allegations set forth in Paragraph 628 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

629. Denies the allegations set forth in Paragraph 629 of the Consolidated Amended Complaint.

630. Denies the allegations set forth in Paragraph 630 of the Consolidated Amended Complaint.

631. Denies the allegations set forth in Paragraph 631 of the Consolidated Amended Complaint.

**As and to the Allegations Concerning Count 27:  Maryland Overtime Violations**

(The Maryland Class Representatives and the Maryland Class Against All Defendants)

632. Repeats and re-alleges each and every response set forth in all preceding paragraphs of this First Amended Answer with same force and effect as if fully set forth herein.

633. Denies the allegations set forth in Paragraph 633 of the Consolidated Amended Complaint.

634. The allegations set forth in Paragraph 634 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

635. Denies the allegations set forth in Paragraph 635 of the Consolidated Amended Complaint.

636. Denies the allegations set forth in Paragraph 636 of the Consolidated Amended Complaint.

637. Denies the allegations set forth in Paragraph 637 of the Consolidated Amended Complaint.

**As and to the Allegations Concerning Count 28:  Quantum Meruit Under**

**Maryland Common Law**

(The Maryland Class Representatives and the Maryland Class Against All Defendants)

638. Repeats and re-alleges each and every response set forth in all preceding paragraphs of this First Amended Answer with same force and effect as if fully set forth herein.

- 67 -

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

639.    The allegations set forth in Paragraph 639 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

640.    Denies the allegations set forth in Paragraph 640 of the Consolidated Amended Complaint.

641.    Denies the allegations set forth in Paragraph 641 of the Consolidated Amended Complaint.

642.    Denies the allegations set forth in Paragraph 642 of the Consolidated Amended Complaint.

643.    The allegations set forth in Paragraph 643 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

**As and to the Allegations Concerning Count 29:  Oregon Minimum Wage Violations**

(The Oregon Class Representatives and the Oregon Class Against All Defendants)

644.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of this First Amended Answer with same force and effect as if fully set forth herein.

645.    Denies the allegations set forth in Paragraph 645 of the Consolidated Amended Complaint.

646.    The allegations set forth in Paragraph 646 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

647.    Denies the allegations set forth in Paragraph 647 of the Consolidated Amended Complaint.

648.    Denies the allegations set forth in Paragraph 648 of the Consolidated Amended Complaint.

649.    Denies the allegations set forth in Paragraph 649 of the Consolidated Amended Complaint.

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1

**As and to the Allegations Concerning Count 30:  Oregon Overtime Violations**

2

(The Oregon Class Representatives and the Oregon Class Against All Defendants)

3      650.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of

4   this First Amended Answer with same force and effect as if fully set forth herein.

5      651.    Denies the allegations set forth in Paragraph 651 of the Consolidated Amended

6   Complaint.

7      652.    The allegations set forth in Paragraph 652 of the Consolidated Amended Complaint

8   constitute legal conclusions to which no response is required.  To the extent a response may be required,

9   Defendant denies the allegations.

10     653.    Denies the allegations set forth in Paragraph 653 of the Consolidated Amended

11  Complaint.

12     654.    Denies the allegations set forth in Paragraph 654 of the Consolidated Amended

13  Complaint.

14     655.    Denies the allegations set forth in Paragraph 655 of the Consolidated Amended

15  Complaint.

16

**As and to the Allegations Concerning Count 31:  Quantum Meruit Under**

17

**Oregon Common Law**

18

(The Oregon Class Representatives and the Oregon Class Against All Defendants)

19     656.    Repeats and re-alleges each and every response set forth in all preceding paragraphs of

20  this First Amended Answer with same force and effect as if fully set forth herein.

21     657.    The allegations set forth in Paragraph 657 of the Consolidated Amended Complaint

22  constitute legal conclusions to which no response is required.  To the extent a response may be required,

23  Defendant denies the allegations.

24     658.    Denies the allegations set forth in Paragraph 658 of the Consolidated Amended

25  Complaint.

26     659.    Denies the allegations set forth in Paragraph 659 of the Consolidated Amended

27  Complaint.

28

- 69 -

660. Denies the allegations set forth in Paragraph 660 of the Consolidated Amended Complaint.

661. The allegations set forth in Paragraph 661 of the Consolidated Amended Complaint constitute legal conclusions to which no response is required. To the extent a response may be required, Defendant denies the allegations.

## IX. AS AND TO THE ALLEGATIONS CONCERNING THE PRAYER FOR RELIEF

662. Denies the allegations set forth in the WHEREFORE clause of the Consolidated Amended Complaint, and further denies that Plaintiffs and/or the purported members of the Minor League Collective, California Class, California Waiting Time Subclass, Florida Class, Arizona Class, North Carolina Class, New York Class, Pennsylvania Class, Maryland Class and/or Oregon Class are entitled to any of the relief demanded therein or any relief whatsoever.

