1  ELISE M. BLOOM (*pro hac vice*)
   HOWARD L. GANZ
2  NEIL H. ABRAMSON (*pro hac vice*)
   ADAM M. LUPION (*pro hac vice*)
3  **PROSKAUER ROSE LLP**
   11 Times Square
4  New York, NY 10036
   Telephone:    (212) 969-3000
5  Facsimile:    (212) 969-2900

6  ENZO DER BOGHOSSIAN (SBN 211351)
   **PROSKAUER ROSE LLP**
7  2049 Century Park East, 32nd Floor
   Los Angeles, CA  90067-3206
8  Telephone:    (310) 557-2900
   Facsimile:    (310) 557-2193
9  Attorneys for all Defendants except Baltimore Orioles Limited Partnership
   and Baltimore Orioles, Inc.
10
   M. CELESTE BRUCE (*pro hac vice*)
11 **RIFKIN, WEINER, LIVINGSTON, LEVITAN & SILVER, LLC**
   7979 Old Georgetown Road, Suite 400
12 Bethesda, Maryland 20814
   Telephone: (301) 951-0150
13 Facsimile: (301) 951-0172
   Attorneys for Baltimore Orioles Limited Partnership
14 and Baltimore Orioles, Inc.

15                     **UNITED STATES DISTRICT COURT**

16              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

17 | AARON SENNE, *et al.*, | Case No. CV 14-00608 JCS (consolidated with 3:14-cv-03289-JCS)
18 |                Plaintiffs, |
19 | vs. | Hon. Joseph C. Spero
20 | OFFICE OF THE COMMISSIONER OF | **CLASS ACTION**
   | BASEBALL, an unincorporated association | **NOTICE OF MOTION AND MOTION TO**
21 | doing business as MAJOR LEAGUE | **DISMISS THE CONSOLIDATED**
   | BASEBALL, *et al.* | **AMENDED COMPLAINT IN PART FOR**
22 |                                        | **LACK OF SUBJECT MATTER**
   |                Defendants. | **JURISDICTION**
23 |                                        | Date: June 26, 2015
   |                                        | Time: 9:30 am
24 |                                        | Place: Courtroom G, 15th Floor

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT IN PART
FOR LACK OF SUBJECT MATTER JURISDICTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

## NOTICE OF MOTION AND MOTION TO DISMISS

**PLEASE TAKE NOTICE** that on June 26, 2015 at 9:30 a.m. or as soon thereafter as counsel may be heard, Defendants[1] will and hereby do move this Court for an Order dismissing certain state law causes of action asserted against them in the Consolidated Amended Complaint (the "Complaint") because Plaintiffs lack standing to bring such claims, and, accordingly, this Court lacks subject matter jurisdiction thereof.[2]

This motion is made pursuant to Fed. R. Civ. P. 12(b)(1) on the ground that while the Complaint purports to assert claims against ***each and every*** Defendant under the wage and hour laws of eight different states (Arizona, California, Florida, Maryland, New York, North Carolina, Oregon and Pennsylvania) and the Fair Labor Standards Act ("FLSA") (Compl. ¶¶ 489-501, 504-661), Plaintiffs lack Article III standing to assert such claims against every Defendant Club.[3]

---

[1]       Kansas City Royals Baseball Corp. ("Kansas City Royals"), Miami Marlins, L.P. ("Miami Marlins"), San Francisco Baseball Associates LLC ("San Francisco Giants"), Rogers Blue Jays Baseball Partnership ("Toronto Blue Jays"), Houston Baseball Partners LLC ("Houston Astros"), Angels Baseball LP ("Los Angeles Angels of Anaheim"), Athletics Investment Group LLC ("Oakland Athletics"), The Baseball Club of Seattle, LLLP ("Seattle Mariners"), The Cincinnati Reds LLC ("Cincinnati Reds"), St. Louis Cardinals, LLC ("St. Louis Cardinals"), Colorado Rockies Baseball Club, Ltd. ("Colorado Rockies"), Padres L.P., and San Diego Padres Baseball Club, L.P. ("San Diego Padres"), Minnesota Twins, LLC ("Minnesota Twins"), Los Angeles Dodgers LLC and Los Angeles Dodgers Holding Company LLC ("Los Angeles Dodgers"), Sterling Mets, L.P. ("New York Mets"), AZPB L.P. ("Arizona Diamondbacks"), Chicago Cubs Baseball Club, LLC ("Chicago Cubs"), Milwaukee Brewers Baseball Club, Inc. and Milwaukee Brewers Baseball Club, L.P. ("Milwaukee Brewers"), Rangers Baseball Express, LLC and Rangers Baseball, LLC ("Texas Rangers"), Atlanta National League Baseball Club, Inc. ("Atlanta Braves"), Baltimore Orioles Limited Partnership and Baltimore Orioles, Inc. ("Baltimore Orioles"), Boston Red Sox Baseball Club L.P. ("Boston Red Sox"), Chicago White Sox, Ltd. ("Chicago White Sox"), Cleveland Indians Baseball Co., L.P. and Cleveland Indians Baseball Co., Inc. ("Cleveland Indians"), Detroit Tigers, Inc. ("Detroit Tigers"), New York Yankees Partnership ("New York Yankees"), The Phillies ("Philadelphia Phillies"), Pittsburgh Associates, L.P. ("Pittsburgh Pirates"); Tampa Bay Rays Baseball Ltd. ("Tampa Bay Rays"), and Washington Nationals Baseball Club, LLC ("Washington Nationals") (collectively, the "Moving Defendants" or "Defendant Clubs").

[2]       A Motion to Dismiss the Consolidated Amended Complaint in its entirety for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) (the "PJ Motion") is pending on behalf of eleven (11) of the Moving Defendants (Atlanta Braves, Baltimore Orioles, Boston Red Sox, Chicago White Sox, Cleveland Indians, Detroit Tigers, New York Yankees, Philadelphia Phillies, Pittsburgh Pirates, Tampa Bay Rays, and Washington Nationals). (Dkt. Nos. 281, 282.)  To the extent that the PJ Motion is granted as to all or certain of the Moving Defendants, their request for relief here will be moot.

[3]       In their opposition to the pending PJ Motion, Plaintiffs attached a Proposed Second Consolidated Amended Complaint against all Defendants, which, *inter alia,* added nine (9) new Plaintiffs. (Dkt. No. 363; hereinafter the "Proposed Complaint.")  The Court has not granted leave for Plaintiffs to file the Proposed Complaint or ruled on the pending motion.  Accordingly, the

i

For every Defendant Club, and with respect to each state law cause of action, there must be at least one Plaintiff who has standing to assert a claim against that Defendant Club based upon a concrete and particularized injury allegedly suffered during his employment with that Defendant Club in the state at issue. In other words, in order for this Court to have subject matter jurisdiction over a claim that Club "A" violated the wage-and-hour laws of State "X," there must be at least one Plaintiff who, while employed by Club "A" in State "X," claims to have suffered a cognizable injury as a result of Club "A's" violation of State "X's" laws. But the Complaint here purports to assert each of the state law claims against each of the Defendant Clubs where there is no Plaintiff with such standing. The same is true, in certain respects, for the FLSA claims. Accordingly, this Court lacks subject matter jurisdiction over such federal and state laws claims and those claims should be dismissed.

This motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of Elise M. Bloom and accompanying Exhibit, the pleadings and records on file with this Court, all matters of which the Court must or may take judicial notice, and such evidence and argument as may be presented at or before the hearing on this matter.

---

Moving Defendants' request for relief is directed at the allegations in the operative Complaint in this action (Dkt. No. 243). Even if the Court granted Plaintiffs leave to file the Proposed Complaint, that pleading contains most (if not nearly all) of the same standing defects addressed herein. In the event the Court grants Plaintiffs leave to file the Proposed Complaint, Defendants request the opportunity to supplement this memorandum to address the absence of subject matter jurisdiction with respect to the claims pled in that complaint.

