UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON SENNE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>KANSAS CITY ROYALS BASEBALL CORP., et al.,<br><br>    Defendants. | Case No.  14-cv-00608-JCS<br><br>**ORDER TO SHOW CAUSE WHY ADMINISTRATIVE MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL IN SUPPORT OF JOINT LETTER BRIEF SHOULD NOT BE DENIED** |

Plaintiffs have filed an Administrative Motion to File Under Seal Certain Documents in Support of Joint Letter Brief Regarding Defendants' Documentary Production and Interrogatory Responses ("Motion"). *See* Docket No. 463. In the Motion, Plaintiffs seek to file under seal deposition excerpts of Shane Turner and Christopher Gwynn on the basis that this testimony was designated as "Confidential" under the parties' Stipulated Protective Order. Pursuant to Civil Local Rule 79-5(e)(1), Defendants filed a declaration in support of the Motion on December 28, 2015. The declaration states, in relevant part, that the redacted portions of the two depositions:

> are . . . entitled to protection under the law because they contain confidential and proprietary information with respect to the manner in which the Designating Parties evaluate baseball players, how they compile those evaluations and the systems where those evaluations are maintained. Such information is not publicly available.

Docket No. 464 (Bloom Decl.) ¶ 7.

Defendants' declaration is not sufficient to meet the "good cause" standard that applies to requests to seal documents filed in connection with discovery disputes. *See In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) ("a particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c) is sufficient to preserve the

secrecy of sealed discovery documents attached to non-dispositive motions"). To meet this standard, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (citations omitted). Where a party demonstrates that particularized harm will result from disclosure of information to the public, the court must balance the public and private interests to decide whether protection from disclosure is necessary. *Id*.

"'[S]ources of business information that might harm a litigant's competitive standing' may often warrant protection under seal." *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 09-CV-01967 CW NC, 2013 WL 1997252, at *1 (N.D. Cal. May 13, 2013) (quoting *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978)). Here, however, the declaration supplied by Defendants does not identify any harm to their competitive standing that will result from public disclosure of the testimony for which protection is sought. Nor does it identify any other specific harm that will result from its disclosure. As a result, the Court is unable to determine whether there is good cause for permitting the deposition excerpts attached to the Motion to be filed under seal.

Defendants may file, no later than **January 6, 2016,** a supplemental declaration in support of the Motion addressing any specific harm that may result from the public disclosure of the information contained in the redacted portions of the Turner and Gwynn deposition excerpts. Otherwise, the Motion will be denied.

**IT IS SO ORDERED.**

Dated: December 30, 2015

JOSEPH C. SPERO
Chief Magistrate Judge

2