# Exhibit H

**PROSKAUER ROSE LLP**
ELISE M. BLOOM (admitted *pro hac vice*)
ebloom@proskauer.com
HOWARD L. GANZ
hganz@proskauer.com
NEIL H. ABRAMSON (admitted *pro hac vice*)
nabramson@proskauer.com
ADAM M. LUPION (admitted *pro hac vice*)
alupion@proskauer.com
RACHEL SANTORO (admitted *pro hac vice*)
rsantoro@proskauer.com
Eleven Times Square
New York, NY 10036
Telephone:   (212) 969-3000
Facsimile:   (212) 969-2900

**PROSKAUER ROSE LLP**
ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:   (310) 557-2900
Facsimile:   (310) 557-2193

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated; | Case No. 3:14-cv-00608-RS (consolidated with 3:14-cv-03289-JCS) |
| Plaintiffs, <br> vs. | **CLASS ACTION** |
| OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL; et al.; | **DEFENDANTS LOS ANGELES DODGERS LLC AND LOS ANGELES DODGERS HOLDING COMPANY LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS** |
| Defendants. | |

1       Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules"),

2 as well as the Local Rules of Practice in Civil Proceedings before the United States District Court

3 for the Northern District of California (the "Civil Local Rules"), Los Angeles Dodgers, LLC and

4 Los Angeles Dodgers Holding Company, LLC (d/b/a "Los Angeles Dodgers") ("Defendant" or

5 "Dodgers") by and through its attorneys, Proskauer Rose LLP, hereby responds and objects to

6 Plaintiffs' First Requests for Admission to Franchise Defendants, dated August 7, 2015 (the

7 "RFAs"):

8 **PRELIMINARY STATEMENT**

9       These responses are made solely for the purpose of this action.  These responses are made

10 subject to all objections as to competence, relevance, materiality, propriety and admissibility, and

11 any and all other objections and grounds that would require the exclusion of any statement made

12 herein if any such statement were made by, or if any admissions were requested of, a witness

13 present and testifying in court, all of which objections are expressly reserved and may be

14 interposed up to and including the time of trial.

15       Defendant has not fully completed the investigation of the facts related to this case and has

16 not fully completed preparation for the trial in this matter.  Accordingly, all of the responses set

17 forth herein are based only on such information and documents as are presently available and

18 specifically known to Defendant, and disclose only those contentions as are presently known to

19 Defendant.  It is anticipated that further discovery, independent investigation, legal research and

20 analysis will supply additional facts, add meaning to the known facts, as well as establish entirely

21 new factual conclusions and legal contentions, all of which may lead to substantial additions to,

22 changes in, and variations from the contentions herein set forth.

23       The responses set forth below are provided without prejudice to Defendant's right to

24 produce evidence of any fact or facts that Defendant may subsequently discover or later recall.

25 Subject to the provisions of the Federal Rules, Defendant reserves the right to correct any

26 inadvertent errors or omissions, and to revise any of the responses set forth herein as additional

27 facts are ascertained, analysis is made, legal research is completed, and contentions are made.  The

28 responses set forth herein are made in a good-faith effort to supply as much factual information

1    and as much specification of legal contentions as is presently known, but should in no way be to

2    the prejudice of the Defendant in relation to further discovery, research or analysis, or the use of

3    and/or reliance upon subsequently discovered documents.

4         Except for explicit facts admitted in the responses set forth below, no incidental or implicit

5    admissions are intended.  The fact that Defendant has either responded to or objected to a RFA or

6    part thereof should not be taken as an admission that Defendant has accepted or admitted the

7    existence of any fact or facts set forth or assumed by such RFA, or that such response or objection

8    constitutes evidence.  The fact that Defendant has responded to part or all of any request is not

9    intended and shall not be construed to be a waiver by the Defendant of all or any part of any

10   objection to any RFA.

11        In responding to the RFAs below, Defendant will not provide information protected from

12   disclosure by the attorney-client privilege, the attorney work product doctrine, the joint

13   defense/common interest privilege, and/or any other applicable privilege or immunity; information

14   that is confidential or personal and the disclosure of which would constitute an unwarranted

15   invasion of an affected person's constitutional, statutory and/or common law rights to privacy and

16   confidentiality; and private, privileged, and confidential or proprietary commercial, financial, or

17   business information.

18        The inadvertent or mistaken production of information subject to the protections of the

19   attorney-client privilege, attorney work-product doctrine, or other privilege will not constitute a

20   general, inadvertent, implicit, subject matter, separate, independent, or other waiver of such

21   privilege or protection, and does not put in issue or constitute the affirmative use of the advice of

22   counsel or of any privileged communications.

23        In providing these responses, Defendant does not waive or intend to waive, but, on the

24   contrary, reserves or intends to reserve:

25        a.    all questions as to competency, authenticity, relevancy, materiality, privilege, and

26              admissibility of the information provided hereunder or the subject matter;

27

28

b.  the right to object on any ground to the use of the information provided hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding; and

c.  the right to object on any ground at any time to a demand for further information.

This preliminary statement is incorporated into each of the responses set forth below.

## OBJECTIONS TO THE DEFINITIONS

Defendant sets forth the following objections to the "Definitions" section set forth in the RFAs.  To the extent applicable, Defendant incorporates each of these objections into each of the responses set forth below.

1.      To the extent the "Definitions" seek to impose obligations on Defendant that are in addition to, inconsistent with, or contrary to those imposed by the Federal Rules, the Civil Local Rules, or the Court's individual rules and/or standing orders, Defendant will apply the definitions and provisions set forth in the Federal Rules, and will respond to the RFA in accordance with those Rules and will not provide information that exceeds the requirements of those Rules.

2.      Defendant objects to the definitions of "Minor Leaguer" or "Minor League Baseball Player" in paragraph 2 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.

3.      Defendant objects to the definitions of "You" or "Your" in Paragraph 7 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to entities and individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the

following definition:  "You" or "Your" shall mean the Dodgers and/or the Club's minor league affiliates (owned by the Club).

4.     Defendant objects to the definition of "Plaintiffs" in Paragraph 6 of the "Definitions" (and in the RFAs applying that definition) because those RFAs seek information with respect to subject matter that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, impermissibly seek information outside of Defendant's possession, custody or control, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the following definition: "Plaintiffs" shall mean Bridger Hunt (for the time he performed services under his Uniform Player Contracts with the Dodgers) only.

# ANSWERS AND OBJECTIONS[1]

## REQUEST FOR ADMISSION NO. 1

Admit that You are subject to the Major League Rules.

## ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 1

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and that the phrase "subject to" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA.

Subject to and without waiving the foregoing objection, Defendant denies the RFA, except admits that certain of the Major League Rules apply to Defendant.

---

[1]   Defendant has repeated Plaintiffs' First Requests for Admission verbatim as they were served upon Defendant and has made no corrections with respect to spelling, grammar, typographical errors, or any other error in syntax.

1  **REQUEST FOR ADMISSION NO. 2**

2      Admit that You comply with the Major League Rules.

3  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 2**

4      Defendant incorporates its Preliminary Statement and Objections to the Definitions as

5  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is

6  overly broad and that the phrase "comply with" is vague and ambiguous such that Defendant

7  cannot properly admit or deny the RFA.

8      Subject to and without waiving the foregoing objection, Defendant denies the RFA, except

9  admits that it is the Club's practice to comply with the Major League Rules applicable to the Club

10  to the extent appropriate.

11

12  **REQUEST FOR ADMISSION NO. 3**

13      Admit that You comply with Major League Rule 3 when signing Your Minor Leaguers to

14  employment contracts.

15  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 3**

16      Defendant incorporates its Preliminary Statement and Objections to the Definitions as

17  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

18  phrases "employment contract" and "comply" are vague and ambiguous such that Defendant

19  cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

20      Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

21  admits that Major League Rule 3(a)(1) provides as follows, in part:  "[A] Major or Minor League

22  Club may contract with a player under the conditions and restrictions set forth in this Rule 3."

23

24  **REQUEST FOR ADMISSION NO. 4**

25      Admit that when signing Your Minor Leaguers to employment contracts, You use the

26  Minor League Uniform Player Contract ("UPC") that is attached to the operative Major League

27  Rules as MLR Attachment 3.

28

DEFENDANTS LOS ANGELES DODGERS LLC AND LOS ANGELES DODGERS HOLDING COMPANY
LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO
FRANCHISE DEFENDANTS- Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 4**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it improperly characterizes a UPC as an "employment contract"; the phrase "employment contract" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that the UPC comprises part of the agreement between a minor league baseball player and the applicable Club.

**REQUEST FOR ADMISSION NO. 5**

Admit that You employ(ed) Your Minor Leaguers.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 5**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that the UPCs, to which Plaintiffs are parties, provide, that Defendant "employs Player to render, and Player agrees to render, skilled services as a Minor League Player… [during] championship playing seasons, commencing with the beginning of the championship playing season…or the portion of that regular championship playing season remaining after the execution date of this Minor League Uniform Player Contract…whichever date is later."

**REQUEST FOR ADMISSION NO. 6**

Admit that Your Minor Leaguers only receive the wages established in the Addendum C to their UPC's during Championship Season.

6

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 6**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA.

**REQUEST FOR ADMISSION NO. 7**

Admit that You do not pay Your Minor Leaguers the wages established in the Addendum C to their UPC's during spring training.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 7**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits Plaintiffs have been paid in accordance with their UPCs and applicable Club policies, which are evidenced by the documents produced or that will be produced in this action.

**REQUEST FOR ADMISSION NO. 8**

Admit that You do not pay Your Minor Leaguers the wages established in the Addendum C to their UPC's during instructional leagues.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 8**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

1   term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

2   RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

3   seeking a response on a disputed conclusion of law.

4        Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

5   admits Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

6   which are evidenced by the documents produced or that will be produced in this action.

7

8   **REQUEST FOR ADMISSION NO. 9**

9        Admit that Your Minor Leaguers do not receive the wages established in the Addendum C

10  to their UPC's during the months between the end of the Championship Season and spring

11  training.

12  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 9**

13       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

14  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

15  term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

16  RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

17  seeking a response on a disputed conclusion of law.

18       Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

19  admits Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

20  which are evidenced by the documents produced or that will be produced in this action.

21

22  **REQUEST FOR ADMISSION NO. 10**

23       Admit that You never pay Your Minor Leaguers at an overtime rate, such as time-and-a-

24  half the regular rate.

25  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 10**

26       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

27  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

28

phrases "overtime rate" and "regular rate" are vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs did not receive additional compensation calculated at a "time-and-a-half" premium, because they were not entitled to "overtime" pay.

**REQUEST FOR ADMISSION NO. 11**

Admit that You do not maintain records showing all hours worked by Your Minor Leaguers.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 11**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the RFA is overly broad; the phrase "hours worked" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA.

**REQUEST FOR ADMISSION NO. 12**

Admit that You do not provide Your Minor Leaguers with wage statements during the periods of spring training, instructional leagues, and other periods outside the Championship Season.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 12**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the RFA is overly broad; the phrase "wage statements" is vague and ambiguous such that Defendant

1   cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery

2   in a request for admission by seeking a response on a disputed conclusion of law.

3         Subject to and without waiving the foregoing objection, Defendant denies this RFA.

4

5

6   Dated:  September 11, 2015               Respectfully submitted,

7                            */s/ Elise M. Bloom*
                         Elise M. Bloom (*pro hac vice*)

8                            Howard L. Ganz
                         Neil H. Abramson (*pro hac vice*)

9                            Adam M. Lupion (*pro hac vice*)
                         Rachel Santoro (*pro hac vice*)

10                           **PROSKAUER ROSE LLP**
                         11 Times Square

11                           New York, NY 10036
                         Telephone:   (212) 969-3000

12                           Facsimile:   (212) 969-2900

13                           ENZO DER BOGHOSSIAN (SBN 211351)
                         ederboghossian@proskauer.com

14                           **PROSKAUER ROSE LLP**
                         2049 Century Park East, 32nd Floor

15                           Los Angeles, CA  90067-3206
                         Telephone:   (310) 557-2900

16                           Facsimile:   (310) 557-2193
                         *Attorneys for Defendants*

17  TO:   **KOREIN TILLERY, LLC**
      Stephen M. Tillery (*pro hac vice*)

18        Aaron M. Zigler (*pro hac vice*)
      Garrett R. Broshuis (*pro hac vice*)

19        505 North 7th Street, Suite 3600
      St. Louis, MO 63101

20        Telephone: (314) 241-4844
      Facsimile: (314) 241-3525

21

22        KOREIN TILLERY, LLC
      George A. Zelcs

23        205 North Michigan, Suite 1950
      Chicago, IL  60601

24        Telephone: (312) 641-9750

25        **PEARSON, SIMON & WARSHAW LLP**
      Bruce L. Simon (Bar No. 96241)

26        Benjamin E. Shiftan (Bar No. 265767)
      44 Montgomery Street, Suite 2450

27        San Francisco, CA 94104
      Telephone: (415) 433-9000

28        Facsimile: (415) 433-9008

10

DEFENDANTS LOS ANGELES DODGERS LLC AND LOS ANGELES DODGERS HOLDING COMPANY
LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO
FRANCHISE DEFENDANTS- Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1

2   **PEARSON, SIMON & WARSHAW LLP**
    Daniel L. Warshaw (Bar No. 185365)
3   Bobby Pouya (Bar No. 245527)
    Michael H. Pearson (Bar No. 277857)
    15165 Ventura Boulevard, Suite 400
4   Sherman Oaks, California 91403
    Telephone: (818) 788-8300
5   Facsimile: (818) 788-8104

6   *Plaintiffs' Interim Co-Lead Class Counsel*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS LOS ANGELES DODGERS LLC AND LOS ANGELES DODGERS HOLDING COMPANY
LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO
FRANCHISE DEFENDANTS- Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1    **PROSKAUER ROSE LLP**
     ELISE M. BLOOM (admitted *pro hac vice*)
2    ebloom@proskauer.com
     HOWARD L. GANZ
3    hganz@proskauer.com
     NEIL H. ABRAMSON (admitted *pro hac vice*)
4    nabramson@proskauer.com
     ADAM M. LUPION (admitted *pro hac vice*)
5    alupion@proskauer.com
     RACHEL SANTORO (admitted *pro hac vice*)
6    rsantoro@proskauer.com
     Eleven Times Square
7    New York, NY 10036
     Telephone:   (212) 969-3000
8    Facsimile:    (212) 969-2900

9    **PROSKAUER ROSE LLP**
     ENZO DER BOGHOSSIAN (SBN 211351)
10   ederboghossian@proskauer.com
     2049 Century Park East, 32nd Floor
11   Los Angeles, CA  90067-3206
     Telephone:   (310) 557-2900
12   Facsimile:    (310) 557-2193

13   *Attorneys for Defendants*

14
                    **UNITED STATES DISTRICT COURT**
15        **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

16   AARON SENNE, et al., Individually and on          Case No. 3:14-cv-00608-RS
     Behalf of All Those Similarly Situated;           (consolidated with 3:14-cv-03289-JCS)
17
                             Plaintiffs,               **CLASS ACTION**
18                  vs.
                                                       **CERTIFICATE OF SERVICE**
19   OFFICE OF THE COMMISSIONER OF
     BASEBALL, an unincorporated association
20   doing business as MAJOR LEAGUE
     BASEBALL; et al.;
21
                             Defendants.
22

23

24

25

26

27

28
─────────────────────────────────────────────────────────
DEFENDANTS LOS ANGELES DODGERS LLP AND LOS ANGELES DODGERS HOLDING COMPANY
LLC'S CERTIFICATE OF SERVICE–
Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1  I hereby certify that September 11, 2015, I caused to be served the following:

2        Defendants Los Angeles Dodgers LLC and Los Angeles Dodgers Holding Company
         LLC's Answers and Objections to Plaintiffs' First Set of Requests for Admission to
3        Franchise Defendants

4  by e-mail on the following counsel for Plaintiffs:

5

6  TO:   **KOREIN TILLERY, LLC**
         Stephen M. Tillery (*pro hac vice*)
7        Aaron M. Zigler (*pro hac vice*)
         Garrett R. Broshuis (*pro hac vice*)
8        505 North 7th Street, Suite 3600
         St. Louis, MO 63101
9        Telephone: (314) 241-4844
         Facsimile: (314) 241-3525
10       stillery@koreintillery.com
         azigler@koreintillery.com
11       gbroshuis@koreintillery.com

12
         **KOREIN TILLERY, LLC**
13       George A. Zelcs
         205 North Michigan, Suite 1950
14       Chicago, IL  60601
         Telephone: (312) 641-9750
15       Facsimile: (312) 641-9751
         gzelcs@koreintillery.com
16

17       **PEARSON, SIMON & WARSHAW LLP**
18       Bruce L. Simon (Bar No. 96241)
         Benjamin E. Shiftan (Bar No. 265767)
19       44 Montgomery Street, Suite 2450
         San Francisco, CA 94104
20       Telephone: (415) 433-9000
         Facsimile: (415) 433-9008
21       bsimon@pswlaw.com
         bshiftan@pswlaw.com
22

23       **PEARSON, SIMON & WARSHAW LLP**
24       Daniel L. Warshaw (Bar No. 185365)
         Bobby Pouya (Bar No. 245527)
25       Michael H. Pearson (Bar No. 277857)
         15165 Ventura Boulevard, Suite 400
26       Sherman Oaks, California 91403
         Telephone: (818) 788-8300
27       Facsimile: (818) 788-8104

28

DEFENDANTS LOS ANGELES DODGERS LLP AND LOS ANGELES DODGERS HOLDING COMPANY
LLC'S CERTIFICATE OF SERVICE–
Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

dwarshaw@pswlaw.com
bpouya@pswlaw.com
mpearson@pswlaw.com

*Plaintiffs' Interim Co-Lead Class Counsel*

Dated:  September 11, 2015

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom (*pro hac vice*)
Howard L. Ganz
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
Rachel Santoro (*pro hac vice*)
**PROSKAUER ROSE LLP**
11 Times Square
New York, NY 10036
Telephone:    (212) 969-3000
Facsimile:     (212) 969-2900

ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
**PROSKAUER ROSE LLP**
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:    (310) 557-2900
Facsimile:     (310) 557-2193
*Attorneys for Defendants*

2

**PROSKAUER ROSE LLP**
ELISE M. BLOOM (admitted *pro hac vice*)
ebloom@proskauer.com
HOWARD L. GANZ
hganz@proskauer.com
NEIL H. ABRAMSON (admitted *pro hac vice*)
nabramson@proskauer.com
ADAM M. LUPION (admitted *pro hac vice*)
alupion@proskauer.com
RACHEL SANTORO (admitted *pro hac vice*)
rsantoro@proskauer.com
Eleven Times Square
New York, NY 10036
Telephone:   (212) 969-3000
Facsimile:    (212) 969-2900

**PROSKAUER ROSE LLP**
ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:   (310) 557-2900
Facsimile:    (310) 557-2193

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated;<br><br>                    Plaintiffs,<br><br>            vs.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL; et al.;<br><br>                    Defendants. | Case No. 3:14-cv-00608-RS (consolidated with 3:14-cv-03289-JCS)<br><br>**CLASS ACTION**<br><br>**DEFENDANT AZPB L.P.'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules"),

2    as well as the Local Rules of Practice in Civil Proceedings before the United States District Court

3    for the Northern District of California (the "Civil Local Rules"), AZPB L.P. (d/b/a "Arizona

4    Diamondbacks") (hereinafter "Defendant," "Club" or "Diamondbacks") by and through its

5    attorneys, Proskauer Rose LLP, hereby responds and objects to Plaintiffs' First Set of Requests for

6    Admission to Franchise Defendants, dated August 7, 2015 (the "RFAs"):

7                                    **<u>PRELIMINARY STATEMENT</u>**

8    These responses are made solely for the purpose of this action.  These responses are made

9    subject to all objections as to competence, relevance, materiality, propriety and admissibility, and

10   any and all other objections and grounds that would require the exclusion of any statement made

11   herein if any such statement were made by, or if any admissions were requested of, a witness

12   present and testifying in court, all of which objections are expressly reserved and may be

13   interposed up to and including the time of trial.

14   Defendant has not fully completed the investigation of the facts related to this case and has

15   not fully completed preparation for the trial in this matter.  Accordingly, all of the responses set

16   forth herein are based only on such information and documents as are presently available and

17   specifically known to Defendant, and disclose only those contentions as are presently known to

18   Defendant.  It is anticipated that further discovery, independent investigation, legal research and

19   analysis will supply additional facts, add meaning to the known facts, as well as establish entirely

20   new factual conclusions and legal contentions, all of which may lead to substantial additions to,

21   changes in, and variations from the contentions herein set forth.

22   The responses set forth below are provided without prejudice to Defendant's right to

23   produce evidence of any fact or facts that Defendant may subsequently discover or later recall.

24   Subject to the provisions of the Federal Rules, Defendant reserves the right to correct any

25   inadvertent errors or omissions, and to revise any of the responses set forth herein as additional

26   facts are ascertained, analysis is made, legal research is completed, and contentions are made.  The

27   responses set forth herein are made in a good-faith effort to supply as much factual information

28

1   and as much specification of legal contentions as is presently known, but should in no way be to

2   the prejudice of the Defendant in relation to further discovery, research or analysis, or the use of

3   and/or reliance upon subsequently discovered documents.

4         Except for explicit facts admitted in the responses set forth below, no incidental or implicit

5   admissions are intended.  The fact that Defendant has either responded to or objected to a RFA or

6   part thereof should not be taken as an admission that Defendant has accepted or admitted the

7   existence of any fact or facts set forth or assumed by such RFA, or that such response or objection

8   constitutes evidence.  The fact that Defendant has responded to part or all of any request is not

9   intended and shall not be construed to be a waiver by the Defendant of all or any part of any

10  objection to any RFA.

11        In responding to the RFAs below, Defendant will not provide information protected from

12  disclosure by the attorney-client privilege, the attorney work product doctrine, the joint

13  defense/common interest privilege, and/or any other applicable privilege or immunity; information

14  that is confidential or personal and the disclosure of which would constitute an unwarranted

15  invasion of an affected person's constitutional, statutory and/or common law rights to privacy and

16  confidentiality; and private, privileged, and confidential or proprietary commercial, financial, or

17  business information.

18        The inadvertent or mistaken production of information subject to the protections of the

19  attorney-client privilege, attorney work-product doctrine, or other privilege will not constitute a

20  general, inadvertent, implicit, subject matter, separate, independent, or other waiver of such

21  privilege or protection, and does not put in issue or constitute the affirmative use of the advice of

22  counsel or of any privileged communications.

23        In providing these responses, Defendant does not waive or intend to waive, but, on the

24  contrary, reserves or intends to reserve:

25      a.   all questions as to competency, authenticity, relevancy, materiality, privilege, and

26          admissibility of the information provided hereunder or the subject matter;

27

28

b.  the right to object on any ground to the use of the information provided hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding; and

c.  the right to object on any ground at any time to a demand for further information.

This preliminary statement is incorporated into each of the responses set forth below.

**OBJECTIONS TO THE DEFINITIONS**

Defendant sets forth the following objections to the "Definitions" section set forth in the RFAs.  To the extent applicable, Defendant incorporates each of these objections into each of the responses set forth below.

1.      To the extent the "Definitions" seek to impose obligations on Defendant that are in addition to, inconsistent with, or contrary to those imposed by the Federal Rules, the Civil Local Rules, or the Court's individual rules and/or standing orders, Defendant will apply the definitions and provisions set forth in the Federal Rules, and will respond to the RFA in accordance with those Rules and will not provide information that exceeds the requirements of those Rules.

2.      Defendant objects to the definitions of "Minor Leaguer" or "Minor League Baseball Player" in paragraph 2 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.

3.      Defendant objects to the definitions of "You" or "Your" in Paragraph 7 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to entities and individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the

following definition:  "You" or "Your" shall mean Diamondbacks and/or the Club's minor league affiliates (owned by the Club).

4.       Defendant objects to the definition of "Plaintiffs" in Paragraph 6 of the "Definitions" (and in the RFAs applying that definition) because those RFAs seek information with respect to subject matter that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, impermissibly seek information outside of Defendant's possession, custody or control, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the following definition: "Plaintiffs" shall mean Matthew Gorgen, Bryan Henry and Roberto Ortiz (for the time those individuals performed services under their Uniform Player Contracts with the Arizona Diamondbacks) only.

# ANSWERS AND OBJECTIONS[1]

## REQUEST FOR ADMISSION NO. 1

Admit that You are subject to the Major League Rules.

## ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 1

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and that the phrase "subject to" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA.

Subject to and without waiving the foregoing objection, Defendant denies the RFA, except admits that certain of the Major League Rules apply to Defendant.

---

[1]   Defendant has repeated Plaintiffs' First Set of Requests for Admission verbatim as they were served upon Defendant and has made no corrections with respect to spelling, grammar, typographical errors, or any other error in syntax.

**REQUEST FOR ADMISSION NO. 2**

Admit that You comply with the Major League Rules.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 2**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein. Defendant specifically objects to this RFA on the grounds that it is overly broad and that the phrase "comply with" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA.

Subject to and without waiving the foregoing objection, Defendant denies the RFA, except admits that it is the Club's practice to comply with the Major League Rules applicable to the Club to the extent appropriate.

**REQUEST FOR ADMISSION NO. 3**

Admit that You comply with Major League Rule 3 when signing Your Minor Leaguers to employment contracts.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 3**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein. Defendant specifically objects to this RFA on the grounds that the phrases "employment contract" and "comply" are vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Major League Rule 3(a)(1) provides as follows, in part: "[A] Major or Minor League Club may contract with a player under the conditions and restrictions set forth in this Rule 3."

**REQUEST FOR ADMISSION NO. 4**

Admit that when signing Your Minor Leaguers to employment contracts, You use the Minor League Uniform Player Contract ("UPC") that is attached to the operative Major League Rules as MLR Attachment 3.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 4**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it improperly characterizes a UPC as an "employment contract"; the phrase "employment contract" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that the UPC comprises part of the agreement between a minor league baseball player and the applicable Club.

**REQUEST FOR ADMISSION NO. 5**

Admit that You employ(ed) Your Minor Leaguers.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 5**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that the UPCs, to which Plaintiffs are parties, provide that Defendant "employs Player to render, and Player agrees to render, skilled services as a Minor League Player…[during] championship playing seasons, commencing with the beginning of the championship playing season…or the portion of that regular championship playing season remaining after the execution date of this Minor League Uniform Player Contract…whichever date is later."

**REQUEST FOR ADMISSION NO. 6**

Admit that Your Minor Leaguers only receive the wages established in the Addendum C to their UPC's during Championship Season.

1    **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 6**

2           Defendant incorporates its Preliminary Statement and Objections to the Definitions as

3    though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

4    term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

5    RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

6    seeking a response on a disputed conclusion of law.

7           Subject to and without waiving the foregoing objection, Defendant denies this RFA.

8

9    **REQUEST FOR ADMISSION NO. 7**

10          Admit that You do not pay Your Minor Leaguers the wages established in the Addendum

11   C to their UPC's during spring training.

12   **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 7**

13          Defendant incorporates its Preliminary Statement and Objections to the Definitions as

14   though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

15   term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

16   RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

17   seeking a response on a disputed conclusion of law.

18          Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

19   admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

20   which are evidenced by the documents produced or that will be produced in this action.

21

22   **REQUEST FOR ADMISSION NO. 8**

23          Admit that You do not pay Your Minor Leaguers the wages established in the Addendum

24   C to their UPC's during instructional leagues.

25   **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 8**

26          Defendant incorporates its Preliminary Statement and Objections to the Definitions as

27   though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

28

1  term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

2  RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

3  seeking a response on a disputed conclusion of law.

4          Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

5  admits that  Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

6  which are evidenced by the documents produced or that will be produced in this action.

7

8  **REQUEST FOR ADMISSION NO. 9**

9          Admit that Your Minor Leaguers do not receive the wages established in the Addendum C

10  to their UPC's during the months between the end of the Championship Season and spring

11  training.

12  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 9**

13          Defendant incorporates its Preliminary Statement and Objections to the Definitions as

14  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

15  term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

16  RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

17  seeking a response on a disputed conclusion of law.

18          Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

19  admits that Plaintiffs  have been paid in accordance with their UPCs and applicable Club policies,

20  which are evidenced by the documents produced or that will be produced in this action.

21

22  **REQUEST FOR ADMISSION NO. 10**

23          Admit that You never pay Your Minor Leaguers at an overtime rate, such as time-and-a-

24  half the regular rate.

25  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 10**

26          Defendant incorporates its Preliminary Statement and Objections to the Definitions as

27  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

28

phrases "overtime rate" and "regular rate" are vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs did not receive additional compensation calculated at a "time-and-a-half" premium, because they were not entitled to "overtime" pay.

**REQUEST FOR ADMISSION NO. 11**

Admit that You do not maintain records showing all hours worked by Your Minor Leaguers.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 11**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the RFA is overly broad; the phrase "hours worked" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA.

**REQUEST FOR ADMISSION NO. 12**

Admit that You do not provide Your Minor Leaguers with wage statements during the periods of spring training, instructional leagues, and other periods outside the Championship Season.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 12**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the RFA is overly broad; the phrase "wage statements" is vague and ambiguous such that Defendant

1  cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery

2  in a request for admission by seeking a response on a disputed conclusion of law.

3       Subject to and without waiving the foregoing objection, Defendant denies this RFA.

Dated:  September 11, 2015

Respectfully submitted,

*/s/ Elise M. Bloom*
Elise M. Bloom (*pro hac vice*)
Howard L. Ganz
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
Rachel Santoro (*pro hac vice*)
**PROSKAUER ROSE LLP**
11 Times Square
New York, NY 10036
Telephone:     (212) 969-3000
Facsimile:     (212) 969-2900

ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
**PROSKAUER ROSE LLP**
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:     (310) 557-2900
Facsimile:     (310) 557-2193
*Attorneys for Defendant*

TO:  **KOREIN TILLERY, LLC**
Stephen M. Tillery (*pro hac vice*)
Aaron M. Zigler (*pro hac vice*)
Garrett R. Broshuis (*pro hac vice*)
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

**KOREIN TILLERY, LLC**
George A. Zelcs
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750

**PEARSON, SIMON & WARSHAW LLP**
Bruce L. Simon (Bar No. 96241)
Benjamin E. Shiftan (Bar No. 265767)
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008

**PEARSON, SIMON & WARSHAW LLP**
Daniel L. Warshaw (Bar No. 185365)
Bobby Pouya (Bar No. 245527)
Michael H. Pearson (Bar No. 277857)
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

*Plaintiffs' Interim Co-Lead Class Counsel*

1 | **PROSKAUER ROSE LLP**
ELISE M. BLOOM (admitted *pro hac vice*)
2 | ebloom@proskauer.com
HOWARD L. GANZ
3 | hganz@proskauer.com
NEIL H. ABRAMSON (admitted *pro hac vice*)
4 | nabramson@proskauer.com
ADAM M. LUPION (admitted *pro hac vice*)
5 | alupion@proskauer.com
RACHEL SANTORO (admitted *pro hac vice*)
6 | rsantoro@proskauer.com
Eleven Times Square
7 | New York, NY 10036
Telephone:   (212) 969-3000
8 | Facsimile:    (212) 969-2900

9 | **PROSKAUER ROSE LLP**
ENZO DER BOGHOSSIAN (SBN 211351)
10 | ederboghossian@proskauer.com
2049 Century Park East, 32nd Floor
11 | Los Angeles, CA  90067-3206
Telephone:   (310) 557-2900
12 | Facsimile:    (310) 557-2193

13 | *Attorneys for Defendant*

14 |

15 | **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

16 | AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated;  | Case No. 3:14-cv-00608-RS (consolidated with 3:14-cv-03289-JCS)

17 |

18 | Plaintiffs, vs.  | **CLASS ACTION**

**CERTIFICATE OF SERVICE**

19 | OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association
20 | doing business as MAJOR LEAGUE BASEBALL; et al.;

21 | Defendants.

22 |

23 |

24 |

25 |

26 |

27 |

28 |

I hereby certify that September 11, 2015, I caused to be served the following:

Defendant AZPB L.P.'s Answers and Objections to Plaintiffs' Requests for Admission to Franchise Defendants

by e-mail on the following counsel for Plaintiffs:


TO:     **KOREIN TILLERY, LLC**
        Stephen M. Tillery (*pro hac vice*)
        Aaron M. Zigler (*pro hac vice*)
        Garrett R. Broshuis (*pro hac vice*)
        505 North 7th Street, Suite 3600
        St. Louis, MO 63101
        Telephone: (314) 241-4844
        Facsimile: (314) 241-3525
        stillery@koreintillery.com
        azigler@koreintillery.com
        gbroshuis@koreintillery.com

        **KOREIN TILLERY, LLC**
        George A. Zelcs
        205 North Michigan, Suite 1950
        Chicago, IL  60601
        Telephone: (312) 641-9750
        Facsimile: (312) 641-9751
        gzelcs@koreintillery.com

        **PEARSON, SIMON & WARSHAW LLP**
        Bruce L. Simon (Bar No. 96241)
        Benjamin E. Shiftan (Bar No. 265767)
        44 Montgomery Street, Suite 2450
        San Francisco, CA 94104
        Telephone: (415) 433-9000
        Facsimile: (415) 433-9008
        bsimon@pswlaw.com
        bshiftan@pswlaw.com

        **PEARSON, SIMON & WARSHAW LLP**
        Daniel L. Warshaw (Bar No. 185365)
        Bobby Pouya (Bar No. 245527)
        Michael H. Pearson (Bar No. 277857)
        15165 Ventura Boulevard, Suite 400
        Sherman Oaks, California 91403
        Telephone: (818) 788-8300
        Facsimile: (818) 788-8104
        dwarshaw@pswlaw.com

bpouya@pswlaw.com
mpearson@pswlaw.com

*Plaintiffs' Interim Co-Lead Class Counsel*

Dated:  September 11, 2015

Respectfully submitted,

*/s/ Elise M. Bloom*
Elise M. Bloom (*pro hac vice*)
Howard L. Ganz
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
Rachel Santoro (*pro hac vice*)
**PROSKAUER ROSE LLP**
11 Times Square
New York, NY 10036
Telephone:    (212) 969-3000
Facsimile:    (212) 969-2900

ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
**PROSKAUER ROSE LLP**
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:    (310) 557-2900
Facsimile:    (310) 557-2193
*Attorneys for Defendant*

2

1    **PROSKAUER ROSE LLP**
     ELISE M. BLOOM (admitted *pro hac vice*)
2    ebloom@proskauer.com
     HOWARD L. GANZ
3    hganz@proskauer.com
     NEIL H. ABRAMSON (admitted *pro hac vice*)
4    nabramson@proskauer.com
     ADAM M. LUPION (admitted *pro hac vice*)
5    alupion@proskauer.com
     RACHEL SANTORO (admitted *pro hac vice*)
6    rsantoro@proskauer.com
     Eleven Times Square
7    New York, NY 10036
     Telephone:   (212) 969-3000
8    Facsimile:    (212) 969-2900

9    **PROSKAUER ROSE LLP**
     ENZO DER BOGHOSSIAN (SBN 211351)
10   ederboghossian@proskauer.com
     2049 Century Park East, 32nd Floor
11   Los Angeles, CA  90067-3206
     Telephone:   (310) 557-2900
12   Facsimile:    (310) 557-2193

13   *Attorneys for Defendant*

14                **UNITED STATES DISTRICT COURT**
        **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**
15

16   AARON SENNE, et al., Individually and on        Case No. 3:14-cv-00608-RS
     Behalf of All Those Similarly Situated;         (consolidated with 3:14-cv-03289-JCS)
17
                       Plaintiffs,                   **CLASS ACTION**
18              vs.
                                                     **DEFENDANT CHICAGO CUBS**
19   OFFICE OF THE COMMISSIONER OF                   **BASEBALL CLUB,  LLC'S ANSWERS**
     BASEBALL, an unincorporated association         **AND OBJECTIONS TO PLAINTIFFS'**
20   doing business as MAJOR LEAGUE                   **FIRST SET OF REQUESTS FOR**
     BASEBALL; et al.;                               **ADMISSION TO FRANCHISE**
                                                     **DEFENDANTS**
21                     Defendants.

22

23

24

25

26

27

28

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules"), as well as the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California (the "Civil Local Rules"), Chicago Cubs Baseball Club, LLC (d/b/a "Chicago Cubs") (hereinafter "Defendant," "Club" or "Cubs") by and through its attorneys, Proskauer Rose LLP, hereby responds and objects to Plaintiffs' First Set of Requests for Admission to Franchise Defendants, dated August 7, 2015 (the "RFAs"):

## **PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action.  These responses are made subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds that would require the exclusion of any statement made herein if any such statement were made by, or if any admissions were requested of, a witness present and testifying in court, all of which objections are expressly reserved and may be interposed up to and including the time of trial.

Defendant has not fully completed the investigation of the facts related to this case and has not fully completed preparation for the trial in this matter.  Accordingly, all of the responses set forth herein are based only on such information and documents as are presently available and specifically known to Defendant, and disclose only those contentions as are presently known to Defendant.  It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth.

The responses set forth below are provided without prejudice to Defendant's right to produce evidence of any fact or facts that Defendant may subsequently discover or later recall.  Subject to the provisions of the Federal Rules, Defendant reserves the right to correct any inadvertent errors or omissions, and to revise any of the responses set forth herein as additional facts are ascertained, analysis is made, legal research is completed, and contentions are made.  The responses set forth herein are made in a good-faith effort to supply as much factual information

1    and as much specification of legal contentions as is presently known, but should in no way be to

2    the prejudice of the Defendant in relation to further discovery, research or analysis, or the use of

3    and/or reliance upon subsequently discovered documents.

4           Except for explicit facts admitted in the responses set forth below, no incidental or implicit

5    admissions are intended.  The fact that Defendant has either responded to or objected to a RFA or

6    part thereof should not be taken as an admission that Defendant has accepted or admitted the

7    existence of any fact or facts set forth or assumed by such RFA, or that such response or objection

8    constitutes evidence.  The fact that Defendant has responded to part or all of any request is not

9    intended and shall not be construed to be a waiver by the Defendant of all or any part of any

10   objection to any RFA.

11          In responding to the RFAs below, Defendant will not provide information protected from

12   disclosure by the attorney-client privilege, the attorney work product doctrine, the joint

13   defense/common interest privilege, and/or any other applicable privilege or immunity; information

14   that is confidential or personal and the disclosure of which would constitute an unwarranted

15   invasion of an affected person's constitutional, statutory and/or common law rights to privacy and

16   confidentiality; and private, privileged, and confidential or proprietary commercial, financial, or

17   business information.

18          The inadvertent or mistaken production of information subject to the protections of the

19   attorney-client privilege, attorney work-product doctrine, or other privilege will not constitute a

20   general, inadvertent, implicit, subject matter, separate, independent, or other waiver of such

21   privilege or protection, and does not put in issue or constitute the affirmative use of the advice of

22   counsel or of any privileged communications.

23          In providing these responses, Defendant does not waive or intend to waive, but, on the

24   contrary, reserves or intends to reserve:

25          a.    all questions as to competency, authenticity, relevancy, materiality, privilege, and

26                admissibility of the information provided hereunder or the subject matter;

27

28

DEFENDANT CHICAGO CUBS BASEBALL CLUB, LLC'S ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-
cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

b. the right to object on any ground to the use of the information provided hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding; and

c. the right to object on any ground at any time to a demand for further information.

This preliminary statement is incorporated into each of the responses set forth below.

## OBJECTIONS TO THE DEFINITIONS

Defendant sets forth the following objections to the "Definitions" section set forth in the RFAs. To the extent applicable, Defendant incorporates each of these objections into each of the responses set forth below.

1. To the extent the "Definitions" seek to impose obligations on Defendant that are in addition to, inconsistent with, or contrary to those imposed by the Federal Rules, the Civil Local Rules, or the Court's individual rules and/or standing orders, Defendant will apply the definitions and provisions set forth in the Federal Rules, and will respond to the RFA in accordance with those Rules and will not provide information that exceeds the requirements of those Rules.

2. Defendant objects to the definitions of "Minor Leaguer" or "Minor League Baseball Player" in paragraph 2 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.

3. Defendant objects to the definitions of "You" or "Your" in Paragraph 7 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to entities and individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome. For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the following definition: "You" or "Your" shall mean Cubs, and/or the Club's minor league affiliates

(owned by the Club) from October 27, 2009 through the present, which is in accordance with the timeframe set forth in Paragraph 14, including footnote 1, of Defendant's General Objections in its RFP Responses, which is incorporated as though fully set forth herein.

4.      Defendant objects to the definition of "Plaintiffs" in Paragraph 6 of the "Definitions" (and in the RFAs applying that definition) because those RFAs seek information with respect to subject matter that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, impermissibly seek information outside of Defendant's possession, custody or control, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the following definition: "Plaintiff" shall mean Jake Opitz only (for the time such individual performed services under his Uniform Player Contract with the Cubs), and only during such time as Jake Opitz is alleged to have been employed by the Cubs.

### ANSWERS AND OBJECTIONS[1]

**REQUEST FOR ADMISSION NO. 1**

Admit that You are subject to the Major League Rules.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 1**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and that the phrase "subject to" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA.

Subject to and without waiving the foregoing objection, Defendant denies the RFA, except admits that certain of the Major League Rules apply to Defendant.

---

[1]   Defendant has repeated Plaintiffs' First Set of Requests for Admission verbatim as they were served upon Defendant and has made no corrections with respect to spelling, grammar, typographical errors, or any other error in syntax.

**REQUEST FOR ADMISSION NO. 2**

Admit that You comply with the Major League Rules.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 2**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and that the phrase "comply with" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA.

Subject to and without waiving the foregoing objection, Defendant denies the RFA, except admits that it is the Club's practice to comply with the Major League Rules applicable to the Club to the extent appropriate.

.

**REQUEST FOR ADMISSION NO. 3**

Admit that You comply with Major League Rule 3 when signing Your Minor Leaguers to employment contracts.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 3**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the phrases "employment contract" and "comply" are vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Major League Rule 3(a)(1) provides as follows, in part:  "[A] Major or Minor League Club may contract with a player under the conditions and restrictions set forth in this Rule 3."

**REQUEST FOR ADMISSION NO. 4**

Admit that when signing Your Minor Leaguers to employment contracts, You use the Minor League Uniform Player Contract ("UPC") that is attached to the operative Major League Rules as MLR Attachment 3.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 4**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it improperly characterizes a UPC as an "employment contract"; the phrase "employment contract" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that the UPC comprises part of the agreement between a minor league baseball player and the applicable Club.

**REQUEST FOR ADMISSION NO. 5**

Admit that You employ(ed) Your Minor Leaguers.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 5**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that the UPCs, to which Plaintiff is a party, provide that Defendant "employs Player to render, and Player agrees to render skilled services as a Minor League Baseball Player…[during] championship playing seasons, commencing with the beginning of the championship playing season…or the portion of that regular championship playing season remaining after the execution date of this Minor League Uniform Player Contract…whichever date is later."

**REQUEST FOR ADMISSION NO. 6**

Admit that Your Minor Leaguers only receive the wages established in the Addendum C to their UPC's during Championship Season.

1   **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 6**

2        Defendant incorporates its Preliminary Statement and Objections to the Definitions as

3   though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

4   term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

5   RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

6   seeking a response on a disputed conclusion of law.

7        Subject to and without waiving the foregoing objection, Defendant denies this RFA.

8

9   **REQUEST FOR ADMISSION NO. 7**

10        Admit that You do not pay Your Minor Leaguers the wages established in the Addendum

11   C to their UPC's during spring training.

12

13   **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 7**

14        Defendant incorporates its Preliminary Statement and Objections to the Definitions as

15   though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

16   term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

17   RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

18   seeking a response on a disputed conclusion of law.

19        Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

20   admits that Plaintiff has been paid in accordance with his UPCs and applicable Club policies,

21   which are evidenced by the documents produced or that will be produced in this action.

22

23   **REQUEST FOR ADMISSION NO. 8**

24        Admit that You do not pay Your Minor Leaguers the wages established in the Addendum

25   C to their UPC's during instructional leagues.

26

27

28

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 8**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiff has been paid in accordance with his UPCs and applicable Club policies, which are evidenced by the documents produced or that will be produced in this action.

**REQUEST FOR ADMISSION NO. 9**

Admit that Your Minor Leaguers do not receive the wages established in the Addendum C to their UPC's during the months between the end of the Championship Season and spring training.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 9**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiff has been paid in accordance with his UPCs and applicable Club policies, which are evidenced by the documents produced or that will be produced in this action.

**REQUEST FOR ADMISSION NO. 10**

Admit that You never pay Your Minor Leaguers at an overtime rate, such as time-and-a-half the regular rate.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 10**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the phrases "overtime rate" and "regular rate" are vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiff did not receive additional compensation calculated at a "time-and-a-half" premium, because they are not entitled to "overtime" pay.

**REQUEST FOR ADMISSION NO. 11**

Admit that You do not maintain records showing all hours worked by Your Minor Leaguers.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 11**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the RFA is overly broad; the phrase "hours worked" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA.

**REQUEST FOR ADMISSION NO. 12**

Admit that You do not provide Your Minor Leaguers with wage statements during the periods of spring training, instructional leagues, and other periods outside the Championship Season.

9

DEFENDANT CHICAGO CUBS BASEBALL CLUB, LLC'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1    **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 12**

2          Defendant incorporates its Preliminary Statement and Objections to the Definitions as

3    though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

4    RFA is overly broad; the phrase "wage statements" is vague and ambiguous such that Defendant

5    cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery

6    in a request for admission by seeking a response on a disputed conclusion of law.

7          Subject to and without waiving the foregoing objection, Defendant denies this RFA.

8    Dated:  September 11, 2015                        Respectfully submitted,

9                                        */s/ Elise M. Bloom*

10                                       Elise M. Bloom (*pro hac vice*)
                                         Howard L. Ganz

11                                       Neil H. Abramson (*pro hac vice*)
                                         Adam M. Lupion (*pro hac vice*)

12                                       Rachel Santoro (*pro hac vice*)
                                         **PROSKAUER ROSE LLP**

13                                       11 Times Square
                                         New York, NY 10036

14                                       Telephone:   (212) 969-3000
                                         Facsimile:    (212) 969-2900

15                                       ENZO DER BOGHOSSIAN (SBN 211351)

16                                       ederboghossian@proskauer.com
                                         **PROSKAUER ROSE LLP**

17                                       2049 Century Park East, 32nd Floor
                                         Los Angeles, CA  90067-3206

18                                       Telephone:   (310) 557-2900
                                         Facsimile:    (310) 557-2193

19                                       *Attorneys for Defendant*
     TO:    **KOREIN TILLERY, LLC**

20           Stephen M. Tillery (*pro hac vice*)
             Aaron M. Zigler (*pro hac vice*)

21           Garrett R. Broshuis (*pro hac vice*)
             505 North 7th Street, Suite 3600

22           St. Louis, MO 63101
             Telephone: (314) 241-4844

23           Facsimile: (314) 241-3525

24           **KOREIN TILLERY, LLC**
             George A. Zelcs

25           205 North Michigan, Suite 1950
             Chicago, IL  60601

26           Telephone: (312) 641-9750

27           **PEARSON, SIMON & WARSHAW LLP**
             Bruce L. Simon (Bar No. 96241)

28           Benjamin E. Shiftan (Bar No. 265767)

44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008

**PEARSON, SIMON & WARSHAW LLP**
Daniel L. Warshaw (Bar No. 185365)
Bobby Pouya (Bar No. 245527)
Michael H. Pearson (Bar No. 277857)
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

*Plaintiffs' Interim Co-Lead Class Counsel*

DEFENDANT CHICAGO CUBS BASEBALL CLUB, LLC'S ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-
cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1  **PROSKAUER ROSE LLP**
   ELISE M. BLOOM (admitted *pro hac vice*)
2  ebloom@proskauer.com
   HOWARD L. GANZ
3  hganz@proskauer.com
   NEIL H. ABRAMSON (admitted *pro hac vice*)
4  nabramson@proskauer.com
   ADAM M. LUPION (admitted *pro hac vice*)
5  alupion@proskauer.com
   RACHEL SANTORO (admitted *pro hac vice*)
6  rsantoro@proskauer.com
   Eleven Times Square
7  New York, NY 10036
   Telephone:   (212) 969-3000
8  Facsimile:    (212) 969-2900

9  **PROSKAUER ROSE LLP**
   ENZO DER BOGHOSSIAN (SBN 211351)
10 ederboghossian@proskauer.com
   2049 Century Park East, 32nd Floor
11 Los Angeles, CA  90067-3206
   Telephone:   (310) 557-2900
12 Facsimile:    (310) 557-2193

13 *Attorneys for Defendant*

14

                    **UNITED STATES DISTRICT COURT**
15     **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

16 AARON SENNE, et al., Individually and on     Case No. 3:14-cv-00608-RS
   Behalf of All Those Similarly Situated;      (consolidated with 3:14-cv-03289-JCS)
17
                    Plaintiffs,                 **CLASS ACTION**
18            vs.
                                                **CERTIFICATE OF SERVICE**
19 OFFICE OF THE COMMISSIONER OF
   BASEBALL, an unincorporated association
20 doing business as MAJOR LEAGUE
   BASEBALL; et al.;
21
                    Defendants.
22

23

24

25

26

27

28

   _____
   DEFENDANT CHICAGO CUBS BASEBALL CLUB, LLC'S CERTIFICATE OF SERVICE–
   Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

I hereby certify that September 11, 2015, I caused to be served the following:

Defendant Chicago Cubs Baseball Club, LLC's Answers and Objections to Plaintiffs' First Set of Requests for Admission to Franchise Defendants

by e-mail on the following counsel for Plaintiffs:

TO:    **KOREIN TILLERY, LLC**
Stephen M. Tillery (*pro hac vice*)
Aaron M. Zigler (*pro hac vice*)
Garrett R. Broshuis (*pro hac vice*)
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525
stillery@koreintillery.com
azigler@koreintillery.com
gbroshuis@koreintillery.com


**KOREIN TILLERY, LLC**
George A. Zelcs
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751
gzelcs@koreintillery.com


**PEARSON, SIMON & WARSHAW LLP**
Bruce L. Simon (Bar No. 96241)
Benjamin E. Shiftan (Bar No. 265767)
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswlaw.com
bshiftan@pswlaw.com


**PEARSON, SIMON & WARSHAW LLP**
Daniel L. Warshaw (Bar No. 185365)
Bobby Pouya (Bar No. 245527)
Michael H. Pearson (Bar No. 277857)
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Facsimile: (818) 788-8104
dwarshaw@pswlaw.com
bpouya@pswlaw.com
mpearson@pswlaw.com


*Plaintiffs' Interim Co-Lead Class Counsel*


Dated:  September 11, 2015

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom (*pro hac vice*)
Howard L. Ganz
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
Rachel Santoro (*pro hac vice*)
**PROSKAUER ROSE LLP**
11 Times Square
New York, NY 10036
Telephone:     (212) 969-3000
Facsimile:     (212) 969-2900

ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
**PROSKAUER ROSE LLP**
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:     (310) 557-2900
Facsimile:     (310) 557-2193
*Attorneys for Defendant*

2

1  **PROSKAUER ROSE LLP**
2  ELISE M. BLOOM (admitted *pro hac vice*)
   ebloom@proskauer.com
   HOWARD L. GANZ
3  hganz@proskauer.com
   NEIL H. ABRAMSON (admitted *pro hac vice*)
4  nabramson@proskauer.com
   ADAM M. LUPION (admitted *pro hac vice*)
5  alupion@proskauer.com
   RACHEL SANTORO (admitted *pro hac vice*)
6  rsantoro@proskauer.com
   Eleven Times Square
7  New York, NY 10036
   Telephone:   (212) 969-3000
8  Facsimile:   (212) 969-2900

9  **PROSKAUER ROSE LLP**
   ENZO DER BOGHOSSIAN (SBN 211351)
10 ederboghossian@proskauer.com
   2049 Century Park East, 32nd Floor
11 Los Angeles, CA  90067-3206
   Telephone:   (310) 557-2900
12 Facsimile:   (310) 557-2193

13 *Attorneys for Defendant*

14             **UNITED STATES DISTRICT COURT**
         **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**
15

16 AARON SENNE, et al., Individually and on          Case No. 3:14-cv-00608-RS
   Behalf of All Those Similarly Situated;           (consolidated with 3:14-cv-03289-JCS)

17             Plaintiffs,                            **CLASS ACTION**

18        vs.
                                                      **DEFENDANT THE CINCINNATI REDS**
19 OFFICE OF THE COMMISSIONER OF                      **LLC'S ANSWERS AND OBJECTIONS TO**
   BASEBALL, an unincorporated association            **PLAINTIFFS' FIRST SET OF REQUESTS**
   doing business as MAJOR LEAGUE                     **FOR ADMISSION TO FRANCHISE**
20 BASEBALL; et al.;                                  **DEFENDANTS**

21             Defendants.

22

23

24

25

26

27

28

1    Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules"),

2    as well as the Local Rules of Practice in Civil Proceedings before the United States District Court

3    for the Northern District of California (the "Civil Local Rules"), The Cincinnati Reds LLC

4    (d/b/a "Cincinnati Reds") (hereinafter "Defendant," "Club" or "Reds") by and through its

5    attorneys, Proskauer Rose LLP, hereby responds and objects to Plaintiffs' First Set of Requests for

6    Admission to Franchise Defendants, dated August 7, 2015 (the "RFAs"):

7    **<u>PRELIMINARY STATEMENT</u>**

8    These responses are made solely for the purpose of this action.  These responses are made

9    subject to all objections as to competence, relevance, materiality, propriety and admissibility, and

10   any and all other objections and grounds that would require the exclusion of any statement made

11   herein if any such statement were made by, or if any admissions were requested of, a witness

12   present and testifying in court, all of which objections are expressly reserved and may be

13   interposed up to and including the time of trial.

14   Defendant has not fully completed the investigation of the facts related to this case and has

15   not fully completed preparation for the trial in this matter.  Accordingly, all of the responses set

16   forth herein are based only on such information and documents as are presently available and

17   specifically known to Defendant, and disclose only those contentions as are presently known to

18   Defendant.  It is anticipated that further discovery, independent investigation, legal research and

19   analysis will supply additional facts, add meaning to the known facts, as well as establish entirely

20   new factual conclusions and legal contentions, all of which may lead to substantial additions to,

21   changes in, and variations from the contentions herein set forth.

22   The responses set forth below are provided without prejudice to Defendant's right to

23   produce evidence of any fact or facts that Defendant may subsequently discover or later recall.

24   Subject to the provisions of the Federal Rules, Defendant reserves the right to correct any

25   inadvertent errors or omissions, and to revise any of the responses set forth herein as additional

26   facts are ascertained, analysis is made, legal research is completed, and contentions are made.  The

27   responses set forth herein are made in a good-faith effort to supply as much factual information

28

1

and as much specification of legal contentions as is presently known, but should in no way be to the prejudice of the Defendant in relation to further discovery, research or analysis, or the use of and/or reliance upon subsequently discovered documents.

Except for explicit facts admitted in the responses set forth below, no incidental or implicit admissions are intended.  The fact that Defendant has either responded to or objected to a RFA or part thereof should not be taken as an admission that Defendant has accepted or admitted the existence of any fact or facts set forth or assumed by such RFA, or that such response or objection constitutes evidence.  The fact that Defendant has responded to part or all of any request is not intended and shall not be construed to be a waiver by the Defendant of all or any part of any objection to any RFA.

In responding to the RFAs below, Defendant will not provide information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense/common interest privilege, and/or any other applicable privilege or immunity; information that is confidential or personal and the disclosure of which would constitute an unwarranted invasion of an affected person's constitutional, statutory and/or common law rights to privacy and confidentiality; and private, privileged, and confidential or proprietary commercial, financial, or business information.

The inadvertent or mistaken production of information subject to the protections of the attorney-client privilege, attorney work-product doctrine, or other privilege will not constitute a general, inadvertent, implicit, subject matter, separate, independent, or other waiver of such privilege or protection, and does not put in issue or constitute the affirmative use of the advice of counsel or of any privileged communications.

In providing these responses, Defendant does not waive or intend to waive, but, on the contrary, reserves or intends to reserve:

    a.   all questions as to competency, authenticity, relevancy, materiality, privilege, and admissibility of the information provided hereunder or the subject matter;

b.   the right to object on any ground to the use of the information provided hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding; and

c.   the right to object on any ground at any time to a demand for further information.

This preliminary statement is incorporated into each of the responses set forth below.

## OBJECTIONS TO THE DEFINITIONS

Defendant sets forth the following objections to the "Definitions" section set forth in the RFAs.  To the extent applicable, Defendant incorporates each of these objections into each of the responses set forth below.

1.      To the extent the "Definitions" seek to impose obligations on Defendant that are in addition to, inconsistent with, or contrary to those imposed by the Federal Rules, the Civil Local Rules, or the Court's individual rules and/or standing orders, Defendant will apply the definitions and provisions set forth in the Federal Rules, and will respond to the RFA in accordance with those Rules and will not provide information that exceeds the requirements of those Rules.

2.      Defendant objects to the definitions of "Minor Leaguer" or "Minor League Baseball Player" in paragraph 2 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.

3.      Defendant objects to the definitions of "You" or "Your" in Paragraph 7 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to entities and individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the

following definition:  "You" or "Your" shall mean Reds and/or the Club's minor league affiliates (owned by the Club).

4.        Defendant objects to the definition of "Plaintiffs" in Paragraph 6 of the "Definitions" (and in the RFAs applying that definition) because those RFAs seek information with respect to subject matter that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, impermissibly seek information outside of Defendant's possession, custody or control, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the following definition: "Plaintiffs" shall mean Jacob Kahaulelio and Ryan Kiel (for the time those individuals performed services under their Uniform Player Contracts with the Defendant) only.

## ANSWERS AND OBJECTIONS[1]

### REQUEST FOR ADMISSION NO. 1

Admit that You are subject to the Major League Rules.

### ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 1

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and that the phrase "subject to" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA.

Subject to and without waiving the foregoing objection, Defendant denies the RFA, except admits that certain of the Major League Rules apply to Defendant.

### REQUEST FOR ADMISSION NO. 2

Admit that You comply with the Major League Rules.

---

[1]   Defendant has repeated Plaintiffs' First Set of Requests for Admission verbatim as they were served upon Defendant and has made no corrections with respect to spelling, grammar, typographical errors, or any other error in syntax.

4

DEFENDANT THE CINCINNATI REDS LLC'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 2**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and that the phrase "comply with" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA.

Subject to and without waiving the foregoing objection, Defendant denies the RFA, except admits that it is the Club's practice to comply with the Major League Rules applicable to the Club to the extent appropriate.

**REQUEST FOR ADMISSION NO. 3**

Admit that You comply with Major League Rule 3 when signing Your Minor Leaguers to employment contracts.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 3**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the phrases "employment contract" and "comply" are vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Major League Rule 3(a)(1) provides as follows, in part:  "[A] Major or Minor League Club may contract with a player under the conditions and restrictions set forth in this Rule 3."

**REQUEST FOR ADMISSION NO. 4**

Admit that when signing Your Minor Leaguers to employment contracts, You use the Minor League Uniform Player Contract ("UPC") that is attached to the operative Major League Rules as MLR Attachment 3.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 4**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it

improperly characterizes a UPC as an "employment contract"; the phrase "employment contract" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that the UPC comprises part of the agreement between a minor league baseball player and the applicable Club.

**REQUEST FOR ADMISSION NO. 5**

Admit that You employ(ed) Your Minor Leaguers.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 5**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that the UPCs, to which Plaintiffs are parties, provide that Defendant "employs Player to render,  and Player agrees to render, skilled services as a Minor League Player…[during] championship playing seasons, commencing with the beginning of the championship playing season…or the portion of that regular championship playing season remaining after the execution date of this Minor League Uniform Player Contract…whichever date is later."

**REQUEST FOR ADMISSION NO. 6**

Admit that Your Minor Leaguers only receive the wages established in the Addendum C to their UPC's during Championship Season.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 6**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

6

DEFENDANT THE CINCINNATI REDS LLC'S ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA.

**REQUEST FOR ADMISSION NO. 7**

Admit that You do not pay Your Minor Leaguers the wages established in the Addendum C to their UPC's during spring training.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 7**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies, which are evidenced by the documents produced or that will be produced in this action.

**REQUEST FOR ADMISSION NO. 8**

Admit that You do not pay Your Minor Leaguers the wages established in the Addendum C to their UPC's during instructional leagues.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 8**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies, which are evidenced by the documents produced or that will be produced in this action.

**REQUEST FOR ADMISSION NO. 9**

Admit that Your Minor Leaguers do not receive the wages established in the Addendum C to their UPC's during the months between the end of the Championship Season and spring training.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 9**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies, which are evidenced by the documents produced or that will be produced in this action.

**REQUEST FOR ADMISSION NO. 10**

Admit that You never pay Your Minor Leaguers at an overtime rate, such as time-and-a-half the regular rate.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 10**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the phrases "overtime rate" and "regular rate" are vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

8

DEFENDANT THE CINCINNATI REDS LLC'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1

2    Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

3    admits that Plaintiffs did not receive additional compensation calculated at a "time-and-a-half"

4    premium, because they were not entitled "overtime" pay.

5

**REQUEST FOR ADMISSION NO. 11**

6

7    Admit that You do not maintain records showing all hours worked by Your Minor

     Leaguers.

8

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 11**

9

10   Defendant incorporates its Preliminary Statement and Objections to the Definitions as

     though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

11   RFA is overly broad; the phrase "hours worked" is vague and ambiguous such that Defendant

12   cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery

13   in a request for admission by seeking a response on a disputed conclusion of law.

14   Subject to and without waiving the foregoing objection, Defendant denies this RFA.

15

16

**REQUEST FOR ADMISSION NO. 12**

17

18   Admit that You do not provide Your Minor Leaguers with wage statements during the

     periods of spring training, instructional leagues, and other periods outside the Championship

19   Season.

20

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 12**

21

22   Defendant incorporates its Preliminary Statement and Objections to the Definitions as

     though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

23   RFA is overly broad; the phrase "wage statements" is vague and ambiguous such that Defendant

24   cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery

25   in a request for admission by seeking a response on a disputed conclusion of law.

26   Subject to and without waiving the foregoing objection, Defendant denies this RFA.

27

Dated:  September 11, 2015                          Respectfully submitted,

28

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Elise M. Bloom*
Elise M. Bloom (*pro hac vice*)
Howard L. Ganz
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
Rachel Santoro (*pro hac vice*)
**PROSKAUER ROSE LLP**
11 Times Square
New York, NY 10036
Telephone:     (212) 969-3000
Facsimile:     (212) 969-2900

ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
**PROSKAUER ROSE LLP**
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:     (310) 557-2900
Facsimile:     (310) 557-2193
*Attorneys for Defendant*

TO:     **KOREIN TILLERY, LLC**
Stephen M. Tillery (*pro hac vice*)
Aaron M. Zigler (*pro hac vice*)
Garrett R. Broshuis (*pro hac vice*)
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

**KOREIN TILLERY, LLC**
George A. Zelcs
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750

DEFENDANT THE CINCINNATI REDS LLC'S ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-
cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1

**PEARSON, SIMON & WARSHAW LLP**
Bruce L. Simon (Bar No. 96241)

2

Benjamin E. Shiftan (Bar No. 265767)
44 Montgomery Street, Suite 2450

3

San Francisco, CA 94104
Telephone: (415) 433-9000

4

Facsimile: (415) 433-9008

5

**PEARSON, SIMON & WARSHAW LLP**
Daniel L. Warshaw (Bar No. 185365)

6

Bobby Pouya (Bar No. 245527)
Michael H. Pearson (Bar No. 277857)

7

15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403

8

Telephone: (818) 788-8300
Facsimile: (818) 788-8104

9

*Plaintiffs' Interim Co-Lead Class Counsel*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT THE CINCINNATI REDS LLC'S ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-
cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1  **PROSKAUER ROSE LLP**
   ELISE M. BLOOM (admitted *pro hac vice*)
2  ebloom@proskauer.com
   HOWARD L. GANZ
3  hganz@proskauer.com
   NEIL H. ABRAMSON (admitted *pro hac vice*)
4  nabramson@proskauer.com
   ADAM M. LUPION (admitted *pro hac vice*)
5  alupion@proskauer.com
   RACHEL SANTORO (admitted *pro hac vice*)
6  rsantoro@proskauer.com
   Eleven Times Square
7  New York, NY 10036
   Telephone:   (212) 969-3000
8  Facsimile:    (212) 969-2900

9  **PROSKAUER ROSE LLP**
   ENZO DER BOGHOSSIAN (SBN 211351)
10 ederboghossian@proskauer.com
   2049 Century Park East, 32nd Floor
11 Los Angeles, CA  90067-3206
   Telephone:   (310) 557-2900
12 Facsimile:    (310) 557-2193

13 *Attorneys for Defendant*

14

15 **UNITED STATES DISTRICT COURT**
   **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

16 AARON SENNE, et al., Individually and on      Case No. 3:14-cv-00608-RS
   Behalf of All Those Similarly Situated;        (consolidated with 3:14-cv-03289-JCS)
17
                    Plaintiffs,                   **CLASS ACTION**
18             vs.
                                                  **CERTIFICATE OF SERVICE**
19 OFFICE OF THE COMMISSIONER OF
   BASEBALL, an unincorporated association
20 doing business as MAJOR LEAGUE
   BASEBALL; et al.;
21
                    Defendants.
22

23

24

25

26

27

28

I hereby certify that September 11, 2015, I caused to be served the following:

 Defendant The Cincinnati Reds LLC's Answers and Objections to Plaintiffs' First Set of Requests for Admission to Franchise Defendants

by e-mail on the following counsel for Plaintiffs:

TO: **KOREIN TILLERY, LLC**
 Stephen M. Tillery (*pro hac vice*)
 Aaron M. Zigler (*pro hac vice*)
 Garrett R. Broshuis (*pro hac vice*)
 505 North 7th Street, Suite 3600
 St. Louis, MO 63101
 Telephone: (314) 241-4844
 Facsimile: (314) 241-3525
 stillery@koreintillery.com
 azigler@koreintillery.com
 gbroshuis@koreintillery.com

 **KOREIN TILLERY, LLC**
 George A. Zelcs
 205 North Michigan, Suite 1950
 Chicago, IL  60601
 Telephone: (312) 641-9750
 Facsimile: (312) 641-9751
 gzelcs@koreintillery.com

 **PEARSON, SIMON & WARSHAW LLP**
 Bruce L. Simon (Bar No. 96241)
 Benjamin E. Shiftan (Bar No. 265767)
 44 Montgomery Street, Suite 2450
 San Francisco, CA 94104
 Telephone: (415) 433-9000
 Facsimile: (415) 433-9008
 bsimon@pswlaw.com
 bshiftan@pswlaw.com

 **PEARSON, SIMON & WARSHAW LLP**
 Daniel L. Warshaw (Bar No. 185365)
 Bobby Pouya (Bar No. 245527)
 Michael H. Pearson (Bar No. 277857)
 15165 Ventura Boulevard, Suite 400
 Sherman Oaks, California 91403
 Telephone: (818) 788-8300
 Facsimile: (818) 788-8104
 dwarshaw@pswlaw.com

1    bpouya@pswlaw.com
     mpearson@pswlaw.com

2
     *Plaintiffs' Interim Co-Lead Class Counsel*

3

4

5

6    Dated:  September 11, 2015                    Respectfully submitted,

7                                                  */s/ Elise M. Bloom*
                                                   Elise M. Bloom (*pro hac vice*)

8                                                  Howard L. Ganz

9                                                  Neil H. Abramson (*pro hac vice*)
                                                   Adam M. Lupion (*pro hac vice*)

10                                                 Rachel Santoro (*pro hac vice*)
                                                   **PROSKAUER ROSE LLP**

11                                                 11 Times Square

12                                                 New York, NY 10036
                                                   Telephone:     (212) 969-3000

13                                                 Facsimile:     (212) 969-2900

14                                                 ENZO DER BOGHOSSIAN (SBN 211351)
                                                   ederboghossian@proskauer.com

15                                                 **PROSKAUER ROSE LLP**
                                                   2049 Century Park East, 32nd Floor

16                                                 Los Angeles, CA  90067-3206
                                                   Telephone:     (310) 557-2900

17                                                 Facsimile:     (310) 557-2193

18                                                 *Attorneys for Defendant*

19

20

21

22

23

24

25

26

27

28

1  **PROSKAUER ROSE LLP**
ELISE M. BLOOM (admitted *pro hac vice*)
2  ebloom@proskauer.com
HOWARD L. GANZ
3  hganz@proskauer.com
NEIL H. ABRAMSON (admitted *pro hac vice*)
4  nabramson@proskauer.com
ADAM M. LUPION (admitted *pro hac vice*)
5  alupion@proskauer.com
RACHEL SANTORO (admitted *pro hac vice*)
6  rsantoro@proskauer.com
Eleven Times Square
7  New York, NY 10036
Telephone:   (212) 969-3000
8  Facsimile:   (212) 969-2900

9  **PROSKAUER ROSE LLP**
ENZO DER BOGHOSSIAN (SBN 211351)
10  ederboghossian@proskauer.com
2049 Century Park East, 32nd Floor
11  Los Angeles, CA  90067-3206
Telephone:   (310) 557-2900
12  Facsimile:   (310) 557-2193

13  *Attorneys for Defendant*

14  **UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

15

16  AARON SENNE, et al., Individually and on    Case No. 3:14-cv-00608-RS
Behalf of All Those Similarly Situated;      (consolidated with 3:14-cv-03289-JCS)

17                  Plaintiffs,             **CLASS ACTION**
18          vs.
**DEFENDANT KANSAS CITY ROYALS**
19  OFFICE OF THE COMMISSIONER OF    **BASEBALL CORP.'S ANSWERS AND**
BASEBALL, an unincorporated association  **OBJECTIONS TO PLAINTIFFS' FIRST**
20  doing business as MAJOR LEAGUE    **SET OF REQUESTS FOR ADMISSION**
BASEBALL; et al.;                **TO FRANCHISE DEFENDANTS**
21                  Defendants.

22

23

24

25

26

27

28

1      Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules"),

2  as well as the Local Rules of Practice in Civil Proceedings before the United States District Court

3  for the Northern District of California (the "Civil Local Rules"), Kansas City Royals Baseball

4  Corp. (d/b/a "Kansas City Royals") (hereinafter "Defendant," "Club" or "Royals") by and through

5  its attorneys, Proskauer Rose LLP, hereby responds and objects to Plaintiffs' First Set of Requests

6  for Admission to Franchise Defendants, dated August 7, 2015 (the "RFAs"):

7                                  **PRELIMINARY STATEMENT**

8      These responses are made solely for the purpose of this action.  These responses are made

9  subject to all objections as to competence, relevance, materiality, propriety and admissibility, and

10 any and all other objections and grounds that would require the exclusion of any statement made

11 herein if any such statement were made by, or if any admissions were requested of, a witness

12 present and testifying in court, all of which objections are expressly reserved and may be

13 interposed up to and including the time of trial.

14     Defendant has not fully completed the investigation of the facts related to this case and has

15 not fully completed preparation for the trial in this matter.  Accordingly, all of the responses set

16 forth herein are based only on such information and documents as are presently available and

17 specifically known to Defendant, and disclose only those contentions as are presently known to

18 Defendant.  It is anticipated that further discovery, independent investigation, legal research and

19 analysis will supply additional facts, add meaning to the known facts, as well as establish entirely

20 new factual conclusions and legal contentions, all of which may lead to substantial additions to,

21 changes in, and variations from the contentions herein set forth.

22     The responses set forth below are provided without prejudice to Defendant's right to

23 produce evidence of any fact or facts that Defendant may subsequently discover or later recall.

24 Subject to the provisions of the Federal Rules, Defendant reserves the right to correct any

25 inadvertent errors or omissions, and to revise any of the responses set forth herein as additional

26 facts are ascertained, analysis is made, legal research is completed, and contentions are made.  The

27 responses set forth herein are made in a good-faith effort to supply as much factual information

28

1    and as much specification of legal contentions as is presently known, but should in no way be to

2    the prejudice of the Defendant in relation to further discovery, research or analysis, or the use of

3    and/or reliance upon subsequently discovered documents.

4          Except for explicit facts admitted in the responses set forth below, no incidental or implicit

5    admissions are intended.  The fact that Defendant has either responded to or objected to a RFA or

6    part thereof should not be taken as an admission that Defendant has accepted or admitted the

7    existence of any fact or facts set forth or assumed by such RFA, or that such response or objection

8    constitutes evidence.  The fact that Defendant has responded to part or all of any request is not

9    intended and shall not be construed to be a waiver by the Defendant of all or any part of any

10   objection to any RFA.

11         In responding to the RFAs below, Defendant will not provide information protected from

12   disclosure by the attorney-client privilege, the attorney work product doctrine, the joint

13   defense/common interest privilege, and/or any other applicable privilege or immunity; information

14   that is confidential or personal and the disclosure of which would constitute an unwarranted

15   invasion of an affected person's constitutional, statutory and/or common law rights to privacy and

16   confidentiality; and private, privileged, and confidential or proprietary commercial, financial, or

17   business information.

18         The inadvertent or mistaken production of information subject to the protections of the

19   attorney-client privilege, attorney work-product doctrine, or other privilege will not constitute a

20   general, inadvertent, implicit, subject matter, separate, independent, or other waiver of such

21   privilege or protection, and does not put in issue or constitute the affirmative use of the advice of

22   counsel or of any privileged communications.

23         In providing these responses, Defendant does not waive or intend to waive, but, on the

24   contrary, reserves or intends to reserve:

25         a.   all questions as to competency, authenticity, relevancy, materiality, privilege, and

26              admissibility of the information provided hereunder or the subject matter;

27

28

b.  the right to object on any ground to the use of the information provided hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding; and

c.  the right to object on any ground at any time to a demand for further information.

This preliminary statement is incorporated into each of the responses set forth below.

## OBJECTIONS TO THE DEFINITIONS

Defendant sets forth the following objections to the "Definitions" section set forth in the RFAs.  To the extent applicable, Defendant incorporates each of these objections into each of the responses set forth below.

1.      To the extent the "Definitions" seek to impose obligations on Defendant that are in addition to, inconsistent with, or contrary to those imposed by the Federal Rules, the Civil Local Rules, or the Court's individual rules and/or standing orders, Defendant will apply the definitions and provisions set forth in the Federal Rules, and will respond to the RFA in accordance with those Rules and will not provide information that exceeds the requirements of those Rules.

2.      Defendant objects to the definitions of "Minor Leaguer" or "Minor League Baseball Player" in paragraph 2 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.

3.      Defendant objects to the definitions of "You" or "Your" in Paragraph 7 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to entities and individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the

1  following definition:  "You" or "Your" shall mean Royals and/or the Club's minor league

2  affiliates (owned by the Club).

3        4.       Defendant objects to the definition of "Plaintiffs" in Paragraph 6 of the

4  "Definitions" (and in the RFAs applying that definition) because those RFAs seek information

5  with respect to subject matter that is neither relevant to the claims or defenses of any party nor

6  reasonably calculated to lead to the discovery of admissible evidence, impermissibly seek

7  information outside of Defendant's possession, custody or control, and because such definitions

8  are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For

9  purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the following definition:

10  "Plaintiffs" shall mean Michael Liberto and Alex Llanos (for the time those individuals performed

11  services under their Uniform Player Contracts with the Royals) only.

12

13                                      **ANSWERS AND OBJECTIONS**[1]

14  **REQUEST FOR ADMISSION NO. 1**

15        Admit that You are subject to the Major League Rules.

16  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 1**

17        Defendant incorporates its Preliminary Statement and Objections to the Definitions as

18  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is

19  overly broad and that the phrase "subject to" is vague and ambiguous such that Defendant cannot

20  properly admit or deny the RFA.

21        Subject to and without waiving the foregoing objection, Defendant denies the RFA, except

22  admits that certain of the Major League Rules apply to Defendant.

23

24

25  _____

26  [1]   Defendant has repeated Plaintiffs' First Set of Requests for Admission verbatim as

27  they were served upon Defendant and has made no corrections with respect to spelling, grammar, typographical errors, or any other error in syntax.

28

**REQUEST FOR ADMISSION NO. 2**

Admit that You comply with the Major League Rules.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 2**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and that the phrase "comply with" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA.

Subject to and without waiving the foregoing objection, Defendant denies the RFA, except admits that it is the Club's practice to comply with the Major League Rules applicable to the Club to the extent appropriate.

**REQUEST FOR ADMISSION NO. 3**

Admit that You comply with Major League Rule 3 when signing Your Minor Leaguers to employment contracts.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 3**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the phrases "employment contract" and "comply" are vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Major League Rule 3(a)(1) provides as follows, in part:  "[A] Major or Minor League Club may contract with a player under the conditions and restrictions set forth in this Rule 3."

**REQUEST FOR ADMISSION NO. 4**

Admit that when signing Your Minor Leaguers to employment contracts, You use the Minor League Uniform Player Contract ("UPC") that is attached to the operative Major League Rules as MLR Attachment 3.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 4**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it improperly characterizes a UPC as an "employment contract"; the phrase "employment contract" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that the UPC comprises part of the agreement between a minor league baseball player and the applicable Club.

**REQUEST FOR ADMISSION NO. 5**

Admit that You employ(ed) Your Minor Leaguers.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 5**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that the UPCs, to which Plaintiffs are parties, provide that Defendant "employs Player to render, and Player agrees to render, skilled services as a Minor League Player…[during] championship playing seasons, commencing with the beginning of the championship playing season…or the portion of that regular championship playing season remaining after the execution date of this Minor League Uniform Player Contract…whichever date is later."

**REQUEST FOR ADMISSION NO. 6**

Admit that Your Minor Leaguers only receive the wages established in the Addendum C to their UPC's during Championship Season.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 6**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA.

**REQUEST FOR ADMISSION NO. 7**

Admit that You do not pay Your Minor Leaguers the wages established in the Addendum C to their UPC's during spring training.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 7**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies, which are evidenced by the documents produced or that will be produced in this action.

**REQUEST FOR ADMISSION NO. 8**

Admit that You do not pay Your Minor Leaguers the wages established in the Addendum C to their UPC's during instructional leagues.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 8**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies, which are evidenced by the documents produced or that will be produced in this action.

**REQUEST FOR ADMISSION NO. 9**

Admit that Your Minor Leaguers do not receive the wages established in the Addendum C to their UPC's during the months between the end of the Championship Season and spring training.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 9**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies, which are evidenced by the documents produced or that will be produced in this action.

**REQUEST FOR ADMISSION NO. 10**

Admit that You never pay Your Minor Leaguers at an overtime rate, such as time-and-a-half the regular rate.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 10**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

phrases "overtime rate" and "regular rate" are vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs did not receive additional compensation calculated at a "time-and-a-half" premium, because they are not entitled to "overtime" pay.

**REQUEST FOR ADMISSION NO. 11**

Admit that You do not maintain records showing all hours worked by Your Minor Leaguers.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 11**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the RFA is overly broad; the phrase "hours worked" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA.

**REQUEST FOR ADMISSION NO. 12**

Admit that You do not provide Your Minor Leaguers with wage statements during the periods of spring training, instructional leagues, and other periods outside the Championship Season.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 12**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the RFA is overly broad; the phrase "wage statements" is vague and ambiguous such that Defendant

1 | cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery

2 | in a request for admission by seeking a response on a disputed conclusion of law.

3 |       Subject to and without waiving the foregoing objection, Defendant denies this RFA.

4 |

5 | Dated:  September 11, 2015            Respectfully submitted,
           /s/ Elise M. Bloom

6 |            Elise M. Bloom (*pro hac vice*)
           Howard L. Ganz

7 |            Neil H. Abramson (*pro hac vice*)
           Adam M. Lupion (*pro hac vice*)

8 |            Rachel Santoro (*pro hac vice*)

9 |            **PROSKAUER ROSE LLP**
           11 Times Square
           New York, NY 10036

10 |            Telephone:    (212) 969-3000
           Facsimile:    (212) 969-2900

11 |

12 |            ENZO DER BOGHOSSIAN (SBN 211351)
           ederboghossian@proskauer.com

13 |            **PROSKAUER ROSE LLP**
           2049 Century Park East, 32nd Floor

14 |            Los Angeles, CA  90067-3206
           Telephone:    (310) 557-2900

15 |            Facsimile:    (310) 557-2193
           *Attorneys for Defendant*

16 | TO:    **KOREIN TILLERY, LLC**
       Stephen M. Tillery (*pro hac vice*)

17 |        Aaron M. Zigler (*pro hac vice*)
       Garrett R. Broshuis (*pro hac vice*)

18 |        505 North 7th Street, Suite 3600
       St. Louis, MO 63101

19 |        Telephone: (314) 241-4844
       Facsimile: (314) 241-3525

20 |

21 |        **KOREIN TILLERY, LLC**
       George A. Zelcs

22 |        205 North Michigan, Suite 1950
       Chicago, IL  60601

23 |        Telephone: (312) 641-9750

24 |        **PEARSON, SIMON & WARSHAW LLP**
       Bruce L. Simon (Bar No. 96241)

25 |        Benjamin E. Shiftan (Bar No. 265767)
       44 Montgomery Street, Suite 2450

26 |        San Francisco, CA 94104
       Telephone: (415) 433-9000

27 |        Facsimile: (415) 433-9008

28 |        **PEARSON, SIMON & WARSHAW LLP**

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1

Daniel L. Warshaw (Bar No. 185365)
Bobby Pouya (Bar No. 245527)
Michael H. Pearson (Bar No. 277857)
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

*Plaintiffs' Interim Co-Lead Class Counsel*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-
cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1 **PROSKAUER ROSE LLP**
ELISE M. BLOOM (admitted *pro hac vice*)
2 ebloom@proskauer.com
HOWARD L. GANZ
3 hganz@proskauer.com
NEIL H. ABRAMSON (admitted *pro hac vice*)
4 nabramson@proskauer.com
ADAM M. LUPION (admitted *pro hac vice*)
5 alupion@proskauer.com
RACHEL SANTORO (admitted *pro hac vice*)
6 rsantoro@proskauer.com
Eleven Times Square
7 New York, NY 10036
Telephone:   (212) 969-3000
8 Facsimile:   (212) 969-2900

9 **PROSKAUER ROSE LLP**
ENZO DER BOGHOSSIAN (SBN 211351)
10 ederboghossian@proskauer.com
2049 Century Park East, 32nd Floor
11 Los Angeles, CA  90067-3206
Telephone:   (310) 557-2900
12 Facsimile:   (310) 557-2193

13 *Attorneys for Defendant*

14

15 **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

16 AARON SENNE, et al., Individually and on            Case No. 3:14-cv-00608-RS
Behalf of All Those Similarly Situated;              (consolidated with 3:14-cv-03289-JCS)
17
                                                     **CLASS ACTION**
                        Plaintiffs,
18                                                   **CERTIFICATE OF SERVICE**
                vs.
19
OFFICE OF THE COMMISSIONER OF
20 BASEBALL, an unincorporated association
doing business as MAJOR LEAGUE
21 BASEBALL; et al.;

22                     Defendants.

23

24

25

26

27

28

DEFENDANT KANSAS CITY ROYALS BASEBALL CORP.'S CERTIFICATE OF SERVICE–
Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

I hereby certify that September 11, 2015, I caused to be served the following:

> Defendant Kansas City Royals Baseball Corp.'s Answers and Objections to Plaintiffs' First Set of Requests for Admission to Franchise Defendants

by e-mail on the following counsel for Plaintiffs:


TO:    **KOREIN TILLERY, LLC**
       Stephen M. Tillery (*pro hac vice*)
       Aaron M. Zigler (*pro hac vice*)
       Garrett R. Broshuis (*pro hac vice*)
       505 North 7th Street, Suite 3600
       St. Louis, MO 63101
       Telephone: (314) 241-4844
       Facsimile: (314) 241-3525
       stillery@koreintillery.com
       azigler@koreintillery.com
       gbroshuis@koreintillery.com

       **KOREIN TILLERY, LLC**
       George A. Zelcs
       205 North Michigan, Suite 1950
       Chicago, IL  60601
       Telephone: (312) 641-9750
       Facsimile: (312) 641-9751
       gzelcs@koreintillery.com

       **PEARSON, SIMON & WARSHAW LLP**
       Bruce L. Simon (Bar No. 96241)
       Benjamin E. Shiftan (Bar No. 265767)
       44 Montgomery Street, Suite 2450
       San Francisco, CA 94104
       Telephone: (415) 433-9000
       Facsimile: (415) 433-9008
       bsimon@pswlaw.com
       bshiftan@pswlaw.com

       **PEARSON, SIMON & WARSHAW LLP**
       Daniel L. Warshaw (Bar No. 185365)
       Bobby Pouya (Bar No. 245527)
       Michael H. Pearson (Bar No. 277857)
       15165 Ventura Boulevard, Suite 400
       Sherman Oaks, California 91403
       Telephone: (818) 788-8300
       Facsimile: (818) 788-8104
       dwarshaw@pswlaw.com

1    bpouya@pswlaw.com
       mpearson@pswlaw.com

2

3    *Plaintiffs' Interim Co-Lead Class Counsel*

4

5

6    Dated:  September 11, 2015          Respectfully submitted,

7                              */s/ Elise M. Bloom*
                              Elise M. Bloom (*pro hac vice*)

8                              Howard L. Ganz

9                              Neil H. Abramson (*pro hac vice*)
                              Adam M. Lupion (*pro hac vice*)

10                            Rachel Santoro (*pro hac vice*)
                              **PROSKAUER ROSE LLP**

11                            11 Times Square

12                            New York, NY 10036
                              Telephone:    (212) 969-3000

13                            Facsimile:    (212) 969-2900

14                            ENZO DER BOGHOSSIAN (SBN 211351)
                            ederboghossian@proskauer.com

15                            **PROSKAUER ROSE LLP**
                            2049 Century Park East, 32nd Floor

16                            Los Angeles, CA  90067-3206
                            Telephone:    (310) 557-2900

17                            Facsimile:    (310) 557-2193

18                            *Attorneys for Defendant*

19

20

21

22

23

24

25

26

27

28

**PROSKAUER ROSE LLP**
ELISE M. BLOOM (admitted *pro hac vice*)
ebloom@proskauer.com
HOWARD L. GANZ
hganz@proskauer.com
NEIL H. ABRAMSON (admitted *pro hac vice*)
nabramson@proskauer.com
ADAM M. LUPION (admitted *pro hac vice*)
alupion@proskauer.com
RACHEL SANTORO (admitted *pro hac vice*)
rsantoro@proskauer.com
Eleven Times Square
New York, NY 10036
Telephone:   (212) 969-3000
Facsimile:    (212) 969-2900

**PROSKAUER ROSE LLP**
ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:   (310) 557-2900
Facsimile:    (310) 557-2193

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated;<br><br>Plaintiffs,<br><br>vs.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL; et al.;<br><br>Defendants. | Case No. 3:14-cv-00608-RS (consolidated with 3:14-cv-03289-JCS)<br><br>**CLASS ACTION**<br><br>**DEFENDANT SAN FRANCISCO BASEBALL ASSOCIATES LLC'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS** |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules"), as well as the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California (the "Civil Local Rules"), San Francisco Baseball Associates LLC (d/b/a "San Francisco Giants") (hereinafter "Defendant," "Club" or "Giants") by and through its attorneys, Proskauer Rose LLP, hereby responds and objects to Plaintiffs' First Set of Requests for Admission, dated August 7, 2015 (the "RFAs"):

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action.  These responses are made subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds that would require the exclusion of any statement made herein if any such statement were made by, or if any admissions were requested of, a witness present and testifying in court, all of which objections are expressly reserved and may be interposed up to and including the time of trial.

Defendant has not fully completed the investigation of the facts related to this case and has not fully completed preparation for the trial in this matter.  Accordingly, all of the responses set forth herein are based only on such information and documents as are presently available and specifically known to Defendant, and disclose only those contentions as are presently known to Defendant.  It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth.

The responses set forth below are provided without prejudice to Defendant's right to produce evidence of any fact or facts that Defendant may subsequently discover or later recall.  Subject to the provisions of the Federal Rules, Defendant reserves the right to correct any inadvertent errors or omissions, and to revise any of the responses set forth herein as additional facts are ascertained, analysis is made, legal research is completed, and contentions are made.  The responses set forth herein are made in a good-faith effort to supply as much factual information

and as much specification of legal contentions as is presently known, but should in no way be to the prejudice of the Defendant in relation to further discovery, research or analysis, or the use of and/or reliance upon subsequently discovered documents.

Except for explicit facts admitted in the responses set forth below, no incidental or implicit admissions are intended.  The fact that Defendant has either responded to or objected to a RFA or part thereof should not be taken as an admission that Defendant has accepted or admitted the existence of any fact or facts set forth or assumed by such RFA, or that such response or objection constitutes evidence.  The fact that Defendant has responded to part or all of any request is not intended and shall not be construed to be a waiver by the Defendant of all or any part of any objection to any RFA.

In responding to the RFAs below, Defendant will not provide information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense/common interest privilege, and/or any other applicable privilege or immunity; information that is confidential or personal and the disclosure of which would constitute an unwarranted invasion of an affected person's constitutional, statutory and/or common law rights to privacy and confidentiality; and private, privileged, and confidential or proprietary commercial, financial, or business information.

The inadvertent or mistaken production of information subject to the protections of the attorney-client privilege, attorney work-product doctrine, or other privilege will not constitute a general, inadvertent, implicit, subject matter, separate, independent, or other waiver of such privilege or protection, and does not put in issue or constitute the affirmative use of the advice of counsel or of any privileged communications.

In providing these responses, Defendant does not waive or intend to waive, but, on the contrary, reserves or intends to reserve:

a.   all questions as to competency, authenticity, relevancy, materiality, privilege, and admissibility of the information provided hereunder or the subject matter;

b.  the right to object on any ground to the use of the information provided hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding; and

c.  the right to object on any ground at any time to a demand for further information.

This preliminary statement is incorporated into each of the responses set forth below.

## OBJECTIONS TO THE DEFINITIONS

Defendant sets forth the following objections to the "Definitions" section set forth in the RFAs.  To the extent applicable, Defendant incorporates each of these objections into each of the responses set forth below.

1.     To the extent the "Definitions" seek to impose obligations on Defendant that are in addition to, inconsistent with, or contrary to those imposed by the Federal Rules, the Civil Local Rules, or the Court's individual rules and/or standing orders, Defendant will apply the definitions and provisions set forth in the Federal Rules, and will respond to the RFA in accordance with those Rules and will not provide information that exceeds the requirements of those Rules.

2.     Defendant objects to the definitions of "Minor Leaguer" or "Minor League Baseball Player" in paragraph 2 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.

3.     Defendant objects to the definitions of "You" or "Your" in Paragraph 7 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to entities and individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the

following definition:  "You" or "Your" shall mean the Giants and/or the Club's minor league affiliates (owned by the Club).

4.      Defendant objects to the definition of "Plaintiffs" in Paragraph 6 of the "Definitions" (and in the RFAs applying that definition) because those RFAs seek information with respect to subject matter that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, impermissibly seek information outside of Defendant's possession, custody or control, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the following definition: "Plaintiffs" shall mean Kyle Nicholson, Oliver Odle, David Quinowski, Gaspar Santiago, Mark Wagner, Joel Weeks and Kyle Woodruff (for the time those individuals performed services under their Uniform Player Contracts with the Giants' organization) only.

## ANSWERS AND OBJECTIONS[1]

## REQUEST FOR ADMISSION NO. 1

Admit that You are subject to the Major League Rules.

## ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 1

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and that the phrase "subject to" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA.

Subject to and without waiving the foregoing objection, Defendant denies the RFA, except admits that certain of the Major League Rules apply to Defendant.

## REQUEST FOR ADMISSION NO. 2

Admit that You comply with the Major League Rules.

---

[1]   Defendant has repeated Plaintiffs' First Set of Requests for Admission verbatim as they were served upon Defendant and has made no corrections with respect to spelling, grammar, typographical errors, or any other error in syntax.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 2**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and that the phrase "comply with" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA.

Subject to and without waiving the foregoing objection, Defendant denies the RFA, except admits that it is the Club's practice to comply with the Major League Rules to the extent appropriate.

**REQUEST FOR ADMISSION NO. 3**

Admit that You comply with Major League Rule 3 when signing Your Minor Leaguers to employment contracts.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 3**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the phrases "employment contract" and "comply" are vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Major League Rule 3(a)(1) provides as follows, in part:  "[A] Major or Minor League Club may contract with a player under the conditions and restrictions set forth in this Rule 3."

**REQUEST FOR ADMISSION NO. 4**

Admit that when signing Your Minor Leaguers to employment contracts, You use the Minor League Uniform Player Contract ("UPC") that is attached to the operative Major League Rules as MLR Attachment 3.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 4**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it

5

DEFENDANT SAN FRANCISCO BASEBALL ASSOCIATES LLC'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

improperly characterizes a UPC as an "employment contract"; the phrase "employment contract" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that the UPC comprises part of the agreement between a minor league baseball player and the applicable Club.

**REQUEST FOR ADMISSION NO. 5**

Admit that You employ(ed) Your Minor Leaguers.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 5**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein. Defendant specifically objects to this RFA on the grounds that it is overly broad and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that the UPCs, to which Plaintiffs are parties, provide that Defendant "employs Player to render, and Player agrees to render skilled services as a Minor League Player…[during] championship playing seasons, commencing with the beginning of the championship playing season…or the portion of that regular championship playing season remaining after the execution date of this Minor League Uniform Player Contract…whichever date is later."

**REQUEST FOR ADMISSION NO. 6**

Admit that Your Minor Leaguers only receive the wages established in the Addendum C to their UPC's during Championship Season.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 6**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein. Defendant specifically objects to this RFA on the grounds that the

1  term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

2  RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

3  seeking a response on a disputed conclusion of law.

4        Subject to and without waiving the foregoing objection, Defendant denies this RFA.

5

6  **REQUEST FOR ADMISSION NO. 7**

7        Admit that You do not pay Your Minor Leaguers the wages established in the Addendum

8  C to their UPC's during spring training.

9  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 7**

10        Defendant incorporates its Preliminary Statement and Objections to the Definitions as

11  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

12  term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

13  RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

14  seeking a response on a disputed conclusion of law.

15        Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

16  admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

17  which are evidenced by the documents produced or that will be produced in this action.

18

19  **REQUEST FOR ADMISSION NO. 8**

20        Admit that You do not pay Your Minor Leaguers the wages established in the Addendum

21  C to their UPC's during instructional leagues.

22  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 8**

23        Defendant incorporates its Preliminary Statement and Objections to the Definitions as

24  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

25  term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

26  RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

27  seeking a response on a disputed conclusion of law.

28

1  Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

2  admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

3  which are evidenced by the documents produced or that will be produced in this action.

4

5  **REQUEST FOR ADMISSION NO. 9**

6  Admit that Your Minor Leaguers do not receive the wages established in the Addendum C

7  to their UPC's during the months between the end of the Championship Season and spring

8  training.

9  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 9**

10  Defendant incorporates its Preliminary Statement and Objections to the Definitions as

11  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

12  term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

13  RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

14  seeking a response on a disputed conclusion of law.

15  Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

16  admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

17  which are evidenced by the documents produced or that will be produced in this action.

18

19  **REQUEST FOR ADMISSION NO. 10**

20  Admit that You never pay Your Minor Leaguers at an overtime rate, such as time-and-a-

21  half the regular rate.

22  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 10**

23  Defendant incorporates its Preliminary Statement and Objections to the Definitions as

24  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

25  phrases "overtime rate" and "regular rate" are vague and ambiguous such that Defendant cannot

26  properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a

27  request for admission by seeking a response on a disputed conclusion of law.

28

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs did not receive additional compensation calculated at a "time-and-a-half" premium, because they were not entitled to "overtime" pay.

**REQUEST FOR ADMISSION NO. 11**

Admit that You do not maintain records showing all hours worked by Your Minor Leaguers.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 11**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the RFA is overly broad; the phrase "hours worked" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA.

**REQUEST FOR ADMISSION NO. 12**

Admit that You do not provide Your Minor Leaguers with wage statements during the periods of spring training, instructional leagues, and other periods outside the Championship Season.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 12**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the RFA is overly broad; the phrase "wage statements" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA.

Dated:  September 11, 2015                              Respectfully submitted,

9

DEFENDANT SAN FRANCISCO BASEBALL ASSOCIATES LLC'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Elise M. Bloom*

Elise M. Bloom (*pro hac vice*)
Howard L. Ganz
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
Rachel Santoro (*pro hac vice*)
**PROSKAUER ROSE LLP**
11 Times Square
New York, NY 10036
Telephone:    (212) 969-3000
Facsimile:    (212) 969-2900

ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
**PROSKAUER ROSE LLP**
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:    (310) 557-2900
Facsimile:    (310) 557-2193
*Attorneys for Defendant*

TO:    **KOREIN TILLERY, LLC**
        Stephen M. Tillery (*pro hac vice*)
        Aaron M. Zigler (*pro hac vice*)
        Garrett R. Broshuis (*pro hac vice*)
        505 North 7th Street, Suite 3600
        St. Louis, MO 63101
        Telephone: (314) 241-4844
        Facsimile: (314) 241-3525

        **KOREIN TILLERY, LLC**
        George A. Zelcs
        205 North Michigan, Suite 1950
        Chicago, IL  60601
        Telephone: (312) 641-9750

        **PEARSON, SIMON & WARSHAW LLP**
        Bruce L. Simon (Bar No. 96241)
        Benjamin E. Shiftan (Bar No. 265767)
        44 Montgomery Street, Suite 2450
        San Francisco, CA 94104
        Telephone: (415) 433-9000
        Facsimile: (415) 433-9008

        **PEARSON, SIMON & WARSHAW LLP**
        Daniel L. Warshaw (Bar No. 185365)
        Bobby Pouya (Bar No. 245527)
        Michael H. Pearson (Bar No. 277857)
        15165 Ventura Boulevard, Suite 400
        Sherman Oaks, California 91403
        Telephone: (818) 788-8300
        Facsimile: (818) 788-8104

        *Plaintiffs' Interim Co-Lead Class Counsel*

1  **PROSKAUER ROSE LLP**
   ELISE M. BLOOM (admitted *pro hac vice*)
2  ebloom@proskauer.com
   HOWARD L. GANZ
3  hganz@proskauer.com
   NEIL H. ABRAMSON (admitted *pro hac vice*)
4  nabramson@proskauer.com
   ADAM M. LUPION (admitted *pro hac vice*)
5  alupion@proskauer.com
   RACHEL SANTORO (admitted *pro hac vice*)
6  rsantoro@proskauer.com
   Eleven Times Square
7  New York, NY 10036
   Telephone:   (212) 969-3000
8  Facsimile:    (212) 969-2900

9  **PROSKAUER ROSE LLP**
   ENZO DER BOGHOSSIAN (SBN 211351)
10 ederboghossian@proskauer.com
   2049 Century Park East, 32nd Floor
11 Los Angeles, CA  90067-3206
   Telephone:   (310) 557-2900
12 Facsimile:    (310) 557-2193

13 *Attorneys for Defendant*

14

15 **UNITED STATES DISTRICT COURT**
   **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

16 AARON SENNE, et al., Individually and on      Case No. 3:14-cv-00608-RS
   Behalf of All Those Similarly Situated;       (consolidated with 3:14-cv-03289-JCS)
17
                        Plaintiffs,              **CLASS ACTION**
18              vs.
                                                 **CERTIFICATE OF SERVICE**
19 OFFICE OF THE COMMISSIONER OF
   BASEBALL, an unincorporated association
20 doing business as MAJOR LEAGUE
   BASEBALL; et al.;
21
                        Defendants.
22

23

24

25

26

27

28

---
DEFENDANT SAN FRANCISCO BASEBALL ASSOCIATES LLC'S CERTIFICATE OF SERVICE–
Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

I hereby certify that September 11, 2015, I caused to be served the following:

Defendant San Francisco Baseball Associates LLC's Answers and Objections to Plaintiffs' First Set of Requests for Admission to Franchise Defendants

by e-mail on the following counsel for Plaintiffs:

TO:     **KOREIN TILLERY, LLC**
        Stephen M. Tillery (*pro hac vice*)
        Aaron M. Zigler (*pro hac vice*)
        Garrett R. Broshuis (*pro hac vice*)
        505 North 7th Street, Suite 3600
        St. Louis, MO 63101
        Telephone: (314) 241-4844
        Facsimile: (314) 241-3525
        stillery@koreintillery.com
        azigler@koreintillery.com
        gbroshuis@koreintillery.com

        **KOREIN TILLERY, LLC**
        George A. Zelcs
        205 North Michigan, Suite 1950
        Chicago, IL  60601
        Telephone: (312) 641-9750
        Facsimile: (312) 641-9751
        gzelcs@koreintillery.com

        **PEARSON, SIMON & WARSHAW LLP**
        Bruce L. Simon (Bar No. 96241)
        Benjamin E. Shiftan (Bar No. 265767)
        44 Montgomery Street, Suite 2450
        San Francisco, CA 94104
        Telephone: (415) 433-9000
        Facsimile: (415) 433-9008
        bsimon@pswlaw.com
        bshiftan@pswlaw.com

        **PEARSON, SIMON & WARSHAW LLP**
        Daniel L. Warshaw (Bar No. 185365)
        Bobby Pouya (Bar No. 245527)
        Michael H. Pearson (Bar No. 277857)
        15165 Ventura Boulevard, Suite 400
        Sherman Oaks, California 91403
        Telephone: (818) 788-8300
        Facsimile: (818) 788-8104
        dwarshaw@pswlaw.com

bpouya@pswlaw.com
mpearson@pswlaw.com

*Plaintiffs' Interim Co-Lead Class Counsel*

Dated:  September 11, 2015                          Respectfully submitted,

                                                    */s/ Elise M. Bloom*
                                                    Elise M. Bloom (*pro hac vice*)
                                                    Howard L. Ganz
                                                    Neil H. Abramson (*pro hac vice*)
                                                    Adam M. Lupion (*pro hac vice*)
                                                    Rachel Santoro (*pro hac vice*)
                                                    **PROSKAUER ROSE LLP**
                                                    11 Times Square
                                                    New York, NY 10036
                                                    Telephone:     (212) 969-3000
                                                    Facsimile:     (212) 969-2900

                                                    ENZO DER BOGHOSSIAN (SBN 211351)
                                                    ederboghossian@proskauer.com
                                                    **PROSKAUER ROSE LLP**
                                                    2049 Century Park East, 32nd Floor
                                                    Los Angeles, CA  90067-3206
                                                    Telephone:     (310) 557-2900
                                                    Facsimile:     (310) 557-2193
                                                    *Attorneys for Defendant*

**PROSKAUER ROSE LLP**
ELISE M. BLOOM (admitted *pro hac vice*)
ebloom@proskauer.com
HOWARD L. GANZ
hganz@proskauer.com
NEIL H. ABRAMSON (admitted *pro hac vice*)
nabramson@proskauer.com
ADAM M. LUPION (admitted *pro hac vice*)
alupion@proskauer.com
RACHEL SANTORO (admitted *pro hac vice*)
rsantoro@proskauer.com
Eleven Times Square
New York, NY 10036
Telephone:   (212) 969-3000
Facsimile:   (212) 969-2900

**PROSKAUER ROSE LLP**
ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:   (310) 557-2900
Facsimile:   (310) 557-2193

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated;<br><br>Plaintiffs,<br><br>vs.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL; et al.;<br><br>Defendants. | Case No. 3:14-cv-00608-RS (consolidated with 3:14-cv-03289-JCS)<br><br>**CLASS ACTION**<br><br>**DEFENDANT THE OFFICE OF THE COMMISSIONER OF BASEBALL'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION** |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules"), as well as the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California (the "Civil Local Rules"),  Defendant Office of the Commissioner of Baseball (d/b/a "Major League Baseball") ("Defendant," "MLB" or "The Office of the Commissioner of Baseball"), by and through its attorneys, Proskauer Rose LLP, hereby responds and objects to Plaintiffs' First Set of Requests for Admission to the Office of the Commissioner of Baseball, dated August 7, 2015 (the "RFAs"):

## **PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action.  These responses are made subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds that would require the exclusion of any statement made herein if any such statement were made by, or if any admission were requested of, a witness present and testifying in court, all of which objections are expressly reserved and may be interposed up to and including the time of trial.

Defendant has not fully completed the investigation of the facts related to this case and has not fully completed preparation for the trial in this matter.  Accordingly, all of the responses set forth herein are based only on such information and documents as are presently available and specifically known to Defendant, and disclose only those contentions as are presently known to Defendant.  It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth.

The responses set forth below are provided without prejudice to Defendant's right to produce evidence of any fact or facts that Defendant may subsequently discover or later recall. Subject to the provisions of the Federal Rules, Defendant reserves the right to correct any inadvertent errors or omissions, and to revise any of the responses set forth herein as additional facts are ascertained, analysis is made, legal research is completed, and contentions are made.  The

1    responses set forth herein are made in a good-faith effort to supply as much factual information

2    and as much specification of legal contentions as is presently known, but should in no way be to

3    the prejudice of the Defendant in relation to further discovery, research or analysis, or the use of

4    and/or reliance upon subsequently discovered documents.

5            Except for explicit facts admitted in the responses set forth below, no incidental or implicit

6    admissions are intended.  The fact that Defendant has either responded to or objected to a RFA or

7    part thereof should not be taken as an admission that Defendant has accepted or admitted the

8    existence of any fact or facts set forth or assumed by such RFA, or that such response or objection

9    constitutes evidence.  The fact that Defendant has responded to part or all of any request is not

10   intended and shall not be construed to be a waiver by the Defendant of all or any part of any

11   objection to any RFA.

12           In responding to the RFAs below, Defendant will not provide information protected from

13   disclosure by the attorney-client privilege, the attorney work product doctrine, the joint

14   defense/common interest privilege, and/or any other applicable privilege or immunity; information

15   that is confidential or personal and the disclosure of which would constitute an unwarranted

16   invasion of an affected person's constitutional, statutory and/or common law rights to privacy and

17   confidentiality; and private, privileged, and confidential or proprietary commercial, financial, or

18   business information.

19           The inadvertent or mistaken production of information subject to the protections of the

20   attorney-client privilege, attorney work-product doctrine, or other privilege will not constitute a

21   general, inadvertent, implicit, subject matter, separate, independent, or other waiver of such

22   privilege or protection, and does not put in issue or constitute the affirmative use of the advice of

23   counsel or of any privileged communications.

24           In providing these responses, Defendant does not waive or intend to waive, but, on the

25   contrary, reserves or intends to reserve:

26       a.   all questions as to competency, authenticity, relevancy, materiality, privilege, and

27            admissibility of the information provided hereunder or the subject matter;

28

b. the right to object on any ground to the use of the information provided hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding; and

c. the right to object on any ground at any time to a demand for further information.

This preliminary statement is incorporated into each of the responses set forth below.

## OBJECTIONS TO THE DEFINITIONS

Defendant sets forth the following objections to the "Definitions" section set forth in the RFAs. To the extent applicable, Defendant incorporates each of these objections into each of the responses set forth below.

1. To the extent the "Definitions" seek to impose obligations on Defendant that are in addition to, inconsistent with, or contrary to those imposed by the Federal Rules, the Civil Local Rules, or the Court's individual rules and/or standing orders, Defendant will apply the definitions and provisions set forth in the Federal Rules, and will respond to the RFA in accordance with those Rules and will not provide information that exceeds the requirements of those Rules.

2. Defendant objects to the definitions of "Minor Leaguer" or "Minor League Baseball Player" in paragraph 2 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.

3. Defendant objects to the definitions of "You" or "Your" in Paragraph 7 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs information with respect to entities and individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome. For purposes of Defendant's responses to the RFAs, Defendant applies the following definition:

"You" or "Your" shall mean Office of the Commissioner of Baseball (d/b/a "Major League Baseball").

## ANSWERS AND OBJECTIONS[1]

**REQUEST FOR ADMISSION NO. 1**

Admit that You issue the Major League Rules.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 1**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and that the term "issue" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA.

Subject to and without waiving the foregoing objection, Defendant denies the RFA, except admits that MLB issues certain of the Major League Rules.

**REQUEST FOR ADMISSION NO. 2**

Admit that You enforce the Major League Rules.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 2**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and that the term "enforce" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA.

Subject to and without waiving the foregoing objection, Defendant denies the RFA, except admits that MLB, among others, has the authority to enforce the Major League Rules.

---

[1]   Defendant has repeated Plaintiffs' RFAs verbatim as they were served upon Defendant and has made no corrections with respect to spelling, grammar, typographical errors, or any other error in syntax.

**REQUEST FOR ADMISSION NO. 3**

Admit that all Minor League Uniform Player Contracts ("UPC") must be either approved or disapproved by You.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 3**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that UPCs provide as follows:  "[a] Minor League Uniform Player Contract, including any addenda or attachments, shall not be valid, recognized, or enforced unless filed and approved by the Commissioner [as defined in UPC Paragraph II(H)]."


**REQUEST FOR ADMISSION NO. 4**

Admit that when Minor Leaguers sign employment contracts, the UPC that is attached to the operative Major League Rules as MLR Attachment 3 is used.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 4**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it improperly characterizes a UPC as an "employment contract"; the term "employment contract" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

Subject to and without waiving the foregoing objection, Defendant admits this RFA.


**REQUEST FOR ADMISSION NO. 5**

Admit that Minor Leaguers only receive the wages established in the Addendum C to their UPCs during the Championship Season.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 5**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as

1   though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

2   term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

3   RFA; the RFA exceeds the scope of permissible discovery in a request for admission by seeking a

4   response on a disputed conclusion of law; Defendant, after a reasonable inquiry, lacks knowledge

5   or information sufficient to enable it to admit or deny the RFA; and requiring a response to the

6   RFA would impose an undue burden and expense upon Defendant, especially because Plaintiffs

7   propound an identical RFA to each of the Club Defendants in Plaintiffs' First Set of Requests for

8   Admission to the Franchise Defendants, dated August 7, 2015 (the "Club RFAs").

9       Subject to and without waiving the foregoing objection, Defendant denies this RFA.

10

11   **REQUEST FOR ADMISSION NO. 6**

12       Admit that Minor Leaguers do not receive the wages established in the Addendum C to

13   their UPC's during spring training.

14   **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 6**

15       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

16   though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

17   term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

18   RFA; the RFA exceeds the scope of permissible discovery in a request for admission by seeking a

19   response on a disputed conclusion of law; and requiring a response to the RFA would impose an

20   undue burden and expense upon Defendant, especially because Plaintiffs propound an identical

21   RFA to each of the Club Defendants in the Club RFAs.

22       Subject to and without waiving the foregoing objection, Defendant admits that Addendum

23   C to the UPC, provides for a "monthly salary rate during the…championship playing season."

24   Defendant, after a reasonable inquiry, lacks knowledge or information sufficient to enable it to

25   admit or deny what Plaintiffs may "receive" or have "received" from their respective Clubs and/or

26   the Club's minor league affiliates during spring training in addition to what is provided for in

27   Addendum C.

28

**REQUEST FOR ADMISSION NO. 7**

Admit that Minor Leaguers do not receive the wages established in the Addendum C to their UPC's during instructional leagues.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 7**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law; and requiring a response to the RFA would impose an undue burden and expense upon Defendant, especially because Plaintiffs propound an identical RFA to each of the Club Defendants in the Club RFAs.

Subject to and without waiving the foregoing objection, Defendant admits that Addendum C to the UPC, provides for a "monthly salary rate during the…championship playing season." Defendant, after a reasonable inquiry, lacks knowledge or information sufficient to enable it to admit or deny what Plaintiffs may "receive" or have "received" from their respective Clubs and/or the Club's minor league affiliates during instructional leagues in addition to what is provided for in Addendum C.


**REQUEST FOR ADMISSION NO. 8**

Admit that Minor Leaguers do not receive the wages established in the Addendum C to their UPC's during the months between the end of the Championship Season and spring training.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 8**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law; and requiring a response to the RFA would impose an

7

DEFENDANT THE OFFICE OF THE COMMISSIONER OF BASEBALL'S
RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION-
Case No. 3:14-cv-00608-RS(consolidated with 3:14-cv-03289-JCS)

undue burden and expense upon Defendant, especially because Plaintiffs propound an identical RFA to each of the Club Defendants in the Club RFAs.

Subject to and without waiving the foregoing objection, Defendant admits that Addendum C to the UPC, provides for a "monthly salary rate during the…championship playing season." Defendant, after a reasonable inquiry, lacks knowledge or information sufficient to enable it to admit or deny what Plaintiffs may "receive" or have "received" from their respective Clubs and/or the Club's minor league affiliates "during the months between the end of Championship season and spring training" in addition to what is provided for in Addendum C.

**REQUEST FOR ADMISSION NO. 9**

Admit that Minor Leaguers are never paid at an overtime rate, such as time-and-a-half the regular rate.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 9**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the phrases "overtime rate" and "regular rate" are vague and ambiguous such that Defendant cannot properly admit or deny the RFA; the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law; and requiring a response to the RFA would impose an undue burden and expense upon Defendant, especially because Plaintiffs propound an identical RFA to each of the Club Defendants in the Club RFAs.

Subject to and without waiving the foregoing objection, Defendant, after a reasonable inquiry, lacks knowledge and information sufficient to enable it to admit or deny this RFA.

**REQUEST FOR ADMISSION NO. 10**

Admit that records are not kept showing all hours worked by Minor Leaguers.

1   <u>**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 10**</u>

2        Defendant incorporates its Preliminary Statement and Objections to the Definitions as

3   though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

4   RFA is overly broad; the phrase "hours worked" is vague and ambiguous such that Defendant

5   cannot properly admit or deny the RFA; Defendant, after a reasonable inquiry, lacks knowledge or

6   information sufficient to enable it to admit or deny the RFA; the RFA exceeds the scope of

7   permissible discovery in a request for admission by seeking a response on a disputed conclusion of

8   law; and requiring a response to the RFA would impose an undue burden and expense upon

9   Defendant, especially because Plaintiffs propound an identical RFA to each of the Club

10  Defendants in the Club RFAs.

11       Subject to and without waiving the foregoing objection, Defendant denies this RFA.

12

13  <u>**REQUEST FOR ADMISSION NO. 11**</u>

14       Admit that Minor Leaguers are not provided with wage statements during the periods of

15  spring training, instructional leagues, and other periods outside of the Championship Season.

16  <u>**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 11**</u>

17       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

18  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

19  RFA is overly broad; the phrase "wage statements" is vague and ambiguous such that Defendant

20  cannot properly admit or deny the RFA; the RFA exceeds the scope of permissible discovery in a

21  request for admission by seeking a response on a disputed conclusion of law; requiring a response

22  to the RFA would impose an undue burden and expense upon Defendant; and Plaintiffs propound

23  an identical RFA to each of the Club Defendants in the Club RFAs.

24       Subject to and without waiving the foregoing objection, Defendant, after a reasonable

25  inquiry, lacks knowledge and information sufficient to enable it to admit or deny this RFA.

26

27

28

Dated:  September 11, 2015

Respectfully submitted,

*/s/ Elise M. Bloom*
Elise M. Bloom (*pro hac vice*)
Howard L. Ganz
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
Rachel Santoro (*pro hac vice*)
**PROSKAUER ROSE LLP**
11 Times Square
New York, NY 10036
Telephone:     (212) 969-3000
Facsimile:      (212) 969-2900

ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
**PROSKAUER ROSE LLP**
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:     (310) 557-2900
Facsimile:      (310) 557-2193
*Attorneys for Defendant*

TO:    **KOREIN TILLERY, LLC**
Stephen M. Tillery (*pro hac vice*)
Aaron M. Zigler (*pro hac vice*)
Garrett R. Broshuis (*pro hac vice*)
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

**KOREIN TILLERY, LLC**
George A. Zelcs
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750

**PEARSON, SIMON & WARSHAW LLP**
Bruce L. Simon (Bar No. 96241)
Benjamin E. Shiftan (Bar No. 265767)
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008

**PEARSON, SIMON & WARSHAW LLP**
Daniel L. Warshaw (Bar No. 185365)
Bobby Pouya (Bar No. 245527)
Michael H. Pearson (Bar No. 277857)
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

*Plaintiffs' Interim Co-Lead Class Counsel*

1  **PROSKAUER ROSE LLP**
   ELISE M. BLOOM (admitted *pro hac vice*)
2  ebloom@proskauer.com
   HOWARD L. GANZ
3  hganz@proskauer.com
   NEIL H. ABRAMSON (admitted *pro hac vice*)
4  nabramson@proskauer.com
   ADAM M. LUPION (admitted *pro hac vice*)
5  alupion@proskauer.com
   RACHEL SANTORO (admitted *pro hac vice*)
6  rsantoro@proskauer.com
   Eleven Times Square
7  New York, NY 10036
   Telephone:   (212) 969-3000
8  Facsimile:   (212) 969-2900

9  **PROSKAUER ROSE LLP**
   ENZO DER BOGHOSSIAN (SBN 211351)
10 ederboghossian@proskauer.com
   2049 Century Park East, 32nd Floor
11 Los Angeles, CA  90067-3206
   Telephone:   (310) 557-2900
12 Facsimile:   (310) 557-2193

13 *Attorneys for Defendant*

14
                **UNITED STATES DISTRICT COURT**
15     **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

16 AARON SENNE, et al., Individually and on       Case No. 3:14-cv-00608-RS
   Behalf of All Those Similarly Situated;        (consolidated with 3:14-cv-03289-JCS)
17
                         Plaintiffs,              **CLASS ACTION**
18            vs.
                                                  **CERTIFICATE OF SERVICE**
19 OFFICE OF THE COMMISSIONER OF
   BASEBALL, an unincorporated association
20 doing business as MAJOR LEAGUE
   BASEBALL; et al.;
21
                         Defendants.
22

23

24

25

26

27

28

---
DEFENDANT THE OFFICE OF THE COMMISSIONER OF BASEBALL'S CERTIFICATE OF SERVICE–
Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1   I hereby certify that September 11, 2015, I caused to be served the following:

2       Defendant The Office of the Commissioner of Baseball's Responses and Objections to
        Plaintiffs' First Set of Requests for Admission

3   by e-mail on the following counsel for Plaintiffs:

4

5

6   TO:   **KOREIN TILLERY, LLC**
        Stephen M. Tillery (*pro hac vice*)
7       Aaron M. Zigler (*pro hac vice*)
        Garrett R. Broshuis (*pro hac vice*)
8       505 North 7th Street, Suite 3600
        St. Louis, MO 63101
9       Telephone: (314) 241-4844
        Facsimile: (314) 241-3525
10      stillery@koreintillery.com
        azigler@koreintillery.com
11      gbroshuis@koreintillery.com

12      **KOREIN TILLERY, LLC**
13      George A. Zelcs
        205 North Michigan, Suite 1950
14      Chicago, IL  60601
        Telephone: (312) 641-9750
15      Facsimile: (312) 641-9751
        gzelcs@koreintillery.com
16

17      **PEARSON, SIMON & WARSHAW LLP**
        Bruce L. Simon (Bar No. 96241)
18      Benjamin E. Shiftan (Bar No. 265767)
        44 Montgomery Street, Suite 2450
19      San Francisco, CA 94104
        Telephone: (415) 433-9000
20      Facsimile: (415) 433-9008
21      bsimon@pswlaw.com
        bshiftan@pswlaw.com
22

23      **PEARSON, SIMON & WARSHAW LLP**
        Daniel L. Warshaw (Bar No. 185365)
24      Bobby Pouya (Bar No. 245527)
        Michael H. Pearson (Bar No. 277857)
25      15165 Ventura Boulevard, Suite 400
        Sherman Oaks, California 91403
26      Telephone: (818) 788-8300
        Facsimile: (818) 788-8104
27      dwarshaw@pswlaw.com

28

---

DEFENDANT THE OFFICE OF THE COMMISSIONER OF BASEBALL'S CERTIFICATE OF SERVICE–
Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

bpouya@pswlaw.com
mpearson@pswlaw.com

*Plaintiffs' Interim Co-Lead Class Counsel*

Dated:  September 11, 2015

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom (*pro hac vice*)
Howard L. Ganz
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
Rachel Santoro (*pro hac vice*)
**PROSKAUER ROSE LLP**
11 Times Square
New York, NY 10036
Telephone:     (212) 969-3000
Facsimile:     (212) 969-2900

ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
**PROSKAUER ROSE LLP**
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:     (310) 557-2900
Facsimile:     (310) 557-2193
*Attorneys for Defendant*

1   **PROSKAUER ROSE LLP**
    ELISE M. BLOOM (admitted *pro hac vice*)
2   ebloom@proskauer.com
    HOWARD L. GANZ
3   hganz@proskauer.com
    NEIL H. ABRAMSON (admitted *pro hac vice*)
4   nabramson@proskauer.com
    ADAM M. LUPION (admitted *pro hac vice*)
5   alupion@proskauer.com
    RACHEL SANTORO (admitted *pro hac vice*)
6   rsantoro@proskauer.com
    Eleven Times Square
7   New York, NY 10036
    Telephone:   (212) 969-3000
8   Facsimile:    (212) 969-2900

9   **PROSKAUER ROSE LLP**
    ENZO DER BOGHOSSIAN (SBN 211351)
10  ederboghossian@proskauer.com
    2049 Century Park East, 32nd Floor
11  Los Angeles, CA  90067-3206
    Telephone:   (310) 557-2900
12  Facsimile:    (310) 557-2193

13  *Attorneys for Defendant*

14              **UNITED STATES DISTRICT COURT**
        **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**
15

16  AARON SENNE, et al., Individually and on          Case No. 3:14-cv-00608-RS
    Behalf of All Those Similarly Situated;            (consolidated with 3:14-cv-03289-JCS)

17                 Plaintiffs,                         **CLASS ACTION**

18          vs.
                                                       **DEFENDANT STERLING METS, L.P.'S**
19  OFFICE OF THE COMMISSIONER OF                      **ANSWERS AND OBJECTIONS TO**
    BASEBALL, an unincorporated association            **PLAINTIFFS' FIRST SET OF REQUESTS**
20  doing business as MAJOR LEAGUE                      **FOR ADMISSION TO FRANCHISE**
    BASEBALL; et al.;                                  **DEFENDANTS**
21                 Defendants.

22

23

24

25

26

27

28

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules"), as well as the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California (the "Civil Local Rules"), Sterling Mets, L.P. (d/b/a "New York Mets") (hereinafter "Defendant," "Club" or "Mets") by and through its attorneys, Proskauer Rose LLP, hereby responds and objects to Plaintiffs' First Set of Requests for Admission to Franchise Defendants, dated August 7, 2015 (the "RFAs"):

**PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action. These responses are made subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds that would require the exclusion of any statement made herein if any such statement were made by, or if any admissions were requested of, a witness present and testifying in court, all of which objections are expressly reserved and may be interposed up to and including the time of trial.

Defendant has not fully completed the investigation of the facts related to this case and has not fully completed preparation for the trial in this matter. Accordingly, all of the responses set forth herein are based only on such information and documents as are presently available and specifically known to Defendant, and disclose only those contentions as are presently known to Defendant. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth.

The responses set forth below are provided without prejudice to Defendant's right to produce evidence of any fact or facts that Defendant may subsequently discover or later recall. Subject to the provisions of the Federal Rules, Defendant reserves the right to correct any inadvertent errors or omissions, and to revise any of the responses set forth herein as additional facts are ascertained, analysis is made, legal research is completed, and contentions are made. The responses set forth herein are made in a good-faith effort to supply as much factual information

1  and as much specification of legal contentions as is presently known, but should in no way be to

2  the prejudice of the Defendant in relation to further discovery, research or analysis, or the use of

3  and/or reliance upon subsequently discovered documents.

4      Except for explicit facts admitted in the responses set forth below, no incidental or implicit

5  admissions are intended.  The fact that Defendant has either responded to or objected to a RFA or

6  part thereof should not be taken as an admission that Defendant has accepted or admitted the

7  existence of any fact or facts set forth or assumed by such RFA, or that such response or objection

8  constitutes evidence.  The fact that Defendant has responded to part or all of any request is not

9  intended and shall not be construed to be a waiver by the Defendant of all or any part of any

10  objection to any RFA.

11      In responding to the RFAs below, Defendant will not provide information protected from

12  disclosure by the attorney-client privilege, the attorney work product doctrine, the joint

13  defense/common interest privilege, and/or any other applicable privilege or immunity; information

14  that is confidential or personal and the disclosure of which would constitute an unwarranted

15  invasion of an affected person's constitutional, statutory and/or common law rights to privacy and

16  confidentiality; and private, privileged, and confidential or proprietary commercial, financial, or

17  business information.

18      The inadvertent or mistaken production of information subject to the protections of the

19  attorney-client privilege, attorney work-product doctrine, or other privilege will not constitute a

20  general, inadvertent, implicit, subject matter, separate, independent, or other waiver of such

21  privilege or protection, and does not put in issue or constitute the affirmative use of the advice of

22  counsel or of any privileged communications.

23      In providing these responses, Defendant does not waive or intend to waive, but, on the

24  contrary, reserves or intends to reserve:

25      a.   all questions as to competency, authenticity, relevancy, materiality, privilege, and

26           admissibility of the information provided hereunder or the subject matter;

27

28

b.  the right to object on any ground to the use of the information provided hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding; and

c.  the right to object on any ground at any time to a demand for further information.

This preliminary statement is incorporated into each of the responses set forth below.

## OBJECTIONS TO THE DEFINITIONS

Defendant sets forth the following objections to the "Definitions" section set forth in the RFAs.  To the extent applicable, Defendant incorporates each of these objections into each of the responses set forth below.

1.      To the extent the "Definitions" seek to impose obligations on Defendant that are in addition to, inconsistent with, or contrary to those imposed by the Federal Rules, the Civil Local Rules, or the Court's individual rules and/or standing orders, Defendant will apply the definitions and provisions set forth in the Federal Rules, and will respond to the RFA in accordance with those Rules and will not provide information that exceeds the requirements of those Rules.

2.      Defendant objects to the definitions of "Minor Leaguer" or "Minor League Baseball Player" in paragraph 2 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.

3.      Defendant objects to the definitions of "You" or "Your" in Paragraph 7 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to entities and individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the

following definition:  "You" or "Your" shall mean Mets and/or the Club's minor league affiliates (owned by the Club).

4.      Defendant objects to the definition of "Plaintiffs" in Paragraph 6 of the "Definitions" (and in the RFAs applying that definition) because those RFAs seek information with respect to subject matter that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, impermissibly seek information outside of Defendant's possession, custody or control, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the following definition: "Plaintiffs" shall mean Nick Giarraputo and Ryan Hutson (for the time those individuals performed services under their Uniform Player Contracts with the Mets) only.

## ANSWERS AND OBJECTIONS[1]

### REQUEST FOR ADMISSION NO. 1

Admit that You are subject to the Major League Rules.

### ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 1

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and that the phrase "subject to" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA.

Subject to and without waiving the foregoing objection, Defendant denies the RFA, except admits that certain of the Major League Rules apply to Defendant.

### REQUEST FOR ADMISSION NO. 2

Admit that You comply with the Major League Rules.

---

[1]    Defendant has repeated Plaintiffs' First Set of Requests for Admission verbatim as they were served upon Defendant and has made no corrections with respect to spelling, grammar, typographical errors, or any other error in syntax.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 2**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and that the phrase "comply with" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA.

Subject to and without waiving the foregoing objection, Defendant denies the RFA, except admits that the Club's position is that it complies with the Major League Rules applicable to the Club to the extent appropriate.

**REQUEST FOR ADMISSION NO. 3**

Admit that You comply with Major League Rule 3 when signing Your Minor Leaguers to employment contracts.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 3**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the phrases "employment contract" and "comply" are vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Major League Rule 3(a)(1) provides as follows, in part:  "[A] Major or Minor League Club may contract with a player under the conditions and restrictions set forth in this Rule 3."

**REQUEST FOR ADMISSION NO. 4**

Admit that when signing Your Minor Leaguers to employment contracts, You use the Minor League Uniform Player Contract ("UPC") that is attached to the operative Major League Rules as MLR Attachment 3.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 4**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it

improperly characterizes a UPC as an "employment contract"; the phrase "employment contract" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that the UPC comprises part of the agreement between a minor league baseball player and the applicable Club.

**REQUEST FOR ADMISSION NO. 5**

Admit that You employ(ed) Your Minor Leaguers.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 5**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that the UPCs, to which Plaintiffs are parties, provide that Defendant "employs Player to render, and Player agrees to render, skilled services as a Minor League Player…[during] championship playing seasons, commencing with the beginning of the championship playing season…or the portion of that regular championship playing season remaining after the execution date of this Minor League Uniform Player Contract…whichever date is later."

**REQUEST FOR ADMISSION NO. 6**

Admit that Your Minor Leaguers only receive the wages established in the Addendum C to their UPC's during Championship Season.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 6**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA.

**REQUEST FOR ADMISSION NO. 7**

Admit that You do not pay Your Minor Leaguers the wages established in the Addendum C to their UPC's during spring training.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 7**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies, which are evidenced by the documents produced or that will be produced in this action.

**REQUEST FOR ADMISSION NO. 8**

Admit that You do not pay Your Minor Leaguers the wages established in the Addendum C to their UPC's during instructional leagues.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 8**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

1    Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

2  admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

3  which are evidenced by the documents produced or that will be produced in this action.

4

5  **REQUEST FOR ADMISSION NO. 9**

6    Admit that Your Minor Leaguers do not receive the wages established in the Addendum C

7  to their UPC's during the months between the end of the Championship Season and spring

8  training.

9  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 9**

10    Defendant incorporates its Preliminary Statement and Objections to the Definitions as

11  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

12  term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

13  RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

14  seeking a response on a disputed conclusion of law.

15    Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

16  admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

17  which are evidenced by the documents produced or that will be produced in this action.

18

19  **REQUEST FOR ADMISSION NO. 10**

20    Admit that You never pay Your Minor Leaguers at an overtime rate, such as time-and-a-

21  half the regular rate.

22  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 10**

23    Defendant incorporates its Preliminary Statement and Objections to the Definitions as

24  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

25  phrases "overtime rate" and "regular rate" are vague and ambiguous such that Defendant cannot

26  properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a

27  request for admission by seeking a response on a disputed conclusion of law.

28

1      Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

2   admits that Plaintiffs did not receive additional compensation calculated at a "time-and-a-half"

3   premium, because they were not entitled to "overtime" pay.

4

5   **REQUEST FOR ADMISSION NO. 11**

6      Admit that You do not maintain records showing all hours worked by Your Minor

7   Leaguers.

8   **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 11**

9      Defendant incorporates its Preliminary Statement and Objections to the Definitions as

10  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

11  RFA is overly broad; the phrase "hours worked" is vague and ambiguous such that Defendant

12  cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery

13  in a request for admission by seeking a response on a disputed conclusion of law.

14     Subject to and without waiving the foregoing objection, Defendant denies this RFA.

15

16  **REQUEST FOR ADMISSION NO. 12**

17     Admit that You do not provide Your Minor Leaguers with wage statements during the

18  periods of spring training, instructional leagues, and other periods outside the Championship

19  Season.

20  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 12**

21     Defendant incorporates its Preliminary Statement and Objections to the Definitions as

22  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

23  RFA is overly broad; the phrase "wage statements" is vague and ambiguous such that Defendant

24  cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery

25  in a request for admission by seeking a response on a disputed conclusion of law.

26     Subject to and without waiving the foregoing objection, Defendant denies this RFA.

27  Dated:  September 11, 2015                    Respectfully submitted,

28
                                            9

*/s/ Elise M. Bloom*
Elise M. Bloom (*pro hac vice*)
Howard L. Ganz
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
Rachel Santoro (*pro hac vice*)
**PROSKAUER ROSE LLP**
11 Times Square
New York, NY 10036
Telephone:     (212) 969-3000
Facsimile:      (212) 969-2900

ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
**PROSKAUER ROSE LLP**
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:     (310) 557-2900
Facsimile:      (310) 557-2193
*Attorneys for Defendant*

TO:     **KOREIN TILLERY, LLC**
Stephen M. Tillery (*pro hac vice*)
Aaron M. Zigler (*pro hac vice*)
Garrett R. Broshuis (*pro hac vice*)
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

**KOREIN TILLERY, LLC**
George A. Zelcs
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750

**PEARSON, SIMON & WARSHAW LLP**
Bruce L. Simon (Bar No. 96241)
Benjamin E. Shiftan (Bar No. 265767)
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008

**PEARSON, SIMON & WARSHAW LLP**
Daniel L. Warshaw (Bar No. 185365)
Bobby Pouya (Bar No. 245527)
Michael H. Pearson (Bar No. 277857)
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

*Plaintiffs' Interim Co-Lead Class Counsel*

1  **PROSKAUER ROSE LLP**
   ELISE M. BLOOM (admitted *pro hac vice*)
2  ebloom@proskauer.com
   HOWARD L. GANZ
3  hganz@proskauer.com
   NEIL H. ABRAMSON (admitted *pro hac vice*)
4  nabramson@proskauer.com
   ADAM M. LUPION (admitted *pro hac vice*)
5  alupion@proskauer.com
   RACHEL SANTORO (admitted *pro hac vice*)
6  rsantoro@proskauer.com
   Eleven Times Square
7  New York, NY 10036
   Telephone:   (212) 969-3000
8  Facsimile:    (212) 969-2900

9  **PROSKAUER ROSE LLP**
   ENZO DER BOGHOSSIAN (SBN 211351)
10 ederboghossian@proskauer.com
   2049 Century Park East, 32nd Floor
11 Los Angeles, CA  90067-3206
   Telephone:   (310) 557-2900
12 Facsimile:    (310) 557-2193

13 *Attorneys for Defendant*

14

15                **UNITED STATES DISTRICT COURT**
        **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

16 AARON SENNE, et al., Individually and on       Case No. 3:14-cv-00608-RS
   Behalf of All Those Similarly Situated;        (consolidated with 3:14-cv-03289-JCS)
17
                          Plaintiffs,             **CLASS ACTION**
18            vs.
                                                  **CERTIFICATE OF SERVICE**
19 OFFICE OF THE COMMISSIONER OF
   BASEBALL, an unincorporated association
20 doing business as MAJOR LEAGUE
   BASEBALL; et al.;
21
                          Defendants.
22

23

24

25

26

27

28

─────────────────────────────────────────────
DEFENDANT STERLING METS, L.P.'S CERTIFICATE OF SERVICE–
Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1 │ I hereby certify that September 11, 2015, I caused to be served the following:

2 │    Defendant Sterling Mets, L.P.'s Answers and Objections to Plaintiffs' First Set of Requests
   │    for Admission to Franchise Defendants

3 │ by e-mail on the following counsel for Plaintiffs:

4

5

6 │ TO:    **KOREIN TILLERY, LLC**
   │        Stephen M. Tillery (*pro hac vice*)
7 │        Aaron M. Zigler (*pro hac vice*)
   │        Garrett R. Broshuis (*pro hac vice*)
8 │        505 North 7th Street, Suite 3600
   │        St. Louis, MO 63101
9 │        Telephone: (314) 241-4844
   │        Facsimile: (314) 241-3525
10 │       stillery@koreintillery.com
   │        azigler@koreintillery.com
11 │       gbroshuis@koreintillery.com

12 │       **KOREIN TILLERY, LLC**
   │        George A. Zelcs
13 │        205 North Michigan, Suite 1950
   │        Chicago, IL  60601
14 │        Telephone: (312) 641-9750
   │        Facsimile: (312) 641-9751
15 │        gzelcs@koreintillery.com
16

17 │       **PEARSON, SIMON & WARSHAW LLP**
   │        Bruce L. Simon (Bar No. 96241)
18 │        Benjamin E. Shiftan (Bar No. 265767)
   │        44 Montgomery Street, Suite 2450
19 │        San Francisco, CA 94104
   │        Telephone: (415) 433-9000
20 │        Facsimile: (415) 433-9008
   │        bsimon@pswlaw.com
21 │        bshiftan@pswlaw.com
22

23 │       **PEARSON, SIMON & WARSHAW LLP**
   │        Daniel L. Warshaw (Bar No. 185365)
24 │        Bobby Pouya (Bar No. 245527)
   │        Michael H. Pearson (Bar No. 277857)
25 │        15165 Ventura Boulevard, Suite 400
   │        Sherman Oaks, California 91403
26 │        Telephone: (818) 788-8300
   │        Facsimile: (818) 788-8104
27 │        dwarshaw@pswlaw.com
28

---

DEFENDANT STERLING METS, L.P.'S CERTIFICATE OF SERVICE–
Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1

bpouya@pswlaw.com
mpearson@pswlaw.com

2

*Plaintiffs' Interim Co-Lead Class Counsel*

3

4

5

6

Dated:  September 11, 2015

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

*/s/ Elise M. Bloom*
Elise M. Bloom (*pro hac vice*)
Howard L. Ganz
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
Rachel Santoro (*pro hac vice*)
**PROSKAUER ROSE LLP**
11 Times Square
New York, NY 10036
Telephone:     (212) 969-3000
Facsimile:     (212) 969-2900

ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
**PROSKAUER ROSE LLP**
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:     (310) 557-2900
Facsimile:     (310) 557-2193
*Attorneys for Defendant*

2

**PROSKAUER ROSE LLP**
ELISE M. BLOOM (admitted *pro hac vice*)
ebloom@proskauer.com
HOWARD L. GANZ
hganz@proskauer.com
NEIL H. ABRAMSON (admitted *pro hac vice*)
nabramson@proskauer.com
ADAM M. LUPION (admitted *pro hac vice*)
alupion@proskauer.com
RACHEL SANTORO (admitted *pro hac vice*)
rsantoro@proskauer.com
Eleven Times Square
New York, NY 10036
Telephone:   (212) 969-3000
Facsimile:   (212) 969-2900

**PROSKAUER ROSE LLP**
ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:   (310) 557-2900
Facsimile:   (310) 557-2193

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated;<br><br>Plaintiffs,<br><br>vs.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL; et al.;<br><br>Defendants. | Case No. 3:14-cv-00608-RS (consolidated with 3:14-cv-03289-JCS)<br><br>**CLASS ACTION**<br><br>**DEFENDANTS  PADRES L.P. AND SAN DIEGO PADRES BASEBALL CLUB, L.P.'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS** |

1    Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules"),

2    as well as the Local Rules of Practice in Civil Proceedings before the United States District Court

3    for the Northern District of California (the "Civil Local Rules"), Padres L.P. and San Diego

4    Padres Baseball Club, L.P. (d/b/a "San Diego Padres") (hereinafter "Defendant," "Club" or

5    "Padres") by and through its attorneys, Proskauer Rose LLP, hereby responds and objects to

6    Plaintiffs' First Requests for Admission to Franchise Defendants, dated August 7, 2015 (the

7    "RFAs"):

8                                   **PRELIMINARY STATEMENT**

9    These responses are made solely for the purpose of this action.  These responses are made

10   subject to all objections as to competence, relevance, materiality, propriety and admissibility, and

11   any and all other objections and grounds that would require the exclusion of any statement made

12   herein if any such statement were made by, or if any admissions were requested of, a witness

13   present and testifying in court, all of which objections are expressly reserved and may be

14   interposed up to and including the time of trial.

15   Defendant has not fully completed the investigation of the facts related to this case and has

16   not fully completed preparation for the trial in this matter.  Accordingly, all of the responses set

17   forth herein are based only on such information and documents as are presently available and

18   specifically known to Defendant, and disclose only those contentions as are presently known to

19   Defendant.  It is anticipated that further discovery, independent investigation, legal research and

20   analysis will supply additional facts, add meaning to the known facts, as well as establish entirely

21   new factual conclusions and legal contentions, all of which may lead to substantial additions to,

22   changes in, and variations from the contentions herein set forth.

23   The responses set forth below are provided without prejudice to Defendant's right to

24   produce evidence of any fact or facts that Defendant may subsequently discover or later recall.

25   Subject to the provisions of the Federal Rules, Defendant reserves the right to correct any

26   inadvertent errors or omissions, and to revise any of the responses set forth herein as additional

27   facts are ascertained, analysis is made, legal research is completed, and contentions are made.  The

28

1  responses set forth herein are made in a good-faith effort to supply as much factual information

2  and as much specification of legal contentions as is presently known, but should in no way be to

3  the prejudice of the Defendant in relation to further discovery, research or analysis, or the use of

4  and/or reliance upon subsequently discovered documents.

5        Except for explicit facts admitted in the responses set forth below, no incidental or implicit

6  admissions are intended.  The fact that Defendant has either responded to or objected to a RFA or

7  part thereof should not be taken as an admission that Defendant has accepted or admitted the

8  existence of any fact or facts set forth or assumed by such RFA, or that such response or objection

9  constitutes evidence.  The fact that Defendant has responded to part or all of any request is not

10  intended and shall not be construed to be a waiver by the Defendant of all or any part of any

11  objection to any RFA.

12        In responding to the RFAs below, Defendant will not provide information protected from

13  disclosure by the attorney-client privilege, the attorney work product doctrine, the joint

14  defense/common interest privilege, and/or any other applicable privilege or immunity; information

15  that is confidential or personal and the disclosure of which would constitute an unwarranted

16  invasion of an affected person's constitutional, statutory and/or common law rights to privacy and

17  confidentiality; and private, privileged, and confidential or proprietary commercial, financial, or

18  business information.

19        The inadvertent or mistaken production of information subject to the protections of the

20  attorney-client privilege, attorney work-product doctrine, or other privilege will not constitute a

21  general, inadvertent, implicit, subject matter, separate, independent, or other waiver of such

22  privilege or protection, and does not put in issue or constitute the affirmative use of the advice of

23  counsel or of any privileged communications.

24        In providing these responses, Defendant does not waive or intend to waive, but, on the

25  contrary, reserves or intends to reserve:

26        a.   all questions as to competency, authenticity, relevancy, materiality, privilege, and

27             admissibility of the information provided hereunder or the subject matter;

28

b.  the right to object on any ground to the use of the information provided hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding; and

c.  the right to object on any ground at any time to a demand for further information. This preliminary statement is incorporated into each of the responses set forth below.

## OBJECTIONS TO THE DEFINITIONS

Defendant sets forth the following objections to the "Definitions" section set forth in the RFAs. To the extent applicable, Defendant incorporates each of these objections into each of the responses set forth below.

1.  To the extent the "Definitions" seek to impose obligations on Defendant that are in addition to, inconsistent with, or contrary to those imposed by the Federal Rules, the Civil Local Rules, or the Court's individual rules and/or standing orders, Defendant will apply the definitions and provisions set forth in the Federal Rules, and will respond to the RFA in accordance with those Rules and will not provide information that exceeds the requirements of those Rules.

2.  Defendant objects to the definitions of "Minor Leaguer" or "Minor League Baseball Player" in paragraph 2 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.

3.  Defendant objects to the definitions of "You" or "Your" in Paragraph 7 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to entities and individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome. For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the

1    following definition:  "You" or "Your" shall mean Padres and/or the Club's minor league

2    affiliates (owned by the Club).

3        4.        Defendant objects to the definition of "Plaintiffs" in Paragraph 6 of the

4    "Definitions" (and in the RFAs applying that definition) because those RFAs seek information

5    with respect to subject matter that is neither relevant to the claims or defenses of any party nor

6    reasonably calculated to lead to the discovery of admissible evidence, impermissibly seek

7    information outside of Defendant's possession, custody or control, and because such definitions

8    are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For

9    purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the following definition:

10   "Plaintiffs" shall mean Bridger Hunt and Dustin Pease (for the time those individuals performed

11   services under their Uniform Player Contracts with the Padres) only.

12

13                          **ANSWERS AND OBJECTIONS**[1]

14   **REQUEST FOR ADMISSION NO. 1**

15       Admit that You are subject to the Major League Rules.

16   **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 1**

17       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

18   though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is

19   overly broad and that the phrase "subject to" is vague and ambiguous such that Defendant cannot

20   properly admit or deny the RFA.

21       Subject to and without waiving the foregoing objection, Defendant denies the RFA, except

22   admits that certain of the Major League Rules apply to Defendant.

23

24

25   _____

26   [1]   Defendant has repeated Plaintiffs' First Requests for Admission verbatim as they were
     served upon Defendant and has made no corrections with respect to spelling, grammar,
27   typographical errors, or any other error in syntax.

28
                                4

1  **REQUEST FOR ADMISSION NO. 2**

2      Admit that You comply with the Major League Rules.

3  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 2**

4      Defendant incorporates its Preliminary Statement and Objections to the Definitions as

5  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is

6  overly broad and that the phrase "comply with" is vague and ambiguous such that Defendant

7  cannot properly admit or deny the RFA.

8      Subject to and without waiving the foregoing objection, Defendant denies the RFA, except

9  admits that it is the Club's practice to comply with the Major League Rules applicable to the Club

10  to the extent appropriate.

11

12  **REQUEST FOR ADMISSION NO. 3**

13      Admit that You comply with Major League Rule 3 when signing Your Minor Leaguers to

14  employment contracts.

15  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 3**

16      Defendant incorporates its Preliminary Statement and Objections to the Definitions as

17  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

18  phrases "employment contract" and "comply" are vague and ambiguous such that Defendant

19  cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

20      Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

21  admits that Major League Rule 3(a)(1) provides as follows, in part:  "[A] Major or Minor League

22  Club may contract with a player under the conditions and restrictions set forth in this Rule 3."

23

24  **REQUEST FOR ADMISSION NO. 4**

25      Admit that when signing Your Minor Leaguers to employment contracts, You use the

26  Minor League Uniform Player Contract ("UPC") that is attached to the operative Major League

27  Rules as MLR Attachment 3.

28

1  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 4**

2       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

3  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it

4  improperly characterizes a UPC as an "employment contract"; the phrase "employment contract"

5  is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA

6  assumes facts not in evidence.

7       Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

8  admits that the UPC comprises part of the agreement between a minor league baseball player and

9  the applicable Club.

10

11  **REQUEST FOR ADMISSION NO. 5**

12       Admit that You employ(ed) Your Minor Leaguers.

13  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 5**

14       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

15  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is

16  overly broad and the RFA exceeds the scope of permissible discovery in a request for admission

17  by seeking a response on a disputed conclusion of law.

18       Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

19  admits that the UPCs, to which Plaintiffs are parties, provide that Defendant "employs Player to

20  render, and Player agrees to render, skilled services as a Minor League Player…[during]

21  championship playing seasons, commencing with the beginning of the championship playing

22  season…or the portion of that regular championship playing season remaining after the execution

23  date of this Minor League Uniform Player Contract…whichever date is later."

24

25  **REQUEST FOR ADMISSION NO. 6**

26       Admit that Your Minor Leaguers only receive the wages established in the Addendum C to

27  their UPC's during Championship Season.

28

1  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 6**

2        Defendant incorporates its Preliminary Statement and Objections to the Definitions as

3  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

4  term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

5  RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

6  seeking a response on a disputed conclusion of law.

7        Subject to and without waiving the foregoing objection, Defendant denies this RFA.

8

9  **REQUEST FOR ADMISSION NO. 7**

10       Admit that You do not pay Your Minor Leaguers the wages established in the Addendum

11 C to their UPC's during spring training.

12 **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 7**

13       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

14 though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

15 term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

16 RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

17 seeking a response on a disputed conclusion of law.

18       Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

19 admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

20 which are evidenced by the documents produced or that will be produced in this action.

21

22 **REQUEST FOR ADMISSION NO. 8**

23       Admit that You do not pay Your Minor Leaguers the wages established in the Addendum

24 C to their UPC's during instructional leagues.

25 **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 8**

26       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

27 though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

28

1  term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

2  RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

3  seeking a response on a disputed conclusion of law.

4       Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

5  admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

6  which are evidenced by the documents produced or that will be produced in this action.

7

8  **REQUEST FOR ADMISSION NO. 9**

9       Admit that Your Minor Leaguers do not receive the wages established in the Addendum C

10 to their UPC's during the months between the end of the Championship Season and spring

11 training.

12 **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 9**

13      Defendant incorporates its Preliminary Statement and Objections to the Definitions as

14 though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

15 term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

16 RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

17 seeking a response on a disputed conclusion of law.

18      Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

19 admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

20 which are evidenced by the documents produced or that will be produced in this action.

21

22 **REQUEST FOR ADMISSION NO. 10**

23      Admit that You never pay Your Minor Leaguers at an overtime rate, such as time-and-a-

24 half the regular rate.

25 **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 10**

26      Defendant incorporates its Preliminary Statement and Objections to the Definitions as

27 though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

28

DEFENDANTS PADRES L.P. AND SAN DIEGO PADRES BASEBALL CLUB, L.P.'S
ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-00608-
JCS (consolidated with 3:14-cv-03289-JCS)

phrases "overtime rate" and "regular rate" are vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs did not receive additional compensation calculated at a "time-and-a-half" premium, because they were not entitled to "overtime" pay.

**REQUEST FOR ADMISSION NO. 11**

Admit that You do not maintain records showing all hours worked by Your Minor Leaguers.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 11**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the RFA is overly broad; the phrase "hours worked" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA.

**REQUEST FOR ADMISSION NO. 12**

Admit that You do not provide Your Minor Leaguers with wage statements during the periods of spring training, instructional leagues, and other periods outside the Championship Season.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 12**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the RFA is overly broad; the phrase "wage statements" is vague and ambiguous such that Defendant

1   cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery

2   in a request for admission by seeking a response on a disputed conclusion of law.

3        Subject to and without waiving the foregoing objection, Defendant denies this RFA.

4

5   Dated:  September 11, 2015                  Respectfully submitted,

6                               */s/ Elise M. Bloom*
                              Elise M. Bloom (*pro hac vice*)

7                               Howard L. Ganz
                              Neil H. Abramson (*pro hac vice*)

8                               Adam M. Lupion (*pro hac vice*)
                              Rachel Santoro (*pro hac vice*)

9                               **PROSKAUER ROSE LLP**
                              11 Times Square

10                               New York, NY 10036
                              Telephone:    (212) 969-3000

11                               Facsimile:     (212) 969-2900

12                               ENZO DER BOGHOSSIAN (SBN 211351)
                              ederboghossian@proskauer.com

13                               **PROSKAUER ROSE LLP**
                              2049 Century Park East, 32nd Floor

14                               Los Angeles, CA  90067-3206
                              Telephone:     (310) 557-2900

15                               Facsimile:      (310) 557-2193
                              *Attorneys for Defendants*

16 TO:     **KOREIN TILLERY, LLC**
           Stephen M. Tillery (*pro hac vice*)

17            Aaron M. Zigler (*pro hac vice*)
           Garrett R. Broshuis (*pro hac vice*)

18            505 North 7th Street, Suite 3600
           St. Louis, MO 63101

19            Telephone: (314) 241-4844
           Facsimile: (314) 241-3525

20

21            **KOREIN TILLERY, LLC**
           George A. Zelcs

22            205 North Michigan, Suite 1950
           Chicago, IL  60601

23            Telephone: (312) 641-9750

24            **PEARSON, SIMON & WARSHAW LLP**
           Bruce L. Simon (Bar No. 96241)

25            Benjamin E. Shiftan (Bar No. 265767)
           44 Montgomery Street, Suite 2450

26            San Francisco, CA 94104
           Telephone: (415) 433-9000

27            Facsimile: (415) 433-9008

28

**PEARSON, SIMON & WARSHAW LLP**
Daniel L. Warshaw (Bar No. 185365)
Bobby Pouya (Bar No. 245527)
Michael H. Pearson (Bar No. 277857)
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

*Plaintiffs' Interim Co-Lead Class Counsel*

DEFENDANTS PADRES L.P. AND SAN DIEGO PADRES BASEBALL CLUB, L.P.'S
ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-00608-
JCS (consolidated with 3:14-cv-03289-JCS)

1  **PROSKAUER ROSE LLP**
   ELISE M. BLOOM (admitted *pro hac vice*)
2  ebloom@proskauer.com
   HOWARD L. GANZ
3  hganz@proskauer.com
   NEIL H. ABRAMSON (admitted *pro hac vice*)
4  nabramson@proskauer.com
   ADAM M. LUPION (admitted *pro hac vice*)
5  alupion@proskauer.com
   RACHEL SANTORO (admitted *pro hac vice*)
6  rsantoro@proskauer.com
   Eleven Times Square
7  New York, NY 10036
   Telephone:   (212) 969-3000
8  Facsimile:    (212) 969-2900

9  **PROSKAUER ROSE LLP**
   ENZO DER BOGHOSSIAN (SBN 211351)
10  ederboghossian@proskauer.com
   2049 Century Park East, 32nd Floor
11  Los Angeles, CA  90067-3206
   Telephone:   (310) 557-2900
12  Facsimile:    (310) 557-2193

13  *Attorneys for Defendants*

14
                    **UNITED STATES DISTRICT COURT**
15  **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

16  AARON SENNE, et al., Individually and on       Case No. 3:14-cv-00608-RS
    Behalf of All Those Similarly Situated;        (consolidated with 3:14-cv-03289-JCS)
17
                        Plaintiffs,               **CLASS ACTION**
18          vs.
                                                  **CERTIFICATE OF SERVICE**
19  OFFICE OF THE COMMISSIONER OF
    BASEBALL, an unincorporated association
20  doing business as MAJOR LEAGUE
    BASEBALL; et al.;
21
                        Defendants.
22

23

24

25

26

27

28
_____
DEFENDANTS PADRES L.P. AND SAN DIEGO PADRES BASEBALL CLUB, L.P.'S
CERTIFICATE OF SERVICE–
Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1    I hereby certify that September 11, 2015, I caused to be served the following:

2           Defendants Padres L.P. and San Diego Padres Baseball Club, L.P.'s Answers and
            Objections to Plaintiffs' First Set of Requests for Admission to Franchise Defendants

3    by e-mail on the following counsel for Plaintiffs:

4

5    TO:    **KOREIN TILLERY, LLC**

6           Stephen M. Tillery (*pro hac vice*)
            Aaron M. Zigler (*pro hac vice*)

7           Garrett R. Broshuis (*pro hac vice*)
            505 North 7th Street, Suite 3600

8           St. Louis, MO 63101
            Telephone: (314) 241-4844

9           Facsimile: (314) 241-3525

10          stillery@koreintillery.com
            azigler@koreintillery.com

11          gbroshuis@koreintillery.com

12          **KOREIN TILLERY, LLC**

13          George A. Zelcs
            205 North Michigan, Suite 1950

14          Chicago, IL  60601
            Telephone: (312) 641-9750

15          Facsimile: (312) 641-9751
            gzelcs@koreintillery.com

16

17          **PEARSON, SIMON & WARSHAW LLP**
            Bruce L. Simon (Bar No. 96241)

18          Benjamin E. Shiftan (Bar No. 265767)
            44 Montgomery Street, Suite 2450

19          San Francisco, CA 94104
            Telephone: (415) 433-9000

20          Facsimile: (415) 433-9008

21          bsimon@pswlaw.com
            bshiftan@pswlaw.com

22

23          **PEARSON, SIMON & WARSHAW LLP**
            Daniel L. Warshaw (Bar No. 185365)

24          Bobby Pouya (Bar No. 245527)
            Michael H. Pearson (Bar No. 277857)

25          15165 Ventura Boulevard, Suite 400
            Sherman Oaks, California 91403

26          Telephone: (818) 788-8300
            Facsimile: (818) 788-8104

27          dwarshaw@pswlaw.com

28

---

DEFENDANTS PADRES L.P. AND SAN DIEGO PADRES BASEBALL CLUB, L.P.'S
CERTIFICATE OF SERVICE–
Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

bpouya@pswlaw.com
mpearson@pswlaw.com

*Plaintiffs' Interim Co-Lead Class Counsel*

Dated:  September 11, 2015

Respectfully submitted,

*/s/ Elise M. Bloom*
Elise M. Bloom (*pro hac vice*)
Howard L. Ganz
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
Rachel Santoro (*pro hac vice*)
**PROSKAUER ROSE LLP**
11 Times Square
New York, NY 10036
Telephone:     (212) 969-3000
Facsimile:     (212) 969-2900

ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
**PROSKAUER ROSE LLP**
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:     (310) 557-2900
Facsimile:     (310) 557-2193
*Attorneys for Defendants*

2

1  **PROSKAUER ROSE LLP**
   ELISE M. BLOOM (admitted *pro hac vice*)
2  ebloom@proskauer.com
   HOWARD L. GANZ
3  hganz@proskauer.com
   NEIL H. ABRAMSON (admitted *pro hac vice*)
4  nabramson@proskauer.com
   ADAM M. LUPION (admitted *pro hac vice*)
5  alupion@proskauer.com
   RACHEL SANTORO (admitted *pro hac vice*)
6  rsantoro@proskauer.com
   Eleven Times Square
7  New York, NY 10036
   Telephone:   (212) 969-3000
8  Facsimile:    (212) 969-2900

9  **PROSKAUER ROSE LLP**
   ENZO DER BOGHOSSIAN (SBN 211351)
10 ederboghossian@proskauer.com
   2049 Century Park East, 32nd Floor
11 Los Angeles, CA  90067-3206
   Telephone:   (310) 557-2900
12 Facsimile:    (310) 557-2193

13 *Attorneys for Defendant*

14          **UNITED STATES DISTRICT COURT**
      **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**
15

16 AARON SENNE, et al., Individually and on          Case No. 3:14-cv-00608-RS
   Behalf of All Those Similarly Situated;           (consolidated with 3:14-cv-03289-JCS)

17              Plaintiffs,                           **CLASS ACTION**
           vs.
18                                                    **DEFENDANT THE BASEBALL CLUB OF**
   OFFICE OF THE COMMISSIONER OF                      **SEATTLE, LLLP'S ANSWERS AND**
19 BASEBALL, an unincorporated association           **OBJECTIONS TO PLAINTIFFS' FIRST**
   doing business as MAJOR LEAGUE                     **SET OF REQUESTS FOR ADMISSION**
20 BASEBALL; et al.;                                  **TO FRANCHISE DEFENDANTS**

21              Defendants.

22

23

24

25

26

27

28

1    Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules"),

2  as well as the Local Rules of Practice in Civil Proceedings before the United States District Court

3  for the Northern District of California (the "Civil Local Rules"), The Baseball Club of Seattle,

4  LLLP (d/b/a "Seattle Mariners") (hereinafter "Defendant," "Club" or "Mariners") by and through

5  its attorneys, Proskauer Rose LLP, hereby responds and objects to Plaintiffs' First Set of Requests

6  for Admission to Franchise Defendants, dated August 7, 2015 (the "RFAs"):

7                           **PRELIMINARY STATEMENT**

8    These responses are made solely for the purpose of this action.  These responses are made

9  subject to all objections as to competence, relevance, materiality, propriety and admissibility, and

10  any and all other objections and grounds that would require the exclusion of any statement made

11  herein if any such statement were made by, or if any admissions were requested of, a witness

12  present and testifying in court, all of which objections are expressly reserved and may be

13  interposed up to and including the time of trial.

14    Defendant has not fully completed the investigation of the facts related to this case and has

15  not fully completed preparation for the trial in this matter.  Accordingly, all of the responses set

16  forth herein are based only on such information and documents as are presently available and

17  specifically known to Defendant, and disclose only those contentions as are presently known to

18  Defendant.  It is anticipated that further discovery, independent investigation, legal research and

19  analysis will supply additional facts, add meaning to the known facts, as well as establish entirely

20  new factual conclusions and legal contentions, all of which may lead to substantial additions to,

21  changes in, and variations from the contentions herein set forth.

22    The responses set forth below are provided without prejudice to Defendant's right to

23  produce evidence of any fact or facts that Defendant may subsequently discover or later recall.

24  Subject to the provisions of the Federal Rules, Defendant reserves the right to correct any

25  inadvertent errors or omissions, and to revise any of the responses set forth herein as additional

26  facts are ascertained, analysis is made, legal research is completed, and contentions are made.  The

27  responses set forth herein are made in a good-faith effort to supply as much factual information

28

and as much specification of legal contentions as is presently known, but should in no way be to the prejudice of the Defendant in relation to further discovery, research or analysis, or the use of and/or reliance upon subsequently discovered documents.

Except for explicit facts admitted in the responses set forth below, no incidental or implicit admissions are intended.  The fact that Defendant has either responded to or objected to a RFA or part thereof should not be taken as an admission that Defendant has accepted or admitted the existence of any fact or facts set forth or assumed by such RFA, or that such response or objection constitutes evidence.  The fact that Defendant has responded to part or all of any request is not intended and shall not be construed to be a waiver by the Defendant of all or any part of any objection to any RFA.

In responding to the RFAs below, Defendant will not provide information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense/common interest privilege, and/or any other applicable privilege or immunity; information that is confidential or personal and the disclosure of which would constitute an unwarranted invasion of an affected person's constitutional, statutory and/or common law rights to privacy and confidentiality; and private, privileged, and confidential or proprietary commercial, financial, or business information.

The inadvertent or mistaken production of information subject to the protections of the attorney-client privilege, attorney work-product doctrine, or other privilege will not constitute a general, inadvertent, implicit, subject matter, separate, independent, or other waiver of such privilege or protection, and does not put in issue or constitute the affirmative use of the advice of counsel or of any privileged communications.

In providing these responses, Defendant does not waive or intend to waive, but, on the contrary, reserves or intends to reserve:

a.   all questions as to competency, authenticity, relevancy, materiality, privilege, and admissibility of the information provided hereunder or the subject matter;

DEFENDANT THE BASEBALL CLUB OF SEATTLE, LLLP'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

b.  the right to object on any ground to the use of the information provided hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding; and

c.  the right to object on any ground at any time to a demand for further information.

This preliminary statement is incorporated into each of the responses set forth below.

## OBJECTIONS TO THE DEFINITIONS

Defendant sets forth the following objections to the "Definitions" section set forth in the RFAs.  To the extent applicable, Defendant incorporates each of these objections into each of the responses set forth below.

1.      To the extent the "Definitions" seek to impose obligations on Defendant that are in addition to, inconsistent with, or contrary to those imposed by the Federal Rules, the Civil Local Rules, or the Court's individual rules and/or standing orders, Defendant will apply the definitions and provisions set forth in the Federal Rules, and will respond to the RFA in accordance with those Rules and will not provide information that exceeds the requirements of those Rules.

2.      Defendant objects to the definitions of "Minor Leaguer" or "Minor League Baseball Player" in paragraph 2 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.

3.      Defendant objects to the definitions of "You" or "Your" in Paragraph 7 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to entities and individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the

following definition:  "You" or "Your" shall mean Mariners and/or the Club's minor league affiliates (owned by the Club).

4.      Defendant objects to the definition of "Plaintiffs" in Paragraph 6 of the "Definitions" (and in the RFAs applying that definition) because those RFAs seek information with respect to subject matter that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, impermissibly seek information outside of Defendant's possession, custody or control, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the following definition: "Plaintiffs" shall mean Ryan Kiel, Matt Lawson and Joseph Newby (for the time those individuals performed services under their Uniform Player Contracts with the Mariners) only.

## ANSWERS AND OBJECTIONS[1]

### REQUEST FOR ADMISSION NO. 1

Admit that You are subject to the Major League Rules.

### ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 1

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and that the phrase "subject to" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA.

Subject to and without waiving the foregoing objection, Defendant denies the RFA, except admits that certain of the Major League Rules apply to Defendant.

### REQUEST FOR ADMISSION NO. 2

Admit that You comply with the Major League Rules.

_____

[1]   Defendant has repeated Plaintiffs' First Set of Requests for Admission verbatim as they were served upon Defendant and has made no corrections with respect to spelling, grammar, typographical errors, or any other error in syntax.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 2**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and that the phrase "comply with" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA.

Subject to and without waiving the foregoing objection, Defendant denies the RFA, except admits that it is the Club's practice to comply with the Major League Rules applicable to the Club to the extent appropriate.

**REQUEST FOR ADMISSION NO. 3**

Admit that You comply with Major League Rule 3 when signing Your Minor Leaguers to employment contracts.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 3**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the phrases "employment contract" and "comply" are vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Major League Rule 3(a)(1) provides as follows, in part:  "[A] Major or Minor League Club may contract with a player under the conditions and restrictions set forth in this Rule 3."

**REQUEST FOR ADMISSION NO. 4**

Admit that when signing Your Minor Leaguers to employment contracts, You use the Minor League Uniform Player Contract ("UPC") that is attached to the operative Major League Rules as MLR Attachment 3.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 4**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it

improperly characterizes a UPC as an "employment contract"; the phrase "employment contract" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that the UPC comprises part of the agreement between minor league baseball player and the applicable Club.

**REQUEST FOR ADMISSION NO. 5**

Admit that You employ(ed) Your Minor Leaguers.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 5**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that the UPCs, to which Plaintiffs are parties, provide that Defendant "employs Player to render, and Player agrees to render, skilled services as a Minor League Player…[during] championship playing seasons, commencing with the beginning of the championship playing season…or the portion of that regular championship playing season remaining after the execution date of this Minor League Uniform Player Contract…whichever date is later."

**REQUEST FOR ADMISSION NO. 6**

Admit that Your Minor Leaguers only receive the wages established in the Addendum C to their UPC's during Championship Season.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 6**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA.

## REQUEST FOR ADMISSION NO. 7

Admit that You do not pay Your Minor Leaguers the wages established in the Addendum C to their UPC's during spring training.

## ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 7

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies, which are evidenced by the documents produced or that will be produced in this action.

## REQUEST FOR ADMISSION NO. 8

Admit that You do not pay Your Minor Leaguers the wages established in the Addendum C to their UPC's during instructional leagues.

## ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 8

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies, which are evidenced by the documents produced or that will be produced in this action.

**REQUEST FOR ADMISSION NO. 9**

Admit that Your Minor Leaguers do not receive the wages established in the Addendum C to their UPC's during the months between the end of the Championship Season and spring training.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 9**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein. Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies, which are evidenced by the documents produced or that will be produced in this action.

**REQUEST FOR ADMISSION NO. 10**

Admit that You never pay Your Minor Leaguers at an overtime rate, such as time-and-a-half the regular rate.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 10**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein. Defendant specifically objects to this RFA on the grounds that the phrases "overtime rate" and "regular rate" are vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

8

1    Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

2  admits that Plaintiffs did not receive additional compensation calculated at a "time-and-a-half"

3  premium, because they were not entitled to "overtime" pay.

4

5  **REQUEST FOR ADMISSION NO. 11**

6    Admit that You do not maintain records showing all hours worked by Your Minor

7  Leaguers.

8  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 11**

9    Defendant incorporates its Preliminary Statement and Objections to the Definitions as

10  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

11  RFA is overly broad; the phrase "hours worked" is vague and ambiguous such that Defendant

12  cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery

13  in a request for admission by seeking a response on a disputed conclusion of law.

14    Subject to and without waiving the foregoing objection, Defendant denies this RFA.

15

16  **REQUEST FOR ADMISSION NO. 12**

17    Admit that You do not provide Your Minor Leaguers with wage statements during the

18  periods of spring training, instructional leagues, and other periods outside the Championship

19  Season.

20  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 12**

21    Defendant incorporates its Preliminary Statement and Objections to the Definitions as

22  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

23  RFA is overly broad; the phrase "wage statements" is vague and ambiguous such that Defendant

24  cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery

25  in a request for admission by seeking a response on a disputed conclusion of law.

26    Subject to and without waiving the foregoing objection, Defendant denies this RFA.

27

28  Dated:  September 11, 2015                    Respectfully submitted,

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Elise M. Bloom*
Elise M. Bloom (*pro hac vice*)
Howard L. Ganz
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
Rachel Santoro (*pro hac vice*)
**PROSKAUER ROSE LLP**
11 Times Square
New York, NY 10036
Telephone:     (212) 969-3000
Facsimile:     (212) 969-2900

ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
**PROSKAUER ROSE LLP**
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:     (310) 557-2900
Facsimile:     (310) 557-2193
*Attorneys for Defendant*

TO:     **KOREIN TILLERY, LLC**
Stephen M. Tillery (*pro hac vice*)
Aaron M. Zigler (*pro hac vice*)
Garrett R. Broshuis (*pro hac vice*)
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

**KOREIN TILLERY, LLC**
George A. Zelcs
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750

**PEARSON, SIMON & WARSHAW LLP**
Bruce L. Simon (Bar No. 96241)
Benjamin E. Shiftan (Bar No. 265767)
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008

**PEARSON, SIMON & WARSHAW LLP**
Daniel L. Warshaw (Bar No. 185365)
Bobby Pouya (Bar No. 245527)
Michael H. Pearson (Bar No. 277857)
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

*Plaintiffs' Interim Co-Lead Class Counsel*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT THE BASEBALL CLUB OF SEATTLE, LLLP'S ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-
cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1   **PROSKAUER ROSE LLP**
    ELISE M. BLOOM (admitted *pro hac vice*)
2   ebloom@proskauer.com
    HOWARD L. GANZ
3   hganz@proskauer.com
    NEIL H. ABRAMSON (admitted *pro hac vice*)
4   nabramson@proskauer.com
    ADAM M. LUPION (admitted *pro hac vice*)
5   alupion@proskauer.com
    RACHEL SANTORO (admitted *pro hac vice*)
6   rsantoro@proskauer.com
    Eleven Times Square
7   New York, NY 10036
    Telephone:   (212) 969-3000
8   Facsimile:    (212) 969-2900

9   **PROSKAUER ROSE LLP**
    ENZO DER BOGHOSSIAN (SBN 211351)
10  ederboghossian@proskauer.com
    2049 Century Park East, 32nd Floor
11  Los Angeles, CA  90067-3206
    Telephone:   (310) 557-2900
12  Facsimile:    (310) 557-2193

13  *Attorneys for Defendant*

14

15              **UNITED STATES DISTRICT COURT**
        **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

16  AARON SENNE, et al., Individually and on       Case No. 3:14-cv-00608-RS
    Behalf of All Those Similarly Situated;        (consolidated with 3:14-cv-03289-JCS)
17
                        Plaintiffs,                **CLASS ACTION**
18              vs.
                                                   **CERTIFICATE OF SERVICE**
19  OFFICE OF THE COMMISSIONER OF
    BASEBALL, an unincorporated association
20  doing business as MAJOR LEAGUE
    BASEBALL; et al.;
21
                        Defendants.
22

23

24

25

26

27

28

DEFENDANT THE BASEBALL CLUB OF SEATTLE, LLLP'S CERTIFICATE OF SERVICE–
Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1    I hereby certify that September 11, 2015, I caused to be served the following:

2       Defendant The Baseball Club of Seattle, LLLP's Answers and Objections to Plaintiffs'
3       First Set of Requests for Admission to Franchise Defendants

   by e-mail on the following counsel for Plaintiffs:
4

5
   TO:    **KOREIN TILLERY, LLC**
6       Stephen M. Tillery (*pro hac vice*)
      Aaron M. Zigler (*pro hac vice*)
7       Garrett R. Broshuis (*pro hac vice*)
      505 North 7th Street, Suite 3600
8       St. Louis, MO 63101
9       Telephone: (314) 241-4844
      Facsimile: (314) 241-3525
10       stillery@koreintillery.com
      azigler@koreintillery.com
11       gbroshuis@koreintillery.com

12       **KOREIN TILLERY, LLC**
13       George A. Zelcs
      205 North Michigan, Suite 1950
14       Chicago, IL  60601
      Telephone: (312) 641-9750
15       Facsimile: (312) 641-9751
16       gzelcs@koreintillery.com

17       **PEARSON, SIMON & WARSHAW LLP**
      Bruce L. Simon (Bar No. 96241)
18       Benjamin E. Shiftan (Bar No. 265767)
19       44 Montgomery Street, Suite 2450
      San Francisco, CA 94104
20       Telephone: (415) 433-9000
      Facsimile: (415) 433-9008
21       bsimon@pswlaw.com
      bshiftan@pswlaw.com
22

23       **PEARSON, SIMON & WARSHAW LLP**
      Daniel L. Warshaw (Bar No. 185365)
24       Bobby Pouya (Bar No. 245527)
      Michael H. Pearson (Bar No. 277857)
25       15165 Ventura Boulevard, Suite 400
      Sherman Oaks, California 91403
26       Telephone: (818) 788-8300
27       Facsimile: (818) 788-8104
      dwarshaw@pswlaw.com
28

---

1   bpouya@pswlaw.com
    mpearson@pswlaw.com

2
    *Plaintiffs' Interim Co-Lead Class Counsel*

3

4

5

6   Dated:  September 11, 2015                    Respectfully submitted,

7                                                */s/ Elise M. Bloom*
                                                 Elise M. Bloom (*pro hac vice*)
8                                                Howard L. Ganz
                                                 Neil H. Abramson (*pro hac vice*)
9                                                Adam M. Lupion (*pro hac vice*)
                                                 Rachel Santoro (*pro hac vice*)
10                                               **PROSKAUER ROSE LLP**
11                                               11 Times Square
                                                 New York, NY 10036
12                                               Telephone:    (212) 969-3000
                                                 Facsimile:    (212) 969-2900
13

14                                               ENZO DER BOGHOSSIAN (SBN 211351)
                                                 ederboghossian@proskauer.com
15                                               **PROSKAUER ROSE LLP**
                                                 2049 Century Park East, 32nd Floor
16                                               Los Angeles, CA  90067-3206
                                                 Telephone:    (310) 557-2900
17                                               Facsimile:    (310) 557-2193
18                                               *Attorneys for Defendant*

19

20

21

22

23

24

25

26

27

28
                                 2

1  **PROSKAUER ROSE LLP**
   ELISE M. BLOOM (admitted *pro hac vice*)
2  ebloom@proskauer.com
   HOWARD L. GANZ
3  hganz@proskauer.com
   NEIL H. ABRAMSON (admitted *pro hac vice*)
4  nabramson@proskauer.com
   ADAM M. LUPION (admitted *pro hac vice*)
5  alupion@proskauer.com
   RACHEL SANTORO (admitted *pro hac vice*)
6  rsantoro@proskauer.com
   Eleven Times Square
7  New York, NY 10036
   Telephone:   (212) 969-3000
8  Facsimile:   (212) 969-2900

9  **PROSKAUER ROSE LLP**
   ENZO DER BOGHOSSIAN (SBN 211351)
10 ederboghossian@proskauer.com
   2049 Century Park East, 32nd Floor
11 Los Angeles, CA  90067-3206
   Telephone:   (310) 557-2900
12 Facsimile:   (310) 557-2193

13 *Attorneys for Defendant*

14              **UNITED STATES DISTRICT COURT**
       **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**
15

16 | AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated; | Case No. 3:14-cv-00608-RS (consolidated with 3:14-cv-03289-JCS) |
   |---|---|
17 |                          Plaintiffs, | **CLASS ACTION** |
18 |                    vs. | **DEFENDANT  MINNESOTA TWINS, LLC'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS** |
19 | OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE | |
20 | BASEBALL; et al.; | |
21 |                          Defendants. | |

22

23

24

25

26

27

28

1    Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules"),

2    as well as the Local Rules of Practice in Civil Proceedings before the United States District Court

3    for the Northern District of California (the "Civil Local Rules"), Minnesota Twins, LLC

4    (d/b/a "Minnesota Twins") (hereinafter "Defendant," "Club" or "Twins") by and through its

5    attorneys, Proskauer Rose LLP, hereby responds and objects to Plaintiffs' First Requests for

6    Admission to Franchise Defendants, dated August 7, 2015 (the "RFAs"):

7    **<u>PRELIMINARY STATEMENT</u>**

8    These responses are made solely for the purpose of this action.  These responses are made

9    subject to all objections as to competence, relevance, materiality, propriety and admissibility, and

10   any and all other objections and grounds that would require the exclusion of any statement made

11   herein if any such statement were made by, or if any admissions were requested of, a witness

12   present and testifying in court, all of which objections are expressly reserved and may be

13   interposed up to and including the time of trial.

14   Defendant has not fully completed the investigation of the facts related to this case and has

15   not fully completed preparation for the trial in this matter.  Accordingly, all of the responses set

16   forth herein are based only on such information and documents as are presently available and

17   specifically known to Defendant, and disclose only those contentions as are presently known to

18   Defendant.  It is anticipated that further discovery, independent investigation, legal research and

19   analysis will supply additional facts, add meaning to the known facts, as well as establish entirely

20   new factual conclusions and legal contentions, all of which may lead to substantial additions to,

21   changes in, and variations from the contentions herein set forth.

22   The responses set forth below are provided without prejudice to Defendant's right to

23   produce evidence of any fact or facts that Defendant may subsequently discover or later recall.

24   Subject to the provisions of the Federal Rules, Defendant reserves the right to correct any

25   inadvertent errors or omissions, and to revise any of the responses set forth herein as additional

26   facts are ascertained, analysis is made, legal research is completed, and contentions are made.  The

27   responses set forth herein are made in a good-faith effort to supply as much factual information

28

1    and as much specification of legal contentions as is presently known, but should in no way be to

2    the prejudice of the Defendant in relation to further discovery, research or analysis, or the use of

3    and/or reliance upon subsequently discovered documents.

4         Except for explicit facts admitted in the responses set forth below, no incidental or implicit

5    admissions are intended.  The fact that Defendant has either responded to or objected to a RFA or

6    part thereof should not be taken as an admission that Defendant has accepted or admitted the

7    existence of any fact or facts set forth or assumed by such RFA, or that such response or objection

8    constitutes evidence.  The fact that Defendant has responded to part or all of any request is not

9    intended and shall not be construed to be a waiver by the Defendant of all or any part of any

10   objection to any RFA.

11        In responding to the RFAs below, Defendant will not provide information protected from

12   disclosure by the attorney-client privilege, the attorney work product doctrine, the joint

13   defense/common interest privilege, and/or any other applicable privilege or immunity; information

14   that is confidential or personal and the disclosure of which would constitute an unwarranted

15   invasion of an affected person's constitutional, statutory and/or common law rights to privacy and

16   confidentiality; and private, privileged, and confidential or proprietary commercial, financial, or

17   business information.

18        The inadvertent or mistaken production of information subject to the protections of the

19   attorney-client privilege, attorney work-product doctrine, or other privilege will not constitute a

20   general, inadvertent, implicit, subject matter, separate, independent, or other waiver of such

21   privilege or protection, and does not put in issue or constitute the affirmative use of the advice of

22   counsel or of any privileged communications.

23        In providing these responses, Defendant does not waive or intend to waive, but, on the

24   contrary, reserves or intends to reserve:

25        a.   all questions as to competency, authenticity, relevancy, materiality, privilege, and

26             admissibility of the information provided hereunder or the subject matter;

27

28

DEFENDANT MINNESOTA TWINS, LLC'S  ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-
cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

b.  the right to object on any ground to the use of the information provided hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding; and

c.  the right to object on any ground at any time to a demand for further information.

This preliminary statement is incorporated into each of the responses set forth below.

**OBJECTIONS TO THE DEFINITIONS**

Defendant sets forth the following objections to the "Definitions" section set forth in the RFAs.  To the extent applicable, Defendant incorporates each of these objections into each of the responses set forth below.

1.      To the extent the "Definitions" seek to impose obligations on Defendant that are in addition to, inconsistent with, or contrary to those imposed by the Federal Rules, the Civil Local Rules, or the Court's individual rules and/or standing orders, Defendant will apply the definitions and provisions set forth in the Federal Rules, and will respond to the RFA in accordance with those Rules and will not provide information that exceeds the requirements of those Rules.

2.      Defendant objects to the definitions of "Minor Leaguer" or "Minor League Baseball Player" in paragraph 2 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.

3.      Defendant objects to the definitions of "You" or "Your" in Paragraph 7 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to entities and individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the

1  following definition: "You" or "Your" shall mean the Twins and/or the Club's minor league

2  affiliates (owned by the Club).

3      4.      Defendant objects to the definition of "Plaintiffs" in Paragraph 6 of the

4  "Definitions" (and in the RFAs applying that definition) because those RFAs seek information

5  with respect to subject matter that is neither relevant to the claims or defenses of any party nor

6  reasonably calculated to lead to the discovery of admissible evidence, impermissibly seek

7  information outside of Defendant's possession, custody or control, and because such definitions

8  are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For

9  purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the following definition:

10  "Plaintiffs" shall mean Brandon Henderson and Julio Torres (for the time those individuals

11  performed services under their Uniform Player Contracts with the Twins) only.

12

13                      **ANSWERS AND OBJECTIONS**[1]

14  **REQUEST FOR ADMISSION NO. 1**

15      Admit that You are subject to the Major League Rules.

16  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 1**

17      Defendant incorporates its Preliminary Statement and Objections to the Definitions as

18  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is

19  overly broad and that the phrase "subject to" is vague and ambiguous such that Defendant cannot

20  properly admit or deny the RFA.

21      Subject to and without waiving the foregoing objection, Defendant denies the RFA, except

22  admits that certain of the Major League Rules apply to Defendant.

23  **REQUEST FOR ADMISSION NO. 2**

24      Admit that You comply with the Major League Rules.

25  _____

26  [1]   Defendant has repeated Plaintiffs' First Set of Requests for Admission verbatim as

27  they were served upon Defendant and has made no corrections with respect to spelling,
grammar, typographical errors, or any other error in syntax.

28

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 2**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and that the phrase "comply with" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA.

Subject to and without waiving the foregoing objection, Defendant denies the RFA, except admits that it is the Club's practice to comply with the Major League Rules applicable to Club to the extent appropriate.

**REQUEST FOR ADMISSION NO. 3**

Admit that You comply with Major League Rule 3 when signing Your Minor Leaguers to employment contracts.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 3**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the phrases "employment contract" and "comply" are vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Major League Rule 3(a)(1) provides as follows, in part:  "[A] Major or Minor League Club may contract with a player under the conditions and restrictions set forth in this Rule 3."

**REQUEST FOR ADMISSION NO. 4**

Admit that when signing Your Minor Leaguers to employment contracts, You use the Minor League Uniform Player Contract ("UPC") that is attached to the operative Major League Rules as MLR Attachment 3.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 4**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as

though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it improperly characterizes a UPC as an "employment contract"; the phrase "employment contract" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that the UPC comprises part of the agreement between a minor league baseball player and the applicable Club..

**REQUEST FOR ADMISSION NO. 5**

Admit that You employ(ed) Your Minor Leaguers.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 5**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that the UPCs, to which Plaintiffs are parties, provide that Defendant "employs Player to render, and Player agrees to render, skilled services as a Minor League Baseball Player…[during] championship playing seasons, commencing with the beginning of the championship playing season…or the portion of that regular championship playing season remaining after the execution date of this Minor League Uniform Player Contract…whichever date is later."

**REQUEST FOR ADMISSION NO. 6**

Admit that Your Minor Leaguers only receive the wages established in the Addendum C to their UPC's during Championship Season.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 6**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

6

DEFENDANT MINNESOTA TWINS, LLC'S  ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA.

**REQUEST FOR ADMISSION NO. 7**

Admit that You do not pay Your Minor Leaguers the wages established in the Addendum C to their UPC's during spring training.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 7**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that  Plaintiffs have been paid in accordance with their UPCs and applicable Club policies, which are evidenced by the documents produced or that will be produced in this action.

**REQUEST FOR ADMISSION NO. 8**

Admit that You do not pay Your Minor Leaguers the wages established in the Addendum C to their UPC's during instructional leagues.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 8**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies, which are evidenced by the documents produced or that will be produced in this action.

**REQUEST FOR ADMISSION NO. 9**

Admit that Your Minor Leaguers do not receive the wages established in the Addendum C to their UPC's during the months between the end of the Championship Season and spring training.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 9**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies, which are evidenced by the documents produced or that will be produced in this action.

**REQUEST FOR ADMISSION NO. 10**

Admit that You never pay Your Minor Leaguers at an overtime rate, such as time-and-a-half the regular rate.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 10**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the phrases "overtime rate" and "regular rate" are vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs did not receive additional compensation calculated at a "time-and-a-half" premium, because they were not entitled to "overtime" pay.

**REQUEST FOR ADMISSION NO. 11**

Admit that You do not maintain records showing all hours worked by Your Minor Leaguers.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 11**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the RFA is overly broad; the phrase "hours worked" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA.

**REQUEST FOR ADMISSION NO. 12**

Admit that You do not provide Your Minor Leaguers with wage statements during the periods of spring training, instructional leagues, and other periods outside the Championship Season.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 12**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the RFA is overly broad; the phrase "wage statements" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA.

DEFENDANT MINNESOTA TWINS, LLC'S  ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-
cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1    Dated:  September 11, 2015                    Respectfully submitted,

2                                                 /s/ Elise M. Bloom
                                                  Elise M. Bloom (*pro hac vice*)
3                                                 Howard L. Ganz
                                                  Neil H. Abramson (*pro hac vice*)
4                                                 Adam M. Lupion (*pro hac vice*)
                                                  Rachel Santoro (*pro hac vice*)
5                                                 **PROSKAUER ROSE LLP**
                                                  11 Times Square
6                                                 New York, NY 10036
                                                  Telephone:     (212) 969-3000
7                                                 Facsimile:     (212) 969-2900

8                                                 ENZO DER BOGHOSSIAN (SBN 211351)
                                                  ederboghossian@proskauer.com
9                                                 **PROSKAUER ROSE LLP**
                                                  2049 Century Park East, 32nd Floor
10                                                Los Angeles, CA  90067-3206
                                                  Telephone:     (310) 557-2900
11                                                Facsimile:     (310) 557-2193
                                                  *Attorneys for Defendant*

12   TO:    **KOREIN TILLERY, LLC**
            Stephen M. Tillery (*pro hac vice*)
13          Aaron M. Zigler (*pro hac vice*)
            Garrett R. Broshuis (*pro hac vice*)
14          505 North 7th Street, Suite 3600
            St. Louis, MO 63101
15          Telephone: (314) 241-4844
            Facsimile: (314) 241-3525
16
            **KOREIN TILLERY, LLC**
17          George A. Zelcs
            205 North Michigan, Suite 1950
18          Chicago, IL  60601
            Telephone: (312) 641-9750
19
            **PEARSON, SIMON & WARSHAW LLP**
20          Bruce L. Simon (Bar No. 96241)
            Benjamin E. Shiftan (Bar No. 265767)
21          44 Montgomery Street, Suite 2450
            San Francisco, CA 94104
22          Telephone: (415) 433-9000
            Facsimile: (415) 433-9008
23
            **PEARSON, SIMON & WARSHAW LLP**
24          Daniel L. Warshaw (Bar No. 185365)
            Bobby Pouya (Bar No. 245527)
25          Michael H. Pearson (Bar No. 277857)
            15165 Ventura Boulevard, Suite 400
26          Sherman Oaks, California 91403
            Telephone: (818) 788-8300
27          Facsimile: (818) 788-8104

28
                                        10

1    *Plaintiffs' Interim Co-Lead Class Counsel*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT MINNESOTA TWINS, LLC'S  ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-
cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1  **PROSKAUER ROSE LLP**
   ELISE M. BLOOM (admitted *pro hac vice*)
2  ebloom@proskauer.com
   HOWARD L. GANZ
3  hganz@proskauer.com
   NEIL H. ABRAMSON (admitted *pro hac vice*)
4  nabramson@proskauer.com
   ADAM M. LUPION (admitted *pro hac vice*)
5  alupion@proskauer.com
   RACHEL SANTORO (admitted *pro hac vice*)
6  rsantoro@proskauer.com
   Eleven Times Square
7  New York, NY 10036
   Telephone:   (212) 969-3000
8  Facsimile:    (212) 969-2900

9  **PROSKAUER ROSE LLP**
   ENZO DER BOGHOSSIAN (SBN 211351)
10 ederboghossian@proskauer.com
   2049 Century Park East, 32nd Floor
11 Los Angeles, CA  90067-3206
   Telephone:   (310) 557-2900
12 Facsimile:    (310) 557-2193

13 *Attorneys for Defendant*

14

15 **UNITED STATES DISTRICT COURT**
   **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

16 AARON SENNE, et al., Individually and on       Case No. 3:14-cv-00608-RS
   Behalf of All Those Similarly Situated;         (consolidated with 3:14-cv-03289-JCS)
17
                      Plaintiffs,                  **CLASS ACTION**
18            vs.
                                                   **CERTIFICATE OF SERVICE**
19 OFFICE OF THE COMMISSIONER OF
   BASEBALL, an unincorporated association
20 doing business as MAJOR LEAGUE
   BASEBALL; et al.;
21
                      Defendants.
22

23

24

25

26

27

28

I hereby certify that September 11, 2015, I caused to be served the following:

Defendant Minnesota Twins, LLC's Answers and Objections to Plaintiffs' First Set of Requests for Admission to Franchise Defendants

by e-mail on the following counsel for Plaintiffs:


TO: **KOREIN TILLERY, LLC**
Stephen M. Tillery (*pro hac vice*)
Aaron M. Zigler (*pro hac vice*)
Garrett R. Broshuis (*pro hac vice*)
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525
stillery@koreintillery.com
azigler@koreintillery.com
gbroshuis@koreintillery.com

**KOREIN TILLERY, LLC**
George A. Zelcs
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751
gzelcs@koreintillery.com

**PEARSON, SIMON & WARSHAW LLP**
Bruce L. Simon (Bar No. 96241)
Benjamin E. Shiftan (Bar No. 265767)
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswlaw.com
bshiftan@pswlaw.com

**PEARSON, SIMON & WARSHAW LLP**
Daniel L. Warshaw (Bar No. 185365)
Bobby Pouya (Bar No. 245527)
Michael H. Pearson (Bar No. 277857)
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104
dwarshaw@pswlaw.com

1

bpouya@pswlaw.com
mpearson@pswlaw.com

2

*Plaintiffs' Interim Co-Lead Class Counsel*

3

4

5

6

Dated: September 11, 2015

7

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom (*pro hac vice*)

8

Howard L. Ganz

9

Neil H. Abramson (*pro hac vice*)

Adam M. Lupion (*pro hac vice*)

10

Rachel Santoro (*pro hac vice*)

**PROSKAUER ROSE LLP**

11

11 Times Square

New York, NY 10036

12

Telephone:    (212) 969-3000

Facsimile:    (212) 969-2900

13

14

ENZO DER BOGHOSSIAN (SBN 211351)

ederboghossian@proskauer.com

15

**PROSKAUER ROSE LLP**

2049 Century Park East, 32nd Floor

16

Los Angeles, CA  90067-3206

Telephone:    (310) 557-2900

17

Facsimile:    (310) 557-2193

18

*Attorneys for Defendant*

19

20

21

22

23

24

25

26

27

28

2

**PROSKAUER ROSE LLP**
ELISE M. BLOOM (admitted *pro hac vice*)
ebloom@proskauer.com
HOWARD L. GANZ
hganz@proskauer.com
NEIL H. ABRAMSON (admitted *pro hac vice*)
nabramson@proskauer.com
ADAM M. LUPION (admitted *pro hac vice*)
alupion@proskauer.com
RACHEL SANTORO (admitted *pro hac vice*)
rsantoro@proskauer.com
Eleven Times Square
New York, NY 10036
Telephone:   (212) 969-3000
Facsimile:   (212) 969-2900

**PROSKAUER ROSE LLP**
ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:   (310) 557-2900
Facsimile:   (310) 557-2193

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated;<br><br>Plaintiffs,<br><br>vs.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL; et al.;<br><br>Defendants. | Case No. 3:14-cv-00608-RS (consolidated with 3:14-cv-03289-JCS)<br><br>**<u>CLASS ACTION</u>**<br><br>**DEFENDANTS MILWAUKEE BREWERS BASEBALL CLUB, INC. AND MILWAUKEE BREWERS BASEBALL CLUB, L.P.'S  ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS** |

1       Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules"),

2   as well as the Local Rules of Practice in Civil Proceedings before the United States District Court

3   for the Northern District of California (the "Civil Local Rules"), Milwaukee Brewers Baseball

4   Club, Inc. and Milwaukee Brewers Baseball Club, L.P. (d/b/a "Milwaukee Brewers") (hereinafter

5   "Defendant," "Club" or "Brewers") by and through its attorneys, Proskauer Rose LLP, hereby

6   responds and objects to Plaintiffs' First Requests for Admission to Franchise Defendants, dated

7   August 7, 2015 (the "RFAs"):

8   **PRELIMINARY STATEMENT**

9       These responses are made solely for the purpose of this action.  These responses are made

10   subject to all objections as to competence, relevance, materiality, propriety and admissibility, and

11   any and all other objections and grounds that would require the exclusion of any statement made

12   herein if any such statement were made by, or if any admissions were requested of, a witness

13   present and testifying in court, all of which objections are expressly reserved and may be

14   interposed up to and including the time of trial.

15       Defendant has not fully completed the investigation of the facts related to this case and has

16   not fully completed preparation for the trial in this matter.  Accordingly, all of the responses set

17   forth herein are based only on such information and documents as are presently available and

18   specifically known to Defendant, and disclose only those contentions as are presently known to

19   Defendant.  It is anticipated that further discovery, independent investigation, legal research and

20   analysis will supply additional facts, add meaning to the known facts, as well as establish entirely

21   new factual conclusions and legal contentions, all of which may lead to substantial additions to,

22   changes in, and variations from the contentions herein set forth.

23       The responses set forth below are provided without prejudice to Defendant's right to

24   produce evidence of any fact or facts that Defendant may subsequently discover or later recall.

25   Subject to the provisions of the Federal Rules, Defendant reserves the right to correct any

26   inadvertent errors or omissions, and to revise any of the responses set forth herein as additional

27   facts are ascertained, analysis is made, legal research is completed, and contentions are made.  The

28

1  responses set forth herein are made in a good-faith effort to supply as much factual information

2  and as much specification of legal contentions as is presently known, but should in no way be to

3  the prejudice of the Defendant in relation to further discovery, research or analysis, or the use of

4  and/or reliance upon subsequently discovered documents.

5        Except for explicit facts admitted in the responses set forth below, no incidental or implicit

6  admissions are intended.  The fact that Defendant has either responded to or objected to a RFA or

7  part thereof should not be taken as an admission that Defendant has accepted or admitted the

8  existence of any fact or facts set forth or assumed by such RFA, or that such response or objection

9  constitutes evidence.  The fact that Defendant has responded to part or all of any request is not

10  intended and shall not be construed to be a waiver by the Defendant of all or any part of any

11  objection to any RFA.

12        In responding to the RFAs below, Defendant will not provide information protected from

13  disclosure by the attorney-client privilege, the attorney work product doctrine, the joint

14  defense/common interest privilege, and/or any other applicable privilege or immunity; information

15  that is confidential or personal and the disclosure of which would constitute an unwarranted

16  invasion of an affected person's constitutional, statutory and/or common law rights to privacy and

17  confidentiality; and private, privileged, and confidential or proprietary commercial, financial, or

18  business information.

19        The inadvertent or mistaken production of information subject to the protections of the

20  attorney-client privilege, attorney work-product doctrine, or other privilege will not constitute a

21  general, inadvertent, implicit, subject matter, separate, independent, or other waiver of such

22  privilege or protection, and does not put in issue or constitute the affirmative use of the advice of

23  counsel or of any privileged communications.

24        In providing these responses, Defendant does not waive or intend to waive, but, on the

25  contrary, reserves or intends to reserve:

26      a.   all questions as to competency, authenticity, relevancy, materiality, privilege, and

27         admissibility of the information provided hereunder or the subject matter;

28

b. the right to object on any ground to the use of the information provided hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding; and

c. the right to object on any ground at any time to a demand for further information.

This preliminary statement is incorporated into each of the responses set forth below.

## OBJECTIONS TO THE DEFINITIONS

Defendant sets forth the following objections to the "Definitions" section set forth in the RFAs. To the extent applicable, Defendant incorporates each of these objections into each of the responses set forth below.

1.      To the extent the "Definitions" seek to impose obligations on Defendant that are in addition to, inconsistent with, or contrary to those imposed by the Federal Rules, the Civil Local Rules, or the Court's individual rules and/or standing orders, Defendant will apply the definitions and provisions set forth in the Federal Rules, and will respond to the RFA in accordance with those Rules and will not provide information that exceeds the requirements of those Rules.

2.      Defendant objects to the definitions of "Minor Leaguer" or "Minor League Baseball Player" in paragraph 2 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.

3.      Defendant objects to the definitions of "You" or "Your" in Paragraph 7 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to entities and individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome. For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the

DEFENDANTS  MILWAUKEE BREWERS BASEBALL CLUB, INC. AND MILWAUKEE BREWERS BASEBALL CLUB, L.P.'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1   following definition:  "You" or "Your" shall mean Brewers and/or the Club's minor league

2   affiliates (owned by the Club).

3        4.      Defendant objects to the definition of "Plaintiffs" in Paragraph 6 of the

4   "Definitions" (and in the RFAs applying that definition) because those RFAs seek information

5   with respect to subject matter that is neither relevant to the claims or defenses of any party nor

6   reasonably calculated to lead to the discovery of admissible evidence, impermissibly seek

7   information outside of Defendant's possession, custody or control, and because such definitions

8   are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For

9   purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the following definition:

10  "Plaintiffs" shall mean Omar Aguilar, Daniel Britt and Daniel Merklinger (for the time those

11  individuals performed services under their Uniform Player Contracts with the Brewers) only.

12

13  **ANSWERS AND OBJECTIONS**[1]

14  **REQUEST FOR ADMISSION NO. 1**

15       Admit that You are subject to the Major League Rules.

16  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 1**

17       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

18  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is

19  overly broad and that the phrase "subject to" is vague and ambiguous such that Defendant cannot

20  properly admit or deny the RFA.

21       Subject to and without waiving the foregoing objection, Defendant denies the RFA, except

22  admits that certain of the Major League Rules apply to Defendant.

23  **REQUEST FOR ADMISSION NO. 2**

24       Admit that You comply with the Major League Rules.

25  _____

26  [1]   Defendant has repeated Plaintiffs' First Requests for Admission verbatim as they were
    served upon Defendant and has made no corrections with respect to spelling, grammar,

27  typographical errors, or any other error in syntax.

28

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 2**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and that the phrase "comply with" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA.

Subject to and without waiving the foregoing objection, Defendant denies the RFA, except admits that it is the Club's practice to comply with the Major League Rules applicable to the Club to the extent appropriate.

**REQUEST FOR ADMISSION NO. 3**

Admit that You comply with Major League Rule 3 when signing Your Minor Leaguers to employment contracts.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 3**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the phrases "employment contract" and "comply" are vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Major League Rule 3(a)(1) provides as follows, in part:  "[A] Major or Minor League Club may contract with a player under the conditions and restrictions set forth in this Rule 3."

**REQUEST FOR ADMISSION NO. 4**

Admit that when signing Your Minor Leaguers to employment contracts, You use the Minor League Uniform Player Contract ("UPC") that is attached to the operative Major League Rules as MLR Attachment 3.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 4**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as

though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it improperly characterizes a UPC as an "employment contract"; the phrase "employment contract" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that the UPC comprises part of the agreement between a minor league baseball player and the applicable Club.

**REQUEST FOR ADMISSION NO. 5**

Admit that You employ(ed) Your Minor Leaguers.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 5**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that the UPCs, to which Plaintiffs are parties, provide that Defendant "employs Player to render, and Player agrees to render, skilled services as a Minor League Player…[during] championship playing seasons, commencing with the beginning of the championship playing season…or the portion of that regular championship playing season remaining after the execution date of this Minor League Uniform Player Contract…whichever date is later."

**REQUEST FOR ADMISSION NO. 6**

Admit that Your Minor Leaguers only receive the wages established in the Addendum C to their UPC's during Championship Season.

6

DEFENDANTS  MILWAUKEE BREWERS BASEBALL CLUB, INC. AND MILWAUKEE BREWERS
BASEBALL CLUB, L.P.'S ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-00608-
JCS (consolidated with 3:14-cv-03289-JCS)

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 6**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA.

**REQUEST FOR ADMISSION NO. 7**

Admit that You do not pay Your Minor Leaguers the wages established in the Addendum C to their UPC's during spring training.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 7**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits Plaintiffs have been paid in accordance with their UPCs and applicable Club policies, which are evidenced by the documents produced or that will be produced in this action.

**REQUEST FOR ADMISSION NO. 8**

Admit that You do not pay Your Minor Leaguers the wages established in the Addendum C to their UPC's during instructional leagues.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 8**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits Plaintiffs have been paid in accordance with their UPCs and applicable Club policies, which are evidenced by the documents produced or that will be produced in this action.

**REQUEST FOR ADMISSION NO. 9**

Admit that Your Minor Leaguers do not receive the wages established in the Addendum C to their UPC's during the months between the end of the Championship Season and spring training.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 9**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits Plaintiffs have been paid in accordance with their UPCs and applicable Club policies, which are evidenced by the documents produced or that will be produced in this action.

**REQUEST FOR ADMISSION NO. 10**

Admit that You never pay Your Minor Leaguers at an overtime rate, such as time-and-a-half the regular rate.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 10**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

phrases "overtime rate" and "regular rate" are vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs did not receive additional compensation calculated at a "time-and-a-half" premium, because they were not entitled to "overtime" pay.

**REQUEST FOR ADMISSION NO. 11**

Admit that You do not maintain records showing all hours worked by Your Minor Leaguers.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 11**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the RFA is overly broad; the phrase "hours worked" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA.

**REQUEST FOR ADMISSION NO. 12**

Admit that You do not provide Your Minor Leaguers with wage statements during the periods of spring training, instructional leagues, and other periods outside the Championship Season.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 12**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the RFA is overly broad; the phrase "wage statements" is vague and ambiguous such that Defendant

1  cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery

2  in a request for admission by seeking a response on a disputed conclusion of law.

3         Subject to and without waiving the foregoing objection, Defendant denies this RFA.

4

5  Dated:  September 11, 2015                    Respectfully submitted,
                                                 */s/ Elise M. Bloom*
6                                                Elise M. Bloom (*pro hac vice*)
                                                 Howard L. Ganz
7                                                Neil H. Abramson (*pro hac vice*)
                                                 Adam M. Lupion (*pro hac vice*)
8                                                Rachel Santoro (*pro hac vice*)
                                                 **PROSKAUER ROSE LLP**
9                                                11 Times Square
                                                 New York, NY 10036
10                                               Telephone:    (212) 969-3000
                                                 Facsimile:    (212) 969-2900
11
                                                 ENZO DER BOGHOSSIAN (SBN 211351)
12                                               ederboghossian@proskauer.com
                                                 **PROSKAUER ROSE LLP**
13                                               2049 Century Park East, 32nd Floor
                                                 Los Angeles, CA  90067-3206
14                                               Telephone:    (310) 557-2900
                                                 Facsimile:    (310) 557-2193
15                                               *Attorneys for Defendants*

16  TO:    **KOREIN TILLERY, LLC**
          Stephen M. Tillery (*pro hac vice*)
17        Aaron M. Zigler (*pro hac vice*)
          Garrett R. Broshuis (*pro hac vice*)
18        505 North 7th Street, Suite 3600
          St. Louis, MO 63101
19        Telephone: (314) 241-4844
          Facsimile: (314) 241-3525
20
          **KOREIN TILLERY, LLC**
21        George A. Zelcs
          205 North Michigan, Suite 1950
22        Chicago, IL  60601
          Telephone: (312) 641-9750
23
          **PEARSON, SIMON & WARSHAW LLP**
24        Bruce L. Simon (Bar No. 96241)
          Benjamin E. Shiftan (Bar No. 265767)
25        44 Montgomery Street, Suite 2450
          San Francisco, CA 94104
26        Telephone: (415) 433-9000
          Facsimile: (415) 433-9008

27

28
                                            10

**PEARSON, SIMON & WARSHAW LLP**
Daniel L. Warshaw (Bar No. 185365)
Bobby Pouya (Bar No. 245527)
Michael H. Pearson (Bar No. 277857)
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

*Plaintiffs' Interim Co-Lead Class Counsel*

DEFENDANTS  MILWAUKEE BREWERS BASEBALL CLUB, INC. AND MILWAUKEE BREWERS
BASEBALL CLUB, L.P.'S ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-00608-
JCS (consolidated with 3:14-cv-03289-JCS)

1  **PROSKAUER ROSE LLP**
   ELISE M. BLOOM (admitted *pro hac vice*)
2  ebloom@proskauer.com
   HOWARD L. GANZ
3  hganz@proskauer.com
   NEIL H. ABRAMSON (admitted *pro hac vice*)
4  nabramson@proskauer.com
   ADAM M. LUPION (admitted *pro hac vice*)
5  alupion@proskauer.com
   RACHEL SANTORO (admitted *pro hac vice*)
6  rsantoro@proskauer.com
   Eleven Times Square
7  New York, NY 10036
   Telephone:   (212) 969-3000
8  Facsimile:    (212) 969-2900

9  **PROSKAUER ROSE LLP**
   ENZO DER BOGHOSSIAN (SBN 211351)
10 ederboghossian@proskauer.com
   2049 Century Park East, 32nd Floor
11 Los Angeles, CA  90067-3206
   Telephone:   (310) 557-2900
12 Facsimile:    (310) 557-2193

13 *Attorneys for Defendants*

14
                **UNITED STATES DISTRICT COURT**
15      **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

16 | AARON SENNE, et al., Individually and on | Case No. 3:14-cv-00608-RS |
   | Behalf of All Those Similarly Situated; | (consolidated with 3:14-cv-03289-JCS) |
17 | | |
   |               Plaintiffs, | **CLASS ACTION** |
18 |          vs. | |
   | | **CERTIFICATE OF SERVICE** |
19 | OFFICE OF THE COMMISSIONER OF | |
   | BASEBALL, an unincorporated association | |
20 | doing business as MAJOR LEAGUE | |
   | BASEBALL; et al.; | |
21 | | |
   |               Defendants. | |
22

23

24

25

26

27

28

I hereby certify that September 11, 2015, I caused to be served the following:

    Defendants Milwaukee Brewers Baseball Club, Inc. and Milwaukee Brewers Baseball Club, L.P.'s Answers and Objections to Plaintiffs' First Set of Requests for Admission to Franchise Defendants

by e-mail on the following counsel for Plaintiffs:

TO:    **KOREIN TILLERY, LLC**
    Stephen M. Tillery (*pro hac vice*)
    Aaron M. Zigler (*pro hac vice*)
    Garrett R. Broshuis (*pro hac vice*)
    505 North 7th Street, Suite 3600
    St. Louis, MO 63101
    Telephone: (314) 241-4844
    Facsimile: (314) 241-3525
    stillery@koreintillery.com
    azigler@koreintillery.com
    gbroshuis@koreintillery.com

    **KOREIN TILLERY, LLC**
    George A. Zelcs
    205 North Michigan, Suite 1950
    Chicago, IL  60601
    Telephone: (312) 641-9750
    Facsimile: (312) 641-9751
    gzelcs@koreintillery.com

    **PEARSON, SIMON & WARSHAW LLP**
    Bruce L. Simon (Bar No. 96241)
    Benjamin E. Shiftan (Bar No. 265767)
    44 Montgomery Street, Suite 2450
    San Francisco, CA 94104
    Telephone: (415) 433-9000
    Facsimile: (415) 433-9008
    bsimon@pswlaw.com
    bshiftan@pswlaw.com

    **PEARSON, SIMON & WARSHAW LLP**
    Daniel L. Warshaw (Bar No. 185365)
    Bobby Pouya (Bar No. 245527)
    Michael H. Pearson (Bar No. 277857)
    15165 Ventura Boulevard, Suite 400
    Sherman Oaks, California 91403
    Telephone: (818) 788-8300
    Facsimile: (818) 788-8104

1
dwarshaw@pswlaw.com
bpouya@pswlaw.com
2
mpearson@pswlaw.com

3
*Plaintiffs' Interim Co-Lead Class Counsel*

4

5

6

7  Dated:  September 11, 2015

Respectfully submitted,

*/s/ Elise M. Bloom*
8
Elise M. Bloom (*pro hac vice*)
Howard L. Ganz
9
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
10
Rachel Santoro (*pro hac vice*)
11
**PROSKAUER ROSE LLP**
11 Times Square
12
New York, NY 10036
Telephone:     (212) 969-3000
13
Facsimile:     (212) 969-2900
14
ENZO DER BOGHOSSIAN (SBN 211351)
15
ederboghossian@proskauer.com
**PROSKAUER ROSE LLP**
16
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
17
Telephone:     (310) 557-2900
Facsimile:     (310) 557-2193
18
*Attorneys for Defendants*
19

20

21

22

23

24

25

26

27

28

DEFENDANTS MILWAUKEE BREWERS BASEBALL CLUB, INC. AND MILWAUKEE BREWERS
BASEBALL CLUB, L.P.'S CERTIFICATE OF SERVICE-
Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1

**PROSKAUER ROSE LLP**
ELISE M. BLOOM (admitted *pro hac vice*)

2

ebloom@proskauer.com
HOWARD L. GANZ

3

hganz@proskauer.com
NEIL H. ABRAMSON (admitted *pro hac vice*)

4

nabramson@proskauer.com
ADAM M. LUPION (admitted *pro hac vice*)

5

alupion@proskauer.com
RACHEL SANTORO (admitted *pro hac vice*)

6

rsantoro@proskauer.com
Eleven Times Square

7

New York, NY 10036
Telephone:   (212) 969-3000

8

Facsimile:    (212) 969-2900

9

**PROSKAUER ROSE LLP**
ENZO DER BOGHOSSIAN (SBN 211351)

10

ederboghossian@proskauer.com
2049 Century Park East, 32nd Floor

11

Los Angeles, CA  90067-3206
Telephone:   (310) 557-2900

12

Facsimile:    (310) 557-2193

13

*Attorneys for Defendant*

14

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

15

16

AARON SENNE, et al., Individually and on
Behalf of All Those Similarly Situated;

17

Plaintiffs,
vs.

18

OFFICE OF THE COMMISSIONER OF

19

BASEBALL, an unincorporated association
doing business as MAJOR LEAGUE

20

BASEBALL; et al.;

21

Defendants.

Case No. 3:14-cv-00608-RS
(consolidated with 3:14-cv-03289-JCS)

**CLASS ACTION**

**DEFENDANT ATHLETICS
INVESTMENT GROUP LLC'S ANSWERS
AND OBJECTIONS TO PLAINTIFFS'
FIRST REQUESTS FOR ADMISSION TO
FRANCHISE DEFENDANTS**

22

23

24

25

26

27

28

1    Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules"),

2    as well as the Local Rules of Practice in Civil Proceedings before the United States District Court

3    for the Northern District of California (the "Civil Local Rules"), Athletics Investment Group LLC

4    (d/b/a "Oakland Athletics") (hereinafter "Defendant," "Club" or "Athletics") by and through its

5    attorneys, Proskauer Rose LLP, hereby responds and objects to Plaintiffs' First Requests for

6    Admission to Franchise Defendants, dated August 7, 2015 (the "RFAs"):

7    **<u>PRELIMINARY STATEMENT</u>**

8    These responses are made solely for the purpose of this action.  These responses are made

9    subject to all objections as to competence, relevance, materiality, propriety and admissibility, and

10    any and all other objections and grounds that would require the exclusion of any statement made

11    herein if any such statement were made by, or if any admissions were requested of, a witness

12    present and testifying in court, all of which objections are expressly reserved and may be

13    interposed up to and including the time of trial.

14    Defendant has not fully completed the investigation of the facts related to this case and has

15    not fully completed preparation for the trial in this matter.  Accordingly, all of the responses set

16    forth herein are based only on such information and documents as are presently available and

17    specifically known to Defendant, and disclose only those contentions as are presently known to

18    Defendant.  It is anticipated that further discovery, independent investigation, legal research and

19    analysis will supply additional facts, add meaning to the known facts, as well as establish entirely

20    new factual conclusions and legal contentions, all of which may lead to substantial additions to,

21    changes in, and variations from the contentions herein set forth.

22    The responses set forth below are provided without prejudice to Defendant's right to

23    produce evidence of any fact or facts that Defendant may subsequently discover or later recall.

24    Subject to the provisions of the Federal Rules, Defendant reserves the right to correct any

25    inadvertent errors or omissions, and to revise any of the responses set forth herein as additional

26    facts are ascertained, analysis is made, legal research is completed, and contentions are made.  The

27    responses set forth herein are made in a good-faith effort to supply as much factual information

28

and as much specification of legal contentions as is presently known, but should in no way be to the prejudice of the Defendant in relation to further discovery, research or analysis, or the use of and/or reliance upon subsequently discovered documents.

Except for explicit facts admitted in the responses set forth below, no incidental or implicit admissions are intended.  The fact that Defendant has either responded to or objected to a RFA or part thereof should not be taken as an admission that Defendant has accepted or admitted the existence of any fact or facts set forth or assumed by such RFA, or that such response or objection constitutes evidence.  The fact that Defendant has responded to part or all of any request is not intended and shall not be construed to be a waiver by the Defendant of all or any part of any objection to any RFA.

In responding to the RFAs below, Defendant will not provide information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense/common interest privilege, and/or any other applicable privilege or immunity; information that is confidential or personal and the disclosure of which would constitute an unwarranted invasion of an affected person's constitutional, statutory and/or common law rights to privacy and confidentiality; and private, privileged, and confidential or proprietary commercial, financial, or business information.

The inadvertent or mistaken production of information subject to the protections of the attorney-client privilege, attorney work-product doctrine, or other privilege will not constitute a general, inadvertent, implicit, subject matter, separate, independent, or other waiver of such privilege or protection, and does not put in issue or constitute the affirmative use of the advice of counsel or of any privileged communications.

In providing these responses, Defendant does not waive or intend to waive, but, on the contrary, reserves or intends to reserve:

a.    all questions as to competency, authenticity, relevancy, materiality, privilege, and admissibility of the information provided hereunder or the subject matter;

b.   the right to object on any ground to the use of the information provided hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding; and

c.   the right to object on any ground at any time to a demand for further information.

This preliminary statement is incorporated into each of the responses set forth below.

## OBJECTIONS TO THE DEFINITIONS

Defendant sets forth the following objections to the "Definitions" section set forth in the RFAs.  To the extent applicable, Defendant incorporates each of these objections into each of the responses set forth below.

1.      To the extent the "Definitions" seek to impose obligations on Defendant that are in addition to, inconsistent with, or contrary to those imposed by the Federal Rules, the Civil Local Rules, or the Court's individual rules and/or standing orders, Defendant will apply the definitions and provisions set forth in the Federal Rules, and will respond to the RFA in accordance with those Rules and will not provide information that exceeds the requirements of those Rules.

2.      Defendant objects to the definitions of "Minor Leaguer" or "Minor League Baseball Player" in paragraph 2 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.

3.      Defendant objects to the definitions of "You" or "Your" in Paragraph 7 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to entities and individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the

following definition:  "You" or "Your" shall mean the Athletics and/or the Club's minor league affiliates (owned by the Club).

4.      Defendant objects to the definition of "Plaintiffs" in Paragraph 6 of the "Definitions" (and in the RFAs applying that definition) because those RFAs seek information with respect to subject matter that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, impermissibly seek information outside of Defendant's possession, custody or control, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the following definition: "Plaintiffs" shall mean Justin Murray, Joseph Newby and Brandon Pinckney (for the time those individuals performed services under their Uniform Player Contracts with the Athletics) only.

## ANSWERS AND OBJECTIONS[1]

### REQUEST FOR ADMISSION NO. 1

Admit that You are subject to the Major League Rules.

### ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 1

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and that the phrase "subject to" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA.

Subject to and without waiving the foregoing objection, Defendant denies the RFA, except admits that certain of the Major League Rules apply to Defendant.

### REQUEST FOR ADMISSION NO. 2

Admit that You comply with the Major League Rules.

---

[1]   Defendant has repeated Plaintiffs' First Requests for Admission verbatim as they were served upon Defendant and has made no corrections with respect to spelling, grammar, typographical errors, or any other error in syntax.

1  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 2**

2       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

3  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is

4  overly broad and that the phrase "comply with" is vague and ambiguous such that Defendant

5  cannot properly admit or deny the RFA.

6       Subject to and without waiving the foregoing objection, Defendant denies the RFA, except

7  admits that it is the Club's practice to comply with the Major League Rules applicable to the Club

8  to the extent appropriate.

9

10  **REQUEST FOR ADMISSION NO. 3**

11       Admit that You comply with Major League Rule 3 when signing Your Minor Leaguers to

12  employment contracts.

13  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 3**

14       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

15  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

16  phrases "employment contract" and "comply" are vague and ambiguous such that Defendant

17  cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

18       Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

19  admits that Major League Rule 3(a)(1) provides as follows, in part:  "[A] Major or Minor League

20  Club may contract with a player under the conditions and restrictions set forth in this Rule 3."

21

22  **REQUEST FOR ADMISSION NO. 4**

23       Admit that when signing Your Minor Leaguers to employment contracts, You use the

24  Minor League Uniform Player Contract ("UPC") that is attached to the operative Major League

25  Rules as MLR Attachment 3.

26  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 4**

27       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

28

though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it improperly characterizes a UPC as an "employment contract"; the phrase "employment contract" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that the UPC comprises part of the agreement between a minor league baseball player and the applicable Club.

**REQUEST FOR ADMISSION NO. 5**

Admit that You employ(ed) Your Minor Leaguers.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 5**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that the UPCs, to which Plaintiffs are parties, provide that Defendant "employs Player to render, and Player agrees to render, skilled services as a Minor League Player…[during] championship playing seasons, commencing with the beginning of the championship playing season…or the portion of that regular championship playing season remaining after the execution date of this Minor League Uniform Player Contract…whichever date is later."

**REQUEST FOR ADMISSION NO. 6**

Admit that Your Minor Leaguers only receive the wages established in the Addendum C to their UPC's during Championship Season.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 6**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA.

**REQUEST FOR ADMISSION NO. 7**

Admit that You do not pay Your Minor Leaguers the wages established in the Addendum C to their UPC's during spring training.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 7**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies, which are evidenced by the documents produced or that will be produced in this action.

**REQUEST FOR ADMISSION NO. 8**

Admit that You do not pay Your Minor Leaguers the wages established in the Addendum C to their UPC's during instructional leagues.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 8**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies, which are evidenced by the documents produced or that will be produced in this action.

**REQUEST FOR ADMISSION NO. 9**

Admit that Your Minor Leaguers do not receive the wages established in the Addendum C to their UPC's during the months between the end of the Championship Season and spring training.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 9**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies, which are evidenced by the documents produced or that will be produced in this action.

**REQUEST FOR ADMISSION NO. 10**

Admit that You never pay Your Minor Leaguers at an overtime rate, such as time-and-a-half the regular rate.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 10**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

8

DEFENDANT ATHLETICS INVESTMENT GROUP LLC'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

phrases "overtime rate" and "regular rate" are vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs did not receive additional compensation calculated at a "time-and-a-half" premium, because they were not entitled to "overtime" pay.

**REQUEST FOR ADMISSION NO. 11**

Admit that You do not maintain records showing all hours worked by Your Minor Leaguers.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 11**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the RFA is overly broad; the phrase "hours worked" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA.

**REQUEST FOR ADMISSION NO. 12**

Admit that You do not provide Your Minor Leaguers with wage statements during the periods of spring training, instructional leagues, and other periods outside the Championship Season.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 12**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the RFA is overly broad; the phrase "wage statements" is vague and ambiguous such that Defendant

1    cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery

2    in a request for admission by seeking a response on a disputed conclusion of law.

3          Subject to and without waiving the foregoing objection, Defendant denies this RFA.

4

5    Dated:  September 11, 2015                                    Respectfully submitted,

6                                                                 */s/ Elise M. Bloom*
                                                                 Elise M. Bloom (*pro hac vice*)
                                                                 Howard L. Ganz
7                                                                 Neil H. Abramson (*pro hac vice*)
                                                                 Adam M. Lupion (*pro hac vice*)
8                                                                 Rachel Santoro (*pro hac vice*)
                                                                 **PROSKAUER ROSE LLP**
9                                                                 11 Times Square
                                                                 New York, NY 10036
10                                                                Telephone:    (212) 969-3000
                                                                 Facsimile:    (212) 969-2900
11
                                                                 ENZO DER BOGHOSSIAN (SBN 211351)
12                                                                ederboghossian@proskauer.com
                                                                 **PROSKAUER ROSE LLP**
13                                                                2049 Century Park East, 32nd Floor
                                                                 Los Angeles, CA  90067-3206
14                                                                Telephone:    (310) 557-2900
                                                                 Facsimile:    (310) 557-2193
15                                                                *Attorneys for Defendant*

16   TO:     **KOREIN TILLERY, LLC**
              Stephen M. Tillery (*pro hac vice*)
17            Aaron M. Zigler (*pro hac vice*)
              Garrett R. Broshuis (*pro hac vice*)
18            505 North 7th Street, Suite 3600
              St. Louis, MO 63101
19            Telephone: (314) 241-4844
              Facsimile: (314) 241-3525
20
              **KOREIN TILLERY, LLC**
21            George A. Zelcs
              205 North Michigan, Suite 1950
22            Chicago, IL  60601
              Telephone: (312) 641-9750
23
              **PEARSON, SIMON & WARSHAW LLP**
24            Bruce L. Simon (Bar No. 96241)
              Benjamin E. Shiftan (Bar No. 265767)
25            44 Montgomery Street, Suite 2450
              San Francisco, CA 94104
26            Telephone: (415) 433-9000
              Facsimile: (415) 433-9008

27

28

DEFENDANT ATHLETICS INVESTMENT GROUP LLC'S ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-00608-
JCS (consolidated with 3:14-cv-03289-JCS)

1

**PEARSON, SIMON & WARSHAW LLP**
Daniel L. Warshaw (Bar No. 185365)
Bobby Pouya (Bar No. 245527)
Michael H. Pearson (Bar No. 277857)
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

2

3

4

5

*Plaintiffs' Interim Co-Lead Class Counsel*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ATHLETICS INVESTMENT GROUP LLC'S ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-00608-
JCS (consolidated with 3:14-cv-03289-JCS)

1 | **PROSKAUER ROSE LLP**
ELISE M. BLOOM (admitted *pro hac vice*)
2 | ebloom@proskauer.com
HOWARD L. GANZ
3 | hganz@proskauer.com
NEIL H. ABRAMSON (admitted *pro hac vice*)
4 | nabramson@proskauer.com
ADAM M. LUPION (admitted *pro hac vice*)
5 | alupion@proskauer.com
RACHEL SANTORO (admitted *pro hac vice*)
6 | rsantoro@proskauer.com
Eleven Times Square
7 | New York, NY 10036
Telephone:   (212) 969-3000
8 | Facsimile:   (212) 969-2900

9 | **PROSKAUER ROSE LLP**
ENZO DER BOGHOSSIAN (SBN 211351)
10 | ederboghossian@proskauer.com
2049 Century Park East, 32nd Floor
11 | Los Angeles, CA  90067-3206
Telephone:   (310) 557-2900
12 | Facsimile:   (310) 557-2193

13 | *Attorneys for Defendant*

14 |

15 | **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

16 | AARON SENNE, et al., Individually and on   |   Case No. 3:14-cv-00608-RS
Behalf of All Those Similarly Situated;   |   (consolidated with 3:14-cv-03289-JCS)

17 |

|   Plaintiffs,   |   **CLASS ACTION**

18 |        vs.

|   **CERTIFICATE OF SERVICE**

19 | OFFICE OF THE COMMISSIONER OF
BASEBALL, an unincorporated association
20 | doing business as MAJOR LEAGUE
BASEBALL; et al.;

21 |        Defendants.

22 |

23 |

24 |

25 |

26 |

27 |

28 |

1   I hereby certify that September 11, 2015, I caused to be served the following:

2       Defendant Athletic Investment Group LLC's Answers and Objections to Plaintiffs' First
        Set of Requests for Admission to Franchise Defendants
3

4   by e-mail on the following counsel for Plaintiffs:

5

6   TO:   **KOREIN TILLERY, LLC**
        Stephen M. Tillery (*pro hac vice*)
7       Aaron M. Zigler (*pro hac vice*)
        Garrett R. Broshuis (*pro hac vice*)
8       505 North 7th Street, Suite 3600
        St. Louis, MO 63101
9       Telephone: (314) 241-4844
        Facsimile: (314) 241-3525
10      stillery@koreintillery.com
        azigler@koreintillery.com
11      gbroshuis@koreintillery.com

12      **KOREIN TILLERY, LLC**
13      George A. Zelcs
        205 North Michigan, Suite 1950
14      Chicago, IL  60601
        Telephone: (312) 641-9750
15      Facsimile: (312) 641-9751
        gzelcs@koreintillery.com
16

17      **PEARSON, SIMON & WARSHAW LLP**
        Bruce L. Simon (Bar No. 96241)
18      Benjamin E. Shiftan (Bar No. 265767)
        44 Montgomery Street, Suite 2450
19      San Francisco, CA 94104
        Telephone: (415) 433-9000
20      Facsimile: (415) 433-9008
21      bsimon@pswlaw.com
        bshiftan@pswlaw.com
22

23      **PEARSON, SIMON & WARSHAW LLP**
        Daniel L. Warshaw (Bar No. 185365)
24      Bobby Pouya (Bar No. 245527)
        Michael H. Pearson (Bar No. 277857)
25      15165 Ventura Boulevard, Suite 400
        Sherman Oaks, California 91403
26      Telephone: (818) 788-8300
        Facsimile: (818) 788-8104
27      dwarshaw@pswlaw.com
28

---

DEFENDANT ATHLETIC INVESTMENT GROUP LLC'S CERTIFICATE OF SERVICE–
Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

bpouya@pswlaw.com
mpearson@pswlaw.com

*Plaintiffs' Interim Co-Lead Class Counsel*

Dated:  September 11, 2015

Respectfully submitted,

*/s/ Elise M. Bloom*
Elise M. Bloom (*pro hac vice*)
Howard L. Ganz
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
Rachel Santoro (*pro hac vice*)
**PROSKAUER ROSE LLP**
11 Times Square
New York, NY 10036
Telephone:    (212) 969-3000
Facsimile:    (212) 969-2900

ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
**PROSKAUER ROSE LLP**
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:    (310) 557-2900
Facsimile:    (310) 557-2193
*Attorneys for Defendant*

2

1    **PROSKAUER ROSE LLP**
     ELISE M. BLOOM (admitted *pro hac vice*)
2    ebloom@proskauer.com
     HOWARD L. GANZ
3    hganz@proskauer.com
     NEIL H. ABRAMSON (admitted *pro hac vice*)
4    nabramson@proskauer.com
     ADAM M. LUPION (admitted *pro hac vice*)
5    alupion@proskauer.com
     RACHEL SANTORO (admitted *pro hac vice*)
6    rsantoro@proskauer.com
     Eleven Times Square
7    New York, NY 10036
     Telephone:   (212) 969-3000
8    Facsimile:    (212) 969-2900

9    **PROSKAUER ROSE LLP**
     ENZO DER BOGHOSSIAN (SBN 211351)
10   ederboghossian@proskauer.com
     2049 Century Park East, 32nd Floor
11   Los Angeles, CA  90067-3206
     Telephone:   (310) 557-2900
12   Facsimile:    (310) 557-2193

13   *Attorneys for Defendant*

14                 **UNITED STATES DISTRICT COURT**
            **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**
15

16   AARON SENNE, et al., Individually and on      Case No. 3:14-cv-00608-RS
     Behalf of All Those Similarly Situated;       (consolidated with 3:14-cv-03289-JCS)
17
                        Plaintiffs,                **CLASS ACTION**
18           vs.
                                                   **DEFENDANT PITTSBURGH**
19   OFFICE OF THE COMMISSIONER OF                 **ASSOCIATES, L.P.'S ANSWERS AND**
     BASEBALL, an unincorporated association       **OBJECTIONS TO PLAINTIFFS' FIRST**
20   doing business as MAJOR LEAGUE                **REQUESTS FOR ADMISSION TO**
     BASEBALL; et al.;                             **FRANCHISE DEFENDANTS**
21                      Defendants.

22

23

24

25

26

27

28

1    Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules"),

2  as well as the Local Rules of Practice in Civil Proceedings before the United States District Court

3  for the Northern District of California (the "Civil Local Rules"), Pittsburgh Associates, L.P.

4  (d/b/a "Pittsburgh Pirates") (hereinafter "Defendant," "Club" or "Pirates") by and through its

5  attorneys, Proskauer Rose LLP, hereby responds and objects to Plaintiffs' First Requests for

6  Admission to Franchise Defendants, dated August 7, 2015 (the "RFAs"):

7                            **PRELIMINARY STATEMENT**

8    These responses are made solely for the purpose of this action.  These responses are made

9  subject to all objections as to competence, relevance, materiality, propriety and admissibility, and

10  any and all other objections and grounds that would require the exclusion of any statement made

11  herein if any such statement were made by, or if any admissions were requested of, a witness

12  present and testifying in court, all of which objections are expressly reserved and may be

13  interposed up to and including the time of trial.

14    Defendant has not fully completed the investigation of the facts related to this case and has

15  not fully completed preparation for the trial in this matter.  Accordingly, all of the responses set

16  forth herein are based only on such information and documents as are presently available and

17  specifically known to Defendant, and disclose only those contentions as are presently known to

18  Defendant.  It is anticipated that further discovery, independent investigation, legal research and

19  analysis will supply additional facts, add meaning to the known facts, as well as establish entirely

20  new factual conclusions and legal contentions, all of which may lead to substantial additions to,

21  changes in, and variations from the contentions herein set forth.

22    The responses set forth below are provided without prejudice to Defendant's right to

23  produce evidence of any fact or facts that Defendant may subsequently discover or later recall.

24  Subject to the provisions of the Federal Rules, Defendant reserves the right to correct any

25  inadvertent errors or omissions, and to revise any of the responses set forth herein as additional

26  facts are ascertained, analysis is made, legal research is completed, and contentions are made.  The

27  responses set forth herein are made in a good-faith effort to supply as much factual information

28

1   and as much specification of legal contentions as is presently known, but should in no way be to

2   the prejudice of the Defendant in relation to further discovery, research or analysis, or the use of

3   and/or reliance upon subsequently discovered documents.

4          Except for explicit facts admitted in the responses set forth below, no incidental or implicit

5   admissions are intended.  The fact that Defendant has either responded to or objected to a RFA or

6   part thereof should not be taken as an admission that Defendant has accepted or admitted the

7   existence of any fact or facts set forth or assumed by such RFA, or that such response or objection

8   constitutes evidence.  The fact that Defendant has responded to part or all of any request is not

9   intended and shall not be construed to be a waiver by the Defendant of all or any part of any

10  objection to any RFA.

11         In responding to the RFAs below, Defendant will not provide information protected from

12  disclosure by the attorney-client privilege, the attorney work product doctrine, the joint

13  defense/common interest privilege, and/or any other applicable privilege or immunity; information

14  that is confidential or personal and the disclosure of which would constitute an unwarranted

15  invasion of an affected person's constitutional, statutory and/or common law rights to privacy and

16  confidentiality; and private, privileged, and confidential or proprietary commercial, financial, or

17  business information.

18         The inadvertent or mistaken production of information subject to the protections of the

19  attorney-client privilege, attorney work-product doctrine, or other privilege will not constitute a

20  general, inadvertent, implicit, subject matter, separate, independent, or other waiver of such

21  privilege or protection, and does not put in issue or constitute the affirmative use of the advice of

22  counsel or of any privileged communications.

23         In providing these responses, Defendant does not waive or intend to waive, but, on the

24  contrary, reserves or intends to reserve:

25      a.   all questions as to competency, authenticity, relevancy, materiality, privilege, and

26           admissibility of the information provided hereunder or the subject matter;

27

28

b.   the right to object on any ground to the use of the information provided hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding; and

c.   the right to object on any ground at any time to a demand for further information.

This preliminary statement is incorporated into each of the responses set forth below.

**OBJECTIONS TO THE DEFINITIONS**

Defendant sets forth the following objections to the "Definitions" section set forth in the RFAs.  To the extent applicable, Defendant incorporates each of these objections into each of the responses set forth below.

1.      To the extent the "Definitions" seek to impose obligations on Defendant that are in addition to, inconsistent with, or contrary to those imposed by the Federal Rules, the Civil Local Rules, or the Court's individual rules and/or standing orders, Defendant will apply the definitions and provisions set forth in the Federal Rules, and will respond to the RFA in accordance with those Rules and will not provide information that exceeds the requirements of those Rules.

2.      Defendant objects to the definitions of "Minor Leaguer" or "Minor League Baseball Player" in paragraph 2 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.

3.      Defendant objects to the definitions of "You" or "Your" in Paragraph 7 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to entities and individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the

1   following definition:  "You" or "Your" shall mean Pirates and/or the Club's minor league

2   affiliates (owned by the Club).

3         4.      Defendant objects to the definition of "Plaintiffs" in Paragraph 6 of the

4   "Definitions" (and in the RFAs applying that definition) because those RFAs seek information

5   with respect to subject matter that is neither relevant to the claims or defenses of any party nor

6   reasonably calculated to lead to the discovery of admissible evidence, impermissibly seek

7   information outside of Defendant's possession, custody or control, and because such definitions

8   are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For

9   purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the following definition:

10  "Plaintiffs" shall mean Kris Watts (for the time he performed services under his Uniform Player

11  Contract with the Pirates) only.

12

13                                          **ANSWERS AND OBJECTIONS**[1]

14

15  **REQUEST FOR ADMISSION NO. 1**

16        Admit that You are subject to the Major League Rules.

17  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 1**

18        Defendant incorporates its Preliminary Statement and Objections to the Definitions as

19  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is

20  overly broad and that the phrase "subject to" is vague and ambiguous such that Defendant cannot

21  properly admit or deny the RFA.

22        Subject to and without waiving the foregoing objection, Defendant denies the RFA, except

23  admits that certain of the Major League Rules apply to Defendant.

24

25  _____

26  [1]   Defendant has repeated Plaintiffs' First Requests for Admission verbatim as they were

27  served upon Defendant and has made no corrections with respect to spelling, grammar,
typographical errors, or any other error in syntax.

28

**REQUEST FOR ADMISSION NO. 2**

Admit that You comply with the Major League Rules.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 2**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and that the phrase "comply with" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA.

Subject to and without waiving the foregoing objection, Defendant denies the RFA, except admits that it is the Club's practice to comply with the Major League Rules applicable to the Club to the extent appropriate.

**REQUEST FOR ADMISSION NO. 3**

Admit that You comply with Major League Rule 3 when signing Your Minor Leaguers to employment contracts.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 3**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the phrases "employment contract" and "comply" are vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Major League Rule 3(a)(1) provides as follows, in part:  "[A] Major or Minor League Club may contract with a player under the conditions and restrictions set forth in this Rule 3."

**REQUEST FOR ADMISSION NO. 4**

Admit that when signing Your Minor Leaguers to employment contracts, You use the Minor League Uniform Player Contract ("UPC") that is attached to the operative Major League Rules as MLR Attachment 3.

5

DEFENDANT PITTSBURGH ASSOCIATES, L.P.'S  ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1    <u>**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 4**</u>

2           Defendant incorporates its Preliminary Statement and Objections to the Definitions as

3    though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it

4    improperly characterizes a UPC as an "employment contract"; the phrase "employment contract"

5    is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA

6    assumes facts not in evidence.

7           Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

8    admits that the UPC comprises part of the agreement between a minor league baseball player and

9    the applicable Club.

10

11   <u>**REQUEST FOR ADMISSION NO. 5**</u>

12          Admit that You employ(ed) Your Minor Leaguers.

13   <u>**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 5**</u>

14          Defendant incorporates its Preliminary Statement and Objections to the Definitions as

15   though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is

16   overly broad and the RFA exceeds the scope of permissible discovery in a request for admission

17   by seeking a response on a disputed conclusion of law.

18          Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

19   admits that the UPCs, to which Plaintiffs are parties, provide that Defendant "employs Player to

20   render, and Player agrees to render, skilled services as a Minor League Player…[during]

21   championship playing seasons, commencing with the beginning of the championship playing

22   season…or the portion of that regular championship playing season remaining after the execution

23   date of this Minor League Uniform Player Contract…whichever date is later."

24

25   <u>**REQUEST FOR ADMISSION NO. 6**</u>

26          Admit that Your Minor Leaguers only receive the wages established in the Addendum C to

27   their UPC's during Championship Season.

28

1    **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 6**

2         Defendant incorporates its Preliminary Statement and Objections to the Definitions as

3    though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

4    term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

5    RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

6    seeking a response on a disputed conclusion of law.

7         Subject to and without waiving the foregoing objection, Defendant denies this RFA.

8

9    **REQUEST FOR ADMISSION NO. 7**

10        Admit that You do not pay Your Minor Leaguers the wages established in the Addendum

11   C to their UPC's during spring training.

12   **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 7**

13        Defendant incorporates its Preliminary Statement and Objections to the Definitions as

14   though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

15   term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

16   RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

17   seeking a response on a disputed conclusion of law.

18        Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

19   admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

20   which are evidenced by the documents produced or that will be produced in this action.

21

22   **REQUEST FOR ADMISSION NO. 8**

23        Admit that You do not pay Your Minor Leaguers the wages established in the Addendum

24   C to their UPC's during instructional leagues.

25   **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 8**

26        Defendant incorporates its Preliminary Statement and Objections to the Definitions as

27   though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

28

term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies, which are evidenced by the documents produced or that will be produced in this action.

**REQUEST FOR ADMISSION NO. 9**

Admit that Your Minor Leaguers do not receive the wages established in the Addendum C to their UPC's during the months between the end of the Championship Season and spring training.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 9**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies, which are evidenced by the documents produced or that will be produced in this action.

**REQUEST FOR ADMISSION NO. 10**

Admit that You never pay Your Minor Leaguers at an overtime rate, such as time-and-a-half the regular rate.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 10**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

phrases "overtime rate" and "regular rate" are vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs did not receive additional compensation calculated at a "time-and-a-half" premium, because they were not entitled to "overtime" pay.

**REQUEST FOR ADMISSION NO. 11**

Admit that You do not maintain records showing all hours worked by Your Minor Leaguers.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 11**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the RFA is overly broad; the phrase "hours worked" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA.

**REQUEST FOR ADMISSION NO. 12**

Admit that You do not provide Your Minor Leaguers with wage statements during the periods of spring training, instructional leagues, and other periods outside the Championship Season.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 12**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the RFA is overly broad; the phrase "wage statements" is vague and ambiguous such that Defendant

1 | cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery

2 | in a request for admission by seeking a response on a disputed conclusion of law.

3 | Subject to and without waiving the foregoing objection, Defendant denies this RFA.

4

5 | Dated:  September 11, 2015

Respectfully submitted,

6 |
*/s/ Elise M. Bloom*
Elise M. Bloom (*pro hac vice*)
Howard L. Ganz

7 | Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)

8 | Rachel Santoro (*pro hac vice*)
**PROSKAUER ROSE LLP**

9 | 11 Times Square
New York, NY 10036

10 | Telephone:    (212) 969-3000
Facsimile:     (212) 969-2900

11

12 | ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
**PROSKAUER ROSE LLP**

13 | 2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206

14 | Telephone:     (310) 557-2900
Facsimile:      (310) 557-2193

15 | *Attorneys for Defendant*

16 | TO:    **KOREIN TILLERY, LLC**
Stephen M. Tillery (*pro hac vice*)

17 | Aaron M. Zigler (*pro hac vice*)
Garrett R. Broshuis (*pro hac vice*)

18 | 505 North 7th Street, Suite 3600
St. Louis, MO 63101

19 | Telephone: (314) 241-4844
Facsimile: (314) 241-3525

20

21 | **KOREIN TILLERY, LLC**
George A. Zelcs
205 North Michigan, Suite 1950

22 | Chicago, IL  60601
Telephone: (312) 641-9750

23

24 | **PEARSON, SIMON & WARSHAW LLP**
Bruce L. Simon (Bar No. 96241)

25 | Benjamin E. Shiftan (Bar No. 265767)
44 Montgomery Street, Suite 2450

26 | San Francisco, CA 94104
Telephone: (415) 433-9000

27 | Facsimile: (415) 433-9008

28

1

2  **PEARSON, SIMON & WARSHAW LLP**
Daniel L. Warshaw (Bar No. 185365)

3  Bobby Pouya (Bar No. 245527)
Michael H. Pearson (Bar No. 277857)

4  15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403

5  Telephone: (818) 788-8300
Facsimile: (818) 788-8104

6  *Plaintiffs' Interim Co-Lead Class Counsel*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT PITTSBURGH ASSOCIATES, L.P.'S  ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-00608-
JCS (consolidated with 3:14-cv-03289-JCS)

1  **PROSKAUER ROSE LLP**
   ELISE M. BLOOM (admitted *pro hac vice*)
2  ebloom@proskauer.com
   HOWARD L. GANZ
3  hganz@proskauer.com
   NEIL H. ABRAMSON (admitted *pro hac vice*)
4  nabramson@proskauer.com
   ADAM M. LUPION (admitted *pro hac vice*)
5  alupion@proskauer.com
   RACHEL SANTORO (admitted *pro hac vice*)
6  rsantoro@proskauer.com
   Eleven Times Square
7  New York, NY 10036
   Telephone:   (212) 969-3000
8  Facsimile:    (212) 969-2900

9  **PROSKAUER ROSE LLP**
   ENZO DER BOGHOSSIAN (SBN 211351)
10 ederboghossian@proskauer.com
   2049 Century Park East, 32nd Floor
11 Los Angeles, CA  90067-3206
   Telephone:   (310) 557-2900
12 Facsimile:    (310) 557-2193

13 *Attorneys for Defendant*

14
                   **UNITED STATES DISTRICT COURT**
15      **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

16 AARON SENNE, et al., Individually and on      Case No. 3:14-cv-00608-RS
   Behalf of All Those Similarly Situated;        (consolidated with 3:14-cv-03289-JCS)
17
                      Plaintiffs,                  **CLASS ACTION**
18            vs.
                                                   **CERTIFICATE OF SERVICE**
19 OFFICE OF THE COMMISSIONER OF
   BASEBALL, an unincorporated association
20 doing business as MAJOR LEAGUE
   BASEBALL; et al.;
21
                      Defendants.
22

23

24

25

26

27

28

──────────────────────────────────────────
DEFENDANT PITTSBURGH ASSOCIATES, L.P.'S CERTIFICATE OF SERVICE–
Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

I hereby certify that September 11, 2015, I caused to be served the following:

Defendant Pittsburgh Associates, L.P.'s Answers and Objections to Plaintiffs' First Set of Requests for Admission to Franchise Defendants

by e-mail on the following counsel for Plaintiffs:

TO:   **KOREIN TILLERY, LLC**
Stephen M. Tillery (*pro hac vice*)
Aaron M. Zigler (*pro hac vice*)
Garrett R. Broshuis (*pro hac vice*)
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525
stillery@koreintillery.com
azigler@koreintillery.com
gbroshuis@koreintillery.com

**KOREIN TILLERY, LLC**
George A. Zelcs
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751
gzelcs@koreintillery.com

**PEARSON, SIMON & WARSHAW LLP**
Bruce L. Simon (Bar No. 96241)
Benjamin E. Shiftan (Bar No. 265767)
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswlaw.com
bshiftan@pswlaw.com

**PEARSON, SIMON & WARSHAW LLP**
Daniel L. Warshaw (Bar No. 185365)
Bobby Pouya (Bar No. 245527)
Michael H. Pearson (Bar No. 277857)
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104
dwarshaw@pswlaw.com

bpouya@pswlaw.com
mpearson@pswlaw.com

*Plaintiffs' Interim Co-Lead Class Counsel*

Dated:  September 11, 2015

Respectfully submitted,

*/s/ Elise M. Bloom*
Elise M. Bloom (*pro hac vice*)
Howard L. Ganz
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
Rachel Santoro (*pro hac vice*)
**PROSKAUER ROSE LLP**
11 Times Square
New York, NY 10036
Telephone:     (212) 969-3000
Facsimile:      (212) 969-2900

ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
**PROSKAUER ROSE LLP**
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:     (310) 557-2900
Facsimile:      (310) 557-2193
*Attorneys for Defendant*

2

1  **PROSKAUER ROSE LLP**
   ELISE M. BLOOM (admitted *pro hac vice*)
2  ebloom@proskauer.com
   HOWARD L. GANZ
3  hganz@proskauer.com
   NEIL H. ABRAMSON (admitted *pro hac vice*)
4  nabramson@proskauer.com
   ADAM M. LUPION (admitted *pro hac vice*)
5  alupion@proskauer.com
   RACHEL SANTORO (admitted *pro hac vice*)
6  rsantoro@proskauer.com
   Eleven Times Square
7  New York, NY 10036
   Telephone:   (212) 969-3000
8  Facsimile:   (212) 969-2900

9  **PROSKAUER ROSE LLP**
   ENZO DER BOGHOSSIAN (SBN 211351)
10 ederboghossian@proskauer.com
   2049 Century Park East, 32nd Floor
11 Los Angeles, CA  90067-3206
   Telephone:   (310) 557-2900
12 Facsimile:   (310) 557-2193

13 *Attorneys for Defendant*

14            **UNITED STATES DISTRICT COURT**
        **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**
15

16 AARON SENNE, et al., Individually and on      | Case No. 3:14-cv-00608-RS
   Behalf of All Those Similarly Situated;        | (consolidated with 3:14-cv-03289-JCS)

17              Plaintiffs,                        | **CLASS ACTION**
18        vs.
                                                   | **DEFENDANT ST. LOUIS CARDINALS,**
19 OFFICE OF THE COMMISSIONER OF                   | **LLC'S ANSWERS AND OBJECTIONS TO**
   BASEBALL, an unincorporated association         | **PLAINTIFFS' FIRST SET OF REQUESTS**
   doing business as MAJOR LEAGUE                   | **FOR ADMISSION TO FRANCHISE**
20 BASEBALL; et al.;                                | **DEFENDANTS**

21              Defendants.

22

23

24

25

26

27

28

1    Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules"),

2    as well as the Local Rules of Practice in Civil Proceedings before the United States District Court

3    for the Northern District of California (the "Civil Local Rules"), St. Louis Cardinals, LLC

4    (d/b/a "St. Louis Cardinals") (hereinafter "Defendant," "Club" or "Cardinals") by and through its

5    attorneys, Proskauer Rose LLP, hereby responds and objects to Plaintiffs' First Set of Requests for

6    Admission to Franchise Defendants, dated August 7, 2015 (the "RFAs"):

7                                    **PRELIMINARY STATEMENT**

8    These responses are made solely for the purpose of this action.  These responses are made

9    subject to all objections as to competence, relevance, materiality, propriety and admissibility, and

10   any and all other objections and grounds that would require the exclusion of any statement made

11   herein if any such statement were made by, or if any admissions were requested of, a witness

12   present and testifying in court, all of which objections are expressly reserved and may be

13   interposed up to and including the time of trial.

14   Defendant has not fully completed the investigation of the facts related to this case and has

15   not fully completed preparation for the trial in this matter.  Accordingly, all of the responses set

16   forth herein are based only on such information and documents as are presently available and

17   specifically known to Defendant, and disclose only those contentions as are presently known to

18   Defendant.  It is anticipated that further discovery, independent investigation, legal research and

19   analysis will supply additional facts, add meaning to the known facts, as well as establish entirely

20   new factual conclusions and legal contentions, all of which may lead to substantial additions to,

21   changes in, and variations from the contentions herein set forth.

22   The responses set forth below are provided without prejudice to Defendant's right to

23   produce evidence of any fact or facts that Defendant may subsequently discover or later recall.

24   Subject to the provisions of the Federal Rules, Defendant reserves the right to correct any

25   inadvertent errors or omissions, and to revise any of the responses set forth herein as additional

26   facts are ascertained, analysis is made, legal research is completed, and contentions are made.  The

27   responses set forth herein are made in a good-faith effort to supply as much factual information

28

1  and as much specification of legal contentions as is presently known, but should in no way be to

2  the prejudice of the Defendant in relation to further discovery, research or analysis, or the use of

3  and/or reliance upon subsequently discovered documents.

4        Except for explicit facts admitted in the responses set forth below, no incidental or implicit

5  admissions are intended.  The fact that Defendant has either responded to or objected to a RFA or

6  part thereof should not be taken as an admission that Defendant has accepted or admitted the

7  existence of any fact or facts set forth or assumed by such RFA, or that such response or objection

8  constitutes evidence.  The fact that Defendant has responded to part or all of any request is not

9  intended and shall not be construed to be a waiver by the Defendant of all or any part of any

10  objection to any RFA.

11        In responding to the RFAs below, Defendant will not provide information protected from

12  disclosure by the attorney-client privilege, the attorney work product doctrine, the joint

13  defense/common interest privilege, and/or any other applicable privilege or immunity; information

14  that is confidential or personal and the disclosure of which would constitute an unwarranted

15  invasion of an affected person's constitutional, statutory and/or common law rights to privacy and

16  confidentiality; and private, privileged, and confidential or proprietary commercial, financial, or

17  business information.

18        The inadvertent or mistaken production of information subject to the protections of the

19  attorney-client privilege, attorney work-product doctrine, or other privilege will not constitute a

20  general, inadvertent, implicit, subject matter, separate, independent, or other waiver of such

21  privilege or protection, and does not put in issue or constitute the affirmative use of the advice of

22  counsel or of any privileged communications.

23        In providing these responses, Defendant does not waive or intend to waive, but, on the

24  contrary, reserves or intends to reserve:

25        a.  all questions as to competency, authenticity, relevancy, materiality, privilege, and

26           admissibility of the information provided hereunder or the subject matter;

27

28

b. the right to object on any ground to the use of the information provided hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding; and

c. the right to object on any ground at any time to a demand for further information.

This preliminary statement is incorporated into each of the responses set forth below.

## OBJECTIONS TO THE DEFINITIONS

Defendant sets forth the following objections to the "Definitions" section set forth in the RFAs.  To the extent applicable, Defendant incorporates each of these objections into each of the responses set forth below.

1.      To the extent the "Definitions" seek to impose obligations on Defendant that are in addition to, inconsistent with, or contrary to those imposed by the Federal Rules, the Civil Local Rules, or the Court's individual rules and/or standing orders, Defendant will apply the definitions and provisions set forth in the Federal Rules, and will respond to the RFA in accordance with those Rules and will not provide information that exceeds the requirements of those Rules.

2.      Defendant objects to the definitions of "Minor Leaguer" or "Minor League Baseball Player" in paragraph 2 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.

3.      Defendant objects to the definitions of "You" or "Your" in Paragraph 7 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to entities and individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the

1   following definition:  "You" or "Your" shall mean Cardinals and/or the Club's minor league

2   affiliates (owned by the Club).

3         4.      Defendant objects to the definition of "Plaintiffs" in Paragraph 6 of the

4   "Definitions" (and in the RFAs applying that definition) because those RFAs seek information

5   with respect to subject matter that is neither relevant to the claims or defenses of any party nor

6   reasonably calculated to lead to the discovery of admissible evidence, impermissibly seek

7   information outside of Defendant's possession, custody or control, and because such definitions

8   are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For

9   purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the following definition:

10  "Plaintiffs" shall mean Richard Delgado, Matt Frevert and Jeff Nadeau (for the time those

11  individuals performed services under their Uniform Player Contracts with the Cardinals) only.

12

13  **ANSWERS AND OBJECTIONS**[1]

14  **REQUEST FOR ADMISSION NO. 1**

15        Admit that You are subject to the Major League Rules.

16  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 1**

17        Defendant incorporates its Preliminary Statement and Objections to the Definitions as

18  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is

19  overly broad and that the phrase "subject to" is vague and ambiguous such that Defendant cannot

20  properly admit or deny the RFA.

21        Subject to and without waiving the foregoing objection, Defendant denies the RFA, except

22  admits that certain of the Major League Rules apply to Defendant.

23

24

25  _____

26  [1]   Defendant has repeated Plaintiffs' First Set of Requests for Admission verbatim as

27  they were served upon Defendant and has made no corrections with respect to spelling,
    grammar, typographical errors, or any other error in syntax.

28

**REQUEST FOR ADMISSION NO. 2**

Admit that You comply with the Major League Rules.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 2**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein. Defendant specifically objects to this RFA on the grounds that it is overly broad and that the phrase "comply with" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA.

Subject to and without waiving the foregoing objection, Defendant denies the RFA, except admits that it is the Club's practice to comply with the Major League Rules applicable to the Club to the extent appropriate.

**REQUEST FOR ADMISSION NO. 3**

Admit that You comply with Major League Rule 3 when signing Your Minor Leaguers to employment contracts.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 3**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein. Defendant specifically objects to this RFA on the grounds that the phrases "employment contract" and "comply" are vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that it complies with Major League Rule 3.

**REQUEST FOR ADMISSION NO. 4**

Admit that when signing Your Minor Leaguers to employment contracts, You use the Minor League Uniform Player Contract ("UPC") that is attached to the operative Major League Rules as MLR Attachment 3.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 4**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it improperly characterizes a UPC as an "employment contract"; the phrase "employment contract" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that the UPC comprises part of the agreement between a minor league baseball player and the applicable Club.

**REQUEST FOR ADMISSION NO. 5**

Admit that You employ(ed) Your Minor Leaguers.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 5**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that the UPCs, to which Plaintiffs are parties, provide that Defendant "employs Player to render, and Player agrees to render, skilled services as a Minor League Player…[during] championship playing seasons, commencing with the beginning of the championship playing season…or the portion of that regular championship playing season remaining after the execution date of this Minor League Uniform Player Contract…whichever date is later."

**REQUEST FOR ADMISSION NO. 6**

Admit that Your Minor Leaguers only receive the wages established in the Addendum C to their UPC's during Championship Season.

1  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 6**

2       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

3  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

4  term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

5  RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

6  seeking a response on a disputed conclusion of law.

7       Subject to and without waiving the foregoing objection, Defendant denies this RFA.

8

9  **REQUEST FOR ADMISSION NO. 7**

10      Admit that You do not pay Your Minor Leaguers the wages established in the Addendum

11 C to their UPC's during spring training.

12 **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 7**

13      Defendant incorporates its Preliminary Statement and Objections to the Definitions as

14 though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

15 term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

16 RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

17 seeking a response on a disputed conclusion of law.

18      Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

19 admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

20 which are evidenced by the documents produced or that will be produced in this action.

21

22 **REQUEST FOR ADMISSION NO. 8**

23      Admit that You do not pay Your Minor Leaguers the wages established in the Addendum

24 C to their UPC's during instructional leagues.

25 **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 8**

26      Defendant incorporates its Preliminary Statement and Objections to the Definitions as

27 though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

28

term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs, have been paid in accordance with their UPCs and applicable Club policies, which are evidenced by the documents produced or that will be produced in this action.

**REQUEST FOR ADMISSION NO. 9**

Admit that Your Minor Leaguers do not receive the wages established in the Addendum C to their UPC's during the months between the end of the Championship Season and spring training.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 9**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs, have been paid in accordance with their UPCs and applicable Club policies, which are evidenced by the documents produced or that will be produced in this action.

**REQUEST FOR ADMISSION NO. 10**

Admit that You never pay Your Minor Leaguers at an overtime rate, such as time-and-a-half the regular rate.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 10**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

8

phrases "overtime rate" and "regular rate" are vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs did not receive additional compensation calculated at a "time-and-a-half" premium, because they were not entitled to "overtime" pay.

## REQUEST FOR ADMISSION NO. 11

Admit that You do not maintain records showing all hours worked by Your Minor Leaguers.

## ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 11

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein. Defendant specifically objects to this RFA on the grounds that the RFA is overly broad; the phrase "hours worked" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that it maintains records for Minor League Players to the extent required by law.

## REQUEST FOR ADMISSION NO. 12

Admit that You do not provide Your Minor Leaguers with wage statements during the periods of spring training, instructional leagues, and other periods outside the Championship Season.

## ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 12

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein. Defendant specifically objects to this RFA on the grounds that the RFA is overly broad; the phrase "wage statements" is vague and ambiguous such that Defendant

1 cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery

2 in a request for admission by seeking a response on a disputed conclusion of law.

3         Subject to and without waiving the foregoing objection, Defendant denies this RFA.

4

5 Dated:  September 11, 2015                    Respectfully submitted,

6                                               */s/ Elise M. Bloom*
                                               Elise M. Bloom (*pro hac vice*)
7                                               Howard L. Ganz
                                               Neil H. Abramson (*pro hac vice*)
8                                               Adam M. Lupion (*pro hac vice*)
                                               Rachel Santoro (*pro hac vice*)
9                                               **PROSKAUER ROSE LLP**
                                               11 Times Square
10                                              New York, NY 10036
                                               Telephone:    (212) 969-3000
11                                              Facsimile:    (212) 969-2900

12                                              ENZO DER BOGHOSSIAN (SBN 211351)
                                               ederboghossian@proskauer.com
13                                              **PROSKAUER ROSE LLP**
                                               2049 Century Park East, 32nd Floor
14                                              Los Angeles, CA  90067-3206
                                               Telephone:     (310) 557-2900
15                                              Facsimile:     (310) 557-2193
                                               *Attorneys for Defendant*

16 TO:     **KOREIN TILLERY, LLC**
           Stephen M. Tillery (*pro hac vice*)
17         Aaron M. Zigler (*pro hac vice*)
           Garrett R. Broshuis (*pro hac vice*)
18         505 North 7th Street, Suite 3600
           St. Louis, MO 63101
19         Telephone: (314) 241-4844
           Facsimile: (314) 241-3525
20
           **KOREIN TILLERY, LLC**
21         George A. Zelcs
           205 North Michigan, Suite 1950
22         Chicago, IL  60601
           Telephone: (312) 641-9750
23

24         **PEARSON, SIMON & WARSHAW LLP**
           Bruce L. Simon (Bar No. 96241)
25         Benjamin E. Shiftan (Bar No. 265767)
           44 Montgomery Street, Suite 2450
26         San Francisco, CA 94104
           Telephone: (415) 433-9000
27         Facsimile: (415) 433-9008

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PEARSON, SIMON & WARSHAW LLP**
Daniel L. Warshaw (Bar No. 185365)
Bobby Pouya (Bar No. 245527)
Michael H. Pearson (Bar No. 277857)
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

*Plaintiffs' Interim Co-Lead Class Counsel*

DEFENDANT ST. LOUIS CARDINALS, LLC'S ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-
cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1  **PROSKAUER ROSE LLP**
   ELISE M. BLOOM (admitted *pro hac vice*)
2  ebloom@proskauer.com
   HOWARD L. GANZ
3  hganz@proskauer.com
   NEIL H. ABRAMSON (admitted *pro hac vice*)
4  nabramson@proskauer.com
   ADAM M. LUPION (admitted *pro hac vice*)
5  alupion@proskauer.com
   RACHEL SANTORO (admitted *pro hac vice*)
6  rsantoro@proskauer.com
   Eleven Times Square
7  New York, NY 10036
   Telephone:   (212) 969-3000
8  Facsimile:   (212) 969-2900

9  **PROSKAUER ROSE LLP**
   ENZO DER BOGHOSSIAN (SBN 211351)
10 ederboghossian@proskauer.com
   2049 Century Park East, 32nd Floor
11 Los Angeles, CA  90067-3206
   Telephone:   (310) 557-2900
12 Facsimile:   (310) 557-2193

13 *Attorneys for Defendant*

14
                    **UNITED STATES DISTRICT COURT**
15         **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

16 AARON SENNE, et al., Individually and on      Case No. 3:14-cv-00608-RS
   Behalf of All Those Similarly Situated;       (consolidated with 3:14-cv-03289-JCS)
17
                          Plaintiffs,            **CLASS ACTION**
18              vs.
                                                 **CERTIFICATE OF SERVICE**
19 OFFICE OF THE COMMISSIONER OF
   BASEBALL, an unincorporated association
20 doing business as MAJOR LEAGUE
   BASEBALL; et al.;
21
                          Defendants.
22

23

24

25

26

27

28

---

I hereby certify that September 11, 2015, I caused to be served the following:

> Defendant St. Louis Cardinals, LLC's Answers and Objections to Plaintiffs' First Set of Requests for Admission to Franchise Defendants

by e-mail on the following counsel for Plaintiffs:


TO:   **KOREIN TILLERY, LLC**
      Stephen M. Tillery (*pro hac vice*)
      Aaron M. Zigler (*pro hac vice*)
      Garrett R. Broshuis (*pro hac vice*)
      505 North 7th Street, Suite 3600
      St. Louis, MO 63101
      Telephone: (314) 241-4844
      Facsimile: (314) 241-3525
      stillery@koreintillery.com
      azigler@koreintillery.com
      gbroshuis@koreintillery.com

      **KOREIN TILLERY, LLC**
      George A. Zelcs
      205 North Michigan, Suite 1950
      Chicago, IL  60601
      Telephone: (312) 641-9750
      Facsimile: (312) 641-9751
      gzelcs@koreintillery.com

      **PEARSON, SIMON & WARSHAW LLP**
      Bruce L. Simon (Bar No. 96241)
      Benjamin E. Shiftan (Bar No. 265767)
      44 Montgomery Street, Suite 2450
      San Francisco, CA 94104
      Telephone: (415) 433-9000
      Facsimile: (415) 433-9008
      bsimon@pswlaw.com
      bshiftan@pswlaw.com

      **PEARSON, SIMON & WARSHAW LLP**
      Daniel L. Warshaw (Bar No. 185365)
      Bobby Pouya (Bar No. 245527)
      Michael H. Pearson (Bar No. 277857)
      15165 Ventura Boulevard, Suite 400
      Sherman Oaks, California 91403
      Telephone: (818) 788-8300
      Facsimile: (818) 788-8104
      dwarshaw@pswlaw.com

---

bpouya@pswlaw.com
mpearson@pswlaw.com

*Plaintiffs' Interim Co-Lead Class Counsel*

Dated:  September 11, 2015

Respectfully submitted,

*/s/ Elise M. Bloom*
Elise M. Bloom (*pro hac vice*)
Howard L. Ganz
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
Rachel Santoro (*pro hac vice*)
**PROSKAUER ROSE LLP**
11 Times Square
New York, NY 10036
Telephone:     (212) 969-3000
Facsimile:      (212) 969-2900

ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
**PROSKAUER ROSE LLP**
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:     (310) 557-2900
Facsimile:      (310) 557-2193
*Attorneys for Defendant*

2

**PROSKAUER ROSE LLP**
ELISE M. BLOOM (admitted *pro hac vice*)
ebloom@proskauer.com
HOWARD L. GANZ
hganz@proskauer.com
NEIL H. ABRAMSON (admitted *pro hac vice*)
nabramson@proskauer.com
ADAM M. LUPION (admitted *pro hac vice*)
alupion@proskauer.com
RACHEL SANTORO (admitted *pro hac vice*)
rsantoro@proskauer.com
Eleven Times Square
New York, NY 10036
Telephone:   (212) 969-3000
Facsimile:   (212) 969-2900

**PROSKAUER ROSE LLP**
ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:   (310) 557-2900
Facsimile:   (310) 557-2193

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated;<br><br>                    Plaintiffs,<br>          vs.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL; et al.;<br><br>                    Defendants. | Case No. 3:14-cv-00608-RS (consolidated with 3:14-cv-03289-JCS)<br><br>**CLASS ACTION**<br><br>**DEFENDANT NEW YORK YANKEES PARTNERSHIP'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS** |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules"), as well as the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California (the "Civil Local Rules"), New York Yankees Partnership (d/b/a "New York Yankees") (hereinafter "Defendant," "Club" or "Yankees") by and through its attorneys, Proskauer Rose LLP, hereby responds and objects to Plaintiffs' First Set of Requests for Admission to Franchise Defendants, dated August 7, 2015 (the "RFAs"):

## **PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action.  These responses are made subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds that would require the exclusion of any statement made herein if any such statement were made by, or if any admissions were requested of, a witness present and testifying in court, all of which objections are expressly reserved and may be interposed up to and including the time of trial.

Defendant has not fully completed the investigation of the facts related to this case and has not fully completed preparation for the trial in this matter.  Accordingly, all of the responses set forth herein are based only on such information and documents as are presently available and specifically known to Defendant, and disclose only those contentions as are presently known to Defendant.  It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth.

The responses set forth below are provided without prejudice to Defendant's right to produce evidence of any fact or facts that Defendant may subsequently discover or later recall. Subject to the provisions of the Federal Rules, Defendant reserves the right to correct any inadvertent errors or omissions, and to revise any of the responses set forth herein as additional facts are ascertained, analysis is made, legal research is completed, and contentions are made.  The

1

responses set forth herein are made in a good-faith effort to supply as much factual information and as much specification of legal contentions as is presently known, but should in no way be to the prejudice of the Defendant in relation to further discovery, research or analysis, or the use of and/or reliance upon subsequently discovered documents.

Except for explicit facts admitted in the responses set forth below, no incidental or implicit admissions are intended.  The fact that Defendant has either responded to or objected to a RFA or part thereof should not be taken as an admission that Defendant has accepted or admitted the existence of any fact or facts set forth or assumed by such RFA, or that such response or objection constitutes evidence.  The fact that Defendant has responded to part or all of any request is not intended and shall not be construed to be a waiver by the Defendant of all or any part of any objection to any RFA.

In responding to the RFAs below, Defendant will not provide information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense/common interest privilege, and/or any other applicable privilege or immunity; information that is confidential or personal and the disclosure of which would constitute an unwarranted invasion of an affected person's constitutional, statutory and/or common law rights to privacy and confidentiality; and private, privileged, and confidential or proprietary commercial, financial, or business information.

The inadvertent or mistaken production of information subject to the protections of the attorney-client privilege, attorney work-product doctrine, or other privilege will not constitute a general, inadvertent, implicit, subject matter, separate, independent, or other waiver of such privilege or protection, and does not put in issue or constitute the affirmative use of the advice of counsel or of any privileged communications.

In providing these responses, Defendant does not waive or intend to waive, but, on the contrary, reserves or intends to reserve:

DEFENDANT NEW YORK YANKEES PARTNERSHIP'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

a.   all questions as to competency, authenticity, relevancy, materiality, privilege, and admissibility of the information provided hereunder or the subject matter;

b.   the right to object on any ground to the use of the information provided hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding; and

c.   the right to object on any ground at any time to a demand for further information.

This preliminary statement is incorporated into each of the responses set forth below.

## OBJECTIONS TO THE DEFINITIONS

Defendant sets forth the following objections to the "Definitions" section set forth in the RFAs.  To the extent applicable, Defendant incorporates each of these objections into each of the responses set forth below.

1.      To the extent the "Definitions" seek to impose obligations on Defendant that are in addition to, inconsistent with, or contrary to those imposed by the Federal Rules, the Civil Local Rules, or the Court's individual rules and/or standing orders, Defendant will apply the definitions and provisions set forth in the Federal Rules, and will respond to the RFA in accordance with those Rules and will not provide information that exceeds the requirements of those Rules.

2.      Defendant objects to the definitions of "Minor Leaguer" or "Minor League Baseball Player" in paragraph 2 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.

3.      Defendant objects to the definitions of "You" or "Your" in Paragraph 7 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to entities and individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such

3

definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the following definition:  "You" or "Your" shall mean Yankees and/or the Club's minor league affiliates (owned by the Club).

4.      Defendant objects to the definition of "Plaintiffs" in Paragraph 6 of the "Definitions" (and in the RFAs applying that definition) because those RFAs seek information with respect to subject matter that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, impermissibly seek information outside of Defendant's possession, custody or control, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the following definition: "Plaintiffs" shall mean Grant Duff and Mitch Hilligoss (for the time those individuals performed services under their Uniform Player Contracts with the Yankees) only.

## ANSWERS AND OBJECTIONS[1]

### REQUEST FOR ADMISSION NO. 1

Admit that You are subject to the Major League Rules.

### ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 1

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and that the phrase "subject to" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA.

---

[1]   Defendant has repeated Plaintiffs' First Set of Requests for Admission verbatim as they were served upon Defendant and has made no corrections with respect to spelling, grammar, typographical errors, or any other error in syntax.

DEFENDANT NEW YORK YANKEES PARTNERSHIP'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1    Subject to and without waiving the foregoing objection, Defendant denies the RFA, except

2  admits that certain of the Major League Rules apply to Defendant.

3

4  **REQUEST FOR ADMISSION NO. 2**

5    Admit that You comply with the Major League Rules.

6  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 2**

7    Defendant incorporates its Preliminary Statement and Objections to the Definitions as

8  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is

9  overly broad and that the phrase "comply with" is vague and ambiguous such that Defendant

10  cannot properly admit or deny the RFA.

11    Subject to and without waiving the foregoing objection, Defendant denies the RFA, except

12  admits that it is the Club's practice to comply with the Major League Rules applicable to the Club

13  to the extent appropriate.

14

15  **REQUEST FOR ADMISSION NO. 3**

16    Admit that You comply with Major League Rule 3 when signing Your Minor Leaguers to

17  employment contracts.

18  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 3**

19    Defendant incorporates its Preliminary Statement and Objections to the Definitions as

20  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

21  phrases "employment contract" and "comply" are vague and ambiguous such that Defendant

22  cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

23    Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

24  admits that Major League Rule 3(a)(1) provides as follows, in part:  "[A] Major or Minor League

25  Club may contract with a player under the conditions and restrictions set forth in this Rule 3."

26

27

28

DEFENDANT NEW YORK YANKEES PARTNERSHIP'S ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No.
3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

**REQUEST FOR ADMISSION NO. 4**

Admit that when signing Your Minor Leaguers to employment contracts, You use the Minor League Uniform Player Contract ("UPC") that is attached to the operative Major League Rules as MLR Attachment 3.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 4**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it improperly characterizes a UPC as an "employment contract"; the phrase "employment contract" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that the UPC comprises part of the agreement between a minor league baseball player and the applicable Club.

**REQUEST FOR ADMISSION NO. 5**

Admit that You employ(ed) Your Minor Leaguers.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 5**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that the UPCs, to which Plaintiffs are parties, provide that Defendant "employs Player to render, and Player agrees to render, skilled services as a Minor League Player…[during] championship playing seasons, commencing with the beginning of the championship playing season…or the portion of that regular championship playing season remaining after the execution

6

1   date of this Minor League Uniform Player Contract…whichever date is later."

2

3   **REQUEST FOR ADMISSION NO. 6**

4        Admit that Your Minor Leaguers only receive the wages established in the Addendum C to

5   their UPC's during Championship Season.

6   **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 6**

7        Defendant incorporates its Preliminary Statement and Objections to the Definitions as

8   though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

9   term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

10  RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

11  seeking a response on a disputed conclusion of law.

12       Subject to and without waiving the foregoing objection, Defendant denies this RFA.

13

14  **REQUEST FOR ADMISSION NO. 7**

15       Admit that You do not pay Your Minor Leaguers the wages established in the Addendum

16  C to their UPC's during spring training.

17  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 7**

18       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

19  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

20  term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

21  RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

22  seeking a response on a disputed conclusion of law.

23       Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

24  admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

25  which are evidenced by the documents produced or that will be produced in this action.

26

27

28

DEFENDANT NEW YORK YANKEES PARTNERSHIP'S ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No.
3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

**REQUEST FOR ADMISSION NO. 8**

Admit that You do not pay Your Minor Leaguers the wages established in the Addendum C to their UPC's during instructional leagues.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 8**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies, which are evidenced by the documents produced or that will be produced in this action.

**REQUEST FOR ADMISSION NO. 9**

Admit that Your Minor Leaguers do not receive the wages established in the Addendum C to their UPC's during the months between the end of the Championship Season and spring training.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 9**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies, which are evidenced by the documents produced or that will be produced in this action.

1 **REQUEST FOR ADMISSION NO. 10**

2       Admit that You never pay Your Minor Leaguers at an overtime rate, such as time-and-a-

3 half the regular rate.

4 **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 10**

5       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

6 though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

7 phrases "overtime rate" and "regular rate" are vague and ambiguous such that Defendant cannot

8 properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a

9 request for admission by seeking a response on a disputed conclusion of law.

10       Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

11 admits that Plaintiffs did not receive additional compensation calculated at a "time-and-a-half"

12 premium, because they were not entitled to "overtime" pay.

13

14 **REQUEST FOR ADMISSION NO. 11**

15       Admit that You do not maintain records showing all hours worked by Your Minor

16 Leaguers.

17 **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 11**

18       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

19 though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

20 RFA is overly broad; the phrase "hours worked" is vague and ambiguous such that Defendant

21 cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery

22 in a request for admission by seeking a response on a disputed conclusion of law.

23       Subject to and without waiving the foregoing objection, Defendant denies this RFA.

24

25

26

27

28

DEFENDANT NEW YORK YANKEES PARTNERSHIP'S ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No.
3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

**REQUEST FOR ADMISSION NO. 12**

Admit that You do not provide Your Minor Leaguers with wage statements during the periods of spring training, instructional leagues, and other periods outside the Championship Season.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 12**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the RFA is overly broad; the phrase "wage statements" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA.

Dated:  September 11, 2015

Respectfully submitted,
*/s/ Elise M. Bloom*
Elise M. Bloom (*pro hac vice*)
Howard L. Ganz
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
Rachel Santoro (*pro hac vice*)
**PROSKAUER ROSE LLP**
11 Times Square
New York, NY 10036
Telephone:   (212) 969-3000
Facsimile:   (212) 969-2900

ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
**PROSKAUER ROSE LLP**
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:   (310) 557-2900
Facsimile:   (310) 557-2193
*Attorneys for Defendant*

TO:    **KOREIN TILLERY, LLC**
Stephen M. Tillery (*pro hac vice*)

10

Aaron M. Zigler (*pro hac vice*)
Garrett R. Broshuis (*pro hac vice*)
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

**KOREIN TILLERY, LLC**
George A. Zelcs
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750

**PEARSON, SIMON & WARSHAW LLP**
Bruce L. Simon (Bar No. 96241)
Benjamin E. Shiftan (Bar No. 265767)
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008

**PEARSON, SIMON & WARSHAW LLP**
Daniel L. Warshaw (Bar No. 185365)
Bobby Pouya (Bar No. 245527)
Michael H. Pearson (Bar No. 277857)
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

*Plaintiffs' Interim Co-Lead Class Counsel*

DEFENDANT NEW YORK YANKEES PARTNERSHIP'S ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No.
3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1  **PROSKAUER ROSE LLP**
   ELISE M. BLOOM (admitted *pro hac vice*)
2  ebloom@proskauer.com
   HOWARD L. GANZ
3  hganz@proskauer.com
   NEIL H. ABRAMSON (admitted *pro hac vice*)
4  nabramson@proskauer.com
   ADAM M. LUPION (admitted *pro hac vice*)
5  alupion@proskauer.com
   RACHEL SANTORO (admitted *pro hac vice*)
6  rsantoro@proskauer.com
   Eleven Times Square
7  New York, NY 10036
   Telephone:   (212) 969-3000
8  Facsimile:    (212) 969-2900

9  **PROSKAUER ROSE LLP**
   ENZO DER BOGHOSSIAN (SBN 211351)
10 ederboghossian@proskauer.com
   2049 Century Park East, 32nd Floor
11 Los Angeles, CA  90067-3206
   Telephone:   (310) 557-2900
12 Facsimile:    (310) 557-2193

13 *Attorneys for Defendant*

14
                    **UNITED STATES DISTRICT COURT**
15      **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

16 AARON SENNE, et al., Individually and on        Case No. 3:14-cv-00608-RS
   Behalf of All Those Similarly Situated;          (consolidated with 3:14-cv-03289-JCS)
17
                      Plaintiffs,                   **CLASS ACTION**
18            vs.
                                                    **CERTIFICATE OF SERVICE**
19 OFFICE OF THE COMMISSIONER OF
   BASEBALL, an unincorporated association
20 doing business as MAJOR LEAGUE
   BASEBALL; et al.;
21
                      Defendants.
22

23

24

25

26

27

28

---

1    I hereby certify that September 11, 2015, I caused to be served the following:

2

       Defendant New York Yankees Partnership's Answers and Objections to Plaintiffs' First
       Set of Requests for Admission to Franchise Defendants

3

   by e-mail on the following counsel for Plaintiffs:

4

5

   TO:     **KOREIN TILLERY, LLC**

6        Stephen M. Tillery (*pro hac vice*)
       Aaron M. Zigler (*pro hac vice*)

7        Garrett R. Broshuis (*pro hac vice*)
       505 North 7th Street, Suite 3600

8        St. Louis, MO 63101

9        Telephone: (314) 241-4844
       Facsimile: (314) 241-3525

10       stillery@koreintillery.com
       azigler@koreintillery.com

11       gbroshuis@koreintillery.com

12       **KOREIN TILLERY, LLC**

13       George A. Zelcs
       205 North Michigan, Suite 1950

14       Chicago, IL  60601
       Telephone: (312) 641-9750

15       Facsimile: (312) 641-9751

16       gzelcs@koreintillery.com

17       **PEARSON, SIMON & WARSHAW LLP**
       Bruce L. Simon (Bar No. 96241)

18       Benjamin E. Shiftan (Bar No. 265767)
       44 Montgomery Street, Suite 2450

19       San Francisco, CA 94104

20       Telephone: (415) 433-9000
       Facsimile: (415) 433-9008

21       bsimon@pswlaw.com
       bshiftan@pswlaw.com

22

23       **PEARSON, SIMON & WARSHAW LLP**
       Daniel L. Warshaw (Bar No. 185365)

24       Bobby Pouya (Bar No. 245527)
       Michael H. Pearson (Bar No. 277857)

25       15165 Ventura Boulevard, Suite 400
       Sherman Oaks, California 91403

26       Telephone: (818) 788-8300

27       Facsimile: (818) 788-8104
       dwarshaw@pswlaw.com

28

         DEFENDANT NEW YORK YANKEES PARTNERSHIP'S CERTIFICATE OF SERVICE–
         Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

bpouya@pswlaw.com
mpearson@pswlaw.com

*Plaintiffs' Interim Co-Lead Class Counsel*

Dated:  September 11, 2015

Respectfully submitted,

*/s/ Elise M. Bloom*
Elise M. Bloom (*pro hac vice*)
Howard L. Ganz
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
Rachel Santoro (*pro hac vice*)
**PROSKAUER ROSE LLP**
11 Times Square
New York, NY 10036
Telephone:    (212) 969-3000
Facsimile:    (212) 969-2900

ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
**PROSKAUER ROSE LLP**
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:    (310) 557-2900
Facsimile:    (310) 557-2193
*Attorneys for Defendant*

2

1

**PROSKAUER ROSE LLP**

2
ELISE M. BLOOM (admitted *pro hac vice*)
ebloom@proskauer.com

3
HOWARD L. GANZ
hganz@proskauer.com

4
NEIL H. ABRAMSON (admitted *pro hac vice*)
nabramson@proskauer.com

5
ADAM M. LUPION (admitted *pro hac vice*)
alupion@proskauer.com

6
RACHEL SANTORO (admitted *pro hac vice*)
rsantoro@proskauer.com

7
Eleven Times Square

8
New York, NY 10036
Telephone:   (212) 969-3000

9
Facsimile:   (212) 969-2900

10

**PROSKAUER ROSE LLP**

11
ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com

12
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206

13
Telephone:   (310) 557-2900

14
Facsimile:    (310) 557-2193

15
*Attorneys for Defendant*

16
**UNITED STATES DISTRICT COURT**

17
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

18
AARON SENNE, et al., Individually and on
Behalf of All Those Similarly Situated;

19

20
                   Plaintiffs,
             vs.

21
OFFICE OF THE COMMISSIONER OF

22
BASEBALL, an unincorporated association
doing business as MAJOR LEAGUE

23
BASEBALL; et al.;

24
                   Defendants.

Case No. 3:14-cv-00608-RS
(consolidated with 3:14-cv-03289-JCS)

**CLASS ACTION**

**DEFENDANT MIAMI MARLINS, L.P.'S
ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS
FOR ADMISSION TO FRANCHISE
DEFENDANTS**

25

26

27

28

DEFENDANT MIAMI MARLINS, L.P.'S ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No.
3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules"), as well as the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California (the "Civil Local Rules"), Miami Marlins, L.P. (d/b/a "Miami Marlins") (hereinafter "Defendant," "Club" or "Marlins") by and through its attorneys, Proskauer Rose LLP, hereby responds and objects to Plaintiffs' First Set of Requests for Admission to Franchise Defendants, dated August 7, 2015 (the "RFAs"):

**PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action. These responses are made subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds that would require the exclusion of any statement made herein if any such statement were made by, or if any admissions were requested of, a witness present and testifying in court, all of which objections are expressly reserved and may be interposed up to and including the time of trial.

Defendant has not fully completed the investigation of the facts related to this case and has not fully completed preparation for the trial in this matter. Accordingly, all of the responses set forth herein are based only on such information and documents as are presently available and specifically known to Defendant, and disclose only those contentions as are presently known to Defendant. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth.

The responses set forth below are provided without prejudice to Defendant's right to produce evidence of any fact or facts that Defendant may subsequently discover or later recall. Subject to the provisions of the Federal Rules, Defendant reserves the right to correct any inadvertent errors or omissions, and to revise any of the responses set forth herein as additional facts are ascertained, analysis is made, legal research is completed, and contentions are made. The

responses set forth herein are made in a good-faith effort to supply as much factual information and as much specification of legal contentions as is presently known, but should in no way be to the prejudice of the Defendant in relation to further discovery, research or analysis, or the use of and/or reliance upon subsequently discovered documents.

Except for explicit facts admitted in the responses set forth below, no incidental or implicit admissions are intended.  The fact that Defendant has either responded to or objected to a RFA or part thereof should not be taken as an admission that Defendant has accepted or admitted the existence of any fact or facts set forth or assumed by such RFA, or that such response or objection constitutes evidence.  The fact that Defendant has responded to part or all of any request is not intended and shall not be construed to be a waiver by the Defendant of all or any part of any objection to any RFA.

In responding to the RFAs below, Defendant will not provide information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense/common interest privilege, and/or any other applicable privilege or immunity; information that is confidential or personal and the disclosure of which would constitute an unwarranted invasion of an affected person's constitutional, statutory and/or common law rights to privacy and confidentiality; and private, privileged, and confidential or proprietary commercial, financial, or business information.

The inadvertent or mistaken production of information subject to the protections of the attorney-client privilege, attorney work-product doctrine, or other privilege will not constitute a general, inadvertent, implicit, subject matter, separate, independent, or other waiver of such privilege or protection, and does not put in issue or constitute the affirmative use of the advice of counsel or of any privileged communications.

In providing these responses, Defendant does not waive or intend to waive, but, on the contrary, reserves or intends to reserve:

a.   all questions as to competency, authenticity, relevancy, materiality, privilege, and admissibility of the information provided hereunder or the subject matter;

b.   the right to object on any ground to the use of the information provided hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding; and

c.   the right to object on any ground at any time to a demand for further information.

This preliminary statement is incorporated into each of the responses set forth below.

## OBJECTIONS TO THE DEFINITIONS

Defendant sets forth the following objections to the "Definitions" section set forth in the RFAs.  To the extent applicable, Defendant incorporates each of these objections into each of the responses set forth below.

1.      To the extent the "Definitions" seek to impose obligations on Defendant that are in addition to, inconsistent with, or contrary to those imposed by the Federal Rules, the Civil Local Rules, or the Court's individual rules and/or standing orders, Defendant will apply the definitions and provisions set forth in the Federal Rules, and will respond to the RFA in accordance with those Rules and will not provide information that exceeds the requirements of those Rules.

2.      Defendant objects to the definitions of "Minor Leaguer" or "Minor League Baseball Player" in paragraph 2 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.

3.      Defendant objects to the definitions of "You" or "Your" in Paragraph 7 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to entities and individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such

definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the following definition:  "You" or "Your" shall mean Marlins and/or the Club's minor league affiliates (owned by the Club).

4.      Defendant objects to the definition of "Plaintiffs" in Paragraph 6 of the "Definitions" (and in the RFAs applying that definition) because those RFAs seek information with respect to subject matter that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, impermissibly seek information outside of Defendant's possession, custody or control, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the following definition: "Plaintiffs" shall mean Benjamin Lasater, Aaron Senne, Brad Stone and Donnie Webb (for the time those individuals performed services under their Uniform Player Contracts with the Marlins) only.

## ANSWERS AND OBJECTIONS[1]

### REQUEST FOR ADMISSION NO. 1

Admit that You are subject to the Major League Rules.

### ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 1

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is

---

[1]   Defendant has repeated Plaintiffs' First Set of Requests for Admission verbatim as they were served upon Defendant and has made no corrections with respect to spelling, grammar, typographical errors, or any other error in syntax.

1 overly broad and that the phrase "subject to" is vague and ambiguous such that Defendant cannot

2 properly admit or deny the RFA.

3      Subject to and without waiving the foregoing objection, Defendant denies the RFA, except

4 admits that certain of the Major League Rules apply to Defendant.

5

6 **REQUEST FOR ADMISSION NO. 2**

7      Admit that You comply with the Major League Rules.

8 **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 2**

9      Defendant incorporates its Preliminary Statement and Objections to the Definitions as

10 though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is

11 overly broad and that the phrase "comply with" is vague and ambiguous such that Defendant

12 cannot properly admit or deny the RFA.

13      Subject to and without waiving the foregoing objection, Defendant denies the RFA, except

14 admits that it is the Club's practice to comply with the Major League Rules applicable to the Club

15 to the extent appropriate.

16

17 **REQUEST FOR ADMISSION NO. 3**

18      Admit that You comply with Major League Rule 3 when signing Your Minor Leaguers to

19 employment contracts.

20 **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 3**

21      Defendant incorporates its Preliminary Statement and Objections to the Definitions as

22 though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

23 phrases "employment contract" and "comply" are vague and ambiguous such that Defendant

24 cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

25

26

27

28

1   Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

2   admits that Major League Rule 3(a)(1) provides as follows, in part:  "[A] Major or Minor League

3   Club may contract with a player under the conditions and restrictions set forth in this Rule 3."

4

5   **REQUEST FOR ADMISSION NO. 4**

6   Admit that when signing Your Minor Leaguers to employment contracts, You use the

7   Minor League Uniform Player Contract ("UPC") that is attached to the operative Major League

8   Rules as MLR Attachment 3.

9   **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 4**

10   Defendant incorporates its Preliminary Statement and Objections to the Definitions as

11   though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it

12   improperly characterizes a UPC as an "employment contract"; the phrase "employment contract"

13   is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA

14   assumes facts not in evidence.

15   Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

16   admits that the UPC comprises part of the agreement between a minor league baseball player and

17   the applicable Club.

18

19   **REQUEST FOR ADMISSION NO. 5**

20   Admit that You employ(ed) Your Minor Leaguers.

21   **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 5**

22   Defendant incorporates its Preliminary Statement and Objections to the Definitions as

23   though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is

24   overly broad and the RFA exceeds the scope of permissible discovery in a request for admission

25   by seeking a response on a disputed conclusion of law.

26   Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

27

28

1  admits that the UPCs, to which Plaintiffs are parties, provide that Defendant "employs Player to

2  render and Player agrees to render, skilled services as a Minor League Player…[during]

3  championship playing seasons, commencing with the beginning of the championship playing

4  season…or the portion of that regular championship playing season remaining after the execution

5  date of this Minor League Uniform Player Contract…whichever date is later."

6

7  **REQUEST FOR ADMISSION NO. 6**

8       Admit that Your Minor Leaguers only receive the wages established in the Addendum C to

9  their UPC's during Championship Season.

10  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 6**

11       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

12  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

13  term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

14  RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

15  seeking a response on a disputed conclusion of law.

16       Subject to and without waiving the foregoing objection, Defendant denies this RFA.

17

18  **REQUEST FOR ADMISSION NO. 7**

19       Admit that You do not pay Your Minor Leaguers the wages established in the Addendum

20  C to their UPC's during spring training.

21  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 7**

22       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

23  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

24  term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

25  RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

26  seeking a response on a disputed conclusion of law.

27

28

1    Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

2  admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

3  which are evidenced by the documents produced or that will be produced in this action.

4

5  **REQUEST FOR ADMISSION NO. 8**

6    Admit that You do not pay Your Minor Leaguers the wages established in the Addendum

7  C to their UPC's during instructional leagues.

8  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 8**

9    Defendant incorporates its Preliminary Statement and Objections to the Definitions as

10  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

11  term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

12  RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

13  seeking a response on a disputed conclusion of law.

14    Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

15  admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

16  which are evidenced by the documents produced or that will be produced in this action.

17

18  **REQUEST FOR ADMISSION NO. 9**

19    Admit that Your Minor Leaguers do not receive the wages established in the Addendum C

20  to their UPC's during the months between the end of the Championship Season and spring

21  training.

22  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 9**

23    Defendant incorporates its Preliminary Statement and Objections to the Definitions as

24  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

25  term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

26

27

28

1   RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

2   seeking a response on a disputed conclusion of law.

3          Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

4   admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

5   which are evidenced by the documents produced or that will be produced in this action.

6

7   **REQUEST FOR ADMISSION NO. 10**

8          Admit that You never pay Your Minor Leaguers at an overtime rate, such as time-and-a-

9   half the regular rate.

10  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 10**

11         Defendant incorporates its Preliminary Statement and Objections to the Definitions as

12  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

13  phrases "overtime rate" and "regular rate" are vague and ambiguous such that Defendant cannot

14  properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a

15  request for admission by seeking a response on a disputed conclusion of law.

16         Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

17  admits that Plaintiffs did not receive additional compensation calculated at a "time-and-a-half"

18  premium, because they were not entitled to "overtime" pay.

19

20  **REQUEST FOR ADMISSION NO. 11**

21         Admit that You do not maintain records showing all hours worked by Your Minor

22  Leaguers.

23  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 11**

24         Defendant incorporates its Preliminary Statement and Objections to the Definitions as

25  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

26  RFA is overly broad; the phrase "hours worked" is vague and ambiguous such that Defendant

27

28

9

DEFENDANT MIAMI MARLINS, L.P.'S ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No.
3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1  cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery

2  in a request for admission by seeking a response on a disputed conclusion of law.

3       Subject to and without waiving the foregoing objection, Defendant denies this RFA.

4

5  **REQUEST FOR ADMISSION NO. 12**

6       Admit that You do not provide Your Minor Leaguers with wage statements during the

7  periods of spring training, instructional leagues, and other periods outside the Championship

8  Season.

9  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 12**

10       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

11  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

12  RFA is overly broad; the phrase "wage statements" is vague and ambiguous such that Defendant

13  cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery

14  in a request for admission by seeking a response on a disputed conclusion of law.

15       Subject to and without waiving the foregoing objection, Defendant denies this RFA.

16

17  Dated:  September 11, 2015                    Respectfully submitted,
                                                 */s/ Elise M. Bloom*
18                                               Elise M. Bloom (*pro hac vice*)
                                                 Howard L. Ganz
19                                               Neil H. Abramson (*pro hac vice*)
                                                 Adam M. Lupion (*pro hac vice*)
20                                               Rachel Santoro (*pro hac vice*)
21                                               **PROSKAUER ROSE LLP**
                                                 11 Times Square
22                                               New York, NY 10036
                                                 Telephone:    (212) 969-3000
23                                               Facsimile:    (212) 969-2900

24                                               ENZO DER BOGHOSSIAN (SBN 211351)
25                                               ederboghossian@proskauer.com
                                                 **PROSKAUER ROSE LLP**
26                                               2049 Century Park East, 32nd Floor

27                                               10

28

Los Angeles, CA  90067-3206
Telephone:      (310) 557-2900
Facsimile:       (310) 557-2193
*Attorneys for Defendant*

TO:     **KOREIN TILLERY, LLC**
        Stephen M. Tillery (*pro hac vice*)
        Aaron M. Zigler (*pro hac vice*)
        Garrett R. Broshuis (*pro hac vice*)
        505 North 7th Street, Suite 3600
        St. Louis, MO 63101
        Telephone: (314) 241-4844
        Facsimile: (314) 241-3525

        **KOREIN TILLERY, LLC**
        George A. Zelcs
        205 North Michigan, Suite 1950
        Chicago, IL  60601
        Telephone: (312) 641-9750

        **PEARSON, SIMON & WARSHAW LLP**
        Bruce L. Simon (Bar No. 96241)
        Benjamin E. Shiftan (Bar No. 265767)
        44 Montgomery Street, Suite 2450
        San Francisco, CA 94104
        Telephone: (415) 433-9000
        Facsimile: (415) 433-9008

        **PEARSON, SIMON & WARSHAW LLP**
        Daniel L. Warshaw (Bar No. 185365)
        Bobby Pouya (Bar No. 245527)
        Michael H. Pearson (Bar No. 277857)
        15165 Ventura Boulevard, Suite 400
        Sherman Oaks, California 91403
        Telephone: (818) 788-8300
        Facsimile: (818) 788-8104

        *Plaintiffs' Interim Co-Lead Class Counsel*

DEFENDANT MIAMI MARLINS, L.P.'S ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No.
3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1  **PROSKAUER ROSE LLP**
   ELISE M. BLOOM (admitted *pro hac vice*)
2  ebloom@proskauer.com
   HOWARD L. GANZ
3  hganz@proskauer.com
   NEIL H. ABRAMSON (admitted *pro hac vice*)
4  nabramson@proskauer.com
   ADAM M. LUPION (admitted *pro hac vice*)
5  alupion@proskauer.com
   RACHEL SANTORO (admitted *pro hac vice*)
6  rsantoro@proskauer.com
   Eleven Times Square
7  New York, NY 10036
   Telephone:   (212) 969-3000
8  Facsimile:    (212) 969-2900

9  **PROSKAUER ROSE LLP**
   ENZO DER BOGHOSSIAN (SBN 211351)
10 ederboghossian@proskauer.com
   2049 Century Park East, 32nd Floor
11 Los Angeles, CA  90067-3206
   Telephone:   (310) 557-2900
12 Facsimile:    (310) 557-2193

13 *Attorneys for Defendant*

14
                    **UNITED STATES DISTRICT COURT**
15        **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

16 | AARON SENNE, et al., Individually and on | Case No. 3:14-cv-00608-RS |
   | Behalf of All Those Similarly Situated; | (consolidated with 3:14-cv-03289-JCS) |
17 | | |
   |                          Plaintiffs, | **CLASS ACTION** |
18 |              vs. | |
   | | **CERTIFICATE OF SERVICE** |
19 | OFFICE OF THE COMMISSIONER OF | |
   | BASEBALL, an unincorporated association | |
20 | doing business as MAJOR LEAGUE | |
   | BASEBALL; et al.; | |
21 | | |
   |                     Defendants. | |
22
23
24
25
26
27
28

I hereby certify that September 11, 2015, I caused to be served the following:

      Defendant Miami Marlins, L.P.'s Answers and Objections to Plaintiffs' First Set of Requests for Admission to Franchise Defendants

by e-mail on the following counsel for Plaintiffs:

TO:    **KOREIN TILLERY, LLC**
      Stephen M. Tillery (*pro hac vice*)
      Aaron M. Zigler (*pro hac vice*)
      Garrett R. Broshuis (*pro hac vice*)
      505 North 7th Street, Suite 3600
      St. Louis, MO 63101
      Telephone: (314) 241-4844
      Facsimile: (314) 241-3525
      stillery@koreintillery.com
      azigler@koreintillery.com
      gbroshuis@koreintillery.com

      **KOREIN TILLERY, LLC**
      George A. Zelcs
      205 North Michigan, Suite 1950
      Chicago, IL  60601
      Telephone: (312) 641-9750
      Facsimile: (312) 641-9751
      gzelcs@koreintillery.com

      **PEARSON, SIMON & WARSHAW LLP**
      Bruce L. Simon (Bar No. 96241)
      Benjamin E. Shiftan (Bar No. 265767)
      44 Montgomery Street, Suite 2450
      San Francisco, CA 94104
      Telephone: (415) 433-9000
      Facsimile: (415) 433-9008
      bsimon@pswlaw.com
      bshiftan@pswlaw.com

      **PEARSON, SIMON & WARSHAW LLP**
      Daniel L. Warshaw (Bar No. 185365)
      Bobby Pouya (Bar No. 245527)
      Michael H. Pearson (Bar No. 277857)
      15165 Ventura Boulevard, Suite 400
      Sherman Oaks, California 91403
      Telephone: (818) 788-8300
      Facsimile: (818) 788-8104
      dwarshaw@pswlaw.com

bpouya@pswlaw.com
mpearson@pswlaw.com

*Plaintiffs' Interim Co-Lead Class Counsel*

Dated:  September 11, 2015

Respectfully submitted,

*/s/ Elise M. Bloom*
Elise M. Bloom (*pro hac vice*)
Howard L. Ganz
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
Rachel Santoro (*pro hac vice*)
**PROSKAUER ROSE LLP**
11 Times Square
New York, NY 10036
Telephone:     (212) 969-3000
Facsimile:      (212) 969-2900

ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
**PROSKAUER ROSE LLP**
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:     (310) 557-2900
Facsimile:      (310) 557-2193
*Attorneys for Defendant*

**PROSKAUER ROSE LLP**
ELISE M. BLOOM (admitted *pro hac vice*)
ebloom@proskauer.com
HOWARD L. GANZ
hganz@proskauer.com
NEIL H. ABRAMSON (admitted *pro hac vice*)
nabramson@proskauer.com
ADAM M. LUPION (admitted *pro hac vice*)
alupion@proskauer.com
RACHEL SANTORO (admitted *pro hac vice*)
rsantoro@proskauer.com
Eleven Times Square
New York, NY 10036
Telephone:   (212) 969-3000
Facsimile:   (212) 969-2900

**PROSKAUER ROSE LLP**
ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:   (310) 557-2900
Facsimile:   (310) 557-2193

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated;<br><br>Plaintiffs,<br>vs.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL; et al.;<br><br>Defendants. | Case No. 3:14-cv-00608-RS (consolidated with 3:14-cv-03289-JCS)<br><br>**CLASS ACTION**<br><br>**DEFENDANT ANGELS BASEBALL LP'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS** |

1    Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules"),

2    as well as the Local Rules of Practice in Civil Proceedings before the United States District Court

3    for the Northern District of California (the "Civil Local Rules"), Angels Baseball LP

4    (d/b/a "Los Angeles Anaheim Angels") (hereinafter "Defendant," "Club" or "Angels") by and

5    through its attorneys, Proskauer Rose LLP, hereby responds and objects to Plaintiffs' First

6    Requests for Admission to Franchise Defendants, dated August 7, 2015 (the "RFAs"):

7                        **PRELIMINARY STATEMENT**

8    These responses are made solely for the purpose of this action.  These responses are made

9    subject to all objections as to competence, relevance, materiality, propriety and admissibility, and

10   any and all other objections and grounds that would require the exclusion of any statement made

11   herein if any such statement were made by, or if any admissions were requested of, a witness

12   present and testifying in court, all of which objections are expressly reserved and may be

13   interposed up to and including the time of trial.

14   Defendant has not fully completed the investigation of the facts related to this case and has

15   not fully completed preparation for the trial in this matter.  Accordingly, all of the responses set

16   forth herein are based only on such information and documents as are presently available and

17   specifically known to Defendant, and disclose only those contentions as are presently known to

18   Defendant.  It is anticipated that further discovery, independent investigation, legal research and

19   analysis will supply additional facts, add meaning to the known facts, as well as establish entirely

20   new factual conclusions and legal contentions, all of which may lead to substantial additions to,

21   changes in, and variations from the contentions herein set forth.

22   The responses set forth below are provided without prejudice to Defendant's right to

23   produce evidence of any fact or facts that Defendant may subsequently discover or later recall.

24   Subject to the provisions of the Federal Rules, Defendant reserves the right to correct any

25   inadvertent errors or omissions, and to revise any of the responses set forth herein as additional

26   facts are ascertained, analysis is made, legal research is completed, and contentions are made.  The

27
DEFENDANT ANGELS BASEBALL LP'S  ANSWERS AND OBJECTIONS TO
28   PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-
00608-JCS (consolidated with 3:14-cv-03289-JCS)

responses set forth herein are made in a good-faith effort to supply as much factual information and as much specification of legal contentions as is presently known, but should in no way be to the prejudice of the Defendant in relation to further discovery, research or analysis, or the use of and/or reliance upon subsequently discovered documents.

Except for explicit facts admitted in the responses set forth below, no incidental or implicit admissions are intended.  The fact that Defendant has either responded to or objected to a RFA or part thereof should not be taken as an admission that Defendant has accepted or admitted the existence of any fact or facts set forth or assumed by such RFA, or that such response or objection constitutes evidence.  The fact that Defendant has responded to part or all of any request is not intended and shall not be construed to be a waiver by the Defendant of all or any part of any objection to any RFA.

In responding to the RFAs below, Defendant will not provide information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense/common interest privilege, and/or any other applicable privilege or immunity; information that is confidential or personal and the disclosure of which would constitute an unwarranted invasion of an affected person's constitutional, statutory and/or common law rights to privacy and confidentiality; and private, privileged, and confidential or proprietary commercial, financial, or business information.

The inadvertent or mistaken production of information subject to the protections of the attorney-client privilege, attorney work-product doctrine, or other privilege will not constitute a general, inadvertent, implicit, subject matter, separate, independent, or other waiver of such privilege or protection, and does not put in issue or constitute the affirmative use of the advice of counsel or of any privileged communications.

In providing these responses, Defendant does not waive or intend to waive, but, on the contrary, reserves or intends to reserve:

DEFENDANT ANGELS BASEBALL LP'S  ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

a.   all questions as to competency, authenticity, relevancy, materiality, privilege, and admissibility of the information provided hereunder or the subject matter;

b.   the right to object on any ground to the use of the information provided hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding; and

c.   the right to object on any ground at any time to a demand for further information.

This preliminary statement is incorporated into each of the responses set forth below.

## OBJECTIONS TO THE DEFINITIONS

Defendant sets forth the following objections to the "Definitions" section set forth in the RFAs.  To the extent applicable, Defendant incorporates each of these objections into each of the responses set forth below.

1.       To the extent the "Definitions" seek to impose obligations on Defendant that are in addition to, inconsistent with, or contrary to those imposed by the Federal Rules, the Civil Local Rules, or the Court's individual rules and/or standing orders, Defendant will apply the definitions and provisions set forth in the Federal Rules, and will respond to the RFA in accordance with those Rules and will not provide information that exceeds the requirements of those Rules.

2.       Defendant objects to the definitions of "Minor Leaguer" or "Minor League Baseball Player" in paragraph 2 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.

3.       Defendant objects to the definitions of "You" or "Your" in Paragraph 7 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to entities and individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such

3

1  definitions are overbroad and the RFAs applying such definitions are therefore unduly

2  burdensome.  For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the

3  following definition:  "You" or "Your" shall mean the Angels and/or the Club's minor league

4  affiliates (owned by the Club).

5       4.    Defendant objects to the definition of "Plaintiffs" in Paragraph 6 of the

6  "Definitions" (and in the RFAs applying that definition) because those RFAs seek information

7  with respect to subject matter that is neither relevant to the claims or defenses of any party nor

8  reasonably calculated to lead to the discovery of admissible evidence, impermissibly seek

9  information outside of Defendant's possession, custody or control, and because such definitions

10  are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For

11  purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the following definition:

12  "Plaintiffs" shall mean Stephen Locke, Aaron Meade and Dakota Robinson (for the time those

13  individuals performed services under their Uniform Player Contracts with the Angels) only.

14

15  **ANSWERS AND OBJECTIONS**[1]

16  **REQUEST FOR ADMISSION NO. 1**

17      Admit that You are subject to the Major League Rules.

18  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 1**

19      Defendant incorporates its Preliminary Statement and Objections to the Definitions as

20  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is

21  overly broad and that the phrase "subject to" is vague and ambiguous such that Defendant cannot

22  properly admit or deny the RFA.

23  _____

24  [1]  Defendant has repeated Plaintiffs' First Requests for Admission verbatim as they were

25  served upon Defendant and has made no corrections with respect to spelling, grammar,
typographical errors, or any other error in syntax.

26

27
DEFENDANT ANGELS BASEBALL LP'S  ANSWERS AND OBJECTIONS TO

28  PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-
00608-JCS (consolidated with 3:14-cv-03289-JCS)

1    Subject to and without waiving the foregoing objection, Defendant denies the RFA, except

2  admits that certain of the Major League Rules apply to Defendant.

3

4  **REQUEST FOR ADMISSION NO. 2**

5    Admit that You comply with the Major League Rules.

6  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 2**

7    Defendant incorporates its Preliminary Statement and Objections to the Definitions as

8  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is

9  overly broad and that the phrase "comply with" is vague and ambiguous such that Defendant

10  cannot properly admit or deny the RFA.

11    Subject to and without waiving the foregoing objection, Defendant denies the RFA, except

12  admits that it is the Club's practice to comply with the Major League Rules applicable to the Club

13  to the extent appropriate.

14

15  **REQUEST FOR ADMISSION NO. 3**

16    Admit that You comply with Major League Rule 3 when signing Your Minor Leaguers to

17  employment contracts.

18  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 3**

19    Defendant incorporates its Preliminary Statement and Objections to the Definitions as

20  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

21  phrases "employment contract" and "comply" are vague and ambiguous such that Defendant

22  cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

23    Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

24  admits that Major League Rule 3(a)(1) provides as follows, in part:  "[A] Major or Minor League

25  may contract with a player under the conditions and restrictions set forth in this Rule 3."

26

27

28

**REQUEST FOR ADMISSION NO. 4**

Admit that when signing Your Minor Leaguers to employment contracts, You use the Minor League Uniform Player Contract ("UPC") that is attached to the operative Major League Rules as MLR Attachment 3.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 4**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it improperly characterizes a UPC as an "employment contract"; the phrase "employment contract" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that the UPC comprises part of the agreement between a minor league baseball player and the applicable Club.

**REQUEST FOR ADMISSION NO. 5**

Admit that You employ(ed) Your Minor Leaguers.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 5**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that the UPCs, to which Plaintiffs are parties, provide that Defendant "employs Player to render, and Player agrees to render, skilled services as a Minor League Player…[during] championship playing seasons, commencing with the beginning of the championship playing season…or the portion of that regular championship playing season remaining after the execution

6

1    date of this Minor League Uniform Player Contract…whichever date is later."

2

3    **REQUEST FOR ADMISSION NO. 6**

4        Admit that Your Minor Leaguers only receive the wages established in the Addendum C to

5    their UPC's during Championship Season.

6    **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 6**

7        Defendant incorporates its Preliminary Statement and Objections to the Definitions as

8    though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

9    term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

10    RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

11    seeking a response on a disputed conclusion of law.

12        Subject to and without waiving the foregoing objection, Defendant denies this RFA.

13

14    **REQUEST FOR ADMISSION NO. 7**

15        Admit that You do not pay Your Minor Leaguers the wages established in the Addendum

16    C to their UPC's during spring training.

17    **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 7**

18        Defendant incorporates its Preliminary Statement and Objections to the Definitions as

19    though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

20    term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

21    RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

22    seeking a response on a disputed conclusion of law.

23        Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

24    admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

25    which are evidenced by the documents produced or that will be produced in this action.

26

27

28

7

DEFENDANT ANGELS BASEBALL LP'S  ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-
00608-JCS (consolidated with 3:14-cv-03289-JCS)

1  **REQUEST FOR ADMISSION NO. 8**

2      Admit that You do not pay Your Minor Leaguers the wages established in the Addendum

3  C to their UPC's during instructional leagues.

4  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 8**

5      Defendant incorporates its Preliminary Statement and Objections to the Definitions as

6  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

7  term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

8  RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

9  seeking a response on a disputed conclusion of law.

10      Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

11  admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

12  which are evidenced by the documents produced or that will be produced in this action.

13

14  **REQUEST FOR ADMISSION NO. 9**

15      Admit that Your Minor Leaguers do not receive the wages established in the Addendum C

16  to their UPC's during the months between the end of the Championship Season and spring

17  training.

18  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 9**

19      Defendant incorporates its Preliminary Statement and Objections to the Definitions as

20  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

21  term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

22  RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

23  seeking a response on a disputed conclusion of law.

24      Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

25  admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

26  which are evidenced by the documents produced or that will be produced in this action.

27

28

8

DEFENDANT ANGELS BASEBALL LP'S  ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-
00608-JCS (consolidated with 3:14-cv-03289-JCS)

**REQUEST FOR ADMISSION NO. 10**

Admit that You never pay Your Minor Leaguers at an overtime rate, such as time-and-a-half the regular rate.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 10**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the phrases "overtime rate" and "regular rate" are vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs did not receive additional compensation calculated at a "time-and-a-half" premium, because they were not entitled to "overtime" pay.


**REQUEST FOR ADMISSION NO. 11**

Admit that You do not maintain records showing all hours worked by Your Minor Leaguers.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 11**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the RFA is overly broad; the phrase "hours worked" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA.

1  **REQUEST FOR ADMISSION NO. 12**

2      Admit that You do not provide Your Minor Leaguers with wage statements during the

3  periods of spring training, instructional leagues, and other periods outside the Championship

4  Season.

5  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 12**

6      Defendant incorporates its Preliminary Statement and Objections to the Definitions as

7  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

8  RFA is overly broad; the phrase "wage statements" is vague and ambiguous such that Defendant

9  cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery

10  in a request for admission by seeking a response on a disputed conclusion of law.

11      Subject to and without waiving the foregoing objection, Defendant denies this RFA.

12

13  Dated:  September 11, 2015                         Respectfully submitted,
                                                       */s/ Elise M. Bloom*
14                                                     Elise M. Bloom (*pro hac vice*)
                                                       Howard L. Ganz
15                                                     Neil H. Abramson (*pro hac vice*)
                                                       Adam M. Lupion (*pro hac vice*)
16                                                     Rachel Santoro (*pro hac vice*)
                                                       **PROSKAUER ROSE LLP**
17                                                     11 Times Square
                                                       New York, NY 10036
18                                                     Telephone:    (212) 969-3000
                                                       Facsimile:    (212) 969-2900
19

20                                                     ENZO DER BOGHOSSIAN (SBN 211351)
                                                       ederboghossian@proskauer.com
21                                                     **PROSKAUER ROSE LLP**
                                                       2049 Century Park East, 32nd Floor
22                                                     Los Angeles, CA  90067-3206
                                                       Telephone:    (310) 557-2900
23                                                     Facsimile:    (310) 557-2193
                                                       *Attorneys for Defendant*
24

25

26

27                                          10

TO:   **KOREIN TILLERY, LLC**
Stephen M. Tillery (*pro hac vice*)
Aaron M. Zigler (*pro hac vice*)
Garrett R. Broshuis (*pro hac vice*)
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

**KOREIN TILLERY, LLC**
George A. Zelcs
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750

**PEARSON, SIMON & WARSHAW LLP**
Bruce L. Simon (Bar No. 96241)
Benjamin E. Shiftan (Bar No. 265767)
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008

**PEARSON, SIMON & WARSHAW LLP**
Daniel L. Warshaw (Bar No. 185365)
Bobby Pouya (Bar No. 245527)
Michael H. Pearson (Bar No. 277857)
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

*Plaintiffs' Interim Co-Lead Class Counsel*

1  **PROSKAUER ROSE LLP**
   ELISE M. BLOOM (admitted *pro hac vice*)
2  ebloom@proskauer.com
   HOWARD L. GANZ
3  hganz@proskauer.com
   NEIL H. ABRAMSON (admitted *pro hac vice*)
4  nabramson@proskauer.com
   ADAM M. LUPION (admitted *pro hac vice*)
5  alupion@proskauer.com
   RACHEL SANTORO (admitted *pro hac vice*)
6  rsantoro@proskauer.com
   Eleven Times Square
7  New York, NY 10036
   Telephone:   (212) 969-3000
8  Facsimile:   (212) 969-2900

9  **PROSKAUER ROSE LLP**
   ENZO DER BOGHOSSIAN (SBN 211351)
10  ederboghossian@proskauer.com
   2049 Century Park East, 32nd Floor
11  Los Angeles, CA  90067-3206
   Telephone:   (310) 557-2900
12  Facsimile:   (310) 557-2193

13  *Attorneys for Defendant*

14

15              **UNITED STATES DISTRICT COURT**
    **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

16  AARON SENNE, et al., Individually and on      Case No. 3:14-cv-00608-RS
    Behalf of All Those Similarly Situated;       (consolidated with 3:14-cv-03289-JCS)
17
                        Plaintiffs,              **CLASS ACTION**
18             vs.
                                                 **CERTIFICATE OF SERVICE**
19  OFFICE OF THE COMMISSIONER OF
    BASEBALL, an unincorporated association
20  doing business as MAJOR LEAGUE
    BASEBALL; et al.;
21
                        Defendants.
22

23

24

25

26

27

28

_____
DEFENDANT ANGELS BASEBALL LP'S CERTIFICATE OF SERVICE–
Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

I hereby certify that September 11, 2015, I caused to be served the following:

Defendant Angels Baseball LP's Answers and Objections to Plaintiffs' First Set of Requests for Admission to Franchise Defendants

by e-mail on the following counsel for Plaintiffs:


TO:   **KOREIN TILLERY, LLC**
Stephen M. Tillery (*pro hac vice*)
Aaron M. Zigler (*pro hac vice*)
Garrett R. Broshuis (*pro hac vice*)
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525
stillery@koreintillery.com
azigler@koreintillery.com
gbroshuis@koreintillery.com

**KOREIN TILLERY, LLC**
George A. Zelcs
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751
gzelcs@koreintillery.com

**PEARSON, SIMON & WARSHAW LLP**
Bruce L. Simon (Bar No. 96241)
Benjamin E. Shiftan (Bar No. 265767)
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswlaw.com
bshiftan@pswlaw.com

**PEARSON, SIMON & WARSHAW LLP**
Daniel L. Warshaw (Bar No. 185365)
Bobby Pouya (Bar No. 245527)
Michael H. Pearson (Bar No. 277857)
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104
dwarshaw@pswlaw.com

bpouya@pswlaw.com
mpearson@pswlaw.com

*Plaintiffs' Interim Co-Lead Class Counsel*

Dated: September 11, 2015

Respectfully submitted,

*/s/ Elise M. Bloom*
Elise M. Bloom (*pro hac vice*)
Howard L. Ganz
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
Rachel Santoro (*pro hac vice*)
**PROSKAUER ROSE LLP**
11 Times Square
New York, NY 10036
Telephone:    (212) 969-3000
Facsimile:    (212) 969-2900

ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
**PROSKAUER ROSE LLP**
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:    (310) 557-2900
Facsimile:    (310) 557-2193
*Attorneys for Defendant*

1   **PROSKAUER ROSE LLP**
    ELISE M. BLOOM (admitted *pro hac vice*)
2   ebloom@proskauer.com
    HOWARD L. GANZ
3   hganz@proskauer.com
    NEIL H. ABRAMSON (admitted *pro hac vice*)
4   nabramson@proskauer.com
    ADAM M. LUPION (admitted *pro hac vice*)
5   alupion@proskauer.com
    RACHEL SANTORO (admitted *pro hac vice*)
6   rsantoro@proskauer.com
    Eleven Times Square
7   New York, NY 10036
    Telephone:   (212) 969-3000
8   Facsimile:   (212) 969-2900

9   **PROSKAUER ROSE LLP**
    ENZO DER BOGHOSSIAN (SBN 211351)
10  ederboghossian@proskauer.com
    2049 Century Park East, 32nd Floor
11  Los Angeles, CA  90067-3206
    Telephone:   (310) 557-2900
12  Facsimile:   (310) 557-2193

13  *Attorneys for Defendant*

14              **UNITED STATES DISTRICT COURT**
        **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**
15

16  AARON SENNE, et al., Individually and on      Case No. 3:14-cv-00608-RS
    Behalf of All Those Similarly Situated;       (consolidated with 3:14-cv-03289-JCS)

17              Plaintiffs,                         **CLASS ACTION**
18          vs.
                                                   **DEFENDANT HOUSTON BASEBALL**
19  OFFICE OF THE COMMISSIONER OF                  **PARTNERS LLC'S ANSWERS AND**
    BASEBALL, an unincorporated association        **OBJECTIONS TO PLAINTIFFS' FIRST**
    doing business as MAJOR LEAGUE                 **REQUESTS FOR ADMISSION TO**
20  BASEBALL; et al.;                             **FRANCHISE DEFENDANTS**

21              Defendants.

22

23

24

25

26

27

28

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules"), as well as the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California (the "Civil Local Rules"), Houston Baseball Partners LLC (d/b/a "Houston Astros") (hereinafter "Defendant," "Club" or "Astros") by and through its attorneys, Proskauer Rose LLP, hereby responds and objects to Plaintiffs' First Requests for Admission to Franchise Defendants, dated August 7, 2015 (the "RFAs"):

## **PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action.  These responses are made subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds that would require the exclusion of any statement made herein if any such statement were made by, or if any admissions were requested of, a witness present and testifying in court, all of which objections are expressly reserved and may be interposed up to and including the time of trial.

Defendant has not fully completed the investigation of the facts related to this case and has not fully completed preparation for the trial in this matter.  Accordingly, all of the responses set forth herein are based only on such information and documents as are presently available and specifically known to Defendant, and disclose only those contentions as are presently known to Defendant.  It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth.

The responses set forth below are provided without prejudice to Defendant's right to produce evidence of any fact or facts that Defendant may subsequently discover or later recall.  Subject to the provisions of the Federal Rules, Defendant reserves the right to correct any inadvertent errors or omissions, and to revise any of the responses set forth herein as additional facts are ascertained, analysis is made, legal research is completed, and contentions are made.  The responses set forth herein are made in a good-faith effort to supply as much factual information

1  and as much specification of legal contentions as is presently known, but should in no way be to

2  the prejudice of the Defendant in relation to further discovery, research or analysis, or the use of

3  and/or reliance upon subsequently discovered documents.

4        Except for explicit facts admitted in the responses set forth below, no incidental or implicit

5  admissions are intended.  The fact that Defendant has either responded to or objected to a RFA or

6  part thereof should not be taken as an admission that Defendant has accepted or admitted the

7  existence of any fact or facts set forth or assumed by such RFA, or that such response or objection

8  constitutes evidence.  The fact that Defendant has responded to part or all of any request is not

9  intended and shall not be construed to be a waiver by the Defendant of all or any part of any

10  objection to any RFA.

11        In responding to the RFAs below, Defendant will not provide information protected from

12  disclosure by the attorney-client privilege, the attorney work product doctrine, the joint

13  defense/common interest privilege, and/or any other applicable privilege or immunity; information

14  that is confidential or personal and the disclosure of which would constitute an unwarranted

15  invasion of an affected person's constitutional, statutory and/or common law rights to privacy and

16  confidentiality; and private, privileged, and confidential or proprietary commercial, financial, or

17  business information.

18        The inadvertent or mistaken production of information subject to the protections of the

19  attorney-client privilege, attorney work-product doctrine, or other privilege will not constitute a

20  general, inadvertent, implicit, subject matter, separate, independent, or other waiver of such

21  privilege or protection, and does not put in issue or constitute the affirmative use of the advice of

22  counsel or of any privileged communications.

23        In providing these responses, Defendant does not waive or intend to waive, but, on the

24  contrary, reserves or intends to reserve:

25        a.   all questions as to competency, authenticity, relevancy, materiality, privilege, and

26            admissibility of the information provided hereunder or the subject matter;

27

28

b.  the right to object on any ground to the use of the information provided hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding; and

c.  the right to object on any ground at any time to a demand for further information.

This preliminary statement is incorporated into each of the responses set forth below.

## OBJECTIONS TO THE DEFINITIONS

Defendant sets forth the following objections to the "Definitions" section set forth in the RFAs.  To the extent applicable, Defendant incorporates each of these objections into each of the responses set forth below.

1.      To the extent the "Definitions" seek to impose obligations on Defendant that are in addition to, inconsistent with, or contrary to those imposed by the Federal Rules, the Civil Local Rules, or the Court's individual rules and/or standing orders, Defendant will apply the definitions and provisions set forth in the Federal Rules, and will respond to the RFA in accordance with those Rules and will not provide information that exceeds the requirements of those Rules.

2.      Defendant objects to the definitions of "Minor Leaguer" or "Minor League Baseball Player" in paragraph 2 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.

3.      Defendant objects to the definitions of "You" or "Your" in Paragraph 7 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to entities and individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the

following definition:  "You" or "Your" shall mean Astros and/or the Club's minor league affiliates (owned by the Club).

4.       Defendant objects to the definition of "Plaintiffs" in Paragraph 6 of the "Definitions" (and in the RFAs applying that definition) because those RFAs seek information with respect to subject matter that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, impermissibly seek information outside of Defendant's possession, custody or control, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the following definition: "Plaintiffs" shall mean Christopher Epps, Jonathan Gaston and Ronald Sanchez (for the time those individuals performed services under their Uniform Player Contracts with the Astros) only.


# ANSWERS AND OBJECTIONS[1]

## REQUEST FOR ADMISSION NO. 1

Admit that You are subject to the Major League Rules.

## ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 1

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and that the phrase "subject to" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA.

Subject to and without waiving the foregoing objection, Defendant denies the RFA, except admits that certain of the Major League Rules apply to Defendant.

---

[1]    Defendant has repeated Plaintiffs' First Requests for Admission verbatim as they were served upon Defendant and has made no corrections with respect to spelling, grammar, typographical errors, or any other error in syntax.

1    <u>**REQUEST FOR ADMISSION NO. 2**</u>

2         Admit that You comply with the Major League Rules.

3    <u>**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 2**</u>

4         Defendant incorporates its Preliminary Statement and Objections to the Definitions as

5    though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is

6    overly broad and that the phrase "comply with" is vague and ambiguous such that Defendant

7    cannot properly admit or deny the RFA.

8         Subject to and without waiving the foregoing objection, Defendant denies the RFA, except

9    admits that it is the Club's practice to comply with the Major League Rules applicable to the Club

10   to the extent appropriate.

11

12   <u>**REQUEST FOR ADMISSION NO. 3**</u>

13        Admit that You comply with Major League Rule 3 when signing Your Minor Leaguers to

14   employment contracts.

15   <u>**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 3**</u>

16        Defendant incorporates its Preliminary Statement and Objections to the Definitions as

17   though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

18   phrases "employment contract" and "comply" are vague and ambiguous such that Defendant

19   cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

20        Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

21   admits that Major League Rule 3(a)(1) provides as follows, in part:  "[A] Major or Minor League

22   Club may contract with a player under the conditions and restrictions set forth in this Rule 3."

23

24   <u>**REQUEST FOR ADMISSION NO. 4**</u>

25        Admit that when signing Your Minor Leaguers to employment contracts, You use the

26   Minor League Uniform Player Contract ("UPC") that is attached to the operative Major League

27   Rules as MLR Attachment 3.

28

5

DEFENDANT HOUSTON BASEBALL PARTNERS LLC'S ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-00608-
JCS (consolidated with 3:14-cv-03289-JCS)

1    **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 4**

2         Defendant incorporates its Preliminary Statement and Objections to the Definitions as

3    though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it

4    improperly characterizes a UPC as an "employment contract"; the phrase "employment contract"

5    is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA

6    assumes facts not in evidence.

7         Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

8    admits that the UPC comprises part of the agreement between a minor league baseball player and

9    the applicable Club.

10

11   **REQUEST FOR ADMISSION NO. 5**

12        Admit that You employ(ed) Your Minor Leaguers.

13   **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 5**

14        Defendant incorporates its Preliminary Statement and Objections to the Definitions as

15   though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is

16   overly broad and the RFA exceeds the scope of permissible discovery in a request for admission

17   by seeking a response on a disputed conclusion of law.

18        Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

19   admits that the UPCs, to which Plaintiffs are parties, provide that Defendant "employs Player to

20   render, and Player agrees to render, skilled services as a Minor League Player…[during]

21   championship playing seasons, commencing with the beginning of the championship playing

22   season…or the portion of that regular championship playing season remaining after the execution

23   date of this Minor League Uniform Player Contract…whichever date is later."

24

25   **REQUEST FOR ADMISSION NO. 6**

26        Admit that Your Minor Leaguers only receive the wages established in the Addendum C to

27   their UPC's during Championship Season.

28

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 6**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA.

**REQUEST FOR ADMISSION NO. 7**

Admit that You do not pay Your Minor Leaguers the wages established in the Addendum C to their UPC's during spring training.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 7**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies, which are evidenced by the documents produced or that will be produced in this action.

**REQUEST FOR ADMISSION NO. 8**

Admit that You do not pay Your Minor Leaguers the wages established in the Addendum C to their UPC's during instructional leagues.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 8**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

1   term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

2   RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

3   seeking a response on a disputed conclusion of law.

4           Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

5   admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

6   which are evidenced by the documents produced or that will be produced in this action.

7

8   **REQUEST FOR ADMISSION NO. 9**

9           Admit that Your Minor Leaguers do not receive the wages established in the Addendum C

10  to their UPC's during the months between the end of the Championship Season and spring

11  training.

12  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 9**

13          Defendant incorporates its Preliminary Statement and Objections to the Definitions as

14  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

15  term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

16  RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

17  seeking a response on a disputed conclusion of law.

18          Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

19  admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

20  which are evidenced by the documents produced or that will be produced in this action.

21

22  **REQUEST FOR ADMISSION NO. 10**

23          Admit that You never pay Your Minor Leaguers at an overtime rate, such as time-and-a-

24  half the regular rate.

25  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 10**

26          Defendant incorporates its Preliminary Statement and Objections to the Definitions as

27  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

28

1  phrases "overtime rate" and "regular rate" are vague and ambiguous such that Defendant cannot

2  properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a

3  request for admission by seeking a response on a disputed conclusion of law.

4       Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

5  admits that Plaintiffs did not receive additional compensation calculated at a "time-and-a-half"

6  premium, because they were not entitled to "overtime" pay.

7

8  **REQUEST FOR ADMISSION NO. 11**

9       Admit that You do not maintain records showing all hours worked by Your Minor

10  Leaguers.

11  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 11**

12       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

13  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

14  RFA is overly broad; the phrase "hours worked" is vague and ambiguous such that Defendant

15  cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery

16  in a request for admission by seeking a response on a disputed conclusion of law.

17       Subject to and without waiving the foregoing objection, Defendant denies this RFA.

18

19  **REQUEST FOR ADMISSION NO. 12**

20       Admit that You do not provide Your Minor Leaguers with wage statements during the

21  periods of spring training, instructional leagues, and other periods outside the Championship

22  Season.

23  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 12**

24       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

25  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

26  RFA is overly broad; the phrase "wage statements" is vague and ambiguous such that Defendant

27

28

1  cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery

2  in a request for admission by seeking a response on a disputed conclusion of law.

3          Subject to and without waiving the foregoing objection, Defendant denies this RFA.

4

5  Dated:  September 11, 2015                        Respectfully submitted,

6                                                   */s/ Elise M. Bloom*
                                                   Elise M. Bloom (*pro hac vice*)
7                                                   Howard L. Ganz
                                                   Neil H. Abramson (*pro hac vice*)
8                                                   Adam M. Lupion (*pro hac vice*)
                                                   Rachel Santoro (*pro hac vice*)
9                                                   **PROSKAUER ROSE LLP**
                                                   11 Times Square
10                                                  New York, NY 10036
                                                   Telephone:    (212) 969-3000
11                                                  Facsimile:    (212) 969-2900

12                                                  ENZO DER BOGHOSSIAN (SBN 211351)
                                                   ederboghossian@proskauer.com
13                                                  **PROSKAUER ROSE LLP**
                                                   2049 Century Park East, 32nd Floor
14                                                  Los Angeles, CA  90067-3206
                                                   Telephone:    (310) 557-2900
15                                                  Facsimile:    (310) 557-2193
                                                   *Attorneys for Defendant*

16  TO:    **KOREIN TILLERY, LLC**
           Stephen M. Tillery (*pro hac vice*)
17         Aaron M. Zigler (*pro hac vice*)
           Garrett R. Broshuis (*pro hac vice*)
18         505 North 7th Street, Suite 3600
           St. Louis, MO 63101
19         Telephone: (314) 241-4844
           Facsimile: (314) 241-3525
20
           KOREIN TILLERY, LLC
21         George A. Zelcs
           205 North Michigan, Suite 1950
22         Chicago, IL  60601
           Telephone: (312) 641-9750
23
           **PEARSON, SIMON & WARSHAW LLP**
24         Bruce L. Simon (Bar No. 96241)
           Benjamin E. Shiftan (Bar No. 265767)
25         44 Montgomery Street, Suite 2450
           San Francisco, CA 94104
26         Telephone: (415) 433-9000
           Facsimile: (415) 433-9008
27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PEARSON, SIMON & WARSHAW LLP**
Daniel L. Warshaw (Bar No. 185365)
Bobby Pouya (Bar No. 245527)
Michael H. Pearson (Bar No. 277857)
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

*Plaintiffs' Interim Co-Lead Class Counsel*

DEFENDANT HOUSTON BASEBALL PARTNERS LLC'S ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-00608-
JCS (consolidated with 3:14-cv-03289-JCS)

1   **PROSKAUER ROSE LLP**
    ELISE M. BLOOM (admitted *pro hac vice*)
2   ebloom@proskauer.com
    HOWARD L. GANZ
3   hganz@proskauer.com
    NEIL H. ABRAMSON (admitted *pro hac vice*)
4   nabramson@proskauer.com
    ADAM M. LUPION (admitted *pro hac vice*)
5   alupion@proskauer.com
    RACHEL SANTORO (admitted *pro hac vice*)
6   rsantoro@proskauer.com
    Eleven Times Square
7   New York, NY 10036
    Telephone:   (212) 969-3000
8   Facsimile:    (212) 969-2900

9   **PROSKAUER ROSE LLP**
    ENZO DER BOGHOSSIAN (SBN 211351)
10  ederboghossian@proskauer.com
    2049 Century Park East, 32nd Floor
11  Los Angeles, CA  90067-3206
    Telephone:   (310) 557-2900
12  Facsimile:    (310) 557-2193

13  *Attorneys for Defendant*

14

15              **UNITED STATES DISTRICT COURT**
        **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

16  AARON SENNE, et al., Individually and on        Case No. 3:14-cv-00608-RS
    Behalf of All Those Similarly Situated;          (consolidated with 3:14-cv-03289-JCS)
17
                    Plaintiffs,                      **CLASS ACTION**
18          vs.
                                                     **CERTIFICATE OF SERVICE**
19  OFFICE OF THE COMMISSIONER OF
    BASEBALL, an unincorporated association
20  doing business as MAJOR LEAGUE
    BASEBALL; et al.;
21
                    Defendants.
22

23

24

25

26

27

28

---

1  I hereby certify that September 11, 2015, I caused to be served the following:

2      Defendant Houston Baseball Partners LLC's Answers and Objections to Plaintiffs' First
       Set of Requests for Admission to Franchise Defendants
3
   by e-mail on the following counsel for Plaintiffs:
4

5
   TO:   **KOREIN TILLERY, LLC**
6        Stephen M. Tillery (*pro hac vice*)
         Aaron M. Zigler (*pro hac vice*)
7        Garrett R. Broshuis (*pro hac vice*)
         505 North 7th Street, Suite 3600
8        St. Louis, MO 63101
         Telephone: (314) 241-4844
9        Facsimile: (314) 241-3525
         stillery@koreintillery.com
10       azigler@koreintillery.com
         gbroshuis@koreintillery.com
11

12       **KOREIN TILLERY, LLC**
         George A. Zelcs
13       205 North Michigan, Suite 1950
         Chicago, IL  60601
14       Telephone: (312) 641-9750
         Facsimile: (312) 641-9751
15       gzelcs@koreintillery.com

16
         **PEARSON, SIMON & WARSHAW LLP**
17       Bruce L. Simon (Bar No. 96241)
         Benjamin E. Shiftan (Bar No. 265767)
18       44 Montgomery Street, Suite 2450
         San Francisco, CA 94104
19       Telephone: (415) 433-9000
         Facsimile: (415) 433-9008
20       bsimon@pswlaw.com
         bshiftan@pswlaw.com
21

22
         **PEARSON, SIMON & WARSHAW LLP**
23       Daniel L. Warshaw (Bar No. 185365)
         Bobby Pouya (Bar No. 245527)
24       Michael H. Pearson (Bar No. 277857)
         15165 Ventura Boulevard, Suite 400
25       Sherman Oaks, California 91403
         Telephone: (818) 788-8300
26       Facsimile: (818) 788-8104
         dwarshaw@pswlaw.com
27

28
_____
       DEFENDANT HOUSTON BASEBALL PARTNERS LLC'S CERTIFICATE OF SERVICE–
           Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1

bpouya@pswlaw.com
mpearson@pswlaw.com

2

*Plaintiffs' Interim Co-Lead Class Counsel*

3

4

5

6

Dated:  September 11, 2015

Respectfully submitted,

7

*/s/ Elise M. Bloom*
Elise M. Bloom (*pro hac vice*)

8

Howard L. Ganz

9

Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)

10

Rachel Santoro (*pro hac vice*)
**PROSKAUER ROSE LLP**

11

11 Times Square

12

New York, NY 10036
Telephone:    (212) 969-3000
Facsimile:    (212) 969-2900

13

14

ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com

15

**PROSKAUER ROSE LLP**
2049 Century Park East, 32nd Floor

16

Los Angeles, CA  90067-3206
Telephone:    (310) 557-2900

17

Facsimile:    (310) 557-2193
*Attorneys for Defendant*

18

19

20

21

22

23

24

25

26

27

28

1  | **PROSKAUER ROSE LLP**
   | ELISE M. BLOOM (admitted *pro hac vice*)
2  | ebloom@proskauer.com
   | HOWARD L. GANZ
3  | hganz@proskauer.com
   | NEIL H. ABRAMSON (admitted *pro hac vice*)
4  | nabramson@proskauer.com
   | ADAM M. LUPION (admitted *pro hac vice*)
5  | alupion@proskauer.com
   | RACHEL SANTORO (admitted *pro hac vice*)
6  | rsantoro@proskauer.com
   | Eleven Times Square
7  | New York, NY 10036
   | Telephone:   (212) 969-3000
8  | Facsimile:   (212) 969-2900

9  | **PROSKAUER ROSE LLP**
   | ENZO DER BOGHOSSIAN (SBN 211351)
10 | ederboghossian@proskauer.com
   | 2049 Century Park East, 32nd Floor
11 | Los Angeles, CA  90067-3206
   | Telephone:   (310) 557-2900
12 | Facsimile:   (310) 557-2193

13 | *Attorneys for Defendant*

14 |                **UNITED STATES DISTRICT COURT**
   | **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

15 |

16 | AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated;   |   Case No. 3:14-cv-00608-RS (consolidated with 3:14-cv-03289-JCS)

17 |                          Plaintiffs,   |   **CLASS ACTION**
   |                              vs.

18 |                                       |   **DEFENDANT ROGERS BLUE JAYS BASEBALL PARTNERSHIP'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS**
19 | OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE
20 | BASEBALL; et al.;

21 |                          Defendants.

22 |

23 |

24 |

25 |

26 |

27 |

28 |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules"), as well as the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California (the "Civil Local Rules"), Rogers Blue Jays Baseball Partnership (d/b/a "Toronto Blue Jays") (hereinafter "Defendant," "Club," or "Blue Jays") by and through its attorneys, Proskauer Rose LLP, hereby responds and objects to Plaintiffs' First Requests for Admission to Franchise Defendants, dated August 7, 2015 (the "RFAs"):

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action.  These responses are made subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds that would require the exclusion of any statement made herein if any such statement were made by, or if any admissions were requested of, a witness present and testifying in court, all of which objections are expressly reserved and may be interposed up to and including the time of trial.

Defendant has not fully completed the investigation of the facts related to this case and has not fully completed preparation for the trial in this matter.  Accordingly, all of the responses set forth herein are based only on such information and documents as are presently available and specifically known to Defendant, and disclose only those contentions as are presently known to Defendant.  It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth.

The responses set forth below are provided without prejudice to Defendant's right to produce evidence of any fact or facts that Defendant may subsequently discover or later recall. Subject to the provisions of the Federal Rules, Defendant reserves the right to correct any inadvertent errors or omissions, and to revise any of the responses set forth herein as additional facts are ascertained, analysis is made, legal research is completed, and contentions are made.  The responses set forth herein are made in a good-faith effort to supply as much factual information

1    and as much specification of legal contentions as is presently known, but should in no way be to

2    the prejudice of the Defendant in relation to further discovery, research or analysis, or the use of

3    and/or reliance upon subsequently discovered documents.

4    Except for explicit facts admitted in the responses set forth below, no incidental or implicit

5    admissions are intended.  The fact that Defendant has either responded to or objected to a RFA or

6    part thereof should not be taken as an admission that Defendant has accepted or admitted the

7    existence of any fact or facts set forth or assumed by such RFA, or that such response or objection

8    constitutes evidence.  The fact that Defendant has responded to part or all of any request is not

9    intended and shall not be construed to be a waiver by the Defendant of all or any part of any

10   objection to any RFA.

11   In responding to the RFAs below, Defendant will not provide information protected from

12   disclosure by the attorney-client privilege, the attorney work product doctrine, the joint

13   defense/common interest privilege, and/or any other applicable privilege or immunity; information

14   that is confidential or personal and the disclosure of which would constitute an unwarranted

15   invasion of an affected person's constitutional, statutory and/or common law rights to privacy and

16   confidentiality; and private, privileged, and confidential or proprietary commercial, financial, or

17   business information.

18   The inadvertent or mistaken production of information subject to the protections of the

19   attorney-client privilege, attorney work-product doctrine, or other privilege will not constitute a

20   general, inadvertent, implicit, subject matter, separate, independent, or other waiver of such

21   privilege or protection, and does not put in issue or constitute the affirmative use of the advice of

22   counsel or of any privileged communications.

23   In providing these responses, Defendant does not waive or intend to waive, but, on the

24   contrary, reserves or intends to reserve:

25   a.   all questions as to competency, authenticity, relevancy, materiality, privilege, and

26       admissibility of the information provided hereunder or the subject matter;

27

28

b.  the right to object on any ground to the use of the information provided hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding; and

c.  the right to object on any ground at any time to a demand for further information.

This preliminary statement is incorporated into each of the responses set forth below.

**OBJECTIONS TO THE DEFINITIONS**

Defendant sets forth the following objections to the "Definitions" section set forth in the RFAs.  To the extent applicable, Defendant incorporates each of these objections into each of the responses set forth below.

1.      To the extent the "Definitions" seek to impose obligations on Defendant that are in addition to, inconsistent with, or contrary to those imposed by the Federal Rules, the Civil Local Rules, or the Court's individual rules and/or standing orders, Defendant will apply the definitions and provisions set forth in the Federal Rules, and will respond to the RFA in accordance with those Rules and will not provide information that exceeds the requirements of those Rules.

2.      Defendant objects to the definitions of "Minor Leaguer" or "Minor League Baseball Player" in paragraph 2 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.

3.      Defendant objects to the definitions of "You" or "Your" in Paragraph 7 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to entities and individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the

following definition:  "You" or "Your" shall mean Blue Jays and/or the Club's minor league affiliates (owned by the Club).

4.      Defendant objects to the definition of "Plaintiffs" in Paragraph 6 of the "Definitions" (and in the RFAs applying that definition) because those RFAs seek information with respect to subject matter that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, impermissibly seek information outside of Defendant's possession, custody or control, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the following definition: "Plaintiffs" shall mean Matt Daly, Leonard Davis and Ronald Melendez (for the time those individuals performed services under their Uniform Player Contracts with the Blue Jays) only.

## ANSWERS AND OBJECTIONS[1]

### REQUEST FOR ADMISSION NO. 1

Admit that You are subject to the Major League Rules.

### ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 1

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and that the phrase "subject to" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA.

Subject to and without waiving the foregoing objection, Defendant denies the RFA, except admits that certain of the Major League Rules apply to Defendant.

---

[1]   Defendant has repeated Plaintiffs' First Requests for Admission verbatim as they were served upon Defendant and has made no corrections with respect to spelling, grammar, typographical errors, or any other error in syntax.

1    **REQUEST FOR ADMISSION NO. 2**

2        Admit that You comply with the Major League Rules.

3    **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 2**

4        Defendant incorporates its Preliminary Statement and Objections to the Definitions as

5    though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is

6    overly broad and that the phrase "comply with" is vague and ambiguous such that Defendant

7    cannot properly admit or deny the RFA.

8        Subject to and without waiving the foregoing objection, Defendant denies the RFA, except

9    admits that it is the Club's practice to comply with the Major League Rules applicable to the Club

10   to the extent appropriate.

11

12   **REQUEST FOR ADMISSION NO. 3**

13       Admit that You comply with Major League Rule 3 when signing Your Minor Leaguers to

14   employment contracts.

15   **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 3**

16       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

17   though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

18   phrases "employment contract" and "comply" are vague and ambiguous such that Defendant

19   cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

20       Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

21   admits that Major League Rule 3(a)(1) provides as follows, in part:  "[A] Major or Minor League

22   Club may contract with a player under the conditions and restrictions set forth in this Rule 3."

23

24   **REQUEST FOR ADMISSION NO. 4**

25       Admit that when signing Your Minor Leaguers to employment contracts, You use the

26   Minor League Uniform Player Contract ("UPC") that is attached to the operative Major League

27   Rules as MLR Attachment 3.

28

1  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 4**

2      Defendant incorporates its Preliminary Statement and Objections to the Definitions as

3  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it

4  improperly characterizes a UPC as an "employment contract"; the phrase "employment contract"

5  is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA

6  assumes facts not in evidence.

7      Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

8  admits that the UPC comprises part of the agreement between a minor league baseball player and

9  the applicable Club.

10

11  **REQUEST FOR ADMISSION NO. 5**

12      Admit that You employ(ed) Your Minor Leaguers.

13  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 5**

14      Defendant incorporates its Preliminary Statement and Objections to the Definitions as

15  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is

16  overly broad and the RFA exceeds the scope of permissible discovery in a request for admission

17  by seeking a response on a disputed conclusion of law.

18      Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

19  admits that the UPCs, to which Plaintiffs are parties, provide that Defendant "employs Player to

20  render, and Player agrees to render, skilled services as a Minor League Player…[during]

21  championship playing seasons, commencing with the beginning of the championship playing

22  season…or the portion of that regular championship playing season remaining after the execution

23  date of this Minor League Uniform Player Contract…whichever date is later."

24

25  **REQUEST FOR ADMISSION NO. 6**

26      Admit that Your Minor Leaguers only receive the wages established in the Addendum C to

27  their UPC's during Championship Season.

28

1   **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 6**

2     Defendant incorporates its Preliminary Statement and Objections to the Definitions as

3   though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

4   term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

5   RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

6   seeking a response on a disputed conclusion of law.

7     Subject to and without waiving the foregoing objection, Defendant denies this RFA.

8

9   **REQUEST FOR ADMISSION NO. 7**

10     Admit that You do not pay Your Minor Leaguers the wages established in the Addendum

11   C to their UPC's during spring training.

12   **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 7**

13     Defendant incorporates its Preliminary Statement and Objections to the Definitions as

14   though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

15   term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

16   RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

17   seeking a response on a disputed conclusion of law.

18     Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

19   admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

20   which are evidenced by the documents produced or that will be produced in this action.

21

22   **REQUEST FOR ADMISSION NO. 8**

23     Admit that You do not pay Your Minor Leaguers the wages established in the Addendum

24   C to their UPC's during instructional leagues.

25   **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 8**

26     Defendant incorporates its Preliminary Statement and Objections to the Definitions as

27   though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

28

7

DEFENDANT ROGERS BLUE JAYS BASEBALL PARTNERSHIP'S  ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-00608-
JCS (consolidated with 3:14-cv-03289-JCS)

1  term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

2  RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

3  seeking a response on a disputed conclusion of law.

4      Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

5  admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

6  which are evidenced by the documents produced or that will be produced in this action.

7

8  **REQUEST FOR ADMISSION NO. 9**

9      Admit that Your Minor Leaguers do not receive the wages established in the Addendum C

10  to their UPC's during the months between the end of the Championship Season and spring

11  training.

12  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 9**

13      Defendant incorporates its Preliminary Statement and Objections to the Definitions as

14  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

15  term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

16  RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

17  seeking a response on a disputed conclusion of law.

18      Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

19  admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

20  which are evidenced by the documents produced or that will be produced in this action.

21

22  **REQUEST FOR ADMISSION NO. 10**

23      Admit that You never pay Your Minor Leaguers at an overtime rate, such as time-and-a-

24  half the regular rate.

25  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 10**

26      Defendant incorporates its Preliminary Statement and Objections to the Definitions as

27  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

28

8

DEFENDANT ROGERS BLUE JAYS BASEBALL PARTNERSHIP'S  ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-00608-
JCS (consolidated with 3:14-cv-03289-JCS)

phrases "overtime rate" and "regular rate" are vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs did not receive additional compensation calculated at a "time-and-a-half" premium, because they were not entitled to "overtime" pay.

**REQUEST FOR ADMISSION NO. 11**

Admit that You do not maintain records showing all hours worked by Your Minor Leaguers.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 11**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the RFA is overly broad; the phrase "hours worked" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA.

**REQUEST FOR ADMISSION NO. 12**

Admit that You do not provide Your Minor Leaguers with wage statements during the periods of spring training, instructional leagues, and other periods outside the Championship Season.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 12**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the RFA is overly broad; the phrase "wage statements" is vague and ambiguous such that Defendant

1  cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery

2  in a request for admission by seeking a response on a disputed conclusion of law.

3       Subject to and without waiving the foregoing objection, Defendant denies this RFA.

4

5  Dated:  September 11, 2015               Respectfully submitted,

6                                       */s/ Elise M. Bloom*
                                     Elise M. Bloom (*pro hac vice*)

7                                       Howard L. Ganz
                                     Neil H. Abramson (*pro hac vice*)

8                                       Adam M. Lupion (*pro hac vice*)
                                     Rachel Santoro (*pro hac vice*)

9                                       **PROSKAUER ROSE LLP**
                                     11 Times Square

10                                      New York, NY 10036
                                     Telephone:   (212) 969-3000
                                     Facsimile:   (212) 969-2900

11

12                                      ENZO DER BOGHOSSIAN (SBN 211351)
                                     ederboghossian@proskauer.com

13                                      **PROSKAUER ROSE LLP**
                                     2049 Century Park East, 32nd Floor

14                                      Los Angeles, CA  90067-3206
                                     Telephone:    (310) 557-2900

15                                      Facsimile:    (310) 557-2193
                                     *Attorneys for Defendant*

16 TO:    **KOREIN TILLERY, LLC**
        Stephen M. Tillery (*pro hac vice*)

17         Aaron M. Zigler (*pro hac vice*)
        Garrett R. Broshuis (*pro hac vice*)

18         505 North 7th Street, Suite 3600
        St. Louis, MO 63101

19         Telephone: (314) 241-4844
        Facsimile: (314) 241-3525

20

21         **KOREIN TILLERY, LLC**
        George A. Zelcs

22         205 North Michigan, Suite 1950
        Chicago, IL  60601

23         Telephone: (312) 641-9750

24         **PEARSON, SIMON & WARSHAW LLP**
        Bruce L. Simon (Bar No. 96241)

25         Benjamin E. Shiftan (Bar No. 265767)
        44 Montgomery Street, Suite 2450

26         San Francisco, CA 94104
        Telephone: (415) 433-9000

27         Facsimile: (415) 433-9008

28

1

**PEARSON, SIMON & WARSHAW LLP**
Daniel L. Warshaw (Bar No. 185365)
Bobby Pouya (Bar No. 245527)
Michael H. Pearson (Bar No. 277857)
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

2

3

4

5

*Plaintiffs' Interim Co-Lead Class Counsel*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ROGERS BLUE JAYS BASEBALL PARTNERSHIP'S  ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-00608-
JCS (consolidated with 3:14-cv-03289-JCS)

1 | **PROSKAUER ROSE LLP**
ELISE M. BLOOM (admitted *pro hac vice*)
2 | ebloom@proskauer.com
HOWARD L. GANZ
3 | hganz@proskauer.com
NEIL H. ABRAMSON (admitted *pro hac vice*)
4 | nabramson@proskauer.com
ADAM M. LUPION (admitted *pro hac vice*)
5 | alupion@proskauer.com
RACHEL SANTORO (admitted *pro hac vice*)
6 | rsantoro@proskauer.com
Eleven Times Square
7 | New York, NY 10036
Telephone:   (212) 969-3000
8 | Facsimile:    (212) 969-2900

9 | **PROSKAUER ROSE LLP**
ENZO DER BOGHOSSIAN (SBN 211351)
10 | ederboghossian@proskauer.com
2049 Century Park East, 32nd Floor
11 | Los Angeles, CA  90067-3206
Telephone:   (310) 557-2900
12 | Facsimile:    (310) 557-2193

13 | *Attorneys for Defendant*

14 |

15 | **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

16 | AARON SENNE, et al., Individually and on
Behalf of All Those Similarly Situated;

Case No. 3:14-cv-00608-RS
(consolidated with 3:14-cv-03289-JCS)

17 |

18 | Plaintiffs,

vs.

**CLASS ACTION**

**CERTIFICATE OF SERVICE**

19 | OFFICE OF THE COMMISSIONER OF
BASEBALL, an unincorporated association
20 | doing business as MAJOR LEAGUE
BASEBALL; et al.;

21 | Defendants.

22 |

23 |

24 |

25 |

26 |

27 |

28 |

I hereby certify that September 11, 2015, I caused to be served the following:

Defendant Rogers Blue Jays Baseball Partnership's Answers and Objections to Plaintiffs' First Set of Requests for Admission to Franchise Defendants

by e-mail on the following counsel for Plaintiffs:

TO:   **KOREIN TILLERY, LLC**
Stephen M. Tillery (*pro hac vice*)
Aaron M. Zigler (*pro hac vice*)
Garrett R. Broshuis (*pro hac vice*)
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525
stillery@koreintillery.com
azigler@koreintillery.com
gbroshuis@koreintillery.com

**KOREIN TILLERY, LLC**
George A. Zelcs
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751
gzelcs@koreintillery.com

**PEARSON, SIMON & WARSHAW LLP**
Bruce L. Simon (Bar No. 96241)
Benjamin E. Shiftan (Bar No. 265767)
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswlaw.com
bshiftan@pswlaw.com

**PEARSON, SIMON & WARSHAW LLP**
Daniel L. Warshaw (Bar No. 185365)
Bobby Pouya (Bar No. 245527)
Michael H. Pearson (Bar No. 277857)
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104
dwarshaw@pswlaw.com

DEFENDANT ROGERS BLUE JAYS BASEBALL PARTNERSHIP'S CERTIFICATE OF SERVICE–
Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

bpouya@pswlaw.com
mpearson@pswlaw.com

*Plaintiffs' Interim Co-Lead Class Counsel*

Dated:  September 11, 2015

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom (*pro hac vice*)
Howard L. Ganz
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
Rachel Santoro (*pro hac vice*)
**PROSKAUER ROSE LLP**
11 Times Square
New York, NY 10036
Telephone:     (212) 969-3000
Facsimile:      (212) 969-2900

ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
**PROSKAUER ROSE LLP**
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:     (310) 557-2900
Facsimile:      (310) 557-2193
*Attorneys for Defendant*

2

1  **PROSKAUER ROSE LLP**
   ELISE M. BLOOM (admitted *pro hac vice*)
2  ebloom@proskauer.com
   HOWARD L. GANZ
3  hganz@proskauer.com
   NEIL H. ABRAMSON (admitted *pro hac vice*)
4  nabramson@proskauer.com
   ADAM M. LUPION (admitted *pro hac vice*)
5  alupion@proskauer.com
   RACHEL SANTORO (admitted *pro hac vice*)
6  rsantoro@proskauer.com
   Eleven Times Square
7  New York, NY 10036
   Telephone:   (212) 969-3000
8  Facsimile:    (212) 969-2900

9  **PROSKAUER ROSE LLP**
   ENZO DER BOGHOSSIAN (SBN 211351)
10 ederboghossian@proskauer.com
   2049 Century Park East, 32nd Floor
11 Los Angeles, CA  90067-3206
   Telephone:   (310) 557-2900
12 Facsimile:    (310) 557-2193

13 *Attorneys for Defendant*

14            **UNITED STATES DISTRICT COURT**
     **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**
15

16 | AARON SENNE, et al., Individually and on | Case No. 3:14-cv-00608-RS |
   | Behalf of All Those Similarly Situated; | (consolidated with 3:14-cv-03289-JCS) |

17                 Plaintiffs,                  **CLASS ACTION**
             vs.
18                                              **DEFENDANT COLORADO ROCKIES**
   OFFICE OF THE COMMISSIONER OF           **BASEBALL CLUB, LTD.'S  ANSWERS**
19 BASEBALL, an unincorporated association **AND OBJECTIONS TO PLAINTIFFS'**
   doing business as MAJOR LEAGUE          **FIRST SET OF REQUESTS FOR**
20 BASEBALL; et al.;                       **ADMISSION TO FRANCHISE**
                                           **DEFENDANTS**
21                 Defendants.

22

23

24

25

26

27

28

1    Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules"),

2    as well as the Local Rules of Practice in Civil Proceedings before the United States District Court

3    for the Northern District of California (the "Civil Local Rules"), Colorado Rockies Baseball Club,

4    Ltd. (d/b/a "Colorado Rockies") (hereinafter "Defendant," "Club" or "Rockies") by and through

5    its attorneys, Proskauer Rose LLP, hereby responds and objects to Plaintiffs' First Set of Requests

6    for Admission to Franchise Defendants, dated August 7, 2015 (the "RFAs"):

7                                   **PRELIMINARY STATEMENT**

8            These responses are made solely for the purpose of this action.  These responses are made

9    subject to all objections as to competence, relevance, materiality, propriety and admissibility, and

10   any and all other objections and grounds that would require the exclusion of any statement made

11   herein if any such statement were made by, or if any admissions were requested of, a witness

12   present and testifying in court, all of which objections are expressly reserved and may be

13   interposed up to and including the time of trial.

14           Defendant has not fully completed the investigation of the facts related to this case and has

15   not fully completed preparation for the trial in this matter.  Accordingly, all of the responses set

16   forth herein are based only on such information and documents as are presently available and

17   specifically known to Defendant, and disclose only those contentions as are presently known to

18   Defendant.  It is anticipated that further discovery, independent investigation, legal research and

19   analysis will supply additional facts, add meaning to the known facts, as well as establish entirely

20   new factual conclusions and legal contentions, all of which may lead to substantial additions to,

21   changes in, and variations from the contentions herein set forth.

22           The responses set forth below are provided without prejudice to Defendant's right to

23   produce evidence of any fact or facts that Defendant may subsequently discover or later recall.

24   Subject to the provisions of the Federal Rules, Defendant reserves the right to correct any

25   inadvertent errors or omissions, and to revise any of the responses set forth herein as additional

26   facts are ascertained, analysis is made, legal research is completed, and contentions are made.  The

27   responses set forth herein are made in a good-faith effort to supply as much factual information

28

1

and as much specification of legal contentions as is presently known, but should in no way be to the prejudice of the Defendant in relation to further discovery, research or analysis, or the use of and/or reliance upon subsequently discovered documents.

Except for explicit facts admitted in the responses set forth below, no incidental or implicit admissions are intended.  The fact that Defendant has either responded to or objected to a RFA or part thereof should not be taken as an admission that Defendant has accepted or admitted the existence of any fact or facts set forth or assumed by such RFA, or that such response or objection constitutes evidence.  The fact that Defendant has responded to part or all of any request is not intended and shall not be construed to be a waiver by the Defendant of all or any part of any objection to any RFA.

In responding to the RFAs below, Defendant will not provide information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense/common interest privilege, and/or any other applicable privilege or immunity; information that is confidential or personal and the disclosure of which would constitute an unwarranted invasion of an affected person's constitutional, statutory and/or common law rights to privacy and confidentiality; and private, privileged, and confidential or proprietary commercial, financial, or business information.

The inadvertent or mistaken production of information subject to the protections of the attorney-client privilege, attorney work-product doctrine, or other privilege will not constitute a general, inadvertent, implicit, subject matter, separate, independent, or other waiver of such privilege or protection, and does not put in issue or constitute the affirmative use of the advice of counsel or of any privileged communications.

In providing these responses, Defendant does not waive or intend to waive, but, on the contrary, reserves or intends to reserve:

a.   all questions as to competency, authenticity, relevancy, materiality, privilege, and admissibility of the information provided hereunder or the subject matter;

b.  the right to object on any ground to the use of the information provided hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding; and

c.  the right to object on any ground at any time to a demand for further information.

This preliminary statement is incorporated into each of the responses set forth below.

**OBJECTIONS TO THE DEFINITIONS**

Defendant sets forth the following objections to the "Definitions" section set forth in the RFAs.  To the extent applicable, Defendant incorporates each of these objections into each of the responses set forth below.

1.      To the extent the "Definitions" seek to impose obligations on Defendant that are in addition to, inconsistent with, or contrary to those imposed by the Federal Rules, the Civil Local Rules, or the Court's individual rules and/or standing orders, Defendant will apply the definitions and provisions set forth in the Federal Rules, and will respond to the RFA in accordance with those Rules and will not provide information that exceeds the requirements of those Rules.

2.      Defendant objects to the definitions of "Minor Leaguer" or "Minor League Baseball Player" in paragraph 2 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.

3.      Defendant objects to the definitions of "You" or "Your" in Paragraph 7 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to entities and individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the

1    following definition:  "You" or "Your" shall mean Rockies and/or the Club's minor league

2    affiliates (owned by the Club).

3        4.      Defendant objects to the definition of "Plaintiffs" in Paragraph 6 of the

4    "Definitions" (and in the RFAs applying that definition) because those RFAs seek information

5    with respect to subject matter that is neither relevant to the claims or defenses of any party nor

6    reasonably calculated to lead to the discovery of admissible evidence, impermissibly seek

7    information outside of Defendant's possession, custody or control, and because such definitions

8    are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For

9    purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the following definition:

10   "Plaintiffs" shall mean Craig Benningson, Leonard Davis, Brad McAtee and Daniel Merklinger

11   (for the time those individuals performed services under their Uniform Player Contracts with the

12   Rockies) only.

13

14              **ANSWERS AND OBJECTIONS**[1]

15   **REQUEST FOR ADMISSION NO. 1**

16        Admit that You are subject to the Major League Rules.

17   **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 1**

18        Defendant incorporates its Preliminary Statement and Objections to the Definitions as

19   though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is

20   overly broad and that the phrase "subject to" is vague and ambiguous such that Defendant cannot

21   properly admit or deny the RFA.

22        Subject to and without waiving the foregoing objection, Defendant denies the RFA, except

23   admits that certain of the Major League Rules apply to Defendant.

24

25   _____

26   [1]   Defendant has repeated Plaintiffs' First Set of Requests for Admission verbatim as they
     were served upon Defendant and has made no corrections with respect to spelling,
27   grammar, typographical errors, or any other error in syntax.

28

1  **REQUEST FOR ADMISSION NO. 2**

2       Admit that You comply with the Major League Rules.

3  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 2**

4       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

5  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is

6  overly broad and that the phrase "comply with" is vague and ambiguous such that Defendant

7  cannot properly admit or deny the RFA.

8       Subject to and without waiving the foregoing objection, Defendant denies the RFA, except

9  admits that it is the Club's practice to comply with the Major League Rules applicable to the Club

10 to the extent appropriate.

11      .

12 **REQUEST FOR ADMISSION NO. 3**

13      Admit that You comply with Major League Rule 3 when signing Your Minor Leaguers to

14 employment contracts.

15 **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 3**

16      Defendant incorporates its Preliminary Statement and Objections to the Definitions as

17 though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

18 phrases "employment contract" and "comply" are vague and ambiguous such that Defendant

19 cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

20      Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

21 admits that Major League Rule 3(a)(1) provides as follows, in part:  "[A] Major or Minor League

22 Club may contract with a player under the conditions and restrictions set forth in this Rule 3."

23

24 **REQUEST FOR ADMISSION NO. 4**

25      Admit that when signing Your Minor Leaguers to employment contracts, You use the

26 Minor League Uniform Player Contract ("UPC") that is attached to the operative Major League

27 Rules as MLR Attachment 3.

28

1  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 4**

2       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

3  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it

4  improperly characterizes a UPC as an "employment contract"; the phrase "employment contract"

5  is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA

6  assumes facts not in evidence.

7       Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

8  admits that the UPC comprises part of the agreement between a minor league baseball player and

9  the applicable Club.

10

11  **REQUEST FOR ADMISSION NO. 5**

12       Admit that You employ(ed) Your Minor Leaguers.

13  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 5**

14       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

15  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is

16  overly broad and the RFA exceeds the scope of permissible discovery in a request for admission

17  by seeking a response on a disputed conclusion of law.

18       Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

19  admits that the UPCs, to which Plaintiffs are parties, provide that Defendant "employs Player to

20  render, and Player agrees to render, skilled services as a Minor League Player…[during]

21  championship playing seasons, commencing with the beginning of the championship playing

22  season…or the portion of that regular championship playing season remaining after the execution

23  date of this Minor League Uniform Player Contract…whichever date is later."

24

25  **REQUEST FOR ADMISSION NO. 6**

26       Admit that Your Minor Leaguers only receive the wages established in the Addendum C to

27  their UPC's during Championship Season.

28

1   **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 6**

2       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

3   though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

4   term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

5   RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

6   seeking a response on a disputed conclusion of law.

7       Subject to and without waiving the foregoing objection, Defendant denies this RFA.

8

9   **REQUEST FOR ADMISSION NO. 7**

10       Admit that You do not pay Your Minor Leaguers the wages established in the Addendum

11   C to their UPC's during spring training.

12   **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 7**

13       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

14   though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

15   term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

16   RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

17   seeking a response on a disputed conclusion of law.

18       Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

19   admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

20   which are evidenced by the documents produced or that will be produced in this action.

21

22   **REQUEST FOR ADMISSION NO. 8**

23       Admit that You do not pay Your Minor Leaguers the wages established in the Addendum

24   C to their UPC's during instructional leagues.

25   **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 8**

26       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

27   though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

28

7

DEFENDANT COLORADO ROCKIES BASEBALL CLUB, LTD.'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1   term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

2   RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

3   seeking a response on a disputed conclusion of law.

4        Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

5   admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

6   which are evidenced by the documents produced or that will be produced in this action.

7

8   **REQUEST FOR ADMISSION NO. 9**

9        Admit that Your Minor Leaguers do not receive the wages established in the Addendum C

10  to their UPC's during the months between the end of the Championship Season and spring

11  training.

12  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 9**

13       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

14  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

15  term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

16  RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

17  seeking a response on a disputed conclusion of law.

18       Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

19  admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

20  which are evidenced by the documents produced or that will be produced in this action.

21

22  **REQUEST FOR ADMISSION NO. 10**

23       Admit that You never pay Your Minor Leaguers at an overtime rate, such as time-and-a-

24  half the regular rate.

25  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 10**

26       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

27  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

28

phrases "overtime rate" and "regular rate" are vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs did not receive additional compensation calculated at a "time-and-a-half" premium, because they are not entitled to "overtime" pay.

**REQUEST FOR ADMISSION NO. 11**

Admit that You do not maintain records showing all hours worked by Your Minor Leaguers.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 11**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the RFA is overly broad; the phrase "hours worked" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA.

**REQUEST FOR ADMISSION NO. 12**

Admit that You do not provide Your Minor Leaguers with wage statements during the periods of spring training, instructional leagues, and other periods outside the Championship Season.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 12**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the RFA is overly broad; the phrase "wage statements" is vague and ambiguous such that Defendant

1   cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery

2   in a request for admission by seeking a response on a disputed conclusion of law.

3           Subject to and without waiving the foregoing objection, Defendant denies this RFA.

4

5   Dated: September 11, 2015                           Respectfully submitted,

6                                                      */s/ Elise M. Bloom*
                                                       Elise M. Bloom (*pro hac vice*)
                                                       Howard L. Ganz
7                                                      Neil H. Abramson (*pro hac vice*)
                                                       Adam M. Lupion (*pro hac vice*)
8                                                      Rachel Santoro (*pro hac vice*)
                                                       **PROSKAUER ROSE LLP**
9                                                      11 Times Square
                                                       New York, NY 10036
10                                                     Telephone:    (212) 969-3000
                                                       Facsimile:    (212) 969-2900
11
                                                       ENZO DER BOGHOSSIAN (SBN 211351)
12                                                     ederboghossian@proskauer.com
                                                       **PROSKAUER ROSE LLP**
13                                                     2049 Century Park East, 32nd Floor
                                                       Los Angeles, CA  90067-3206
14                                                     Telephone:    (310) 557-2900
                                                       Facsimile:    (310) 557-2193
15                                                     *Attorneys for Defendant*

16  TO:     **KOREIN TILLERY, LLC**
            Stephen M. Tillery (*pro hac vice*)
17          Aaron M. Zigler (*pro hac vice*)
            Garrett R. Broshuis (*pro hac vice*)
18          505 North 7th Street, Suite 3600
            St. Louis, MO 63101
19          Telephone: (314) 241-4844
            Facsimile: (314) 241-3525
20
            **KOREIN TILLERY, LLC**
21          George A. Zelcs
            205 North Michigan, Suite 1950
22          Chicago, IL  60601
            Telephone: (312) 641-9750
23
            **PEARSON, SIMON & WARSHAW LLP**
24          Bruce L. Simon (Bar No. 96241)
            Benjamin E. Shiftan (Bar No. 265767)
25          44 Montgomery Street, Suite 2450
            San Francisco, CA 94104
26          Telephone: (415) 433-9000
            Facsimile: (415) 433-9008
27
            **PEARSON, SIMON & WARSHAW LLP**
28

                                                10

1   Daniel L. Warshaw (Bar No. 185365)
    Bobby Pouya (Bar No. 245527)
2   Michael H. Pearson (Bar No. 277857)
    15165 Ventura Boulevard, Suite 400
3   Sherman Oaks, California 91403
    Telephone: (818) 788-8300
    Facsimile: (818) 788-8104
4

5   *Plaintiffs' Interim Co-Lead Class Counsel*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT COLORADO ROCKIES BASEBALL CLUB, LTD.'S ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-
cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1   **PROSKAUER ROSE LLP**
    ELISE M. BLOOM (admitted *pro hac vice*)
2   ebloom@proskauer.com
    HOWARD L. GANZ
3   hganz@proskauer.com
    NEIL H. ABRAMSON (admitted *pro hac vice*)
4   nabramson@proskauer.com
    ADAM M. LUPION (admitted *pro hac vice*)
5   alupion@proskauer.com
    RACHEL SANTORO (admitted *pro hac vice*)
6   rsantoro@proskauer.com
    Eleven Times Square
7   New York, NY 10036
    Telephone:   (212) 969-3000
8   Facsimile:    (212) 969-2900

9   **PROSKAUER ROSE LLP**
    ENZO DER BOGHOSSIAN (SBN 211351)
10  ederboghossian@proskauer.com
    2049 Century Park East, 32nd Floor
11  Los Angeles, CA  90067-3206
    Telephone:   (310) 557-2900
12  Facsimile:    (310) 557-2193

13  *Attorneys for Defendant*

14
                    **UNITED STATES DISTRICT COURT**
15          **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

16  AARON SENNE, et al., Individually and on       Case No. 3:14-cv-00608-RS
    Behalf of All Those Similarly Situated;        (consolidated with 3:14-cv-03289-JCS)
17
                        Plaintiffs,                **CLASS ACTION**
18            vs.
                                                   **CERTIFICATE OF SERVICE**
19  OFFICE OF THE COMMISSIONER OF
    BASEBALL, an unincorporated association
20  doing business as MAJOR LEAGUE
    BASEBALL; et al.;
21
                        Defendants.
22

23

24

25

26

27

28

---
DEFENDANT COLORADO ROCKIES BASEBALL CLUB, LTD.'S CERTIFICATE OF SERVICE–
Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

I hereby certify that September 11, 2015, I caused to be served the following:

Defendant Colorado Rockies Baseball Club, Ltd.'s Answers and Objections to Plaintiffs' First Set of Requests for Admission to Franchise Defendants

by e-mail on the following counsel for Plaintiffs:

TO:     **KOREIN TILLERY, LLC**
        Stephen M. Tillery (*pro hac vice*)
        Aaron M. Zigler (*pro hac vice*)
        Garrett R. Broshuis (*pro hac vice*)
        505 North 7th Street, Suite 3600
        St. Louis, MO 63101
        Telephone: (314) 241-4844
        Facsimile: (314) 241-3525
        stillery@koreintillery.com
        azigler@koreintillery.com
        gbroshuis@koreintillery.com

        **KOREIN TILLERY, LLC**
        George A. Zelcs
        205 North Michigan, Suite 1950
        Chicago, IL  60601
        Telephone: (312) 641-9750
        Facsimile: (312) 641-9751
        gzelcs@koreintillery.com

        **PEARSON, SIMON & WARSHAW LLP**
        Bruce L. Simon (Bar No. 96241)
        Benjamin E. Shiftan (Bar No. 265767)
        44 Montgomery Street, Suite 2450
        San Francisco, CA 94104
        Telephone: (415) 433-9000
        Facsimile: (415) 433-9008
        bsimon@pswlaw.com
        bshiftan@pswlaw.com

        **PEARSON, SIMON & WARSHAW LLP**
        Daniel L. Warshaw (Bar No. 185365)
        Bobby Pouya (Bar No. 245527)
        Michael H. Pearson (Bar No. 277857)
        15165 Ventura Boulevard, Suite 400
        Sherman Oaks, California 91403
        Telephone: (818) 788-8300
        Facsimile: (818) 788-8104
        dwarshaw@pswlaw.com

bpouya@pswlaw.com
mpearson@pswlaw.com

*Plaintiffs' Interim Co-Lead Class Counsel*

Dated:  September 11, 2015

Respectfully submitted,

*/s/ Elise M. Bloom*
Elise M. Bloom (*pro hac vice*)
Howard L. Ganz
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
Rachel Santoro (*pro hac vice*)
**PROSKAUER ROSE LLP**
11 Times Square
New York, NY 10036
Telephone:    (212) 969-3000
Facsimile:    (212) 969-2900

ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
**PROSKAUER ROSE LLP**
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:    (310) 557-2900
Facsimile:    (310) 557-2193
*Attorneys for Defendant*

1    **PROSKAUER ROSE LLP**
     ELISE M. BLOOM (admitted *pro hac vice*)
2    ebloom@proskauer.com
     HOWARD L. GANZ
3    hganz@proskauer.com
     NEIL H. ABRAMSON (admitted *pro hac vice*)
4    nabramson@proskauer.com
     ADAM M. LUPION (admitted *pro hac vice*)
5    alupion@proskauer.com
     RACHEL SANTORO (admitted *pro hac vice*)
6    rsantoro@proskauer.com
     Eleven Times Square
7    New York, NY 10036
     Telephone:   (212) 969-3000
8    Facsimile:   (212) 969-2900

9    **PROSKAUER ROSE LLP**
     ENZO DER BOGHOSSIAN (SBN 211351)
10   ederboghossian@proskauer.com
     2049 Century Park East, 32nd Floor
11   Los Angeles, CA  90067-3206
     Telephone:   (310) 557-2900
12   Facsimile:   (310) 557-2193

13   *Attorneys for Defendant*

14                **UNITED STATES DISTRICT COURT**
          **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**
15

16   AARON SENNE, et al., Individually and on       Case No. 3:14-cv-00608-RS
     Behalf of All Those Similarly Situated;        (consolidated with 3:14-cv-03289-JCS)

17                      Plaintiffs,                 **CLASS ACTION**

18              vs.
                                                    **DEFENDANT DETROIT TIGERS, INC.'S**
19   OFFICE OF THE COMMISSIONER OF                  **ANSWERS AND OBJECTIONS TO**
     BASEBALL, an unincorporated association        **PLAINTIFFS' FIRST SET OF REQUESTS**
     doing business as MAJOR LEAGUE                  **FOR ADMISSION TO FRANCHISE**
20   BASEBALL; et al.;                              **DEFENDANTS**

21                      Defendants.

22

23

24

25

26

27

28
     _____
                DEFENDANT DETROIT TIGERS, INC.'S ANSWERS AND OBJECTIONS TO
        PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-
                         cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1    Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules"),

2    as well as the Local Rules of Practice in Civil Proceedings before the United States District Court

3    for the Northern District of California (the "Civil Local Rules"), Detroit Tigers, Inc.

4    (d/b/a "Detroit Tigers") (hereinafter "Defendant," "Club" or "Tigers") by and through its

5    attorneys, Proskauer Rose LLP, hereby responds and objects to Plaintiffs' First Set of Requests for

6    Admission to Franchise Defendants, dated August 7, 2015 (the "RFAs"):

7                                    **PRELIMINARY STATEMENT**

8        These responses are made solely for the purpose of this action.  These responses are made

9    subject to all objections as to competence, relevance, materiality, propriety and admissibility, and

10   any and all other objections and grounds that would require the exclusion of any statement made

11   herein if any such statement were made by, or if any admissions were requested of, a witness

12   present and testifying in court, all of which objections are expressly reserved and may be

13   interposed up to and including the time of trial.

14       Defendant has not fully completed the investigation of the facts related to this case and has

15   not fully completed preparation for the trial in this matter.  Accordingly, all of the responses set

16   forth herein are based only on such information and documents as are presently available and

17   specifically known to Defendant, and disclose only those contentions as are presently known to

18   Defendant.  It is anticipated that further discovery, independent investigation, legal research and

19   analysis will supply additional facts, add meaning to the known facts, as well as establish entirely

20   new factual conclusions and legal contentions, all of which may lead to substantial additions to,

21   changes in, and variations from the contentions herein set forth.

22       The responses set forth below are provided without prejudice to Defendant's right to

23   produce evidence of any fact or facts that Defendant may subsequently discover or later recall.

24   Subject to the provisions of the Federal Rules, Defendant reserves the right to correct any

25   inadvertent errors or omissions, and to revise any of the responses set forth herein as additional

26   facts are ascertained, analysis is made, legal research is completed, and contentions are made.  The

27   responses set forth herein are made in a good-faith effort to supply as much factual information

28

1   and as much specification of legal contentions as is presently known, but should in no way be to

2   the prejudice of the Defendant in relation to further discovery, research or analysis, or the use of

3   and/or reliance upon subsequently discovered documents.

4       Except for explicit facts admitted in the responses set forth below, no incidental or implicit

5   admissions are intended.  The fact that Defendant has either responded to or objected to a RFA or

6   part thereof should not be taken as an admission that Defendant has accepted or admitted the

7   existence of any fact or facts set forth or assumed by such RFA, or that such response or objection

8   constitutes evidence.  The fact that Defendant has responded to part or all of any request is not

9   intended and shall not be construed to be a waiver by the Defendant of all or any part of any

10  objection to any RFA.

11      In responding to the RFAs below, Defendant will not provide information protected from

12  disclosure by the attorney-client privilege, the attorney work product doctrine, the joint

13  defense/common interest privilege, and/or any other applicable privilege or immunity; information

14  that is confidential or personal and the disclosure of which would constitute an unwarranted

15  invasion of an affected person's constitutional, statutory and/or common law rights to privacy and

16  confidentiality; and private, privileged, and confidential or proprietary commercial, financial, or

17  business information.

18      The inadvertent or mistaken production of information subject to the protections of the

19  attorney-client privilege, attorney work-product doctrine, or other privilege will not constitute a

20  general, inadvertent, implicit, subject matter, separate, independent, or other waiver of such

21  privilege or protection, and does not put in issue or constitute the affirmative use of the advice of

22  counsel or of any privileged communications.

23      In providing these responses, Defendant does not waive or intend to waive, but, on the

24  contrary, reserves or intends to reserve:

25      a.   all questions as to competency, authenticity, relevancy, materiality, privilege, and

26          admissibility of the information provided hereunder or the subject matter;

27

28

b.   the right to object on any ground to the use of the information provided hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding; and

c.   the right to object on any ground at any time to a demand for further information.

This preliminary statement is incorporated into each of the responses set forth below.

## OBJECTIONS TO THE DEFINITIONS

Defendant sets forth the following objections to the "Definitions" section set forth in the RFAs.  To the extent applicable, Defendant incorporates each of these objections into each of the responses set forth below.

1.      To the extent the "Definitions" seek to impose obligations on Defendant that are in addition to, inconsistent with, or contrary to those imposed by the Federal Rules, the Civil Local Rules, or the Court's individual rules and/or standing orders, Defendant will apply the definitions and provisions set forth in the Federal Rules, and will respond to the RFA in accordance with those Rules and will not provide information that exceeds the requirements of those Rules.

2.      Defendant objects to the definitions of "Minor Leaguer" or "Minor League Baseball Player" in paragraph 2 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.

3.      Defendant objects to the definitions of "You" or "Your" in Paragraph 7 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to entities and individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the

1  following definition:  "You" or "Your" shall mean Tigers and/or the Club's minor league affiliates

2  (owned by the Club).

3          4.      Defendant objects to the definition of "Plaintiffs" in Paragraph 6 of the

4  "Definitions" (and in the RFAs applying that definition) because those RFAs seek information

5  with respect to subject matter that is neither relevant to the claims or defenses of any party nor

6  reasonably calculated to lead to the discovery of admissible evidence, impermissibly seek

7  information outside of Defendant's possession, custody or control, and because such definitions

8  are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For

9  purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the following definition:

10  "Plaintiffs" shall mean Lauren Gagnier and Les Smith (for the time those individuals performed

11  services under their Uniform Player Contracts with the Tigers) only.

12

13                          **ANSWERS AND OBJECTIONS**[1]

14  **REQUEST FOR ADMISSION NO. 1**

15          Admit that You are subject to the Major League Rules.

16  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 1**

17          Defendant incorporates its Preliminary Statement and Objections to the Definitions as

18  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is

19  overly broad and that the phrase "subject to" is vague and ambiguous such that Defendant cannot

20  properly admit or deny the RFA.

21          Subject to and without waiving the foregoing objection, Defendant denies the RFA, except

22  admits that certain of the Major League Rules apply to Defendant.

23

24
_____

25

26  [1]   Defendant has repeated Plaintiffs' First Set of Requests for Admission verbatim as they
were served upon Defendant and has made no corrections with respect to spelling,

27  grammar, typographical errors, or any other error in syntax.

28

1

**REQUEST FOR ADMISSION NO. 2**

2

Admit that You comply with the Major League Rules.

3

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 2**

4

Defendant incorporates its Preliminary Statement and Objections to the Definitions as

5

though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is

6

overly broad and that the phrase "comply with" is vague and ambiguous such that Defendant

7

cannot properly admit or deny the RFA.

8

Subject to and without waiving the foregoing objection, Defendant denies the RFA, except

9

admits that it is the Club's practice to comply with the Major League Rules applicable to the Club

10

to the extent appropriate.

11

12

**REQUEST FOR ADMISSION NO. 3**

13

Admit that You comply with Major League Rule 3 when signing Your Minor Leaguers to

14

employment contracts.

15

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 3**

16

Defendant incorporates its Preliminary Statement and Objections to the Definitions as

17

though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

18

phrases "employment contract" and "comply" are vague and ambiguous such that Defendant

19

cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

20

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

21

admits that Major League Rule 3(a)(1) provides as follows, in part:  "[A] Major or Minor League

22

Club may contract with a player under the conditions and restrictions set forth in this Rule 3."

23

24

**REQUEST FOR ADMISSION NO. 4**

25

Admit that when signing Your Minor Leaguers to employment contracts, You use the

26

Minor League Uniform Player Contract ("UPC") that is attached to the operative Major League

27

Rules as MLR Attachment 3.

28

1    **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 4**

2           Defendant incorporates its Preliminary Statement and Objections to the Definitions as

3    though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it

4    improperly characterizes a UPC as an "employment contract"; the phrase "employment contract"

5    is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA

6    assumes facts not in evidence.

7           Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

8    admits that the UPC comprises part of the agreement between a minor league baseball player and

9    the applicable Club.

10

11   **REQUEST FOR ADMISSION NO. 5**

12          Admit that You employ(ed) Your Minor Leaguers.

13   **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 5**

14          Defendant incorporates its Preliminary Statement and Objections to the Definitions as

15   though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is

16   overly broad and the RFA exceeds the scope of permissible discovery in a request for admission

17   by seeking a response on a disputed conclusion of law.

18          Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

19   admits that the UPCs, to which Plaintiffs are parties, provide that Defendant "employs Player to

20   render, and Player agrees to render, skilled services as a Minor League Player…[during]

21   championship playing seasons, commencing with the beginning of the championship playing

22   season…or the portion of that regular championship playing season remaining after the execution

23   date of this Minor League Uniform Player Contract…whichever date is later."

24

25   **REQUEST FOR ADMISSION NO. 6**

26          Admit that Your Minor Leaguers only receive the wages established in the Addendum C to

27   their UPC's during Championship Season.

28

1  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 6**

2        Defendant incorporates its Preliminary Statement and Objections to the Definitions as

3  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

4  term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

5  RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

6  seeking a response on a disputed conclusion of law.

7        Subject to and without waiving the foregoing objection, Defendant denies this RFA.

8

9  **REQUEST FOR ADMISSION NO. 7**

10        Admit that You do not pay Your Minor Leaguers the wages established in the Addendum

11  C to their UPC's during spring training.

12  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 7**

13        Defendant incorporates its Preliminary Statement and Objections to the Definitions as

14  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

15  term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

16  RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

17  seeking a response on a disputed conclusion of law.

18        Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

19  admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

20  which are evidenced by the documents produced or that will be produced in this action.

21

22  **REQUEST FOR ADMISSION NO. 8**

23        Admit that You do not pay Your Minor Leaguers the wages established in the Addendum

24  C to their UPC's during instructional leagues.

25  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 8**

26        Defendant incorporates its Preliminary Statement and Objections to the Definitions as

27  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

28

term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies, which are evidenced by the documents produced or that will be produced in this action.

**REQUEST FOR ADMISSION NO. 9**

Admit that Your Minor Leaguers do not receive the wages established in the Addendum C to their UPC's during the months between the end of the Championship Season and spring training.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 9**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies, which are evidenced by the documents produced or that will be produced in this action.

**REQUEST FOR ADMISSION NO. 10**

Admit that You never pay Your Minor Leaguers at an overtime rate, such as time-and-a-half the regular rate.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 10**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

phrases "overtime rate" and "regular rate" are vague and ambiguous such that Defendant cannot properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that Plaintiffs did not receive additional compensation calculated at a "time-and-a-half" premium, because they are not entitled to "overtime" pay.


**REQUEST FOR ADMISSION NO. 11**

Admit that You do not maintain records showing all hours worked by Your Minor Leaguers.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 11**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the RFA is overly broad; the phrase "hours worked" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA.


**REQUEST FOR ADMISSION NO. 12**

Admit that You do not provide Your Minor Leaguers with wage statements during the periods of spring training, instructional leagues, and other periods outside the Championship Season.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 12**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the RFA is overly broad; the phrase "wage statements" is vague and ambiguous such that Defendant

1  cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery

2  in a request for admission by seeking a response on a disputed conclusion of law.

3         Subject to and without waiving the foregoing objection, Defendant denies this RFA.

4

5  Dated:  September 11, 2015                 Respectfully submitted,

6                                         */s/ Elise M. Bloom*
                                       Elise M. Bloom (*pro hac vice*)

7                                         Howard L. Ganz
                                       Neil H. Abramson (*pro hac vice*)

8                                         Adam M. Lupion (*pro hac vice*)
                                       Rachel Santoro (*pro hac vice*)

9                                         **PROSKAUER ROSE LLP**
                                       11 Times Square

10                                         New York, NY 10036
                                       Telephone:   (212) 969-3000
                                       Facsimile:    (212) 969-2900

11

12                                         ENZO DER BOGHOSSIAN (SBN 211351)
                                       ederboghossian@proskauer.com

13                                         **PROSKAUER ROSE LLP**
                                       2049 Century Park East, 32nd Floor

14                                         Los Angeles, CA  90067-3206
                                       Telephone:    (310) 557-2900

15                                         Facsimile:     (310) 557-2193
                                       *Attorneys for Defendant*

16  TO:     **KOREIN TILLERY, LLC**
          Stephen M. Tillery (*pro hac vice*)

17            Aaron M. Zigler (*pro hac vice*)
          Garrett R. Broshuis (*pro hac vice*)

18            505 North 7th Street, Suite 3600
          St. Louis, MO 63101

19            Telephone: (314) 241-4844
          Facsimile: (314) 241-3525

20

21            **KOREIN TILLERY, LLC**
          George A. Zelcs

22            205 North Michigan, Suite 1950
          Chicago, IL  60601

23            Telephone: (312) 641-9750

24            **PEARSON, SIMON & WARSHAW LLP**
          Bruce L. Simon (Bar No. 96241)

25            Benjamin E. Shiftan (Bar No. 265767)
          44 Montgomery Street, Suite 2450

26            San Francisco, CA 94104
          Telephone: (415) 433-9000

27            Facsimile: (415) 433-9008

28

DEFENDANT DETROIT TIGERS, INC.'S ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-
cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1

**PEARSON, SIMON & WARSHAW LLP**
Daniel L. Warshaw (Bar No. 185365)
2
Bobby Pouya (Bar No. 245527)
Michael H. Pearson (Bar No. 277857)
3
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
4
Telephone: (818) 788-8300
Facsimile: (818) 788-8104
5
*Plaintiffs' Interim Co-Lead Class Counsel*
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **PROSKAUER ROSE LLP**
   ELISE M. BLOOM (admitted *pro hac vice*)
2  ebloom@proskauer.com
   HOWARD L. GANZ
3  hganz@proskauer.com
   NEIL H. ABRAMSON (admitted *pro hac vice*)
4  nabramson@proskauer.com
   ADAM M. LUPION (admitted *pro hac vice*)
5  alupion@proskauer.com
   RACHEL SANTORO (admitted *pro hac vice*)
6  rsantoro@proskauer.com
   Eleven Times Square
7  New York, NY 10036
   Telephone:   (212) 969-3000
8  Facsimile:   (212) 969-2900

9  **PROSKAUER ROSE LLP**
   ENZO DER BOGHOSSIAN (SBN 211351)
10 ederboghossian@proskauer.com
   2049 Century Park East, 32nd Floor
11 Los Angeles, CA  90067-3206
   Telephone:   (310) 557-2900
12 Facsimile:   (310) 557-2193

13 *Attorneys for Defendant*

14
                **UNITED STATES DISTRICT COURT**
15     **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

16 AARON SENNE, et al., Individually and on          Case No. 3:14-cv-00608-RS
   Behalf of All Those Similarly Situated;          (consolidated with 3:14-cv-03289-JCS)
17
                      Plaintiffs,                   **CLASS ACTION**
18            vs.
                                                    **CERTIFICATE OF SERVICE**
19 OFFICE OF THE COMMISSIONER OF
   BASEBALL, an unincorporated association
20 doing business as MAJOR LEAGUE
   BASEBALL; et al.;
21
                      Defendants.
22

23

24

25

26

27

28

—————————————————————————————————————————————
DEFENDANT DETROIT TIGERS, INC.'S CERTIFICATE OF SERVICE–
Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1   I hereby certify that September 11, 2015, I caused to be served the following:

2        Defendant Detroit Tigers, Inc.'s Answers and Objections to Plaintiffs' First Set of
         Requests for Admission to Franchise Defendants
3
    by e-mail on the following counsel for Plaintiffs:
4

5
    TO:    **KOREIN TILLERY, LLC**
6          Stephen M. Tillery (*pro hac vice*)
           Aaron M. Zigler (*pro hac vice*)
7          Garrett R. Broshuis (*pro hac vice*)
           505 North 7th Street, Suite 3600
8          St. Louis, MO 63101
           Telephone: (314) 241-4844
9          Facsimile: (314) 241-3525
           stillery@koreintillery.com
10         azigler@koreintillery.com
           gbroshuis@koreintillery.com
11

12         **KOREIN TILLERY, LLC**
           George A. Zelcs
13         205 North Michigan, Suite 1950
           Chicago, IL  60601
14         Telephone: (312) 641-9750
           Facsimile: (312) 641-9751
15         gzelcs@koreintillery.com

16
           **PEARSON, SIMON & WARSHAW LLP**
17         Bruce L. Simon (Bar No. 96241)
           Benjamin E. Shiftan (Bar No. 265767)
18         44 Montgomery Street, Suite 2450
           San Francisco, CA 94104
19         Telephone: (415) 433-9000
           Facsimile: (415) 433-9008
20         bsimon@pswlaw.com
           bshiftan@pswlaw.com
21

22
           **PEARSON, SIMON & WARSHAW LLP**
23         Daniel L. Warshaw (Bar No. 185365)
           Bobby Pouya (Bar No. 245527)
24         Michael H. Pearson (Bar No. 277857)
           15165 Ventura Boulevard, Suite 400
25         Sherman Oaks, California 91403
           Telephone: (818) 788-8300
26         Facsimile: (818) 788-8104
           dwarshaw@pswlaw.com
27

28

---
DEFENDANT DETROIT TIGERS, INC.'S CERTIFICATE OF SERVICE–
Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

bpouya@pswlaw.com
mpearson@pswlaw.com

*Plaintiffs' Interim Co-Lead Class Counsel*

Dated:  September 11, 2015

Respectfully submitted,

*/s/ Elise M. Bloom*
Elise M. Bloom (*pro hac vice*)
Howard L. Ganz
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
Rachel Santoro (*pro hac vice*)
**PROSKAUER ROSE LLP**
11 Times Square
New York, NY 10036
Telephone:     (212) 969-3000
Facsimile:     (212) 969-2900

ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
**PROSKAUER ROSE LLP**
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:     (310) 557-2900
Facsimile:     (310) 557-2193
*Attorneys for Defendant*

**PROSKAUER ROSE LLP**
ELISE M. BLOOM (admitted *pro hac vice*)
ebloom@proskauer.com
HOWARD L. GANZ
hganz@proskauer.com
NEIL H. ABRAMSON (admitted *pro hac vice*)
nabramson@proskauer.com
ADAM M. LUPION (admitted *pro hac vice*)
alupion@proskauer.com
RACHEL SANTORO (admitted *pro hac vice*)
rsantoro@proskauer.com
Eleven Times Square
New York, NY 10036
Telephone:    (212) 969-3000
Facsimile:    (212) 969-2900

**PROSKAUER ROSE LLP**
ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:   (310) 557-2900
Facsimile:   (310) 557-2193

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated;<br><br>Plaintiffs,<br>vs.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL; et al.;<br><br>Defendants. | Case No. 3:14-cv-00608-RS (consolidated with 3:14-cv-03289-JCS)<br><br>**CLASS ACTION**<br><br>**DEFENDANTS RANGERS BASEBALL EXPRESS, LLC AND RANGERS BASEBALL, LLC'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS** |

1    Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules"),

2    as well as the Local Rules of Practice in Civil Proceedings before the United States District Court

3    for the Northern District of California (the "Civil Local Rules"), Rangers Baseball Express, LLC

4    and Rangers Baseball, LLC (d/b/a "Texas Rangers") (hereinafter "Defendant," "Club" or

5    "Rangers") by and through its attorneys, Proskauer Rose LLP, hereby responds and objects to

6    Plaintiffs' First Set of Requests for Admission to Franchise Defendants, dated August 7, 2015 (the

7    "RFAs"):

8                                    **PRELIMINARY STATEMENT**

9    These responses are made solely for the purpose of this action.  These responses are made

10   subject to all objections as to competence, relevance, materiality, propriety and admissibility, and

11   any and all other objections and grounds that would require the exclusion of any statement made

12   herein if any such statement were made by, or if any admissions were requested of, a witness

13   present and testifying in court, all of which objections are expressly reserved and may be

14   interposed up to and including the time of trial.

15   Defendant has not fully completed the investigation of the facts related to this case and has

16   not fully completed preparation for the trial in this matter.  Accordingly, all of the responses set

17   forth herein are based only on such information and documents as are presently available and

18   specifically known to Defendant, and disclose only those contentions as are presently known to

19   Defendant.  It is anticipated that further discovery, independent investigation, legal research and

20   analysis will supply additional facts, add meaning to the known facts, as well as establish entirely

21   new factual conclusions and legal contentions, all of which may lead to substantial additions to,

22   changes in, and variations from the contentions herein set forth.

23   The responses set forth below are provided without prejudice to Defendant's right to

24   produce evidence of any fact or facts that Defendant may subsequently discover or later recall.

25   Subject to the provisions of the Federal Rules, Defendant reserves the right to correct any

26   inadvertent errors or omissions, and to revise any of the responses set forth herein as additional

27   facts are ascertained, analysis is made, legal research is completed, and contentions are made.  The

28

---

1

DEFENDANTS RANGERS BASEBALL EXPRESS, LLC AND RANGERS BASEBALL, LLC'S
ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-
cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1   responses set forth herein are made in a good-faith effort to supply as much factual information

2   and as much specification of legal contentions as is presently known, but should in no way be to

3   the prejudice of the Defendant in relation to further discovery, research or analysis, or the use of

4   and/or reliance upon subsequently discovered documents.

5        Except for explicit facts admitted in the responses set forth below, no incidental or implicit

6   admissions are intended.  The fact that Defendant has either responded to or objected to a RFA or

7   part thereof should not be taken as an admission that Defendant has accepted or admitted the

8   existence of any fact or facts set forth or assumed by such RFA, or that such response or objection

9   constitutes evidence.  The fact that Defendant has responded to part or all of any request is not

10  intended and shall not be construed to be a waiver by the Defendant of all or any part of any

11  objection to any RFA.

12       In responding to the RFAs below, Defendant will not provide information protected from

13  disclosure by the attorney-client privilege, the attorney work product doctrine, the joint

14  defense/common interest privilege, and/or any other applicable privilege or immunity; information

15  that is confidential or personal and the disclosure of which would constitute an unwarranted

16  invasion of an affected person's constitutional, statutory and/or common law rights to privacy and

17  confidentiality; and private, privileged, and confidential or proprietary commercial, financial, or

18  business information.

19       The inadvertent or mistaken production of information subject to the protections of the

20  attorney-client privilege, attorney work-product doctrine, or other privilege will not constitute a

21  general, inadvertent, implicit, subject matter, separate, independent, or other waiver of such

22  privilege or protection, and does not put in issue or constitute the affirmative use of the advice of

23  counsel or of any privileged communications.

24       In providing these responses, Defendant does not waive or intend to waive, but, on the

25  contrary, reserves or intends to reserve:

26       a.   all questions as to competency, authenticity, relevancy, materiality, privilege, and

27            admissibility of the information provided hereunder or the subject matter;

28

b. the right to object on any ground to the use of the information provided hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding; and

c. the right to object on any ground at any time to a demand for further information.

This preliminary statement is incorporated into each of the responses set forth below.

## OBJECTIONS TO THE DEFINITIONS

Defendant sets forth the following objections to the "Definitions" section set forth in the RFAs. To the extent applicable, Defendant incorporates each of these objections into each of the responses set forth below.

1.     To the extent the "Definitions" seek to impose obligations on Defendant that are in addition to, inconsistent with, or contrary to those imposed by the Federal Rules, the Civil Local Rules, or the Court's individual rules and/or standing orders, Defendant will apply the definitions and provisions set forth in the Federal Rules, and will respond to the RFA in accordance with those Rules and will not provide information that exceeds the requirements of those Rules.

2.     Defendant objects to the definitions of "Minor Leaguer" or "Minor League Baseball Player" in paragraph 2 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome.

3.     Defendant objects to the definitions of "You" or "Your" in Paragraph 7 of the "Definitions" (and in the RFAs applying those definitions), because those RFAs seek information with respect to entities and individuals that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence, and because such definitions are overbroad and the RFAs applying such definitions are therefore unduly burdensome. For purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the

DEFENDANTS RANGERS BASEBALL EXPRESS, LLC AND RANGERS BASEBALL, LLC'S
ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1  following definition:  "You" or "Your" shall mean Rangers and/or the Club's minor league

2  affiliates (owned by the Club).

3      4.    Defendant objects to the definition of "Plaintiffs" in Paragraph 6 of the

4  "Definitions" (and in the RFAs applying that definition) because those RFAs seek information

5  with respect to subject matter that is neither relevant to the claims or defenses of any party nor

6  reasonably calculated to lead to the discovery of admissible evidence, impermissibly seek

7  information outside of Defendant's possession, custody or control, and because such definitions

8  are overbroad and the RFAs applying such definitions are therefore unduly burdensome.  For

9  purposes of Defendant's responses to Plaintiffs' RFAs, Defendant applies the following definition:

10  "Plaintiffs" shall mean Mitch Hilligoss and Matt Lawson (for the time those individuals performed

11  services under their Uniform Player Contracts with the Rangers) only.

12

13  ## ANSWERS AND OBJECTIONS[1]

14  **REQUEST FOR ADMISSION NO. 1**

15      Admit that You are subject to the Major League Rules.

16  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 1**

17      Defendant incorporates its Preliminary Statement and Objections to the Definitions as

18  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is

19  overly broad and that the phrase "subject to" is vague and ambiguous such that Defendant cannot

20  properly admit or deny the RFA.

21      Subject to and without waiving the foregoing objection, Defendant denies the RFA, except

22  admits that certain of the Major League Rules apply to Defendant.

23  **REQUEST FOR ADMISSION NO. 2**

24      Admit that You comply with the Major League Rules.

25  ────────────────

26  [1]   Defendant has repeated Plaintiffs' First Set of Requests for Admission verbatim as
they were served upon Defendant and has made no corrections with respect to spelling,

27  grammar, typographical errors, or any other error in syntax.

28

1    **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 2**

2         Defendant incorporates its Preliminary Statement and Objections to the Definitions as

3    though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is

4    overly broad and that the phrase "comply with" is vague and ambiguous such that Defendant

5    cannot properly admit or deny the RFA.

6         Subject to and without waiving the foregoing objection, Defendant denies the RFA, except

7    admits that it is the Club's practice to comply with the Major League Rules applicable to the Club

8    to the extent appropriate.

9    **REQUEST FOR ADMISSION NO. 3**

10        Admit that You comply with Major League Rule 3 when signing Your Minor Leaguers to

11   employment contracts.

12   **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 3**

13        Defendant incorporates its Preliminary Statement and Objections to the Definitions as

14   though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

15   phrases "employment contract" and "comply" are vague and ambiguous such that Defendant

16   cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

17        Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

18   admits that Major League Rule 3(a)(1) provides as follows, in part:  "[A] Major or Minor League

19   Club may contract with a player under the conditions and restrictions set forth in this Rule 3."

20

21   **REQUEST FOR ADMISSION NO. 4**

22        Admit that when signing Your Minor Leaguers to employment contracts, You use the

23   Minor League Uniform Player Contract ("UPC") that is attached to the operative Major League

24   Rules as MLR Attachment 3.

25   **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 4**

26        Defendant incorporates its Preliminary Statement and Objections to the Definitions as

27   though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it

28

improperly characterizes a UPC as an "employment contract"; the phrase "employment contract" is vague and ambiguous such that Defendant cannot properly admit or deny the RFA; and the RFA assumes facts not in evidence.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that the UPC comprises part of the agreement between a minor league baseball player and the applicable Club.

**REQUEST FOR ADMISSION NO. 5**

Admit that You employ(ed) Your Minor Leaguers.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 5**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that it is overly broad and the RFA exceeds the scope of permissible discovery in a request for admission by seeking a response on a disputed conclusion of law.

Subject to and without waiving the foregoing objection, Defendant denies this RFA, except admits that the UPCs, to which Plaintiffs are parties, provide that Defendant "employs Player t o render, and Player agrees to render, skilled services as a Minor League Player…[during] championship playing seasons, commencing with the beginning of the championship playing season…or the portion of that regular championship playing season remaining after the execution date of this Minor League Uniform Player Contract…whichever date is later."

**REQUEST FOR ADMISSION NO. 6**

Admit that Your Minor Leaguers only receive the wages established in the Addendum C to their UPC's during Championship Season.

**ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 6**

Defendant incorporates its Preliminary Statement and Objections to the Definitions as though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

1  RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

2  seeking a response on a disputed conclusion of law.

3       Subject to and without waiving the foregoing objection, Defendant denies this RFA.

4

5  **REQUEST FOR ADMISSION NO. 7**

6       Admit that You do not pay Your Minor Leaguers the wages established in the Addendum

7  C to their UPC's during spring training.

8  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 7**

9       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

10  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

11  term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

12  RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

13  seeking a response on a disputed conclusion of law.

14       Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

15  admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

16  which are evidenced by the documents produced or that will be produced in this action.

17

18  **REQUEST FOR ADMISSION NO. 8**

19       Admit that You do not pay Your Minor Leaguers the wages established in the Addendum

20  C to their UPC's during instructional leagues.

21  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 8**

22       Defendant incorporates its Preliminary Statement and Objections to the Definitions as

23  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

24  term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

25  RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

26  seeking a response on a disputed conclusion of law.

27

28

DEFENDANTS RANGERS BASEBALL EXPRESS, LLC AND RANGERS BASEBALL, LLC'S
ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1   Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

2   admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

3   which are evidenced by the documents produced or that will be produced in this action.

4

5   **REQUEST FOR ADMISSION NO. 9**

6   Admit that Your Minor Leaguers do not receive the wages established in the Addendum C

7   to their UPC's during the months between the end of the Championship Season and spring

8   training.

9   **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 9**

10   Defendant incorporates its Preliminary Statement and Objections to the Definitions as

11   though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

12   term "wages" is vague and ambiguous such that Defendant cannot properly admit or deny the

13   RFA and the RFA exceeds the scope of permissible discovery in a request for admission by

14   seeking a response on a disputed conclusion of law.

15   Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

16   admits that Plaintiffs have been paid in accordance with their UPCs and applicable Club policies,

17   which are evidenced by the documents produced or that will be produced in this action.

18

19   **REQUEST FOR ADMISSION NO. 10**

20   Admit that You never pay Your Minor Leaguers at an overtime rate, such as time-and-a-

21   half the regular rate.

22   **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 10**

23   Defendant incorporates its Preliminary Statement and Objections to the Definitions as

24   though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

25   phrases "overtime rate" and "regular rate" are vague and ambiguous such that Defendant cannot

26   properly admit or deny the RFA and the RFA exceeds the scope of permissible discovery in a

27   request for admission by seeking a response on a disputed conclusion of law.

28

1    Subject to and without waiving the foregoing objection, Defendant denies this RFA, except

2  admits that Plaintiffs did not receive additional compensation calculated at a "time-and-a-half"

3  premium, because they were not entitled to "overtime" pay.

4

5  **REQUEST FOR ADMISSION NO. 11**

6    Admit that You do not maintain records showing all hours worked by Your Minor

7  Leaguers.

8  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 11**

9    Defendant incorporates its Preliminary Statement and Objections to the Definitions as

10  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

11  RFA is overly broad; the phrase "hours worked" is vague and ambiguous such that Defendant

12  cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery

13  in a request for admission by seeking a response on a disputed conclusion of law.

14    Subject to and without waiving the foregoing objection, Defendant denies this RFA.

15

16  **REQUEST FOR ADMISSION NO. 12**

17    Admit that You do not provide Your Minor Leaguers with wage statements during the

18  periods of spring training, instructional leagues, and other periods outside the Championship

19  Season.

20  **ANSWERS AND OBJECTIONS TO REQUEST FOR ADMISSION NO. 12**

21    Defendant incorporates its Preliminary Statement and Objections to the Definitions as

22  though fully set forth herein.  Defendant specifically objects to this RFA on the grounds that the

23  RFA is overly broad; the phrase "wage statements" is vague and ambiguous such that Defendant

24  cannot properly admit or deny the RFA; and the RFA exceeds the scope of permissible discovery

25  in a request for admission by seeking a response on a disputed conclusion of law.

26    Subject to and without waiving the foregoing objection, Defendant denies this RFA.

27

28  Dated:  September 11, 2015                          Respectfully submitted,

DEFENDANTS RANGERS BASEBALL EXPRESS, LLC AND RANGERS BASEBALL, LLC'S
ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-
cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

/s/ Elise M. Bloom
Elise M. Bloom (*pro hac vice*)
Howard L. Ganz
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
Rachel Santoro (*pro hac vice*)
**PROSKAUER ROSE LLP**
11 Times Square
New York, NY 10036
Telephone:     (212) 969-3000
Facsimile:     (212) 969-2900

ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
**PROSKAUER ROSE LLP**
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:     (310) 557-2900
Facsimile:     (310) 557-2193
*Attorneys for Defendants*

TO:     **KOREIN TILLERY, LLC**
Stephen M. Tillery (*pro hac vice*)
Aaron M. Zigler (*pro hac vice*)
Garrett R. Broshuis (*pro hac vice*)
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

**KOREIN TILLERY, LLC**
George A. Zelcs
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750

**PEARSON, SIMON & WARSHAW LLP**
Bruce L. Simon (Bar No. 96241)
Benjamin E. Shiftan (Bar No. 265767)
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008

**PEARSON, SIMON & WARSHAW LLP**
Daniel L. Warshaw (Bar No. 185365)
Bobby Pouya (Bar No. 245527)
Michael H. Pearson (Bar No. 277857)
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

1

*Plaintiffs' Interim Co-Lead Class Counsel*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS RANGERS BASEBALL EXPRESS, LLC AND RANGERS BASEBALL, LLC'S
ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO FRANCHISE DEFENDANTS - Case No. 3:14-
cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1  **PROSKAUER ROSE LLP**
   ELISE M. BLOOM (admitted *pro hac vice*)
2  ebloom@proskauer.com
   HOWARD L. GANZ
3  hganz@proskauer.com
   NEIL H. ABRAMSON (admitted *pro hac vice*)
4  nabramson@proskauer.com
   ADAM M. LUPION (admitted *pro hac vice*)
5  alupion@proskauer.com
   RACHEL SANTORO (admitted *pro hac vice*)
6  rsantoro@proskauer.com
   Eleven Times Square
7  New York, NY 10036
   Telephone:   (212) 969-3000
8  Facsimile:    (212) 969-2900

9  **PROSKAUER ROSE LLP**
   ENZO DER BOGHOSSIAN (SBN 211351)
10 ederboghossian@proskauer.com
   2049 Century Park East, 32nd Floor
11 Los Angeles, CA  90067-3206
   Telephone:   (310) 557-2900
12 Facsimile:    (310) 557-2193

13 *Attorneys for Defendants*

14
                **UNITED STATES DISTRICT COURT**
15   **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

16 AARON SENNE, et al., Individually and on        Case No. 3:14-cv-00608-RS
   Behalf of All Those Similarly Situated;        (consolidated with 3:14-cv-03289-JCS)
17
                        Plaintiffs,              **CLASS ACTION**
18          vs.
                                                **CERTIFICATE OF SERVICE**
19 OFFICE OF THE COMMISSIONER OF
   BASEBALL, an unincorporated association
20 doing business as MAJOR LEAGUE
   BASEBALL; et al.;
21
                        Defendants.
22

23

24

25

26

27

28
   ────────────────────────────────────────
   DEFENDANTS RANGERS BASEBALL EXPRESS, LLC AND RANGERS BASEBALL, LLC'S
                    CERTIFICATE OF SERVICE–
        Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

1  I hereby certify that September 11, 2015, I caused to be served the following:

2      Defendants Rangers Baseball Express, LLC and Rangers Baseball, LLC's Answers and
       Objections to Plaintiffs' First Set of Requests for Admission to Franchise Defendants
3
   by e-mail on the following counsel for Plaintiffs:
4

5
   TO:   **KOREIN TILLERY, LLC**
6        Stephen M. Tillery (*pro hac vice*)
         Aaron M. Zigler (*pro hac vice*)
7        Garrett R. Broshuis (*pro hac vice*)
         505 North 7th Street, Suite 3600
8        St. Louis, MO 63101
         Telephone: (314) 241-4844
9        Facsimile: (314) 241-3525
         stillery@koreintillery.com
10       azigler@koreintillery.com
         gbroshuis@koreintillery.com
11
12       **KOREIN TILLERY, LLC**
         George A. Zelcs
13       205 North Michigan, Suite 1950
         Chicago, IL  60601
14       Telephone: (312) 641-9750
         Facsimile: (312) 641-9751
15       gzelcs@koreintillery.com
16
         **PEARSON, SIMON & WARSHAW LLP**
17       Bruce L. Simon (Bar No. 96241)
         Benjamin E. Shiftan (Bar No. 265767)
18       44 Montgomery Street, Suite 2450
         San Francisco, CA 94104
19       Telephone: (415) 433-9000
         Facsimile: (415) 433-9008
20       bsimon@pswlaw.com
         bshiftan@pswlaw.com
21
22
         **PEARSON, SIMON & WARSHAW LLP**
23       Daniel L. Warshaw (Bar No. 185365)
         Bobby Pouya (Bar No. 245527)
24       Michael H. Pearson (Bar No. 277857)
         15165 Ventura Boulevard, Suite 400
25       Sherman Oaks, California 91403
         Telephone: (818) 788-8300
26       Facsimile: (818) 788-8104
         dwarshaw@pswlaw.com
27

28

bpouya@pswlaw.com
mpearson@pswlaw.com

*Plaintiffs' Interim Co-Lead Class Counsel*

Dated:  September 11, 2015

Respectfully submitted,

*/s/ Elise M. Bloom*
Elise M. Bloom (*pro hac vice*)
Howard L. Ganz
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
Rachel Santoro (*pro hac vice*)
**PROSKAUER ROSE LLP**
11 Times Square
New York, NY 10036
Telephone:    (212) 969-3000
Facsimile:    (212) 969-2900

ENZO DER BOGHOSSIAN (SBN 211351)
ederboghossian@proskauer.com
**PROSKAUER ROSE LLP**
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:    (310) 557-2900
Facsimile:    (310) 557-2193
*Attorneys for Defendants*

2