STEPHEN M. TILLERY *(pro hac vice)*
  stillery@koreintillery.com
GARRETT R. BROSHUIS *(pro hac vice)*
  gbroshuis@koreintillery.com
AARON M. ZIGLER *(pro hac vice)*
  azigler@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone:  (314) 241-4844
Facsimile: (314) 241-3525

GEORGE A. ZELCS *(pro hac vice)*
  gzelcs@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750

BRUCE L. SIMON (Bar No. 96241)
  bsimon@pswlaw.com
BENJAMIN E. SHIFTAN (Bar No. 265767)
  bshiftan@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone:  (415) 433-9000
Facsimile: (415) 433-9008

DANIEL L. WARSHAW (Bar No. 185365)
  dwarshaw@pswlaw.com
BOBBY POUYA (Bar No. 245527)
  bpouya@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone:  (818) 788-8300
Facsimile: (818) 788-8104

Plaintiffs' Interim Co-Lead Class Counsel

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated;<br><br>Plaintiffs,<br><br>vs.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL; et al.;<br><br>Defendants. | CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)<br><br>**CLASS ACTION**<br><br>**NOTICE OF UNOPPOSED MOTION AND MOTION TO CHANGE TIME; MEMORANDUM AND POINTS OF AUTHORITY IN SUPPORT**<br><br>Hearing Date and Time: As Ordered<br>Courtroom: G, 15th Floor<br>Judge: Honorable Joseph C. Spero |

**NOTICE OF MOTION AND MOTION**

Please take notice that Plaintiffs will and hereby do move the Court for an order granting Plaintiffs' Unopposed Motion to Change Time related to the submission of supporting documents for Plaintiffs' Motion for Class Certification (Dkt. 496). Defendants have indicated that they will not oppose this Motion to Change Time, but if the Court desires a hearing, Plaintiffs ask that it take place as soon as the matter may be heard by the Honorable Joseph C. Spero of the U.S. District Court of the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California, Courtroom G, 15th Floor.

Plaintiffs' counsel experienced catastrophic network failures on the day that the motion for class certification was due and then experienced additional failures with the Court's ECF system. Plaintiffs were able to file their motion, memorandum, two expert declarations and additional plaintiff declarations prior to the deadline, but the declaration of Garrett Broshuis which enclosed several hundred deposition excerpts and documents produced by the defendants as exhibits, was not timely filed. Thus, Plaintiffs request a retroactive extension for their submission, making the submission timely. Defendants do not oppose this request.

This motion is based on this Notice of Motion and Motion to Change Time, the following memorandum of points and authorities, the supportive declaration and evidence, the pleadings and papers on file in this action, and such other matters as the Court may consider.

**MEMORANDUM IN SUPPORT**

On March 4, 2016—the day the class certification motion was due—Plaintiffs' co-lead counsel, Korein Tillery, experienced firm-wide network outages. The outages resulted from catastrophic failures of Korein Tillery's Internet Service Provider's primary and secondary router on the roof of the U.S. Bank tower that houses Korein Tillery's main office and provides connectivity to the entire firm. These failures caused internet outages and disruptions to email (internal and external) for the entire firm. The disruptions persisted intermittently for approximately seven hours.

Once full capabilities were restored, counsel was able to file Plaintiffs' motion, memorandum, and most other items prior to the Court's deadline on March 4. However, the declaration of Garrett Broshuis which enclosed several hundred deposition excerpts and documents produced by the defendants as exhibits, was not timely filed. Although the filing process initiated prior to the Court's deadline, we were unable to complete the filing process of this documentary evidence prior to expiration of the Court's deadline. The filer's browser reported that Court's ECF system was not responding and eventually that "[a]n internal error has occurred." *See* Zigler Decl., Ex. A. The Court's deadline had passed before Counsel was able to attempt the filing a second time.

On the morning of Saturday, March 5, 2016, counsel restarted the filing process attaching exhibits in smaller increments. Thus, the filing process for the declaration, the supporting exhibits, and the related motion to seal took most of Saturday.

Plaintiffs' counsel emailed and called Defendants' counsel on Saturday to discuss the filing problems. Plaintiffs' counsel then emailed a letter to Defendants on Sunday more thoroughly explaining the problems and indicating our intention to request more time. *See* Zigler Decl., Ex. B. Plaintiffs' counsel also offered to agree to allow Defendants extra time to oppose Plaintiffs' motion for class certification. Defendants indicated that they will not oppose Plaintiffs' request for a retroactive extension of time, and that they would like an extra business day to oppose Plaintiffs' motion for class certification.

1    The parties will soon file a stipulation requesting that Defendants' opposition be due on April 4, 2016 instead of April 1, 2016. Plaintiffs' reply will still be due on April 15, 2016, and the hearing date will remain the same.

Under these circumstances, the Court has discretion to retroactively change the time for Plaintiffs' submission. *See Linder v. Bridge*, No. 14-CV-03861 SC, 2015 WL 1778608, at *2 (N.D. Cal. Apr. 17, 2015); N.D. Cal. L.R. 5-1(e)(5) (allowing for an extra day for filing due to ECF problems). Four factors are used in assessing the circumstances: "(1) the danger of prejudice to the nonmoving parties, (2) the length of delay, (3) the reason for delay, and (4) whether the movant acted in good faith." *Id.* (citing to *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993); *Silber v. Mabon,* 18 F.3d 1449, 1455 (9th Cir. 1994).

There is no danger of any prejudice to Defendants here. Plaintiffs have already agreed to extend Defendants' time to oppose Plaintiffs' motion for class certification by one business day. Moreover, Plaintiffs filed their motion and memorandum and expert reports before the deadline and the exhibits supporting the Broshuis Declaration, though important to the Court's consideration, consisted of deposition excerpts and documents that Defendants already possessed.

Plaintiffs also have good reason for the delay. Plaintiffs experienced severe technical problems that affected internet and email capabilities and then also experienced technical problems from the Court's ECF system when attempting to submit the exhibits. *See id.* (finding a mere calendaring mistake to be a legitimate reason); *Linder*, 2015 WL 1778608, at *4 (same); N.D. Cal. L.R. 5-1(e)(5).

Lastly, Plaintiffs acted in good faith by continuing to attempt to make the submission throughout Saturday and alerting Defendants to the problem. Plaintiffs also have no history of missing deadlines. *See Ahanchian*, 624 F.3d at 1262. All previous requests for extensions of time in the case have in fact been by stipulation. *See* Zigler Decl. Thus, all factors indicate that the extension should be granted.

**CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiffs' motion to retroactively extend the time for filing Plaintiffs' class certification and deem the Broshuis Declaration and its exhibits, as well as the administrative motion to seal those exhibits, timely.

DATED: March 7, 2016                                    Respectfully submitted,

                                                       /s/ Aaron M. Zigler

PEARSON, SIMON & WARSHAW LLP
Bruce L. Simon
Daniel L. Warshaw
Bobby Pouya
Benjamin E. Shiftan

KOREIN TILLERY, LLC
Stephen M. Tillery
George A. Zelcs
Aaron M. Zigler
Garrett R. Broshuis

*Plaintiffs Interim Co-Lead Class Counsel*