1  STEPHEN M. TILLERY *(pro hac vice)*
   stillery@koreintillery.com
2  GARRETT R. BROSHUIS *(pro hac vice)*
   gbroshuis@koreintillery.com
3  AARON M. ZIGLER *(pro hac vice)*
   azigler@koreintillery.com
4  **KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
5  St. Louis, MO 63101
Telephone: (314) 241-4844
6  Facsimile: (314) 241-3525

7  GEORGE A. ZELCS *(pro hac vice)*
   gzelcs@koreintillery.com
8  **KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
9  Chicago, IL 60601
Telephone: (312) 641-9750

10

11  BRUCE L. SIMON (Bar No. 96241)      DANIEL L. WARSHAW (Bar No. 185365)
   bsimon@pswlaw.com                    dwarshaw@pswlaw.com
12  **PEARSON, SIMON & WARSHAW, LLP**   BOBBY POUYA (Bar No. 245527)
44 Montgomery Street, Suite 2450        bpouya@pswlaw.com
13  San Francisco, CA 94104            **PEARSON, SIMON & WARSHAW, LLP**
Telephone: (415) 433-9000             15165 Ventura Boulevard, Suite 400
14  Facsimile: (415) 433-9008          Sherman Oaks, California 91403
   Telephone: (818) 788-8300
   Facsimile: (818) 788-8104

15

16  Attorneys for all Plaintiffs, individually and on behalf of all those similarly situated

17  **UNITED STATES DISTRICT COURT**

18  **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated, | CASE NO. 3:14-cv-00608-RS-EDL |
| Plaintiffs, | **CLASS ACTION** |
| vs. | **DECLARATION OF AARON M. ZIGLER IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER TO CHANGE TIME** |
| OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL; et al.; | |
| Defendants. | |

859163.1

Aaron M. Zigler declares:

1. I am one of the attorneys principally responsible for the handling of this matter. I am personally familiar with the facts set forth in this declaration. If called as a witness I could and would competently testify to the matters stated herein.

2. As part of my duties in this matter, I was responsible for supervising the filing of Plaintiffs' class certification motion and the accompanying filings. Technical failures prevented the timely filing of the Declaration of Garrett Broshuis and its exhibits prior to the midnight deadline.

3. On March 4, 2016, the due date for Plaintiffs' class certification motion, Korein Tillery experienced firm-wide network access outages. The outages resulted from failures of the Internet Service Provider's primary and secondary router on the roof of the U.S. Bank tower that houses our main office and provides connectivity to our entire firm. These failures caused complete internet outages and disruptions to email servers (both internal and external) to the entire firm. The failure caused disruptions that persisted for approximately seven hours.

4. Despite these issues, Counsel was able to file Plaintiffs' motion and memorandum of points and authorities for class certification, two expert declarations and additional plaintiff declarations prior to the Court's deadline. However, the declaration of Garrett Broshuis which enclosed several hundred deposition excerpts and documents produced by the defendants as exhibits, was not timely filed. Although the declaration was complete and the filing process initiated prior to the Court's deadline, we were unable to complete the filing process of this documentary evidence prior to the Court's deadline. The filer's browser reported that Court's ECF system was not responding and eventually that "[a]n internal error has occurred." A true and accurate copy of that error message is attached to this declaration as Exhibit A. The Court's deadline had passed before Counsel was able to attempt the filing a second time.

5. I alerted Defendants to these problems on Saturday by both email and voicemail. I then emailed a letter to them on Sunday explaining in greater detail what occurred and asking whether they would stipulate to or otherwise not oppose a request for a retroactive extension of time. A true and accurate copy of this correspondence is attached as Exhibit B. Defendants stated that they do not oppose our request to extend the time. Exhibit C. Defendants also requested an extra business day to

859163.1

1

DECLARATION OF AARON M. ZIGLER IN SUPPORT OF PLAINTIFFS'
MOTION TO CHANGE TIME

1  respond to Plaintiffs' class certification motion. *Id.* Plaintiffs agreed to Defendants' request, and the
2  parties will soon file a stipulation to that effect.

3        6.      Defendants will suffer no prejudice from the extension. All of the exhibits attached to
4  the declaration were already in Defendants' possession and many are Defendants' own documents. To
5  ensure that Defendants suffer absolutely no prejudice whatsoever, Plaintiffs have also agreed to
6  provide an extra business day (three additional calendar days, from Friday to Monday) for Defendants
7  to respond.

