1
2
3
4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7   AARON SENNE, et al.,                  Case No.  14-cv-00608-JCS
                                          Related Case No. 14-cv-3289-JCS
            Plaintiffs,
8
9       v.                               **ORDER GRANTING MOTION TO
                                         WITHDRAW AND DISMISSING
10  KANSAS CITY ROYALS BASEBALL          CLAIMS WITHOUT PREJUDICE**
    CORP., et al.,
11                                        Re: Dkt. No. 673
            Defendants.
12

13

14

15

16

17  **I.      INTRODUCTION**

18          Presently before the Court is Plaintiffs' Motion to Withdraw Putative Class

19  Representatives Matt Lewis and Matt Gorgen and Dismiss their Claims without Prejudice

20  ("Motion").  Defendants do not object to Gorgen and Lewis's withdrawal but ask the Court to

21  dismiss their claims *with* prejudice and require that both Gorgen and Lewis sit for a "seven hour

22  deposition, in New York City, during regular business hours and on dates selected by Defendants

23  before July 8, 2016."   The Court finds that the Motion is suitable for determination without oral

24  argument and therefore vacates the scheduled July 8, 2016 hearing as to the instant Motion only

25  pursuant to Civil Local Rule 7-1(b).  For the reasons stated below, the Motion is GRANTED.[1]

26

27  _____

28  [1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28
    U.S.C. § 636(c).

*United States District Court*
*Northern District of California*

## II.    BACKGROUND

Plaintiffs amended their complaint in this action to add Matt Gorgen as a named Plaintiff on April 21, 2104 and Matt Lewis as a named Plaintiff on May 20, 2015.  *See* Docket Nos. 39, 382.  Gorgen played for the Tampa Bay Rays and Arizona Diamondbacks;  Lewis played for the Atlanta Braves.  Both Gorgen and Lewis responded to written discovery propounded upon them by Defendants, including the production of documents.  Pouya Decl. ¶¶ 4-5.

In July of 2015 the parties collaborated to prepare a schedule of all 43 Plaintiffs named in the Second Consolidated Amended Complaint.  Bloom Decl. ¶ 4.  On July 27, 2015, Defendants noticed Gorgen's deposition for January 14, 2016 and Lewis's deposition for January 26, 2016.  *Id.*  According to Plaintiffs' counsel, when Gorgen and Lewis were informed of the noticed depositions, they "decided they no longer wished to serve as class representatives in this action."  Pouya Decl. ¶ 7.  It is unclear when Gorgen and Lewis were informed of the depositions or when they told counsel of their decisions.

On January 5, 2016, Plaintiffs' counsel informed Defendants that Gorgen needed to cancel the scheduled January 14, 2016 due to a conflict.  Bloom Decl. ¶ 5.  When Plaintiffs were unable to come up with an alternative date that worked for Gorgen, Defendants renoticed the deposition for February 8, 2016, a time that was convenient for Defendants because they were already conducting depositions of three other named Plaintiffs that week in the same location.  *Id.* ¶ 7.  On February 3, 2016, Plaintiffs informed Defendants that Gorgen would not sit for his deposition on February 8 and two days later, on February 5, they informed Defendants that Gorgen would be withdrawing from the case.  Bloom Decl. ¶ 5;  Pouya Decl. ¶ 9.

On January 22, 2016, Plaintiffs' counsel cancelled the Lewis deposition scheduled to occur on January 26, 2016.  Bloom Decl. ¶ 11.  The next day, Plaintiffs' counsel informed Defendants that Lewis had decided to withdraw.  Pouya Decl. ¶ 8.

According to Defendants, they informed Plaintiffs that they still planned to depose Gorgen and Lewis.  Bloom Decl. ¶¶ 10, 12.  Plaintiffs declined to provide alternative dates, however, taking the position that rescheduling the depositions would be unnecessary because they intended to bring a motion seeking leave for Gorgen and Lewis to withdraw.  *Id.*  In their Motion for Class

United States District Court
Northern District of California

1    Certification, Plaintiffs stated that they intended to seek leave to amend to add Aaron Dott, a

2    current opt-in Plaintiff, to substitute in for Matt Gorgen.  *See* Docket No. 496 at 17 n. 75.

3            On May 20 and 23, 2016, Defendants served subpoenas on Plaintiffs' counsel rescheduling

4    the depositions for June 6 (Lewis) and June 9 (Gorgen).  Bloom Decl. ¶¶ 15-16, 23-24.  In the

5    interim, Plaintiffs filed the instant Motion.   Plaintiffs contend they provided a copy of the Motion

6    to Defendants the day before they filed it and that they were informed on the same day that

7    Defendants would oppose the Motion;  Defendants state that Plaintiffs filed the Motion without

8    following up and before Defendants had informed Plaintiffs' counsel as to whether they would

9    consent to the relief requested in the Motion.  Pouya Decl. 12;  Bloom Decl. ¶ 21.

10           Defendants refused to reschedule the noticed depositions unless the parties could agree on

11   "reasonable alternative times, dates, and/or locations;"  because Plaintiffs refused to provide

12   alternative dates, the depositions were not rescheduled.  Bloom Decl. ¶ 22.  Plaintiffs brought

13   motions for protective orders relating to the depositions, which the Court denied on June 13, 2016

14   on the basis that the parties had not adequately met and conferred.  Docket No. 677.  Gorgen and

15   Lewis did not appear at the noticed depositions.  Bloom Decl. ¶¶ 23-24.

16           In the Motion, Plaintiffs ask the Court to dismiss Gorgen and Lewis pursuant to Rule

17   41(a)(2) and assert that the dismissal should be without prejudice and with no special conditions.

