UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON SENNE, et al., <br> Plaintiffs, <br> v. <br> KANSAS CITY ROYALS BASEBALL CORP., et al., <br> Defendants. | Case No. 14-cv-00608-JCS (consolidated with Case No. 14-cv-03289-JCS) <br> **ORDER GRANTING MOTION TO CERTIFY FOR APPEAL PURSUANT TO 28 U.S.C. § 1292(B) AND STAYING CASE** <br> Re: Dkt. Nos. 783, 786 |

## I. INTRODUCTION

Presently before the Court are Defendants' Motion to Certify for Appeal Pursuant to 28 U.S.C. § 1292(b) ("Motion to Certify") and Motion for a Stay ("Motion to Stay"). The Court finds that these motions are suitable for determination without oral argument pursuant to Civil Local Rule 7-1(b) and therefore **vacates the motion hearing set for May 12, 2017 at 11:00 a.m.** The Court also **continues the May 12, 2017 Case Management Conference to August 18, 2017 at 2:00 p.m.** For the reasons set forth below, the Motions are GRANTED.[1]

## II. BACKGROUND

On July 21, 2016, the Court denied Plaintiffs' request for class certification under Rule 23 of the Federal Rules of Civil Procedure, and decertified a collective under the Fair Labor Standards Act it had preliminarily certified. Docket No. 687. In the same Order, it granted Defendants' request to exclude the testimony of Plaintiffs' expert, Dr. J. Michael Dennis, under Rule 702 of the Federal Rules of Evidence and *Daubert*. Plaintiffs brought a Motion for Leave to File a Motion for Reconsideration ("Motion for Leave") on August 4, 2016. The Court granted in

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

1 part and denied in part the Motion for Leave on August 19, 2016, allowing Plaintiffs to "file a
2 renewed motion . . . for class certification under Rule 23 in which Plaintiffs will propose narrower
3 classes and address the concerns articulated by the Court in its July 21 Order, including those
4 related to the survey conducted by their expert and the expert opinions that were based on the
5 survey." Docket No. 710 ("August 19 Order") at 1. Under the August 19 Order, Plaintiffs were
6 also permitted to "seek (re)certification of narrower FLSA classes than the ones the Court
7 decertified in its July 21 Order." *Id*.

Following another round of briefing, the Court granted in part and denied in part Plaintiffs' renewed motion in an order dated March 7, 2017 ("the March 7, 2017 Order"). In the March 7, 2017 Order, the Court denied Plaintiffs' request to certify under Rule 23 the proposed Arizona and Florida classes, granted Plaintiffs' request to certify the proposed California class, and certified a narrower collective under the FLSA than had been proposed by Plaintiffs in their original class certification motion. The Court also concluded that Dr. Dennis's Main Survey was admissible to prove Plaintiffs' class claims, reversing its earlier holding.

On March 21, 2017, Plaintiffs filed a Rule 23(f) petition with the Ninth Circuit seeking permission to appeal the denial of Plaintiffs' proposed Arizona and Florida classes. On that same date, Defendants filed with the Ninth Circuit a Rule 23(f) petition seeking permission to appeal the certification of Plaintiffs' California class. It also filed the instant Motion to Certify in this Court, asking the undersigned to certify for appeal pursuant to 28 U.S.C. § 1292(b) issues related to the Court's certification of the FLSA collective in the March 7, 2017 Order. On March 24, 2017, Defendants filed the Motion to Stay, seeking a stay of all proceedings in this Court pending resolution of the parties' petitions and any related appeals by the Ninth Circuit.

### III. MOTION TO CERTIFY

#### A. Legal Standard

A federal district court may certify a non-dispositive order for interlocutory review where the district judge finds that: 1) "the order involves a controlling question of law" 2) "as to which there is substantial ground for difference of opinion;" and 3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Section

1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met. *Id.* "Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010)).

