STEPHEN M. TILLERY (*pro hac vice*)
  stillery@koreintillery.com
GARRETT R. BROSHUIS (Bar No. 329924) (*pro hac vice*)
  gbroshuis@koreintillery.com
ROBERT L. KING (Bar No. 331709) (*pro hac vice*)
  rking@koreintillery.com
JAMIE L. BOYER (*pro hac vice*)
  jboyer@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

CLIFFORD H. PEARSON (Bar No. 108523)
  cpearson@pswlaw.com
DANIEL L. WARSHAW (Bar No. 185365)
  dwarshaw@pswlaw.com
BOBBY POUYA (Bar No. 245527)
  bpouya@pswlaw.com
THOMAS J. NOLAN (Bar No. 66992)
  tnolan@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
San Francisco, CA 94103
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

BENJAMIN E. SHIFTAN (Bar No. 26576)
  bshiftan@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
350 Sansome Street
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008

Plaintiffs' Co-Lead Class Counsel

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated; <br><br> Plaintiffs, <br><br> vs. <br><br> OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL; et al.; <br><br> Defendants. | CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS) <br><br> **CLASS ACTION** <br><br> **PLAINTIFFS' PROPOSED PLAN OF NOTICE TO RULE 23(B)(3) CLASS MEMBERS** <br><br> Judge: Honorable Joseph C. Spero |

## I. INTRODUCTION

In accordance with the Court's Superseding and Case Management and Pretrial Order (ECF No. 843), Plaintiffs submit their plan for providing notice to members of the California Class, Arizona Class, and Florida Class (collectively "Classes") certified pursuant to Federal Rule of Civil Procedure ("Rule") 23(b)(3). The notice plan proposed by Plaintiffs and the notice expert—JND Legal Administration ("JND") – comports with Rule 23 and due process. Consistent with Rule 23, the notice plan provides "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Rule 23(c)(2)(B). This will be accomplished through direct notice via both an Email Notice and Postcard Notice to all known members of the Classes ("Class Members") for whom a mailing address or an email address is available. Using two means of direct notice to the Class Members will ensure it reaches the vast majority of Class Members in conformance with Rule 23 and due process.

The notice documents also comport with Rule 23 by providing necessary information for Class Members to understand the nature of the lawsuit and exercise their rights to remain a part of or opt-out of the Classes. The notice documents are written in plain, easy-to-understand language and allow potential class members to make informed decisions. The Email Notice and Postcard Notice will direct class members to a case website to obtain further information regarding the case, including the long form notices, frequently asked questions, and important case documents. A phone number will also be offered to answer frequently asked questions. Thus, Plaintiffs ask that the Court approve Plaintiffs' notice plan and dissemination of notice to the Class.

While the parties attempted to reach agreement on the form and manner of notice proposed by plaintiffs, they have been unable to do so. To ensure the timely dissemination of the Class notice by January 29, 2021 (as ordered by the Court), the parties have agreed that defendants will file their response to Plaintiffs' Notice Plan by December 22, 2020 and Plaintiffs will file their reply by January 4, 2021.

## II. PLAINTIFFS' NOTICE PLAN SHOULD BE APPROVED

Rule 23(c)(2)(B) governs the form and manner of notice "[f]or any class certified under Rule 23(b)(3)." Notice to class members must be "the best notice practicable under the circumstances,

including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). In 2018, Rule 23(c)(2)(B) was amended to provide that, "[t]he notice may be by one or more of the following: United States mail, **electronic means**, or other appropriate means." (emphasis added).

Neither Rule 23 nor due process requires receipt of actual notice by all class members. *Silber v. Mahon*, 18 F.3d 1449, 1453-1454 (9th Circ. 1994) (concluding that the standard for class notice is "best practicable," rather than "actually received" notice); *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 319 (1950) ("notice reasonably certain to reach most of those interested in objecting is likely to safeguard the interests of all, since any objections sustained would inure to the benefit of all."). *Juris v. Inamed Corp.*, 685 F.3d 1294, 1321 (11th Cir. 2012) ("Courts have consistently recognized that due process does not require that class members actually receive notice.").

