# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated;<br><br>        Plaintiffs,<br><br>  vs.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL; et al.;<br><br>        Defendants. | CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER REGARDING PLAN OF NOTICE TO RULE 23(B)(3) CLASS MEMBERS**<br><br>Judge: Honorable Joseph C. Spero |

This Court, having reviewed Plaintiffs' Plan of Notice to Rule 23(b)(3) Class Members ("Plan of Notice"), its accompanying memorandum and exhibits thereto, and any objections filed thereto, hereby **ORDERS AND ADJUDGES:**

1.     The Court hereby directs notice to be distributed pursuant to Federal Rule of Civil Procedure ("Rule") 23(c)(2) to members of the the California Class, the Arizona Class, and the Florida Class (collectively referred to as "Classes"), which have been certified pursuant to Rule 23(b)(3), as defined below:

California Class:

Any person who, while signed to a Minor League Uniform Player Contract, participated in the California League for seven or more days on or after February 7, 2010, and had not signed a Major League Uniform Player Contract before then.

Arizona Class:

Any person who, while signed to a Minor League Uniform Player Contract, participated in spring training, instructional leagues, or extended spring training in Arizona on or after February 7, 2011 and had not signed a Major League Uniform Player Contract before then.

Florida Class:

Any person who, while signed to a Minor League Uniform Player Contract, participated in spring training, instructional leagues, or extended spring training in Florida on or after February 7, 2009 and had not signed a Major League Uniform Player Contract before then.

2.     The Court appoints JND Legal Administration to serve as the Class Action Administrator and execute the notice plan set forth in this Order. The Court finds that JND Legal Administration has the experience, qualifications, and capabilities to serve as the Class Action Administrator in this case.

3.     The Court finds the proposed notice plan proposed by Plaintiffs and described in this Order complies with Rule 23(c)(2)(B) and due process as it constitutes "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Rule 23(c)(2)(B).    In accordance with the Court's Superseding Case Management Order (ECF No. 843), on or before January 29, 2021 ("Notice Date") the Class Action Administrator will send direct notice to members of the Classes ("Class Members") in the form of: (1) the Email Notice (attached as Exhibit A) to all potential Class Members for whom Defendants

1  provide an email address; and (2) the Postcard Notice (attached as Exhibit B) to all Class Members

2  for whom Defendants provide a valid mailing address. In accordance with the Court's Superseding

3  Case Management Order (ECF No. 843), Class Members shall have 75 days after the Notice Date

4  to opt-out or exclude themselves from the Classes.

5        4.    On or before the Notice Date, the Class Action Administrator shall establish a 24-hour,

6  toll-free telephone line where callers may obtain information about the case in English and Spanish.  JND

7  will also establish a dedicated PO Box where Class Members may send their exclusion

8  requests.

9        5.    On or before the Notice Date, the Class Action Administrator shall develop an

10  informational case website to enable Class Members to get information about the action.  The case

11  website shall include copies of the California Long Form Notice (attached as Exhibit C), the

12  Arizona Long Form Notice (attached as Exhibit D), and the Florida Long Form Notice (Exhibit E),

13  answers to frequently asked questions, and contact information for the Class Action

14  Administrator.

15        6.    The attached notice documents (Email Notice, Postcard Notice, California Long

16  Form Notice, Arizona Long Form Notice, and Florida Long Form Notice) comply with Rule

17  23(c)(2)(B) and due process because the notices and forms are clear concise and reasonably

18  calculated to adequately apprise the Classes of (i) the nature of the action; (ii) the definition of the

19  class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an

20  appearance through an attorney if the member so desires; (v) that the court will exclude from the

21  class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and

22  (vii) the binding effect of a class judgment on members under Rule 23(c)(3). The notice documents

23  shall be posted in English and Spanish on the case website.

24        7.    Non-substantive changes to the notice documents, such as typographical errors, can

25  be made to the notice documents by agreement of the parties without leave of the Court.

**IT IS SO ORDERED.**

DATED: _____

_____

HON. JOSEPH C. SPERO

# EXHIBIT A

Dear [Class Member Name]:

By order of the Court dated:  _____
A federal court authorized this Notice

## If you played Minor League Baseball in the California League, or participated in Spring Training, Instructional Leagues, or Extended Spring Training, you may be a member of a Class Action Lawsuit

This notice summarizes your options.  More information is available at www.BaseballPlayerWageLawsuit.com.

<u>PLEASE REVIEW CAREFULLY</u>
Exclusion Requests must be submitted by [75 DAYS AFTER NOTICE DATE]

*Para una notificación en español, visite www.BaseballPlayerWageLawsuit.com*

**<u>Why did I get this Notice?</u>**  You received this notice because a federal court has certified three classes ("Classes") in a class action lawsuit on behalf of minor leaguers. Records indicate you may be a member of one or more Classes because you, while signed to a Minor League Uniform Player Contract ("UPC"), participated in either (1) the California League for 7 or more days on or after February 7, 2010 (California Class); (2) spring training, instructional leagues, or extended spring training in Arizona on or after February 7, 2011 (Arizona Class); or (3) spring training, instructional leagues, or extended spring training in Florida on or after February 7, 2009 (Florida Class), and had not signed a Major League UPC before then. This notice summarizes your rights and options before an upcoming trial. More information is available at www.BaseballPlayerWageLawsuit.com.

**<u>What is the lawsuit about?</u>** The lawsuit is known as *Senne v. Office of the Commissioner of Baseball*, No. 3:14-00608-JCS, and is pending before the Honorable Joseph C. Spero, in the United States District Court for the Northern District of California. Plaintiffs are seeking to recover minimum wage, overtime and other damages from the Defendants on behalf of themselves and members of the Classes. Plaintiffs are also seeking to recover their attorneys' fees and costs related to the prosecution of this lawsuit. Defendants deny that they have violated any laws and claim that they have properly paid minor leaguers. The Court has not decided who is right. The lawsuit is currently scheduled for trial in June 2022.

