UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON SENNE, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>KANSAS CITY ROYALS BASEBALL CORP., et al.,<br><br>　　　　　Defendants. | Case No. 14-cv-00608-JCS<br><br>**ORDER GRANTING MOTION TO INTERVENE AND MOTION TO WITHDRAW AND VACATING JANUARY 15, 2021 HEARING**<br><br>Re: Dkt. Nos. 847, 848 |

Plaintiffs bring a Motion to Intervene, requesting that Cody Sedlock, Edwin Mateo, and Luis Yanel Diaz be permitted to intervene in this action as named Plaintiffs. They also bring a Motion to Withdraw Certain Previous Intervenors and to Dismiss their Claims without Prejudice ("Motion to Withdraw"). In the Motion to Withdraw, Corey Jones, Brian Hunter, and Shane Opitz ask to withdraw from the case and to have their claims dismissed without prejudice. These companion motions have been brought to cure a potential defect as to standing in connection with Plaintiffs' proposed Rule 23(b)(2) class. In particular, Jones, Hunter and Opitz are no longer minor league players and therefore may not have standing to assert claims for prospective relief as part of the Rule 23(b)(2) class. Sedlock, Mateo and Diaz, on the other hand, are current minor league players who are likely to have standing to seek such relief. Defendants do not oppose either motion, though they seek to condition their non-opposition to the Motion to Intervene on being permitted to conduct certain discovery as to the intervenors. Dkt. No. 855.

The Court GRANTS the Motion to Withdraw based on the stipulation of the parties and dismisses the claims of Corey Jones, Brian Hunter, and Shane Opitz without prejudice. The Court also GRANTS the Motion to Intervene on the basis that the requirements of permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure have been satisfied. The

Court declines to reach whether the proposed intervenors also have a right to intervene under Rule 24(a).  The Court also declines to address herein the discovery that will be permitted as to the intervenors.  If, as Defendants represent in their statement of non-opposition to the Motion to Intervene, the parties have agreed to certain discovery with respect to the intervenors, the parties may file a signed stipulation to that effect.  Otherwise, the Court will address any disputes as to the scope and timing of such discovery in the context of case management or on a properly noticed motion.  The Motion hearing set for **January 15, 2021** is vacated pursuant to Civil Local Rule 7-1(b).

**IT IS SO ORDERED.**

Dated:  January 6, 2021

_____
JOSEPH C. SPERO
Chief Magistrate Judge