UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON SENNE, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>KANSAS CITY ROYALS BASEBALL CORP., et al.,<br><br>        Defendants. | Case No. 14-cv-00608-JCS<br><br>**ORDER RE RULE 23 CLASS NOTICE PLAN** |

## I. INTRODUCTION

Pursuant to the Court's November 17, 2020 Case Management and Pretrial Order, Plaintiffs filed a Proposed Plan of Notice to Rule 23(b)(3) Class Members on December 11, 2020. The Court has set a deadline for disseminating class notices of January 29, 2021. During the course of briefing, the parties resolved some of their disputes. Additional meet and confer efforts after the initial round of briefing was completed resulted in further concessions and proposals by Defendants, as well as a new proposed long-form notice from Defendants, filed on January 13, 2021. *See* Docket No. 866. The Court's rulings are set forth below.[1]

## II. THE PROPOSED NOTICE PLAN

The parties have agreed to many features of the notice plan ("Plan") described in Plaintiffs' briefs. The Plan will be implemented by JND Legal Administration, a legal administration services provider retained by Plaintiffs' counsel following a competitive bidding process involving

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

1  multiple potential class action administrators.  Pouya Decl. (Docket No. 850-1) ¶ 2;  Intrepido-
2  Bowen Decl. (Docket No. 850-2) ¶ 3.  Under the Plan, notices will be sent directly to all known
3  members of the Classes 1) via email for all class members for whom an email address is available;
4  and 2) through regular mail for all class members for whom a mailing address is available.
5  Intrepido-Bowen Decl. ¶ 10.  Although Plaintiffs originally proposed that these notices would be
6  "short-form" notices that would refer class members to a case website maintained by Plaintiffs'
7  counsel, where more detailed information would be provided, they have now agreed that the direct
8  notice will be a single, consolidated "long-form" notice that will be sent to members of all three
9  Classes.  *See* Pouya Reply Decl. (Docket No. 860-1) ¶ 4.
10         However, a number of disputes remain.    First, Defendants argue that the procedures for
11  opting out under Plaintiffs' Proposed Notice Plan do not satisfy due process because they place an
12  undue burden on class members who seek to opt out.  Defendants' Response (Docket No. 853) at
13  8.  In particular, Defendants argue that the procedures for opting out envisioned under the
14  Proposed Notice Plan are "onerous"  because: 1) class members must create a Request for
15  Exclusion that includes information about the major league club(s) they played for and
16  approximate dates; and 2) class members are not permitted to  submit a Request for Exclusion on
17  the case website.  *Id.*  Defendants contend "Class members should be provided a convenient way
18  of opting out of a lawsuit, which Defendants propose should consist of completing a Request for
19  Exclusion Form and submitting it online, via email or mailing it back in a prepaid envelope or
20  simply emailing the notice administrator that they do not wish to participate in the case." *Id.* at 10.
21         Second, Defendants argue that the Plan does not satisfy due process because the notices
22  mailed to class members will be only in English while directing Spanish speakers to the case
23  website for further information.  *Id.* at 8-9;  *see also* Intrepido-Bowen Reply Decl. (Docket No.
24  860-2) ¶ 9 ("[T]o the extent that some Class Members may speak Spanish as their primary
25  language, the Plaintiffs' Proposed Long Form Notice includes a subheading in Spanish at the top
26  directing Spanish speaking Class Members to visit the case website to obtain a copy of the notice
27  in Spanish.").  Defendants note that "Plaintiffs sent notice of the FLSA collective in both English
28  and Spanish" and contend the same should be done here.  Defendant's Response at 9; Bloom Decl.

2

(Docket No. 853-1) ¶ 5 & Ex. D.

Third, Defendants contend the Notice Plan should provide for reminder notices to be sent to class members thirty days after the initial notice is sent. Defendants' Response at 10. Although Defendants previously argued that the reminders should be sent by email and by mail, they have now withdrawn the request that reminders be sent by mail in response to Plaintiffs' objections based on the cost and logistical difficulty of sending reminder postcards to class members. *See* Defendants' January 13, 2021 Letter (Docket No. 866) at 3.

Fourth, Defendants contend the notices must advise absent class members that the named Plaintiffs are asserting individual claims so that they can recover additional damages on these claims beyond those that they seek for the classes and that they have requested a bifurcated trial. Defendants' Response at 5. In their most recent proposed notice, Defendants have modified the language of the proposed section to address concerns Plaintiffs expressed in their Reply brief as to particular aspects of the section. Defendants' January 13, 2021 Letter at 3. Plaintiffs object generally to the inclusion of a section describing the individual claims of the named Plaintiffs.

