STEPHEN M. TILLERY *(pro hac vice)*
  stillery@koreintillery.com
GARRETT R. BROSHUIS *(*Bar No. 329924)*(pro hac vice)*
  gbroshuis@koreintillery.com
ROBERT L. KING (Bar No. 331709)*(pro hac vice)*
  rking@koreintillery.com
JAMIE L. BOYER *(pro hac vice)*
  jboyer@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525


CLIFFORD H. PEARSON (Bar No. 108523)
  cpearson@pswlaw.com
DANIEL L. WARSHAW (Bar No. 185365)
  dwarshaw@pswlaw.com
BOBBY POUYA (Bar No. 245527)
  bpouya@pswlaw.com
THOMAS J. NOLAN (Bar No. 66992)          BENJAMIN E. SHIFTAN (Bar No. 26576)
  tnolan@pswlaw.com                        bshiftan@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**        **PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400       350 Sansome Street
San Francisco, CA 94103                  Sherman Oaks, CA 91404
Telephone: (818) 788-8300                Telephone: (415) 433-9000
Facsimile: (818) 788-8104                Facsimile: (415) 433-9008

Plaintiffs' Co-Lead Class Counsel

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated;<br><br>Plaintiffs,<br><br>vs.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL; et al.;<br><br>Defendants. | CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM IN SUPPORT**<br><br>Hearing date: May 28, 2021<br>Hearing Time: 9:30 a.m.<br>Courtroom: F, 15th Floor<br>Judge: Honorable Joseph C. Spero |

**NOTICE OF MOTION AND MOTION**

Please take notice that Bryan Henry will and hereby does move to intervene in this case. Mr. Henry asks that this motion be heard on May 28, 2021 at 9:30 a.m., or at the earliest date that the Court deems this motion suitable for resolution with or without oral argument at the Court's discretion, (L.R. 7-1(b)), in Courtroom F, 15th Floor of the U.S. District Court for the Northern District of California, San Francisco Division, before the Honorable Joseph C. Spero.

This motion is made pursuant to Federal Rule of Civil Procedure 24. Mr. Henry has a right to intervene since he meets the requirements of Rule 24(a); alternatively, he asks the Court to permissively allow him to intervene under Rule 24(b). This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the accompanying Complaint in Intervention, the records on file in this action, and upon additional evidence and argument as may be presented at or before the hearing on this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Bryan Henry, a former minor league baseball player, seeks to intervene to replace Roberto Ortiz as a class representative in the case. Mr. Ortiz is currently the only class representative who worked in the minors for the Arizona Diamondbacks, and class counsel will soon seek to withdraw him as a class representative. Mr. Henry also worked in the minor leagues for the Diamondbacks. He previously opted into the case's FLSA Collective in March 2015. *See* Doc. 366. To ensure that Mr. Ortiz's withdrawal as a class representative does not create any potential issues related to standing, Mr. Henry seeks to replace him.

It is not uncommon for class representatives to be replaced during the course of lengthy litigation. Nearly four years passed while the case was on appeal, and the possible need to replace Mr. Ortiz with Mr. Henry only recently became known. With the appeal over, and with trial still 16 months away, now is an appropriate time for Mr. Henry to be substituted for him.

Before filing this Motion, Plaintiffs conferred with Defendants. Defendants indicated that they did not anticipate opposing this Motion so long as Plaintiffs agreed that Defendants are entitled to seek deposition time and written discovery from Mr. Henry. Plaintiffs agreed that Defendants are entitled to depose Mr. Henry and are entitled to written discovery from him that is similar in scope to the written discovery agreed to be provided by the named Plaintiffs. Broshuis Decl., ¶ 3. Thus, it is anticipated that this motion will go unopposed.

Moreover, Mr. Henry has a right to intervene under Rule 24. He has moved in a timely fashion upon learning of the upcoming withdrawal of Mr. Ortiz as a class representative; has legal interests that may be impaired by the proceedings; and brings forth interests that may not be adequately represented by current class representatives. Under these circumstances, he must be permitted to intervene under Rule 24(a). If the Court determines that he does not have an absolute right to intervene, however, then Mr. Henry respectfully asks that the Court exercise its discretion to allow him to permissively intervene under Rule 24(b).

