**PROSKAUER ROSE LLP**
ELISE M. BLOOM (admitted *pro hac vice*)
ebloom@proskauer.com
NEIL H. ABRAMSON (admitted *pro hac vice*)
nabramson@proskauer.com
ADAM M. LUPION (admitted *pro hac vice*)
alupion@proskauer.com
RACHEL S. PHILION (admitted *pro hac vice*)
rphilion@proskauer.com
NOA M. BADDISH (admitted *pro hac vice*)
nbaddish@proskauer.com
JOSHUA S. FOX (admitted *pro hac vice*)
jfox@proskauer.com
Eleven Times Square
New York, NY 10036
Telephone:  (212) 969-3000
Facsimile:  (212) 969-2900

**PROSKAUER ROSE LLP**
PHILIPPE A. LEBEL (SBN 274032)
plebel@proskauer.com
2029 Century Park East, 24th Floor
Los Angeles, CA 90067-3010
Telephone:  (310) 557-2900
Facsimile:  (310) 557-2193

**PROSKAUER ROSE LLP**
MARK W. BATTEN (admitted *pro hac vice*)
mbatten@proskauer.com
SAMANTHA R. MANELIN (admitted *pro hac vice*)
smanelin@proskauer.com
One International Place
Boston, MA 02110-2600
Telephone:  (617) 526-9600
Facsimile:  (617) 526-9899

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AARON SENNE, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL, *et al.*<br><br>Defendants. | Case No. CV 14-00608 JCS (consolidated with 3:14-cv-03289-JCS)<br><br>Hon. Joseph C. Spero<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Pursuant to Civil Local Rules 79-5(b), 79-5(d) and 79-5(e), Defendants submit this Administrative Motion to File Certain Documents Under Seal In Support of Defendants' Motion for Partial Summary Judgment.  Defendants respectfully request that the Court seal the following documents, which are attached to the Declaration of Elise M. Bloom in Support of Defendants' Motion for Partial Summary Judgment (the "Bloom Decl."):

| # | Document Description |
|---|---|
| 1 | Ex. 2 to Bloom Decl., summary chart reflecting the MLB Clubs' "establishments" at their spring training facilities in Florida or Arizona, including the years of operation of each "establishment," and the analysis of the average of the gross receipts derived by the Club at each "establishment" during the lowest six months compared to the highest six months of each year |
| 2 | Ex. 120 to Bloom Decl., Declaration of Tom Harris, Bates Numbers ARI0073955-ARI0073958 |
| 3 | Ex. 121 to Bloom Decl., Declaration of Kim Childress, Bates Numbers ATL0000759-ATL0000762 |
| 4 | Ex. 122 to Bloom Decl., Declaration of Michael Hoppes |
| 5 | Ex. 123 to Bloom Decl., Declaration of Ryan Oremus, Bates Numbers BOS0002070-BOS0002073 |
| 6 | Ex. 124 to Bloom Decl., Declaration of Danielle Lewis, Bates Numbers CHC0032687-CHC00322690 |
| 7 | Ex. 125 to Bloom Decl., Declaration of Mary Beth Hardina, Bates Numbers CWS0001421-CWS0001425 |
| 8 | Ex. 126 to Bloom Decl., Declaration of Bentley Viator, Bates Numbers CIN0032986-CIN0032989 |
| 9 | Ex. 127 to Bloom Decl., Declaration of Erica Chambers, Bates Numbers CLE0001173-CLE0001176 |
| 10 | Ex. 128 to Bloom Decl., Declaration of Michael J. Kent, Bates Numbers COL0061266-COL0061269 |
| 11 | Ex. 129 to Bloom Decl., Declaration of Kelli Kollman, Bates Numbers DET0019571-DET0019574 |
| 12 | Ex. 130 to Bloom Decl., Declaration of Luke Franken, Bates Numbers HOU0027485-HOU0027489 |
| 13 | Ex. 131 to Bloom Decl., Declaration of David Laverentz, Bates Numbers KAN0028839-KAN0028842 |

