**PROSKAUER ROSE LLP**
ELISE M. BLOOM (admitted *pro hac vice*)
ebloom@proskauer.com
NEIL H. ABRAMSON (admitted *pro hac vice*)
nabramson@proskauer.com
ADAM M. LUPION (admitted *pro hac vice*)
alupion@proskauer.com
RACHEL S. PHILION (admitted *pro hac vice*)
rphilion@proskauer.com
NOA M. BADDISH (admitted *pro hac vice*)
nbaddish@proskauer.com
JOSHUA S. FOX (admitted *pro hac vice*)
jfox@proskauer.com
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

**PROSKAUER ROSE LLP**
PHILIPPE A. LEBEL (SBN 274032)
plebel@proskauer.com
2029 Century Park East, 24th Floor
Los Angeles, CA 90067-3010
Telephone: (310) 557-2900
Facsimile: (310) 557-2193

**PROSKAUER ROSE LLP**
MARK W. BATTEN (admitted *pro hac vice*)
mbatten@proskauer.com
SAMANTHA R. MANELIN (admitted *pro hac vice*)
smanelin@proskauer.com
One International Place
Boston, MA 02110-2600
Telephone: (617) 526-9600
Facsimile: (617) 526-9899

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AARON SENNE, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL, *et al.*,<br><br>Defendants. | Case No. CV 14-00608 JCS (consolidated with 3:14-cv-03289-JCS)<br><br>Hon. Joseph C. Spero<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' STATEMENT IN PARTIAL SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL IN CONNECTION WITH PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT (L.R. 7-11, 79-5)** |

Pursuant to Civil Local Rule 7-11(b), Defendants and the Non-Party Dismissed MLB Clubs with the exception of the Baltimore Orioles[1] (collectively, the "Designating Parties") submit this Statement in Partial Support of Plaintiffs' Administrative Motion to File Certain Documents Under Seal.  On October 29, 2021, pursuant to Civil Local Rule 79-5(b), Plaintiffs submitted an administrative motion for an order permitting the filing under seal of certain documents that were filed in support of Plaintiffs' Motion for Partial Summary Judgment.  (*See* Dkt. 981.)  In accordance with Civil Local Rule 79-5,[2] the Designating Parties submit this Statement, the accompanying Declaration of Elise M. Bloom in Partial Support of Plaintiffs' Administrative Motion to File Under Seal ("Bloom Decl."), and the Proposed Order, with respect to the documents that the Designating Parties have designated,[3] in whole or in part, as "Confidential" or "Confidential – Restricted" pursuant to the parties' Stipulated Protective Order (Dkt. 233).  (*See* Bloom Decl. ¶ 4.)

The Designating Parties respectfully request that the Court seal all or portions of the documents reflected on the chart annexed as Bloom Decl., Ex. 1.  (Bloom Decl. ¶ 5.)  Such documents are referred to collectively as the "Proposed Sealed Documents."  (*Id.*)  The Designating Parties respectfully request that the Court order that any references in Plaintiffs' Motion for Partial Summary Judgment that quote, summarize or otherwise refer to the Proposed Sealed Documents shall also remain sealed.  (*Id.*)  The Proposed Sealed Documents consist of the following categories of documents, which are sealable and entitled to protection under the law for the following reasons:[4]

    A.  <u>MLB Clubs Handbooks, Guides, Policies, Memoranda and Testimony Related Thereto</u>.  Each MLB Club produces proprietary Player Development Manuals,

---

[1] The Non-Party Dismissed MLB Clubs submitting this Statement include the Atlanta Braves, Boston Red Sox, Chicago White Sox, Cleveland Indians, Philadelphia Phillies, Tampa Bay Rays and Washington Nationals.

[2] Civil Local Rule 79-5 was amended as of November 1, 2021.  However, pursuant to Civil Local Rule 1-3, the provisions of the local rules that were in effect on October 31, 2021 shall apply to the Designating Parties' response to Plaintiffs' Administrative Motion to File Under Seal (Dkt. 981).

[3] The Designating Parties have not addressed herein any documents for which the Designating Parties did not designate as "Confidential" or "Confidential – Restricted" pursuant to the parties' Stipulated Protective Order. (*See* Broshuis Decl. Exs. 66, 70, 94.)

[4] Some Exhibits contain information belonging to more than one category listed in Bloom Decl., ¶ 5, and accordingly, such Exhibits are listed more than once here and in Bloom Decl., Ex. 1.

