**PROSKAUER ROSE LLP**
ELISE M. BLOOM (admitted *pro hac vice*)
ebloom@proskauer.com
NEIL H. ABRAMSON (admitted *pro hac vice*)
nabramson@proskauer.com
ADAM M. LUPION (admitted *pro hac vice*)
alupion@proskauer.com
RACHEL S. PHILION (admitted *pro hac vice*)
rphilion@proskauer.com
NOA M. BADDISH (admitted *pro hac vice*)
nbaddish@proskauer.com
JOSHUA S. FOX (admitted *pro hac vice*)
jfox@proskauer.com
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

**PROSKAUER ROSE LLP**
PHILIPPE A. LEBEL (SBN 274032)
plebel@proskauer.com
2029 Century Park East, 24th Floor
Los Angeles, CA 90067-3010
Telephone: (310) 557-2900
Facsimile: (310) 557-2193

**PROSKAUER ROSE LLP**
MARK W. BATTEN (admitted *pro hac vice*)
mbatten@proskauer.com
SAMANTHA R. MANELIN (admitted *pro hac vice*)
smanelin@proskauer.com
One International Place
Boston, MA 02110-2600
Telephone: (617) 526-9600
Facsimile: (617) 526-9899

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

AARON SENNE, *et al.*,

Plaintiffs,

vs.

OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL, *et al.*

Defendants.

Case No. CV 14-00608 JCS (consolidated with 3:14-cv-03289-JCS)

Hon. Joseph C. Spero

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS WITH RESPECT TO "SAVE AMERICA'S PASTIME ACT" DEFENSE**

Date: February 11, 2022
Time: 9:30 am
Place: Courtroom G, 15th Floor

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........ 1

RELEVANT BACKGROUND ........ 1

ARGUMENT ........ 3

A. Section 24 Of The Florida Constitution Incorporates The FLSA And Its Exemptions. ........ 3

B. Plaintiffs' Delegation Argument Applies Only To Acts Of The Legislature, Making It Irrelevant To Section 24. ........ 5

C. Florida's Incorporation Of SAPA Is Supported By The Plain Language Of Section 24, Canons Of Statutory Interpretation, And Florida State Law Jurisprudence. ........ 7

CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Anagnos v. Nelson Residence, Inc.*,
721 F. App'x 901 (11th Cir. 2018) .......... 4, 8, 9

*Edgecombe v. Lowes Home Ctrs., L.L.C.*,
391 F. Supp. 3d 1142 (S.D. Fla. 2019) .......... 4

*Free v. Littlefield Corp.*,
No. 3:20CV4326-TKW-HTC, 2020 WL 7421751 (N.D. Fla. Dec 11, 2020) .......... 9

*Garcia-Celestino v. Ruiz Harvesting, Inc.*,
No. 2:10-cv-542-FtM-38DNF, 2013 WL 3816730 (M.D. Fla. July 22, 2013) .......... 6

*In re Heath*,
144 U.S. 92 (1892) .......... 5

*Ison v. Happy Chef Diner, LLC*,
17-cv-14279, 2018 WL 2688802 (S.D. Fla. Apr. 23, 2018) .......... 4

*Lee v. Askin Trucking, Inc.*,
No. 05-14335-CIV-MARRA/LYNCH, 2006 WL 8430906 (S.D. Fla. Feb. 8, 2006) .......... 4

*Llorca v. Sheriff, Collier Cnty., Fla.*,
893 F.3d 1319 (11th Cir. 2018) .......... 4

**STATE CASES**

*Abbott Labs. v. Mylan Pharm., Inc.*,
15 So. 3d 642 (Fla. Dist. Ct. App. 2009) .......... 5

*Ariz. Citizens Clean Elections Comm'n v. Brain*,
322 P.3d 139 (Ariz. 2014) .......... 6

*Browning v. Fla. Hometown Democracy, Inc., PAC*,
29 So. 3d 1053 (Fla. 2010) .......... 7

*Cloyd v. State*,
943 So. 2d 149 (Fla. Dist. Ct. App. 2006) .......... 6

*Coastal Fla. Police Benev. Ass'n, Inc. v. Williams*,
838 So. 2d 543 (Fla. 2003) .......... 8

