**PROSKAUER ROSE LLP**
ELISE M. BLOOM (admitted *pro hac vice*)
ebloom@proskauer.com
NEIL H. ABRAMSON (admitted *pro hac vice*)
nabramson@proskauer.com
ADAM M. LUPION (admitted *pro hac vice*)
alupion@proskauer.com
RACHEL S. PHILION (admitted *pro hac vice*)
rphilion@proskauer.com
NOA M. BADDISH (admitted *pro hac vice*)
nbaddish@proskauer.com
JOSHUA S. FOX (admitted *pro hac vice*)
jfox@proskauer.com
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

**PROSKAUER ROSE LLP**
PHILIPPE A. LEBEL (SBN 274032)
plebel@proskauer.com
2029 Century Park East, 24th Floor
Los Angeles, CA 90067-3010
Telephone: (310) 557-2900
Facsimile: (310) 557-2193

**PROSKAUER ROSE LLP**
MARK W. BATTEN (admitted *pro hac vice*)
mbatten@proskauer.com
SAMANTHA R. MANELIN (admitted *pro hac vice*)
smanelin@proskauer.com
One International Place
Boston, MA 02110-2600
Telephone: (617) 526-9600
Facsimile: (617) 526-9899

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON SENNE, *et al*.,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL, *et al.*<br><br>　　　　　　Defendants. | Case No. CV 14-00608 JCS (consolidated with 3:14-cv-03289-JCS)<br><br>Hon. Joseph C. Spero<br><br>**DEFENDANTS' STATEMENT IN PARTIAL SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL IN CONNECTION WITH PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

1   Pursuant to Civil Local Rules 79-5(c) and 79-5(f), Defendants and the Non-Party
2   Dismissed MLB Clubs with the exception of the Baltimore Orioles[1] (collectively, the
3   "Designating Parties") submit this Statement in Partial Support of Plaintiffs' Administrative
4   Motion to File Certain Documents Under Seal In Connection With Plaintiffs' Opposition to
5   Defendants' Motion for Partial Summary Judgment.[2]  In accordance with Civil Local Rule 79-
6   5(f), the Designating Parties submit this Statement, the accompanying Declaration of Elise M.
7   Bloom in Partial Support of Plaintiffs' Administrative Motion to File Under Seal ("Bloom
8   Decl."), and the Proposed Order, with respect to the documents that the Designating Parties have
9   designated, in whole or in part, as "Confidential" or "Confidential – Restricted" pursuant to the
10  parties' Stipulated Protective Order (Dkt. 233).  *See* Bloom Decl. ¶ 4.

11  Pursuant to Civil Local Rule 79-5(c)(1), a party seeking to seal documents must explain:
12  "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if
13  sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient."  For the
14  reasons that follow, each element is satisfied with respect to the Proposed Sealed Documents.

15  As a general matter, the Court may seal records attached to a dispositive motion when
16  there is a "compelling reason" to do so.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d
17  1092, 1096-97 (9th Cir. 2016).  Whether or not a proffered reason is sufficiently "compelling" to
18  overcome the presumptive right of public access is "best left to the sound discretion of the trial
19  court."  *Id.* (*citing Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).  Compelling
20  reasons have included, for example, instances where a court record might be used "as a source of
21  business information that might harm a litigant's competitive standing."  *Nixon*, 435 U.S. at 598-
22

---

[1] The Non-Party Dismissed MLB Clubs submitting this Statement include the Atlanta Braves, Boston Red Sox, Chicago White Sox, Cleveland Indians, Philadelphia Phillies, Tampa Bay Rays and Washington Nationals.

[2] On November 24, 2021, Plaintiffs filed an "Administrative Motion to File Certain Documents Under Seal In Connection With Plaintiffs' Opposition to Defendants' Motion For Partial Summary Judgment." *See* Dkt. 1016.  Pursuant to the November 1, 2021 amendments to the Northern District of California Civil Local Rules, this document should have been stylized as a "Motion to Consider Whether Another Party's Material Should Be Sealed" (*see* Civil Local Rule 79-5(f)), since all of the documents identified in the Motion were designated as sealable pursuant to the parties' Stipulated Protective Order by Defendants or Non-Parties.  The Designating Parties have responded to Plaintiffs' Motion as if it were filed pursuant to the amended Civil Local Rules.

99. For example, this Court recently held that disclosure of non-public information regarding revenue streams would lead to "competitive harm," as the sealing party's competitors would be able to gain "unfair insight into [the company's] decision-making and to adjust their strategies accordingly." *IntegrityMessageBoards.com v. Facebook, Inc.*, No. 18-cv-05286-PJH, 2021 WL 3771785, at *23 (N.D. Cal. Aug. 24, 2021).

