1  STEPHEN M. TILLERY (*pro hac vice*)
    stillery@koreintillery.com
2  GARRETT R. BROSHUIS (Bar No. 329924) (*pro hac vice*)
    gbroshuis@koreintillery.com
3  MARC WALLENSTEIN (*pro hac vice*)
    mwallenstein@koreintillery.com
4  DIANE MOORE (Bar No. 214903)
    dmoore@koreintillery.com
5  **KOREIN TILLERY, LLC**
   505 North 7th Street, Suite 3600
6  St. Louis, MO 63101
   Telephone: (314) 241-4844
7  Facsimile: (314) 241-3525

8  CLIFFORD H. PEARSON (Bar No. 108523)
    cpearson@pswlaw.com
9  DANIEL L. WARSHAW (Bar No. 185365)
    dwarshaw@pswlaw.com
10 BOBBY POUYA (Bar No. 245527)
    bpouya@pswlaw.com
11 THOMAS J. NOLAN (Bar No. 66992)         BENJAMIN E. SHIFTAN (Bar No. 265767)
    tnolan@pswlaw.com                       bshiftan@pswlaw.com
12 **PEARSON, SIMON & WARSHAW, LLP**       **PEARSON, SIMON & WARSHAW, LLP**
   15165 Ventura Boulevard, Suite 400       350 Sansome Street, Suite 680
13 Sherman Oaks, CA 91403                   San Francisco, CA 94104
   Telephone: (818) 788-8300                Telephone: (415) 433-9000
14 Facsimile: (818) 788-8104                Facsimile: (415) 433-9008

15 Plaintiffs' Co-Lead Class Counsel

16                          **UNITED STATES DISTRICT COURT**

17                **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

18 | AARON SENNE, et al., Individually and on | CASE NO. 3:14-cv-00608-JCS (consolidated
19 | Behalf of All Those Similarly Situated;  | with 3:14-cv-03289-JCS)

20                    Plaintiffs,            | **CLASS ACTION**

21             vs.                           | **PLAINTIFFS' NOTICE OF MOTION AND
                                               MOTION TO STRIKE DEFENDANTS'
22 OFFICE OF THE COMMISSIONER OF             | *DAUBERT* MOTIONS AND IMPROPER
   BASEBALL, an unincorporated association  | REBUTTAL REPORT; MEMORANDUM
23 doing business as MAJOR LEAGUE            | OF POINTS AND AUTHORITIES IN
   BASEBALL; et al.;                        | SUPPORT THEREOF**
24
25                    Defendants.            | Date:  February 11, 2022
                                               Time:  9:30 a.m.
26                                             Ctrm.: F

27

28

# NOTICE OF MOTION AND MOTION

Please take notice that Plaintiffs, on behalf of themselves and the certified classes and FLSA collective, will and hereby do move the court to strike or take other appropriate remedial action relating to: (1) Defendants' Motion to Exclude Plaintiffs' Expert Declarations and Testimony of J. Michael Dennis, Ph.D. (ECF No. 969); (2) the Declaration of Eugene P. Ericksen in Support of Motions to Exclude Plaintiffs' Expert Declarations Reports and Testimony of J. Michael Dennis, Ph.D. and Brian Kriegler, Ph.D. (ECF No. 969-12); and (3) Defendants' motions to exclude the testimony of Dr. Dennis (ECF No. 969), Dr. Kriegler (ECF No. 971), and Dr. Groshen (ECF No. 987). Plaintiffs ask that this Motion be heard on February 11, 2022 at 9:30 a.m., or at the earliest date that the Court deems this Motion suitable for resolution with or without oral argument at the Court's discretion, (L.R. 7-1(b)), in Courtroom F, 15th Floor of the U.S. District Court for the Northern District of California, San Francisco Division, before the Honorable Joseph C. Spero.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the records on file in this action, and upon additional argument as may be presented at or before the hearing on this Motion.

DATED: December 8, 2021                                 Respectfully submitted,

                                                                        /s/ Bobby Pouya

PEARSON, SIMON & WARSHAW LLP
Clifford H. Pearson
Daniel L. Warshaw
Bobby Pouya
Thomas J. Nolan
Benjamin E. Shiftan

KOREIN TILLERY, LLC
Stephen M. Tillery
Garrett R. Broshuis
Marc Wallenstein
Diane Moore

*Plaintiffs Co-Lead Class Counsel*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiffs file this motion based on Defendants' multiple violations of the Federal Rules of Civil Procedure, Civil Local Rules, and this Court's Orders in connection with their motion for partial summary judgment and three new *Daubert* motions.

