**PROSKAUER ROSE LLP**
ELISE M. BLOOM (admitted *pro hac vice*)
ebloom@proskauer.com
NEIL H. ABRAMSON (admitted *pro hac vice*)
nabramson@proskauer.com
ADAM M. LUPION (admitted *pro hac vice*)
alupion@proskauer.com
RACHEL S. PHILION (admitted *pro hac vice*)
rphilion@proskauer.com
NOA M. BADDISH (admitted *pro hac vice*)
nbaddish@proskauer.com
JOSHUA S. FOX (admitted *pro hac vice*)
jfox@proskauer.com
Eleven Times Square
New York, NY 10036
Telephone:  (212) 969-3000
Facsimile:  (212) 969-2900

**PROSKAUER ROSE LLP**
PHILIPPE A. LEBEL (SBN 274032)
plebel@proskauer.com
2029 Century Park East, 24th Floor
Los Angeles, CA  90067-3010
Telephone:  (310) 557-2900
Facsimile:  (310) 557-2193

**PROSKAUER ROSE LLP**
MARK W. BATTEN (admitted *pro hac vice*)
mbatten@proskauer.com
SAMANTHA R. MANELIN (admitted *pro hac vice*)
smanelin@proskauer.com
One International Place
Boston, MA 02110-2600
Telephone:  (617) 526-9600
Facsimile:  (617) 526-9899

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AARON SENNE, *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL, *et al.*<br><br>　　　　　　　Defendants. | Case No. CV 14-00608 JCS (consolidated with 3:14-cv-03289-JCS)<br><br>Hon. Joseph C. Spero<br><br>**DEFENDANTS' STATEMENT IN PARTIAL SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER DEFENDANTS' MATERIAL SHOULD BE SEALED IN CONNECTION WITH PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Pursuant to Civil Local Rules 79-5(c) and 79-5(f), Defendants and the Non-Party Dismissed MLB Clubs with the exception of the Baltimore Orioles[1] (collectively, the "Designating Parties") submit this Statement in Partial Support of Plaintiffs' Administrative Motion to Consider Whether Defendants' Material Should be Sealed In Connection With Plaintiffs' Reply in Support of their Motion for Partial Summary Judgment. *See* Dkt. 1031. (Plaintiffs' "Administrative Motion"). In accordance with Civil Local Rule 79-5(c) and (f), the Designating Parties submit this Statement, the accompanying Declaration of Elise M. Bloom in Partial Support of Plaintiffs' Administrative Motion ("Bloom Decl."), and the Proposed Order, with respect to the documents that the Designating Parties have designated, in whole or in part, as "Confidential" or "Confidential – Restricted" pursuant to the parties' Stipulated Protective Order (Dkt. 233). *See* Bloom Decl. ¶ 4.

Pursuant to Civil Local Rule 79-5(c)(1), a party seeking to seal documents must explain: "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." For the reasons that follow, each element is satisfied with respect to the Proposed Sealed Documents.

As a general matter, the Court may seal records attached to a dispositive motion when there is a "compelling reason" to do so. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016). Whether or not a proffered reason is sufficiently "compelling" to overcome the presumptive right of public access is "best left to the sound discretion of the trial court." *Id.* (*citing Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). Compelling reasons have included, for example, instances where a court record might be used "as a source of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598-99. For example, this Court recently held that disclosure of non-public information regarding revenue streams would lead to "competitive harm," as the sealing party's competitors would be able to gain "unfair insight into [the company's] decision-making and to adjust their strategies

---

[1] The Non-Party Dismissed MLB Clubs submitting this Statement include the Atlanta Braves, Boston Red Sox, Chicago White Sox, Cleveland Indians, Philadelphia Phillies, Tampa Bay Rays and Washington Nationals.

accordingly." *IntegrityMessageBoards.com v. Facebook, Inc.*, No. 18-cv-05286-PJH, 2021 WL 3771785, at *23 (N.D. Cal. Aug. 24, 2021).

