STEPHEN M. TILLERY (*pro hac vice*)
 stillery@koreintillery.com
GARRETT R. BROSHUIS (Bar No. 329924) (*pro hac vice*)
 gbroshuis@koreintillery.com
MARC WALLENSTEIN (*pro hac vice*)
 mwallenstein@koreintillery.com
DIANE MOORE (Bar No. 214903)
 dmoore@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

CLIFFORD H. PEARSON (Bar No. 108523)
 cpearson@pswlaw.com
DANIEL L. WARSHAW (Bar No. 185365)
 dwarshaw@pswlaw.com
BOBBY POUYA (Bar No. 245527)
 bpouya@pswlaw.com
THOMAS J. NOLAN (Bar No. 66992)          BENJAMIN E. SHIFTAN (Bar No. 265767)
 tnolan@pswlaw.com                        bshiftan@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**       **PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400       350 Sansome Street, Suite 680
Sherman Oaks, CA 91403                   San Francisco, CA 94104
Telephone: (818) 788-8300                Telephone: (415) 433-9000
Facsimile: (818) 788-8104                Facsimile: (415) 433-9008

Plaintiffs' Co-Lead Class Counsel

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated;<br><br>Plaintiffs,<br><br>vs.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL; et al.;<br><br>Defendants. | CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)<br><br>**CLASS ACTION**<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' *DAUBERT* MOTIONS AND IMPROPER REBUTTAL REPORT**<br><br>Date:  February 11, 2022<br>Time:  9:30 a.m.<br>Ctrm.: F |

## I. INTRODUCTION

This Court's orders and the applicable rules are clear regarding the form, content, and scope of Defendants' *Daubert* motion and rebuttal expert reports. The Court prohibited the filing of further rebuttal reports directed at the 2016 Dennis Report and Main Survey. Defendants were barred from filing a second *Daubert* motion directed at the 2016 Dennis Report and Main Survey, unless they complied with Local Rule 7-9 and obtained leave to seek reconsideration. The parties were required to file a single combined *Daubert* motion of no more than 25 pages, absent leave of Court. Defendants violated each of these requirements by: (1) filing the Second Dennis *Daubert* motion; (2) filing a new rebuttal report by Dr. Eugene Ericksen directed at Dr. Dennis' 2016 Report and Main Survey; and (3) filing multiple *Daubert* motions, totaling 58 pages, without leave from the Court.

Defendants' opposition (ECF No. 1036 ("MTS Opp.")) attempts to revise and reinterpret the Court's orders and the procedural history of the case through false equivalencies. None of Defendants' arguments are meritorious. And their attempt to prevent this motion from being considered, based on Local Rule 7-3, is similarly flawed. The Court should grant Plaintiffs' motion to strike.

## II. LEGAL ARGUMENT

### A. Plaintiffs' Motion to Strike Should be Decided on the Merits

Defendants first claim that Plaintiffs' motion to strike does not comply with Local Rule 7-3, which relates to the content of opposition briefs. But Plaintiffs' motion to strike seeks separate affirmative relief from their *Daubert* oppositions, necessitated by Defendants' flouting of this Court's prior orders and rules.

Specifically, Plaintiffs' motion to strike the Ericksen rebuttal report is not in opposition to Defendants' *Daubert* and summary judgment motions. Dr. Ericksen's new report violates the limitations on the timing and permissibility of rebuttal reports and expert discovery as set forth in the applicable case management order. ECF No. 843 at 2. The admissibility of the new Ericksen rebuttal report is not limited to the pending dispositive and *Daubert* motions, but also relates to the permissible scope of his expert opinions at trial.

Plaintiffs' request to strike Defendants' *Daubert* motions also seeks affirmative relief that is separate and apart from the mere denial of those motions. By filing a separate motion to strike, Plaintiffs have allowed the parties to fully brief, and the Court to separately consider, whether Defendants' disregard for the Court's procedure, rules, and orders justifies striking these motions from the record.

