STEPHEN M. TILLERY *(pro hac vice)*
 stillery@koreintillery.com
GARRETT R. BROSHUIS *(*Bar No. 329924) *(pro hac vice)*
 gbroshuis@koreintillery.com
MARC WALLENSTEIN *(pro hac vice)*
 mwallenstein@koreintillery.com
DIANE MOORE (Bar No. 214903)
 dmoore@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

CLIFFORD H. PEARSON (Bar No. 108523)
 cpearson@pswlaw.com
DANIEL L. WARSHAW (Bar No. 185365)
 dwarshaw@pswlaw.com
BOBBY POUYA (Bar No. 245527)
 bpouya@pswlaw.com
THOMAS J. NOLAN (Bar No. 66992)
 tnolan@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

BENJAMIN E. SHIFTAN (Bar No. 265767)
 bshiftan@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
350 Sansome Street, Suite 680
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008

Plaintiffs' Co-Lead Class Counsel

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated;<br><br>  Plaintiffs,<br><br>  vs.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL; et al.;<br><br>  Defendants. | CASE NO. 3:14-cv-00608-JCS<br>(consolidated with 3:14-cv-03289-JCS)<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION TO BIFURCATE CLASS CLAIMS FROM INDIVIDUAL CLAIMS**<br><br>Hearing date: March 4, 2022<br>Hearing Time: 9:30 a.m.<br>Courtroom: G, 15th Floor<br>Judge: Honorable Joseph C. Spero |

# NOTICE OF MOTION AND MOTION

Please take notice that Plaintiffs move the Court for an order granting Plaintiffs' Motion to Bifurcate Class Claims from Individual Claims. This motion will be heard on March 4, 2022, at 9:30 a.m. or as soon thereafter as the matter may be heard by the Honorable Joseph C. Spero of the U.S. District Court of the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California, Courtroom G, 15th Floor.

Plaintiffs make this motion pursuant to Federal Rule of Civil Procedure 42(b) and the Court's inherent trial management powers. *See Buchanan v. Tata Consultancy Servs., Ltd.*, No. 15-CV-01696-YGR, 2018 WL 3537083, at *4 (N.D. Cal. July 23, 2018) (bifurcating class claims from individual claims for trial).

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the records on file in this action, and upon additional evidence and argument as may be presented at or before the hearing on this Motion.

DATED: January 27, 2022                        Respectfully submitted,

                                                              */s/Bobby Pouya*

**PEARSON, SIMON & WARSHAW LLP**
CLIFFORD H. PEARSON
THOMAS J. NOLAN
DANIEL L. WARSHAW
BOBBY POUYA
BENJAMIN E. SHIFTAN

**KOREIN TILLERY, LLC**
STEPHEN M. TILLERY (pro hac vice)
GARRETT R. BROSHUIS
MARC WALLENSTEIN (pro hac vice)
DIANE MOORE

*Plaintiffs Co-Lead Class Counsel*

## MEMORANDUM OF POINTS & AUTHORITIES

Plaintiffs respectfully move, pursuant to Federal Rule of Civil Procedure 42(b) and this Court's inherent trial management authority, to bifurcate the class claims and individual claims at issue and hold two separate trials, with the class claims proceeding first. Such bifurcation will expedite the case, serve the interests of judicial economy, and substantially reduce the likelihood of jury confusion.

Rule 42(b) allows the Court to bifurcate class claims from individual claims to "avoid prejudice, or to expedite and economize" the case. Courts, both within this District and outside it, have used this Rule in employment class actions such as this one. *See, e.g.*, *Buchanan v. Tata Consultancy Servs., Ltd.*, No. 15-CV-01696-YGR, 2018 WL 3537083, at *4 (N.D. Cal. July 23, 2018) (bifurcating class claims from individual claims in discrimination case); *Hawkins v. Securitas Sec. Servs. USA, Inc.*, No. 09-C-3633, 2013 WL 1195715, at *2 (N.D. Ill. Mar. 21, 2013) (bifurcating class claims from individual ones in a wage-and-hour case).

