**PROSKAUER ROSE LLP**
ELISE M. BLOOM (admitted *pro hac vice*)
ebloom@proskauer.com
NEIL H. ABRAMSON (admitted *pro hac vice*)
nabramson@proskauer.com
ADAM M. LUPION (admitted *pro hac vice*)
alupion@proskauer.com
RACHEL S. PHILION (admitted *pro hac vice*)
rphilion@proskauer.com
NOA M. BADDISH (admitted *pro hac vice*)
nbaddish@proskauer.com
JOSHUA S. FOX (admitted *pro hac vice*)
jfox@proskauer.com
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

**PROSKAUER ROSE LLP**
PHILIPPE A. LEBEL (SBN 274032)
plebel@proskauer.com
2029 Century Park East, 24th Floor
Los Angeles, CA 90067-3010
Telephone: (310) 557-2900
Facsimile: (310) 557-2193

**PROSKAUER ROSE LLP**
MARK W. BATTEN (admitted *pro hac vice*)
mbatten@proskauer.com
SAMANTHA R. MANELIN (admitted *pro hac vice*)
smanelin@proskauer.com
One International Place
Boston, MA 02110-2600
Telephone: (617) 526-9600
Facsimile: (617) 526-9899

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AARON SENNE, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL, *et al.* <br><br> Defendants. | Case No. CV 14-00608 JCS (consolidated with 3:14-cv-03289-JCS) <br><br> Hon. Joseph C. Spero <br><br> **DEFENDANTS' MOTION IN LIMINE NO. 7 TO PRECLUDE REFERENCES TO LOBBYING EFFORTS** <br> Date: <br> Time: 9:30 am <br> Place: Courtroom G, 15th Floor |

Defendants respectfully move in limine to preclude any evidence of, or reference to, lobbying efforts by Defendants, including with reference to the Save America's Pastime Act ("SAPA"), state legislative efforts, or other advocacy for legal reforms.

First, and most simply, such evidence or argument would not be relevant to any issue in the case. Defendants' liability under the laws on which the jury will be instructed does not rise or fall on any efforts to change those laws. Nor can Defendants be held liable under those laws, or held liable in a greater amount, to compensate for greater liability that might have applied if SAPA had not passed. Any use that this jury would make of efforts to change applicable laws, whether successful or unsuccessful, could only be for an improper purpose. Such references accordingly are unfairly prejudicial without offering any probative value, and should be prohibited.

Second, any suggestion that Defendants should be held liable because they exercised a right to petition state legislatures or Congress for a change in law would violate the *Noerr-Pennington* doctrine, which immunizes those "who petition any department of the government for redress." *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F. 3d 991, 1006 (9th Cir. 2008); *see generally Sosa v. DirecTV, Inc.*, 437 F.3d 923 (9th Cir. 2006). Though originally a creature of antitrust law, the doctrine now applies to immunize petitioning parties from liability for petitioning activity in any context, and includes both statutory liability and on common law claims. *Theme Promotions*, 546 F.3d at 1007. Indeed, the "breathing space" that the First Amendment requires for such petitioning activity extends the protection of the *Noerr-Pennington* doctrine beyond direct petitions to include, for example, letters threatening litigation – that is, threatening to engage in protected activity. *Sosa*, 437 F.3d at 932-35.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court preclude any trial evidence of or reference to any efforts to lobby lawmakers or otherwise to advocate changes in the law.

| | | |
|---|---|---|
| 1 | Dated:  March 30, 2022 | PROSKAUER ROSE LLP |
| 2 | | ELISE M. BLOOM (*pro hac vice*) |
| | | NEIL H. ABRAMSON (*pro hac vice*) |
| 3 | | ADAM M. LUPION (*pro hac vice*) |
| | | MARK W. BATTEN (*pro hac vice*) |
| 4 | | RACHEL S. PHILION (*pro hac vice*) |
| | | NOA M. BADDISH (*pro hac vice*) |
| 5 | | JOSHUA S. FOX (*pro hac vice*) |
| | | PHILIPPE A. LEBEL |
| 6 | | SAMANTHA R. MANELIN (*pro hac vice*) |

