STEPHEN M. TILLERY (*pro hac vice*)
  stillery@koreintillery.com
GARRETT R. BROSHUIS (Bar No. 329924)
  gbroshuis@koreintillery.com
MARC A. WALLENSTEIN (*pro hac vice*)
  mwallenstein@koreintillery.com
DIANE MOORE (Bar No. 214903)
  dmoore@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

CLIFFORD H. PEARSON (Bar No. 108523)
  cpearson@pswlaw.com
DANIEL L. WARSHAW (Bar No. 185365)
  dwarshaw@pswlaw.com
BOBBY POUYA (Bar No. 245527)
  bpouya@pswlaw.com
THOMAS J. NOLAN (Bar No. 66992)
  tnolan@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

BENJAMIN E. SHIFTAN (Bar No. 265767)
  bshiftan@pswlaw.com
JILL M. MANNING (Bar No. 178849)
  jmanning@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
350 Sansome Street, Suite 680
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008

Plaintiffs' Co-Lead Class Counsel

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL, et al.,<br><br>Defendants. | CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED VERDICT FORM** |

### A. Defendants' Verdict Form is Too Long And Very Confusing

The parties' respective proposed verdict forms embody their opposing theories of the case. Plaintiffs understand that this case is a class action. Plaintiffs' proposed verdict form is 5 pages long, totaling only 15 questions. Jurors are instructed in simple terms to go from one question to the next, with minimal need to jump from question to question. The questions flow in a logical pattern that avoids overwhelming the jury with information or asking the jury to make decisions that are not necessary.

Defendants persist in their stubborn rejection of this Court's class certification order and pretend the case is a number of individual actions consolidated for trial. As a result, Defendants' proposed verdict form is 31 pages long—six times longer than Plaintiffs'—and spans 44 questions. Each of the 44 questions is divided into numerous sub-parts that require the jury to decide liability and damages individually for each Defendant, and sometimes for multiple different years for each Defendant. The 44 questions proposed by Defendants actually require the jury to make (by Plaintiffs' count) nearly **800 separate decisions**. Plaintiffs are aware of no wage-and-hour class action with a verdict form that requires anything close to that number of jury decisions. Defendants' unprecedented approach is all but guaranteed to cause decision fatigue, deliberations that will result in no verdict, and deprive Plaintiffs of their right to a fair trial.

The structure and content of Plaintiffs' verdict form is simpler and clearer. The Court should exercise its discretion and reject Defendants' version, which appears deliberately designed to maximize juror confusion. See *MKB Constructors v. Am. Zurich Ins. Co.*, 711 F. App'x 834, 837 (9th Cir. 2017) ("Here, the proposed special verdict form spanned 11 pages, included 30 questions with differing answer formats and that form easily could have misled the jury. The district court did not abuse its discretion by rejecting this proposed form."); *Evans v. Multnomah Cty.*, 492 F. App'x 756, 760 (9th Cir. 2012) ("Verdict forms are essentially instructions to the jury and they are

reviewed for abuse of discretion."); i*d.*("So long as the instructions fairly and adequately cover the issues presented, the judge's formulation of those instructions . . . is a matter of discretion.").

**B. Liability and Damages Do Not Need To Be Proven Separately Defendant-by-Defendant**

As set forth in greater detail in Plaintiffs' Trial Brief, the jury should be asked to calculate a single damages figure for each claim for each class in a simple verdict form that jurors can easily follow. There is no need to break out damages individually by Club or by year and doing so, as Defendants propose, is highly likely to cause juror confusion. *See* Plaintiffs' Trial Brief, ECF No. 1102 at 3-5. This is because Major League Baseball—*which is an unincorporated association that Defendants chose not to incorporate*—is the joint employer of all minor league baseball players and is therefore jointly and severally liable for all damages awarded in this case. *E.g., Thompson v. Real Est. Mortg. Network*, 748 F.3d 142, 148 (3d Cir. 2014) ("each joint employer may be held jointly and severally liable for the FLSA violations of the other, in addition to direct liability for its own violations"); *Salinas v. Com. Interiors, Inc.*, 848 F.3d 125, 134 (4th Cir. 2017) (same). Further, as members of the unincorporated association that is MLB, all Clubs are jointly and severally liable for the debts and obligations of the association. *See, e.g., Scanlon v. Duffield*, 103 F.2d 572, 573–74 (6th Cir. 1939). When joint and several liability applies,

> [t]he [verdict] form should not be structured in a way that would invite the jury to divide the damages for a single injury among defendants or theories of recovery. A verdict form that takes a jury through these steps in this sequence-reinforced by clear instructions from the court not to duplicate damages or divide the amount among defendants will go far to help future litigants avoid the problems that arose in this case. Tort concepts of single indivisible injuries and joint and several liability are potentially confusing for a jury, and verdict forms should help remedy potential confusion, not add to it.

*Thomas v. Cook Cty. Sheriffs Dep't*, 604 F.3d 293, 311 (7th Cir. 2010); *Louis Vuitton MaUetier, SA v. Akanoc Sols., Inc.,* 658 F.3d 936, 947 (9th Cir. 2011) (error in jury instructions to separate out liability per defendant when defendants were jointly and severally liable).

