Case 3:14-cv-00608-JCS   Document 1115   Filed 05/02/22   Page 1 of 2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON SENNE, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>KANSAS CITY ROYALS BASEBALL CORP., et al.,<br><br>        Defendants. | Case No. 14-cv-00608-JCS<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 1075 |

Plaintiffs in *Marti v. Office of the Commissioner of Baseball, et al.*, C-14-3289 JCS ("*Marti* action") bring a Motion for Leave to File Motion for Reconsideration ("Motion") asking the Court to reconsider its October 10, 2014 Order ("Consolidation Order") consolidating the *Marti* action with *Senne v. Office of the Commissioner of Baseball, et al.*, C-14-0608 JCS and appointing Pearson, Simon, & Warshaw, LLP and Korein Tillery LLC as lead class counsel. The *Marti* plaintiffs previously filed a motion for leave to file a motion for reconsideration of the Consolidation Order, which the Court denied in July 2015. *See* dkt. no. 427. Now, a little over two months before trial is scheduled to commence, the *Marti* plaintiffs again ask the Court to reconsider the consolidation order, justifying their renewed request on the basis that the Court has bifurcated the individual claims from the class claims. According to the *Marti* plaintiffs, this new "fact" "eliminates the entire basis for the initial order for consolidation. *i.e*., to avoid confusion, to avoid multiple trials, and possible inconsistent judgments." The Court disagrees.

In its original Consolidation Order, the Court found that "allowing the two matters to proceed separately would result in unwarranted burdens to the parties and to the Court." That remains as true now as it was when the cases were originally consolidated, regardless of whether the individual claims are to be tried separately. Indeed, reversing the Consolidation Order just as

the parties are immersed in final preparation for trial would result in severe disruption of the litigation and delay the trial that the class (which includes the *Marti* plaintiffs) has been waiting for for almost eight years.  In short, the decision to bifurcate the individual and class claims is not a new material fact under Civil Local Rule 7-9 that justifies reconsideration of the Consolidation Order.

Furthermore, the *Marti* plaintiffs impermissibly repeat arguments in the Motion that the Court has already rejected.  In particular, they argue in the Motion that the Consolidation Order should be reconsidered because they present additional players and assert claims under additional state laws but that argument was rejected by the Court when it originally consolidated the cases and again when the *Marti* plaintiffs sought reconsideration of the Consolidation Order.  *See* Transcript of Proceedings, October 9, 2014 (dkt no. 426-1) at 15-16; dkt. no. 427 at 2.  The *Marti* plaintiffs have violated Civil Local Rule 7-9(c)[1] by making this argument yet again.

Because the *Marti* plaintiffs have not shown that the requirements of Civil Local Rule 7-9 are satisfied, the Motion is DENIED.

**IT IS SO ORDERED.**

Dated:  May 2, 2022

_____
JOSEPH C. SPERO
Chief Magistrate Judge

---

[1] Civil Local Rule 7-9(c) provides:

No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions.