UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated;<br><br>        Plaintiffs,<br><br>vs.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL; et al.;<br><br>        Defendants. | CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)<br><br>**CLASS ACTION**<br><br>**[PROPOSED]** **ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Having considered the Motion for Preliminary Approval of Class Action Settlement, the declarations filed in support, the pleadings and other papers on file in this action, the statements of counsel and the parties, and the terms and conditions of the proposed Settlement Agreement, the Court hereby orders that the motion is GRANTED, and further orders as follows:

**The Settlement Agreement Warrants Preliminary Approval**

1. The Court concludes that the Settlement Agreement is sufficiently within the range of reasonableness to warrant preliminary approval. At preliminary approval, "[c]ourts may preliminarily approve a settlement and direct notice to the class if the proposed settlement: (1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not grant improper preferential treatment to class representatives or other segments of the class; and (4) falls within the range of possible approval." *Luz Bautista-Perez v. Juul Labs, Inc.*, No. 20-CV-01613-HSG, 2022 WL 307942, at *6 (N.D. Cal. Feb. 2, 2022). The Ninth Circuit's "*Churchill*" factors are to be considered:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*Kim v. Allison*, 8 F.4th 1170, 1178 (9th Cir. 2021) (citing *Churchill Vill. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004)). Rule 23(e)(2)'s factors are also considered to the extent they do not overlap with the *Churchill* factors. This District's Procedural Guidance for Class Action Settlements may also be considered.

2. The Court concludes that all factors weigh in favor of preliminary approval.

3. The Court has reviewed the terms of the Settlement Agreement. The Court concludes that the Settlement has no obvious defects. The strength of Plaintiffs' case and the risk, expense, and complexity of further litigation all weigh in favor of preliminary approval. Although the Court resolved some issues at summary judgment, defenses remained. The case presented many novel issues. The Court had scheduled seven weeks for what would have been a complex trial that entailed risks for both parties, as well as those arising out of subsequent appeals.

4. The Court also finds that the relief provided by the Settlement Agreement strongly

favors preliminary approval. The Settlement establishes a fund of $185 million. That is a very respectable amount given the number of novel issues and complexities of this case, as well as potential issues for appeal that remain. The fund is non-reversionary. The Court also finds that the Settlement Agreement provides for important prospective relief, as it calls for MLB to rescind the portions of the employment contract at issue in the case and to direct MLB Clubs to comply with wage-and-hour laws.

5. The stage of the proceedings likewise favors preliminary approval. This case has been ongoing for over eight years. The parties were fully informed about the strengths and weaknesses of their respective cases at the time they entered into the Agreement. The parties did not engage in mediation until after the Court issued its summary judgment rulings and did not reach the Agreement until just weeks before trial was to begin.

6. The experience and views of counsel also favor preliminary approval. The parties were represented by sophisticated counsel with significant experience in class actions and experience in the industry. Counsel represents that they carefully evaluated the risks and benefits of continued litigation and concluded that this Agreement represents the best possible outcome for players.

7. The Court finds that the Settlement Agreement was negotiated at arm's length and is not collusive. The parties engaged in multiple formal mediations sessions with a respected mediator, David Geronemus, of JAMS. The parties also participated in a settlement conference with the Honorable U.S. District Judge Jacqueline Scott Corley of this Court. As the Court has witnessed, the attorneys for both sides have zealously advocated for the parties for over eight years, and there is no sign of collusion.

8. The Court finds that the Settlement Agreement does not call for preferential treatment of class representatives or of certain segments of the class. An objective formula will be used to calculate the amount owed to a class member. And while the Court will reserve a final decision on the amount to be awarded as incentive awards to the named plaintiffs, the Court finds that the proposed incentive awards are within the realm of reasonableness to warrant preliminary approval.

9. The Court has reviewed the releases that are set forth in the settlement agreement. The releases are tied to the wage-and-hour type of claims that were pled or that could have been pled

in the operative complaint, and the releases cover such claims from the beginning of time up through and including October 31, 2022. The Court finds that the releases are fair and reasonable under the circumstances.

10. Similarly, the Court will reserve a final decision on the amount of attorneys' fees and costs to be awarded until after the final approval hearing, but the Court finds that Class Counsel's proposed fee and cost award are within the realm of reasonableness to warrant preliminary approval. Class Counsel has litigated this novel and complex case on a contingent basis for over eight years and achieved excellent results.

**The Classes to Be Settled**

11. The Settlement seeks to maintain certification of the Rule 23(b)(3) classes that the Court previously certified, with the exception of combining the three already certified (b)(3) classes into a single (b)(3) class for settlement purposes and extending the cutoff for membership through the date of preliminary approval. That results in the following class definition for the Rule 23(b)(3) Class:

> **Rule 23 Class**: All persons who: while signed to a Minor League Uniform Player Contract, participated in the California League for at least seven days on or after February 7, 2010 through the date of preliminary approval, participated in spring training, instructional leagues, or extended spring training in Florida on or after February 7, 2009 through the date of preliminary approval, or participated in spring training, instructional leagues, or extended spring training in Arizona on or after February 7, 2011 through the date of preliminary approval. Provided, however, that participation in the activities set forth above must have occurred prior to that person's signing a Major League Uniform Player Contract.