663. Denies each and every allegation in the Consolidated Amended Complaint not specifically admitted herein.

## X. AFFIRMATIVE OR OTHER DEFENSES

In further of its First Amended Answer to the Consolidated Amended Complaint, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Athletics Investment Group, LLC (hereinafter "Defendant") states as follows for its affirmative and other defenses, without admitting thereby that it necessarily bears the burden of proof on any such defense.

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1. The Consolidated Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted or for which the relief sought can be awarded.

### SECOND AFFIRMATIVE DEFENSE

(Improper Venue/Forum Non Conveniens)

2. Venue is improper or unduly inconvenient and, in the interest of judicial economy and convenience of the parties, this case should be transferred to the Middle District of Florida, a far more convenient forum, for the reasons set forth in Defendant's Motion to Transfer Venue. (Dkt. No. 283)

- 70 -

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

### THIRD AFFIRMATIVE DEFENSE

(Arbitration)

3.      Plaintiffs' claims and those of the putative class and/or collective members under the FLSA and the laws of Arizona, California, New York, North Carolina, Pennsylvania, Maryland and Oregon must be arbitrated pursuant to Article XX.B. of their executed Uniform Player Contracts (an example of which was attached to the Consolidated Amended Complaint at Exhibit A, Major League Rules, Attachment 3).  This action should be stayed and/or dismissed and Plaintiffs and/or the putative members of the collective or classes should be compelled to arbitrate pursuant to 9 U.S.C. § 1 *et seq.* and other applicable federal or state laws.

### FOURTH AFFIRMATIVE DEFENSE

(Federal and State Seasonal Amusement or Recreational Establishment Exemptions)

4.      Plaintiffs' claims and those of the putative collective and certain putative class members under the FLSA and the laws of California, Florida, Maryland, North Carolina and/or Pennsylvania are barred, in whole or in part, because Plaintiffs and the putative class and/or collective members are or have been employed by one or more amusement or recreational establishments that (a) operated for seven months or less during the calendar year; and/or (b) during the preceding calendar year, had average receipts during any six months of the calendar year that were 33 1/3 percent or less than the average receipts for the other six months of the year.  *See* 29 U.S.C. §§ 213(a)(3); California Wage Order #10; Fla. Stat. § 448.110(3); Md. Code Lab. & Empl. §§ 3-413(d)(2)(i), (ii); 3-415(b)(3); N.C. Gen. Stat. §§ 95-25.3(e), 95-25.4(a); 43 Penn. Stat. § 333.105(a)(5).

### FIFTH AFFIRMATIVE DEFENSE

(Federal and State Creative Professional Exemptions)

5.      Plaintiffs' claims and those of the putative collective and certain putative class members under the FLSA and the laws of California, Florida, Maryland, New York, North Carolina, Oregon and/or Pennsylvania are barred, in whole or in part, because Plaintiffs and the putative class and/or collective members, as professional baseball players, are creative professionals (i) whose primary duties consist of, or who are primarily engaged in, the performance of work requiring "invention, imagination,

- 71 -

originality or talent in a recognized field of artistic or creative endeavor…" and/or that requires the exercise of discretion and independent judgment; and (ii) are compensated on a salary or fee basis at a rate of not less than  $455 per week or the applicable amount set by state law for time which is compensable and/or subject to federal and/or applicable state minimum wage or overtime requirements. *See* 29 U.S.C. §§ 213(a)(1); California Labor Code § 515; Fla. Stat. § 448.110(3); Md. Code Lab. & Empl. § 3-403(a)(1); Md. Code Regs. 09.12.41.17; N.Y. Lab. Law § 651; 12 NYCRR § 142-2.14(c)(4)(iii); N.C. Gen. Stat. § 95-25.14(b)(4); O.R.S. § 653.020(3), *et seq.*

## SIXTH AFFIRMATIVE DEFENSE

(North Carolina Wage and Hour Act Claims Preempted by FLSA)

6.      The claims of Plaintiffs Craig Bennigson and Aaron Senne and those of the putative North Carolina Class members under the North Carolina Wage and Hour Act are preempted by the FLSA.  See N.C. Gen. Stat. 95-25.14(a) (1).

## SEVENTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

7.      The claims of Plaintiffs Aaron Meade, Oliver Odle, Kyle Woodruff, Kyle Nicholson, Brandon Henderson, Brad McAtee, Craig Bennigson, Ryan Kiel, Jake Kahaulelio, Justin Murray, Dustin Pease, Mitch Hilligoss, Joseph Newby, Matt Gorgen, Joel Weeks, Matt Daly and Kris Watts and those of the putative California Class members are barred by the failure to exhaust internal and/or administrative remedies, including, but not limited to, the notice requirements of California's Private Attorney General Act, as the notice attached to the Consolidated Amended Complaint as Exhibit C failed to properly identify the defendant employers, describe the underlying facts and theories in support of a violation under the California Labor Code and failed to properly notify the Defendant Commissioner Selig, among others.  *See* Cal. Lab. Code § 2699.