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................1

II. LEGAL STANDARD............................................................................................2

    1. Lack of Standing Deprives This Court Of Subject Matter Jurisdiction........................2

    2. Plaintiffs Lack Standing To Bring State Wage-And-Hour Claims Against A Club Under The Laws Of A State In Which There Is No Named Plaintiff Who Alleges He Performed Work For That Club In That State. .........................................3

    3. Plaintiffs Cannot Establish Standing Based On Vague Allegations That Do Not Allege A "Concrete and Particularized" Injury. ....................................................5

III. NUMEROUS FEDERAL AND STATE LAW CLAIMS ASSERTED AGAINST THE DEFENDANT CLUBS SHOULD BE DISMISSED BECAUSE OF THE ABSENCE OF A NAMED PLAINTIFF WITH STANDING TO ASSERT SUCH CLAIMS AGAINST THOSE CLUBS. ....................................................6

    1. Arizona Diamondbacks—California, Florida, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed.............7

    2. Atlanta Braves—Arizona, California, Florida, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed.............8

    3. Baltimore Orioles—Arizona, California, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed. ....................................8

    4. Boston Red Sox—Arizona, California, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed.........................9

    5. Chicago Cubs—California, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed. ...........................................9

    6. Chicago White Sox—Arizona, California, Florida, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed. ....................................................................................................9

    7. Cincinnati Reds—Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed. ........................................10

    8. Cleveland Indians—California, Florida, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed...........10

    9. Colorado Rockies—Florida, Maryland, New York, Oregon and Pennsylvania State Law Claims Should Be Dismissed........................................11

    10. Detroit Tigers—Arizona, California, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed........................11

    11. Houston Astros—Arizona, California, Maryland, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed. ...............................11

iii

12. Kansas City Royals—California, Florida, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed............12

13. Los Angeles Angels of Anaheim—Florida, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed............12

14. Los Angeles Dodgers—California, Florida, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed............13

15. Miami Marlins—Arizona, California, Maryland, Oregon and Pennsylvania State Law Claims Should Be Dismissed............13

16. Milwaukee Brewers—California, Florida, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed............13

17. Minnesota Twins—Arizona, California, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed............14

18. New York Mets—Arizona, California, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed............14

19. New York Yankees—FLSA, Arizona, California, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed............15

20. Oakland Athletics—Florida, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed. ............15

21. Philadelphia Phillies—Arizona, California, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed............16

22. Pittsburgh Pirates—Arizona, California, Maryland, New York, North Carolina and Oregon State Law Claims Should Be Dismissed. ............16

23. San Diego Padres—Florida, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed. ............17

24. San Francisco Giants—Florida, Maryland, New York, North Carolina and Pennsylvania State Law Claims Should Be Dismissed. ............17

25. Seattle Mariners—California, Florida, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed............18

26. St. Louis Cardinals—Arizona, California, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed............18

27. Tampa Bay Rays—FLSA, Arizona, California, Maryland, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed............19

28. Texas Rangers—Florida, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed. ............20

29. Toronto Blue Jays—Arizona, California, Maryland, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed. ............20

iv

30.   Washington Nationals—Arizona, California, North Carolina and Oregon State
Law Claims Should Be Dismissed................................................................................21

IV.   CONCLUSION................................................................................................................21

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*B.C. v. Plumas Unified Sch. Dist.*,
    192 F.3d 1260 (9th Cir. 1999) ...................................................................................3

*Bruce v. United States*,
    759 F.2d 755 (9th Cir. 1985) .....................................................................................2

*Coalition for Sustainable Delta v. F.E.M.A.*,
    711 F. Supp. 2d 1152 (E.D. Cal. 2010).....................................................................5

*Colson v. Avnet, Inc.*,
    687 F. Supp. 2d 914 (D. Ariz. 2010) .........................................................................4

*Friends of Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
    528 U.S. 167 (2000) ..................................................................................................3

*Hammell v. Banque Paribas*,
    No. 90 Civ. 4799 (JSM), 1993 WL 426844 (S.D.N.Y. Oct. 22, 1993) .........................4

*Henry v. Circus Circus Casinos*,
    223 F.R.D. 541 (D. Nev. 2004)..................................................................................4

*Hunnicutt v. Zeneca, Inc.*,
    No. 10-CV-708-TCK-TLW, 2012 WL 4321392 (N.D. Okla. Sept. 19, 2012)..............4

*Kaskey v. Osmose Holdings, Inc.*,
    No. 13-4825, 2014 WL 1096149 (E.D. Pa. Mar. 20, 2014) ......................................3

*Killian v. McCulloch*,
    873 F. Supp. 938 (E.D. Pa. 1995) .............................................................................4

*Landers v. Quality Communs., Inc.*,
    771 F.3d 638 (9th Cir. 2014), *cert. denied*, No. 14-969, 2015 WL 569003 (U.S.
    Apr. 20, 2015).....................................................................................................5, 6

*Lee v. Safeway, Inc.*,
    No. 13-3476, 2014 WL 4926183 (D. Md. Sept. 30, 2014) ........................................4

*Lee v. State of Or.*,
    107 F.3d 1382 (9th Cir. 1997) ...................................................................................3

*Lucas v. BMS Enters., Inc.*,
    No. 09-cv-2159, 2010 WL 2671305 (N.D. Tex. Jul. 1, 2010).....................................4

NOTICE OF MOTION AND MOTION TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT IN PART
FOR LACK OF SUBJECT MATTER JURISDICTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

*Lujan v. Defenders of Wildlife,*
　　504 U.S. 555 (1992) ........................................................................................3, 5

*McCarn v. HSBC USA, Inc.,*
　　No. 1:12-CV-00375 LJO, 2012 WL 7018363 (E.D. Cal. May 29, 2012) ......................5

*Perez v. Wells Fargo & Co.,*
　　No. C 14-0989 PJH, 2015 WL 1887354 (N.D. Cal. Apr. 24, 2015)................................1, 2, 3, 4

*Righthaven LLC v. Hoehn,*
　　716 F.3d 1166 (9th Cir. 2013) .................................................................................2

*Roman v. Gupos III, Inc.,*
　　970 F. Supp. 2d 407 (D. Md. 2013) ........................................................................3

*Rosales v. El Rancho Farms,*
　　No. 1:09-cv-00707-AWI-JLT, 2012 WL 292977 (E.D. Cal. Jan. 31, 2012)..................5

*Ross v. U.S. Bank Nat'l Ass'n,*
　　542 F. Supp. 2d 1014 (N.D. Cal. 2008) ...................................................................1, 4

*Schimer v. U.S. Court of Appeals for Ninth Circuit,*
　　279 F.3d 817 (9th Cir. 2002) ...................................................................................5

*Simon v. E. Ky. Welfare Rights Org.,*
　　426 U.S. 26 (1976) ..................................................................................................3

*Sullivan v. Oracle Corp,*
　　662 F.3d 1265 (9th Cir. 2011) .................................................................................4

*United States v. Hayes,*
　　515 U.S. 737 (1995)................................................................................................1

*Whitmore v. Arkansas,*
　　495 U.S. 149 (1990)................................................................................................5

**STATE CASES**

*Dinicola v. State Dept. of Rev.,*
　　246 Or. App. 526 (2011), *cert. denied,* 134 S. Ct. 66 (2013) ...................................3

*Laborers' Int'l Union of N. Am. v. Case Farms, Inc.,*
　　127 N.C. App. 312, 488 S.E.2d 632 (1997)..............................................................3

*Sawyer v. Mkt. Am., Inc.,*
　　190 N.C. App. 791 (N.C. Ct. App. 2008) .................................................................4

**STATE STATUTES**

Ariz. Rev. Stat. § 23-363 ................................................................................................3

NOTICE OF MOTION AND MOTION TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT IN PART FOR LACK OF SUBJECT MATTER JURISDICTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

Ariz. Rev. Stat. § 23-363(H) ........................................................................................20

Cal. Bus. & Prof. Code § 17208 ...............................................................................12, 18

Cal. Civ. Proc. Code § 338(a) ......................................................................................19

N.C. Gen. Stat. § 95-25.22 .................................................................................10, 12, 16

N.Y. Lab. Law § 198 ....................................................................................................15

O.R.S.
    § 652.010 ...............................................................................................................2
    § 652.210(1) ...........................................................................................................4
    § 653.010 ...............................................................................................................2
    § 653.261 ...............................................................................................................2

**RULES**

Fed. R. Civ. P. 12(b)(1) ..................................................................................................5

Fed. R. Civ. P. 12(b)(6) ..................................................................................................5

Fed. R. Civ. P. 12(h)(3) ..................................................................................................3

**OTHER AUTHORITIES**

FLA. CONST. art. X, § 24(b)-(c) ....................................................................................3

FLA. CONST. art. X, § 24(c) ..........................................................................................4

NOTICE OF MOTION AND MOTION TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT IN PART FOR LACK OF SUBJECT MATTER JURISDICTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs assert wage-and-hour claims under the FLSA and the laws of Arizona, California, Florida, Maryland, New York, North Carolina, Oregon, and Pennsylvania against *all* Defendants, irrespective of whether, with respect to each such Club, there is a Named Plaintiff:  (i) who allegedly performed work for that Defendant Club in one or more of those states; and (ii) who sufficiently pleads a cognizable injury that occurred in one or more of those states while allegedly working for that Defendant Club.  These deficiencies deprive this Court of subject matter jurisdiction over a number of federal and state law claims—a threshold Article III standing issue that can be raised at any time, and is never waived.  *See United States v. Hayes*, 515 U.S. 737, 742 (1995) ("Standing is not subject to waiver," and must be considered by the court).  Where there is not at least one Named Plaintiff with standing to sue each Defendant under any one of the state wage-and-hour laws asserted in the Complaint, that state law claim must be dismissed as against that Defendant Club for lack of subject matter jurisdiction.  *See Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d 1014, 1023 (N.D. Cal. 2008).  The same is true with respect to claims brought under the FLSA.  *See Perez v. Wells Fargo & Co.*, No. C 14-0989 PJH, 2015 WL 1887354 at *5 (N.D. Cal. Apr. 24, 2015).