8        7.      Pursuant to a stipulation, the Court previously ordered the following time
9  modifications in this case:

10       a.      April 10, 2014 (Dkt. 33): Pursuant to stipulation, allowed Defendants more
11 time to respond to the complaint and also moved the Initial Case Management Conference to a later
12 date;

13       b.      May 12, 2014 (Dkt. 53): Pursuant to stipulation, allowed Defendants more
14 time to respond to the complaint, and allowed Plaintiffs until July 11, 2014 to oppose any pre-answer
15 motions.

16       c.      May 21, 2014 (Dkt. 63): Pursuant to a stipulation, allowed a modified response
17 date for the Baltimore Orioles, Inc. and Baltimore Orioles, L.P.;

18       d.      July 11, 2014 (Dkt. 186): Pursuant to stipulation, the Court granted a new
19 briefing schedule for Defendants' jurisdictional and venue motions.

20       e.      September 4, 2014 (Dkt. 213): Pursuant to stipulation, continued hearing on
21 Plaintiffs' motion to Appoint Interim Co-Lead Counsel;

22       f.      September 5, 2014 (Dkt. 214): Pursuant to stipulation, continued hearing on
23 Plaintiffs' motion to compel;

24       g.      November 10, 2014 (Dkt. 254): Pursuant to stipulation, altered the deadline
25 for Defendants to respond to the Consolidated Amended Complaint and pre-answer motions;

26       h.      December 17, 2014 (Dkt. 306): Pursuant to stipulation, altered briefing
27 schedule on Plaintiffs' motion to strike;

28

859163.1

2

DECLARATION OF AARON M. ZIGLER IN SUPPORT OF PLAINTIFFS'
MOTION TO CHANGE TIME

i. March 4, 2015 (Dkt. 359): Pursuant to stipulation, the Court granted a continuation of a case management conference;

j. October 5, 2015 (Dkt. 435): Pursuant to a joint request in a joint case management state, the Court extended the deadline for fact discovery and the deadline for Defendants to move to decertify the FLSA collective and Plaintiffs to move for class certification.

8. The requested time modifications will not disrupt the overall schedule for this case at all, and it will not disrupt the hearing date for Plaintiffs' motion for class certification.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 7, 2016, at St. Louis, Missouri.

_____
Aaron M. Zigler

An internal error has occurred; could not open context file 713676401208796

Back



| | |
|---|---|
| **From:** | Zigler, Aaron |
| **To:** | Elise M Bloom; Adam M Lupion |
| **Cc:** | Simon, Bruce; Pouya, Bobby; Broshuis, Garrett; Warshaw, Daniel; Tillery, Stephen; Zigler, Aaron; King, Robert |
| **Subject:** | Senne filing |
| **Date:** | Saturday, March 05, 2016 12:52:34 PM |

Dear Elise and Adam:

As you have probably seen by now, we have one declaration with numerous exhibits that we did not get on file before the midnight filing deadline last night. We experienced both internal technical problems and external technical glitches that led to this. We are in the process of resubmitting this filing in smaller installments, but we continue to have external technical problems that are delaying the submissions. We will be filing a motion requesting the Court to grant us leave to file this submission 24-hours past last night's deadline, and we would like to reach a stipulation if possible (or at least be able to represent that defendants have no objection). We would of course be willing to provide Defendants with an extra day on the opposition. Please let us know if you are available to discuss this issue this afternoon.

Aaron Zigler
**Korein Tillery, LLC**

505 North 7th Street, Suite 3600

St. Louis, MO 63101

314-241-4844

----------------------------

This message is from a law firm and may contain privileged or confidential information for the sole use of the intended recipient(s). If you believe that you have received this email in error, please notify the sender immediately and delete it from your system. If you have received this email in error, you do not have permission to forward, print, copy or distribute or use the information in this message.

----------------------------

EXHIBIT B

KOREIN TILLERY

*Attorneys at Law*

One U.S. Bank Plaza
505 North 7th Street, Suite 3600
St. Louis, MO 63101-1625

www.KoreinTillery.com

Aaron M. Zigler
AZigler@KoreinTillery.com
*p: (314) 241-4844*
*f: (314) 241-3525*

March 6, 2016

*Via Email*
Elise M. Bloom
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036

Re:   *Senne v. Office of the Commissioner of Baseball*
      **Cause No. 3:14-cv-00608-JCS**

Elise:

I am writing to follow up on my email and phone calls yesterday regarding the filing of Plaintiffs' class certification motion. We filed the motion, memorandum and all but one supporting declaration, but we encountered problems with the more than 350 accompanying exhibits, all of which were either deposition transcript excerpts or Defendants' own production documents and almost all of which needed to be filed under seal.