18   Defendants do not object to the dismissal of Gorgen and Lewis but ask the Court to dismiss their

19   claims with prejudice and to further require that Gorgen and Lewis sit for depositions of seven

20   hours each.

21   **III.    ANALYSIS**

22           **A.    Legal Standard**

23           Rule 41(a)(2) of the Federal Rules of Civil Procedure allows for the dismissal of an action

24   by the Court "at the plaintiff's request . . . on terms that the court considers proper." Fed. R. Civ.

25   P. 41(a)(2).  The decision whether to allow a plaintiff to withdraw is left to the sound discretion of

26   the court, but a court should grant dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2)

27   so long as granting the motion would not cause defendant to suffer some "plain legal prejudice."

28   *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).   Where the court finds that dismissal is

United States District Court
Northern District of California

3

appropriate under Rule 41(a)(2), it must then decide whether or not the dismissal should be with prejudice or if any terms or conditions should be imposed in connection with the dismissal to avoid prejudice to the defendant.   *See Burnette v. Godshall*, 828 F. Supp.1439, 1443 (N.D. Cal. 1993).

The "broad grant of discretion [in Rule 41] does not contain a preference for" dismissal with or without prejudice.  *Hargis v. Foster*, 312 F.3d 404, 407 (9th Cir. 2002).   Courts consider three factors in determining whether to dismiss with or without prejudice:  "'(1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal.'"  *Burnette*,  828 F. Supp. at 1443 (quoting *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987)).  "Additionally, 'the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.'"  *Id.* (quoting *McCants v. Ford Motor Co.*, 781 F.2d 855, 857 (11th Cir. 1986)).

   **B.   Discussion**

As Defendants do not object to the dismissal of Gorgen and Lewis from the action, the only questions the Court must decide are: 1) whether the dismissal should be with or without prejudice; and 2) whether any additional conditions should be imposed to protect Defendants from prejudice.

With respect to the first question, the Court finds that dismissal without prejudice is appropriate.  First, although Defendants state in their brief that they expended "significant resources preparing for both seven-hour depositions,"  Opposition at 6, the supporting declaration by counsel is notably silent as to the question of whether Defendants' counsel expended *any* effort specifically tied to these two depositions that went above and beyond what was already necessary to prepare for the depositions of the 41 *other* named Plaintiffs, all of whom Defendants deposed. Given that both depositions were cancelled several days before they occurred, and in light of the fact that there is no evidence to the contrary, the Court presumes that no such special preparation for these specific Plaintiffs occurred.  Moreover, Defendants have not pointed to any unique role

4

1    played by these Plaintiffs that would render any other efforts by Defendants in this action a waste

2    of time or resources.

3         Second, the Court does not find that Plaintiffs engaged in excessive delay or lack of

4    diligence.   The measure of whether Plaintiffs acted with sufficient diligence is whether

5    Defendants suffered any meaningful prejudice as a result of Plaintiffs' failure to bring the instant

6    motion sooner than they did.  The Court finds that they have not.  Plaintiffs informed Defendants'

7    counsel that Gorgen and Lewis wished to withdraw from the action over six months ago; their

8    class certification motion did not ask the Court to appoint these plaintiffs as class representatives

9    and Plaintiffs informed both Defendants and the Court that they intend to seek leave to substitute

10   in Aaron Dott for Matt Gorgen as a class representative.  Defendants do not dispute that they have

11   deposed Aaron Dott.  In addition, as the Court noted when it rejected a similar argument by

12   Plaintiffs regarding Defendants' alleged delay in bringing their motion for reconsideration,

13   "[g]iven the magnitude of the case, the many difficult discovery issues that have arisen in recent

14   months and the deadlines [that were] facing the parties as to the now-pending motions for class

15   certification and decertification under the FLSA, the Court finds that the Moving [parties] were

16   reasonably diligent in bringing the Motion."  *See* Docket No. 652 at 6.

17        Finally, the explanation for seeking withdrawal – that Gorgen and Lewis are no longer

18   willing to shoulder the burden in terms of time and privacy associated with serving as a class

19   representative in a class action of this magnitude – is adequate and does not warrant precluding

20   any potential recovery in this action as class members.

21        The Court also rejects Defendants' assertion that they must be permitted to conduct a

22   seven-hour deposition of each of these individuals in order for a dismissal from the action to be

23   just.  As discussed above, Defendants have not pointed to any special role played by these

24   individuals that would make dismissal of these plaintiffs *without* requiring their deposition unfair.

25   Therefore, such a condition need not be imposed to protect Defendants from prejudice.

26   **IV.    CONCLUSION**

27        For the reasons stated above, the Motion is GRANTED.  The claims of Plaintiffs Matt

28   Gorgen and Matt Lewis are dismissed without prejudice pursuant to Rule 41(a)(2).  The Court

United States District Court
Northern District of California

5

imposes no special terms or conditions on the dismissal of Gorgen and Lewis from this action.

**IT IS SO ORDERED.**


Dated:  July 6, 2016



_____
JOSEPH C. SPERO
Chief Magistrate Judge