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir.2002). In seeking interlocutory appeal, a movant therefore has a heavy burden to show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

**B. Discussion**

In the Motion to Certify, Defendants point to three issues that they contend satisfy the requirements of Section 1292(b): 1) the Court's reliance on the "continuous workday" rule in support of its conclusion that Plaintiffs' claims can be addressed on a classwide basis; 2) the Court's conclusion that Plaintiffs' "Main Survey" is admissible; and 3) the Court's conclusion that a collective may be certified under the "primary beneficiary" test. For the reasons stated below, the Court concludes that the first two issues satisfy the requirements for certifying an interlocutory appeal and therefore does not reach the third issue.

In concluding that Plaintiffs' FLSA claims can be handled collectively – and in drawing lines with respect to the types of activities Plaintiffs can include in their class claims – the Court has been guided by the principal articulated by the Supreme Court in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), namely, that "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." 328 U.S. at 687-88. Variations in players' arrival and

1    departure times, work routines and activities, however, raised difficult questions about whether

2    Plaintiffs can prove the "amount and extent" of their work on a class wide basis. The Court

3    ultimately concluded that Plaintiffs would be able to do so, pointing to Plaintiffs' narrowing of the

4    proposed classes to exclude winter work and their reliance on the "continuous workday" rule, and

5    citing the Main Survey by Dr. Dennis (which the Court found was admissible, as discussed above)

6    and other evidence reflecting team activities. *See* March 7, 2017 Order at 55-56.

The *Mt. Clemens Pottery Co.* rule is well-established, as is the continuous workday doctrine. *See* March 7, 2017 Order at 53 (noting that the continuous workday doctrine "dates back to the enactment of the Fair Labor Standards Act of 1938, as amended by the Portal-to-Portal Act of 1947, and is set forth in long-standing Department of Labor regulations."). Their application to the question of whether Plaintiffs can pursue their FLSA claims on a collective basis in this case is anything but straightforward, however. As Defendants point out, in *Tyson Foods v. Bouaphakeo*, 136 S. Ct. 1036 (2016), the defendant had not asserted a *Daubert* challenge to the admissibility of the expert testimony that was at issue in that case. As a consequence, *Tyson Foods* does not offer significant guidance where, as here, Defendants challenge the admissibility of the Main Survey in the first instance. The Court has found little case law to guide it in deciding whether *Mt. Clemens Pottery Co.* and *Tyson Foods* allow an FLSA collective to rely on a survey such as the one offered here to establish the type and amount of work performed by the collective as a matter of "just and reasonable inference." The Court further finds that reasonable minds could differ as to whether the Plaintiffs' reliance on the "continuous workday" doctrine and the Main Survey results to support such an inference is permissible where players' arrival and departure times varied significantly, and where their arrival and departure time does not necessarily coincide with the time they devoted to team activities, which is the subject of Plaintiffs' claims.

Similarly, the Court concluded in its March 7, 2017 Order that many of the problems with the Main Survey went to the weight of the evidence and not its admissibility. As Defendants point out, however, there is some tension in the Ninth Circuit case law as to the degree of rigor that should be applied in evaluating the admissibility of survey evidence in the class certification context. *See* Dkt. No. 790 at 7-8. Under a more rigorous standard, *see e.g., Sirko v. IBM*, No. CV

4

13-03192 DMG, 2014 WL 4452699, at *6 (C.D. Cal. Sept. 3, 2014), the Main Survey might have been excluded on the basis that it is not sufficiently probative of class and collective-wide liability. In that case, the FLSA collective likely would not have been certified.

The Court concludes that these questions involve controlling questions of law as to which there is substantial ground for difference of opinion because of the dearth of relevant case law and tension in the relevant legal standards. Because these questions have crucial implications for whether a collective may be certified in this action, the Court concludes that an immediate appeal from its March 7, 2017 order may materially advance the ultimate termination of the litigation.

## IV. MOTION TO STAY

A petition for permission to appeal a district court order under Rule 23(f) of the Federal Rules of Civil Procedure does not automatically stay proceedings in the district court; rather, such a stay occurs only where the district court or the court of appeals so orders. *Brown v. Wal-Mart Stores, Inc.*, No. 5:09-CV-03339-EJD, 2012 WL 5818300, at *1 (N.D. Cal. Nov. 15, 2012). Similarly, a petition for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." Pursuant to Federal Rule of Appellate Procedure 8, this Court retains jurisdiction to stay its own order pending appeal.