Rule 23(c)(3)(B) also requires the notice documents to explain the class members' rights "in clearly and concisely state[d]" "plain, easily understood language."  A notice document is "adequate if it may be understood by the average class member."  4 *Newberg on Class Actions* § 11.53 (4th ed. 2002) ("*Newberg*"). The notice plan proposed by Plaintiffs with the assistance of the notice provider, JND, satisfies the requirements of Rule 23 and should be approved by the Court.

      A.    **The Notice Plan Complies With Rule 23 and Due Process**

Since the Class Members in this case are minor league baseball players who either had or have a direct employment relationship with Defendants, their contact information is available through Defendants' records. Pursuant to Plaintiffs' request, Defendants have agreed to provide available email and mailing addresses for potential Class Members to JND by January 8, 2021. *See* Declaration of Bobby Pouya ("Pouya Decl.") ¶ 3.

After receiving and processing the Class Member contact information, JND will send direct notice to the Classes in the form of: (1) an Email Notice to all potential Class Members for whom Defendants provide an email address; and (2) the Postcard Notice to all Class Members for whom Defendants provide a valid mailing address. *See* Declaration of Gina M. Intrepido-Bowden ("Intrepido-Bowden Decl.") ¶¶ 10; 14-16. This proposal, which relies on two methods of direct

notice, is designed to reach the vast majority of Class Members, and therefore comports with both due process and Rule 23. *Id.* ¶¶ 13, 23, 43. Indeed, the sending of both the Email Notice and Postcard Notices is more robust than a number of approved notice plans which rely on email as the primary means of notice, with postcards sent to class members with invalid or unavailable email addresses. *See e.g. Keirsey v. eBay, Inc.,* No. 12-cv-01200, 2014 WL 644697 * 1 (N.D. Cal. Feb. 14, 2014) (notice plan disseminated via email with "postcard notice to those persons whose emails were undeliverable and whose addresses were available."); *Bostick v. Herbalife Int'l of Am., Inc*., No. 13-cv-02488, 2015 WL 12745798, at *3 (C.D. Cal. Aug. 18, 2015) (notice plan relying on email notice supplemented by summary postcard notices to class members with invalid or unavailable email addresses); *Morey v. Louis Vuitton N. Am., Inc*., No. 11-cv-1517, 2014 WL 109194, at *3 (S.D. Cal. Jan. 9, 2014) (notice plan including emailing a summary email notice to class members with valid email addresses and a summary postcard notice to class members who were not sent the email notice).

JND will take numerous steps to maximize the reach of both the Email and Postcard Notice. Intrepido-Bowden Decl. ¶ 17-22. For the Email Notice, JND will eliminate "invalid email and spam traps that would otherwise negatively impact deliverability." *Id.* ¶¶ 19-20. For the Postcard Notice, JND will run the mailing addresses through the United States Postal Service ("USPS") National Change of Address ("NCOA") database. *Id.* ¶ 22. JND will also track all Postcard Notices returned undeliverable and attempt to re-mail the notice using available forwarding addresses and other reasonable means available. *Id.*

The Email Notice and Postcard Notice will provide important information about the lawsuit, and they will also direct Class Members to a toll free phone number, email address and case website to obtain further information. *See* Intrepido-Bowden Decl. ¶ 24-25, Ex. B (Email Notice), Ex. C (Postcard Notice). The case website will include detailed long form notices for the California Class, Arizona Class, and Florida Class (collectively the "Long Form Notices"), along with other important court documents and answers to frequently asked questions. *Id.* ¶ 24, Exs. D-F (attaching the Long

Form Notices).[1]

Plaintiffs' Notice Plan therefore provides "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Intrepido-Bowden Decl. ¶ 13-14 (quoting Fed. R. Civ. P. 23(c)(2)).

### B. The Notice Documents Adequately Advise Class Members of Their Rights and Can be Understood by the Average Class Member

The form and content of the notice documents should also be approved by the Court because they "contain an adequate description of the proceedings written in objective, neutral terms, that, insofar as possible, may be understood by the average absentee class member." *Slavkov v. Fast Water Heater Partners I, LP*, No. 14-CV-04324, 2015 WL 6674575, at *2 (N.D. Cal. Nov. 2, 2015) (quoting *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1104 (5th Cir. 1977)).