**<u>What are my options?</u>**

<u>Do Nothing</u>. If you do nothing, you will (1) stay a class member and be bound by the outcome of the lawsuit; (2) give up your right to be part of any other lawsuit against Defendants for the claims raised in this lawsuit, and (3) keep the possibility of getting money or benefits that may come from trial or settlement. The Court has appointed the law firms Korein Tillery, LLC and Pearson, Simon & Warshaw, LLP to represent Class members as "Class Counsel." Class Counsel is working on behalf of the Classes. If Plaintiffs prevail, Class Counsel will be paid the attorneys' fees and costs of litigation that they request and are approved by the Court. If you want to be represented by your own lawyer, you may hire one at your own expense and cost.

<u>Exclude yourself</u>. If you exclude yourself or "opt-out" of the Classes, you will (1) no longer be a class member or bound by this lawsuit; (2) keep your right to file your own lawsuit, if you so choose, and (3) not receive any money or benefits that may result from a trial or settlement. You must submit a Request for

Exclusion by **[75 Days After Notice Date]**. Instructions on how to file an exclusion is available in the full Notices at www.BaseballPlayerWageLawsuit.com.

**Questions?** For more information, including the full Notices, go to www.BaseballPlayerWageLawsuit.com, email info@BaseballPlayerWageLawsuit.com, call 1-888-906-0571, or mail *Senne v Office of the Commissioner of Baseball*, c/o JND Legal Administration, P.O. Box XXXXX, Seattle, WA 98111. Complete copies of the pleadings, orders and other publicly filed documents in the lawsuit may be accessed for a fee through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

# EXHIBIT B

*Senne v. Office of the Commissioner of Baseball*
c/o JND Legal Administration
P.O. Box XXXXX
Seattle, WA 98111

FIRST CLASS
MAIL
US POSTAGE
PAID
Permit No.

**If you played Minor League Baseball in the California League, or participated in Spring Training, Instructional Leagues, or Extended Spring Training, you may be a member of a Class Action Lawsuit**

This notice summarizes your options. More information is available at www.BaseballPlayerWageLawsuit.com.

PLEASE REVIEW CAREFULLY
Exclusion Requests must be submitted by [**75 Days After Notice Date**].

*Para una notificación en español, visite www.BaseballPlayerWageLawsuit.com*

«Barcode»
Postal Service: Please do not mark barcode

«FirstName» «LastName»
 «Addr1»
«Addr2»
«City» «St» «Zip»
«Country»

946116.4

**Why did I get this Notice?** You received this notice because a federal court has certified three classes ("Classes") in a class action lawsuit on behalf of minor leaguers. Records indicate you may be a member of one or more Classes because you, while signed to a Minor League Uniform Player Contract ("UPC"), participated in either (1) the California League for 7 or more days on or after February 7, 2010 (California Class); (2) spring training, instructional leagues, or extended spring training in Arizona on or after February 7, 2011 (Arizona Class); or (3) spring training, instructional leagues, or extended spring training in Florida on or after February 7, 2009 (Florida Class), and had not signed a Major League UPC before then. This notice summarizes your rights and options before an upcoming trial. More information is available at www.BaseballPlayerWageLawsuit.com.

**What is the lawsuit about?** The lawsuit is known as *Senne v. Office of the Commissioner of Baseball*, No. 3:14-00608-JCS, and is pending before the Honorable Joseph C. Spero, in the United States District Court for the Northern District of California. Plaintiffs are seeking to recover minimum wage. overtime and other damages from the Defendants on behalf of themselves and members of the Classes. Plaintiffs are also seeking to recover their attorneys' fees and costs related to the prosecution of this lawsuit. Defendants deny that they have violated any laws and claim that they have properly paid minor leaguers. The Court has not decided who is right. The lawsuit is currently scheduled for trial in June 2022.

**What are my options?**

Do Nothing. If you do nothing, you will (1) stay a class member and be bound by the outcome of the lawsuit; (2) give up your right to be part of any other lawsuit against Defendants for the claims raised in this lawsuit, and (3) keep the possibility of getting money or benefits that may come from trial or settlement. The Court has appointed the law firms Korein Tillery, LLC and Pearson, Simon & Warshaw, LLP to represent class members as "Class Counsel." Class Counsel is working on behalf of the Classes. If Plaintiffs prevail, Class Counsel will be paid the attorneys' fees and costs of litigation that they request and are approved by the Court. If you want to be represented by your own lawyer, you may hire one at your own expense and cost.

Exclude yourself. If you exclude yourself or "opt-out" of the Classes, you will (1) no longer be a class member or bound by this lawsuit; (2) keep your right to file your own lawsuit, if you so choose, and (3) not receive any money or benefits that may result from a trial or settlement. You must submit a Request for Exclusion by [**75 Days After Notice Date**]. Instructions on how to file an exclusion is available in the full Notices at www.BaseballPlayerWageLawsuit.com.

**Questions?** For more information, including the full Notices, go to www.BaseballPlayerWageLawsuit.com, email info@BaseballPlayerWageLawsuit.com, call 1-888-906-0571, or mail *Senne v Office of the Commissioner of Baseball*, c/o JND Legal Administration, P.O. Box XXXXX, Seattle, WA 98111. Complete copies of the pleadings, orders and other publicly filed documents in the lawsuit may be accessed for a fee through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

946116.4

# EXHIBIT C

**A federal court authorized this notice. This is not a solicitation from a lawyer.**

**IF YOU SIGNED A MINOR LEAGUE UNIFORM PLAYER'S CONTRACT("UPC") AND PLAYED MINOR LEAGUE BASEBALL IN THE CALIFORNIA LEAGUE OF PROFESSIONAL BASEBALL ("CALIFORNIA LEAGUE"), YOU MAY BE A CLASS MEMBER IN A CLASS ACTION LAWSUIT.**

Your options are explained in this Notice. Please review carefully. If you want to opt-out or exclude yourself in the action, you must take action by **[75 Days After Notice Date].**

**NOTE:** This Notice is not an expression of any opinion by the Court as to the merits of any claims or defenses asserted by any party to this action. The Court has made no ruling on the merits.