Fifth, Defendants contend the notice should specifically list the teams who remain in the case as defendants. Defendants' Response at 5. In their most recent proposed notice, Defendants have also added language that makes clear that class members can participate even if they did not play for one of the clubs listed on the notice in response to Plaintiffs' objection to listing the Defendant teams in the notice. Defendants' January 13, 2021 Letter at 2.

Sixth, Defendants object to the short-form names used to describe the classes in the notice. Defendants' Response at 4-5. In their most recent proposal, they propose that the classes be called "California League Class," "Arizona Baseball Training Class" and "Florida Baseball Training Class" instead of "California Class," "Arizona Class" and "Florida Class." Defendants' January 13, 2021 Letter at 2.

Finally, Defendants have alerted the Court in their January 13, 2021 Letter that they object to the domain name Plaintiffs plan to use for the class website, "www.MiLBwagecase.com." Defendants' January 13, 2021 Letter at 2. Although Plaintiffs used "www.BaseballPlayer WageLawsuit.com" (the domain name used for the FLSA collective) in their original proposed

3

notice, they stated in their Reply brief that that domain name was no longer available. Plaintiffs' Reply (Docket No. 860) at 7. They informed Defendants of the new domain name on December 22, 2020, after Defendants had filed their response to Plaintiffs' original proposed notice. Pouya Reply Decl. ¶ 6. Defendants object to the new domain name on the basis that MiLB is an acronym for Minor League Baseball, which is not a party in this case. Defendants' January 13, 2021 Letter at 2. Defendants have suggested that Plaintiffs use the domain name "www.BaseballPlayerWageCase.com." *Id.*[2]

## III. LEGAL STANDARDS

For classes certified under Rule 23(b)(3) of the Federal Rules of Civil Procedure, the court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed.R.Civ.P. 23(c)(2)(B). "The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means." *Id.* Rule 23(c)(2)(B) further provides that:

> The notice must clearly and concisely state in plain, easily understood language:
>
> (i) the nature of the action;
>
> (ii) the definition of the class certified;
>
> (iii) the class claims, issues, or defenses;
>
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
>
> (v) that the court will exclude from the class any member who requests exclusion;

---

[2] Defendants previously argued that the notice should include contact information for Defendants' counsel but they have now dropped that request. *See* Defendants' January 13, 2021 Letter at 2. In addition, the most recent version of Section 6 of Defendants' proposed notice no longer contains the following sentence (to which Plaintiffs objected): "If Defendants prevail and if the Court awards the costs of litigation to Defendants, you may be assessed a pro rata share of the costs." *Compare* Pouya Reply Decl., Ex. B at ECF p. 15 with Defendants' January 13, 2021 Letter, Ex. B at ECF p. 19. The Court assumes Defendants have dropped their request to include this sentence in the notice.

4

|   |   |   |
|---|---|---|
| (vi) | the time and manner for requesting exclusion; and |
| (vii) | the binding effect of a class judgment on members under Rule 23(c)(3). |

*Id.*

Rule 23(c)(2) is designed to fulfill the requirements of due process. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974) (citing Advisory Committee note to Rule 23 and *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)).  Due process, in turn, requires notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314.  It is well-established that actual notice is not required so long as the notice approved by the court was the "best notice practicable." *See Silber v. Mabon*, 18 F.3d 1449, 1453 (9th Cir. 1994).

## IV.   DISCUSSION

### A.   Whether Opt-Out Procedures are Unduly Burdensome

The Court finds that the procedures for opting out proposed by Plaintiffs satisfy the requirements of Rule 23.  In particular, Plaintiffs' long form notice provides simple and clear instructions for opting out and gives class members the option of submitting their request to be excluded by mail or email to the claims administrator.  The basic information class members must provide in connection with a request to opt out is aimed at avoiding administrative errors that could result when players have similar names and is not unduly burdensome.  Nor is the notice plan defective because class members will not be provided with prepaid opt-out forms.  Courts have found that Rule 23 does not require that class members must be sent opt-out forms or that they be prepaid. *See Makaeff v. Trump Univ., LLC*, No. 10-CV-0940-GPC-WVG, 2015 WL 5638192, at *4 (S.D. Cal. Sept. 21, 2015) ("[P]re-paid opt-out cards are far from "routine."); *Krzesniak v. Cendant Corp.*, No. C 05-05156 MEJ, 2007 WL 4468678, at *3 (N.D. Cal. Dec. 17, 2007) (finding that Rule 23(b)(3) does not require an opt-out form be included as part of the notice and that such a separate form will "engender confusion" and may encourage class members to "unwittingly opt out of the class." (quoting *Roberts v. Heim*, 130 F.R.D. 416, 423 (N.D.