**ARGUMENT**

"[T]he weight of existing authority indicates a motion to intervene is the proper procedure to follow for a class member who wishes to join a lawsuit as a representative plaintiff." *Munoz v. PHH Corp.*, No. 1:08-CV-0759-AWI-BAM, 2013 WL 3935054, at *5 (E.D. Cal. July 29, 2013). Intervention can be permitted as a matter of right under Rule 24(a) or permissively permitted pursuant to the Court's discretion under Rule 24(b). As detailed below, the intervenors satisfy the requirements for both forms of intervention, so their motion should be granted.

**I.   Mr. Henry has the right to intervene under Rule 24(a).**

In its March 2017 Order that previously allowed certain players to intervene, the Court relied on permissive intervention under Rule 24(b) without reaching intervention as a matter of right. Doc. 782. The Court did so again when recently granting a second motion to intervene. Doc. 862. If the Court takes the same approach for this motion, there would again be no need for the Court to perform the Rule 24(a) analysis. Yet Mr. Henry respectfully believes that he does have the right to intervene, so Rule 24(a) will be analyzed here.

Rule 24(a) states that, on a "timely motion, the court must permit anyone to intervene" who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Courts should "construe Rule 24(a) liberally in favor of potential intervenors," and should be guided by practicalities—not technicalities. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). As articulated in *Berg*, the Ninth Circuit uses a four-part test to evaluate motions under Rule 24(a):

> (1) the application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit.

*Id.* Mr. Henry meets all four requirements.

*Timeliness*. The first requirement is that the motion be timely. "Timeliness is a flexible concept," *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004), but courts are guided by three considerations: (1) the stage of the proceeding; (2) the prejudice to other parties; and (3) the reason for and length of the delay. *United States v. State of Or.*, 745 F.2d 550, 552 (9th Cir. 1984). "Mere lapse of time alone is not determinative." *Id.* In motions to intervene by putative class members in a class action, timeliness is measured in relation to when the proposed intervenors became aware that their interests "would no longer be protected by the named class representatives." *Hill v. W. Elec. Co.*, 672 F.2d 381, 386 (4th Cir. 1982).

It is appropriate at this stage of the proceedings for Mr. Henry to intervene. During the pendency of the appeal, and until it was determined that Mr. Ortiz would be withdrawn as a class representative, there was no need for Mr. Henry to seek to intervene because his interests were already adequately represented by current class representatives. With the withdrawal of Mr. Ortiz, that has possibly changed, and Mr. Henry is promptly seeking to intervene.

Not only has there been no delay, but there is no prejudice to Defendants—which is the "most important consideration" of timeliness. *State of Or.*, 745 F.2d at 552. Prejudice is measured by the "harm that arises from late intervention as opposed to early intervention." *Munoz*, 2013 WL 3935054, at *8. No new legal theories are being presented, so the scope of the case will not change. *See Home Builders Ass'n of N. Cal. v. U.S. Fish & Wildlife Serv.*, No. CIV.S-05-629 LKK/GGH, 2006 WL 1455430, at *3 (E.D. Cal. May 24, 2006) (no prejudice results when intervenors "make the same fundamental arguments"). Any further discovery burdens will be minimal. The parties have agreed that Defendants are entitled to discovery from him that is similar in scope to the discovery agreed to be provided by the named Plaintiffs, but given the case management order recently entered, there is time for this to take place. *See* Doc. 842.

And in the absence of intervention, Mr. Henry would be permitted to file his own separate suit, which would lead to the need for further discovery anyway. It is far more efficient for this discovery to fold into the existing progress already achieved in this case. *See Kamakahi v. Am. Soc'y for Reprod. Med.*, No. 11-CV-01781-JCS, 2015 WL 1926312, at *4 (N.D. Cal. Apr. 27, 2015) (Spero, J.)

("The actual work that will need to be done as a result of intervention is almost entirely the same work that would have been required if Proposed Intervenors had intervened earlier, or even if they had been parties from the outset: Defendants will need to take Proposed Intervenors' depositions and perhaps conduct other discovery limited to their personal capacity to serve as Rule 23(b)(2) subclass representatives.").