| # | Document Description |
|---|---|
| 14 | Ex. 132 to Bloom Decl., Declaration of Molly Jolly, Bates Numbers LAA0027121-LAA0027124 |
| 15 | Ex. 133 to Bloom Decl., Declaration of Mary Beth Hardina, Bates Numbers LAD0062662-LAD0062666 |
| 16 | Ex. 134 to Bloom Decl., Declaration of Pam Sartory, Bates Numbers MIA0053817-MIA0053820. |
| 17 | Ex. 135 to Bloom Decl., Declaration of Daniel Fumai, Bates Numbers MIL0019718-MIL0019721 |
| 18 | Ex. 136 to Bloom Decl., Declaration of Andrew Weinstein, Bates Numbers MIN0017767-MIN0017770 |
| 19 | Ex. 137 to Bloom Decl., Declaration of Paul Taglieri, Bates Numbers NYM0018290-NYM0018293 |
| 20 | Ex. 138 to Bloom Decl., Declaration of Anthony Bruno, Bates Numbers NYY0016981-NYY0016984 |
| 21 | Ex. 139 to Bloom Decl., Declaration of Adam Tyhurst, Bates Numbers OAK0010347-OAK0010350 |
| 22 | Ex. 140 to Bloom Decl., Declaration of Shannon Snellman, Bates Numbers PHI0003999-PHI0004002 |
| 23 | Ex. 141 to Bloom Decl., Declaration of Libby Waltman, Bates Numbers PIT0024705-PIT0024708 |
| 24 | Ex. 142 to Bloom Decl., Declaration of Chris James, Bates Numbers SDP0013603-SDP0013606 |
| 25 | Ex. 143 to Bloom Decl., Declaration of Erik Mattias, Bates Numbers SFG0046264-SFG0046267 |
| 26 | Ex. 144 to Bloom Decl., Declaration of Tim Kornegay, Bates Numbers SEA0045248-SEA0045251 |
| 27 | Ex. 145 to Bloom Decl., Declaration of Pam Sartory, Bates Numbers STL0037432-STL0037435 |
| 28 | Ex. 146 to Bloom Decl., Declaration of Rob Gagliardi, Bates Numbers TBR0000976-TBR0000979 |
| 29 | Ex. 147 to Bloom Decl., Declaration of Starr Gulledge, Bates Numbers TEX0034329-TEX0034332 |
| 30 | Ex. 148 to Bloom Decl., Declaration of Janet Chant, Bates Numbers TOR0053172-TOR0053175 |
| 31 | Ex. 149 to Bloom Decl., Declaration of Ted Towne, Bates Numbers WAS0005587-WAS0005591 |
| 32 | Ex. 250 to Bloom Decl., Bates Number BOS0000838 |

2

DEFENDANTS' ADMINISTRATIVE MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

| # | Document Description |
|---|---|
| 33 | Ex. 251 to Bloom Decl., Bates Number KAN0014816 |
| 34 | Ex. 252 to Bloom Decl., Bates Number MIA0053759 |
| 35 | Ex. 253 to Bloom Decl., Bates Number PHI0001672 |
| 36 | Ex. 254 to Bloom Decl., Bates Number PHI0001725 |
| 37 | Ex. 255 to Bloom Decl., Bates Number PHI0001753 |
| 38 | Ex. 256 to Bloom Decl., Bates Number PHI0001772 |
| 39 | Ex. 257 to Bloom Decl., Bates Number PHI0003627 |
| 40 | Ex. 258 to Bloom Decl., Bates Number PIT0014788 |
| 41 | Ex. 259 to Bloom Decl., Bates Number SEA0039774 |
| 42 | Ex. 260 to Bloom Decl., Bates Number SFG0000058 |
| 43 | Ex. 261 to Bloom Decl., Bates Number TOR0051827 |
| 44 | Ex. 236 to Bloom Decl., Supplemental Rebuttal Report of Denise N. Martin, Ph.D., dated September 27, 2021 |
| 45 | Ex. 234 to Bloom Decl., Supplemental Report of Brian Kriegler, Ph.D., dated August 13, 2021 |
| 46 | Ex. 235 to Bloom Decl., Expert Report of Denise N. Martin, Ph.D., dated August 16, 2016 |

The aforementioned documents shall collectively be referred to as the "Proposed Sealed Documents" and as explained below and in the accompanying Declaration of Elise M. Bloom in Support of Defendants' Administrative Motion to Seal on behalf of Defendants and the Non-Party Dismissed MLB Clubs (Atlanta Braves, Boston Red Sox, Chicago White Sox, Cleveland Indians, Philadelphia Phillies, Tampa Bay Rays, Washington Nationals), with the exception of the Baltimore Orioles ("Bloom Sealing Decl."), the documents are sealable and entitled to protection under the law.

*First*, documents referenced above and marked #1 through #31 (Exhibits 2, and 120 to 149 of the Bloom Decl.) (the "Gross Receipts Documents") are sealable and entitled to protection under the law because they have been designated as "Confidential-Restricted" by Defendants and the Non-Party Dismissed MLB Clubs pursuant to the Stipulated Protective Order in this action (Dkt. No. 233), and they contain confidential and proprietary financial information with respect to the gross receipts derived by each of the thirty (30) MLB Clubs related to the

3

DEFENDANTS' ADMINISTRATIVE MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

Clubs' presentation of baseball-related activities at their spring training facilities in Florida or Arizona.  (*See* Bloom Sealing Decl. ¶ 6A.)  The information contained in the Gross Receipts Documents are not publicly available, and if the information was publicly disclosed or made available to other Clubs, the Clubs would suffer business harm.  (*Id.*)