Guides, Handbooks, Policies and/or Memoranda for its players and player development staff (*e.g.*, managers, coaches, trainers, coordinators). (Bloom Decl. ¶ 5(A).) These documents contain individual Club player development strategies and philosophies, individual Club-specific direction to players and staff, and individual Club compensation practices, including but not limited to salary scales applicable to certain minor league players. (*Id.*) These documents are what the Clubs use to cultivate their unique player development programs. (*Id.*) These documents are not shared outside the individual Clubs, and the individual Clubs would suffer harm if these documents were publicly disclosed or made available to other Clubs. (*Id.*) Deposition testimony about the content of such documents, or which describe similar information, should also remain sealed for these same reasons. (*Id.*) For these reasons, the Court previously granted the Designating Parties' request to seal these types of documents in this action. (*See* Dkt. 607.) For the Court's convenience, all of the Proposed Sealed Documents that contain the type of confidential and proprietary information described in this paragraph are identified as "Category A Documents" in Bloom Decl., Ex. 1. The Designating Parties submit that the following documents should remain fully sealed or should be filed with the sealable information redacted, as indicated on Bloom Decl., Ex. 1: Declaration of Garrett R. Broshuis In Support of Plaintiffs' Motion for Partial Summary Judgment (Dkt. 986-1) ("Broshuis Decl.") Exs. 7, 10, 11, 16, 17, 19, 20, 33, 34, 35, 36, 37, 39, 40, 41, 42, 44, 45, 46, 47, 48, 65, 68, 77, and 96.

B. <u>MLB Clubs' Off-Season Training Materials and Testimony Related Thereto</u>. Certain Clubs memorialize off-season training and conditioning activities in the form of manuals or guidelines. (Bloom Decl. ¶ 5(B).) These documents are designed for the players' benefit and provide guidance on how players can maintain and improve their strength, nutrition, fitness and baseball skills during

the off-season so that they can be better prepared for the season. (*Id.*) These proprietary documents are developed using the resources and knowledge of Club staff, and the Club does not share them outside of its organization. (*Id.*) The Clubs would suffer harm if these documents were publicly disclosed or made available to other Clubs. (*Id.*) For these reasons, the Court previously granted Defendants' request to seal these types of documents in this action. (*See* Dkt. 607.) For the Court's convenience, all of the Proposed Sealed Documents that contain the type of confidential and proprietary information described in this paragraph that are reflected in the off-season training materials, as well as testimony related thereto, are identified as "Category B Documents" in Bloom Decl., Ex. 1. The Designating Parties submit that the following documents should remain fully sealed or should be filed with the sealable information redacted, as indicated on Bloom Decl., Ex. 1: Broshuis Decl. Exs. 43 and 104.

C. <u>Club Strategy for Signing, Drafting, Retaining, Assigning, and/or Trading Players</u>. Each MLB Club has unique, individualized, and proprietary methods and strategies in relation to signing, drafting, retaining, assigning and trading minor league players. (Bloom Decl. ¶ 5(C).) An individual Club would suffer harm if such methods and strategies were publicly known or if they were disclosed to other Clubs, as these methods and strategies are not shared outside of the organization. (*Id.*) For the Court's convenience, all of the Proposed Sealed Documents that contain the type of confidential and proprietary information described in this paragraph that are reflected in the Proposed Sealed Documents, as well as testimony related thereto, are identified as "Category C Documents" in Bloom Decl., Ex. 1. The Designating Parties submit that the following documents should remain fully sealed or should be filed with the sealable information redacted, as indicated on Bloom Decl., Ex. 1: Broshuis Decl. Exs. 3, 10, 11, 16, 19, 26, 27, 28, 37, 38, 39, 41, 42, 68, 77, 96, 100, 105, 106, 110, and 111.

3

DEFENDANTS' STATEMENT IN PARTIAL SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL IN CONNECTION WITH THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT
– CASE No. 14-00608-JCS (consolidated with 3:14-cv-03289-JCS)

D. <u>Information Affecting the Legitimate Privacy Concerns of Individuals</u>.

Documents containing the residences of Club employees affect the legitimate privacy concerns of those employees. (Bloom Decl. ¶ 5(D).) This is a highly-publicized litigation, and many deponents are figures in whom the public may have an interest (*e.g.*, the General Manager of a Club), and their personal residences should be withheld from the public record. (*Id.*) Other documents include personal confidential information, such as a player's application to use certain prescription drugs that would otherwise be prohibited, a player's home residence (and periods of time during which they would be located away from their home residence), and personal financial information of players (*see, e.g.*, Broshuis Decl. Ex. 53). (*Id.*) For the Court's convenience, all of the Proposed Sealed Documents that contain the type of personal confidential information described in this paragraph are identified as "Category D Documents" in Bloom Decl., Ex. 1. The Designating Parties submit that the following documents should remain fully sealed or should be filed with the sealable information redacted, as indicated on Bloom Decl., Ex. 1: Broshuis Decl. Exs. 9, 26, 37, 38, 41, 53, 76, 77, 108, 110, and 112.