*Fla. Indus. Comm'n v. State ex rel. Orange State Oil Co.*,
21 So. 2d 599 (Fla. 1945) .......... 5

*Freimuth v. State*,
272 So. 2d 473 (Fla. 1972) .......... 5

*Gallagher v. Motors Ins. Corp.*, 605 So. 2d 62 (Fla. 1992) ..... 5

*Gray v. Golden*, 89 So. 2d 785 (Fla. 1956) (*en banc*) ..... 6

*Haight v. Minchak*, 58 N.E. 3d 1135 (Ohio 2016) ..... 9

*Hardee Cnty. v. FINR II, Inc.*, 221 So. 3d 1162 (Fla. 2017) ..... 4

*In re Advisory Op. to the Att'y Gen. re Fla. Minimum Wage Amendment*, 880 So. 2d 636 (Fla. 2004) ..... 3, 4

*Leadership Hous., Inc. v. Dep't of Revenue*, 336 So. 2d 1239 (Fla. Dist. Ct. App. 1976) ..... 4

*Overstreet v. Blum*, 227 So. 2d 197 (Fla. 1969) ..... 6

*People v. Superior Court (Gooden)*, 42 Cal. App. 270 (2019) ..... 6

*Smathers v. Smith*, 338 So. 2d 825 (Fla. 1976) ..... 6

*State v. Rodriguez*, 365 So. 2d 157 (Fla. 1978) ..... 5

*Villanueva v. State*, 200 So.3d 47 (Fla. 2016) ..... 8

**FEDERAL STATUTES**

29 U.S.C. § 213(a)(19) ..... 2

29 U.S.C. § 214 ..... 3

Consolidated Appropriations Act, 2018, Pub. L. No. 115-141, 132 Stat. 348 (2018) ..... 2

**STATE STATUTES**

Fla. Stat. Ann. § 448.110 ..... 2, 6, 8

**REGULATIONS**

85 Fed. Reg. 2820 (Feb. 26, 2020) ..... 9

86 Fed. Reg. 40939 (July 30, 2021) ..... 9

**CONSTITUTIONAL PROVISIONS**

Fla. Stat. Ann. Const. Article 10 § 24 ..... *passim*

OH Const. Article II, § 34a ........ 1

**OTHER AUTHORITIES**

Fla. Att'y Gen. Op. 2005-64, 2005 WL 3132090 (Fla. A.G. Nov. 23, 2005) ........ 4

FLJUR Statutes § 116 ........ 8

FLJUR Statutes § 120 ........ 8

FLJUR Statutes § 170 ........ 8

FLJUR Constlaw § 177 ........ 6

FLJUR Constlaw § 180 ........ 5

Florida Minimum Wage Amendment 03-29, Florida Division of Elections ........ 1

**PRELIMINARY STATEMENT**

Defendants[1] file this opposition to Plaintiffs' motion for partial judgment on the pleadings with respect to Defendants' "Save America's Pastime Act" ("SAPA") defense. In the motion for partial judgment on the pleadings, Plaintiffs raise a single mistaken argument as to why, in their view, Florida's minimum wage law does not incorporate SAPA: that it would be an unconstitutional delegation to incorporate amendments to the Fair Labor Standards Act ("FLSA") added after Florida's incorporation of the FLSA. But as explained in detail below, this argument is inapplicable because Florida incorporated the FLSA through a constitutional amendment passed by a public ballot initiative by the citizens of Florida. Because Florida's incorporation of the FLSA was effectuated by the citizens of Florida—not by the Florida legislature—**there was no** "delegation" of legislative power, rendering Plaintiffs' argument incorrect, and Plaintiffs' motion for partial judgment on the pleadings should be denied.[2]