For the reasons explained below, the Designating Parties respectfully request that the Court seal all or portions of the documents reflected on the chart annexed as Bloom Decl., Ex. 1. Such documents are referred to collectively as the "Proposed Sealed Documents." The Proposed Sealed documents fall into one of four categories: (1) MLB Club Daily Schedules (Broshuis Decl. Exs. 29-49)[3]; (2) MLB Club Off-Season Training and Conditioning Materials (Broshuis Decl. Exs. 66-67); (3) MLB Club Gross Receipts (Broshuis Decl. Ex. 76); and (4) Home Addresses or Personal Contact Information (Broshuis Decl. Exs. 1, 6, 9, 11, 20, 26, 64, 68, 79, 84, 86, 99). *See* Bloom Decl. ¶ 5. Categories one (1) through three (3) should be fully sealed because disclosure of an individual MLB Club's confidential and proprietary documents or information would allow any of the other twenty-nine (29) MLB Clubs to gain "unfair insight" into the strategy and decision-making of another MLB Club. Bloom Decl. ¶ 6. Category four (4) should be partially sealed and redacted because of the private interests of the individuals involved and ensuring their personal contact information is protected from public view. *Id.*

### I. THE MLB CLUBS' LEGITIMATE BUSINESS INTERESTS WARRANT SEALING OF THE PROPOSED SEALED DOCUMENTS.

Documents referenced above and marked as "Category 1 Documents" in Bloom Decl. Ex. 1 (Broshuis Decl. Exs. 29-49) (the "Daily Schedules") are sealable and entitled to protection under the law because they contain the specific types of planned training activities that the MLB Clubs offer to their minor league baseball players in the form of "daily schedules," which are broken down by day, activity, hour and in many cases fractions of hours. *See* Bloom Decl. ¶ 7. The Daily Schedules are developed by each MLB Club for the purpose of maximizing training

---

[3] All documents referenced herein are attached to the Declaration of Garrett R. Broshuis in Support of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment, filed November 24, 2021(Dkt. 1019-1) ("Broshuis Decl.").

opportunities and player development, are unique to each MLB Club, and are not shared outside of the particular organization that created the "daily schedules." *Id.* These documents reveal strategic choices made by each individual MLB Club with respect to player development, and is considered private information. *Id.* For these reasons, this Court has previously ordered documents of this type to be sealed. *See* Dkt. 607, 705.

Documents referenced above and marked as "Category 2 Documents" in Bloom Decl. Ex. 1 (Broshuis Decl. Exs. 66-67) (the "Off-Season Training and Conditioning Materials") are sealable and entitled to protection under the law because they contain proprietary and confidential information with respect to off-season training activities that MLB Clubs suggest their players undertake. *See* Bloom Decl. ¶ 8. Accordingly, these documents reflect the priorities of the MLB Clubs that prepared the documents, and strategic choices with respect to how each MLB Club believes its players would be best prepared for the upcoming season. *Id.* Each MLB Club keeps these materials confidential, and it is considered private information. *Id.* For these reasons, this Court has previously ordered documents of this type to be sealed. *See* Dkt. 332, 607.

Documents referenced above and marked as "Category 3 Documents" in Bloom Decl. Ex. 1 (Broshuis Decl. Ex. 76) (the "MLB Club Gross Receipts") are sealable and entitled to protection under the law because they contain confidential and proprietary financial information related to the Club's spring training facility, such as revenue the Club derived from ticket sales, merchandise sales, and advertising. *See* Bloom Decl. ¶ 10. The information is kept privately and not shared with the other Clubs. *Id.*

Documents referenced above and marked as "Category 4 Documents" in Bloom Decl. Ex. 1 (Broshuis Decl. Exs. 1, 6, 9, 11, 20, 26, 64, 68, 79, 84, 86, 99) (the "Home Addresses or Personal Contact Information") are sealable and entitled to protection under the law because they contain contact information, such as home addresses, email addresses and cell phone numbers, for both Plaintiffs and Club employees. *See* Bloom Decl. ¶ 12. In this highly-publicized litigation, contact information for high-ranking MLB Club executives warrants protection from

public viewing, particularly in instances where such executives were merely corporate designees of the organizations for which they are employed. *Id.* For these reasons, this Court has previously ordered documents of this type to be sealed. *See* Dkt. 217.