First, Defendants have impermissibly filed a second *Daubert* motion regarding the final report and Main Survey of Plaintiffs' survey expert Dr. J. Michael Dennis. *See* ECF No. 969 ("Second Dennis *Daubert*"). Plaintiffs disclosed Dr. Dennis's final report and Main Survey on August 4, 2016 (ECF No. 696). Defendants filed multiple reports in opposition and moved to exclude the final report and Main Survey. The Court applied a full *Daubert* standard and denied the motion to exclude (ECF No. 687). Defendants did not seek leave to move for reconsideration of that order, and conceded that the survey satisfied the requirements of *Daubert* in briefing to the Ninth Circuit Court of Appeals. As recently as the August 27, 2021 hearing, the Court reminded Defendants that they were not to attempt "another free shot" at Dennis's report or engage in further "criticism of the underlying methodology or validity of the survey." Aug. 27, 2021 Hr'g Tr. 13 (ECF No. 1007). Defendants have done just that. Their Second Dennis *Daubert* filed four years later, violates the Court's instructions, constitutes an improper motion for reconsideration in violation of Civil Local Rule 7-9 and Rule of Civil Procedure 59(e), and should be stricken.

Second, Defendants have improperly filed a new rebuttal report by their survey expert Dr. Eugene Ericksen in conjunction with the Second Dennis *Daubert*. The Court's operative case management order directs that rebuttal reports be limited to experts who had not previously been rebutted. *See* ECF No. 843 at 2. This order precluded a rebuttal report directed to Dr. Dennis's August 2016 report and main survey, which were rebutted by Dr. Ericksen on September 14, 2016 (ECF No. 726) and October 28, 2016 (ECF No. 761). Defendants were obviously aware of this order and did not file a report by Dr. Ericksen when rebuttal reports were due. That Defendants have titled Dr. Ericksen's new rebuttal report a "declaration" does not change what it is: an improper, late-filed rebuttal report. Defendants have disregarded the case management order, and Dr. Ericksen's new report should be stricken.

Finally, Defendants have improperly filed three separate *Daubert* motions directed at Plaintiffs' experts, in violation of the Court's order requiring the filing of a single combined *Daubert* motion absent leave of court. ECF No. 843 at 2. Their three briefs totaling 58 pages substantially exceed Civil Local Rule 7-2(b)'s 25-page limit on motions and should be stricken.

## II.     LEGAL ARGUMENT

### A.     Defendants' Second Dennis *Daubert* Violates the Federal Rules, Local Rules, and This Court's Orders

The Second Dennis *Daubert* is an improper motion for reconsideration in violation of the local rules, the federal rules, and this Court's clear instructions. In its original order on class certification, the Court reviewed the sufficiency of Dr. Dennis's pilot survey, which was meant to test the viability of conducting a main survey. *See* July 21, 2016 Order at 97, ECF No. 687. After that first class certification order, Plaintiffs filed a timely motion for reconsideration in August of 2016, under Civil Local Rule 7-9 and Federal Rule of Civil Procedure 59(e). In support of that motion, Plaintiffs submitted Dr. Dennis's final report and the results of the Main Survey. *See* ECF No. 696. In response, Defendants filed multiple rebuttal reports and a *Daubert* motion to exclude the Main Survey and opinions of Dr. Dennis on September 14, 2016. *See* ECF No. 724.

On March 7, 2017, the Court denied Defendants' first *Daubert* motion challenging Dr. Dennis and the Main Survey. *See* ECF No. 782. The Court engaged in a full *Daubert* analysis that considered Dr. Dennis's proposed methodology as well as the results of the Main Survey, applying established standards regarding the admissibility of survey evidence pursuant to *Daubert*. *See* ECF No. 782 at 39-48.

Defendants did not move for reconsideration of the Court's March 7, 2017 Order. Moreover, in their Rule 23(f)/28 U.S.C. § 1292(b) appeal of the Court's March 7, 2017 Order, Defendants did not challenge the Court's ruling that Dr. Dennis's Main Survey was admissible under *Daubert*. Defendants did, however, put the survey at issue in the appeal, arguing that while the Main Survey

"cleared the low bar of admissibility under *Daubert*,"[1] class certification required a "heightened 'admissibility-plus' standard."[2] Regarding the Main Survey, the Ninth Circuit stated:

> Because defendants do not challenge the district court's ruling on admissibility under *Daubert*, the defects they have identified with the Main Survey could only have defeated certification upon a conclusion that all of the representative evidence offered—the Main Survey, schedules, testimony, and the like—could not have 'sustained a reasonable jury finding as to hours worked in each employee's individual action.'