For the reasons explained below, the Designating Parties respectfully request that the Court seal all or portions of the documents reflected on the chart annexed as Bloom Decl. Ex. 1. Such documents are referred to collectively as the "Proposed Sealed Documents." The Proposed Sealed documents fall into one of two categories: (1) MLB Club Player Development Manuals (Broshuis Decl. Exs. 19, 29, 33, 34, and 35)[2]; and (2) Home Addresses or Personal Contact Information (Broshuis Decl. Exs. 6, 9, 12, 17, 27, 32, 36, and 39). *See* Bloom Decl. ¶ 5. The MLB Club Development Manuals should be fully sealed because disclosure of an individual MLB Club's confidential and proprietary documents or information would allow any of the other twenty-nine (29) MLB Clubs to gain "unfair insight" into the strategy and decision-making of another MLB Club. Bloom Decl. ¶ 6. Documents containing Home Addresses or Personal Contact Information should be partially sealed and redacted because of the private interests of the individuals involved and ensuring their personal contact information is protected from public view. *Id.*

### I. THE MLB CLUBS' LEGITIMATE BUSINESS INTERESTS WARRANT SEALING OF THE PROPOSED SEALED DOCUMENTS.

Documents referenced above and marked as "Category 1 Documents" in Bloom Decl. Ex. 1 (Broshuis Decl. Exs. 19, 29, 33, 34, and 35) (the "Player Development Manuals") are sealable and entitled to protection under the law because the MLB Clubs produce proprietary Player Development Manuals for their minor league baseball players and player development staff (*e.g.*, managers, coaches, trainers, coordinators), which outline individualized and tailored MLB Club-specific player development strategies and philosophies. *See* Bloom Decl. ¶ 7. Specifically, the Player Development Manuals provide MLB Club-specific direction to minor league baseball players and staff, such as instructions on how to approach a two strike count, specific statistical benchmarks toward which players should strive, and developmental

---

[2] All documents referenced herein are attached to the Declaration of Garrett R. Broshuis in Support of Plaintiffs' Reply In Support of Their Motion for Partial Summary Judgment, filed December 10, 2021(Dkt. 1032-1) ("Broshuis Decl.").

2

DEFENDANTS' STATEMENT IN PARTIAL SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER DEFENDANTS' MATERIAL SHOULD BE SEALED IN CONNECTION WITH PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE No. 14-00608-JCS (consolidated with 3:14-cv-03289-JCS)

milestones for each level of play, which the MLB Clubs maintain in strict confidence in order to gain or maintain an advantage over opposing MLB Clubs on the field. *Id.* For these reasons, this Court has previously ordered documents of this type to be sealed. *See* Dkt. 607.

Documents referenced above and marked as "Category 2 Documents" in Bloom Decl. Ex. 1 (Broshuis Decl. Exs. 6, 9, 12, 17, 27, 32, 36, and 39) (the "Home Addresses or Personal Contact Information") are sealable and entitled to protection under the law because they contain contact information, such as email addresses and cell phone numbers, for Club employees. *See* Bloom Decl. ¶ 9. In this highly-publicized litigation, contact information for high-ranking MLB Club executives warrants protection from public viewing, particularly in instances where such executives were merely corporate designees of the organizations for which they are employed. *Id.* For these reasons, this Court has previously ordered documents of this type to be sealed. *See* Dkt. 217.

## II. INJURY WILL RESULT IF SEALING IS DENIED

The Player Development Manuals are what the individual MLB Clubs use to cultivate their unique player development programs. *See* Bloom Decl. ¶ 8. They are not shared outside the individual MLB Clubs. *Id.* The individual MLB Clubs would suffer harm if the Player Development Manuals were publicly disclosed or made available to other MLB Clubs, as the other MLB Clubs would gain insight into that Club's unique and proprietary strategies for developing minor league baseball players, harming its ability to compete on the field. *Id.* Allowing MLB Clubs to access their counterparts' unique and proprietary materials, in many cases developed over a number of years, could also lead to other MLB Clubs gaining "unfair insight" into MLB Clubs' decision-making. *Id.*