Moreover, Plaintiffs filed their six-page motion to strike more than two months before the hearing date to ensure no prejudice to Defendants or inconvenience to the Court. *See Kamakahi v. Am. Soc'y for Reprod. Med.,* No. 11-CV-01781-JCS, 2014 WL 7183629, at *3 (N.D. Cal. Dec. 15, 2014) (refusing to strike a pleading based on claimed violations of Rule 7-3 in part because it would not result in prejudice due to proximity to the hearing).[1]

Conversely, moving to strike Defendants' *Daubert* motions and the Ericksen rebuttal report in an opposition to the *Daubert* motions (as Defendants suggest), would be an improper request for affirmative relief, and would limit Defendants' ability to adequately respond.[2] The Court should consider and grant Plaintiffs' motion to strike on the merits.

---

[1] As Defendants admit (MTS Opp. at 2 n.1), Plaintiffs already addressed the procedural improprieties regarding Defendants' *Daubert* motions, including Defendants' failure to comply with Local Rule 7-9, in their opposition to the Second Dennis *Daubert*. *See* ECF No. 1021 at 7-13.

[2] This is what Defendants have attempted to do by seeking to "strike" the declaration of Plaintiffs' expert Dr. Brian Kriegler in the reply to their *Daubert* motion, thereby effectively eliminating Plaintiffs' ability to respond to the request. *See* ECF No. 1027 at 14-15. Defendants' request to strike the Kriegler declaration is thus procedurally improper. It also fails on the merits because it is proper for an expert to respond to criticisms of their expert opinions in an opponent's *Daubert* motion. *See e.g. Bryant v. Wyeth, No.* 04-cv-1706, 2012 WL 11924298, at *3 (W.D. Wash. July 19, 2012) ("While Rule 26 demands that expert disclosures be 'complete,' there is no requirement that such disclosures cover any and every objection or criticism of which an opposing party might conceivably complain.... [A]n expert need not stand mute in response to an opposing party's *Daubert* motion.") (quoting *Allgood v. General Motors Corp.*, 2006 WL 2669337, at * 5 (S.D. Ind. 2006)); *Bona Fide Conglomerate, Inc. v. SourceAmerca*, No. 3-14-CV-00751, 2019 WL 1369007, at *10 (S.D. Cal. Mar. 26, 2019) (denying a request to strike an expert's opinions in response to a motion for summary judgment because he "did not alter any of his theories, and instead 'merely expand[ed] upon or clarify[ied] initial opinions that the [opposing party] had an opportunity to test during discovery.'") (citations omitted). In this case, Dr. Kriegler's declaration does not alter any of his theories, opinions or damages calculations. *See* ECF 1023, at 1-2. Rather, he responds to and rebuts speculative criticisms of his damages calculation by Defendants' experts using data that was previously provided to and readily available to the Defendants' experts. *See id.* at 3-17. This is distinguishable from Dr. Ericksen's 2021 rebuttal report, which was not filed in response to a *Daubert* motion or any new opinions presented by Dr. Dennis.

B.  **The Second Dennis *Daubert* is Improper and Should be Stricken**

Plaintiffs' motion to strike details the procedural history relating to the Court's denial of Defendants' first *Daubert* motion challenging the 2016 Dennis Report and Main Survey, after conducting a full *Daubert* analysis. *See* ECF No. 1023 at 2-3; *see also* ECF No. 782 at 39-48. In order to renew their *Daubert* challenge against Dr. Dennis, Defendants were required to request leave to file a motion for reconsideration and otherwise comply with Local Rule 7-9. It is undisputed that Defendants did not do so, and Defendants' opposition fails to present any valid justification for their noncompliance.

Defendants assert two primary arguments in their opposition. First, they claim the Main Survey is being presented for a different purpose than at class certification. Second, they claim their motion is supported by new expert discovery conducted in 2021. Even if these arguments had merit (they do not), they provide no excuse for Defendants' failure to comply with Local Rule 7-9. If Defendants believed these matters were adequate grounds to reconsider the Court's March 2017 *Daubert* ruling relating to Dr. Dennis, they were required to comply with Local Rule 7-9 by: (1) filing a motion for leave pursuant to Local Rule 7-9(a); and (2) providing specific grounds justifying reconsideration as permitted by Local Rule 7-9(b). Defendants failed to do so, and instead pretended the Court's prior *Daubert* denial does not exist. Their complete failure to comply with the requirements of Local Rule 7-9, is grounds to strike the Second Dennis *Daubert* and impose appropriate sanctions pursuant to Local Rule 7-9(c).[3]