The circumstances of this case make it appropriate to bifurcate the class and individual claims. There are over forty baseball players who have joined this action as named Plaintiffs. The named Plaintiffs' core claims are subsumed by the claims certified in the Rule 23 classes and Fair Labor Standards Act ("FLSA") collective, which cover spring training, extended spring training, and instructional leagues in Arizona and Florida, and the California League. Those key claims will be decided in one stroke for thousands of class and collective members, including the named Plaintiffs.

The named Plaintiffs have additional individual claims that have not been certified for class treatment under various state laws, including: (1) claims relating to in-season work in minor leagues other than the California League; and (2) claims for work performed during the winter training period. The Court previously determined that these additional claims were not suitable for class treatment. ECF No. 687. These non-certified claims by the individual named Plaintiffs require the presentation of additional evidence, involve several additional state laws, and involve choice-of-law questions not presented by the class claims. If these individual claims are included in a single trial along with the class claims, they will significantly increase the complexity of the trial, and are likely to overwhelm and confuse the jury. Bifurcating the class and individual claims will eliminate these risks and allow for th more focused and manageable adjudication of this case.

**BACKGROUND**

Three Rule 23(b)(3) classes and the 23(b)(2) class have been certified in this case. Two of the (b)(3) classes and the (b)(2) class will require application of Arizona and Florida law and concern the work that minor leaguers perform during spring training, extended spring training, and instructional leagues in those two states—work periods that almost always go unpaid. *See Senne v. Kansas City Royals Baseball Corp.*, 934 F.3d 918, 942–43 (9th Cir. 2019). The (b)(2) class also includes work performed during the championship season in Arizona and Florida, but only equitable relief (not damages) is sought in the (b)(2) class. Because Arizona and Florida do not have overtime laws, these classes only involve minimum wage claims.

The third (b)(3) class requires the application of California law, concerning the work that minor leaguers perform during the regular "championship" season in the California League. That class involves both minimum wage and overtime claims, along with derivative claims under California's Labor Code, such as waiting time penalties (§§ 201-203) and wage statement penalties (§ 226). The Court will also resolve Plaintiffs' related claims under the California Private Attorney General Act, for which class certification under Rule 23 is not required.[1]

An opt-in collective certified under the FLSA, 29 U.S.C. § 216, covers the same scope of work as captured in the Rule 23(b)(3) classes. It includes both minimum wage and overtime claims assessed under the FLSA. During the opt-in period, approximately 2,300 players chose to participate in the FLSA collective. Because of the overlap between the class claims and the claims of the FLSA Collective, along with California's more protective overtime law, the overtime claims during the training seasons will be the only issue in need of independent adjudication under the FLSA Collective as part of the class claims.

In addition to these class claims, the named plaintiffs also have individual claims. These claims cover work performed by the named plaintiffs during the off-season, often away from Defendants'

---

[1] "[T]he Ninth Circuit observed in *Baumann* that because a 'PAGA suit is fundamentally different than a class action,' a representative PAGA plaintiff need not meet all of the requirements for class action plaintiffs in Federal Rule of Civil Procedure 23." *Delgado v. Marketsource, Inc.*, No. 17-CV-07370-LHK, 2019 WL 1904216, at *4 (N.D. Cal. Apr. 29, 2019) (*quoting Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1123 (9th Cir. 2014)).

1  stadiums and other facilities. They also include work performed by the named plaintiffs during the
2  championship season in leagues other than the California League. Plaintiffs originally moved to certify
3  these claims as well, but the Court found them unsuitable for class treatment. ECF No 687. The
4  Court expressed concern about determining which state law would apply to these claims, because
5  players often performed this work in more than one state. *Id.* at 59, 87. For winter training, the Court
6  also found that the lack of documentation would make proving the claims more individualized. *Id.* at
7  59-61.
8       As explained further below, these non-class individual claims will be resolved under different
9  state laws and will involve additional evidence, making a combined trial significantly more
10 complicated and potentially confusing for jurors. Plaintiffs therefore ask the Court to bifurcate the
11 class claims from the individual claims for the remainder of the proceedings, with pretrial matters and
12 trial taking place for the class claims first.