By:  */s/ Elise M. Bloom*
      Elise M. Bloom
      *Attorneys for Defendants*

- 2 -

**PROSKAUER ROSE LLP**
ELISE M. BLOOM (admitted *pro hac vice*)
ebloom@proskauer.com
NEIL H. ABRAMSON (admitted *pro hac vice*)
nabramson@proskauer.com
ADAM M. LUPION (admitted *pro hac vice*)
alupion@proskauer.com
RACHEL S. PHILION (admitted *pro hac vice*)
rphilion@proskauer.com
NOA M. BADDISH (admitted *pro hac vice*)
nbaddish@proskauer.com
JOSHUA S. FOX (admitted *pro hac vice*)
jfox@proskauer.com
Eleven Times Square
New York, NY 10036
Telephone:  (212) 969-3000
Facsimile:  (212) 969-2900

**PROSKAUER ROSE LLP**
PHILIPPE A. LEBEL (SBN 274032)
plebel@proskauer.com
2029 Century Park East, 24th Floor
Los Angeles, CA  90067-3010
Telephone:  (310) 557-2900
Facsimile:  (310) 557-2193

**PROSKAUER ROSE LLP**
MARK W. BATTEN (admitted *pro hac vice*)
mbatten@proskauer.com
SAMANTHA R. MANELIN (admitted *pro hac vice*)
smanelin@proskauer.com
One International Place
Boston, MA 02110-2600
Telephone:  (617) 526-9600
Facsimile:  (617) 526-9899

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated;<br><br>Plaintiffs,<br>vs.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL; et al.;<br><br>Defendants. | Case No. 3:14-cv-00608-JCS<br>(consolidated with 3:14-cv-03289-JCS)<br><br>**CLASS ACTION**<br><br>**CERTIFICATE OF SERVICE** |

CERTIFICATE OF SERVICE – DEFENDANTS' MOTION IN LIMINE NO. 7 TO PRECLUDE REFERENCES TO LOBBYING EFFORTS Case No. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)

I hereby certify that March 30, 2022, I caused to be served the following:

Defendants' Motion in Limine No. 7 to Preclude References to Lobbying Efforts

by e-mail on the following counsel for Plaintiffs:

TO:    **KOREIN TILLERY, LLC**
Stephen M. Tillery (*pro hac vice*)
Garrett R. Broshuis (*pro hac vice*)
Marc C. Wallenstein (*pro hac vice*)
Diane Moore (Bar No. 214903)
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525
stillery@koreintillery.com
gbroshuis @koreintillery.com
mwallenstein@koreintillery.com
dmoore@koreintillery.com

**PEARSON, SIMON & WARSHAW LLP**
Clifford H. Pearson (Bar No. 108523)
Daniel L. Warshaw (Bar No. 185365)
Bobby Pouya (Bar No. 245527)
Thomas J. Nolan (Bar No. 66992)
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104
cpearson@pswlaw.com
dwarshaw@pswlaw.com
bpouya@pswlaw.com
tnolan@pswlaw.com

*Plaintiffs' Co-Lead Class Counsel*

Dated:  March 30, 2022

Respectfully submitted,

*/s/ Elise M. Bloom*
Elise M. Bloom (*pro hac vice*)
Neil H. Abramson (*pro hac vice*)
Adam M. Lupion (*pro hac vice*)
Rachel S. Philion (*pro hac vice*)
Noa M. Baddish (*pro hac vice*)
Joshua S. Fox (*pro hac vice*)
**PROSKAUER ROSE LLP**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

11 Times Square
New York, NY 10036
Telephone:   (212) 969-3000
Facsimile:    (212) 969-2900

Mark W. Batten (*pro hac vice*)
Samantha R. Manelin (*pro hac vice*)
**PROSKAUER ROSE LLP**
1 International Place
Boston, MA 02110
Telephone:   (617) 526-9600
Facsimile:    (617) 526-9899

Philippe A. Lebel (SBN 274032)
**PROSKAUER ROSE LLP**
2029 Century Park East, 24th Floor
Los Angeles, CA 90067
Telephone:   (310) 557-2900
Facsimile:    (310) 557-2193

*Attorneys for Defendants*

STEPHEN M. TILLERY (*pro hac vice*)
  stillery@koreintillery.com
GARRETT R. BROSHUIS (Bar No. 329924)
  gbroshuis@koreintillery.com
MARC WALLENSTEIN (*pro hac vice*)
  mwallenstein@koreintillery.com
DIANE MOORE (Bar No. 214903)
  dmoore@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone:  (314) 241-4844
Facsimile: (314) 241-3525