Plaintiffs' theory of the case has always been that Defendants' pay practices were uniform and that Defendants engaged in a common pattern and practice of failing to pay minimum/overtime wages across the board. Defendants chose to put on a common defense. They are all represented by the same counsel. Moreover, Defendants have been aware of Plaintiffs' damages model since 2016,

yet did not submit their own calculations apportioning damages amongst the Clubs, when they easily could have done so. For these reasons, Plaintiffs do not need to prove damages separately with respect to each Club, and it would be inappropriate to break out damages defendant-by-defendant on the verdict form.

### C. Numerous Verdict Questions Misstate the Law By Equating Compensable "Work" With "Team-Related Activities"

Numerous verdict questions put forth by the Defendants misstate the law by limiting compensable work to "team-related" activities. There is no requirement that the work activities be "team-related" in order to be compensable. Neither the Ninth Circuit nor this Court (nor any other authority) has limited compensable work in such a manner. While it is true that Plaintiffs narrowed the case by excluding individualized off-season work and focusing on the training seasons (which necessarily include "team-related" activities), that does not mean that a particular work activity must be "team-related" in order to be compensable. For example, a player who receives treatment for a shoulder injury from a trainer in the morning before the team gathers on the field for the first team stretch is engaged in compensable work that starts the continuous workday for that player, and the same is true for all the other players receiving morning treatment from trainers or hitting in batting cages with coaches in the morning. Plaintiffs' jury instructions cogently explain the concept of "work" and the "continuous workday" doctrine, consistent with this Court's ruling on summary judgment and the Ninth Circuit's decision in this case. The verdict form should not confuse the issue by restricting compensable work to "team-related activities," which is a vague and ambiguous term likely to lead to juror confusion.

### D. Numerous Verdict Questions Improperly Presuppose that Plaintiffs May Not Rely Upon Representative Evidence

Plaintiffs are not required to present individual proof with respect to each class member, because both liability and damages can and will be proven by representative evidence. This is particularly appropriate in cases in which, as here, an employer has failed to maintain accurate records of hours worked. *See Anderson v. Mt. Clemens Pottery Co.* (1946) 328 U.S. 680; *see also* Ninth Circuit Model Civil Jury Instructions §§ 5.1, 5.2 (2017 Ed., updated Sep. 2021) (as modified);

Judicial Council of California, Jury Instruction 2703 (2020 ed.); *Furry v. East Bay Publishing, LLC*, 30 Cal. App. 5th 1072, 1079 (2018); *Senne v. Kansas City Royals Baseball Corp.*, 934 F.3d 918, 939 (9th Cir. 2019), cert. denied, 141 S. Ct. 248 (2020); *Ridgeway v. Walmart Inc.*, Case No. 08-cv-05221-SI (N.D. Cal.), *affirmed at* 946 F.3d 1066, 1081 (9th Cir. 2020), ECF No. 513 at 20 (Instruction No. 19) (as modified); *Bouaphakeo v. Tyson Foods, Inc.,* No. 5:07-CV-04009-JAJ (N.D. Iowa), *aff'd at* 577 U.S. 442 (2016), ECF No. 277 at 16 (Instruction No. 8) (as modified).

### E. Too Many Predicate Questions

The verdict form proposed by Defendants asks too many predicate questions, all of which can be set forth in the jury instructions. In a case involving multiple different claims, the aim should be to reduce the number of questions presented to the jury to a single ultimate question wherever possible, not to increase the number of predicate questions for each ultimate issue.

### F. Questions Regarding "Willfulness" Misstate the Law

Questions 4, 16, and 39 ask whether conduct was "willful or intentional," when in reality the inquiry is only whether the conduct was "willful." Those same questions include a statement of the legal standard for willfulness, but statements of controlling law should be included in the jury instructions, not the verdict form, as Defendants' themselves point out in their objections to Plaintiffs' proposed verdict form.

### G. Emphasis and underlining are biased and prejudicial

Defendants place undue emphasis on certain terms by underlining them in a manner that is unfairly prejudicial to Plaintiffs. For example, emphasizing the words "any" and "all" Defendants or "each" Defendant, as Defendants have done throughout their proposed verdict form, improperly suggests that the jury must proceed defendant-by-defendant and minimizes Major League Baseball's

role as the joint employer of all minor league players, and the Clubs' status as members of Major League Baseball that are jointly and severally liable for Major League Baseball's liabilities.

### H. Too Much Jumping Around

Defendants' proposed verdict form will require jurors to skip from question to question throughout the verdict form in a manner that will confuse them and likely lead to mistake. Plaintiffs' proposed verdict form is simpler and flows more smoothly from question to question.

### I. Conclusion

For the foregoing reasons, Defendants' Proposed Verdict Form should be rejected, and the Court should adopt Plaintiffs' Proposed Verdict Form.

DATED: April 22, 2022

Respectfully submitted,

/s/ Garrett R. Broshuis

PEARSON, SIMON & WARSHAW LLP
CLIFFORD H. PEARSON
THOMAS J. NOLAN
DANIEL L. WARSHAW
BOBBY POUYA
BENJAMIN E. SHIFTAN
JILL M. MANNING

KOREIN TILLERY, LLC
STEPHEN M. TILLERY (pro hac vice)
GARRETT R. BROSHUIS
MARC WALLENSTEIN (pro hac vice)
DIANE MOORE

*Plaintiffs Co-Lead Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record registered for electronic filing.

/s/ *Garrett R. Broshuis*
Garrett R. Broshuis