12. The Court concludes that the Rule 23 (b)(3) classes may be amended in this manner for settlement purposes. The Court finds that all the requirements for Federal Rule of Civil Procedure 23 continue to be met. The proposed Rule 23(b)(3) Class is consistent with the Rule 23(b)(3) classes that the Court previously certified except that it consolidates the three prior (b)(3) classes into a single Rule 23(b)(3) Settlement Class and extends the date of membership through preliminary approval. For the reasons previously discussed in this Court's and the Ninth Circuit's prior opinions in this case, the Rule 23(b)(3) Class is sufficiently numerous, commonality and typicality are met, and the Class is adequately represented. *See* ECF No. 782; *see also Senne v. Kansas City Royals Baseball Corp.*, 934 F.3d 918 (9th Cir. 2019). And for the reasons previously found, common issues predominate, and the superiority standard is met.

13. The Court appoints the following named Plaintiffs as class representatives of the Rule 23(b)(3) Settlement Class: Craig Bennigson, Daniel Britt, Matt Daly, Aaron Dott, Grant Duff, Matt Frevert, Lauren Gagnier, Jonathan Gaston, Nick Giarraputo, Brandon Henderson, Bryan Henry, Mitch Hilligoss, Ryan Hutson, Kyle Johnson, Jake Kahaulelio, Ryan Khoury, Ryan Kiel, Matt Lawson, Michael Liberto, Barret Loux, Aaron Meade, Justin Murray, Jeff Nadeau, Joseph Newby, Brett Newsome, Kyle Nicholson, Oliver Odle, Tim Pahuta, Dustin Pease, Brandon Pinckney, David Quinowksi, Gaspar Santiago, Cody Sedlock, Aaron Senne, Les Smith, Brad Stone, Kris Watts, Joel Weeks, and Kyle Woodruff.

14. The Rule 23(b)(3) Class is for settlement purposes only. If the Settlement Agreement ultimately does not become effective, the parties to the Settlement shall be returned to the status each occupied before entry of this Order, and the Rule 23(b)(3) classes that the Court previously certified for purposes of litigation will remain certified.

15. The Court maintains the status of the previously certified Rule 23(b)(2) class and the FLSA Collective. The Court finds that the Settlement Agreement seeks no change to the definition of the (b)(2) class or the FLSA Collective, and thus the (b)(2) class and FLSA Collective should remain certified.

16. The Court re-appoints Korein Tillery, LLC and Pearson, Simon & Warshaw LLP as Class Counsel for all classes and the FLSA Collective.

17. The Court approves the allocation of $2,315,200 to be devoted to the California Private Attorneys General Act claims in the case, with 75% going to the California Labor and Workforce Development Agency.

**The Notice to Be Sent and the Schedule to Be Followed**

18. The Court appoints JND Legal Administration ("JND") as Class Administrator. The Court finds that JND has extensive experience in the administration of large class action settlements, including wage-and-hour settlements, and will adequately perform the administrative role.

19. The Court approves the form of notice attached as Exhibit A and directs JND to send the notice to class members within 45 days of receiving updated class member data, or as soon as practicable. The parties may make non-substantive edits to the notice without court approval. The

Court finds that the proposed form and method of notice is the best practicable under the circumstances and, when completed, shall provide due and sufficient notice of the Settlement and of the final approval hearing in full compliance with the Federal Rules of Civil Procedure.

20. Class members will have an opportunity to dispute the work periods reflected in each class member's notice. Any such dispute must be submitted electronically or postmarked at least 28 days before the class members' deadline to opt out or object. Disputes will be resolved at least seven business days before the deadline to opt out or object.

21. The Court hereby sets the below schedule for the dissemination of notice to potential members of the Settlement Class, for members of the Settlement Class to object to or exclude themselves from the Settlement Agreement, and for the Court's Fairness Hearing, at which time the Court will determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement Website, but other than the website posting the Parties will not be required to provide any additional notice to Settlement Class members. Pursuant to any applicable orders relating to the COVID-19 emergency or otherwise, the Fairness Hearing may take place remotely, including via telephone or video conference.

| Event | Date |
|---|---|
| Deadline for Defendants to Provide Class Member Data to the Settlement Administrator | Sep. 13, 2022 |
| Deadline for the Settlement Administrator to Commence Notice to the Class ("Notice Date") | Oct. 28, 2022 (45 days after the Delivery of Class Member Data) |
| Deadline for Plaintiffs to File Their Petition for Attorneys' Fees, Litigation Costs, and Incentive Awards | Nov. 23, 2022 |
| Deadline for Class Members to Dispute Work Periods | Nov. 30, 2022 |
| Deadline to Resolve Disputed Work Periods | Dec. 15, 2022 |
| Deadline for Class Members to Opt-Out, Object, or Take Other Actions Relating to the Settlement ("End of Notice Period") | Dec. 27, 2022 (60 days after the Notice Date) |
| Plaintiffs to File their Motion for Final Approval of the Settlement; and Respond to Any Class Member Objections | Jan. 13, 2023 |
| Final Fairness Hearing Please see Judge Spero's web page at www.cand.uscourts.gov/jcs for Zoom Webinar link. | Feb. 17, 2023 at 9:30 a.m (35 days after the filing of Plaintiffs' Motion |

| | |
|---|---|
| | for Final Approval) |
| Payments to Be Sent to Class Members | 30 days after Effective Date of Settlement |
| Time for Class Members to Cash Checks | 90 days after issuance |
| Post-Distribution Accounting Filed with Court | 21 days after checks become stale from final distribution of funds to class members |

IT IS SO ORDERED.