## EIGHTH AFFIRMATIVE DEFENSE

(Equitable Set Off)

8.      To the extent Defendant provided Plaintiffs and the putative class and collective members with compensation or remuneration of any kind to which Plaintiffs and the putative class and collective

- 72 -

1  members had no legal entitlement, Defendant are entitled as a matter of equity to set off any recovery

2  for minimum wage and/or overtime.

3  **NINTH AFFIRMATIVE DEFENSE**

4  (Written Contract Exists)

5  9.      Plaintiffs' claims and those of the putative class members for quantum meruit under the

6  common laws of Arizona, California, Florida, New York, North Carolina, Pennsylvania, Maryland and

7  Oregon are barred because Plaintiffs and such putative class members were parties to express written

8  contracts (Uniform Player Contracts) covering, among other things, compensation for services

9  performed.

10  **TENTH AFFIRMATIVE DEFENSE**

11  (Not "Hours Worked")

12  10.      Some or all of the alleged "work" claimed to have been performed by Plaintiffs and the

13  putative class and collective members, and for which they seek compensation under the FLSA and the

14  laws of Arizona, California, New York, North Carolina, Pennsylvania, Maryland and Oregon, is not

15  compensable and/or is "de minimus" within the meaning of applicable federal and state laws and/or

16  written administrative regulations, orders, rulings, guidance and/or interpretations.  During the hours

17  Plaintiffs and the putative class and collective members performed such alleged "work" (including, but

18  not limited to, the periods of time spent training, traveling and commuting), they (i) were not performing

19  services for Defendant; (ii) were not under Defendant's control and/or (iii) were traveling or engaging in

20  activities that are preliminary to or postliminary to their principal activities, and accordingly, such time

21  is not compensable.  *See, e.g.,* 29 U.S.C. § 254.

22  **ELEVENTH AFFIRMATIVE DEFENSE**

23  (Statute of Limitations)

24  11.      Subject to proof through discovery, some or all of Plaintiffs' claims and those of the

25  putative class and collective members under the FLSA and the laws of Arizona, California, New York,

26  North Carolina, Pennsylvania, Maryland and Oregon are barred, in whole or in part, by the applicable

27  statute(s) of limitations, including without limitation, the willfulness provision of the FLSA because

28  - 73 -

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE
CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with
3:14-cv-03289-JCS)

those individuals seek to recover for services performed outside of the applicable limitations period.  *See* 29 U.S.C. § 255; Ariz. Rev. Stat. § 23-364; Cal. Code Civ. Proc. §§ 338, 340(a); Cal. Labor Code § 203; California Business and Professions Code § 17208; Fla. Stat. §§ 95.11, 448.110; N.C. Gen. Stat. § 95-25.22(f); New York Labor Law §§ 663(3), 198(3); 43 Penn. Stat. § 333.104(c); Md. Code Lab. & Empl. § 5-101; O.R.S. § 12.080.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith/Liquidated Damages)

12.     If Defendant is found to have failed to pay Plaintiffs and/or the putative class and collective members any amounts due, as alleged in the Consolidated Amended Complaint, Plaintiffs and such putative class and collective members would not be entitled to liquidated or penalty damages under federal or state law because Defendant acted at all times on the basis of a good faith and reasonable belief that its actions were in compliance and conformity with applicable federal and state laws and/or written administrative regulations, orders, rulings, guidance and/or interpretations.  *See* 29 U.S.C. § 260; Ariz. Rev. Stat. § 23-355; Cal. Labor Code § 1194.2; Fla Stat. § 448.110(c)(1); N.C. Gen. Stat. § 95-22(a); New York Labor Law § 198, *et seq.*; 43 Penn. Stat. § 260.10; Md. Code Lab. & Empl. § 3-427(d)(2); O.R.S. § 652.150, *et seq.*

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Laches)

13.     Subject to proof through discovery, Plaintiffs have delayed inexcusably and unreasonably in the filing of this action causing substantial prejudice to Defendant and thus Plaintiffs' claims are barred by the equitable doctrine of *laches*.

14.     Defendant reserves the right to and does rely upon such further affirmative or other defenses as may become available during discovery in this action and amend this First Amended Answer to assert any such defenses.

- 74 -

DEFENDANT ATHLETICS INVESTMENT GROUP, LLC'S FIRST AMENDED ANSWER TO THE CONSOLIDATED AMENDED COMPLAINT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

WHEREFORE, Defendant Athletics Investment Group, LLC prays:

1.      That Plaintiffs take nothing by the Consolidated Amended Complaint;

2.      For costs of suit; and

3.      For such other and further relief as the Court deems just and proper.


DATED: February 17, 2015

                                                /s/ Elise M. Bloom

                                                _____

                                                Elise M. Bloom
                                                PROSKAUER ROSE LLP
                                                ELISE M. BLOOM
                                                HOWARD L. GANZ
                                                NEIL H. ABRAMSON
                                                ADAM M. LUPION
                                                ENZO DER BOGHOSSIAN
                                                Attorneys for Defendant.

- 75 -