Although the Complaint could be construed as asserting *all* state law claims against *all* Defendants, it did not become clear that Plaintiffs actually intended to pursue such extraordinarily broad relief until the parties' recent meet and confer efforts with respect to the appropriate scope of discovery.  During the meet and confer, Plaintiffs insisted that the New York and Oregon Class Representatives (the two state laws in this case that have six-year statutes of limitations) purport to allege claims against *every Defendant Club*, despite the fact that the Complaint does not identify a Plaintiff who played for every Defendant Club in New York or Oregon.[4]  Plaintiffs' position is legally untenable.  It is black letter law that for a Court to have subject matter jurisdiction over a

---

[4] *See* Declaration of Elise M. Bloom, dated May 18, 2015 (hereinafter the "Bloom Decl."), (¶¶ 4-12). Attached as Exhibit A to the Bloom Declaration is a chart demonstrating in summary fashion the state law causes of action for which Plaintiffs lack standing to sue the Defendant Clubs.  *See* Bloom Decl., Exh. A.

1

1   state law claim asserted against a particular defendant, there must be a named plaintiff who alleges

2   to have performed work or services in that state for that defendant.  *See Perez,* at *5.  This applies

3   with full force to wage-and-hour claims brought under state law.  *See*, *e.g.*, *id.*

4   The Oregon claim that Plaintiffs purport to assert against the Arizona Diamondbacks is

5   illustrative.  In order for the Court to have subject matter jurisdiction over that claim, there must be

6   at least one Named Plaintiff who—while employed by the Diamondbacks ***in Oregon***—was denied

7   payment of the minimum wage and/or overtime compensation required by O.R.S. §§ 653.010 *et seq.*,

8   653.261 *et seq.*, 652.010 *et seq.*  But the Complaint is devoid of any allegations that any Named

9   Plaintiff was ever employed by the Diamondbacks in Oregon, much less that he suffered a purported

10  wage injury there.  Plaintiffs, therefore, do not have standing to assert a claim against the

11  Diamondbacks under Oregon law.  Indeed, with respect to Oregon wage-and-hour claims, the only

12  Defendant Club alleged to have employed a Named Plaintiff ***in Oregon*** is the San Francisco Giants;

13  and, therefore, the Oregon claims should be dismissed as against all Defendant Clubs other than the

14  Giants.  *See* Section III.

15  This standing defect is manifest throughout the Complaint with respect to a number of the

16  state law claims asserted against each Defendant Club.[5]

17  **II.    LEGAL STANDARD**

18  **1.    Lack of Standing Deprives This Court Of Subject Matter Jurisdiction**

19

20  "Standing is a threshold jurisdictional question in every federal case."  *See Bruce v. United*

21  *States,* 759 F.2d 755, 757 (9th Cir. 1985).  "In the absence of standing, a federal court 'lacks subject

22  matter jurisdiction over the suit.'"  *See Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1172 (9th Cir.

23  2013) (internal citations omitted).  Indeed, "[s]tanding is not subject to waiver, and must be

---

24  [5]    As this Court observed in connection with the exercise of personal jurisdiction, "for the
25  action to continue against an individual Defendant . . . the Plaintiff who is named in the suit needs to
    have claims that arise out of or relate to the conduct of that individual Defendant in California."
26  (*See* Dkt. 360, Tr. 47:24-48:3.) The same holds true with respect to standing to sue Defendants under
    state wage-and-hour laws—*i.e.*, there must be a Named Plaintiff for each Defendant Club who
27  allegedly performed work for that Defendant Club in the states whose wage-and-hour laws Plaintiffs
    seek to invoke against that Defendant Club. Where there is no such Named Plaintiff, the Court lacks
28  subject matter jurisdiction over the state law claim.

2

considered by the court even if the parties fail to raise it." *Perez*, 2015 WL 1887354, at *3. "If the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

As the party invoking federal jurisdiction, Plaintiffs bear the burden of establishing standing. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992). To establish standing, Plaintiffs must plead facts sufficient to show "an injury in fact that is [] concrete and particularized . . . [and] fairly traceable to the challenged action of the defendant[.]" *Friends of Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000).

In the class action context, "[s]tanding is a jurisdictional element that must be satisfied *prior* to class certification." *Lee v. State of Or.*, 107 F.3d 1382, 1390 (9th Cir. 1997) (emphasis added). To be sure, "[t]hat a suit may be a class action…adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other unidentified members of the class to which they belong and which they purport to represent." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 (1976); *see also B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999). "The same standing requirement applies in an FLSA collective action." *Perez*, 2015 WL 1887354, at *5 (internal citations omitted).

### 2. Plaintiffs Lack Standing To Bring State Wage-And-Hour Claims Against A Club Under The Laws Of A State In Which There Is No Named Plaintiff Who Alleges He Performed Work For That Club In That State.

A plaintiff has standing to assert a state law wage-and-hour claim only if that plaintiff: (i) has an employment relationship with the defendant against whom he brings the claim[6]; and (ii)

---

[6] A plaintiff may only bring a wage-and-hour claim against his own employer. *See*, *e.g.*, *Perez*, 2015 WL 1887354, at *5; *Roman v. Gupos III, Inc.*, 970 F. Supp. 2d 407, 416 & n.4 (D. Md. 2013); *Laborers' Int'l Union of N. Am. v. Case Farms, Inc.*, 127 N.C. App. 312, 315, 488 S.E.2d 632, 634 (1997); *Kaskey v. Osmose Holdings, Inc.*, No. 13-4825, 2014 WL 1096149, at *3-4 (E.D. Pa. Mar. 20, 2014); *Dinicola v. State Dept. of Rev.*, 246 Or. App. 526, 532-41, 544-45 (2011), *cert. denied*, 134 S. Ct. 66 (2013); *see also* Ariz. Rev. Stat. § 23-363; Article X, Section 24(b)-(c) of the Florida Constitution.

1  pleads that he was injured during and as a result of his employment with that defendant while

2  performing work in the state at issue.[7]

3      *Ross v. U.S. Bank National Association*, 542 F. Supp. 2d at 1023, is instructive.  In *Ross*, four

4  named plaintiffs brought a putative class action on behalf of all U.S. Bank employees under

5  Washington law, as well as the laws of other states.  *Id.* at 1019.  Because "none of the four named

6  plaintiffs allege[d] that they have worked for the defendant ***in Washington***," the court found that the

7  plaintiffs "could not have suffered injury as a result of violation of Washington's employment law,"

8  and for that reason granted defendant's motion to dismiss because the plaintiffs had "no standing to

9  assert on behalf of themselves and other Washington employees any claim for injury under the state

10  law of Washington."  *Id.* at 1023 (emphasis added).

11      Moreover, in a class action involving multiple defendants, a plaintiff must "plead facts

12  showing standing as to ***each defendant***, including alleging that he was injured by each such

13  defendant."  *Perez*, 2015 WL 1887354, at *5 (emphasis added); *see also Henry v. Circus Circus*

14  *Casinos*, 223 F.R.D. 541, 544 (D. Nev. 2004) ("[W]hat is required is that for every named defendant

15  there be at least one named plaintiff who can assert a claim directly against that defendant.")[8]  A

16  plaintiff establishing standing with respect to some, but not all, of the defendants as to each cause of

17  action is insufficient; the fact that a plaintiff purports to represent a putative class "does not obviate

18  each plaintiff's obligation to allege sufficient facts in the complaint to show that his/her injury is

19  fairly traceable to a *specific* defendant's conduct."  *Perez*, 2015 WL 1887354, at *5 (requiring

20  named plaintiffs to demonstrate a specific violation of the underlying state and federal causes of

21  action pled in the complaint as against *each* defendant) (emphasis added).