For approximately seven hours on March 4, Korein Tillery experienced network access outages. The outages were not caused by Korein Tillery's internal system but were instead the result of a catastrophic ISP hardware failure.  The ISP's primary router located on the roof of our office building (and which provides network access to all of the ISP's customers in our office building) failed, and that failure not only took out the primary router but also the backup router. In addition to causing an outage of our Internet access, the network failure also disrupted our email (internal as well as external). We can provide a declaration from the ISP, if necessary.

After full network access was finally restored, we were able to file Plaintiffs' motion and memorandum and most other items before the filing deadline of midnight Pacific Time.

Elise M. Bloom
March 6, 2016
Page 2

Before the deadline, we had begun uploading the one remaining declaration and the hundreds of exhibits accompanying it. Once they were all uploaded, we encountered a fatal submission failure with the Court's ECF system. We received messages saying that the Court's website was not responding, and we eventually received a complete failure message from the website.

Saturday morning, we reattempted the filing of that declaration in small increments, but we still encountered problems which is the reason the filing process took most of the day.

As I alerted both you and Adam yesterday by email and voice-mail messages, we intend to seek leave from the Court to retroactively extend the deadline for this submission to March 5. We would like to reach a stipulation with Defendants if possible to avoid a motion, or to at least secure Defendants' non-opposition. We are of course willing to agree to additional time for you and your clients to respond to the motion.

Given the short length of the delay, the reason for the delay, and the absence of any prejudice to Defendants, we hope the parties can resolve this issue with a stipulation. *See Linder v. Golden Gate Bridge*, No. 14-CV-03861 SC, 2015 WL 1778608, at *2–4 (N.D. Cal. Apr. 17, 2015); *see also* N.D. Cal. L.R. 5-1(e)(5) (allowing for an extra day for filing due to ECF problems).

Ordinarily we would not require a response on such short notice, but since we need to seek relief from the Court immediately, we request that you let us know your position by noon Eastern on Monday.

Sincerely,

Aaron M. Zigler

  Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

Adam M. Lupion
Member of the Firm
d 212.969.3358
f 212.969.2900
alupion@proskauer.com
www.proskauer.com

**VIA ELECTRONIC MAIL**

March 7, 2016

Korein Tillery
One U.S. Bank Plaza
505 North 7th Street, Suite 3600
St. Louis, MO 63101-1625

Attn.: Aaron M. Zigler

Re: *Senne, et al., v. Office of the Commissioner of Baseball, et al.*
Case No.: 3:14-CV-00608-JCS (consolidated with 3:14-cv-03289)

Dear Aaron,

We are writing in response to your March 6, 2016 letter requesting our consent to a retroactive extension of the deadline for Plaintiffs to file their Motion for Class Certification and supporting papers. You asked for our response by noon today, and based upon our preliminary review of your submissions thus far, our position is as follows:

As has been evident throughout the course of this litigation, we always prefer to work cooperatively with opposing counsel and grant courtesies such as extensions where appropriate. We were troubled that you did not let us know of the so-called technical difficulties you experienced on Friday when your motion papers for class certification, as well as our Motion to Decertify the Collective, were due – but instead waited to raise this issue for the first time on Saturday afternoon, while you were still filing your motion papers, as well as other documents that should have been filed on Friday. If you had been forthcoming with us on Friday, we could have discussed the best way to proceed. But for whatever reason you decided to wait until well after the fact.

In any event, we will not oppose your request for a retroactive one-day extension of the time to file your motion papers, and you may represent our non-opposition to the Court. We appreciate your offer to give Defendants an extension of time on our opposition papers based on the events

Beijing | Boca Raton | Boston | Chicago | Hong Kong | London | Los Angeles | New Orleans | New York | Newark | Paris | São Paulo | Washington, DC

EXHIBIT C

**Proskauer»**

Aaron M. Zigler
Korein Tillery
March 7, 2016
Page 2

described in your letter. We believe one business day would be a sufficient extension for Plaintiffs' untimely filings, extending Defendants' time to oppose Plaintiffs' motion for class certification to April 4, 2016, provided that the balance of the briefing schedule remains the same. Please send us a proposed stipulation to that affect. We reserve all other rights pending a more comprehensive review of Plaintiffs' motion papers.

Sincerely yours,

*[signature]*

Adam M. Lupion