In determining whether a stay is warranted, the district court should consider: (1) whether the stay applicant has made a "strong showing" that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured without a stay; (3) whether the stay will substantially injure the other parties in the proceedings; and (4) whether a stay is in the public interest. *Leiva–Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011). Courts apply these factors flexibly, taking a "sliding scale approach" akin to the approach taken with respect to preliminary injunctions. *Id.* at 965. Here, the Court concludes that these factors, on balance, support entry of a stay.

The Ninth Circuit has explained that the first factor, a "strong showing" on the merits, does not require that a party seeking a stay must demonstrate that it is more likely than not to prevail on its appeal. *Leiva-Perez*, 640 F.3d at 968. Instead, so long as other factors support a stay, it is

5

enough that there are "serious questions going to the merits." *Id.* For the reasons discussed above in connection with the Motion to Certify, the Court concludes that Defendants have demonstrated the existence of such serious questions.[2]

The second and third factors, which address the relative harms to the parties of entering a stay as opposed to allowing the case to move forward in the trial court, also favor entry of a stay. Should the Ninth Circuit reverse this Court's March 7, 2017 Order on certification of the FLSA collective or the Rule 23(b) California Class, Defendants will suffer substantial harm if this action is not stayed pending appeal as they will have devoted very substantial time and resources on the litigation, particularly with respect to the completion of discovery, dispositive motions and trial preparation on class claims. *See Gray v. Golden Gate Nat. Recreational Area*, No. C 08-00722 EDL, 2011 WL 6934433, at *3 (N.D. Cal. Dec. 29, 2011). In addition, there is a possibility that class members will be confused if class notices are issued before the Ninth Circuit has resolved the pending petitions and then have to be modified or retracted as a result of rulings by the Ninth Circuit, a result that will harm Plaintiffs. The Court concludes that these harms are significant and outweigh any prejudice to Plaintiffs arising from the delay associated with entry of a stay.

Finally, the fourth factor, judicial efficiency, favors entry of a stay. In addition to the waste of judicial resources that would result if the Court were to go forward with class claims that were later decertified, judicial resources also would be wasted if the Ninth Circuit were to find that this Court erred when it declined to certify the Arizona and Florida classes. In that case, it might be necessary to decide a second round of dispositive motions and conduct a second trial if the Court does not grant Defendants' request for a stay of all proceedings.

In sum, the Court concludes that entry of a stay pending the resolution of the Rule 23(f) petitions, the request for interlocutory review under 28 U.S.C. §1292(b), and any appeal that the Ninth Circuit might agree to consider is warranted.

---

[2] The Court notes that the questions discussed above in connection with Defendants' request to certify an interlocutory appeal as to the Court's certification of the FLSA collective are inextricably intertwined with the issues raised in the Rule 23(f) petitions because the Court relied on similar reasoning with respect to whether the Rule 23(f) classes and the FLSA collective should be certified.

6

## V. CONCLUSION

For the reasons stated above, the Court GRANTS the Motion to Certify and the Motion to Stay. Pursuant to 28 U.S.C. § 1292(b), the Court certifies for immediate appeal its March 7, 2017 Order as to whether the FLSA collective was properly certified. The Court STAYS all further proceedings in this Court pending the Ninth Circuit's rulings on the parties' Rule 23(f) petitions, the request for interlocutory review under 28 U.S.C. § 1292(b), and determination of any appeal that the Ninth Circuit agrees to consider under Rule 23(f) or 28 U.S.C. §1292(b). A further case management conference is set for **August 18, 2017 at 2:00 p.m.** The parties are requested to submit a joint status report one week in advance of the case management conference.

**IT IS SO ORDERED.**

Dated: May 5, 2017

JOSEPH C. SPERO
Chief Magistrate Judge