As set forth above, Plaintiffs' notice plan calls for the Email Notice and Postcard Notice to be sent directly to all Class Members for whom there is contact information available. These notices contain plain and easy-to-read summaries of the case, and also summarize the Class Members' rights using clear, concise and easily understood language. *See* Rule 23(c)(B); Intrepido-Bowden Decl. ¶¶ 27-30. The Email Notice, Postcard Notice, and Long Form Notices provide all necessary information to the Class Members including: "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." *See* Rule 23(c)(2)(B).

---

[1] Defendants have suggested that three separate long form notices be prepared for the California Class, Arizona Class, and Florida Class. Plaintiffs initially proposed a single long form notice, but have agreed to post three Long Form Notices on the case website in order to minimize disputes between the parties. However, Plaintiffs object to mailing multiple Long Form Notices to the Class Members because of the potential for confusion. *See* Intrepido-Bowden Decl. ¶ 30 ("Sending multiple Long Form Notices to the Class Members via mail, [ ] may result in Class Member confusion."); *see also Makaeff v. Trump University, LLC*, 2015 WL 5638192, * 3 (S.D. Cal. Sept. 21, 2015) (combining notice of two certified class action lawsuits into a single notice, in order to minimize confusion, increase efficiencies, and reduce administrative burdens).

The Email and Postcard notices further direct Class Members to a case website and toll free number where class members can obtain additional information regarding the lawsuit and their rights, including the Long Form Notices and other case documents. *See id.*[2]

This type of notice plan, using summary notices sent via postcard or email and then allowing class members to view additional information on a case website, has been commonly used and recognized as an appropriate, efficient, and effective means of providing notice to the Class Members. *See* Intrepido-Bowden Decl. ¶¶ 29-30 (citing to multiple cases utilizing similar notice plans); *see also Keirsey,* 2014 WL 644697 * 1 (approving notice plan relying on email and postcard notices supported by a class website); *Bostick*, 2015 WL 12745798, at *2-3 (notice plan relying on summary email and postcard notices, with long form notice available on the settlement website); *Morey*, 2014 WL 109194, at *3 (same); *Baker v. SeaWorld Entm't, Inc.*, No. 14-CV-2129, 2020 WL 818893, at *3 (S.D. Cal. Feb. 19, 2020) (same).

Therefore, Plaintiffs' notice documents comply with the form and content requirements of Rule 23 and should be approved by the Court.

## III. THE PARTIES PROPOSED BRIEFING SCHEDULE REGARDING DEFENDANTS' OBJECTIONS TO THE NOTICE PLAN

The Court's Superseding Case Management Pretrial Order required the parties to submit the Class Notice for Court Approval by December 11, 2020 and notice to be disseminated by January 29, 2021. ECF No. 843, at p. 3.[3] Prior to this submission, the parties met and conferred regarding the form and manner of notice to the Class. *See* Pouya Decl. ¶ 4. During the meet-and-confer process, the parties resolved several disputes, but Defendants have indicated they still have objections to the form and manner of notice proposed by Plaintiffs. *See id.*

The parties have agreed to the following briefing schedule regarding Defendants' objections

---

[2] As set forth in footnote 1 above, Plaintiffs and JND agree that separate Long Form Notices may be posted on the case website, but do not agree that separate Long Form Notices should be mailed to the Class Members.

[3] Defendants have agreed to provide class member contact information to JND by January 8, 2020.

to Plaintiffs' notice plan:

- Defendants shall file their response to Plaintiffs' Notice Plan by December 22, 2020;
- Plaintiffs shall file their reply in support of their Notice Plan by January 4, 2021.

## IV.    CONCLUSION

For the reasons set forth in this brief, Plaintiffs respectfully request that the Court enter an order approving the form and manner of notice proposed by Plaintiffs and the notice provider JND.

DATED: December 11, 2020                    Respectfully submitted,

                                                       /s/ Bobby Pouya

PEARSON, SIMON & WARSHAW LLP
CLIFFORD H. PEARSON
THOMAS J. NOLAN
DANIEL L. WARSHAW
BOBBY POUYA
BENJAMIN E. SHIFTAN
MICHAEL H. PEARSON

KOREIN TILLERY, LLC
STEPHEN M. TILLERY (pro hac vice)
ROBERT KING
GARRETT R. BROSHUIS
JAMIE BOYER (pro hac vice)

*Plaintiffs Co-Lead Class Counsel*