This Notice is **NOT** affiliated with an organization called Advocates for Minor Leaguers.

# 1.   What is the Purpose of this Notice?

The purpose of this Notice is to inform you that a federal court has certified a class action lawsuit on behalf of the California Class, which includes any person who, while signed to a Minor League UPC, participated in the California League for seven or more consecutive days on or after February 7, 2010 and had not previously signed a Major League Contract. This notice advises you of how your rights may be affected by this suit, and informs you about the procedure for participating in or opting out of the California Class.

**Participate in the Class:** You do not need to take any action if you are a member of the California Class and wish to participate in this lawsuit. By participating in the California Class, your rights will be affected as explained in Section \_\_\_ below.

**Opt-Out or Exclude Yourself:** If you do not wish to participate in the California Class, you must follow the instructions in this Notice and submit a Request for Exclusion by **[75 Days After Notice Date]** as explained in Section \_\_ below. Your rights will be affected if you exclude yourself as explained in Section \_\_\_ below.

This Notice pertains only to the California Class. If you are eligible to participate in either the Arizona Class or Florida Class (as defined in Section \_\_\_ below) you should also review the notice relating to those Classes.

# 2.   What is the lawsuit about?

The lawsuit is called *Senne et al. v. Office of the Commissioner of Baseball et al.*, No. 3:14-00608-JCS, and is pending before the Honorable Joseph C. Spero, in the United States District Court for the Northern District of California. The lawsuit was brought by the following forty-three former minor league baseball players: Aaron Senne, Michael Liberto, Oliver Odle, Brad McAtee, Craig Bennigson, Matt Lawson, Kyle Woodruff, Ryan Kiel, Kyle Nicholson, Brad Stone, Matt Daly, Aaron Meade, Justin Murray, Jake Kahaulelio, Ryan Khoury, Dustin Pease, Jeff Nadeau, Jon Gaston, Brandon Henderson, Tim Pahuta, Les Smith, Joseph Newby, Ryan Hutson, Matt Frevert, Roberto Ortiz, Witer Jimenez, Kris Watts, Mitch Hilligoss, Matt Gorgen, Brett Newsome, Jake Optiz, Daniel Britt, Joel Weeks, Gaspar Santiago, Matt Lewis, Nick Giarraputo, Leonard Davis, David Quinowski, Mark Wagner, Brandon Pinckney, Lauren Gagnier, Omar Aguilar and Grant Duff (the "Plaintiffs"). The defendants in the lawsuit are Major League Baseball ("MLB"), the MLB Clubs (eight of which have been dismissed from the case), and former MLB Commissioner Allan H. "Bud" Selig (collectively "Defendants").

In March 2016, the Plaintiffs asked the Court to certify classes under eight state laws to recover minimum wage and overtime related to spring training, extended spring training, the instructional league, the championship season

and off-season training. The Court denied Plaintiffs' request. The Plaintiffs then asked the Court to certify three narrowed classes and the Court granted their request and certified the three classes listed below:

- Any person who, while signed to a Minor League UPC, participated in the California League for seven or more consecutive days on or after February 7, 2010 and had not signed a Major League Contract before then (the "**California Class**");

- Any person who, while signed to a Minor League UPC, participated in spring training, instructional leagues, or extended spring training in Arizona on or after February 7, 2011 and had not signed a Major League Uniform Player's Contract before then (the "**Arizona Class**");

- Any person who, while signed to a Minor League UPC, participated in spring training, instructional leagues, or extended spring training in Florida on or after February 7, 2009 and had not signed a Major League Uniform Player's Contract before then (the "**Florida Class**").

Plaintiffs contend that Defendants have violated state wage and hour laws, and are seeking to recover minimum wage and overtime and other damages from the Defendants on behalf of themselves and other minor leaguers who are members of the California Class, Arizona Class or Florida Class. Plaintiffs are seeking to recover their attorneys' fees and costs related to the prosecution of this lawsuit. Plaintiffs are also seeking to recover for class claims based on averages and as a result, the recovery, if any, by any class members may be different than what you could recover on an individual basis. If you choose to exclude yourself and file your own lawsuit, you will not be able to participate in the class action (as further explained Section 6 and 8). You will need to retain your own attorney at your own expense.

Defendants contend that Plaintiffs' claims are without merit and that Plaintiffs' experiences as minor league players greatly benefited them in their future career development. Defendants are vigorously defending the lawsuit. Defendants deny that they have violated any laws, including, but not limited to, federal, California law, Arizona law, or Florida law in any way, willfully or otherwise, and they claim that they have properly paid minor league players. Defendants have also objected to the class-wide adjudication of these claims.

The Court has not made any rulings on the merits of Plaintiffs' claims and has not found that they are entitled to any damages.

## 3. What is a class action, and who is involved?

In a class action lawsuit, one or more people or businesses called class representatives (i.e., the Plaintiffs) sue on behalf of others who have similar claims, all of whom together are a "class." Individual class members do not have to file a lawsuit to participate in the class action, or be bound by the judgment in the class action. One court resolves the issues for everyone in the class, except for those who exclude themselves from the class.