Cal.1988)))). The undersigned agrees with the reasoning of these cases and therefore rejects Defendants' arguments that Plaintiffs should be required to provide an opt-out form (whether pre-paid or not) to class members.   Therefore, the Court approves the procedures proposed by Plaintiffs with respect to opt-out procedures and the language in the proposed long form notice attached to Plaintiffs' Reply papers describing those procedures.  *See* Pouya Reply Decl., Ex. A (final version of Plaintiffs' proposed long form notice) § 5.

### B.     Whether Notice to Spanish Speakers is Adequate

Class notice must be given "in a manner that does not systematically leave any group without notice." *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 624 (9th Cir. 1982).  Thus, it is not uncommon for class notices to be in both English and Spanish. *See, e.g., Raquedan v. Volume Servs., Inc*., No. 18-CV-01139-LHK, 2020 WL 1929343, at *3 (N.D. Cal. Apr. 21, 2020) ("The parties' proposed notice plan is constitutionally sound because individual notices will be mailed in English and Spanish to all Class Members whose identities are known to the parties.").  On the other hand, courts (including the undersigned) have found that due process and Rule 23's notice requirement is satisfied where the notice sent to class members is in English only except for a notice in Spanish directing Spanish speakers to a website or 800 number where they can obtain complete information in Spanish. *See Wren v. RGIS Inventory Specialists*, No. C-06-05778JCS, 2009 WL 1705616, at *3 (N.D. Cal. June 17, 2009).

Here, the notice proposed by Plaintiffs directs Spanish speakers to the case website and to an 800 number where they can obtain information about the case in English or in Spanish. Intrepido-Bowden Decl. ¶¶ 24-25.  As Plaintiffs do not dispute that Spanish is the primary language of many class members and they deemed it appropriate to provided FLSA opt-in notices in both English and in Spanish, the Court concludes that the long-form Rule 23 notice that is to be sent to class members should also be in both English and Spanish.

### C.     Whether a Reminder Should be Required

Defendants propose that a "reminder" be sent to class members thirty days after the initial notice is sent.  While such notice might be appropriate if the evidence suggested that it will be difficult to reach class members by mail and email, *see Taafua v. Quantum Glob. Techs., LLC,* No.

1    18-CV-06602-VKD, 2020 WL 4732342, at *9 (N.D. Cal. Aug. 14, 2020), Defendants have not

2    offered such evidence. *See* Intrepido-Bowden Reply Decl. ¶ 10.  Therefore, the Court concludes

3    that Rule 23 and due process do not require that a second round of notices be sent to class

4    members as part of the Rule 23 notice plan.

### D. Whether the Notice Should Include Information about the Named Plaintiffs' Individual Claims

Defendants contends the notice must include information about the individual claims that the class representatives are pursuing separate from the class claims because the class representatives' recovery on their individual claims might exceed any recovery the classes might be awarded, giving rise to a conflict of interest.  In support of their argument, Defendants have cited *Krzesniak*, 2007 WL 4468678, in which the court held that the class notice should describe the claims of the class representatives along with the class claims because of "the potential conflict of interest they create[d]."  To the extent that Plaintiffs do not dispute that the individual claims of the named Plaintiffs may give rise to a potential conflict of interest, the Court will require that the class notice inform the class members of these claims.  Further, the Court finds Defendants' most recent proposed language is sufficient to address Plaintiffs' concerns about the wording of this section.[3]  Therefore, the Court approves the section entitled "Additional Claims by Plaintiffs" in Defendants' most recent proposed notice.  *See* Defendants' January 13, 2021 Letter, Ex. B at ECF p. 18.