*Significantly protectable interest.* The intervenor must also have a significantly protectable interest in the action. This is a "practical, threshold inquiry," and "[n]o specific legal or equitable interest" is needed. *Berg*, 268 F.3d at 818. The requirement is generally satisfied when the asserted interest is "protectable under some law" and the claims at issue relate to that interest. *Id.*

A class member has a significantly protectable interest in a class action. *Glass v. UBS Fin. Servs., Inc.*, No. C-06-4068 MMC, 2007 WL 474936, at *2 (N.D. Cal. Jan. 17, 2007), *aff'd*, 331 F. App'x 452 (9th Cir. 2009) ("As [intervenor] is a member of the *Glass* class, he has a significant protectable interest relating to the subject of the instant action."); *Koike v. Starbucks Corp.*, 602 F. Supp. 2d 1158, 1161 (N.D. Cal. 2009) ("Because FRCP 23 provides Nguyen with a procedure for pursuing his claims, the court finds Nguyen's interest in the procedural vehicle of a class action to be significantly protectible."). As the Third Circuit has stated,

> In the class action context, the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation. Therefore, when absent class members seek intervention as a matter of right, the gravamen of a court's analysis must be on the timeliness of the motion to intervene and on the adequacy of representation.

*In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 314 (3d Cir. 2005).

Although the Ninth Circuit in *Berg* made clear that a specific *legal* interest is not required, there *are* specific legal interests here: the case implicates Mr. Henry's statutorily protected rights because his claims overlap with the claims at issue in the case. *See Munoz*, 2013 WL 3935054, at *11-12 (absent class members' RESPA claims that overlapped with the class claims provided a significant protectable interest). Thus, there are significantly protectable interests that directly relate to the case's core claims.

*Possible impairment of that interest.* "If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to

intervene." *Berg*, 268 F.3d at 822. It is enough that the interests *may* be affected—absolute certainty is not required. *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 900 (9th Cir. 2011).

The interests of Mr. Henry may be affected in multiple ways. First, there are the possible stare decisis effects on his claims. The Eleventh Circuit has found this alone to be enough to support intervention as a matter of right under similar circumstances. *Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004). In *Stone*, an age discrimination case, the district court initially certified an opt-in class and later decertified it. *Id.* at 1307. Opt-ins then sought to intervene, and the Court denied the motion. *Id.* at 1308. The Eleventh Circuit reversed, holding that they had the right to intervene. The case alleged that a central policy violated age discrimination laws, so the district court's ruling in the case would "influence later suits" and have "significant persuasive effects." *Id.* at 1310. These effects were "sufficiently significant to warrant intervention." *Id.*; *see also Cook v. Boorstin*, 763 F.2d 1462, 1471 (D.C. Cir. 1985) (overturning denial of right to intervene to absent class members in race discrimination case after class certification denied because they had a right to intervene). The same is true for Mr. Henry here because the Court's decisions on MLB's uniform policies will certainly influence any later suits that might be brought.

Second, there are possible class action-related decisions that may substantially affect the intervenor's interest. Again, the Third Circuit has held that these interests automatically satisfy Rule 24(a). *In re Cmty. Bank of N. Virginia*, 418 F.3d at 314. Mr. Henry is seeking to intervene to replace a class representative. While Mr. Henry could file his own separate action, doing so would not just be inefficient—it would also impair his interest in proceeding as a class. And due to minor leaguers' fear of reprisal for joining the lawsuit, along with the relatively small size of the individual claims, it may mean that the claims of many minor leaguers will never be brought. *See Munoz*, 2013 WL 3935054, at *12 (since many putative class members may not file a suit, denying intervention "will impair the interests of [the intervenor] and the class members she seeks to represent").

*Adequate representation*. "The burden on proposed intervenors in showing inadequate representation is minimal, and would be satisfied if they could demonstrate that representation of their interests 'may be' inadequate." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972). It is

relevant whether the existing plaintiffs are capable of making the intervenor's arguments, and whether the intervenor offers something that would otherwise be neglected. *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983).

The drafters of Rule 24 intended for class members to use intervention to protect interests in class actions under these circumstances. As Rule 24's advisory comments from 1966 state, "a member of a class should have the right to intervene in a class action if he can show the inadequacy of the representation of his interest by the representative parties before the court."[1] As noted above, Mr. Ortiz (who will be withdrawn as a class representative) is currently the only class representative who played in the minors for the Arizona Diamondbacks—something that Mr. Henry has in common with Mr. Ortiz. *See* Broshuis Decl., ¶ 2. To ensure that his claims are adequately represented, Mr. Henry seeks to replace Mr. Ortiz as a class representative.