*Second*, documents referenced above and marked #32 through 43 and portions of the document marked #44 (Exhibits 250 to 261 of the Bloom Decl., daily schedules and portions of the Supplemental Rebuttal Report of Denise Martin, Ex. 234 of the Bloom Decl.) (the "Daily Schedules") are sealable and entitled to protection under the law because they have been designated as "Confidential-Restricted" or "Confidential" by Defendants and certain Non-Party Dismissed MLB Clubs pursuant to the Stipulated Protective Order in this action (Dkt. No. 233).  The Daily Schedules contain the specific types of training activities that the Clubs each offer to their Players in the form of "daily schedules," which are broken down by day, activity, hour and in many cases fractions of hours.  (*See* Bloom Sealing Decl. ¶ 6B.)  The Daily Schedules are developed by each Club for the purpose of maximizing training opportunities and player development, are unique to each Club, and are not shared outside of the particular organization that created the "daily schedules."  (*Id.*)  The Clubs would suffer harm if the Daily Schedules were publicly disclosed or made available to other Clubs.  (*Id.*)  For these reasons, the Court has previously granted Defendants' request to seal "daily schedules" in this action.  (*See* Dkt. No. 607, 705.)

*Third*, the documents referenced above and marked #44 and 45 (Bloom Decl. Ex. 236, the Supplemental Report of Brian Kriegler, and Bloom Decl. Ex. 234, portions of the Supplemental Rebuttal Report of Denise Martin) are sealable and entitled to protection under the law because they have been designated as "Confidential" by Plaintiffs and Defendants pursuant to the Stipulated Protective Order in this action (Dkt. No. 233).  The documents contain damages calculations based on confidential payroll information produced by the Clubs that are not disclosed publicly or to other Clubs.  (*See* Bloom Sealing Decl. ¶ 6C.)  The Clubs would suffer a disadvantage if the information is disclosed to the public and other Clubs.  (*Id.*)  In addition,

4

DEFENDANTS' ADMINISTRATIVE MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

damages calculations based on individual payroll records should not be publicly disclosed based on privacy concerns of Plaintiffs and the class/collective members. (*Id.*)

*Fourth,* portions of the document referenced above and marked #46 (Bloom Decl. Ex. 235, the Expert Report of Denise N. Martin, Ph.D., dated August 16, 2016) are sealable and entitled to protection under the law because it quotes a Player Development Manual that has been designated as "Confidential-Restricted" by Defendants pursuant to the Stipulated Protective Order in this action (Dkt. No. 233). Each individual Baseball Club produces proprietary Player Development Manuals for its players and player development staff (*e.g.*, managers, coaches, trainers, coordinators). (*See* Bloom Sealing Decl. ¶ 6D.) These Player Development Manuals contain individual Club player development strategies and philosophies and individual Club-specific direction to players and staff. (*Id.*) These documents are what the individual Clubs use to cultivate their unique player development programs. (*Id.*) These documents are not shared outside the individual Clubs, and the individual Clubs would suffer harm if these documents were publicly disclosed or made available to other Clubs. (*Id.*)

This request is supported by an accompanying declaration from Elise M. Bloom. In compliance with Civil Local Rule 79-5(d), Defendants also submit a proposed order and redacted and unredacted copies of the Proposed Sealed Documents. Defendants will also provide to the Court a courtesy copy of the administrative motion, declaration, proposed order, and redacted and unredacted versions of all documents sought to be sealed. Pursuant to Civil Local Rule 79-5(e), Defendants will serve the supporting declaration of Elise M. Bloom on the appropriate counsel for the designating parties Plaintiffs and the Non-Party Dismissed MLB Club Baltimore Orioles.

Pursuant to Civil Local Rule 79-5(e)(1), within 4 days of the filing of the Administrative Motion to File Under Seal, the designating parties Plaintiffs and the Non-Party Dismissed MLB Club Baltimore Orioles must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material are sealable.

5

DEFENDANTS' ADMINISTRATIVE MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

Dated: October 29, 2021

PROSKAUER ROSE LLP
ELISE M. BLOOM (*pro hac vice*)
NEIL H. ABRAMSON (*pro hac vice*)
ADAM M. LUPION (*pro hac vice*)
MARK W. BATTEN (*pro hac vice*)
RACHEL PHILION (*pro hac vice*)
JOSHUA S. FOX (*pro hac vice*)
NOA M. BADDISH (*pro hac vice*)
PHILIPPE A. LEBEL
SAMANTHA R. MANELIN (*pro hac vice*)

By: */s/ Elise M. Bloom*
Elise M. Bloom
Attorneys for Defendants

6

DEFENDANTS' ADMINISTRATIVE MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT – CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)