E. <u>Confidential Financial Information</u>. Documents containing confidential financial information of MLB and MLB Clubs should remain sealed. (Bloom Decl. ¶ 5(E).) MLB and/or the Clubs will suffer harm if such information (including percentages of revenue received by MLB/Clubs, taxes paid, and/or expenditures incurred) were publicly disclosed. (*Id.*) For these reasons, the Court previously granted Defendants' request to seal these types of documents in this action. (*See* Dkt. 217.) For the Court's convenience, all of the Proposed Sealed Documents that contain the type of confidential information described in this paragraph are identified as "Category E Documents" in Bloom Decl., Ex. 1. The Designating Parties submit that the following Documents should remain fully sealed or should

4

be filed with the sealable information redacted, as indicated on Bloom Decl., Ex. 1: Broshuis Decl. Exs. 14, 18, 37, 59, and 62.

F. <u>Expert Report Including Damages Calculations Based on Private and Confidential Payroll Information.</u>  The Rebuttal Report of Defendants' expert, Dr. Jonathan Guryan, Ph.D., dated September 27, 2021, should be sealed, in part.  (*See* Dkt. 989-22; Broshuis Decl. Ex. 115; Bloom Decl. ¶ 5(F).)  This document contains alleged damages calculations by Plaintiffs and adjustments to those calculations by Defendants derived from confidential payroll information produced by the Clubs that are not disclosed publicly or to other Clubs.  (*Id.*)  The Clubs would be disadvantaged if the information is disclosed to the public and other Clubs, because the Clubs have different payroll systems and data.  (*Id.*)  In addition, damages calculations based on individual payroll records should not be publicly disclosed due to the privacy concerns of Plaintiffs and the class/collective members.  (*Id.*)  Defendants have previously submitted a redacted version of this document (*see* Dkt. 970-5), and respectfully request that the same redactions should be applied to Broshuis Decl. Ex. 115.  (*See* Bloom Decl. ¶ 5(F).)

The Designating Parties have also identified on Bloom Decl., Ex. 2, certain documents included in Plaintiffs' Administrative Motion that, although "confidential" in nature, do not meet the criteria to be filed under seal (collectively, the "Proposed Unsealed Documents").  (Bloom Decl. ¶ 6.)  The Designating Parties respectfully request that the Court deny Plaintiffs' Administration Motion with respect to the Proposed Unsealed Documents:  Broshuis Decl. Exs. 4, 5, 6, 8, 12, 15, 21, 22, 23, 25, 40, 49, 50, 51, 56, 57, 60, 61, 69, 70, 74, 78, 81, 82, 83, 84, 85, 95, 97, 99, 102, 103, 109, and 113.  (*See* Bloom Decl. ¶ 6.)

This Statement in Support of the Administrative Motion is supported by the accompanying Declaration of Elise M. Bloom in compliance with Civil Local Rule 79-5(e)(1) and 79-5(d)(1)(A).  Defendants respectfully request that the Court approve the Proposed Order attached to this Statement.

DATED: November 9, 2021                    Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom (*pro hac vice*)
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
Rachel Philion (*pro hac vice*)
Noa M. Baddish (*pro hac vice*)
Joshua S. Fox (*pro hac vice*)
PROSKAUER ROSE LLP
11 Times Square
New York, NY 10036
(212) 969-3000

Philippe A. Lebel (Bar No. 274032)
PROSKAUER ROSE LLP
2049 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 557-2900

Samantha R. Manelin (*pro hac vice*)
Mark W. Batten (*pro hac vice*)
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110-2600
(617) 526-9600

*Attorneys for Defendants*

6

DEFENDANTS' STATEMENT IN PARTIAL SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL IN CONNECTION WITH THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT – CASE No. 14-00608-JCS (consolidated with 3:14-cv-03289-JCS)