**RELEVANT BACKGROUND**

On November 2, 2004, the citizens of Florida passed an amendment to the Florida Constitution through a public ballot initiative entitled "Florida Minimum Wage Amendment 03-29." Florida Minimum Wage Amendment 03-29, Florida Division of Elections, *available at* https://dos.elections.myflorida.com/initiatives/initdetail.asp?account=37732&seqnum=1. The ballot summary stated that the amendment "creates a Florida minimum wage covering all employees in the state covered by the federal minimum wage." *Id.* The amendment became Article X, Section 24 of the Florida Constitution (hereinafter "Section 24"), and guarantees a minimum wage for all working Floridians. Fla. Stat. Ann. Const. Art. 10 § 24(a), (c). Section 24's Definitions section states that "[a]s used in this amendment, the terms 'Employer,' 'Employee,' and 'Wage' shall have the meanings established under the federal Fair Labor Standards Act (FLSA) and its implementing

---

[1] "Defendants" refers to all Defendants named in the Second Consolidated Amended Complaint, with the exception of the MLB Clubs that have been dismissed for lack of personal jurisdiction.

[2] Defendants moved for partial summary judgment as to all claims based on alleged violations of the FLSA and Florida Law as of March 23, 2018 under SAPA. (*See* Dkt. 980 at 16-20.) As explained in Defendants' motion, there is no factual dispute that Players have been paid in accordance with the SAPA exemption, and Defendants are therefore entitled to partial summary judgment on all claims under the FLSA and federal law as of March 23, 2018. (*See id.*)

regulations." Art. 10 § 24(b). Section 24 also provides guidance regarding its construction, stating in relevant part that "[i]t is intended that case law, administrative interpretations, and other guiding standards developed under the federal FLSA shall guide the construction of this amendment and any implementing statutes or regulations." Art. 10 § 24(f).

While Section 24 states that no legislation was required to enforce the amendment, *id.* (f), it empowered the state legislature to "by statute . . . adopt any measures appropriate for the implementation of th[e] amendment." *Id.* In 2005, the Florida Legislature passed the Florida Minimum Wage Act, Fla. Stat. Ann. § 448.110 ("FMWA"), which states that its purpose is "to provide measures appropriate for the implementation of s. 24, Art. X of the State Constitution, in accordance with authority granted to the Legislature pursuant to s. 24(f), Art. X of the Constitution. § 448.110(2)." The FMWA further provides:

> Only those individuals entitled to receive the federal minimum wage under the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state minimum wage pursuant to s. 24, Art. X of the State Constitution and this section. The provisions of ss. 213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein.
>
> § 448.110(3).

In March 2018, Congress passed SAPA, which amended the FLSA to exempt baseball players from the statute's minimum wage and overtime requirements. The amendment states as follows:

> The provisions of sections 206…and 207 of [Title 29] shall not apply with respect to: (19) any employee employed to play baseball who is compensated pursuant to a contract that provides for a weekly salary for services performed during the league's championship season (but not spring training or the off season) at a rate that is not less than a weekly salary equal to the minimum wage under section 206(a) of this title for a workweek of 40 hours, irrespective of the number of hours the employee devotes to baseball related activities.
>
> 29 U.S.C. § 213(a)(19).

The amendment became effective on March 23, 2018. *See* Consolidated Appropriations Act, 2018, Pub. L. No. 115-141, 132 Stat. 348, at *1127 (2018).

## ARGUMENT

### A. SECTION 24 OF THE FLORIDA CONSTITUTION INCORPORATES THE FLSA AND ITS EXEMPTIONS.

Plaintiffs' suggestion that Florida law does not incorporate SAPA rests on their assertion that Section 24, the minimum wage amendment to Florida's Constitution, does not incorporate the FLSA's exemptions. Instead, they assert that only the FMWA does. (Dkt. 979 ("Pls. Br.") 6-7.) Plaintiffs are wrong. Section 24 incorporates the FLSA in its entirety, including its exemptions. Plaintiffs admit that Section 24 states that "[a]s used in this amendment, the terms 'Employer,' 'Employee,' and 'Wage' shall have the meanings established under the federal Fair Labor Standards Act (FLSA) and its implementing regulations." § 24(b). Importantly, however, Section 24 also states that "[i]t is intended that **case law, administrative interpretations, and other guiding standards developed under the federal FLSA shall guide the construction of this amendment** and any implementing statutes or regulations." *Id.* at (f) (emphasis added). Plaintiffs ignore this crucial provision.