## II. INJURY WILL RESULT IF SEALING IS DENIED

Daily Schedules and Off-Season Training and Conditioning Materials provide, in the manners described above, each MLB Club's plan for developing its minor league players. *See* Bloom Decl. ¶ 9. In this sense, documents falling within each category are essentially player development playbooks. *Id.* As noted above, open access to these types of documents would allow other MLB Clubs to gain unfair insight into a given MLB Club's decision-making and strategy with respect to player development, *e.g.*, which workouts players perform during training seasons and when, how players within various organizations prepare to play games, and which workouts are suggested for the off-season. *Id.* The MLB Clubs would thus suffer harm if the Daily Schedules or the Off-Season Materials were publicly disclosed or made available to other MLB Clubs. *Id.*

MLB Club Gross Receipts Information could be used by other Clubs or other entities doing business with the MLB Club, or other MLB Clubs, to gain an unfair advantage. Bloom Decl. ¶ 11. Thus, the MLB Club would suffer harm if this information were made available either to the other MLB Clubs or to the public.

Finally, documents reflecting Home Addresses and Personal Contact Information contain the personal information of Plaintiffs as well as MLB Club executives. *See* Bloom Decl. ¶ 13. This information could be used by any member of the public to attempt to contact these individuals for any number of reasons. *Id.* Such figures—most of whom were merely corporate designees for the MLB Club Rule 30(b)(6) depositions—should be free from any unwanted intrusions into their private lives. *Id.*

## III. A LESS RESTRICTIVE ALTERNATIVE IS UNAVAILABLE

A less restrictive alternative to sealing, such as summarizing the information in the documents, is not sufficient with respect to the Proposed Sealed Documents because these

4

DEFENDANTS' STATEMENT IN PARTIAL SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL IN CONNECTION WITH PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE No. 14-00608-JCS (consolidated with 3:14-cv-03289-JCS)

documents must be attached as Exhibits and reviewed by the Court as it adjudicates Defendants' Motion for Partial Summary Judgment, and Plaintiffs' Opposition thereto.  *See* Bloom Decl. ¶ 14.  Wherever possible, Defendants have proposed redactions to these documents (*see* Bloom Decl. Ex. 1) in order to minimize the material filed under seal, and as explained below, Defendants do not seek to seal any portion of Plaintiffs' Opposition.  *Id.*

## IV.     PROPOSED UNSEALED DOCUMENTS

The Designating Parties have also identified on Bloom Decl., Ex. 2, certain documents included in Plaintiffs' Administrative Motion that, although "confidential" in nature, do not meet the criteria to be filed under seal (collectively, the "Proposed Unsealed Documents").  Bloom Decl. ¶ 15.  The Designating Parties respectfully request that the Court deny Plaintiffs' Administration Motion with respect to the Proposed Unsealed Documents listed in Bloom Decl. Ex. 2, and unseal those documents.

Plaintiffs have also redacted certain portions of their Opposition to Defendants' Motion for Partial Summary Judgment.  *See* Dkt. 1019.  As with the Proposed Unsealed Documents, the proposed redactions pertain to material that, although "confidential in nature," do not meet the criteria to be filed under seal.  *See* Bloom Decl. ¶ 16.  Thus, the Designating Parties respectfully request that the Court deny Plaintiffs' Administrative Motion with respect to the redactions applied to Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment.  *Id.*  Plaintiffs filed an unredacted version of their Opposition at Dkt. 1016-4.

This request is supported by an accompanying declaration from Elise M. Bloom.  Pursuant to Civil Local Rule 79-5(c)(3), Defendants submit a proposed order that is narrowly tailored to seal only the sealable material.

5

DEFENDANTS' STATEMENT IN PARTIAL SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL IN CONNECTION WITH PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE No. 14-00608-JCS (consolidated with 3:14-cv-03289-JCS)

| | | |
|---|---|---|
| Dated: December 1, 2021 | PROSKAUER ROSE LLP | |

ELISE M. BLOOM (*pro hac vice*)
NEIL H. ABRAMSON (*pro hac vice*)
ADAM M. LUPION (*pro hac vice*)
MARK W. BATTEN (*pro hac vice*)
RACHEL PHILION (*pro hac vice*)
JOSHUA S. FOX (*pro hac vice*)
NOA M. BADDISH (*pro hac vice*)
PHILIPPE A. LEBEL
SAMANTHA R. MANELIN (*pro hac vice*)

By:  */s/ Elise M. Bloom*
     Elise M. Bloom
     Attorneys for Defendants

6

DEFENDANTS' STATEMENT IN PARTIAL SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL IN CONNECTION WITH PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE No. 14-00608-JCS (consolidated with 3:14-cv-03289-JCS)