*Senne v. Kansas City Royals Baseball Corp.*, 934 F.3d 918, 945 (9th Cir. 2019), *cert. denied*, 141 S. Ct. 248, 208 L. Ed. 2d 22 (2020), *citing Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 136 S. Ct. 1046-47 (2016).

On remand, the Court made it clear, and Defendants recognized, that they had lost their *Daubert* challenge against Dr. Dennis. This fact was most recently acknowledged on the record during the August 27, 2021 status conference, which included the following exchange between the Court and defense counsel:

> THE COURT: You're not saying that you get another free shot at the – at Dennis's report because you're giving your rebuttal to Kriegler.
> MS. BLOOM: No, I don't see that that – we're not getting another free shot at Dennis's report. That's correct.
> THE COURT: Right.
> MS. BLOOM: That's correct.
> THE COURT: Right. It's got to be a criticism of how Kriegler uses the report, perhaps, or something like that, but not some criticism of the underlying methodology or validity of the survey.

*See* Aug. 27, 2021 Hr'g Tr. 13, ECF No. 1007. The Court further warned Defendants to "be careful" about making additional attacks on Dr. Dennis. *Id.* at 15. Just a month after this exchange, Defendants filed the Second Dennis *Daubert*.

---

[1] *See* ECF No. 1021-2 at 3 (Excerpt from Defendants-Appellees/Cross-Appellants' Consolidated Principal and Response Brief filed Dec. 22, 2017, in *Senne v. Kansas City Royals Baseball Corp.*, Appeal Nos. 17-16245, 17-16267, 17-17276 (9th Cir.) (Dkt No: 38)).

[2] *Id.* at 4.

The Second Dennis *Daubert* violates the Court's clear instructions prohibiting the filing of the motion, as well as the requirements of Civil Local Rule 7-9 and Fed. R. Civ. P. 59(e) governing motions for reconsideration. Specifically, Defendants have failed to seek leave of court to file the motion as required by Local Rule 7-9. Defendants have failed to make a "specific showing" of reasonable diligence in bringing the motion. *See* Civil L.R. 7-9(a). Nor have Defendants shown that there is a material difference in fact or law from that originally presented to the court, that new material facts have emerged, or that the court manifestly failed to consider material facts or dispositive legal arguments. *See* Civil L.R. 7-9(b). As set forth in Plaintiffs' opposition to the Second Dennis *Daubert* (ECF No. 1021), which is incorporated by reference herein, these deficiencies require that the motion be denied on the merits.

Furthermore, in light of Defendants' total disregard of the procedural history of the case, Local Rule 7-9, Fed. R. Civ. Proc. 59, and the Court's clear instructions not to file a Second Dennis *Daubert*; the Court should strike and/or take other remedial action as appropriate. *See* Civ. L. R. 7-9(c) ("[A]ny oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered…shall be subject to appropriate sanctions.").

### B. The New Rebuttal Report Filed by Dr. Ericksen Violates the Federal Rules and This Court's Orders

Alongside their Second Dennis *Daubert*, Defendants filed a new report from their survey expert, Dr. Eugene Ericksen. Although styled as a "declaration," it is a new rebuttal report aimed at the 2016 final Dennis report and Main Survey. This is in violation of the Court's case management order, which specifically limited supplemental expert reports to: "an expert report in rebuttal to the updated Kriegler report" or "expert disclosures in rebuttal to opening expert reports not previously rebutted." ECF No. 843 at 2.

This order specifically barred Dr. Ericksen from submitting a further rebuttal report to the final Dennis report. Dr. Dennis's final report and Main Survey were disclosed concurrently with Plaintiffs' Motion for Reconsideration on August 4, 2016. ECF No. 696. Dr. Ericksen already filed two rebuttal reports in response, to the final Dennis report on September 14, 2016 (ECF No. 726)

and on October 28, 2016 (ECF No. 761). Dr. Dennis has not conducted further studies or submitted new reports since 2016.