Documents reflecting Home Addresses and Personal Contact Information contain the personal information of MLB Club executives or employees. *See* Bloom Decl. ¶ 10. This information could be used by any member of the public to attempt to contact these individuals for any number of reasons. *Id.* Such figures—some of whom were merely corporate designees for the MLB Club Rule 30(b)(6) depositions, and others who were merely listed as contacts in

3

DEFENDANTS' STATEMENT IN PARTIAL SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER DEFENDANTS' MATERIAL SHOULD BE SEALED IN CONNECTION WITH PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE No. 14-00608-JCS (consolidated with 3:14-cv-03289-JCS)

various Club handbooks—should be free from any unwanted intrusions into their private lives. *Id.*

### III. A LESS RESTRICTIVE ALTERNATIVE IS UNAVAILABLE

A less restrictive alternative to sealing, such as summarizing the information in the documents, is not sufficient with respect to the Proposed Sealed Documents because these documents must be attached as Exhibits and reviewed by the Court as it adjudicates Plaintiffs' Motion for Partial Summary Judgment. *See* Bloom Decl. ¶ 11. Wherever possible, Defendants have proposed redactions to these documents (*see* Bloom Decl. Ex. 1) in order to minimize the material filed under seal, and as explained below, Defendants do not seek to seal any portion of Plaintiffs' Reply. *Id.*

### IV. PROPOSED UNSEALED DOCUMENTS

The Designating Parties have also identified on Bloom Decl., Ex. 2, certain documents included in Plaintiffs' Administrative Motion that, although "confidential" in nature, do not meet the criteria to be filed under seal (collectively, the "Proposed Unsealed Documents"). Bloom Decl. ¶ 12. The Designating Parties respectfully request that the Court deny Plaintiffs' Administration Motion with respect to the Proposed Unsealed Documents listed in Bloom Decl. Ex. 2, and unseal those documents.

Plaintiffs have also redacted certain portions of their Reply in Support of their Motion for Partial Summary Judgment. *See* Dkt. 1032. As with the Proposed Unsealed Documents, the proposed redactions pertain to material that, although "confidential in nature," do not meet the criteria to be filed under seal. *See* Bloom Decl. ¶ 13. Thus, the Designating Parties respectfully request that the Court deny Plaintiffs' Administrative Motion with respect to the redactions applied to Plaintiffs' Reply in Support of their Motion for Partial Summary Judgment. *Id.* Plaintiffs filed an unredacted version of their Reply at Dkt. 1031-3.

This request is supported by an accompanying declaration from Elise M. Bloom. Pursuant to Civil Local Rule 79-5(c)(3), Defendants submit a proposed order that is narrowly tailored to seal only the sealable material.

4

DEFENDANTS' STATEMENT IN PARTIAL SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER DEFENDANTS' MATERIAL SHOULD BE SEALED IN CONNECTION WITH PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE No. 14-00608-JCS (consolidated with 3:14-cv-03289-JCS)

Dated: December 17, 2021

PROSKAUER ROSE LLP
ELISE M. BLOOM (*pro hac vice*)
NEIL H. ABRAMSON (*pro hac vice*)
ADAM M. LUPION (*pro hac vice*)
MARK W. BATTEN (*pro hac vice*)
RACHEL PHILION (*pro hac vice*)
JOSHUA S. FOX (*pro hac vice*)
NOA M. BADDISH (*pro hac vice*)
PHILIPPE A. LEBEL
SAMANTHA R. MANELIN (*pro hac vice*)

By:  */s/ Elise M. Bloom*
    Elise M. Bloom
    Attorneys for Defendants

---

5

DEFENDANTS' STATEMENT IN PARTIAL SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER DEFENDANTS' MATERIAL SHOULD BE SEALED IN CONNECTION WITH PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE No. 14-00608-JCS (consolidated with 3:14-cv-03289-JCS)