Moreover, none of Defendants' arguments present any basis for overturning the Court's prior denial of Defendants' *Daubert* motion against Dr. Dennis. Contrary to Defendants' assertion, there is nothing "new" about Dr. Dennis' Main Survey or the way that Plaintiffs and their experts are using it. Plaintiffs have always presented Dr. Dennis' survey as a method of estimating hours worked by minor leaguers as a result of Defendants' failure to maintain hourly records. *See* ECF

---

[3] Contrary to Defendants argument (MTS Opp. at 4) complying with Local Rule 7-9 does not mean that they are "forever shielded from a future challenge" to the Court's prior denial of their previous *Daubert* motion. Rather, Local Rule 7-9 sets forth specific procedures and requirements to prevent serial motions that assert the same arguments the Court previously rejected, as the Defendants have done in this case.

No. 782 at 6 ("Dr. Dennis concluded that the results of the Main Survey are a reliable measure of the hours worked by minor league players and that they are not infected by any of these forms of bias.") (citing the 2016 Dennis Report and Main Survey). The parties spent months briefing the issues whether the Main Survey was admissible for that purpose and whether Plaintiffs could proceed as a class action under the *Tyson Foods* and *Mt. Clemens* rubric. The Court expressly rejected Defendants' *Daubert* challenge to the admissibility of the Main Survey in 2017, finding it relevant to the issue of hours worked and reliable. *Id.* at 41-42 ("Dr. Dennis used arrival and departure times as an indicator of when ball players' principal activities began and ended. … [Thus] it will allow the jury to ascertain whether the class members performed work and will provide estimates of the amounts of time they worked."). The parties then spent many more months arguing these issues on appeal, and the Ninth Circuit found that the requirements of *Tyson Foods* and *Mt. Clemens* had been satisfied. *See Senne v. Kansas City Royals Baseball Corp.*, 934 F.3d 918, 945-46 (9th Cir. 2019) (recognizing that the survey was being presented by Plaintiffs as one of the means to measure hours worked). Defendants claim that the Court invited another *Daubert* motion by stating that they could challenge the "sufficiency of the Main Survey and Plaintiffs' damages model on summary judgment and/or at trial." Dkt. 782 at 56. Challenging the *sufficiency* of evidence, however, is different from challenging the *admissibility* of evidence. Defendants can of course continue to challenge the sufficiency of the evidence under the burden-shifting rubric of *Mt. Clemens*—something that would require examination of *all* layers of evidence supporting Plaintiffs' estimates of hours worked, not just the survey in isolation. However, the admissibility of the Main Survey has already been decided.

Defendants' Second Dennis *Daubert* is also not supported by the expert discovery conducted in 2021. Defendants claim that this discovery means that Dr. Dennis had not fulfilled his Rule 26 obligations is directly contradicted by their previous stipulation that "Plaintiffs' Survey Expert Report has been sufficiently disclosed." *See* ECF 843. Defendants have had Dr. Dennis' report since 2016, and their failure to seek this discovery until August of 2021 demonstrates that this is a manufactured argument that is designed to generate "another free shot" at the 2016 Dennis Report and Main Survey. Aug. 27, 2021 Hrg. Transcript (ECF No. 1007), at 13. Furthermore, as more fully

set forth in Plaintiffs' opposition to the Second Dennis *Daubert*, none of the expert discovery conducted in 2021 supports the extraordinary step of reconsidering the Court's ruling. *See* ECF No. 1021 at 13-24. Namely, Dr. Dennis's deposition does not reveal anything new, as his testimony was entirely consistent with his report. *Id.* Moreover, Defendants' argument that foreign-born players may work different hours than non-foreign-born players is so weak that it forms only one paragraph in 25 pages of the Second Dennis *Daubert*. ECF No. 969 at 21.[4] The Second Dennis *Daubert* merely re-hashes the same arguments previously made before the Court. This is exactly what Local Rule 7-9 and Federal Rule of Civil Procedure 59(e) were designed to prevent.