### ARGUMENT

**I.  THE CLASS CLAIMS SHOULD BE BIFURCATED FROM THE INDIVIDUAL CLAIMS TO ENSURE EFFICIENCY AND TO AVOID JURY CONFUSION.**

     Under Federal Rule of Civil Procedure 42(b), a court may "order a separate trial of one or more separate … claims" "[f]or convenience, to avoid prejudice, or to expedite and economize." Because the Rule is written "in the disjunctive instead of the conjunctive," not all of these considerations must be present. *In re Paris Air Crash of Mar. 3, 1974*, 69 F.R.D. 310, 318 (C.D. Cal. 1975). The Rule "confers broad discretion upon the district court to bifurcate" proceedings. *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004). "Factors to be considered when determining whether to bifurcate include: avoiding prejudice, separability of the issues, convenience, judicial economy, and reducing risk of confusion." *Buchanan v. Tata Consultancy Servs., Ltd.*, No. 15-CV-01696-YGR, 2018 WL 3537083, at *4 (N.D. Cal. July 23, 2018) (*quoting Bates v. United Parcel Service*, 204 F.R.D. 440, 448 (N.D. Cal. 2001)).

     Courts within the Northern District of California have recognized the appropriateness of bifurcating class claims from individual claims in employment cases. *See Buchanan*, 2018 WL 3537083, at *4 (bifurcating class claims from individual claims in discrimination case); *Butler v. Home Depot, Inc.*,

No. C-94-4335 SI, 1996 WL 421436, at *6 (N.D. Cal. Jan. 25, 1996) ("[c]ourts have routinely adopted the approach advocated by plaintiffs in which the first phase of the proceedings focuses exclusively on classwide claims …. Individual compensatory damages would be resolved in the second phase of the proceedings which, since they would adjudicate individual claims, would not involve the 'same issues' as did the first phase."); *Siddiqi v. Regents of Univ. of California*, No. C 99-0790 SI, 2000 WL 33190435, at *11 (N.D. Cal. Sept. 6, 2000) (bifurcating class claims based on disparate impact from individual claims based on failure to accommodate). In *Buchanan*, for instance, a class had been certified on the allegation that the company had a pattern or practice of discriminating against workers from the United States. 2018 WL 3537083, at *1. At the same time, the named plaintiff, Buchanan, had an individual claim based on a different theory of discrimination (failure to hire). *Id.* at *5. When the company moved to bifurcate Buchanan's individual claims from the class claims, the court evaluated the evidence that each type of claim would require. While both claims arose "under the same statutory framework," much of the evidence would be different, as the company directives that the class intended to rely upon concerned already-hired workers rather than unhired workers. *Id.* Thus, evidence going to the individual claims could "result in confusion and could lead to prejudice" for the class claims, making bifurcation proper. *Id.*

Even more on point is the wage-and-hour case of *Hawkins v. Securitas Sec. Servs. USA, Inc.*, No. 09-C-3633, 2013 WL 1195715, at *2 (N.D. Ill. Mar. 21, 2013). There, the court certified a class seeking compensation for unpaid training, but it declined to certify classes based on pre- and post-shift work and uniform cleaning. *Id.* at *1. As the trial date approached, the court *sua sponte* bifurcated the class claims from those that had not been certified. Given the relative stakes of the class claims—which involved thousands of workers—compared to the individual claims, the court held that "it would be far better for a jury to focus exclusively on the training/orientation claim than to consider that claim along with the pre/post-shift work and uniform maintenance/cleaning claims." *Id.*

The Court should take the same approach in this case for several reasons. First, judicial economy supports bifurcation because the individual claims present choice-of-law issues that are not presented by the class claims. This Court and the Ninth Circuit already resolved the choice-of-law issues for the class claims, which involve the laws of just three states, along with the FLSA. For each

class, the work takes place solely in one state, which eliminates the choice-of-law concerns previously raised by Defendants. *See Senne*, 934 F.3d at 933 ("[T]he district court did not err in concluding that … California law applies to the California class"); *Id.* at 936 ("[T]he third step of California's governmental interest test yields a clear answer: the laws of Arizona and Florida should apply to the work performed wholly within their respective boundaries.).