CLIFFORD H. PEARSON (Bar No. 108523)
  cpearson@pswlaw.com
DANIEL L. WARSHAW (Bar No. 185365)
  dwarshaw@pswlaw.com
BOBBY POUYA (Bar No. 245527)
  bpouya@pswlaw.com
THOMAS J. NOLAN (Bar No. 66992)
  tnolan@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Telephone: (818) 788-8300
Facsimile:  (818) 788-8104

BENJAMIN E. SHIFTAN (Bar No. 265767)
  bshiftan@pswlaw.com
JILL M. MANNING (Bar No. 178849)
  jmanning@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
350 Sansome Street, Suite 680
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008

Plaintiffs' Co-Lead Class Counsel

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated;<br><br>Plaintiffs,<br><br>vs.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL; et al.;<br><br>Defendants. | CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* NO. 7 TO PRECLUDE REFERENCES TO LOBBYING EFFORTS**<br><br>Hearing Date: May 4, 2022<br>Hearing Time: 2:00 p.m.<br>Courtroom: F, 15th Floor<br>Judge: Honorable Joseph C. Spero |

## I. INTRODUCTION

Defendants seek to prevent Plaintiffs from introducing evidence of their lobbying/legislative efforts or other "advocacy for legal reform" on the ground that such evidence is irrelevant and prejudicial. The motion should be denied. The evidence is relevant to Defendants' willfulness or lack of "good faith," and Defendants have failed to demonstrate any prejudice they will suffer if the jury is allowed to hear evidence of their legal lobbying activities.

## II. ARGUMENT

*In limine* rulings are preliminary evidentiary rulings committed to the district court's sound discretion. *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999). Evidence is excluded on a motion *in limine* only if it is clearly inadmissible for any purpose. *Jonasson v. Lutheran Child & Fam. Servs.*, 115 F.3d 436, 440 (7th Cir. 1997); *see also Fresenius Med. Care Holdings, Inc., v. Baxter Int'l, Inc.*, No. C 03-01431 SBA(EDL), 2006 WL 1646113, at *3 (N.D. Cal. June 12, 2006). If the evidence is not "clearly inadmissible for any purpose," the trial judge should defer admissibility rulings until trial when he can better assess the evidence's relevance and impact on the jury. *Jonasson*, 115 F.3d 436, 440 (7th Cir. 1997); *see also Mathis v. Milgard Mfg., Inc.*, No. 316CV02914BENJLB, 2019 WL 482490, at *1 (S.D. Cal. Feb. 7, 2019). The denial of a motion *in limine* does not mean the evidence *will* be admitted at trial, but rather that ruling on its admissibility prior to trial is inappropriate. *In limine* rulings are subject to change or alteration as the case unfolds. *McSherry v. City of Long Beach*, 423 F.3d 1015, 1022–23 (9th Cir. 2005), *as amended* (Oct. 27, 2005).

Here, it cannot be said evidence of Defendants' lobbying efforts is "inadmissible for any purpose." Under Rule 401, evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Defendants' efforts to lobby Congress to enact the Save America's Pastime Act ("SAPA") and their other efforts to "advocate for legal reform" are highly relevant to whether Defendants' violation of the labor laws was "willful" or whether Defendants were acting in "good faith"—two matters at issue in this case.

If Plaintiffs prove Defendants' violation of the labor laws was "willful," the usual limitations period is extended an extra year under the FLSA, Arizona and Florida law. *See* 29 U.S.C. § 255(a); Ariz. Rev. Stat. Ann. § 23-364(H); Fla. Stat. Ann. § 95.11(2)(d). The Court discussed the standard for willfulness under the FLSA in its March 10, 2022 Order. A violation is willful if the employer either knew or showed reckless disregard for whether the failure to pay minimum wage or overtime was prohibited by law. Ariz. Lab. Code § 23-364(H); 29 U.S.C. § 255(a); C.F.R. § 578.3; *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Flores v. City of San Gabriel*, 824 F.3d 890, 906 (9th Cir. 2016); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 919 (9th Cir. 2003); *see also* Ninth Circuit Model Jury Instruction (Civil) 11.14. "Reckless disregard" means the failure to make adequate inquiry into whether conduct complies with the law, and an employer thus acts willfully by 'disregard[ing] the very 'possibility' that it was violating the statute.'" ECF No. 1071 at 141, *quoting Terrazas v. Carla Vista Sober Living LLC*, No. CV-19-04340-PHX-GMS, 2021 WL 4149725, at *3 (D. Ariz. Sept. 13, 2021), *quoting Alvarez v. IBP, Inc.*, 339 F.3d 894, 908 (9th Cir. 2003), *aff'd*, 546 U.S. 21 (2005). If there is a genuine issue of material fact, the jury determines whether a violation of the FLSA was "willful." *Id.*