DATED: August 26, 2022

HON. JOSEPH C. SPERO
Chief Magistrate Judge

# EXHIBIT A

NOTICE OF CLASS ACTION SETTLEMENT

# If you signed a minor league uniform player's contract and played minor league baseball during spring training, extended spring training, or instructional leagues from either 2009 to [DATE OF PRELIMINARY APPROVAL] in Florida or 2011 to [DATE OF PRELIMINARY APPROVAL] in Arizona, or played in the California League for at least seven days from 2010 to [DATE OF PRELIMINARY APPROVAL], your rights are affected by a class action settlement

*A federal court authorized this notice.*
*This is not a solicitation from a lawyer.*

This notice is to inform you of your legal rights and options in a proposed settlement in the case called *SENNE v. OFFICE OF THE COMMISSIONER OF BASEBALL, d/b/a MAJOR LEAGUE BASEBALL*, Case No. CV 14-00608 JCS (consolidated with 3:14-cv-03289-JCS). **Please read this notice carefully.**

The case involves minimum wage and overtime laws. Eligible class members, who did not previously opt out of the case, will receive a share of the settlement money based on a number of factors including the number of work periods they participated in as a minor league baseball player as explained in Section __ below.

Records indicate that you played minor league baseball during the following spring training(s), extended spring training(s), or instructional league(s) from either 2009 to date in Florida or 2011 to date in Arizona:

|  | Florida, from 2009 to 2022 | Arizona, from 2011 to 2022 |
|---|---|---|
| Spring Training |  |  |
| Extended Spring Training |  |  |
| Instructional Leagues |  |  |

Records also indicate that you played during the championship season from [YEARS] and in the California League during the following periods: _____.

If you believe any of this information is inaccurate, you can dispute it by visiting www.BaseballPlayerWageCase.com and providing additional information. Please see Section __, below, for instructions on how to do so. Any disputes must be submitted by [28 days before opt-out deadline].

Questions? Visit www.BaseballPlayerWageCase.com or call toll-free at [INSERT]

| YOUR LEGAL RIGHTS AND OPTIONS ||
|---|---|
| **PARTICIPATE IN THE SETTLEMENT** | If you are an eligible class member and do nothing, you will receive your share of money under the settlement and be bound by the settlement and its release of claims.<br>- Payments will be made via check and mailed to you at the address listed below in Section __.<br>- If no address is shown in Section __, you must provide an address by **Month 00, 2022.**<br>- If the address shown in Section __ is incorrect, you must provide an updated address by **Month 00, 2022.**<br>- If you wish to correct the number of work periods listed above, you must do so by **Month 00, 2022.**<br>You can update or provide the information listed above by visiting the settlement website at www.BaseballPlayerWageCase.com. |
| **EXCLUDE YOURSELF OR "OPT OUT"** | If you do not wish to participate or be bound by the settlement and its release of claims, you must send a Request for Exclusion to the Settlement Administrator by **Month x, 2022**. Instructions for sending a Request for Exclusion are provided in Section __ below. If you exclude yourself from ("opt out" of) the settlement, you <u>will not</u> receive any payment under the settlement, except as described in the following sentence.<br>If you are an Aggrieved Employee (defined below), you will receive a pro rata share of the PAGA payment (defined below) whether or not you exclude yourself from the settlement. |
| **OBJECT** | If you do not exclude yourself from the settlement and you do not believe that the settlement is fair and reasonable, you may write to the Court to tell them why. Written objections must be submitted to the Court by **Month x, 2022**. If the Court rejects your objection, you will be bound by the terms of the settlement. |

| WHAT THIS NOTICE CONTAINS |
|---|

**Basic Information** .................................................................................................................... 4

    1.    What is the purpose of this notice? ............................................................................ 4

    2.    What is the lawsuit about and who is involved? ........................................................ 4

    3.    What is a class action? ............................................................................................... 5

    4.    What is a Fair Labor Standards Act "FLSA" collective action? .............................. 5

    5.    Who is in the classes in this case? ............................................................................. 5

    6.    Who represents the classes? ....................................................................................... 6

**The Settlement Benefits** ........................................................................................................ 6

    7.    What are the benefits under the proposed settlement? ............................................. 6

    8.    What am I giving up in return for receiving the settlement benefits? ....................... 8

    9.    How will class counsel be paid? ................................................................................. 8

    10.   Why are the Named Plaintiffs asking for incentive awards? .................................... 9

**Your Rights and Options** ...................................................................................................... 9

    11.   What are my options under the settlement? .............................................................. 9

    12.   How do I participate in the settlement and receive money from it? ......................... 9

    13.   How do I update my contact information, receive an electronic payment, or update my playing history? ............................................................................................................... 10