22  ───────────────
  [7]    In order to have standing to sue a defendant under a particular state's wage-and-hour laws,
23  the plaintiff must claim to have actually worked in that state.  *See, e.g., Sullivan v. Oracle Corp*, 662
  F.3d 1265, 1271 (9th Cir. 2011); *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 922 (D. Ariz. 2010);
24  *Sawyer v. Mkt. Am., Inc.*, 190 N.C. App. 791, 797 (N.C. Ct. App. 2008); *Lee v. Safeway, Inc.*, No.
  13-3476, 2014 WL 4926183 at *14-15 (D. Md. Sept. 30, 2014); *Hammell v. Banque Paribas*, No. 90
25  Civ. 4799 (JSM), 1993 WL 426844, at *1 (S.D.N.Y. Oct. 22, 1993); *Killian v. McCulloch*, 873 F.
  Supp. 938, 942 (E.D. Pa. 1995); *see also* O.R.S. § 652.210(1); Article X, Section 24(c) of the Florida
26  Constitution.

27  [8]    *See Hunnicutt v. Zeneca, Inc.*, No. 10-CV-708-TCK-TLW, 2012 WL 4321392, at *3 (N.D.
  Okla. Sept. 19, 2012) ("When there are multiple defendants, the named plaintiff must establish
28  standing with respect to each defendant."); *Lucas v. BMS Enters., Inc.*, No. 09-cv-2159, 2010 WL
  2671305, at *2 (N.D. Tex. Jul. 1, 2010) (same).

4

1

2

### 3.   Plaintiffs Cannot Establish Standing Based On Vague Allegations That Do Not Allege A "Concrete and Particularized" Injury.

3

4   To establish standing, a plaintiff must allege a "concrete and particularized" injury, and

5   assert, at the pleading stage, "specific facts sufficient to satisfy all of the elements of standing for

6   each claim he seeks to press." *See Schimer v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817,

7   821 (9th Cir. 2002). Indeed, "[a] federal court is powerless to create its own jurisdiction by

8   embellishing otherwise deficient allegations of standing." *Whitmore v. Arkansas*, 495 U.S. 149,

9   155-56 (1990). As the Supreme Court observed, "each element must be supported in the same way

10   as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree

11   of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561. In this

12   respect, "[t]he standards used to resolve motions to dismiss under Rule 12(b)(6) are relevant to

13   disposition of a facial attack under 12(b)(1)," and dismissal is appropriate "where the complaint

14   lacks sufficient facts to support a cognizable legal theory." *Coalition for Sustainable Delta v.*

15   *F.E.M.A.*, 711 F. Supp. 2d 1152, 1158 (E.D. Cal. 2010) (internal citations omitted); *see also McCarn*

16   *v. HSBC USA, Inc.*, No. 1:12-CV-00375 LJO, 2012 WL 7018363, at *3 (E.D. Cal. May 29, 2012).

17   Threadbare allegations are insufficient, as a matter of law, and cannot be the basis upon

18   which Plaintiffs establish Article III standing, as they state no cognizable "injury-in-fact" that

19   occurred in the state in question. *See Lujan*, 504 U.S. at 560. Indeed, with respect to wage-and-hour

20   claims, plaintiffs who have not alleged a cognizable injury as a matter of law, and have failed to

21   show that they have been injured while performing work for a defendant in a given state, lack

22   standing to bring that claim. *See Rosales v. El Rancho Farms*, No. 1:09-cv-00707-AWI-JLT, 2012

23   WL 292977, at *9 (E.D. Cal. Jan. 31, 2012) (finding that putative class representatives lacked

24   standing to bring unpaid rest break claims because they failed to establish that they performed the

25   work in question, and "Plaintiffs bear the burden of proof on the issue of standing." ). In order to

26   plead a cognizable claim for unpaid overtime, the Ninth Circuit has held that a plaintiff who fails to

27   allege the length and frequency of unpaid work or compensation owed in a given week fails to state

28   a claim for relief. *See Landers v. Quality Communs., Inc.*, 771 F.3d 638, 646 (9th Cir. 2014), *cert.*

*denied*, No. 14-969, 2015 WL 569003 (U.S. Apr. 20, 2015).

Here, Plaintiffs attempt to assert certain state law claims against Defendants based solely on the allegation that Plaintiffs performed "uncompensated winter off-season work" in that state.  (*See* Compl. ¶ 503.)  Plaintiffs allege merely that they "performed work for the [Defendant Club or Clubs for whom they played]…during the off-seasons"—but without reference to the number of hours they allegedly "worked" per week, the number of workweeks, months or even years in which they purport to have "worked" (*see, e.g.*, Compl. ¶ 446)—and such generalized allegations fail to state a claim for unpaid minimum wage or overtime.  *See Landers*, 771 F.3d at 646.  Moreover, Plaintiffs' vague and undetailed references to the locations where they purport to have performed the "work" in question—*e.g.*, "usually in California," or "spent much of his off-seasons in California, though he also spent some time in New York," or "mostly in California" or "often in California but also in Arizona during the later years of his career" (*see id.* ¶¶ 238, 360, 446)—are insufficient to establish, at the pleading stage, that the Plaintiffs have a cognizable claim for relief under the particular state laws in question.[9]  *See Landers*, 771 F.3d at 644-45 (generalized allegations asserting wage-and-hour violations are insufficient to state a claim).

### III.   NUMEROUS FEDERAL AND STATE LAW CLAIMS ASSERTED AGAINST THE DEFENDANT CLUBS SHOULD BE DISMISSED BECAUSE OF THE ABSENCE OF A NAMED PLAINTIFF WITH STANDING TO ASSERT SUCH CLAIMS AGAINST THOSE CLUBS.

As discussed above, the Complaint seeks relief for alleged violations of the wage-and-hour laws of Arizona, California, Florida, Maryland, New York, North Carolina, Oregon, and Pennsylvania (and the FLSA) on behalf of 34 Plaintiffs against "all Defendants."  (Compl. ¶¶ 489-661.)  Each state law cause of action is asserted *only* on behalf of the "Class Representatives" for each putative state law class.  (*Id.*)  These "Class Representatives" are a narrow subset of the 34 Named Plaintiffs who claim to have suffered injury in the applicable state during their employment by a Defendant Club or Clubs for whom they played minor league baseball—but ***not*** every

---

[9]      Even if the Court were to conclude that Plaintiffs have standing based on the allegations surrounding their claims for alleged offseason work, that determination has no bearing on the PJ Motion pending before the Court, because any such claims do not arise out of Defendants' contacts with the forum and is simply a function of where Plaintiffs voluntarily chose to reside.  (*See* Dkt. Nos. 115, 129, 281, 285, 319, 320, 368.)

6

1    Defendant Club and *not* in every state in which a claim is alleged.  (*Id.* ¶¶ 96, 99, 101, 103, 105, 107,

2    109, 111.)

3           Plaintiffs lack standing for the following reasons:  First, Named Plaintiffs, who claim they

4    worked in a particular state and purport to represent a putative state law class on that basis, assert

5    claims under that state's laws against *all* Defendant Clubs, even though they do not allege that they

6    were ever employed by more than one or two of the Defendant Clubs.  Second, Named Plaintiffs,

7    who claim that they worked for a particular Defendant Club, do not allege that they worked in the

8    particular state whose wage-and-hour laws they seek to invoke, on behalf of themselves and a

9    putative class.  Third, in certain instances, Named Plaintiffs' only basis for bringing a claim against a

10   particular Club under state law is that they performed off-season "work" in that state, but those

11   Plaintiffs have fallen far short of alleging facts sufficient to establish standing.

12          Accordingly, portions of the Complaint, as set forth below, should be dismissed as to each

13   Defendant Club.

14       **1.    Arizona Diamondbacks—California, Florida, Maryland, New York,
             North Carolina, Oregon and Pennsylvania State Law Claims Should Be
15           Dismissed.**

16          The only Named Plaintiffs who allege to have played for the Arizona Diamondbacks are

17   Roberto Ortiz and Matt Gorgen.  (*See* Compl. ¶¶ 19-52.)  Ortiz and Gorgen do not allege that they

18   performed any services for the Diamondbacks in Florida, Maryland,[10] New York, North Carolina,

19   Oregon or Pennsylvania.  (*See id.* ¶¶ 405-13, 441-49.)  Although Gorgen also purports to represent

20   the California Class against the Diamondbacks based only on alleged "work" performed "during the

21   off-season, usually in California," (*id.* ¶ 446) he lacks standing because these allegations are

22   insufficient as a matter of law.  *See* Section II.3, *supra.*  Because there are no Named Plaintiffs with

23   standing to bring wage-and-hour claims against the Arizona Diamondbacks under the laws of

24

25

---

26   [10]    Ortiz purports to represent the Florida and Maryland Classes based on alleged "work"
     performed for the Baltimore Orioles.  (*See* Compl. ¶¶ 43, 407.)  Gorgen purports to represent the
27   New York and Florida Classes based on alleged "work" performed for the Tampa Bay Rays.  (*See
     id.* ¶¶ 442, 445.)