## 4. Who can participate in the California Class?

The Court has found that the following persons can participate in the California Class:

Any person who, while signed to a Minor League Uniform Player Contract, participated in the California League on or after February 7, 2010 for seven or more consecutive days and had not signed a Major League Uniform Player's Contract before then.

## 5. How do I participate in the California Class?

You do not need to take any action to remain a California Class member if you otherwise qualify based on the Class definitions in Section __ and Defendants' records. You may also be a member of the Arizona or Florida Classes depending on your playing history. This Notice pertains only to your participation in the California Class. If you qualify as a potential class member in either the Arizona Class or Florida Class, you may be eligible to participate in those classes as well.

## 6. How do I exclude myself from (opt-out of) the California Class?

To exclude yourself or "opt-out" of the California Class you must act quickly and submit a Request for Exclusion to the Class Action Administrator by **[75 Days After Notice Date]**. The Request for Exclusion must contain the: (1) the name of this lawsuit *Senne v. Office of the Commissioner of Baseball*, No. 3:14-00608-JCS; (2) Your name; (3) Your address; (4) the MLB Club, minor league affiliate, and approximate dates you played in the California League; and (5) a statement that you wish to be opt-out or exclude yourself from the California Class.

If you qualify as a member of the Arizona or Florida Classes and you wish to opt-out of those classes, you will have to submit a Request for Exclusion for those classes as well.

You may submit the Request for Exclusion via email or mail to the Class Action Administrator at the email or mailing addresses listed below.

**INSERT ADMINISTRATOR MAILING ADDRESS**

**INSERT ADMINISTRATOR E-MAIL ADDRESS**

## 7. What happens if I stay in the Calfornia Class?

If you do not opt-out, you will remain a member of the California Class if you qualify for it. You will be represented by the Plaintiffs and their lawyers (identified in Section __ below), who will make decisions and agreements on your behalf concerning the lawsuit. Decisions made and agreements entered into by the Plaintiffs will be binding on you throughout the litigation, including approving any settlement, and deciding all other matters pertaining to this lawsuit. You will be bound by the judgment of the Court, whether it is favorable or unfavorable to Plaintiffs, on all issues asserted by Plaintiffs with respect to the Classes. You will not be able to bring another lawsuit or claim against Defendants for the California Class allegations claims by Plaintiffs in this lawsuit.

If the Plaintiffs recover money or obtain other relief through their class claims, you may be entitled to receive a portion. If Plaintiffs prevail, the Plaintiffs' attorneys (identified below) will be paid whatever attorneys' fees and costs of litigation that they request and the Court approves. Those fees and costs may be subtracted from the recovery obtained from Defendants, and partly paid by Defendants. The Court will decide what fees and costs to award to Plaintiffs' counsel in the event there is a recovery by Plaintiffs.

## 8.   What happens if I exclude myself from (opt-out of) the California Class?

If you opt-out of the California Class, you will not be able to participate in or be affected by any judgment or settlement obtained on behalf the California Class or be represented by the Plaintiffs' lawyers. You will be free to file your own lawsuit at your own expense, if you so choose.

## 9.   What if I previously received notice of the Minor League FLSA Collective?

Plaintiffs in this lawsuit have also alleged that Defendants have violated a federal law known as the Fair Labor Standards Act ("FLSA") on behalf of minor league baseball players. You may have previously received notice regarding certification of a FLSA Collective. The state classes described in this notice are separate from the FLSA Collective. You may still be a class member and participate in the California Class if you already opted into the FLSA Collective. If you did not opt into the FLSA Collective, that does not impact your eligibility to be a member of the California Class, Arizona Class, or Florida Class.

## 10.  What happens next?

You have until **[75 Days After Notice Date]** to opt-out of the California Class. After that date, you will not be allowed to opt-out. After **[75 Days After Notice Date]**, the lawsuit will proceed and is currently scheduled for trial in June 2022.

## 11.  Can Defendants retaliate against me if I participate in the lawsuit?

No. Federal and California law prohibit MLB or the MLB Club Defendants from retaliating against you in any way for participating in this lawsuit.

## 12.  Who will represent me if I participate in the lawsuit?

The Court has appointed the law firms Korein Tillery, LLC and Pearson, Simon & Warshaw, LLP to represent the class members. The contact information for the attorneys working from these firms is listed below:

| | |
|---|---|
| GARRETT R. BROSHUIS | DANIEL L. WARSHAW |
| ROBERT KING | BOBBY POUYA |
| JAMIE BOYER | **PEARSON, SIMON & WARSHAW, LLP** |
| **KOREIN TILLERY, LLC** | 15165 Ventura Boulevard, Suite 400 |
| 505 North 7th Street, Suite 3600 | Sherman Oaks, California 91403 |
| St. Louis, MO 63101 | |

If you want to be represented by your own lawyer, you may hire one at your own expense and cost.

## 13. How do I get more information?

If you have more questions, you can visit www.BaseballPlayerWageLawsuit.com, email info@BaseballPlayerWageLawsuit.com, call 1-888-906-0571, or mail Senne v Office of the Commissioner of Baseball, c/o JND Legal Administration, P.O. Box XXXXX, Seattle, WA 98111. Complete copies of the pleadings, orders and other publicly filed documents in the lawsuit may be accessed for a fee through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

If you so choose, you may also direct questions to Class counsel, by writing, emailing or calling:

Garrett R. Broshuis
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
(314) 241-4844
Email: gbroshuis@koreintillery.com

Bobby Pouya
**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
(818) 788-8300
Email: bpouya@pswlaw.com

# EXHIBIT D

**A federal court authorized this notice. This is not a solicitation from a lawyer.**

**IF YOU SIGNED A MINOR LEAGUE UNIFORM PLAYER'S CONTRACT ("UPC") AND PARTICIPATED IN SPRING TRAINING, INSTRUCTIONAL LEAGUES, OR EXTENDED SPRING TRAINING IN ARIZONA, YOU MAY BE A CLASS MEMBER IN A CLASS ACTION LAWSUIT.**

Your options are explained in this Notice. Please review carefully. If you want to opt-out or exclude yourself from the action, you must take action by **[75 Days After Notice Date].**

**NOTE:** This Notice is not an expression of any opinion by the Court as to the merits of any claims or defenses asserted by any party to this action. The Court has made no ruling on the merits.