### E. Whether Class Names Should be Changed

Defendants contend the class names used by Plaintiffs as short forms need to be modified to avoid confusion.  Given that Plaintiffs' proposed notice uses the short-form descriptions that have been used by this Court and by the Ninth Circuit, and that the short-form names are contained in the section that provides the actual class definitions, the Court concludes that the likelihood of confusion from using the class names that have been used throughout the case is

---

[3] The Court notes that Defendants proposed these changes to Plaintiffs several days prior to the parties' January 13, 2021 letters and that Plaintiffs did not respond to Defendants or offer any reason in their January 13, 2021 letter to the Court why the changes were not sufficient to address their concerns about the wording of this section.

1  minimal.  On the other hand, renaming the classes at this point in the litigation is likely to cause
2  confusion.  The Court therefore approves the short-form class names proposed by Plaintiffs.

### F. The Website Name

Defendants object to the new domain name on the basis that it includes "MiLB," which is an acronym for Minor League Baseball.  Given that Plaintiffs are current or former Minor League Baseball Players and that Defendants include many Minor League Baseball teams, the proposed domain name arguably is a relatively accurate description of the case.  Nonetheless, to the extent that the domain name proposed by Defendants is currently available, the Court will require Plaintiffs to use that domain name as it is very close to the domain name that was used without objection for the FLSA collective and will not give rise to any confusion as to whether MiLB is a party in this case.[4]

### G. Whether the Team Defendants Should be Listed

The parties disagree on whether the description of the case in section 2 of the proposed notice should include a list of the teams that remain as defendants in this case.  Plaintiffs objected to listing the teams on the basis that it might confuse class members who did not play for one of the listed teams, but Defendants have now added a sentence  to their proposed notice stating that "[y]ou may still be a class member even if you did not play for one of the Clubs listed above." *See* Defendants' January 13, 2021 Letter, Ex. B at ECF p. 17.  Plaintiffs have not offered any reason why this additional sentence does not address their concerns and the Court finds that it does. Therefore, the Court approves the language proposed by Defendants in the first paragraph of section 2. *See id.*

### H. Miscellaneous Provisions

The Court rules as follows on the parties' remaining disputes:

- Plaintiffs proposed deleting the following sentence from Section 3 of the proposed notice: "This case involves three separate 'classes' and you may be a member of

---

[4] If Plaintiffs are unable to obtain the domain name proposed Defendants, Plaintiffs should find a domain name that closely resembles the one proposed by Defendants.  The Court expects that the parties will be able resolve this minor dispute without the need for any further briefing or Court intervention.

8

one or more classes." Plaintiffs have not explained the basis for their objection to this sentence. The Court approves its inclusion in the notice.

- Defendants proposed notice including the phrase "(favorable or unfavorable)" in section 7, implying that class members may be adversely affected if they do not opt out and Plaintiffs do not prevail on their class claims. *See* Defendants' January 13, 2021 Letter, Ex. B at ECF p. 19 ("If you opt-out of any of the Classes, you will not be able to participate in or be affected by any judgment **(favorable or unfavorable)** or settlement obtained on behalf that Class . . . ."). The Court finds that this phrase is not appropriate and therefore approves Plaintiffs' version of section 7.
- Defendants' comments made on the most recent proposed notice indicate that they do not agree to Plaintiffs' posting documents filed in this case on the case website because "this will be confusing." *See* Defendants' January 13, 2021 Letter, Ex. B at ECF p. 20 ("We do not agree to Court documents being posted on the website. This will be confusing."). This objection has no merit and is overruled.

## V.      CONCLUSION

The Court has attempted to address all of the parties' disagreements with respect to the proposed class notice. This task has been made immeasurably more difficult by the parties' failure to meet and confer in an effective and timely manner, forcing the Court to address a constantly moving target and putting time pressure on the Court of the parties' making. Moreover, even after allowing additional time for the parties to meet and confer, numerous small differences in phrasing that should have been easily resolved by the parties were left to the Court to resolve. At the same time, the Court did not receive notice that the parties' recent meet and confer efforts had apparently ended until almost a week later, when it was also told that a ruling was required in just a few days to meet the notice deadline previously set by the Court. The Court expects that going forward, the parties will make a greater effort to avoid burdening the Court with trivial disputes that they should have been able to resolve without Court intervention and will have the courtesy to inform the Court promptly when the Court's assistance is required.

The parties shall submit a stipulated proposed notice consistent with this Order for final Court approval by **7:00 a.m. Pacific Time on January 18, 2021**.

**IT IS SO ORDERED.**

Dated: January 14, 2021

_____
JOSEPH C. SPERO
Chief Magistrate Judge