Since Mr. Henry meets all the requirements of intervention as a matter of right, the Court should grant the motion.

## II. Alternatively, Mr. Henry asks to permissively intervene under Rule 24(b).

If the Court does not find Rule 24(a)'s requirements met, it should still grant permission to intervene under Rule 24(b). This was the approach previously taken by the Court in its March 2017 Order, Doc. 782, and more recently when granting the second motion to intervene, Doc. 862. The same analysis would apply here. Permissive intervention has three elements: timeliness, commonality, and a basis for jurisdiction. *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996).

This motion is timely for the reasons provided in the preceding section, in that Mr. Henry is seeking to intervene at the same time a class representative will be withdrawn. *See* Doc. 782 at 38 (finding previous intervenor had timely moved to intervene after a class representative had

---

[1] The comment goes on to state: "A class member who claims that his 'representative' does not adequately represent him, and is able to establish that proposition with sufficient probability, should not be put to the risk of having a judgment entered in the action which by its terms extends to him, and be obliged to test the validity of the judgment as applied to his interest by a later collateral attack. Rather he should, as a general rule, be entitled to intervene in the action." Rule 24 Advisory Committee Note to the 1966 Amendment.

withdrawn). And there will be no prejudice. As the Court previously found, the intervenors "could assert these same claims in a separate action," the "same discovery would be necessary if the Court were to require them to file separate actions," and there are "no imminent deadlines" that would be impacted by intervention. *Id.*

Also, commonalities are present because Mr. Henry has claims that "share a common question of law or fact" in the main action. *See* R. 24(b)(1)(B). Looking to the Court's original class certification order, the commonalities include the legality of not paying any wages for work performed outside the season, of not paying overtime pay no matter how many hours worked, and of often not paying at least the minimum wage during the season. *See* Dkt. 687, at 62-63. Lastly, the Court has jurisdiction over the FLSA claims under 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

As the Court held in its March 2017 Order, it is "in the interest of judicial efficiency" to allow Mr. Henry—with "claims based on essentially the same theories and evidence as those of the existing Named Plaintiffs"—to enter this case. *Id.* Indeed, because of the length of the appeal, the stage of proceedings has not changed significantly since the Court entered that March 2017 Order. The main things that have changed are that the Rule 23(b)(3) classes have been certified, and a class representative will be withdrawn. *See also Kamakahi*, 2015 WL 1926312, at *4 (allowing members of putative class who had standing to pursue injunctive relief to intervene after the Court denied Rule 23(b)(2) class certification based on a lack of standing).

And to reiterate, Defendants have represented that they do not anticipate opposing this Motion so long as Plaintiffs agreed that Defendants had the right to seek supplemental discovery from Mr. Henry. Plaintiffs agreed to that, so there likely will not be opposition to Mr. Henry entering the case. Broshuis Decl., ¶ 3.

### III. In accordance with Rule 24(c), a complaint in intervention is included.

In accordance with Rule 24(c), a proposed complaint in intervention is being filed in support of this motion. As with the previous motions to intervene, the complaint in intervention adopts the allegations in the operative complaint in the case, Dkt. 382, and it adds allegations specific to Mr.

Henry. Mr. Henry respectfully asks that the proposed complaint in intervention be deemed filed and served as of the date of the Order granting the motion to intervene.

## CONCLUSION

For the foregoing reasons, the Court should grant the motion to intervene pursuant to Rule 24 and deem the proposed complaint in intervention filed and served.

DATED: April 22, 2020                                   Respectfully submitted,

                                            /s/ Garrett R. Broshuis

**PEARSON, SIMON & WARSHAW LLP**
CLIFFORD H. PEARSON
THOMAS J. NOLAN
DANIEL L. WARSHAW
BOBBY POUYA
BENJAMIN E. SHIFTAN
MICHAEL H. PEARSON

**KOREIN TILLERY, LLC**
STEPHEN M. TILLERY (pro hac vice)
ROBERT KING
GARRETT R. BROSHUIS
JAMIE BOYER (pro hac vice)

*Plaintiffs Co-Lead Class Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record registered for electronic filing.

/s/ *Garrett R. Broshuis*
Garrett R. Broshuis