Shortly before Section 24 was enacted, the Florida Supreme Court issued an advisory opinion regarding the validity of the ballot initiative. *See In re Advisory Op. to the Att'y Gen. re Fla. Minimum Wage Amendment*, 880 So. 2d 636 (Fla. 2004) (*per curiam*). In that case, opponents to Section 24 argued that the amendment did not "adopt the exemptions" of the FLSA. *Id.* at 641. The court disagreed, concluding that Section 24 "includes both the definition of employee, found in section 203 of the FLSA, **the exemptions found in section 213 of the FLSA, and any other relevant provision within the FLSA or its implementing regulations**." *Id.* at 642 (emphasis added); *see also id.* at 641 ("[I]t is important to point out that [Section 24] does not make a specific reference to section 203 [of the FLSA], but instead incorporates a reference to the entire body of law under the FLSA."). The court further made clear that "employees covered under federal minimum wage will be the same as employees covered under the state minimum wage." *Id.* at 642. There can be no doubt that based on its plain language, as interpreted by the state of Florida's highest court,

Section 24 incorporates "the entire body of law under the FLSA," including all exemptions. *See id.* at 642.

Additional guidance confirms this. After Section 24 passed, the Florida Attorney General was asked if Section 24 "include[s] the exemptions found in 29 United States Code section 214 of the Fair Labor Standards Act and any other relevant provisions with the Act or its implementing regulations?" Fla. Att'y Gen. Op. 2005-64, 2005 WL 3132090, at *1 (Fla. A.G. Nov. 23, 2005). The Attorney General responded—in an opinion that is entitled great weight—that Section 24 "was intended to incorporate the federal FLSA provisions, **including its exceptions and exemptions**, into the Florida minimum wage amendment, unless Article X, section 24, Florida Constitution, specifically provides otherwise." *Id.*, at *3 (emphasis added).[3]

Federal courts have also concluded that Section 24 incorporates the FLSA and its exemptions. *See Anagnos v. Nelson Residence, Inc.*, 721 F. App'x 901, 902 (11th Cir. 2018) (*per curiam*) (rejecting plaintiff's argument that Section 24 "makes no mention of the FLSA," holding that Section 24 "is written in clear, unambiguous language" and "makes plain that employees receive the same protection under state law that they enjoy under the Fair Labor Standards Act"); *Llorca v. Sheriff, Collier Cnty., Fla.*, 893 F.3d 1319, 1328 (11th Cir. 2018) ("The FMWA is to be interpreted as consistent with the FLSA"); *Edgecombe v. Lowes Home Ctrs., L.L.C.*, 391 F. Supp. 3d 1142, 1149 n.2 (S.D. Fla. 2019) ("[Florida law] adopt[s] the meanings promulgated by [the FLSA]"); *Ison v. Happy Chef Diner, LLC*, 17-cv-14279, 2018 WL 2688802, at *3 (S.D. Fla. Apr. 23, 2018) ("Florida has adopted the eligibility criteria from the federal Fair Labor Standards Act to determine which employees qualify for coverage."); *Lee v. Askin Trucking, Inc.*, No. 05-14335-CIV-MARRA/LYNCH, 2006 WL 8430906, at *3 (S.D. Fla. Feb. 8, 2006) ("A plain reading of section 24(f) of the Minimum Wage Amendment indicates that it was the state legislature's intent to apply

---

[3] Florida courts hold that "opinions of the Attorney General are entitled to great weight in construing the law of [Florida]." *Leadership Hous., Inc. v. Dep't of Revenue*, 336 So. 2d 1239, 1241 (Fla. Dist. Ct. App. 1976); *see also Hardee Cnty. v. FINR II, Inc.*, 221 So. 3d 1162, 1166 (Fla. 2017) ("Attorney General opinions are also persuasive in statutory construction.").

the teachings of cases decided under the FLSA with equal force to actions brought under the Minimum Wage Amendment. Fla. Const. art. 10, § 24(f).").