It is telling that on the recent deadline for filing rebuttal reports, Defendants did not submit anything from Dr. Ericksen. Instead, they had their labor economist, Dr. Denise Martin, reference Dr. Ericksen's opinions and offer opinions regarding the admissibility of the survey that fall outside of her expertise (and likewise attempt to circumvent the Court's order on new criticisms aimed at the Main Survey).[3]

Now, in another attempt to skirt the Court's directives, Defendants have filed a new rebuttal report Dr. Ericksen, labeled as a "declaration" in support of the Second Dennis *Daubert*. Regardless, of the new moniker, the new Ericksen report is clearly a rebuttal aimed at Dr. Dennis final report and Main Survey. Indeed, a number of Dr. Ericksen's new opinions were (improperly) adopted and presented by Dr. Martin in her rebuttal report. *Compare* Ericksen Decl. (ECF No. 969-12); *with* Martin Supp. Report (ECF No. 985-6). The new Ericksen rebuttal report therefore violates the Court's case management order, as well as Rule of Civil Procedure 26(D)(ii), which requires rebuttal reports to be filed within 30 days of the other party's disclosure absent a court order.

Defendants should not be permitted to argue that their filing of a new Ericksen rebuttal report is harmless. Plaintiffs have suffered prejudice by Defendants' improper filing of the new Ericksen "declaration." Because it was filed after the close of expert discovery (and long after the cut-off for the disclosure of expert rebuttal reports), Plaintiffs did not have an opportunity to fully rebut Dr. Ericksen's opinions or question him regarding the substance of his "declaration" at his deposition. In fact, when Dr. Ericksen was questioned at his deposition about whether he had any additional opinions, defense counsel asserted the attorney-client privilege and instructed Dr. Ericksen not to answer. *See* Ericksen Dep. at 27-28, attached as Ex. A to Pouya Decl. For these reasons, Dr. Ericksen's new "declaration" (rebuttal report) is improper and should be stricken.[4]

---

[3] Plaintiffs have moved to exclude these opinions by Dr. Martin, which fall outside of her expertise. *See* ECF No. 988 at 13-16.

[4] To the extent that the Court decides to accept Dr. Ericksen's new rebuttal report and finds any of the opinions therein to be persuasive, Plaintiffs reserve the right to reopen Dr. Ericksen's deposition and to file a response by Dr. Dennis thereto.

### C. Defendants' Have Improperly Filed Three *Daubert* Motions in Violation of This Court's Case Management Order

On November 17, 2020 this court issued a superseding case management order that states: "Without leave of Court no party may file more than … one (1) Daubert motion, addressing any number of expert witnesses, to be heard at the same time as dispositive motions." *See* ECF No. 843 at 2-3. Absent leave of Court, such motions are limited to 25 pages. *See* N.D. Cal. L.R. 7-2(b). Defendants violated the Court's order and Local Rule 7-2(b) by filing three separate *Daubert* motions against Plaintiffs' experts Dr. Dennis (ECF No. 969), Dr. Brian Kriegler (ECF No. 971), and Dr. Erica Groshen (ECF No. 987)), totaling 58 pages, without leave of court.[5] Plaintiffs, on the other hand, filed a single combined *Daubert* motion directed at Defendants' experts (Dr. Denise Martin and Dr. Jonathan Guryan (ECF No. 988), totaling 22 pages. Defendants' multiple motions needlessly and improperly increased the amount of briefing regarding these *Daubert* motions. The Court should exercise its discretion to strike the multiple *Daubert* motions filed by Defendants in violation of its order, or otherwise disregard the portions that exceed the applicable page limits set by Local Rule 7-2.

### III. CONCLUSION

Defendants' have blatantly ignored this Court's case management orders, the Civil Local Rules, and Federal Rules of Civil Procedure in connection with their motion for partial summary judgment and three new *Daubert* motions. The Court should strike these filings or take other remedial actions as appropriate.

DATED: December 8, 2021                    Respectfully submitted,

                                                            */s/ Bobby Pouya*

                                       PEARSON, SIMON & WARSHAW LLP
                                       Clifford H. Pearson
                                       Daniel L. Warshaw
                                       Bobby Pouya
                                       Thomas J. Nolan
                                       Benjamin E. Shiftan

---

[5] The motion directed to Dr. Dennis is 25 pages long, the Kriegler motion is 18 pages, and the Groshen motion is 15 pages, totaling 58 pages.

|   |   |
|---|---|
| 1 | KOREIN TILLERY, LLC |
|   | Stephen M. Tillery |
| 2 | Garrett R. Broshuis |
|   | Marc Wallenstein |
| 3 | Diane Moore |
| 4 | *Plaintiffs Co-Lead Class Counsel* |