Defendants' final argument—that their failure to comply with Local Rule 7-9 should not open them up to the mandatory sanctions under Local Rule 7-9(c)—is wisely buried in a footnote. *See* ECF No. 1036 at n.6. Parties cannot avoid Local Rule 7-9 by simply ignoring the Rule and labeling their motion something other than a "motion for reconsideration." The fact that Defendants did not even attempt to comply with Local Rule 7-9, makes sanctions more appropriate in this case.

### C. The New Ericksen Rebuttal Report Violates the Court's Orders and Should be Stricken

The Court's case management order limited supplemental expert reports to "an expert report in rebuttal to the updated Kriegler report" or "expert disclosures in rebuttal to opening expert reports not previously rebutted." ECF No. 843 at 2. This order barred Dr. Ericksen from submitting a further rebuttal report to the 2016 Dennis Report and Main Survey. Aware of this limitation, Defendants did not serve a new rebuttal report by Dr. Ericksen when rebuttal reports were due on September 27, 2021. However, on October 29, 2021 Defendants filed rebranded Ericksen "declaration" in support of the Second Dennis *Daubert* motion. ECF No. 969-12.

Predictably, Defendants attempt to hang their hat on their label of the new report as a "declaration" rather than a rebuttal report. *See* MTS Opp. at 6. This moniker does nothing to change the nature of the report, which seeks to rebut Dr. Dennis's 2016 Report and Main Survey. Indeed,

---

[4] Defendants and their experts tellingly did not report any analysis to support this speculative and offensive argument, and Plaintiffs have since debunked it. *See* Declaration of Brian Kriegler, Ph.D. in Response to Motion to Exclude, at 11, 25 (showing survey responses of foreign-born players were not meaningfully different than non-foreign-born players).

primary heading of the Ericksen—tellingly entitled "Critique of Dr. Dennis's Main Survey"—repeats Dr. Ericksen's previous criticisms of the Main Survey, based on information that has available since 2016. ECF No. 969-12 at 4-25.

Because Dr. Ericksen's report is focused on Dr. Dennis' 2016 Report and Main Survey, Defendants' attempt to recast the new Ericksen report as a rebuttal to Dr. Kriegler (MTS Opp. at 6-7) is similarly flawed. The only relevance Dr. Ericksen's opinions have to Dr. Kriegler's opinions is that Dr. Kriegler relied on the results of Dr. Dennis's Main Survey as part of his damage calculations. But the Court already recognized, and defense counsel agreed, that Dr. Kriegler's use and reliance of the survey would not justify a further rebuttal report aimed at Dr. Dennis. *See* Aug. 27, 2021 Hrg. Transcript (ECF No. 1007) at 13 ("The Court: You're not saying that you get another free shot at the – at Dennis's report because you're giving your rebuttal to Kriegler. Ms. Bloom: No, I don't see that that – we're not getting another free shot at Dennis's report. That's correct.").

If Defendants truly believed the new Ericksen report rebutted Dr. Kriegler's opinions, they were required to do so on the September 27, 2021 deadline for serving such rebuttal reports.[5] By withholding the Ericksen rebuttal report until October 29, 2021, Defendants increased the prejudice to Plaintiffs by inhibiting their right to depose Dr. Ericksen and analyze the new report. *See* Ericksen Dep. at 27-28 (ECF No. 1036 at 4-5) (refusing to answer questions regarding his new report at the direction of counsel). Defendants' attempt to minimize the prejudice incurred by Plaintiffs falls flat. Their concession that Dr. Ericksen primarily repeats points made in his 2016 declarations (MTS Opp. at 7) merely confirms that his 2021 "declaration" is an improper rebuttal report. Nor should Plaintiffs be forced to rely on the deposition of Defendants' labor economist, Dr. Denise Martin, regarding the opinions of Dr. Ericksen (as Defendants imply). The fact that Dr. Martin adopted Dr. Ericksen's opinions supports Plaintiffs' motion to exclude these opinions that fall outside of her expertise (*see* Plaintiffs' *Daubert* Motion (ECF No. 988 at 13-16)), but does not serve as a substitute for Dr. Ericksen's opinions or testimony.