For the individual claims, however, the work often takes place in multiple states and choice-of-law issues remain unresolved. The Court expressed concern about these choice-of-law issues in its first class certification order, stating that "*where* minor league players conducted their various winter training activities will involve laborious and highly individualized inquiries." ECF No 687 at 61 (emphasis in original). Similarly, the individual claims involving in-season work taking place in leagues other than the California League (which, by its definition, takes place solely in California), gives rise to potential choice-of-law issues when teams cross state lines during the season. Jury instructions are currently due on March 30, 2022 and if the individual claims remain part of the first trial, determining what law applies to the individual claims will affect the drafting of jury instructions for those claims. Plaintiffs submit that it is better to reserve these choice-of-law issues for a separate trial, so that only the class and FLSA claims will be the subject of the jury instructions and other pre-trial submissions due on March 30, 2022.

Second, bifurcation is appropriate to reduce the significant risk of jury confusion. Setting aside any choice-of-law issues, the individual claims will inject the laws of five additional states into the case: Maryland, New York, North Carolina, Oregon, and Pennsylvania. If there is a single trial, jurors will need to receive additional instructions on these state laws, including a description of the additional claims and what state law applies to which claims, the applicable minimum wages in each such state for each year, and any definitional wrinkles that each state might have. The individual claims also concern an additional work period (the winter training season), which will require additional evidence that will complicate a single trial. The certified classes, by contrast, focus on spring training, extended spring training and instructional leagues in Florida and Arizona and the California League in California. The evidence and damages calculations for these work periods rely upon class-wide evidence such as "transactional histories of the players, the daily schedules, and records of games that

were played, including where games were played and how long they lasted," along with survey data and data on travel times. *See* ECF No. 782 at 56. "[A]s in *Tyson Foods*," the "representative evidence can be combined with actual records of time spent engaged in the various activities to derive a reasonable estimate of the amount of time worked by class members." *Id.*

The individual claims for work performed during the winter training season, however, will be resolved differently. As the court determined in its first class certification order, the individual plaintiffs will need to present evidence of their winter training activities and the "degree to which these activities were dictated by the Clubs and/or monitored by them" because there are fewer "official records" documenting this work. ECF No 687 at 59-61. The documents that will be used to prove these off-season claims—there are volumes of training manuals that set forth the expectations—will likely not overlap with the evidence used to prove the class claims. To prove these winter training claims, all of the named plaintiffs may need to present testimony or other individualized evidence. In contrast, to prove the class claims, the players envision needing live testimony from a smaller number of witnesses, with the testimony targeted on the issues specific to the classes. *See Buchanan*, 2018 WL 3537083, at *5 (injecting facts unrelated to the class claims could "result in confusion and could lead to prejudice").

Third, bifurcating the individual claims is appropriate because it will allow the focus of the trial to be on the core class claims, which include the vast majority of the damages in the case and have been the primary focus of the Court and the parties. Trying the individual claims alongside the class claims would allow the tail to wag the dog—the trial would be longer, and much of the testimony would focus on the individual claims even though the stakes are much higher for the class claims. "Given the relative stakes involved, it would be far better for a jury to focus exclusively on the [class] claim than to consider that claim along with the [individual] claims" that cover different work. *Hawkins*, 2013 WL 1195715, at *1.

## CONCLUSION

For the foregoing reasons, Plaintiffs ask that the Court bifurcate the case, with pretrial matters and a trial for the class claims occurring first, followed by a second phase devoted to the remaining individual claims. This will eliminate the risk of confusion and prejudice that could result from mixing

in many more state laws and additional evidence relating to different claims in a single trial.

DATED: January 27, 2022                                Respectfully submitted,

                                                                    */s/ Bobby Pouya*

**PEARSON, SIMON & WARSHAW LLP**
CLIFFORD H. PEARSON
THOMAS J. NOLAN
DANIEL L. WARSHAW
BOBBY POUYA
BENJAMIN E. SHIFTAN

**KOREIN TILLERY, LLC**
STEPHEN M. TILLERY (pro hac vice)
GARRETT R. BROSHUIS
MARC WALLENSTEIN (pro hac vice)
DIANE MOORE

*Plaintiffs Co-Lead Class Counsel*