Evidence that Defendants lobbied Congress to enact SAPA proves that Defendants not only disregarded the possibility they were violating the labor laws, but that Defendants *actually knew* that they were violating the labor laws and sought a Congressional fix for their problem. There would be no need for Defendants to lobby to Congress to specifically exempt minor league baseball players from coverage under the FLSA if Defendants truly believed in good faith that they were already exempt from the requirements of the FLSA, either because they were "trainees" instead of employees or fell under either of the two FLSA exemptions Defendants have asserted. A party does not have to wait to be told by a judge in a decision on summary judgment that they are violating the law in order to have violated the law willfully. The jury should be allowed to hear evidence about Defendants' lobbying efforts and support of SAPA, because it bears directly on Defendants' own assessment of whether they were or were not in compliance with the law, which is the heart of the willfulness inquiry.

The probative value of such evidence is most certainly not "substantially outweighed" by the prejudice Defendants will suffer if the jury is allowed to hear it. Defendants do not even attempt to explain how they would be prejudiced if the jury were allowed to hear incontrovertible evidence that MLB engaged in the perfectly lawful act of lobbying Congress to pass the SAPA. That is because there could be no prejudice.

Defendants' argument that such evidence is "barred" by the *Noerr–Pennington* doctrine is wrong. Under *Noerr-Pennington*, which is derived from First Amendment protections, "those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006). Here, none of Plaintiffs' claims (violations of the minimum wage and overtime laws) seek to impose liability on Defendants *based on their lobbying efforts*. There is no question those efforts were entirely lawful. If the Court believes the jury will have any confusion on this point, a curative instruction can be crafted. But no instruction is necessary—the fact that Defendants caused (and supported) the enactment of SAPA goes to the willfulness of the underlying misconduct, not to the question whether they are liable for the underlying misconduct.

*Noerr-Pennington* is not an evidentiary rule and does not act as a complete bar to admissibility in any event. As the Supreme Court held in the seminal case on the issue, "It would of course still be within the province of the trial judge to admit this evidence, if he deemed it probative and not unduly prejudicial . . . if it tends reasonably to show the purpose and character of the particular transactions under scrutiny." *United Mine Workers of Am. v. Pennington*, 381 U.S. 657, 670 n.3 (1965). As explained above, evidence that Defendants lobbied Congress to enact SAPA is pertinent to whether Defendants were acting "willfully" or lacking "good faith" in their failure to pay Plaintiffs the minimum wage and overtime required by law. The evidence is admissible for this purpose despite *Noerr-Pennington*. *See, e.g.*, *In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Pracs., & Prod. Liab. Litig.*, 295 F. Supp. 3d 927, 973 (N.D. Cal. 2018) (in RICO case, rejecting argument that evidence of lobbying activities was barred under *Noerr–Pennington* because the evidence helped prove knowledge and intent to participate in RICO enterprise).

### III. CONCLUSION

The evidence Defendants seek to exclude is relevant to the issue of willfulness, and Defendants have failed to articulate any prejudice they will suffer as a result of the introduction of evidence of their completely lawful lobbying efforts. *Noerr-Pennington* has nothing to do with the matter at hand. The motion should be denied.

DATED: April 11, 2022                                      Respectfully submitted,

                                           */s/ Garrett R. Broshuis*

PEARSON, SIMON & WARSHAW LLP
CLIFFORD H. PEARSON
THOMAS J. NOLAN
DANIEL L. WARSHAW
BOBBY POUYA
BENJAMIN E. SHIFTAN
JILL M. MANNING

KOREIN TILLERY, LLC
STEPHEN M. TILLERY (pro hac vice)
GARRETT R. BROSHUIS
MARC WALLENSTEIN (pro hac vice)
DIANE MOORE

*Plaintiffs Co-Lead Class Counsel*

### CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record registered for electronic filing.

                                           */s/ Garrett R. Broshuis*
                                              Garrett R. Broshuis