    14.   What if I have an objection to the settlement? ....................................................... 10

    15.   How do I exclude myself from (opt out of) the Damages class? ............................. 10

    16.   What happens if I exclude myself from (opt out of) the Damages class? .............. 11

    17.   What happens if I previously excluded myself from this class action? .................. 11

    18.   What happens if I stay in the class(es)? .................................................................. 11

**The Final Approval Hearing** .............................................................................................. 11

    19.   When and where will the Court decide whether to approve the settlement? ......... 11

**Getting More Information** .................................................................................................. 12

    20.   How do I get more information? ............................................................................. 12

Questions? Visit www.BaseballPlayerWageCase.com or call toll-free at [INSERT]

## BASIC INFORMATION

| 1. | What is the purpose of this notice? |
|---|---|

This notice is to inform you that the Court has preliminarily approved a proposed settlement of the case and to give you information about your legal rights under the settlement. You have been identified as a potential class member in this case and may be eligible to receive money from the settlement.

The Court has scheduled a hearing on whether to finally approve the settlement on _____, 2022 at ____ __.m.. The hearing will be conducted remotely via video conference using the Court's procedures for conducting such hearings. The date of the hearing may change without further notice to the class, so check the settlement website or the Court's Public Access to Court Electronic Records ("PACER") website (see Section ___, below) to confirm the date.

| 2. | What is the lawsuit about and who is involved? |
|---|---|

In this lawsuit, current and former minor league baseball players sued Major League Baseball (or "MLB") and the MLB Clubs claiming they failed to pay minor league players minimum wage and overtime pay in violation of the federal Fair Labor Standards Act ("FLSA") and state wage-and-hour laws in California, Arizona and Florida. The lawsuit also brought claims under other state laws, and sought civil penalties under California's Private Attorneys General Act of 2004, California Labor Code § 2698 *et seq.* ("PAGA").

The lawsuit is brought by the following "Named Plaintiffs": Omar Aguilar, Craig Bennigson, Daniel Britt, Matthew Daly, Leonard Davis, Aaron Dott, Grant Duff, Matthew Frevert, Lauren Gagnier, Jonathan Gaston, Nicholas Giarraputo, Brandon Henderson, Bryan Henry, Mitchell Hilligoss, Ryan Hutson, Witer Jimenez, Kyle Johnson, Jake Kahaulelio, Ryan Khoury, Ryan Kiel, Matthew Lawson, Michael Liberto, Barret Loux, Bradley McAtee, Aaron Meade, Justin Murray, Jeffrey Nadeau, Joseph Newby, Brett Newsome, Kyle Nicholson, Oliver Odle, Roberto Ortiz, Tim Pahuta, Dustin Pease, Brandon Pinckney, David Quinowksi, Gaspar Santiago, Cody Sedlock, Aaron Senne, Leslie Smith, Bradley Stone, Mark Wagner, Kris Watts, Joel Weeks, and Kyle Woodruff. All of these Named Plaintiffs are also Class Representatives except Omar Aguilar, Leonard Davis, Witer Jimenez, Bradley McAtee, and Roberto Ortiz.

The MLB Clubs means all 30 of the Major League Baseball Clubs, including Kansas City Royals Baseball Club, LLC; Marlins Teamco LLC; San Francisco Baseball Associates LLC; Angels Baseball LP; St. Louis Cardinals, LLC; Colorado Rockies Baseball Club, Ltd.; The Baseball Club of Seattle, LLLP; The Cincinnati Reds, LLC; Houston Baseball Partners LLC; Athletics Investment Group LLC; Rogers Blue Jays Baseball Partnership; Padres, L.P.; San Diego Padres Baseball Club, L.P.; Minnesota Twins, LLC; Detroit Tigers, Inc.; Los Angeles Dodgers LLC; Los Angeles Dodgers Holding Company LLC; Sterling Mets, L.P.; AZPB L.P.; Pittsburgh Associates, L.P.; New York Yankees Partnership; Rangers Baseball Express, LLC; Rangers Baseball, LLC; Chicago Cubs Baseball Club, LLC; Milwaukee Brewers Baseball Club, Inc.; Milwaukee Brewers Baseball Club, L.P.; Atlanta National League Baseball Club, Inc. c/k/a Atlanta National League Baseball Club, LLC; Boston Red Sox Baseball Club L.P.; Baltimore Orioles, L.P.; Baltimore Orioles, Inc.; Chicago White Sox, Ltd.; Cleveland Indians Baseball Co., Inc. c/k/a Cleveland Guardians Baseball Co.; Cleveland Indians Baseball Co., L.P. c/k/a Cleveland Guardians Baseball Company, LLC; The Phillies; Tampa Bay Rays Baseball Ltd.; and Washington Nationals Baseball Club, LLC.

MLB and the MLB Clubs deny all claims in the lawsuit. The parties have agreed to settle the case at this time to avoid the uncertainty and cost of trial and any potential appeal.

The judge in the case is the Honorable Joseph C. Spero. He is the Chief Magistrate Judge for the United States District Court for the Northern District of California.

This case was filed as a class action. The Court certified classes under Federal Rule of Civil Procedure 23 ("Rule 23") and an FLSA collective in this case. You likely already received a notice about the pendency of this case in late 2015 (concerning the FLSA collective) and/or early 2021 (concerning the Rule 23 classes). This is a new notice alerting you to a proposed settlement in the case and notifying you of your rights.