28

7

California, Florida, Maryland, New York, North Carolina, Oregon or Pennsylvania, Counts 3-12 and 16-31 should be dismissed as against the Diamondbacks for lack of subject matter jurisdiction.

### 2.   Atlanta Braves—Arizona, California, Florida, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed.

The only Named Plaintiff who alleges to have played for the Atlanta Braves is Matt Frevert. (*See* Compl. ¶¶ 19-52.)  Based on his allegations, Frevert has no standing to bring any state law claims against the Braves because he does not allege that he worked for the Braves in Arizona, California, Florida,[11] Maryland, New York, North Carolina, Oregon, or Pennsylvania.  (*See id.* ¶¶ 396-404.)   Because there are no Named Plaintiffs with standing to bring wage-and-hour claims against the Atlanta Braves under the laws of Arizona, California, Florida, Maryland, New York, North Carolina, Oregon or Pennsylvania, Counts 3-31 should be dismissed as against the Braves for lack of subject matter jurisdiction.

### 3.   Baltimore Orioles—Arizona, California, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed.

The only Named Plaintiff who alleges to have played for the Baltimore Orioles is Roberto Ortiz.  (*See* Compl. ¶¶ 19-52.)  Ortiz does not allege that he performed any services for the Orioles in Arizona,[12] California, New York, North Carolina, Oregon or Pennsylvania.  (*See id.* ¶¶ 406-13.) Because there are no Named Plaintiffs with standing to bring wage-and-hour claims against the Baltimore Orioles under the laws of Arizona, California, New York, North Carolina, Oregon or Pennsylvania, Counts 3-10, 13-25 and 29-31 should be dismissed as against the Orioles for lack of subject matter jurisdiction.

---

[11]     Frevert purports to represent the Florida Class based on alleged "work" performed for the St. Louis Cardinals.  (*See* Compl. ¶¶ 397, 400.)

[12]     Ortiz purports to represent the Arizona Class based on alleged "work" performed for the Arizona Diamondbacks.  (*See* Compl. ¶¶ 406, 409.)

4. **Boston Red Sox—Arizona, California, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed.**

The only Named Plaintiff who alleges to have played for the Boston Red Sox is Ryan Khoury.  (*See* Compl. ¶¶ 19-52.)  Khoury does not allege that he performed any services for the Red Sox in Arizona, California, Maryland, New York,[13] North Carolina, Oregon or Pennsylvania.  (*See id.* ¶¶ 322-31.)  Because there are no Named Plaintiffs with standing to bring wage-and-hour claims against the Boston Red Sox under the laws of Arizona, California, Maryland, New York, North Carolina, Oregon or Pennsylvania, Counts 3-10 and 13-31 should be dismissed as against the Red Sox for lack of subject matter jurisdiction.

5. **Chicago Cubs—California, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed.**

The only Named Plaintiff who alleges to have played for the Chicago Cubs is Jake Opitz.  (*See* Compl. ¶¶ 19-52.)  Opitz does not allege that he performed any services for the Cubs in California, Maryland, New York, North Carolina, Oregon or Pennsylvania.  (*See id.* ¶¶ 458-66.)  Because there are no Named Plaintiffs with standing to bring wage-and-hour claims against the Chicago Cubs under the laws of California, Maryland, New York, North Carolina, Oregon or Pennsylvania, Counts 3-10 and 16-31 should be dismissed as against the Cubs for lack of subject matter jurisdiction.

6. **Chicago White Sox—Arizona, California, Florida, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed.**

The only Named Plaintiff who alleges to have played for the Chicago White Sox is Jon Gaston.  (*See* Compl. ¶¶ 19-52.)  Based on his allegations, Gaston has no standing to bring any state law claims against the White Sox because he does not allege that he performed any services for the White Sox in Arizona, California, Florida, Maryland, New York,[14] North Carolina, Oregon or

---

[13]     Although Khoury purports to represent the New York Class, he has not alleged that he performed any "work" for the Red Sox or for any Club in New York.  (*See* Compl. ¶¶ 33, 322-31.)

[14]     Gaston purports to represent the Arizona, Florida and New York Classes based on alleged "work" performed for the Houston Astros.  (*See* Compl. ¶¶ 36, 350, 353.)

9

1   Pennsylvania.  (*See id.* ¶¶ 349-56.)  Because there are no Named Plaintiffs with standing to bring

2   wage-and-hour claims against the Chicago White Sox under the laws of Arizona, California, Florida,

3   Maryland, New York, North Carolina, Oregon or Pennsylvania, Counts 3-31 should be dismissed as

4   against the White Sox for lack of subject matter jurisdiction.

5              **7.    Cincinnati Reds—Maryland, New York, North Carolina, Oregon and**
                       **Pennsylvania State Law Claims Should Be Dismissed.**
6

7          The only Named Plaintiffs who allege to have played for the Cincinnati Reds are Ryan Kiel

8   and Jake Kahaulelio.  (*See* Compl. ¶¶ 19-52.)  Neither Kiel nor Kahaulelio alleges that he performed

9   any services for the Reds in Maryland, New York, North Carolina,[15] Oregon or Pennsylvania.  (*See*

10  *id.* ¶¶ 268-76, 314-21.)  Because there are no Named Plaintiffs with standing to bring wage-and-hour

11  claims against the Cincinnati Reds under the laws of Maryland, New York, North Carolina, Oregon

12  or Pennsylvania, Counts 16-31 should be dismissed as against the Reds for lack of subject matter

13  jurisdiction.

14             **8.    Cleveland Indians—California, Florida, Maryland, New York, North**
                       **Carolina, Oregon and Pennsylvania State Law Claims Should Be**
15                     **Dismissed.**

16

17         The only Named Plaintiff who alleges to have played for the Cleveland Indians is Matt

18  Lawson.  (*See* Compl. ¶¶ 19-52.)  Lawson does not allege that he performed any services for the

19  Indians in California, Florida, Maryland, New York, North Carolina, Oregon or Pennsylvania.  (*See*

20  *id.* ¶¶ 249-59.)  Because there are no Named Plaintiffs with standing to bring wage-and-hour claims

21  against the Cleveland Indians under the laws of California, Florida, Maryland, New York, North

22  Carolina, Oregon or Pennsylvania, Counts 3-12 and 16-31 should be dismissed as against the Indians

23  for lack of subject matter jurisdiction.

24

25

26  _____

27  [15]    Although Kahaulelio alleges to have performed services for the Reds in Zebulon, North
    Carolina in 2009, 2010 and 2011 (*see* Compl. ¶ 315), any claim for such alleged "work" is time-
28  barred under North Carolina law.  *See* N.C. Gen. Stat. § 95-25.22; Compl. ¶ 102.

1

2

### 9.   Colorado Rockies—Florida, Maryland, New York, Oregon and Pennsylvania State Law Claims Should Be Dismissed.

3

4    The only Named Plaintiffs who allege to have played for the Colorado Rockies are Brad

5    McAtee and Craig Bennigson.  (*See id.* ¶¶ 19-52.)  McAtee and Bennigson do not allege that they

6    performed services for the Rockies in Florida, Maryland, Oregon or Pennsylvania.  (*See id.* ¶¶ 235-

7    48.)  Although McAtee also purports to represent the New York Class against the Rockies based

8    only on the allegation that he "performed significant off-season training without being paid" and

9    "spent some time in New York," (*id.* ¶ 238) he lacks standing because these allegations are

10   insufficient as a matter of law.  *See* Section II.3, *supra.*  Because there are no Named Plaintiffs with

11   standing to bring wage-and-hour claims against the Colorado Rockies under the laws of Florida,

12   Maryland, New York, Oregon or Pennsylvania, Counts 11-12 and 19-31 should be dismissed as

13   against the Rockies for lack of subject matter jurisdiction.