This Notice is **NOT** affiliated with an organization called Advocates for Minor Leaguers.

## 1.  What is the Purpose of this Notice?

The purpose of this Notice is to inform you that a federal court has certified a class action lawsuit on behalf of the Arizona Class, which includes any person who, while signed to a Minor League UPC, participated in spring training, instructional leagues, or extended spring training in Arizona on or after February 7, 2011 and had not previously signed a Major League Contract. This notice advises you of how your rights may be affected by this suit, and informs you about the procedure for participating in or opting out of the Arizona Class.

<u>Participate in the Class</u>: You do not need to take any action if you are a member of the Arizona Class and wish to participate in this lawsuit. By participating in the Arizona Class, your rights will be affected as explained in Section ___ below.

<u>Opt-Out or Exclude Yourself</u>: If you do not wish to participate in the Arizona Class, you must follow the instructions in this Notice and submit a Request for Exclusion by **[75 Days After Notice Date]** as explained in Section __ below. Your rights will be affected if you exclude yourself as explained in Section ___ below.

This Notice pertains only to the Arizona Class.  If you are eligible to participate in either the California Class or the Florida Class (as defined in Section __ below) you should also review the notice relating to those Classes.

## 2.  What is the lawsuit about?

The lawsuit is called *Senne et al. v. Office of the Commissioner of Baseball et al;*, No. 3:14-00608-JCS, and is pending before the Honorable Joseph C. Spero, in the United States District Court for the Northern District of California. The lawsuit was brought by the following forty-three former minor league baseball players: Aaron Senne, Michael Liberto, Oliver Odle, Brad McAtee, Craig Bennigson, Matt Lawson, Kyle Woodruff, Ryan Kiel, Kyle Nicholson, Brad Stone, Matt Daly, Aaron Meade, Justin Murray, Jake Kahaulelio, Ryan Khoury, Dustin Pease, Jeff Nadeau, Jon Gaston, Brandon Henderson, Tim Pahuta, Les Smith, Joseph Newby, Ryan Hutson, Matt Frevert, Roberto Ortiz, Witer Jimenez, Kris Watts, Mitch Hilligoss, Matt Gorgen, Brett Newsome, Jake Optiz, Daniel Britt, Joel Weeks, Gaspar Santiago, Matt Lewis, Nick Giarraputo, Leonard Davis, David Quinowski, Mark Wagner, Brandon Pinckney, Lauren Gagnier, Omar Aguilar and Grant Duff (the "Plaintiffs"). The defendants in the lawsuit are Major League Baseball ("MLB"), the MLB Clubs (eight of which have been dismissed from the case), and former MLB Commissioner Allan H. "Bud" Selig (collectively "Defendants").

In March 2016, the Plaintiffs asked the Court to certify classes under eight state laws to recover minimum wage and overtime related to spring training, extended spring training, the instructional league, the championship season

and off-season training. The Court denied Plaintiffs' request. The Plaintiffs then asked the Court to certify three narrowed classes and the Court granted their request and certified the three classes listed below:

- Any person who, while signed to a Minor League UPC, participated in the California League for seven or more consecutive days on or after February 7, 2010 and had not signed a Major League Contract before then (the "**California Class**");

- Any person who, while signed to a Minor League UPC, participated in spring training, instructional leagues, or extended spring training in Arizona on or after February 7, 2011 and had not signed a Major League Uniform Player's Contract before then (the "**Arizona Class**");

- Any person who, while signed to a Minor League UPC, participated in spring training, instructional leagues, or extended spring training in Florida on or after February 7, 2009 and had not signed a Major League Uniform Player's Contract before then (the "**Florida Class**").

Plaintiffs contend that Defendants have violated state wage and hour laws, and are seeking to recover minimum wage and overtime and other damages from the Defendants on behalf of themselves and other minor leaguers who are members of the California Class, Arizona Class or Florida Class. Plaintiffs are seeking to recover their attorneys' fees and costs related to the prosecution of this lawsuit. Plaintiffs are also seeking to recover for class claims based on averages and as a result, the recovery, if any, by any class members may be different than what you could recover on an individual basis. If you choose to exclude yourself and file your own lawsuit, you will not be able to participate in the class action (as further explained Section 6 and 8). You will need to retain your own attorney at your own expense.

Defendants contend that Plaintiffs' claims are without merit and that Plaintiffs' experiences as minor league players greatly benefited them in their future career development. Defendants are vigorously defending the lawsuit. Defendants deny that they have violated any laws, including, but not limited to, federal, California law, Arizona law, or Florida law in any way, willfully or otherwise, and they claim that they have properly paid minor league players. Defendants have also objected to the class-wide adjudication of these claims.

The Court has not made any rulings on the merits of Plaintiffs' claims and has not found that they are entitled to any damages.

## 3. What is a class action, and who is involved?

In a class action lawsuit, one or more people or businesses called class representatives (i.e., the Plaintiffs) sue on behalf of others who have similar claims, all of whom together are a "class." Individual class members do not have to file a lawsuit to participate in the class action, or be bound by the judgment in the class action. One court resolves the issues for everyone in the class, except for those who exclude themselves from the class.