Accordingly, there is no question that Section 24 of the Florida Constitution incorporates the FLSA and its exemptions.

### B. PLAINTIFFS' DELEGATION ARGUMENT APPLIES ONLY TO ACTS OF THE LEGISLATURE, MAKING IT IRRELEVANT TO SECTION 24.

Because Section 24 is a constitutional amendment passed by the citizens of Florida, Plaintiffs' suggestion that Florida's incorporation of the FLSA is an unconstitutional delegation is completely inapt.

Plaintiffs contend that Florida law does not incorporate SAPA because a legislature may not incorporate subsequent changes to another jurisdiction's law; doing so, they claim, would be an unconstitutional delegation of legislative power. But this principle applies solely with respect to actions that a **legislature may take** in order to ensure that there is no impermissible delegation of **legislative power** to another sovereign. *See Fla. Indus. Comm'n v. State ex rel. Orange State Oil Co.*, 21 So. 2d 599, 603 (Fla. 1945) (holding that "it would be an **unconstitutional delegation of legislative power for the legislature** to adopt in advance any federal act or the ruling of any federal administrative body that Congress or such administrative body might see fit to adopt in the future") (emphasis added); *Gallagher v. Motors Ins. Corp.*, 605 So. 2d 62, 71 (Fla. 1992) (Florida Constitution "prohibit[s] the **legislature**, absent constitutional authority to the contrary from delegating its legislative power to others.") (emphasis added). Indeed, every source that Plaintiffs cite relates to actions taken by a state legislature.[4] Plaintiffs provide no authority showing that this principle applies to constitutional amendments passed by the people of a state.

---

[4] *In re Heath*, 144 U.S. 92, 93 (1892) (analyzing incorporation of law in D.C. statute); *Freimuth v. State*, 272 So. 2d 473, 476 (Fla. 1972) (it would be an "unconstitutional delegation of legislative power for the legislature" to adopt future federal legislation); *State v. Rodriguez*, 365 So. 2d 157, 160 (Fla. 1978) ("Since the Legislature is presumed to have enacted a valid and constitutional law . . . we conclude that the Legislature intended to incorporate federal law and regulations in effect at the time Section 409.325(2)(a) was enacted."); FLJUR Constlaw § 180 ("[T]he adoption by the Legislature in advance of any federal act or the ruling of any federal administrative body, as Congress or such administrative body might see fit to adopt in the future, constitutes an unconstitutional delegation of legislative power."); *Abbott Labs. v. Mylan Pharm., Inc.*, 15 So. 3d

The reason for this is self-evident. The people of Florida are not a branch of government and have the right to "amend any portion or portions of the Constitution in any way they see fit." *Smathers v. Smith*, 338 So. 2d 825, 827 (Fla. 1976). Because "sovereignty resides in the people," they "have a right to change, abrogate or modify [the Florida Constitution] in any manner they see fit so long as they [k]eep within the confines of the Federal Constitution." *Gray v. Golden*, 89 So. 2d 785, 790 (Fla. 1956) (*en banc*); *see also* FLJUR Constlaw § 177 ("The people may change their constitution with practically no limits except such as are contained in the Federal Constitution. The people may impose any limitation on the executive, legislative, and judicial branches of government as they see fit.")

Accordingly, the delegation principle that Plaintiffs rely on is not applicable to Section 24. Instead, for state laws passed by public ballot, courts look to the plain language of the law to determine whether future changes to a referenced law are incorporated—and have concluded that prospective changes are incorporated unless the plain text of the law provides otherwise. *See Ariz. Citizens Clean Elections Comm'n v. Brain*, 322 P.3d 139, 145 (Ariz. 2014) (rejecting statutory construction of voter initiative that would not adopt future amendments to referenced statute, holding that nothing in ballot initiative supported that referenced law would be permanently fixed and that such an interpretation would not align with expected voter intent); *People v. Superior Court (Gooden)*, 42 Cal. App. 270, 283-84 (2019) (plain language of ballot materials for California Proposition "did not include any time-specific limitations" and therefore did not indicate that voters intended to "freez[e] in place" referenced law as it was understood in 1978).