---

[5] Defendants were granted an extension of expert deadlines to obtain this additional discovery and incorporate them into their rebuttal report on September 27, 2021. ECF No. 956.

Defendants knew that the Court's case management order barred them from filing a further Ericksen rebuttal report in 2021. In an attempt to usurp this order, they rebranded Dr. Ericksen's rebuttal opinions as a "declaration" which was filed over a month after rebuttal reports were due. This rebranding further exacerbated the prejudice and impropriety of the new rebuttal report, by limiting Plaintiffs ability to depose Dr. Ericksen's and respond to his new opinions. Dr. Ericksen's new rebuttal report is improper and should be stricken.

D.  **Defendants Failed to Obtain a Court Order Permitting the Filing of Multiple *Daubert* Motions**

This Court's November 17, 2020 Order makes clear that, "Without leave of Court no party may file more than … one (1) Daubert motion, addressing any number of expert witnesses, to be heard at the same time as dispositive motions." *See* ECF No. 843 at 2-3. Absent leave of Court, such motions are limited to 25 pages. *See* N.D. Cal. L.R. 7-2(b).

Defendants do not meaningfully dispute that they violated this order and Local Rule 7-2(b) by filing three separate *Daubert* motions totaling 58 pages, without obtaining leave of court. Instead, they make vague references to other case documents, none of which amended the limit on the filing of *Daubert* motions. *See* MTS Opp. at 8. The parties' meet and confer discussions regarding the filing of *Daubert* motions also do not support Defendants' opposition. Rather, Plaintiffs advised Defendants that "we have not seen good cause for the additional pages for *Daubert* motions" and requested more information from Defendants regarding what they were proposing. *See* ECF No. 1036-5 at 3. Instead of responding to Plaintiffs' request, Defendants unilaterally decided to file multiple *Daubert* motions. *Id.* at 2. Plaintiffs did not enter any stipulation authorizing or endorsing the defense proposal to file multiple *Daubert* motions, and the resulting stipulation only dealt with page limits on motions for summary judgment. ECF No. 962. Accordingly, Plaintiffs filed just one 25-page *Daubert* motion directed at two defense experts as required by the operative case management order.

Defendants try to raise a false equivalency by arguing (at 9) that Plaintiffs filed two dispositive motions. Defendants' unrelated argument appears to refer to Plaintiffs' motion for judgment on the pleadings, filed concurrently with the summary judgment motions. But Plaintiffs

explicitly sought and obtained the courts approval to file that motion at the same time as their summary judgment motions. *See* ECF 917. That is the approach that Defendants should have taken if they desired to file multiple *Daubert* motions in contravention of the Court's Order.

Recognizing that their interpretation of the procedural history is precarious, Defendants' final argument is that they should receive post-filing relief to file non-conforming *Daubert* motions. Plaintiffs are sensitive to the notion that a motion should be decided on the merits, but one of the points of this motion to strike is that the Court already decided the merits of the Second Dennis *Daubert*. If Defendants had not attempted to re-argue their Dennis *Daubert* arguments, they could have consolidated their other *Daubert* arguments in a single motion concerning Plaintiffs' other two experts. They instead ignored multiple Court rules and orders and improperly burdened the Court and counsel with unnecessary motion practice.

### III. CONCLUSION

The multiple *Daubert* motions and new Ericksen rebuttal report filed by Defendants in 2021 violated this Court's orders, the applicable Local Rules, and the Federal Rules of Civil Procedure. The Court should strike these filings or take other remedial actions as appropriate.

DATED: December 29, 2021

Respectfully submitted,

　　　*/s/ Bobby Pouya*

PEARSON, SIMON & WARSHAW LLP
Clifford H. Pearson
Daniel L. Warshaw
Bobby Pouya
Thomas J. Nolan
Benjamin E. Shiftan

KOREIN TILLERY, LLC
Stephen M. Tillery
Garrett R. Broshuis
Marc Wallenstein
Diane Moore

*Plaintiffs Co-Lead Class Counsel*