If you previously opted out of (excluded yourself from) the Damages classes (defined below) or opted into the FLSA collective, your previous election remains unchanged. However, if you now wish to participate in the settlement, you can withdraw your request to opt out by going to the settlement website and following the instructions in Section ___, below.

| 3. | **What is a class action?** |
|---|---|

In a class action lawsuit, one or more people or businesses called class representatives (i.e., the Plaintiffs) sue on behalf of others who have similar claims, all of whom together are a "class." Individual class members do not have to file a lawsuit to participate in the class action, or be bound by the judgment in the class action. One court resolves the issues for everyone in the class, except for those who exclude themselves from the class.

There are several types of Rule 23 class actions, two of which are relevant here. Rule 23(b)(3) classes involve claims for money damages ("Damages class"). The "class definition" identifies who is included in the class. Rule 23(b)(2) classes involve claims for injunctive or declaratory relief (not money damages) ("Injunctive Relief class").

Class members do not have to do anything to be included in the Damages class. Potential class members who do *not* wish to be included in the Damages class must affirmatively "opt out" by requesting that the court exclude them. Any person included in the class definition who does not opt out of a Damages class will be bound by any judgment or settlement entered in the case.

In contrast, class members typically do not have the right to opt out of an Injunctive Relief class.

| 4. | **What is a Fair Labor Standards Act "FLSA" collective action?** |
|---|---|

In cases involving FLSA claims, the court can certify what is known as a "collective action." A collective action is very similar to a class action described above. The chief difference between the two is that, unlike Damages class members, persons are not automatically included in an FLSA collective. Instead, persons who want to be included in an FLSA collective and be bound by any settlement or judgment in the case must affirmatively "opt in" by giving written consent to the court.

In this case, the Court certified an FLSA collective in 2015, and persons were given the right to opt in then. If you did not already submit an opt-in request, you are not a member of the FLSA collective.

| 5. | **Who is in the classes in this case?** |
|---|---|

This case involves two types of Rule 23 classes and the FLSA collective defined as follows:

- Rule 23 (b)(3) Damages class: All persons who: while signed to a Minor League Uniform Player Contract, participated in the California League for at least seven days on or after February 7, 2010 through [DATE OF PRELIMINARY APPROVAL], participated in spring training, instructional leagues, or extended spring training in Florida on or after February 7, 2009 through [DATE OF PRELIMINARY APPROVAL], or participated in spring training, instructional leagues, or extended spring training in Arizona on or after February 7, 2011 through [DATE OF PRELIMINARY APPROVAL]. Provided, however, that participation in the activities set forth above must have occurred prior to that person's signing a Major League Uniform Player Contract.

5

Questions? Visit www.BaseballPlayerWageCase.com or call toll-free at [INSERT]

- Rule 23(b)(2) Injunctive Relief class: Any person who is or will in the future be signed to a Minor League Uniform Player Contract and participates in spring training, extended spring training, the championship season, or instructional leagues in Florida or Arizona.

- FLSA collective: All persons who, while signed to a Minor League Uniform Player Contract, participated in the California League, or in spring training, extended spring training, or instructional leagues on or after February 7, 2011, and had not signed a Major League Uniform Player Contract before then, and previously filed a timely consent to join ("opted into") the case.

You may be a member of one or more of the classes.

You do not need to take any action to become a class/collective member if you meet any of the definitions above. We have identified the persons in the Damages and Injunctive Relief classes from defendants' records, and the FLSA collective consists of those persons who previously opted into it.

### 6. Who represents the classes?

The Court appointed the law firms Korein Tillery, LLC and Pearson, Simon & Warshaw, LLP as class counsel to represent class members. Contact information for the lead attorneys working on the case from these firms is listed below:

| | |
|---|---|
| Garrett R. Broshuis<br>**KOREIN TILLERY, LLC**<br>505 North 7th Street, Suite 3600<br>St. Louis, MO 63101<br>(314) 241-4844<br>gbroshuis@koreintillery.com | Bobby Pouya<br>**PEARSON, SIMON & WARSHAW, LLP**<br>15165 Ventura Boulevard, Suite 400<br>Sherman Oaks, California 91403<br>(818) 788-8300<br>bpouya@pswlaw.com |

If you want to be represented by your own lawyer, you are free to hire one at your own expense.

## THE SETTLEMENT BENEFITS

### 7. What are the benefits under the proposed settlement?

A summary of the monetary and non-monetary benefits the proposed settlement provides to class members follows.

#### Monetary benefits

Defendants have agreed to pay a total of One Hundred and Eighty-Five Million Dollars ($185,000,000.00) to settle the case (the "maximum settlement amount"). If you participate in the settlement, you will receive a share of this money based on estimates of the hours you participated in minor league baseball. Each class member's "settlement payment" will be determined as summarized below.

First, an expert statistician will deduct the following amounts from the maximum settlement amount: (i) any court-awarded attorneys' fees (which will be no more than 30% of the maximum settlement amount) and costs (estimated to be no more than $5.5 million); (ii) any court-awarded incentive awards for the class representatives/named plaintiffs (which will not exceed $637,500.00); (iii) the fees and expenses for settlement administration (estimated to be approximately $450,000); and (iv) the $1,736,400 allocated to California's Labor and Workforce Development Agency for the PAGA penalty.