### 10.   Detroit Tigers—Arizona, California, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed.

14

15

16   The only Named Plaintiff who alleges to have played for the Detroit Tigers is Les Smith.

17   (*See* Compl. ¶¶ 19-52.)  Smith does not allege that he performed any services for the Tigers in

18   Arizona, California, Maryland, New York, North Carolina, Oregon or Pennsylvania.  (*See id.*

19   ¶¶ 373-80.)  Because there are no Named Plaintiffs with standing to bring wage-and-hour claims

20   against the Detroit Tigers under the laws of Arizona, California, Maryland, New York, North

21   Carolina, Oregon or Pennsylvania, Counts 3-10 and 13-31 should be dismissed as against the Tigers

22   for lack of subject matter jurisdiction.

### 11.   Houston Astros—Arizona, California, Maryland, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed.

23

24

25   The only Named Plaintiff who alleges to have played for the Houston Astros is Jon Gaston.

26   (*See* Compl. ¶¶ 19-52.)  Gaston does not allege that he performed any services for the Astros in

27   Arizona,[16] California,[17]  Maryland, North Carolina, Oregon or Pennsylvania. (*See id.* ¶¶ 349-56.)

28

---

[16]      Gaston purports to represent the Arizona Class; however, he has not alleged to have
performed any services for the Astros in Arizona.  (*Id.* ¶¶ 349-56.)

11

Because there are no Named Plaintiffs with standing to bring wage-and-hour claims against the Houston Astros under the laws of Arizona, California, Maryland, North Carolina, Oregon or Pennsylvania, Counts 3-10, 13-18 and 23-31 should be dismissed as against the Astros for lack of subject matter jurisdiction.

### 12. Kansas City Royals—California, Florida, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed.

The only Named Plaintiff who alleges to have played for the Kansas City Royals is Michael Liberto.  (*See* Compl. ¶¶ 19-52.)  Liberto does not allege that he performed any services for the Royals in California, Florida, Maryland, New York, North Carolina,[18] Oregon or Pennsylvania.  (*See id.* ¶¶ 209-21.)  Because there are no Named Plaintiffs with standing to bring wage-and-hour claims against the Kansas City Royals under the laws of California, Florida, Maryland, New York, North Carolina, Oregon or Pennsylvania, Counts 3-12 and 16-31 should be dismissed as against the Royals for lack of subject matter jurisdiction.

### 13. Los Angeles Angels of Anaheim—Florida, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed.

The only Named Plaintiff who alleges to have played for the Los Angeles Angels of Anaheim is Aaron Meade.  (*See* Compl. ¶¶ 19-52.)  Meade does not allege that he performed any services for the Angels in Florida, Maryland, New York, North Carolina, Oregon or Pennsylvania.  (*See id.* ¶¶ 299-305.)  Because there are no Named Plaintiffs with standing to bring wage-and-hour claims against the Los Angeles Angels of Anaheim under the laws of Florida, Maryland, New York, North Carolina, Oregon or Pennsylvania, Counts 11-12 and 16-31 should be dismissed as against the Angels for lack of subject matter jurisdiction.

---

[17]      Although Gaston also alleges that he "worked at the Astros' affiliate…[during] the 2009 season in Lancaster, California" (*see* Compl. ¶ 350), any claim for such alleged "work" is time-barred under California law.  *See* Cal. Bus. & Prof. Code § 17208; Compl. ¶ 95.

[18]      Although Liberto alleges to have performed services for the Royals in Burlington, North Carolina in 2010 (*see* Compl. ¶ 213), any claim for such alleged "work" is time-barred under North Carolina law.  *See* N.C. Gen. Stat. § 95-25.22; Compl. ¶ 102.

12

**14.     Los Angeles Dodgers—California, Florida, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed.**

The only Named Plaintiff who alleges to have played for the Los Angeles Dodgers is Joseph Newby.  (*See* Compl. ¶¶ 19-52.)  Newby does not allege that he performed any services for the Dodgers in California,[19]  Florida, Maryland, New York, North Carolina, Oregon or Pennsylvania.  (*See id.* ¶¶ 381-89.)  Because there are no Named Plaintiffs with standing to bring wage-and-hour claims against the Los Angeles Dodgers under the laws of California, Florida, Maryland, New York, North Carolina, Oregon or Pennsylvania, Counts 3-12 and 16-31  should be dismissed as against the Dodgers for lack of subject matter jurisdiction.

**15.     Miami Marlins—Arizona, California, Maryland, Oregon and Pennsylvania State Law Claims Should Be Dismissed.**

The only Named Plaintiffs who allege to have played for the Miami Marlins are Aaron Senne and Brad Stone.  (*See* Compl. ¶¶ 19-52.)  Senne and Stone do not allege that they performed any services for the Marlins in Arizona, California, Maryland, Oregon or Pennsylvania.  (*See id.* ¶¶ 194-208, 284-91.)  Because there are no Named Plaintiffs with standing to bring wage-and-hour claims against the Miami Marlins under the laws of Arizona, California, Maryland, Oregon or Pennsylvania, Counts 3-10, 13-15 and 23-31 should be dismissed as against the Marlins for lack of subject matter jurisdiction.

**16.     Milwaukee Brewers—California, Florida, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed.**

The only Named Plaintiff who alleges to have played for the Milwaukee Brewers is Daniel Britt.  (*See* Compl. ¶¶ 19-52.)  Britt does not allege that he performed any services for the Brewers in California, Florida, Maryland, New York, Oregon or Pennsylvania.  (*See id.* ¶¶ 467-74.)  Although Britt alleges that he "performed work for the Brewers during the off-seasons, usually in North Carolina," (*id.* ¶ 471) he lacks standing to bring a claim against the Brewers under North Carolina's

---

[19]     Newby purports to represent the California Class based on alleged "work" performed for the Seattle Mariners.  (*Id.* ¶¶ 40, 382.)

13

wage-and-hour laws because these allegations are insufficient as a matter of law.  *See* Section II.3, *supra*.  Because there are no Named Plaintiffs with standing to bring wage-and-hour claims against the Milwaukee Brewers under the laws of California, Florida, Maryland, New York, North Carolina, Oregon or Pennsylvania, Counts 3-12 and 16-31 should be dismissed as against the Brewers for lack of subject matter jurisdiction.

### 17.   Minnesota Twins—Arizona, California, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed.

The only Named Plaintiff who alleges to have played for the Minnesota Twins is Brandon Henderson.  (*See* Compl. ¶¶ 19-52.)  Henderson does not allege that he performed any services for the Twins in Arizona, Maryland, New York, North Carolina, Oregon or Pennsylvania.  (*See id.* ¶¶ 357-63.)  Although Henderson also purports to represent the California Class against the Twins based only on alleged "work" performed "during the off-season, mostly in California," (*id.* ¶ 360) he lacks standing because these allegations are insufficient as a matter of law.  *See* Section II.3, *supra*. Because there are no Named Plaintiffs with standing to bring wage-and-hour claims against the Minnesota Twins under the laws of Arizona, California, Maryland, New York, North Carolina, Oregon or Pennsylvania, Counts 3-10 and 13-31 should be dismissed as against the Twins for lack of subject matter jurisdiction.

### 18.   New York Mets—Arizona, California, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed.

The only Named Plaintiff who alleges to have played for the New York Mets is Ryan Hutson.  (*See* Compl. ¶¶ 19-52.)  Hutson does not allege that he performed any services for the Mets in Arizona, California, Maryland, New York, North Carolina, Oregon or Pennsylvania.  (*See id.* ¶¶ 390-95.)  Because there are no Named Plaintiffs with standing to bring wage-and-hour claims against the New York Mets under the laws of Arizona, California, Maryland, New York, North Carolina, Oregon or Pennsylvania, Counts 3-10 and 13-31 should be dismissed as against the Mets for lack of subject matter jurisdiction.

14

19. **New York Yankees—FLSA, Arizona, California, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed.**

The only Named Plaintiff who alleges to have played for the New York Yankees is Mitch Hilligoss.  (*See* Compl. ¶¶ 19-52.)  Hilligoss does not allege that he performed any services for the Yankees in Arizona, California,[20] Maryland, New York,[21] Oregon or Pennsylvania. (*See id.* ¶¶ 431-40.)  Although Hilligoss purports to represent the Minor League Collective, his FLSA claims against the Yankees are untimely because he ceased providing any services to the Yankees in January 2010, more than three years prior to the date he filed his consent to join this lawsuit on April 15, 2014. (*See* Dkt. No. 34; 29 U.S.C. § 255(a); *see* Compl. ¶ 432.)  Because there are no Named Plaintiffs with standing to bring wage-and-hour claims against the New York Yankees under the FLSA and the laws of Arizona, California, Maryland, New York, North Carolina, Oregon or Pennsylvania, Counts 1-10 and 13-31 should be dismissed as against the Yankees for lack of subject matter jurisdiction.