## 4. Who can participate in the Arizona Class?

The Court has found that the following persons can participate in the Arizona Class:

Any person who, while signed to a Minor League Uniform Player Contract, participated in spring training, instructional leagues, or extended spring training in Arizona on or after February 7, 2011 and had not signed a Major League Uniform Player's Contract before then.

## 5.    How do I participate in the Arizona Class?

You do not need to take any action to remain a Arizona Class member if you otherwise qualify based on the Class definitions in Section __ and Defendants' records. You may also be a member of the California or Florida Classes depending on your playing history. This Notice pertains only to your participation in the Arizona Class. If you qualify as a potential class member in either the California or Florida Classes, you may be eligible to participate in those classes as well.

## 6.    How do I exclude myself from (opt-out of) the Arizona Class?

To exclude yourself or "opt-out" of the Arizona Class you must act quickly and submit a Request For Exclusion to the Class Action Administrator by **[75 Days After Notice Date]**. The Request for Exclusion must contain the: (1) the name of this lawsuit *Senne v. Office of the Commissioner of Baseball*, No. 3:14-00608-JCS; (2) Your name; (3) Your address; (4) the MLB Club, minor league affiliate, and approximate dates you participated in spring training, instructional leagues, or extended spring training in Arizona; and (5) a statement that you wish to be opt-out or exclude yourself from the Arizona Class.

If you qualify as a member of the California or Florida Classes and you wish to opt-out of those classes, you will have to submit a Request for Exclusion for those classes as well.

You may submit the Request for Exclusion via email or mail to the Class Action Administrator at the email or mailing addresses listed below.

**INSERT ADMINISTRATOR MAILING ADDRESS**

**INSERT ADMINISTRATOR E-MAIL ADDRESS**

## 7.    What happens if I stay in the Arizona Class?

If you do not opt-out, you will remain a member of the Arizona Class if you qualify for it. You will be represented by the Plaintiffs and their lawyers (identified in Section __ below), who will make decisions and agreements on your behalf concerning the lawsuit. Decisions made and agreements entered into by the Plaintiffs will be binding on you throughout the litigation, including approving any settlement, and deciding all other matters pertaining to this lawsuit. You will be bound by the judgment of the Court, whether it is favorable or unfavorable to Plaintiffs, on all issues asserted by Plaintiffs with respect to the Classes. You will not be able to bring another lawsuit or claim against Defendants for the Arizona Class allegations claims by Plaintiffs in this lawsuit.

If the Plaintiffs recover money or obtain other relief through their class claims, you may be entitled to receive a portion. If Plaintiffs prevail, the Plaintiffs' attorneys (identified below) will be paid whatever attorneys' fees and costs of litigation that they request and the Court approves. Those fees and costs may be subtracted from the recovery obtained from Defendants, and partly paid by Defendants. The Court will decide what fees and costs to award to Plaintiffs' counsel in the event there is a recovery by Plaintiffs.

## 8. What happens if I exclude myself from (opt-out of) the Arizona Class?

If you opt-out of the Arizona Class, you will not be able to participate in or be affected by any judgment or settlement obtained on behalf the Arizona Class or be represented by the Plaintiffs' lawyers. You will be free to file your own lawsuit at your own expense, if you so choose.

## 9. What if I previously received notice of the Minor League FLSA Collective?

Plaintiffs in this lawsuit have also alleged that Defendants have violated a federal law known as the Fair Labor Standards Act ("FLSA") on behalf of minor league baseball players. You may have previously received notice regarding certification of a FLSA Collective. The state classes described in this notice are separate from the FLSA Collective. You may still be a class member and participate in the Arizona Class if you already opted into the FLSA Collective. If you did not opt into the FLSA Collective, that does not impact your eligibility to be a member of the California Class, Arizona Class, or Florida Class.

## 10. What happens next?

You have until **[75 Days After Notice Date]** to opt-out of the Arizona Class. After that date, you will not be allowed to opt-out. After **[75 Days After Notice Date]**, the lawsuit will proceed and is currently scheduled for trial in June 2022.

## 11. Can Defendants retaliate against me if I participate in the lawsuit?

No. Federal and Arizona law prohibit MLB or the MLB Club Defendants from retaliating against you in any way for participating in this lawsuit.

## 12. Who will represent me if I participate in the lawsuit?

The Court has appointed the law firms Korein Tillery, LLC and Pearson, Simon & Warshaw, LLP to represent the class members. The contact information for the attorneys working from these firms is listed below:

GARRETT R. BROSHUIS
ROBERT KING
JAMIE BOYER
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101

DANIEL L. WARSHAW
BOBBY POUYA
**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403

If you want to be represented by your own lawyer, you may hire one at your own expense and cost.

## 13. How do I get more information?

If you have more questions, you can visit www.BaseballPlayerWageLawsuit.com, email info@BaseballPlayerWageLawsuit.com, call 1-888-906-0571, or mail Senne v Office of the Commissioner of Baseball, c/o JND Legal Administration, P.O. Box XXXXX, Seattle, WA 98111. Complete copies of the pleadings, orders and other publicly filed documents in the lawsuit may be accessed for a fee through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

If you so choose, you may also direct questions to Class counsel, by writing, emailing or calling:

Garrett R. Broshuis                            Bobby Pouya
**KOREIN TILLERY, LLC**              **PEARSON, SIMON & WARSHAW, LLP**
505 North 7th Street, Suite 3600       15165 Ventura Boulevard, Suite 400
St. Louis, MO 63101                         Sherman Oaks, California 91403
(314) 241-4844                               (818) 788-8300
Email: gbroshuis@koreintillery.com    Email: bpouya@pswlaw.com

# EXHIBIT E

**A federal court authorized this notice. This is not a solicitation from a lawyer.**

**IF YOU SIGNED A MINOR LEAGUE UNIFORM PLAYER'S CONTRACT("UPC") AND PARTICIPATED IN SPRING TRAINING, INSTRUCTIONAL LEAGUES, OR EXTENDED SPRING TRAINING IN FLORIDA, YOU MAY BE A CLASS MEMBER IN A CLASS ACTION LAWSUIT.**

Your options are explained in this Notice. Please review carefully. If you want to opt-out or exclude yourself from the action, you must take action by **[75 Days After Notice Date].**

**NOTE:** This Notice is not an expression of any opinion by the Court as to the merits of any claims or defenses asserted by any party to this action. The Court has made no ruling on the merits.