The fact that the FMWA was an act of the Legislature is of no moment, because it was passed for the express purpose to "provide measures appropriate for the implementation of s. 24, Art. X of the State Constitution." § 448.110(2). Therefore, the FMWA is part and parcel with Section 24, and was enacted to facilitate the peoples' enactment of Section 24. *See Garcia-*

642, 655 (Fla. Dist. Ct. App. 2009) (non-delegation principle is based on Florida constitution's prohibition of any branch of government delegating its power); *Overstreet v. Blum*, 227 So. 2d 197, 198 (Fla. 1969) (analyzing incorporation done in a Florida statute); *Cloyd v. State*, 943 So. 2d 149, 163 (Fla. Dist. Ct. App. 2006) (delegation principle "prohibit[s] the legislature from delegating its power to others.").

*Celestino v. Ruiz Harvesting, Inc.*, No. 2:10-cv-542-FtM-38DNF, 2013 WL 3816730, at *17 (M.D. Fla. July 22, 2013) (interpreting Section 24 and the FMWA as single cause of action). Indeed, if the FMWA was held to not incorporate future amendments of the FLSA, it would effectively allow the legislature to nullify the will of the people as expressed in Section 24 that plainly did not freeze the FLSA as of the date of its enactment or any other date. But "the Legislature may not modify [constitutional provisions] in such a fashion that it alters or frustrates the intent of the framers and the people." *Browning v. Fla. Hometown Democracy, Inc., PAC*, 29 So. 3d 1053, 1064 (Fla. 2010). And as described above, Section 24 is explicit that the "case law, administrative interpretations, and other standards developed under the federal FLSA" would not only guide the construction of Section 24, but would also guide Section 24's "implementing statutes or regulations." § 24(f).

Because Section 24 is a constitutional amendment as opposed to an act passed by the Legislature, the delegation doctrine is inapplicable, and Florida law incorporates SAPA.

### C. FLORIDA'S INCORPORATION OF SAPA IS SUPPORTED BY THE PLAIN LANGUAGE OF SECTION 24, CANONS OF STATUTORY INTERPRETATION, AND FLORIDA STATE LAW JURISPRUDENCE.

Plaintiffs provide no support for their erroneous interpretation that Florida intended to incorporate the FLSA, ***but only*** as it existed in 2004. As Defendants demonstrated in their motion for partial summary judgment (Dkt. 980 at 16-20), Florida's incorporation of the FLSA in its entirety (including amendments passed after the enactment of Section 24) is supported by the plain language of Section 24, canons of statutory interpretation, and Florida courts' interpretations of Section 24. Section 24 states that the terms "Employer," Employee," and "Wage" shall "have the meanings established under the federal Fair Labor Standards Act (FLSA) and its implementing regulations." Art. 10 § 24(b). The amendment then goes on to say that it shall be guided by the federal FLSA, including any other "guiding standards developed under the federal FLSA…" Art. 10 § 24(f).[5]

[5] The Ninth Circuit pointed out this same Constitutional language in its reference to SAPA in its prior decision in this litigation. *See* Case No. 17-16245, Dkt. 91-1, n.22.

By referencing standards "developed" under the federal FLSA, Section 24 clearly suggests that there is no temporal limitation on Florida's incorporation. To hold otherwise would render the referenced sentence in Section (f) entirely superfluous and therefore meaningless, because Section 24 already provides that Florida law shall have the same meaning as established under the FLSA in subsection (b). Such a construction should be avoided. FLJUR Statutes § 170 ("Words in a statute should not be construed as mere surplusage. . . A construction that would leave without effect any part of the language used should be rejected if possible . . ."); *see also Anagnos*, 721 F. App'x at 904 (holding that § 24(f) "reflects that [Section 24] should operate like the federal minimum wage law"). Moreover, the drafters of Section 24 could have—but did not—include a temporal limitation on incorporation, such as stating that only those provisions of the FLSA in effect at the time of the constitutional amendment would be incorporated. The absence of any such limitation is evidence that they did not intend for one to apply. FLJUR Statutes § 116 ("The court, in construing a statute, cannot and will not attribute to the legislature an intent beyond that expressed."). In Florida, constitutional provisions "receive a broader and more liberal construction than statutes." *Coastal Fla. Police Benev. Ass'n, Inc. v. Williams*, 838 So. 2d 543, 548–49 (Fla. 2003) (citation omitted). Imposing a temporal limitation in Section 24 where none exists runs counter to that objective.