The amount remaining after these deductions will be the "net settlement fund." Each class member's settlement payment will consist of his proportional share of the net settlement fund.

To calculate each class member's proportional share, the statistician will use defendants' records to determine the work periods that the class member participated in during the relevant years. Eligible work periods include: (1) spring training, extended spring training, and instructional league from either 2009 to [DATE] in Florida, or 2011 to [DATE] in Arizona; (2) the California League, from 2010 to [DATE], and (3) championship seasons outside the California League, from the start of the statute of limitations for the state in which the class member's minor league team is located to [DATE].

The work periods we have determined that you participated in are shown on Page 1 of this notice.

The statistician will use estimates of the hours minor league players allegedly worked in any given workweek during the relevant work periods. The statistician arrived at these estimates after an extensive analysis of various records and a survey conducted of minor league players.

The statistician will then, for each class member, determine the amount each class member allegedly should have been paid by multiplying the total hours estimated to be allegedly worked in the eligible work periods by the applicable state minimum wage rate. The statistician will use the minimum wage rate in effect at the time for the state in which the class member's minor league team is located. A 50% reduction will be applied to any damages derived from alleged work performed during championship seasons outside the California League to reflect the relative weakness of these claims.

Each class member's "individual damages" will be the difference between the amount he allegedly should have been paid (as calculated above) and what he was actually paid according to MLB and MLB Clubs' records. Any liquidated damages available under Arizona, Florida, and California law will be taken into account when calculating a person's individual damages, as will any statutory penalties under Arizona and California law.

$2,315,200 of the maximum settlement amount has been designated as the recovery of civil penalties under PAGA. The law requires that 75% of this amount be paid to the California Labor & Workforce Development Agency. The other 25% (the "PAGA payment") will be paid *pro rata* to any class members who participated in the California League on or after January 30, 2013 for seven consecutive days through [the date of preliminary approval] (the "Aggrieved Employees").

The statistician will add up each participating class member's "individual damages" to get the aggregate total for all participating class members. Each class member's proportional share will be calculated by dividing the aggregate total by the class member's individual damages. That number will then be multiplied by the net settlement amount to calculate the class member's individual settlement payment.

You will be able to obtain an estimate of your individual settlement payment on the settlement website, www.baseballplayerwagecase.com, no later than _____. The estimate will represent the *gross* amount you will receive if the Court approves the settlement, assuming the following: (1) all of the potential deductions from the maximum settlement amount set forth above are approved by the Court; (2) no potential class member requests exclusion from the settlement; and (3) there is no change to the work periods originally identified for each class member. The estimate will not guarantee any specific recovery. The final amount you receive may be different than the estimate.

Be aware that part of your settlement payment has been characterized as "back wages" and is subject to mandatory withholding for federal, state and local payroll taxes. The *net* amount of your settlement payment will depend on how much we are required to withhold for taxes, as well as other mandatory deductions that might apply like garnishments, tax liens and child support. Members of the FLSA collective may be responsible for taxes on the portion of attorneys' fees attributable to the FLSA collective. We are not tax advisors. If you have questions regarding any issues relating to taxes, please check with your tax professional.

### Non-monetary benefits

In addition to the monetary benefits, the settlement provides an important benefit for current and future players. Specifically, MLB will rescind the part of the player contract that prevents MLB Clubs from paying wages to

players outside the championship season. MLB will also send a memorandum to all MLB Clubs, advising them of the change to the contract, and advising each Club that it must compensate minor league players in compliance with wage-and-hour laws in effect in Arizona and Florida during spring training, extended spring training, instructional leagues and the championship season in those states, including any minimum wage laws that apply.

| 8. | What am I giving up in return for receiving the settlement benefits? |
|---|---|

In order to receive the monetary benefits, participating Damages class members and FLSA collective members must give the Released Parties (defined below) a release of claims. A release of claims is where one party agrees to give up legal claims (or causes of action) he has against another party in exchange for something of value. A release operates to cut off the releasing party's ability to sue the released party on the released claims.

The claims and parties you will release if you remain in the classes are described in detail in the settlement agreement. In summary:

The "Released Parties":  MLB and the Major League Clubs, individually and collectively, and each of their present and former direct and indirect owners, parents, subsidiaries and affiliates, and each of their present and former officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives.