20. **Oakland Athletics—Florida, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed.**

The only Named Plaintiffs who allege to have played for the Oakland Athletics are Justin Murray and Joseph Newby.  (*See* Compl. ¶¶ 19-52.)  Newby alleges to have performed services for the Athletics from June 2004 to May 2007, which is outside of any governing limitations period in this lawsuit, and thus he has no standing to bring any state or federal claim against the Athletics. (*See id.* ¶ 381.)  Murray does not allege that he performed any services for the Athletics in Florida, Maryland, New York, North Carolina, Oregon or Pennsylvania.  (*See id.* ¶¶ 306-13, 381-89.) Because there are no Named Plaintiffs with standing to bring wage-and-hour claims against the Oakland Athletics under the laws of Florida, Maryland, New York, North Carolina, Oregon or

---

[20]    Hilligoss purports to represent the Arizona and California Classes based on alleged "work" performed for the Texas Rangers. (*Id.* ¶ 433.)

[21]    Although Hilligoss alleges that he "worked the 2006 season at the Yankees' affiliate in Staten Island [New York]" (*see* Compl. ¶ 432),  any claim for such "work" is time-barred under New York law.  *See* N.Y. Lab. Law § 198; Compl. ¶¶ 104-05.

15

Pennsylvania, Counts 11-12 and 16-31 should be dismissed as against the Athletics for lack of subject matter jurisdiction.

### 21. Philadelphia Phillies—Arizona, California, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed.

The only Named Plaintiffs who allege to have played for the Philadelphia Phillies are Witer Jimenez and Jake Opitz.  (*See* Compl. ¶¶ 19-52.)  Neither Jimenez nor Opitz alleges that he performed any services for the Phillies in California, Maryland, New York, North Carolina or Oregon.  (*See id.* ¶¶ 414-21, 458-66.)  Although Opitz also purports to represent the Arizona Class against the Phillies based only on alleged "work" performed "during the off-seasons…sometimes in…Arizona," (*id.* ¶ 463) he lacks standing because these allegations are insufficient as a matter of law.  *See* Section II.3, *supra*.  Moreover, neither Opitz nor Jimenez purports to represent the Pennsylvania class or asserts claims under Pennsylvania's wage-and-hour laws.  (*See id.* ¶¶ 44, 49, 107, 608-25.)  Because there are no Named Plaintiffs with standing to bring wage-and-hour claims against the Philadelphia Phillies under the laws of Arizona, California, Maryland, New York, North Carolina, Oregon or Pennsylvania, Counts 3-10 and 13-31 should be dismissed as against the Phillies for lack of subject matter jurisdiction.

### 22. Pittsburgh Pirates—Arizona, California, Maryland, New York, North Carolina and Oregon State Law Claims Should Be Dismissed.

The only Named Plaintiff who alleges to have played for the Pittsburgh Pirates is Kris Watts. (*See* Compl. ¶¶ 19-52.)  Watts does not allege that he performed any services for the Pirates in Maryland, New York,[22] North Carolina[23] or Oregon.  (*Id.* ¶¶ 422-30.)  Although Watts also purports to represent the Arizona and California Classes against the Pirates based only on alleged "work" performed "during the off-seasons, often in California but also in Arizona during the later years of

---

[22]     Watts purports to represent the New York Class based on alleged "work" performed for the Washington Nationals.  (*Id.* ¶ 424.)

[23]     Although Watts alleges that he "worked" for the Nationals' affiliate in North Carolina in 2007 (*see* Compl. ¶ 423), any claim for such "work" is time-barred under North Carolina law.  *See* N.C. Gen. Stat. § 95-25.22; Compl. ¶ 102.

1    his career," (*id.* ¶ 427) he lacks standing because these allegations are insufficient as a matter of law.

2    *See* Section II.3, *supra*.  Because there are no Named Plaintiffs with standing to bring wage-and-

3    hour claims against the Pittsburgh Pirates under the laws of Arizona, California, Maryland, New

4    York, North Carolina or Oregon, Counts 3-10, 13-22 and 26-31 should be dismissed as against the

5    Pirates for lack of subject matter jurisdiction.

6                **23.    San Diego Padres—Florida, Maryland, New York, North Carolina,
                           Oregon and Pennsylvania State Law Claims Should Be Dismissed.**
7

8            The only Named Plaintiff who alleges to have played for the San Diego Padres is Dustin

9    Pease.  (*See* Compl. ¶¶ 19-52.)  Pease does not allege that he performed any services for the Padres

10   in Florida, New York, North Carolina, Oregon or Pennsylvania.  (*See id.* ¶¶ 332-40.)  Although

11   Pease alleges that he "performed work for the Padres during the off-seasons, mostly in Maryland,"

12   (*id.* ¶ 335) he lacks standing to bring a claim against the Padres under Maryland's wage-and-hour

13   laws because these allegations are insufficient as a matter of law.  *See* Section II.3, *supra*.  Because

14   there are no Named Plaintiffs with standing to bring wage-and-hour claims against the San Diego

15   Padres under the laws of Florida, Maryland, New York, North Carolina, Oregon or Pennsylvania,

16   Counts 11-12 and 16-31 should be dismissed as against the Padres for lack of subject matter

17   jurisdiction.

18               **24.    San Francisco Giants—Florida, Maryland, New York, North Carolina
                          and Pennsylvania State Law Claims Should Be Dismissed.**
19

20           The only Named Plaintiffs who allege to have played for the San Francisco Giants are Oliver

21   Odle, Kyle Nicholson, Kyle Woodruff, Joel Weeks and Gaspar Santiago.  (*See* Compl. ¶¶ 19-52.)

22   Neither Odle, Nicholson, Woodruff, Weeks nor Santiago alleges that he performed any services for

23   the Giants in Florida, Maryland, New York, North Carolina or Pennsylvania.  (*See id.* ¶¶ 222-34,

24   260-67, 277-83, 475-88.)  Because there are no Named Plaintiffs with standing to bring wage-and-

25   hour claims against the San Francisco Giants under the laws of Florida, Maryland, New York, North

26   Carolina or Pennsylvania, Counts 11-12 and 16-29 should be dismissed as against the Giants for lack

27   of subject matter jurisdiction.

28

NOTICE OF MOTION AND MOTION TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT IN PART
FOR LACK OF SUBJECT MATTER JURISDICTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

25. **Seattle Mariners—California, Florida, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed.**

The only Named Plaintiffs who allege to have played for the Seattle Mariners are Ryan Kiel, Joseph Newby and Matt Lawson.  (*See* Compl. ¶¶ 19-52.)  Neither Kiel, Newby[24] nor Lawson alleges that he performed any services for the Mariners in Florida,[25] Maryland, New York, North Carolina, Oregon or Pennsylvania.  (*See id.* ¶¶ 249-58, 268-76, 381-89.)  Although Kiel also purports to represent the California Class against the Mariners based only on alleged "work" performed "during the off-seasons, mostly in Los Gatos, California," (*id.* ¶ 273) he lacks standing because these allegations are insufficient as a matter of law.  *See* Section II.3, *supra*.  Newby purports to represent the California Class for alleged services rendered to the Mariners in California during the 2009 championship season, however, that claim is time-barred.  *See* Cal. Bus. & Prof. Code § 17208; Compl. ¶¶ 95, 382.  Because there are no Named Plaintiffs with standing to bring wage-and-hour claims against the Seattle Mariners under the laws of California, Florida, Maryland, New York, North Carolina, Oregon or Pennsylvania, Counts 3-12 and 16-31 should be dismissed as against the Mariners for lack of subject matter jurisdiction.

26. **St. Louis Cardinals—Arizona, California, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed.**

The only Named Plaintiffs who allege to have played for the St. Louis Cardinals are Jeff Nadeau and Matt Frevert.  (*See* Compl. ¶¶ 19-52.)  Neither Nadeau nor Frevert alleges that he performed any services for the Cardinals in California, Maryland, New York, North Carolina Oregon or Pennsylvania.  (*See id.* ¶¶ 341-48, 396-404.)  Although Nadeau alleges that he "performed work for the Cardinals during the off-seasons…in Arizona," (*id.* ¶ 344) he lacks standing to bring a claim

---

[24]    Although Newby purports to represent the Minor League Collective, his FLSA claims against the Mariners are untimely because he ceased providing any services to the Mariners in November 2009, more than three years prior to the date he filed his consent to join this lawsuit on April 15, 2014.  (*See* Dkt. No. 34; 29 U.S.C. § 255(a); *see* Compl. ¶ 382.)