This Notice is **NOT** affiliated with an organization called Advocates for Minor Leaguers.

# 1.   What is the Purpose of this Notice?

The purpose of this Notice is to inform you that a federal court has certified a class action lawsuit on behalf of the Florida Class, which includes any person who, while signed to a Minor League UPC, participated in spring training, instructional leagues, or extended spring training in Florida on or after February 7, 2009 and had not previously signed a Major League Contract. This notice advises you of how your rights may be affected by this suit, and informs you about the procedure for participating in or opting out of the Florida Class.

<u>Participate in the Class</u>: You do not need to take any action if you are a member of the Florida Class and wish to participate in this lawsuit. By participating in the Florida Class, your rights will be affected as explained in Section ___ below.

<u>Opt-Out or Exclude Yourself</u>: If you do not wish to participate in the Florida Class, you must follow the instructions in this Notice and submit a Request for Exclusion by **[75 Days After Notice Date]** as explained in Section __ below. Your rights will be affected if you exclude yourself as explained in Section ___ below.

This Notice pertains only to the Florida Class.  If you are eligible to participate in either the California Class or the Arizona Class (as defined in Section __ below) you should also review the notice relating to those Classes.

# 2.   What is the lawsuit about?

The lawsuit is called *Senne et al. v. Office of the Commissioner of Baseball et al;*, No. 3:14-00608-JCS, and is pending before the Honorable Joseph C. Spero, in the United States District Court for the Northern District of California. The lawsuit was brought by the following forty-three former minor league baseball players: Aaron Senne, Michael Liberto, Oliver Odle, Brad McAtee, Craig Bennigson, Matt Lawson, Kyle Woodruff, Ryan Kiel, Kyle Nicholson, Brad Stone, Matt Daly, Aaron Meade, Justin Murray, Jake Kahaulelio, Ryan Khoury, Dustin Pease, Jeff Nadeau, Jon Gaston, Brandon Henderson, Tim Pahuta, Les Smith, Joseph Newby, Ryan Hutson, Matt Frevert, Roberto Ortiz, Witer Jimenez, Kris Watts, Mitch Hilligoss, Matt Gorgen, Brett Newsome, Jake Optiz, Daniel Britt, Joel Weeks, Gaspar Santiago, Matt Lewis, Nick Giarraputo, Leonard Davis, David Quinowski, Mark Wagner, Brandon Pinckney, Lauren Gagnier, Omar Aguilar and Grant Duff (the "Plaintiffs"). The defendants in the lawsuit are Major League Baseball ("MLB"), the MLB Clubs (eight of which have been dismissed from the case), and former MLB Commissioner Allan H. "Bud" Selig (collectively "Defendants").

In March 2016, the Plaintiffs asked the Court to certify classes under eight state laws to recover minimum wage and overtime related to spring training, extended spring training, the instructional league, the championship season

NOTICE OF CERTIFICATION OF FLORIDA CLASS

and off-season training. The Court denied Plaintiffs' request. The Plaintiffs then asked the Court to certify three narrowed classes and the Court granted their request and certified the three classes listed below:

- Any person who, while signed to a Minor League UPC, participated in the California League for seven or more consecutive days on or after February 7, 2010 and had not signed a Major League Contract before then (the "**California Class**");

- Any person who, while signed to a Minor League UPC, participated in spring training, instructional leagues, or extended spring training in Arizona on or after February 7, 2011 and had not signed a Major League Uniform Player's Contract before then (the "**Arizona Class**");

- Any person who, while signed to a Minor League UPC, participated in spring training, instructional leagues, or extended spring training in Florida on or after February 7, 2009 and had not signed a Major League Uniform Player's Contract before then (the "**Florida Class**").

Plaintiffs contend that Defendants have violated state wage and hour laws, and are seeking to recover minimum wage and overtime and other damages from the Defendants on behalf of themselves and other minor leaguers who are members of the California Class, Arizona Class or Florida Class. Plaintiffs are seeking to recover their attorneys' fees and costs related to the prosecution of this lawsuit. Plaintiffs are also seeking to recover for class claims based on averages and as a result, the recovery, if any, by any class members may be different than what you could recover on an individual basis. If you choose to exclude yourself and file your own lawsuit, you will not be able to participate in the class action (as further explained Section 6 and 8). You will need to retain your own attorney at your own expense.

Defendants contend that Plaintiffs' claims are without merit and that Plaintiffs' experiences as minor league players greatly benefited them in their future career development. Defendants are vigorously defending the lawsuit. Defendants deny that they have violated any laws, including, but not limited to, federal, California law, Arizona law, or Florida law in any way, willfully or otherwise, and they claim that they have properly paid minor league players. Defendants have also objected to the class-wide adjudication of these claims.

The Court has not made any rulings on the merits of Plaintiffs' claims and has not found that they are entitled to any damages.

## 3. What is a class action, and who is involved?

In a class action lawsuit, one or more people or businesses called class representatives (i.e., the Plaintiffs) sue on behalf of others who have similar claims, all of whom together are a "class." Individual class members do not have to file a lawsuit to participate in the class action, or be bound by the judgment in the class action. One court resolves the issues for everyone in the class, except for those who exclude themselves from the class.