Similarly, the FMWA states that Sections 213 and 214 of the FLSA are incorporated "as interpreted by applicable federal regulations and implemented by the Secretary of Labor." Fla. Stat. Ann. § 448.110(3). Again, no temporal limitation is included and imposing such a limitation would insert a new provision into the statute that does not currently exist. FLJUR Statutes § 120 ("Courts are not at liberty to add words to statutes that were not placed there by the legislature . . . [A] court may not import words or meaning into a statute that do not appear on the face of the statute."); *Villanueva v. State*, 200 So.3d 47, 52 (Fla. 2016) (noting the "well-established rule that [the court is] not at liberty to add to a statute words that the Legislature itself has not used in drafting that statute").

In addition, by referencing the plural "meanings" in Section 24's Definitions provision ("the terms 'Employer,' 'Employee,' and 'Wage' shall have the ***meanings*** established under the federal

Fair Labor Standards Act (FLSA) and its implementing regulations" § 24(b) (emphasis added)), the drafters of Section 24 again expressed their intent to incorporate the entirety of the FLSA. *See Anagnos*, 721 F. App'x at 904 ("Use of the word 'meanings' connotes that the Wage Amendment incorporates . . . the criteria for coverage as, an employer and an employee under federal law"); *Haight v. Minchak*, 58 N.E. 3d 1135 (Ohio 2016) (holding language in Ohio's minimum wage amendment stating that "'employer,' [and] 'employee' . . . have the same meanings as under the federal Fair Labor Standards Act" demonstrates that Ohio law incorporated the FLSA "without any limitation" and the "entirety of the FLSA is to be considered when determining who is covered under [the Ohio law's] protections") (citing OH Const. Art. II, § 34a).

Moreover, at least one federal court in Florida has construed the FMWA as incorporating guidance under the FLSA that was promulgated more than fifteen years after the FMWA's enactment. *See Free v. Littlefield Corp.*, No. 3:20CV4326-TKW-HTC, 2020 WL 7421751, at *4 (N.D. Fla. Dec 11, 2020). At issue in that case was the Department of Labor's updated joint employer test under the FLSA, which became effective on March 16, 2020.[6] 85 Fed. Reg. 2820 (Feb. 26, 2020). The court confirmed that this updated test governed the analysis of joint employment under the FMWA despite the fact that it post-dates the passage of the FMWA, without expressing any concern regarding the recent date of the new regulation. *Free*, 2020 WL 7421751, at *4.

[6] This rule was since rescinded, effective as of October 5, 2021. 86 Fed. Reg. 40939 (July 30, 2021).

**CONCLUSION**

Accordingly, there is no question that Florida's incorporation of the FLSA incorporates future amendments to the FLSA, including SAPA, and Plaintiffs' motion for partial judgment on the pleadings as to Defendants' SAPA defense should be denied.[7]

Dated: November 24, 2021

PROSKAUER ROSE LLP
ELISE M. BLOOM (*pro hac vice*)
NEIL H. ABRAMSON (*pro hac vice*)
ADAM M. LUPION (*pro hac vice*)
MARK W. BATTEN (*pro hac vice*)
RACHEL S. PHILION (*pro hac vice*)
NOA M. BADDISH (*pro hac vice*)
JOSHUA S. FOX (*pro hac vice*)
PHILIPPE A. LEBEL
SAMANTHA R. MANELIN (*pro hac vice*)

By: */s/ Elise M. Bloom*
Elise M. Bloom
*Attorneys for Defendants*

[7] Defendants do not dispute that SAPA has no effect on claims prior to March 23, 2018, or on Plaintiffs' claims under Arizona, California, Maryland, New York, North Carolina, Oregon, or Pennsylvania law on or after March 23, 2018.