The "Released Claims":  All Named Plaintiffs, Class Representatives, and Rule 23(b)(3) damages class members who do not timely submit a valid Request for Exclusion, consistent with the terms set forth in the settlement agreement, will release the Released Parties from any and all claims pled, or which could have been pled, in the Second Consolidated Amended Complaint (the "SCAC") arising out of and/or based on the facts alleged in the SCAC, whether known or unknown, for any wage-and-hour claims based on the performance of services pursuant to a Minor League Uniform Player Contract.  This release includes claims for wages, penalties, interest, attorneys' fees, restitution, and/or costs, and including, without limitation, claims for: unpaid minimum wages, unpaid overtime, failure to provide meal periods or unpaid meal period premiums, failure to provide rest periods or unpaid rest period premiums, untimely final wages, untimely wages during employment, non-compliant itemized wage statements, failure to maintain required payroll records, and unreimbursed business expenses under any state, territory, or local wage-and hour-law and/or common law on behalf of the Named Plaintiffs, Class Representatives, and Participating Class Members.  In addition, the FLSA collective members will release the Released Parties from any and all claims pled or which could have been pled in the SCAC arising out of and/or based on the facts alleged in the SCAC, whether known or unknown, for any services rendered pursuant to a Minor League Uniform Player Contract, under the FLSA.  The Rule 23(b)(2) Injunctive Relief class members will release the Released Parties from any wage-and-hour claims for injunctive and/or declaratory relief which were pled, or could have been pled, in the SCAC arising out of and/or based on the facts alleged in the SCAC, whether known or unknown, for any services rendered pursuant to a Minor League Uniform Player Contract. ..**All releases of claims cover the period from the beginning of time through the date of October 31, 2022.**

| 9. | How will class counsel be paid? |
|---|---|

Class counsel will request an award of attorneys' fees of up to 30% of the maximum settlement amount and reimbursement of their litigation costs of up to 5.5 Million Dollars ($5,500,000). These costs consist primarily of amounts paid for deposition transcripts, travel for depositions and mediation, expert witness fees, plaintiffs' portion of the mediator's fee, and the cost of the prior rounds of notices sent to the classes certified for litigation and the FLSA collective. Class counsel's motion for an award of fees and costs will include the final amount of fees and costs requested and the supporting law and facts. The motion will be filed with the Court by _____, 2022 and will be posted at www.baseballplayerwagecase.com. The Court will determine the actual amounts to award to class counsel for fees and costs after the final approval hearing once it has ensured the amounts are reasonable.

8

Questions? Visit www.BaseballPlayerWageCase.com or call toll-free at [INSERT]

The settlement administrator will pay any court-awarded attorneys' fees and costs directly from the maximum settlement amount.

| 10. | Why are the Named Plaintiffs asking for incentive awards? |
|---|---|

In addition to any amount they are entitled to receive by participating in the settlement, the 45 Named Plaintiffs who brought this lawsuit will ask the Court to approve "incentive awards" for them. Incentive awards are amounts given to individuals who bring a class action to recognize the risk they took in bringing the lawsuit and the effort they put into advancing the interests of the class by doing things like answering written discovery and sitting for depositions. Forty Named Plaintiffs served as Class Representatives and will request incentive awards of $15,000 each. The other five Named Plaintiffs will request incentive awards of $7,500 each. The motion for incentive awards will be filed with the Court by _____ and will be posted at www.baseballplayerwagecase.com. The Court will decide the actual amount, if any, of the incentive award to be given to each Named Plaintiff/Class Representative after the final approval hearing.

## YOUR RIGHTS AND OPTIONS

| 11. | What are my options under the settlement? |
|---|---|

You have several options: 1) participate in the settlement and receive your share of the net settlement fund; 2) object to the settlement by submitting a written objection; or 3) opt out of the settlement by submitting a request for exclusion. Details about each option and how each option will affect your legal rights are explained below. You can both participate in the settlement and object, but if you opt out of the settlement, you cannot participate in the settlement or object.

| 12. | How do I participate in the settlement and receive money from it? |
|---|---|

Once the settlement approval process and settlement administration process is finalized you will be sent a check for your pro rata portion of the settlement proceeds to the below listed address:



City, State Zip

*If no address is shown above, you must visit www.baseballplayerwagecase.com to provide an address or other information to allow for an electronic payment* [the response deadline].

To update your mailing or email address, or if you would like to receive your payment electronically rather than by a paper check, you should visit www.baseballplayerwagecase.com by [the response deadline] and follow the instructions to notify the settlement administrator.

Payments will be made after final approval and after the settlement becomes "effective." The settlement will become effective after the time for appealing the Court's decision granting final approval of the settlement has passed or, if an appeal is filed, after all appeals are finally resolved in favor of final approval.

If you do not cash your settlement check within 90 days of receipt, we will consider your share "unclaimed." If 90 days have passed, you will have 30 days to contact the administrator to request that a check be re-issued. The settlement administrator will use any unclaimed funds to make a second *pro rata* distribution to those class members who did accept their settlement payments unless class counsel and the settlement administrator conclude the total amount of unclaimed funds is too small to justify a second distribution. If that happens, the unclaimed funds will instead be paid to a court-appointed charity under the doctrine of "*cy pres*." Plaintiffs have asked the Court to appoint Legal Aid at Work as the *cy pres* awardee in this case, and the Court will consider the matter at the final approval hearing.