[25]    Kiel purports to represent the Florida Class; however, he has not alleged to have performed any services for the Mariners or any Club in Florida.  (*Id.* ¶¶ 26, 268-76.)

18

against the Cardinals under Arizona's wage-and-hour laws because these allegations are insufficient as a matter of law. *See* Section II.3, *supra*. Because there are no Named Plaintiffs with standing to bring wage-and-hour claims against the St. Louis Cardinals under the laws of Arizona, California, Maryland, New York, North Carolina, Oregon or Pennsylvania, Counts 3-10 and 13-31 should be dismissed as against the Cardinals for lack of subject matter jurisdiction.

### 27.    Tampa Bay Rays—FLSA, Arizona, California, Maryland, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed.

The only Named Plaintiff who alleges to have played for the Tampa Bay Rays is Matt Gorgen. (*See* Compl. ¶¶ 19-52.) Gorgen does not allege that he performed any services for the Rays in Arizona,[26] Maryland, North Carolina, Oregon or Pennsylvania. (*See id.* ¶¶ 441-49.) Although Gorgen also purports to represent the California Class against the Rays based on alleged "work" performed "during the off-season, usually in California," (*id.* ¶ 446) he lacks standing because these allegations are insufficient as a matter of law. *See* Section II.3, *supra*. In any event, because the latest Gorgen could have possibly performed any offseason "work" was during the 2010 offseason, which concluded no later than March 1, 2010, his claims for alleged offseason training "work" in California are also time-barred.[27] In addition, Gorgen seeks to represent the Minor League Collective, however, his FLSA claims against the Rays are untimely because he ceased providing any services to the Rays in September 2010, more than three years prior to the date he filed his consent to join this lawsuit on March 19, 2015. (*See* Dkt. No. 366; 29 U.S.C. § 255(a); *see* Compl. ¶ 442.) Because there are no Named Plaintiffs with standing to bring wage-and-hour claims against the Tampa Bay Rays under the FLSA and the laws of Arizona, California, Maryland, North Carolina, Oregon or Pennsylvania, Counts 1-10, 13-18 and 23-31 should be dismissed as against the Rays for lack of subject matter jurisdiction.

---

[26]    Gorgen purports to represent the Arizona Class based on alleged "work" performed for the Arizona Diamondbacks. (*See* Compl. ¶¶ 47, 443, 445.)

[27]    Whether Gorgen's claims are considered as of the date Plaintiffs added the Tampa Bay Rays as Defendants (*see* Dkt. 57, May 16, 2014) or the date he filed his consent to join this lawsuit (*see* Dkt. 366-1, March 19, 2015), any claims for 2010 offseason training are time-barred under California's four-year statute of limitations. *See* Cal. Civ. Proc. Code § 338(a).

**28.     Texas Rangers—Florida, Maryland, New York, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed.**

The only Named Plaintiffs who allege to have played for the Texas Rangers are Mitch Hilligoss and Matt Lawson.  (*See* Compl. ¶¶ 19-52.)  Neither Hilligoss nor Lawson[28] alleges that he performed any services for the Rangers in Florida,[29] Maryland, New York, North Carolina, Oregon or Pennsylvania.  (*See id.* ¶¶ 249-59, 431-40.)  Because there are no Named Plaintiffs with standing to bring wage-and-hour claims against the Texas Rangers under the laws of Florida, Maryland, New York, North Carolina, Oregon or Pennsylvania, Counts 11-12 and 16-31 should be dismissed as against the Rangers for lack of subject matter jurisdiction.

**29.     Toronto Blue Jays—Arizona, California, Maryland, North Carolina, Oregon and Pennsylvania State Law Claims Should Be Dismissed.**

The only Named Plaintiff who alleges to have played for the Toronto Blue Jays is Matt Daly. (*See* Compl. ¶¶ 19-52.)  Daly does not allege that he performed any services for the Blue Jays in Arizona, Maryland, North Carolina, Oregon or Pennsylvania.  (*See id.* ¶¶ 292-98.)  Although Daly also purports to represent the California Class against the Blue Jays based only on alleged "work" performed "during the off-seasons, mostly in California…" (*id.* ¶ 295) he lacks standing because these allegations are insufficient as a matter of law.  *See* Section II.3, *supra.*  Because there are no Named Plaintiffs with standing to bring wage-and-hour claims against the Toronto Blue Jays under the laws of Arizona, California, Maryland, New York, North Carolina, Oregon or Pennsylvania, Counts 3-10, 13-18 and 23-31 should be dismissed as against the Blue Jays for lack of subject matter jurisdiction.

---

[28]     Lawson seeks to represent the Minor League Collective; however, his FLSA claims against the Rangers are untimely because he ceased providing any services to the Rangers in July 2010, more than three years prior to the date he filed his consent to join this lawsuit on March 10, 2014. (*See* Dkt. No. 20; 29 U.S.C. § 255(a); *see* Compl. ¶ 251.)  Similarly, Lawson has no standing to bring claims under Arizona law against the Rangers because his claims are untimely.  (*See* Compl. ¶ 254; Ariz. Rev. Stat. § 23-364(H).)

[29]     Hilligoss purports to represent the Florida Class based on alleged "work" performed for the New York Yankees.  (*See* Compl. ¶ 432, 435-36.)

**30.    Washington Nationals—Arizona, California, North Carolina and Oregon State Law Claims Should Be Dismissed.**

The only Named Plaintiffs who allege to have played for the Washington Nationals are Tim Pahuta, Kris Watts and Brett Newsome.  (*See* Compl. ¶¶ 19-52.)  Neither Pahuta, Watts nor Newsome alleges that he performed any services for the Nationals in North Carolina or Oregon. (*See id.* ¶¶ 364-72, 422-30, 450-57.)  Although Watts also purports to represent the Arizona and California Classes against the Nationals based only alleged "work" performed "during the off-season, often in California, but also in Arizona during the later years of his career," (*id.* ¶ 436) he lacks standing because these allegations are insufficient as a matter of law.  *See* Section II.3, *supra*. Because there are no Named Plaintiffs with standing to bring wage-and-hour claims against the Washington Nationals under the laws of Arizona, California, North Carolina or Oregon, Counts 3-10, 13-18 and 29-31 should be dismissed as against the Nationals for lack of subject matter jurisdiction.

**IV.    <u>CONCLUSION</u>**

As demonstrated above, this Court lacks subject matter jurisdiction with respect to many of the state law causes of action pled in the Consolidated Amended Complaint against the Defendant Clubs because the Named Plaintiffs lack standing to bring such claims.  Accordingly, Defendants respectfully request that the Court should grant the instant motion to dismiss for lack of subject matter jurisdiction and dismiss from this case the specific state law claims enumerated above against the particular Defendant Clubs, as set forth in Moving Defendants' Proposed Order filed herewith.


Dated:  May 18, 2015                    PROSKAUER ROSE LLP
                                        ELISE M. BLOOM (*pro hac vice*)
                                        HOWARD L. GANZ
                                        NEIL H. ABRAMSON (*pro hac vice*)
                                        ADAM M. LUPION (*pro hac vice*)
                                        ENZO DER BOGHOSSIAN




                                        By:   */s/ Elise M. Bloom*
                                              Elise M. Bloom
                                              Attorneys for Defendants except Baltimore Orioles
                                              Limited Partnership and Baltimore Orioles, Inc.

1

RIFKIN, WEINER, LIVINGSTON, LEVITAN & SILVER,
LLC

2

M. CELESTE BRUCE

3

4

By:  _/s/ M. Celeste Bruce_
          M. Celeste Bruce
          Attorneys for Defendants Baltimore Orioles Limited
          Partnership and Baltimore Orioles, Inc.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT IN PART
FOR LACK OF SUBJECT MATTER JURISDICTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

**CERTIFICATION OF CONCURRENCE FROM ALL SIGNATORIES**

I, Elise M. Bloom, am the ECF user whose ID and password are being used to file this Motion to Dismiss.  In compliance with N.D. Cal. Civ. L.R. 5-1(i)(3), I hereby attest that I have obtained the concurrence of each signatory to this document.

*/s/ Elise M. Bloom*

ELISE M. BLOOM

NOTICE OF MOTION AND MOTION TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT IN PART FOR LACK OF SUBJECT MATTER JURISDICTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)