## 4. Who can participate in the Florida Class?

The Court has found that the following persons can participate in the Florida Class:

Any person who, while signed to a Minor League Uniform Player Contract, participated in spring training, instructional leagues, or extended spring training in Florida on or after February 7, 2009 and had not signed a Major League Uniform Player's Contract before then.

NOTICE OF CERTIFICATION OF FLORIDA CLASS

# 5. How do I participate in the Florida Class?

You do not need to take any action to remain a Florida Class member if you otherwise qualify based on the Class definitions in Section __ and Defendants' records. You may also be a member of the California or Arizona Classes depending on your playing history. This Notice pertains only to your participation in the Florida Class. If you qualify as a potential class member in either the California or Arizona Classes, you may be eligible to participate in those classes as well.

# 6. How do I exclude myself from (opt-out of) the Florida Class?

To exclude yourself or "opt-out" of the Florida Class you must act quickly and submit a Request For Exclusion to the Class Action Administrator by **[75 Days After Notice Date]**. The Request for Exclusion must contain the: (1) the name of this lawsuit *Senne v. Office of the Commissioner of Baseball*, No. 3:14-00608-JCS; (2) Your name; (3) Your address; (4) the MLB Club, minor league affiliate, and approximate dates you participated in spring training, instructional leagues, or extended spring training in Florida; and (5) a statement that you wish to be opt-out or exclude yourself from the Florida Class.

If you qualify as a member of the California or Arizona Classes and you wish to opt-out of those classes, you will have to submit a Request for Exclusion for those classes as well.

You may submit the Request for Exclusion via email or mail to the Class Action Administrator at the email or mailing addresses listed below.

**INSERT ADMINISTRATOR MAILING ADDRESS**

**INSERT ADMINISTRATOR E-MAIL ADDRESS**

# 7. What happens if I stay in the Florida Class?

If you do not opt-out, you will remain a member of the Florida Class if you qualify for it. You will be represented by the Plaintiffs and their lawyers (identified in Section __ below), who will make decisions and agreements on your behalf concerning the lawsuit. Decisions made and agreements entered into by the Plaintiffs will be binding on you throughout the litigation, including approving any settlement, and deciding all other matters pertaining to this lawsuit. You will be bound by the judgment of the Court, whether it is favorable or unfavorable to Plaintiffs, on all issues asserted by Plaintiffs with respect to the Classes. You will not be able to bring another lawsuit or claim against Defendants for the Florida Class allegations claims by Plaintiffs in this lawsuit.

If the Plaintiffs recover money or obtain other relief through their class claims, you may be entitled to receive a portion. If Plaintiffs prevail, the Plaintiffs' attorneys (identified below) will be paid whatever attorneys' fees and costs of litigation that they request and the Court approves. Those fees and costs may be subtracted from the recovery obtained from Defendants, and partly paid by Defendants. The Court will decide what fees and costs to award to Plaintiffs' counsel in the event there is a recovery by Plaintiffs.

## 8. What happens if I exclude myself from (opt-out of) the Florida Class?

If you opt-out of the Florida Class, you will not be able to participate in or be affected by any judgment or settlement obtained on behalf the Florida Class or be represented by the Plaintiffs' lawyers. You will be free to file your own lawsuit at your own expense, if you so choose.

## 9. What if I previously received notice of the Minor League FLSA Collective?

Plaintiffs in this lawsuit have also alleged that Defendants have violated a federal law known as the Fair Labor Standards Act ("FLSA") on behalf of minor league baseball players. You may have previously received notice regarding certification of a FLSA Collective. The state classes described in this notice are separate from the FLSA Collective. You may still be a class member and participate in the Florida Class if you already opted into the FLSA Collective. If you did not opt into the FLSA Collective, that does not impact your eligibility to be a member of the California Class, Arizona Class, or Florida Class.

## 10. What happens next?

You have until **[75 Days After Notice Date]** to opt-out of the Florida Class. After that date, you will not be allowed to opt-out. After **[75 Days After Notice Date]**, the lawsuit will proceed and is currently scheduled for trial in June 2022.

## 11. Can Defendants retaliate against me if I participate in the lawsuit?

No. Federal and Florida law prohibit MLB or the MLB Club Defendants from retaliating against you in any way for participating in this lawsuit.

## 12. Who will represent me if I participate in the lawsuit?

The Court has appointed the law firms Korein Tillery, LLC and Pearson, Simon & Warshaw, LLP to represent the class members. The contact information for the attorneys working from these firms is listed below:

GARRETT R. BROSHUIS  
ROBERT KING  
JAMIE BOYER  
**KOREIN TILLERY, LLC**  
505 North 7th Street, Suite 3600  
St. Louis, MO 63101

DANIEL L. WARSHAW  
BOBBY POUYA  
**PEARSON, SIMON & WARSHAW, LLP**  
15165 Ventura Boulevard, Suite 400  
Sherman Oaks, California 91403

If you want to be represented by your own lawyer, you may hire one at your own expense and cost.

## 13. How do I get more information?

If you have more questions, you can visit www.BaseballPlayerWageLawsuit.com, email info@BaseballPlayerWageLawsuit.com, call 1-888-906-0571, or mail Senne v Office of the Commissioner of Baseball, c/o JND Legal Administration, P.O. Box XXXXX, Seattle, WA 98111. Complete copies of the pleadings, orders and other publicly filed documents in the lawsuit may be accessed for a fee through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

If you so choose, you may also direct questions to Class counsel, by writing, emailing or calling:

Garrett R. Broshuis
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
(314) 241-4844
Email: gbroshuis@koreintillery.com

Bobby Pouya
**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
(818) 788-8300
Email: bpouya@pswlaw.com