If the Court grants final approval of the settlement, no amount of money will be returned to defendants under any circumstances. In other words, every penny of the maximum settlement amount will go to class members, their counsel, settlement administration costs, the PAGA penalties and any *cy pres* awardee.

| 13. | How do I update my contact information, receive an electronic payment, or update my playing history? |
|---|---|

Please visit www.baseballplayerwagecase.com by [the response date] and follow the instructions if you need to do any of the following:

- Update your email or physical mailing address;
- Request an electronic payment rather than a check; or
- Report an inaccuracy in the work periods we have listed for you on Page 1 of this notice. If you claim that you are eligible for additional work periods, the settlement administrator will determine whether you are eligible for any additional claimed work periods based on review of defendants' records and consultation with class counsel. You must submit any disputes by [28 days before opt-out deadline]. You will be informed of the decision to accept or reject any additional claimed work periods no later than seven business days before [the response date], and the settlement administrator's decision will be final.

| 14. | What if I have an objection to the settlement? |
|---|---|

Participating class members who do not submit a request for exclusion may object to the settlement. You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be made and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the final approval hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Senne v. Office of the Commissioner of Baseball*, No. 3:14-00608-JCS), (b) be submitted to the Court either by mailing them to the Clerk of the Court, United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before [response deadline].

EVEN IF YOU OBJECT, YOU WILL BE CONSIDERED TO HAVE PARTICIPATED IN THE SETTLEMENT AND WILL RECEIVE YOUR SHARE OF THE SETTLEMENT FUND AND BE BOUND BY THE RELEASE OF CLAIMS IF THE COURT APPROVES THE SETTLEMENT OVER YOUR OR ANY OTHER OBJECTION.

| 15. | How do I exclude myself from (opt out of) the Damages class? |
|---|---|

If you do not want to be included in the Damages class, you need to "opt out" by sending a request for exclusion by email or mail to the settlement administrator by [the response deadline]. The mailing and email addresses for the administrator can be found at the end of this notice.

The request for exclusion must contain: (1) the name and case number of this lawsuit (*Senne v. Office of the Commissioner of Baseball*, No. 3:14-00608-JCS); (2) your name; (3) your address, phone number, and email address; (4) the MLB Club(s), minor league affiliate(s), and approximate dates you played minor league baseball; and (5) a simple statement that you wish to exclude yourself from the Damages class.

You can ask to be excluded from the Damages class, but not the Injunctive Relief class or the FLSA collective.

You will remain a member of the Damages class if you do not timely opt out.

| 16. | What happens if I exclude myself from (opt out of) the Damages class? |
|---|---|

If you timely submit a request for exclusion from the Damages class, you will not be a member of the Damages class. You will not participate in these proceedings or the settlement. You will not be subject to the release of claims or receive any money from the settlement as a member of the Damages class.

| 17. | What happens if I previously excluded myself from this class action? |
|---|---|

If you previously submitted a valid request for exclusion and still wish to be excluded from the class, you do not need to do anything. All previously submitted requests for exclusion will remain in effect and you will not be subject to the release of claims or receive any money from the settlement.

If you previously filed a request for exclusion and now wish to participate in the settlement, contact the settlement administrator before [the response deadline].

| 18. | What happens if I stay in the class(es)? |
|---|---|

Class members will be bound by the settlement and the judgment the Court enters in the case. If finally approved, the settlement agreement will have the same force and effect on absent class members as if each of them had signed it personally. This includes any applicable release of claims. Unless you timely request exclusion, the release of claims applies to you *regardless of whether you accept payment under the settlement or object*.

## THE FINAL APPROVAL HEARING

| 19. | When and where will the Court decide whether to approve the settlement? |
|---|---|

The Court located in the U.S. District Court for the Northern District of California will hold a final approval hearing at ____ __.m. on _____, 2022,. The hearing will be conducted remotely via video conference. At the hearing, the Court will listen to anyone who wishes to speak in support of or in opposition to the settlement and will consider whether the settlement is fair, reasonable and adequate. The Court will also consider class counsel's request for attorneys' fees and costs and the request for the named plaintiffs' incentive awards. The Court may reschedule the final approval hearing without further notice to the classes. Please check www.baseballplayerwagecase.com or the Court's PACER system to verify the date has not changed. The link to the Court's video conference may be found on the Court's website: https://cand.uscourts.gov/judges/spero-joseph-c-jcs/.

WHILE YOU ARE WELCOME TO ATTEND THE FINAL APPROVAL HEARING EITHER PERSONALLY OR BY COUNSEL HIRED AT YOUR OWN EXPENSE, YOU DO NOT NEED TO APPEAR. CLASS COUNSEL WILL APPEAR AT THE HEARING ON BEHALF OF THE SETTLEMENT CLASSES, INCLUDING YOU.

11

Questions? Visit www.BaseballPlayerWageCase.com or call toll-free at [INSERT]

## GETTING MORE INFORMATION

| 20. | How do I get more information? |
|---|---|

This notice only summarizes the proposed settlement. You can find the settlement agreement and other important documents in the case on the settlement website:

www.BaseballPlayerWageCase.com

You may access the Court docket and any other publicly filed documents in this case, for a fee, through the Court's PACER system at https://ecf.cand.uscourts.gov., or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, San Francisco Courthouse, between 9:00am and 4:00pm, Monday through Friday, excluding Court holidays.

PLEASE DO NOT CONTACT THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

If you have questions about the settlement or claims process, please contact class counsel (contact information in Section ___, above) or the court-appointed settlement administrator, JND Legal Administration:

Email: Info@BaseballPlayerWageCase.com

Phone: [INSERT]

Mailing Address:

> Senne v. Office of the Commissioner of Baseball
> c/o JND Legal Administration,
> P.O. Box XXXX
> Seattle, WA 98111