1    STEPHEN M. TILLERY (*pro hac vice*)
       stillery@koreintillery.com
2    GARRETT R. BROSHUIS (Bar No. 329924)
       gbroshuis@koreintillery.com
3    MARC WALLENSTEIN (*pro hac vice*)
       mwallenstein@koreintillery.com
4    **KOREIN TILLERY, LLC**
     505 North 7th Street, Suite 3600
5    St. Louis, MO 63101
     Telephone:  (314) 241-4844
6    Facsimile: (314) 241-3525

7    CLIFFORD H. PEARSON (Bar No. 108523)          BENJAMIN E. SHIFTAN (Bar No. 265767)
       cpearson@pswlaw.com                           bshiftan@pswlaw.com
8    DANIEL L. WARSHAW (Bar No. 185365)            JILL M. MANNING (Bar No. 178849)
       dwarshaw@pswlaw.com                           jmanning@pswlaw.com
9    BOBBY POUYA (Bar No. 245527)                  **PEARSON, SIMON & WARSHAW, LLP**
       bpouya@pswlaw.com                           555 Montgomery Street, Suite 1205
10   **PEARSON, SIMON & WARSHAW, LLP**            San Francisco, CA 94111
     15165 Ventura Boulevard, Suite 400            Telephone: (415) 433-9000
11   Sherman Oaks, CA 91403                        Facsimile: (415) 433-9008
     Telephone: (818) 788-8300
12   Facsimile:  (818) 788-8104

13   Plaintiffs' Co-Lead Class Counsel

14              **UNITED STATES DISTRICT COURT**

15       **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

16   AARON SENNE, et al., Individually and on        CASE NO. 3:14-cv-00608-JCS (consolidated
     Behalf of All Those Similarly Situated,         with 3:14-cv-03289-JCS)
17
                                                     **CLASS ACTION**
18                    Plaintiffs,

19              vs.                                  **JOINT STATEMENT REGARDING
                                                     SUBMISSION OF AMENDED
20   OFFICE OF THE COMMISSIONER OF                   SETTLEMENT NOTICE DOCUMENTS**
     BASEBALL, an unincorporated association
     doing business as MAJOR LEAGUE
21   BASEBALL; et al.,                               Courtroom: F, 15th Floor
                                                     Judge: Honorable Joseph C. Spero
22                    Defendants.

23

24

25

26

27

28

1    On August 26, 2022, the Court granted preliminary approval to the class action settlement in

2  this action, which included approval of the notice plan and the notice documents.  (ECF No. 1141).

3  Since entry of the order, the parties and the settlement administrator have worked to finalize the

4  notice plan and notice documents.  Through this process, the parties have identified approximately

5  2% of the class members for which Defendants were unable to locate tax identification numbers,

6  which may be necessary for these class members to receive a portion of their settlement recovery.

7  The parties and the administrator have agreed that these class members should receive a Tax

8  Identification Notice Form ("TIN Form"), so that they can provide this information to the

9  administrator and receive their full settlement proceeds.  A true and correct copy of the TIN Form

10  that will be sent to affected class members in English and Spanish via mail and email (in the same

11  manner as the primary notice document) is attached hereto as Exhibit 1.

12    The parties and the administrator have also agreed upon minor edits to the notice form which

13  are intended to: (1) reference and advise affected class members of the TIN Form; (2) provide

14  additional clarity regarding the eligible work periods that are reflected in the notice; and (3) provide

15  additional clarity of the November 30, 2022 deadline for class members to challenge the work periods

16  reflected in the notice.  The settlement administrator has also finalized all placeholder dates, deadlines,

17  and internal references, based on the Court's preliminary approval order.  A final version of the

18  amended notice is attached hereto as Exhibit 2.  A redline comparing the updated notice document to

19  the notice previously approved by the Court is attached hereto as Exhibit 3.

20    The parties are concurrently filing a proposed order seeking approval of the TIN Form and

21  updated notice form.

22  DATED: October 3, 2022                              Respectfully submitted,

23

24                                        _/s/ Bobby Pouya_____

25                                        **PEARSON, SIMON & WARSHAW LLP**
                                          CLIFFORD H. PEARSON
26                                        DANIEL L. WARSHAW
                                          BOBBY POUYA
27                                        BENJAMIN E. SHIFTAN
                                          JILL M. MANNING

28

1

**KOREIN TILLERY, LLC**
STEPHEN M. TILLERY (pro hac vice)
2
GARRETT R. BROSHUIS
MARC WALLENSTEIN (pro hac vice)
3

*Plaintiffs' Co-Lead Class Counsel*
4

5
____/s/ Elise M. Bloom_____

6
**PROSKAUER ROSE LLP**
ELISE M. BLOOM (pro hac vice)
7
NEIL H. ABRAMSON (pro hac vice)
ADAM M. LUPION (pro hac vice)
8
MARK W. BATTEN (pro hac vice)
RACHEL S. PHILION (pro hac vice)
9
NOA M. BADDISH (pro hac vice)
JOSHUA S. FOX (pro hac vice)
10
PHILIPPE A. LEBEL
SAMANTHA R. MANELIN (pro hac vice)
11

*Attorneys for Defendants*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STATEMENT REGARDING SUBMISSION OF AMENDED SETTLEMENT NOTICE DOCUMENTS

1

**CERTIFICATE OF SERVICE**

2

3
      I hereby certify that on October 3, 2022, I electronically filed the foregoing with the Clerk of

4
the Court using the CM/ECF system, which will send notification of such filing to all attorneys of

5
record registered for electronic filing.

6

7
                        */s/ Bobby Pouya*
                        Bobby Pouya

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

### Tax Identification Number Form

In order to receive your full payment from the settlement and to ensure that the *Senne v. Office of the Commissioner of Baseball Settlement Administrator* can comply with its reporting and/or withholding obligations, please complete, sign, and submit one (1) of the following forms, as applicable.  Further information on the forms is set forth below.

- IRS Form W-9 ("U.S. Persons" only, as defined below),**OR**

- IRS Form W-8BEN, W-8BEN-E, or other W-8 series form (available at https://www.irs.gov/forms-instructions, search the term "W-8")

Versions of the Form W-9 and Form W-8BEN are attached hereto.

If you are a U.S. person, as that term is defined below, then you must complete the enclosed Form W-9.

If you are ***not*** a U.S. person, then you should ***not*** complete the Form W-9.  Instead, you must complete the enclosed Form W-8BEN, or W-8BEN-E, as applicable.

The term "U.S. person" means:

- A citizen or resident of the United States,
- Any estate or trust other than a foreign estate or foreign trust (see Internal Revenue Code § 7701(a)(31) for the definition of a foreign estate and a foreign trust), or
- Any other person that is not a foreign person.

If the Settlement Administrator does not receive a valid and complete IRS Form W-9 or IRS Form W-8 from you, the Senne v. Office of the Commissioner of Baseball Settlement may be required under the Internal Revenue Code to make certain presumptions about you for purposes of tax reporting and, as applicable, withholding. The Senne v. Office of the Commissioner of Baseball Settlement may be required to presume the non-wage portion of the distribution payment, if any, is being paid to: (1) a nonresident alien of the U.S. ("NRA") subject to reporting and 30% NRA withholding and reporting on Form 1042-S; or (2) a U.S. person subject to 24% backup withholding and reporting on Form 1099. Additionally, the Senne v. Office of the Commissioner of Baseball Settlement may be required to hold the back wage portion of the distribution payment. In order to ensure that your full distribution payment is sent to you in a timely manner, please be sure to submit the appropriate IRS form by the deadline noted below.

**Please include your complete name as it appears at the top of the accompanying letter when you submit your IRS Form to the Administrator, which must be received by December 27, 2022, at:**

**Senne v. Office of the Commissioner of Baseball**
**c/o JND Legal Administration**
**PO Box 91051**
**Seattle, WA  98111**

1

Form **W-9**
(Rev. October 2018)
Department of the Treasury
Internal Revenue Service

# Request for Taxpayer
# Identification Number and Certification

▶ Go to *www.irs.gov/FormW9* for instructions and the latest information.

**Give Form to the requester. Do not send to the IRS.**

*Print or type.*
*See Specific Instructions on page 3.*

**1** Name (as shown on your income tax return). Name is required on this line; do not leave this line blank.

**2** Business name/disregarded entity name, if different from above

**3** Check appropriate box for federal tax classification of the person whose name is entered on line 1. Check only **one** of the following seven boxes.

☐ Individual/sole proprietor or single-member LLC   ☐ C Corporation   ☐ S Corporation   ☐ Partnership   ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=Partnership) ▶ _____

**Note:** Check the appropriate box in the line above for the tax classification of the single-member owner. Do not check LLC if the LLC is classified as a single-member LLC that is disregarded from the owner unless the owner of the LLC is another LLC that is **not** disregarded from the owner for U.S. federal tax purposes. Otherwise, a single-member LLC that is disregarded from the owner should check the appropriate box for the tax classification of its owner.

☐ Other (see instructions) ▶

**4** Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3):

Exempt payee code (if any) _____

Exemption from FATCA reporting code (if any) _____

*(Applies to accounts maintained outside the U.S.)*

**5** Address (number, street, and apt. or suite no.) See instructions.

**6** City, state, and ZIP code

Requester's name and address (optional)

**7** List account number(s) here (optional)

## Part I     Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on line 1 to avoid backup withholding. For individuals, this is generally your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the instructions for Part I, later. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN*, later.

**Note:** If the account is in more than one name, see the instructions for line 1. Also see *What Name and Number To Give the Requester* for guidelines on whose number to enter.

| Social security number |
| --- |

**or**

| Employer identification number |
| --- |

## Part II     Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and
3. I am a U.S. citizen or other U.S. person (defined below); and
4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions for Part II, later.

**Sign Here**   Signature of U.S. person ▶                    Date ▶

# General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

**Future developments.** For the latest information about developments related to Form W-9 and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/FormW9*.

## Purpose of Form

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) which may be your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN), to report on an information return the amount paid to you, or other amount reportable on an information return. Examples of information returns include, but are not limited to, the following.

• Form 1099-INT (interest earned or paid)

• Form 1099-DIV (dividends, including those from stocks or mutual funds)

• Form 1099-MISC (various types of income, prizes, awards, or gross proceeds)

• Form 1099-B (stock or mutual fund sales and certain other transactions by brokers)

• Form 1099-S (proceeds from real estate transactions)

• Form 1099-K (merchant card and third party network transactions)

• Form 1098 (home mortgage interest), 1098-E (student loan interest), 1098-T (tuition)

• Form 1099-C (canceled debt)

• Form 1099-A (acquisition or abandonment of secured property)

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN.

*If you do not return Form W-9 to the requester with a TIN, you might be subject to backup withholding. See* What is backup withholding, *later.*

By signing the filled-out form, you:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income, and

4. Certify that FATCA code(s) entered on this form (if any) indicating that you are exempt from the FATCA reporting, is correct. See *What is FATCA reporting,* later, for further information.

**Note:** If you are a U.S. person and a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

**Definition of a U.S. person.** For federal tax purposes, you are considered a U.S. person if you are:

• An individual who is a U.S. citizen or U.S. resident alien;

• A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States;

• An estate (other than a foreign estate); or

• A domestic trust (as defined in Regulations section 301.7701-7).

**Special rules for partnerships.** Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax under section 1446 on any foreign partners' share of effectively connected taxable income from such business. Further, in certain cases where a Form W-9 has not been received, the rules under section 1446 require a partnership to presume that a partner is a foreign person, and pay the section 1446 withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid section 1446 withholding on your share of partnership income.

In the cases below, the following person must give Form W-9 to the partnership for purposes of establishing its U.S. status and avoiding withholding on its allocable share of net income from the partnership conducting a trade or business in the United States.

• In the case of a disregarded entity with a U.S. owner, the U.S. owner of the disregarded entity and not the entity;

• In the case of a grantor trust with a U.S. grantor or other U.S. owner, generally, the U.S. grantor or other U.S. owner of the grantor trust and not the trust; and

• In the case of a U.S. trust (other than a grantor trust), the U.S. trust (other than a grantor trust) and not the beneficiaries of the trust.

**Foreign person.** If you are a foreign person or the U.S. branch of a foreign bank that has elected to be treated as a U.S. person, do not use Form W-9. Instead, use the appropriate Form W-8 or Form 8233 (see Pub. 515, Withholding of Tax on Nonresident Aliens and Foreign Entities).

**Nonresident alien who becomes a resident alien.** Generally, only a nonresident alien individual may use the terms of a tax treaty to reduce or eliminate U.S. tax on certain types of income. However, most tax treaties contain a provision known as a "saving clause." Exceptions specified in the saving clause may permit an exemption from tax to continue for certain types of income even after the payee has otherwise become a U.S. resident alien for tax purposes.

If you are a U.S. resident alien who is relying on an exception contained in the saving clause of a tax treaty to claim an exemption from U.S. tax on certain types of income, you must attach a statement to Form W-9 that specifies the following five items.

1. The treaty country. Generally, this must be the same treaty under which you claimed exemption from tax as a nonresident alien.

2. The treaty article addressing the income.

3. The article number (or location) in the tax treaty that contains the saving clause and its exceptions.

4. The type and amount of income that qualifies for the exemption from tax.

5. Sufficient facts to justify the exemption from tax under the terms of the treaty article.

*Example.* Article 20 of the U.S.-China income tax treaty allows an exemption from tax for scholarship income received by a Chinese student temporarily present in the United States. Under U.S. law, this student will become a resident alien for tax purposes if his or her stay in the United States exceeds 5 calendar years. However, paragraph 2 of the first Protocol to the U.S.-China treaty (dated April 30, 1984) allows the provisions of Article 20 to continue to apply even after the Chinese student becomes a resident alien of the United States. A Chinese student who qualifies for this exception (under paragraph 2 of the first protocol) and is relying on this exception to claim an exemption from tax on his or her scholarship or fellowship income would attach to Form W-9 a statement that includes the information described above to support that exemption.

If you are a nonresident alien or a foreign entity, give the requester the appropriate completed Form W-8 or Form 8233.

## Backup Withholding

**What is backup withholding?** Persons making certain payments to you must under certain conditions withhold and pay to the IRS 24% of such payments. This is called "backup withholding." Payments that may be subject to backup withholding include interest, tax-exempt interest, dividends, broker and barter exchange transactions, rents, royalties, nonemployee pay, payments made in settlement of payment card and third party network transactions, and certain payments from fishing boat operators. Real estate transactions are not subject to backup withholding.

You will not be subject to backup withholding on payments you receive if you give the requester your correct TIN, make the proper certifications, and report all your taxable interest and dividends on your tax return.

**Payments you receive will be subject to backup withholding if:**

1. You do not furnish your TIN to the requester,

2. You do not certify your TIN when required (see the instructions for Part II for details),

3. The IRS tells the requester that you furnished an incorrect TIN,

4. The IRS tells you that you are subject to backup withholding because you did not report all your interest and dividends on your tax return (for reportable interest and dividends only), or

5. You do not certify to the requester that you are not subject to backup withholding under 4 above (for reportable interest and dividend accounts opened after 1983 only).

Certain payees and payments are exempt from backup withholding. See *Exempt payee code,* later, and the separate Instructions for the Requester of Form W-9 for more information.

Also see *Special rules for partnerships,* earlier.

## What is FATCA Reporting?

The Foreign Account Tax Compliance Act (FATCA) requires a participating foreign financial institution to report all United States account holders that are specified United States persons. Certain payees are exempt from FATCA reporting. See *Exemption from FATCA reporting code,* later, and the Instructions for the Requester of Form W-9 for more information.

## Updating Your Information

You must provide updated information to any person to whom you claimed to be an exempt payee if you are no longer an exempt payee and anticipate receiving reportable payments in the future from this person. For example, you may need to provide updated information if you are a C corporation that elects to be an S corporation, or if you no longer are tax exempt. In addition, you must furnish a new Form W-9 if the name or TIN changes for the account; for example, if the grantor of a grantor trust dies.

## Penalties

**Failure to furnish TIN.** If you fail to furnish your correct TIN to a requester, you are subject to a penalty of $50 for each such failure unless your failure is due to reasonable cause and not to willful neglect.

**Civil penalty for false information with respect to withholding.** If you make a false statement with no reasonable basis that results in no backup withholding, you are subject to a $500 penalty.

**Criminal penalty for falsifying information.** Willfully falsifying certifications or affirmations may subject you to criminal penalties including fines and/or imprisonment.

**Misuse of TINs.** If the requester discloses or uses TINs in violation of federal law, the requester may be subject to civil and criminal penalties.

# Specific Instructions

## Line 1

You must enter one of the following on this line; **do not** leave this line blank. The name should match the name on your tax return.

If this Form W-9 is for a joint account (other than an account maintained by a foreign financial institution (FFI)), list first, and then circle, the name of the person or entity whose number you entered in Part I of Form W-9. If you are providing Form W-9 to an FFI to document a joint account, each holder of the account that is a U.S. person must provide a Form W-9.

a. **Individual.** Generally, enter the name shown on your tax return. If you have changed your last name without informing the Social Security Administration (SSA) of the name change, enter your first name, the last name as shown on your social security card, and your new last name.

**Note: ITIN applicant:** Enter your individual name as it was entered on your Form W-7 application, line 1a. This should also be the same as the name you entered on the Form 1040/1040A/1040EZ you filed with your application.

b. **Sole proprietor or single-member LLC.** Enter your individual name as shown on your 1040/1040A/1040EZ on line 1. You may enter your business, trade, or "doing business as" (DBA) name on line 2.

c. **Partnership, LLC that is not a single-member LLC, C corporation, or S corporation.** Enter the entity's name as shown on the entity's tax return on line 1 and any business, trade, or DBA name on line 2.

d. **Other entities.** Enter your name as shown on required U.S. federal tax documents on line 1. This name should match the name shown on the charter or other legal document creating the entity. You may enter any business, trade, or DBA name on line 2.

e. **Disregarded entity.** For U.S. federal tax purposes, an entity that is disregarded as an entity separate from its owner is treated as a "disregarded entity." See Regulations section 301.7701-2(c)(2)(iii). Enter the owner's name on line 1. The name of the entity entered on line 1 should never be a disregarded entity. The name on line 1 should be the name shown on the income tax return on which the income should be reported. For example, if a foreign LLC that is treated as a disregarded entity for U.S. federal tax purposes has a single owner that is a U.S. person, the U.S. owner's name is required to be provided on line 1. If the direct owner of the entity is also a disregarded entity, enter the first owner that is not disregarded for federal tax purposes. Enter the disregarded entity's name on line 2, "Business name/disregarded entity name." If the owner of the disregarded entity is a foreign person, the owner must complete an appropriate Form W-8 instead of a Form W-9. This is the case even if the foreign person has a U.S. TIN.

## Line 2

If you have a business name, trade name, DBA name, or disregarded entity name, you may enter it on line 2.

## Line 3

Check the appropriate box on line 3 for the U.S. federal tax classification of the person whose name is entered on line 1. Check only one box on line 3.

| IF the entity/person on line 1 is a(n) . . . | THEN check the box for . . . |
| --- | --- |
| • Corporation | Corporation |
| • Individual<br>• Sole proprietorship, or<br>• Single-member limited liability company (LLC) owned by an individual and disregarded for U.S. federal tax purposes. | Individual/sole proprietor or single-member LLC |
| • LLC treated as a partnership for U.S. federal tax purposes,<br>• LLC that has filed Form 8832 or 2553 to be taxed as a corporation, or<br>• LLC that is disregarded as an entity separate from its owner but the owner is another LLC that is not disregarded for U.S. federal tax purposes. | Limited liability company and enter the appropriate tax classification. (P= Partnership; C= C corporation; or S= S corporation) |
| • Partnership | Partnership |
| • Trust/estate | Trust/estate |

## Line 4, Exemptions

If you are exempt from backup withholding and/or FATCA reporting, enter in the appropriate space on line 4 any code(s) that may apply to you.

**Exempt payee code.**

• Generally, individuals (including sole proprietors) are not exempt from backup withholding.

• Except as provided below, corporations are exempt from backup withholding for certain payments, including interest and dividends.

• Corporations are not exempt from backup withholding for payments made in settlement of payment card or third party network transactions.

• Corporations are not exempt from backup withholding with respect to attorneys' fees or gross proceeds paid to attorneys, and corporations that provide medical or health care services are not exempt with respect to payments reportable on Form 1099-MISC.

The following codes identify payees that are exempt from backup withholding. Enter the appropriate code in the space in line 4.

1—An organization exempt from tax under section 501(a), any IRA, or a custodial account under section 403(b)(7) if the account satisfies the requirements of section 401(f)(2)

2—The United States or any of its agencies or instrumentalities

3—A state, the District of Columbia, a U.S. commonwealth or possession, or any of their political subdivisions or instrumentalities

4—A foreign government or any of its political subdivisions, agencies, or instrumentalities

5—A corporation

6—A dealer in securities or commodities required to register in the United States, the District of Columbia, or a U.S. commonwealth or possession

7—A futures commission merchant registered with the Commodity Futures Trading Commission

8—A real estate investment trust

9—An entity registered at all times during the tax year under the Investment Company Act of 1940

10—A common trust fund operated by a bank under section 584(a)

11—A financial institution

12—A middleman known in the investment community as a nominee or custodian

13—A trust exempt from tax under section 664 or described in section 4947

The following chart shows types of payments that may be exempt from backup withholding. The chart applies to the exempt payees listed above, 1 through 13.

| IF the payment is for . . . | THEN the payment is exempt for . . . |
|---|---|
| Interest and dividend payments | All exempt payees except for 7 |
| Broker transactions | Exempt payees 1 through 4 and 6 through 11 and all C corporations. S corporations must not enter an exempt payee code because they are exempt only for sales of noncovered securities acquired prior to 2012. |
| Barter exchange transactions and patronage dividends | Exempt payees 1 through 4 |
| Payments over $600 required to be reported and direct sales over $5,000¹ | Generally, exempt payees 1 through 5² |
| Payments made in settlement of payment card or third party network transactions | Exempt payees 1 through 4 |

¹ See Form 1099-MISC, Miscellaneous Income, and its instructions.

² However, the following payments made to a corporation and reportable on Form 1099-MISC are not exempt from backup withholding: medical and health care payments, attorneys' fees, gross proceeds paid to an attorney reportable under section 6045(f), and payments for services paid by a federal executive agency.

**Exemption from FATCA reporting code.** The following codes identify payees that are exempt from reporting under FATCA. These codes apply to persons submitting this form for accounts maintained outside of the United States by certain foreign financial institutions. Therefore, if you are only submitting this form for an account you hold in the United States, you may leave this field blank. Consult with the person requesting this form if you are uncertain if the financial institution is subject to these requirements. A requester may indicate that a code is not required by providing you with a Form W-9 with "Not Applicable" (or any similar indication) written or printed on the line for a FATCA exemption code.

A—An organization exempt from tax under section 501(a) or any individual retirement plan as defined in section 7701(a)(37)

B—The United States or any of its agencies or instrumentalities

C—A state, the District of Columbia, a U.S. commonwealth or possession, or any of their political subdivisions or instrumentalities

D—A corporation the stock of which is regularly traded on one or more established securities markets, as described in Regulations section 1.1472-1(c)(1)(i)

E—A corporation that is a member of the same expanded affiliated group as a corporation described in Regulations section 1.1472-1(c)(1)(i)

F—A dealer in securities, commodities, or derivative financial instruments (including notional principal contracts, futures, forwards, and options) that is registered as such under the laws of the United States or any state

G—A real estate investment trust

H—A regulated investment company as defined in section 851 or an entity registered at all times during the tax year under the Investment Company Act of 1940

I—A common trust fund as defined in section 584(a)

J—A bank as defined in section 581

K—A broker

L—A trust exempt from tax under section 664 or described in section 4947(a)(1)

M—A tax exempt trust under a section 403(b) plan or section 457(g) plan

**Note:** You may wish to consult with the financial institution requesting this form to determine whether the FATCA code and/or exempt payee code should be completed.

## Line 5

Enter your address (number, street, and apartment or suite number). This is where the requester of this Form W-9 will mail your information returns. If this address differs from the one the requester already has on file, write NEW at the top. If a new address is provided, there is still a chance the old address will be used until the payor changes your address in their records.

## Line 6

Enter your city, state, and ZIP code.

# Part I. Taxpayer Identification Number (TIN)

**Enter your TIN in the appropriate box.** If you are a resident alien and you do not have and are not eligible to get an SSN, your TIN is your IRS individual taxpayer identification number (ITIN). Enter it in the social security number box. If you do not have an ITIN, see *How to get a TIN* below.

If you are a sole proprietor and you have an EIN, you may enter either your SSN or EIN.

If you are a single-member LLC that is disregarded as an entity separate from its owner, enter the owner's SSN (or EIN, if the owner has one). Do not enter the disregarded entity's EIN. If the LLC is classified as a corporation or partnership, enter the entity's EIN.

**Note:** See *What Name and Number To Give the Requester,* later, for further clarification of name and TIN combinations.

**How to get a TIN.** If you do not have a TIN, apply for one immediately. To apply for an SSN, get Form SS-5, Application for a Social Security Card, from your local SSA office or get this form online at *www.SSA.gov*. You may also get this form by calling 1-800-772-1213. Use Form W-7, Application for IRS Individual Taxpayer Identification Number, to apply for an ITIN, or Form SS-4, Application for Employer Identification Number, to apply for an EIN. You can apply for an EIN online by accessing the IRS website at *www.irs.gov/Businesses* and clicking on Employer Identification Number (EIN) under Starting a Business. Go to *www.irs.gov/Forms* to view, download, or print Form W-7 and/or SS-4.  Or, you can go to *www.irs.gov/OrderForms* to place an order and have Form W-7 and/or SS-4 mailed to you within 10 business days.

If you are asked to complete Form W-9 but do not have a TIN, apply for a TIN and write "Applied For" in the space for the TIN, sign and date the form, and give it to the requester. For interest and dividend payments, and certain payments made with respect to readily tradable instruments, generally you will have 60 days to get a TIN and give it to the requester before you are subject to backup withholding on payments. The 60-day rule does not apply to other types of payments. You will be subject to backup withholding on all such payments until you provide your TIN to the requester.

**Note:** Entering "Applied For" means that you have already applied for a TIN or that you intend to apply for one soon.

**Caution:** A disregarded U.S. entity that has a foreign owner must use the appropriate Form W-8.

# Part II. Certification

To establish to the withholding agent that you are a U.S. person, or resident alien, sign Form W-9. You may be requested to sign by the withholding agent even if item 1, 4, or 5 below indicates otherwise.

For a joint account, only the person whose TIN is shown in Part I should sign (when required). In the case of a disregarded entity, the person identified on line 1 must sign. Exempt payees, see *Exempt payee code,* earlier.

**Signature requirements.** Complete the certification as indicated in items 1 through 5 below.

Form W-9 (Rev. 10-2018)                                                                                                                                                     Page **5**

**1. Interest, dividend, and barter exchange accounts opened before 1984 and broker accounts considered active during 1983.** You must give your correct TIN, but you do not have to sign the certification.

**2. Interest, dividend, broker, and barter exchange accounts opened after 1983 and broker accounts considered inactive during 1983.** You must sign the certification or backup withholding will apply. If you are subject to backup withholding and you are merely providing your correct TIN to the requester, you must cross out item 2 in the certification before signing the form.

**3. Real estate transactions.** You must sign the certification. You may cross out item 2 of the certification.

**4. Other payments.** You must give your correct TIN, but you do not have to sign the certification unless you have been notified that you have previously given an incorrect TIN. "Other payments" include payments made in the course of the requester's trade or business for rents, royalties, goods (other than bills for merchandise), medical and health care services (including payments to corporations), payments to a nonemployee for services, payments made in settlement of payment card and third party network transactions, payments to certain fishing boat crew members and fishermen, and gross proceeds paid to attorneys (including payments to corporations).

**5. Mortgage interest paid by you, acquisition or abandonment of secured property, cancellation of debt, qualified tuition program payments (under section 529), ABLE accounts (under section 529A), IRA, Coverdell ESA, Archer MSA or HSA contributions or distributions, and pension distributions.** You must give your correct TIN, but you do not have to sign the certification.

## What Name and Number To Give the Requester

| For this type of account: | Give name and SSN of: |
|---|---|
| 1. Individual | The individual |
| 2. Two or more individuals (joint account) other than an account maintained by an FFI | The actual owner of the account or, if combined funds, the first individual on the account[1] |
| 3. Two or more U.S. persons (joint account maintained by an FFI) | Each holder of the account |
| 4. Custodial account of a minor (Uniform Gift to Minors Act) | The minor[2] |
| 5. a. The usual revocable savings trust (grantor is also trustee) | The grantor-trustee[1] |
| b. So-called trust account that is not a legal or valid trust under state law | The actual owner[1] |
| 6. Sole proprietorship or disregarded entity owned by an individual | The owner[3] |
| 7. Grantor trust filing under Optional Form 1099 Filing Method 1 (see Regulations section 1.671-4(b)(2)(i)(A)) | The grantor* |

| For this type of account: | Give name and EIN of: |
|---|---|
| 8. Disregarded entity not owned by an individual | The owner |
| 9. A valid trust, estate, or pension trust | Legal entity[4] |
| 10. Corporation or LLC electing corporate status on Form 8832 or Form 2553 | The corporation |
| 11. Association, club, religious, charitable, educational, or other tax-exempt organization | The organization |
| 12. Partnership or multi-member LLC | The partnership |
| 13. A broker or registered nominee | The broker or nominee |

| For this type of account: | Give name and EIN of: |
|---|---|
| 14. Account with the Department of Agriculture in the name of a public entity (such as a state or local government, school district, or prison) that receives agricultural program payments | The public entity |
| 15. Grantor trust filing under the Form 1041 Filing Method or the Optional Form 1099 Filing Method 2 (see Regulations section 1.671-4(b)(2)(i)(B)) | The trust |

[1] List first and circle the name of the person whose number you furnish. If only one person on a joint account has an SSN, that person's number must be furnished.

[2] Circle the minor's name and furnish the minor's SSN.

[3] You must show your individual name and you may also enter your business or DBA name on the "Business name/disregarded entity" name line. You may use either your SSN or EIN (if you have one), but the IRS encourages you to use your SSN.

[4] List first and circle the name of the trust, estate, or pension trust. (Do not furnish the TIN of the personal representative or trustee unless the legal entity itself is not designated in the account title.) Also see *Special rules for partnerships,* earlier.

**\*Note:** The grantor also must provide a Form W-9 to trustee of trust.

**Note:** If no name is circled when more than one name is listed, the number will be considered to be that of the first name listed.

## Secure Your Tax Records From Identity Theft

Identity theft occurs when someone uses your personal information such as your name, SSN, or other identifying information, without your permission, to commit fraud or other crimes. An identity thief may use your SSN to get a job or may file a tax return using your SSN to receive a refund.

To reduce your risk:

• Protect your SSN,

• Ensure your employer is protecting your SSN, and

• Be careful when choosing a tax preparer.

If your tax records are affected by identity theft and you receive a notice from the IRS, respond right away to the name and phone number printed on the IRS notice or letter.

If your tax records are not currently affected by identity theft but you think you are at risk due to a lost or stolen purse or wallet, questionable credit card activity or credit report, contact the IRS Identity Theft Hotline at 1-800-908-4490 or submit Form 14039.

For more information, see Pub. 5027, Identity Theft Information for Taxpayers.

Victims of identity theft who are experiencing economic harm or a systemic problem, or are seeking help in resolving tax problems that have not been resolved through normal channels, may be eligible for Taxpayer Advocate Service (TAS) assistance. You can reach TAS by calling the TAS toll-free case intake line at 1-877-777-4778 or TTY/TDD 1-800-829-4059.

**Protect yourself from suspicious emails or phishing schemes.** Phishing is the creation and use of email and websites designed to mimic legitimate business emails and websites. The most common act is sending an email to a user falsely claiming to be an established legitimate enterprise in an attempt to scam the user into surrendering private information that will be used for identity theft.

The IRS does not initiate contacts with taxpayers via emails. Also, the IRS does not request personal detailed information through email or ask taxpayers for the PIN numbers, passwords, or similar secret access information for their credit card, bank, or other financial accounts.

If you receive an unsolicited email claiming to be from the IRS, forward this message to *phishing@irs.gov.* You may also report misuse of the IRS name, logo, or other IRS property to the Treasury Inspector General for Tax Administration (TIGTA) at 1-800-366-4484. You can forward suspicious emails to the Federal Trade Commission at *spam@uce.gov* or report them at *www.ftc.gov/complaint.* You can contact the FTC at *www.ftc.gov/idtheft* or 877-IDTHEFT (877-438-4338). If you have been the victim of identity theft, see *www.IdentityTheft.gov* and Pub. 5027.

Visit *www.irs.gov/IdentityTheft* to learn more about identity theft and how to reduce your risk.

## Privacy Act Notice

Section 6109 of the Internal Revenue Code requires you to provide your correct TIN to persons (including federal agencies) who are required to file information returns with the IRS to report interest, dividends, or certain other income paid to you; mortgage interest you paid; the acquisition or abandonment of secured property; the cancellation of debt; or contributions you made to an IRA, Archer MSA, or HSA. The person collecting this form uses the information on the form to file information returns with the IRS, reporting the above information. Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation and to cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their laws. The information also may be disclosed to other countries under a treaty, to federal and state agencies to enforce civil and criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism. You must provide your TIN whether or not you are required to file a tax return. Under section 3406, payers must generally withhold a percentage of taxable interest, dividend, and certain other payments to a payee who does not give a TIN to the payer. Certain penalties may also apply for providing false or fraudulent information.

Form **W-8BEN**

(Rev. October 2021)

Department of the Treasury
Internal Revenue Service

## Certificate of Foreign Status of Beneficial Owner for United States Tax Withholding and Reporting (Individuals)

▶ For use by individuals. Entities must use Form W-8BEN-E.
▶ Go to *www.irs.gov/FormW8BEN* for instructions and the latest information.
▶ Give this form to the withholding agent or payer. Do not send to the IRS.

OMB No. 1545-1621

| Do NOT use this form if: | Instead, use Form: |
|---|---|
| • You are NOT an individual . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | W-8BEN-E |
| • You are a U.S. citizen or other U.S. person, including a resident alien individual . . . . . . . . . . . | W-9 |
| • You are a beneficial owner claiming that income is effectively connected with the conduct of trade or business within the United States (other than personal services) . . . . . . . . . . . . . . . . . . . . . . | W-8ECI |
| • You are a beneficial owner who is receiving compensation for personal services performed in the United States . . . . . . . . | 8233 or W-4 |
| • You are a person acting as an intermediary . . . . . . . . . . . . . . . . . . . . . . | W-8IMY |

**Note:** If you are resident in a FATCA partner jurisdiction (that is, a Model 1 IGA jurisdiction with reciprocity), certain tax account information may be provided to your jurisdiction of residence.

| Part I | Identification of Beneficial Owner (see instructions) |
|---|---|

| | |
|---|---|
| 1  Name of individual who is the beneficial owner | 2  Country of citizenship |

**3**  Permanent residence address (street, apt. or suite no., or rural route). **Do not use a P.O. box or in-care-of address.**

| City or town, state or province. Include postal code where appropriate. | Country |
|---|---|

**4**  Mailing address (if different from above)

| City or town, state or province. Include postal code where appropriate. | Country |
|---|---|

**5**  U.S. taxpayer identification number (SSN or ITIN), if required (see instructions)

| 6a  Foreign tax identifying number (see instructions) | 6b  Check if FTIN not legally required . . . . . . . . . ☐ |
|---|---|

| 7  Reference number(s) (see instructions) | 8  Date of birth (MM-DD-YYYY) (see instructions) |
|---|---|

| Part II | Claim of Tax Treaty Benefits (for chapter 3 purposes only) (see instructions) |
|---|---|

**9**  I certify that the beneficial owner is a resident of _____ within the meaning of the income tax treaty between the United States and that country.

**10**  **Special rates and conditions** (if applicable—see instructions): The beneficial owner is claiming the provisions of Article and paragraph _____ of the treaty identified on line 9 above to claim a _____ % rate of withholding on (specify type of income): _____ .

Explain the additional conditions in the Article and paragraph the beneficial owner meets to be eligible for the rate of withholding: _____

| Part III | Certification |
|---|---|

Under penalties of perjury, I declare that I have examined the information on this form and to the best of my knowledge and belief it is true, correct, and complete. I further certify under penalties of perjury that:

• I am the individual that is the beneficial owner (or am authorized to sign for the individual that is the beneficial owner) of all the income or proceeds to which this form relates or am using this form to document myself for chapter 4 purposes;

• The person named on line 1 of this form is not a U.S. person;

• This form relates to:

(a) income not effectively connected with the conduct of a trade or business in the United States;

(b) income effectively connected with the conduct of a trade or business in the United States but is not subject to tax under an applicable income tax treaty;

(c) the partner's share of a partnership's effectively connected taxable income; or

(d) the partner's amount realized from the transfer of a partnership interest subject to withholding under section 1446(f);

• The person named on line 1 of this form is a resident of the treaty country listed on line 9 of the form (if any) within the meaning of the income tax treaty between the United States and that country; and

• For broker transactions or barter exchanges, the beneficial owner is an exempt foreign person as defined in the instructions.

Furthermore, I authorize this form to be provided to any withholding agent that has control, receipt, or custody of the income of which I am the beneficial owner or any withholding agent that can disburse or make payments of the income of which I am the beneficial owner. **I agree that I will submit a new form within 30 days if any certification made on this form becomes incorrect.**

**Sign Here** ▶

☐ I certify that I have the capacity to sign for the person identified on line 1 of this form.

_____   _____
Signature of beneficial owner (or individual authorized to sign for beneficial owner)      Date (MM-DD-YYYY)

_____
Print name of signer

**For Paperwork Reduction Act Notice, see separate instructions.**      Cat. No. 25047Z      Form **W-8BEN** (Rev. 10-2021)

# Senne v. Office of the Commissioner of Baseball Settlement
c/o JND Legal Administration
PO Box 91051
Seattle, WA  98111
Toll-Free: 1-888-906-0571
Email: info@BaseballPlayerWageCase.com

---

DATE                    List ID: «CF_LIST_ID»

«cf_name1»
«cf_name2»
«cf_care_of_name»
«cf_address»
«cf_city», «cf_state» «cf_zip»
«cf_country»


**RE:    Taxpayer Identification Number**

Dear «CF_NAME1»,

This letter is being sent to you because you are eligible to receive a benefit in the above settlement that is subject to tax reporting.  In order to correctly report your benefit to the IRS, a valid Taxpayer Identification Number (TIN) is required.  If you are a "U.S. Person" as explained in the attached, please provide your Social Security Number (SSN) and Legal Name by completing and returning the attached IRS Form W-9. If you are not a "U.S Person" please complete and return the attached IRS Form W-8.

Please submit your response by mail to the above address or by email as a PDF attachment to info@BaseballPlayerWageCase.com on or before December 27, 2022. The Senne v. Office of the Commissioner of Baseball Settlement Administrator is not able to provide tax advice. Please carefully read the enclosed letter provided. If you have any questions regarding the taxes in this matter, we recommend you speak with a tax professional.

Regards,


Senne v Office of the Commissioner of Baseball Settlement Administrator

Encl.

# EXHIBIT 2

<u>NOTICE OF CLASS ACTION SETTLEMENT</u>

# If you signed a minor league uniform player's contract and played minor league baseball during spring training, extended spring training, or instructional leagues from either 2009 to August 26, 2022 in Florida or 2011 to August 26, 2022 in Arizona, or played in the California League for at least seven days from 2010 to August 26, 2022, your rights are affected by a class action settlement

*A federal court authorized this notice.*
*This is not a solicitation from a lawyer.*

This notice is to inform you of your legal rights and options in a proposed settlement in the case called *SENNE v. OFFICE OF THE COMMISSIONER OF BASEBALL, d/b/a MAJOR LEAGUE BASEBALL*, Case No. CV 14-00608 JCS (consolidated with 3:14-cv-03289-JCS). **Please read this notice carefully.**

The case involves minimum wage and overtime laws. Eligible class members, who did not previously opt out of the case, will receive a share of the settlement money based on a number of factors including the number of work periods they participated in as a minor league baseball player as explained in Section 7 below.

Records indicate that you played minor league baseball during the following spring training(s), extended spring training(s), or instructional league(s) from either 2009 to 2022 in Florida or 2011 to 2022 in Arizona:

|  | Florida, from 2009 to 2022 | Arizona, from 2011 to 2022 |
|---|---|---|
| Spring Training | «FLSTYears» | «AZSTYears» |
| Extended Spring Training | «FLESTYears» | «AZESTYears» |
| Instructional Leagues | «FLILYears» | «AZILYears» |

Records also indicate that you played in the championship season during the following years from 2009 to 2022: «CSYears», including the following years from 2010 to 2022 in the California League: «CLYears».

If you believe any of this information is inaccurate, you can dispute it by visiting www.BaseballPlayerWageCase.com and providing additional information. Please see Section 13, below, for instructions on how to do so.  Any disputes must be submitted by November 30, 2022.

**Notice ID:**  «NoticeId»

**Passcode:**  «Passcode»

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **PARTICIPATE IN THE SETTLEMENT** | If you are an eligible class member and do nothing, you will receive your share of money under the settlement and be bound by the settlement and its release of claims.<br><br>• Payments will be made via check and mailed to you at the address listed below in Section 12.<br>• If no address is shown in Section 12, you must provide an address by **December 27, 2022.**<br>• If the address shown in Section 12 is incorrect, you must provide an updated address by **December 27, 2022.**<br>• If you wish to correct the number of work periods listed above, you must do so by **November 30, 2022.**<br><br>You can update or provide the information listed above by visiting the settlement website at www.BaseballPlayerWageCase.com. |
| **EXCLUDE YOURSELF OR "OPT OUT"** | If you do not wish to participate or be bound by the settlement and its release of claims, you must send a Request for Exclusion to the Settlement Administrator by **December 27, 2022.** Instructions for sending a Request for Exclusion are provided in Section 15 below.  If you exclude yourself from ("opt out" of) the settlement, you <u>will not</u> receive any payment under the settlement, except as described in the following sentence.<br><br>If you are an Aggrieved Employee (defined below), you will receive a pro rata share of the PAGA payment (defined below) whether or not you exclude yourself from the settlement. |
| **OBJECT** | If you do not exclude yourself from the settlement and you do not believe that the settlement is fair and reasonable, you may write to the Court to tell them why. Written objections must be submitted to the Court by **December 27, 2022.** If the Court rejects your objection, you will be bound by the terms of the settlement. |

| WHAT THIS NOTICE CONTAINS |
|---|

**Basic Information**........................................................................................................................**4**

   1.    What is the purpose of this notice?.........................................................................4

   2.    What is the lawsuit about and who is involved?.....................................................4

   3.    What is a class action?............................................................................................5

   4.    What is a Fair Labor Standards Act "FLSA" collective action? .............................5

   5.    Who is in the classes in this case? .........................................................................5

   6.    Who represents the classes?....................................................................................6

**The Settlement Benefits**.............................................................................................................**6**

   7.    What are the benefits under the proposed settlement?............................................6

   8.    What am I giving up in return for receiving the settlement benefits? .....................8

   9.    How will class counsel be paid? .............................................................................8

  10.    Why are the Named Plaintiffs asking for incentive awards?...................................9

**Your Rights and Options** ...........................................................................................................**9**

  11.    What are my options under the settlement?............................................................9

  12.    How do I participate in the settlement and receive money from it? ........................9

  13.    How do I update my contact information, receive an electronic payment, or update my playing history? ..............................................................................................10

  14.    What if I have an objection to the settlement?.......................................................10

  15.    How do I exclude myself from (opt out of) the Damages class?...........................11

  16.    What happens if I exclude myself from (opt out of) the Damages class? ............11

  17.    What happens if I previously excluded myself from this class action?..................11

  18.    What happens if I stay in the class(es)? ................................................................11

**The Final Approval Hearing**.....................................................................................................**11**

  19.    When and where will the Court decide whether to approve the settlement?.......................11

**Getting More Information** .........................................................................................................**12**

  20.    How do I get more information?............................................................................12

## BASIC INFORMATION

| 1. | What is the purpose of this notice? |
|---|---|

This notice is to inform you that the Court has preliminarily approved a proposed settlement of the case and to give you information about your legal rights under the settlement. You have been identified as a potential class member in this case and may be eligible to receive money from the settlement.

The Court has scheduled a hearing on whether to finally approve the settlement on February 17, 2022 at 9:30 a.m. The hearing will be conducted remotely via video conference using the Court's procedures for conducting such hearings. The date of the hearing may change without further notice to the class, so check the settlement website or the Court's Public Access to Court Electronic Records ("PACER") website (see Section 19, below) to confirm the date.

| 2. | What is the lawsuit about and who is involved? |
|---|---|

In this lawsuit, current and former minor league baseball players sued Major League Baseball (or "MLB") and the MLB Clubs claiming they failed to pay minor league players minimum wage and overtime pay in violation of the federal Fair Labor Standards Act ("FLSA") and state wage-and-hour laws in California, Arizona and Florida. The lawsuit also brought claims under other state laws, and sought civil penalties under California's Private Attorneys General Act of 2004, California Labor Code § 2698 *et seq.* ("PAGA").

The lawsuit is brought by the following "Named Plaintiffs":  Omar Aguilar, Craig Bennigson, Daniel Britt, Matthew Daly, Leonard Davis, Aaron Dott, Grant Duff, Matthew Frevert, Lauren Gagnier, Jonathan Gaston, Nicholas Giarraputo, Brandon Henderson, Bryan Henry, Mitchell Hilligoss, Ryan Hutson, Witer Jimenez, Kyle Johnson, Jake Kahaulelio, Ryan Khoury, Ryan Kiel, Matthew Lawson, Michael Liberto, Barret Loux, Bradley McAtee, Aaron Meade, Justin Murray, Jeffrey Nadeau, Joseph Newby, Brett Newsome, Kyle Nicholson, Oliver Odle, Roberto Ortiz, Tim Pahuta, Dustin Pease, Brandon Pinckney, David Quinowksi, Gaspar Santiago, Cody Sedlock, Aaron Senne, Leslie Smith, Bradley Stone, Mark Wagner, Kris Watts, Joel Weeks, and Kyle Woodruff. All of these Named Plaintiffs are also Class Representatives except Omar Aguilar, Leonard Davis, Witer Jimenez, Bradley McAtee, and Roberto Ortiz.

The MLB Clubs means all 30 of the Major League Baseball Clubs, including Kansas City Royals Baseball Club, LLC; Marlins Teamco LLC; San Francisco Baseball Associates LLC; Angels Baseball LP; St. Louis Cardinals, LLC; Colorado Rockies Baseball Club, Ltd.; The Baseball Club of Seattle, LLLP; The Cincinnati Reds, LLC; Houston Baseball Partners LLC; Athletics Investment Group LLC; Rogers Blue Jays Baseball Partnership; Padres, L.P.; San Diego Padres Baseball Club, L.P.; Minnesota Twins, LLC; Detroit Tigers, Inc.; Los Angeles Dodgers LLC; Los Angeles Dodgers Holding Company LLC; Sterling Mets, L.P.; AZPB L.P.; Pittsburgh Associates, L.P.; New York Yankees Partnership; Rangers Baseball Express, LLC; Rangers Baseball, LLC; Chicago Cubs Baseball Club, LLC; Milwaukee Brewers Baseball Club, Inc.; Milwaukee Brewers Baseball Club, L.P.; Atlanta National League Baseball Club, Inc. c/k/a Atlanta National League Baseball Club, LLC; Boston Red Sox Baseball Club L.P.; Baltimore Orioles, L.P.; Baltimore Orioles, Inc.; Chicago White Sox, Ltd.; Cleveland Indians Baseball Co., Inc. c/k/a Cleveland Guardians Baseball Co.; Cleveland Indians Baseball Co., L.P. c/k/a Cleveland Guardians Baseball Company, LLC; The Phillies; Tampa Bay Rays Baseball Ltd.; and Washington Nationals Baseball Club, LLC.

MLB and the MLB Clubs deny all claims in the lawsuit. The parties have agreed to settle the case at this time to avoid the uncertainty and cost of trial and any potential appeal.

The judge in the case is the Honorable Joseph C. Spero. He is the Chief Magistrate Judge for the United States District Court for the Northern District of California.

This case was filed as a class action. The Court certified classes under Federal Rule of Civil Procedure 23 ("Rule 23") and an FLSA collective in this case. You likely already received a notice about the pendency of this case in late 2015 (concerning the FLSA collective) and/or early 2021 (concerning the Rule 23 classes). This is a new notice alerting you to a proposed settlement in the case and notifying you of your rights.

If you previously opted out of (excluded yourself from) the Damages classes (defined below) or opted into the FLSA collective, your previous election remains unchanged. However, if you now wish to participate in the settlement, you can withdraw your request to opt out by going to the settlement website and following the instructions in Section 17, below.

| 3. | What is a class action? |
|---|---|

In a class action lawsuit, one or more people or businesses called class representatives (i.e., the Plaintiffs) sue on behalf of others who have similar claims, all of whom together are a "class." Individual class members do not have to file a lawsuit to participate in the class action, or be bound by the judgment in the class action. One court resolves the issues for everyone in the class, except for those who exclude themselves from the class.

There are several types of Rule 23 class actions, two of which are relevant here. Rule 23(b)(3) classes involve claims for money damages ("Damages class"). The "class definition" identifies who is included in the class. Rule 23(b)(2) classes involve claims for injunctive or declaratory relief (not money damages) ("Injunctive Relief class").

Class members do not have to do anything to be included in the Damages class. Potential class members who do _not_ wish to be included in the Damages class must affirmatively "opt out" by requesting that the court exclude them. Any person included in the class definition who does not opt out of a Damages class will be bound by any judgment or settlement entered in the case.

In contrast, class members typically do not have the right to opt out of an Injunctive Relief class.

| 4. | What is a Fair Labor Standards Act "FLSA" collective action? |
|---|---|

In cases involving FLSA claims, the court can certify what is known as a "collective action." A collective action is very similar to a class action described above. The chief difference between the two is that, unlike Damages class members, persons are not automatically included in an FLSA collective. Instead, persons who want to be included in an FLSA collective and be bound by any settlement or judgment in the case must affirmatively "opt in" by giving written consent to the court.

In this case, the Court certified an FLSA collective in 2015, and persons were given the right to opt in then. If you did not already submit an opt-in request, you are not a member of the FLSA collective.

| 5. | Who is in the classes in this case? |
|---|---|

This case involves two types of Rule 23 classes and the FLSA collective defined as follows:

- Rule 23 (b)(3) Damages class: All persons who: while signed to a Minor League Uniform Player Contract, participated in the California League for at least seven days on or after February 7, 2010 through August 26, 2022, participated in spring training, instructional leagues, or extended spring training in Florida on or after February 7, 2009 through August 26, 2022, or participated in spring training, instructional leagues, or extended spring training in Arizona on or after February 7, 2011 through August 26, 2022. Provided, however, that participation in the activities set forth above must have occurred prior to that person's signing a Major League Uniform Player Contract.

- Rule 23(b)(2) Injunctive Relief class: Any person who is or will in the future be signed to a Minor League Uniform Player Contract and participates in spring training, extended spring training, the championship season, or instructional leagues in Florida or Arizona.

- FLSA collective: All persons who, while signed to a Minor League Uniform Player Contract, participated in the California League, or in spring training, extended spring training, or instructional leagues on or after February 7, 2011, and had not signed a Major League Uniform Player Contract before then, and previously filed a timely consent to join ("opted into") the case.

You may be a member of one or more of the classes.

You do not need to take any action to become a class/collective member if you meet any of the definitions above. We have identified the persons in the Damages and Injunctive Relief classes from defendants' records, and the FLSA collective consists of those persons who previously opted into it.

| 6. | Who represents the classes? |
|----|------|

The Court appointed the law firms Korein Tillery, LLC and Pearson, Simon & Warshaw, LLP as class counsel to represent class members. Contact information for the lead attorneys working on the case from these firms is listed below:

Garrett R. Broshuis
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
(314) 241-4844
gbroshuis@koreintillery.com

Bobby Pouya
**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
(818) 788-8300
bpouya@pswlaw.com

If you want to be represented by your own lawyer, you are free to hire one at your own expense.

## THE SETTLEMENT BENEFITS

| 7. | What are the benefits under the proposed settlement? |
|----|------|

A summary of the monetary and non-monetary benefits the proposed settlement provides to class members follows.

### Monetary benefits

Defendants have agreed to pay a total of One Hundred and Eighty-Five Million Dollars ($185,000,000.00) to settle the case (the "maximum settlement amount"). If you participate in the settlement, you will receive a share of this money based on estimates of the hours you participated in minor league baseball. Each class member's "settlement payment" will be determined as summarized below.

First, an expert statistician will deduct the following amounts from the maximum settlement amount: (i) any court-awarded attorneys' fees (which will be no more than 30% of the maximum settlement amount) and costs (estimated to be no more than $5.5 million); (ii) any court-awarded incentive awards for the class representatives/named plaintiffs (which will not exceed $637,500.00); (iii) the fees and expenses for settlement administration (estimated to be approximately $450,000); and (iv) the $1,736,400 allocated to California's Labor and Workforce Development Agency for the PAGA penalty.

6

Questions? Visit www.BaseballPlayerWageCase.com or call toll-free at 1-888-906-0571

The amount remaining after these deductions will be the "net settlement fund." Each class member's settlement payment will consist of his proportional share of the net settlement fund.

To calculate each class member's proportional share, the statistician will use defendants' records to determine the work periods that the class member participated in during the relevant years. Eligible work periods include: (1) spring training, extended spring training, and instructional league from either 2009 to 2022 in Florida, or 2011 to 2022 in Arizona; (2) the California League, from 2010 to 2022, and (3) championship seasons outside the California League, from the start of the statute of limitations for the state in which the class member's minor league team is located to 2022.

The work periods we have determined that you participated in are shown on Page 1 of this notice.

The statistician will use estimates of the hours minor league players allegedly worked in any given workweek during the relevant work periods. The statistician arrived at these estimates after an extensive analysis of various records and a survey conducted of minor league players.

The statistician will then, for each class member, determine the amount each class member allegedly should have been paid by multiplying the total hours estimated to be allegedly worked in the eligible work periods by the applicable state minimum wage rate. The statistician will use the minimum wage rate in effect at the time for the state in which the class member's minor league team is located. A 50% reduction will be applied to any damages derived from alleged work performed during championship seasons outside the California League to reflect the relative weakness of these claims.

Each class member's "individual damages" will be the difference between the amount he allegedly should have been paid (as calculated above) and what he was actually paid according to MLB and MLB Clubs' records. Any liquidated damages available under Arizona, Florida, and California law will be taken into account when calculating a person's individual damages, as will any statutory penalties under Arizona and California law.

$2,315,200 of the maximum settlement amount has been designated as the recovery of civil penalties under PAGA. The law requires that 75% of this amount be paid to the California Labor & Workforce Development Agency. The other 25% (the "PAGA payment") will be paid *pro rata* to any class members who participated in the California League on or after January 30, 2013 for seven consecutive days through August 26, 2022 (the "Aggrieved Employees").

The statistician will add up each participating class member's "individual damages" to get the aggregate total for all participating class members. Each class member's proportional share will be calculated by dividing the aggregate total by the class member's individual damages. That number will then be multiplied by the net settlement amount to calculate the class member's individual settlement payment.

You will be able to obtain an estimate of your individual settlement payment on the settlement website, www.baseballplayerwagecase.com, no later than November 14, 2022. The estimate will represent the *gross* amount you will receive if the Court approves the settlement, assuming the following: (1) all of the potential deductions from the maximum settlement amount set forth above are approved by the Court; (2) no potential class member requests exclusion from the settlement; and (3) there is no change to the work periods originally identified for each class member. The estimate will not guarantee any specific recovery. The final amount you receive may be different than the estimate.

Be aware that part of your settlement payment has been characterized as "back wages" and is subject to mandatory withholding for federal, state and local payroll taxes. The *net* amount of your settlement payment will depend on how much we are required to withhold for taxes, as well as other mandatory deductions that might apply like garnishments, tax liens and child support. Members of the FLSA collective may be responsible for taxes on the portion of attorneys' fees attributable to the FLSA collective. We are not tax advisors. If you have questions regarding any issues relating to taxes, please check with your tax professional.

7

Questions? Visit www.BaseballPlayerWageCase.com or call toll-free at 1-888-906-0571

### Non-monetary benefits

In addition to the monetary benefits, the settlement provides an important benefit for current and future players. Specifically, MLB will rescind the part of the player contract that prevents MLB Clubs from paying wages to players outside the championship season. MLB will also send a memorandum to all MLB Clubs, advising them of the change to the contract, and advising each Club that it must compensate minor league players in compliance with wage-and-hour laws in effect in Arizona and Florida during spring training, extended spring training, instructional leagues and the championship season in those states, including any minimum wage laws that apply.

| 8. | What am I giving up in return for receiving the settlement benefits? |
|---|---|

In order to receive the monetary benefits, participating Damages class members and FLSA collective members must give the Released Parties (defined below) a release of claims. A release of claims is where one party agrees to give up legal claims (or causes of action) he has against another party in exchange for something of value. A release operates to cut off the releasing party's ability to sue the released party on the released claims.

The claims and parties you will release if you remain in the classes are described in detail in the settlement agreement. In summary:

The "Released Parties":  MLB and the Major League Clubs, individually and collectively, and each of their present and former direct and indirect owners, parents, subsidiaries and affiliates, and each of their present and former officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives.

The "Released Claims":  All Named Plaintiffs, Class Representatives, and Rule 23(b)(3) damages class members who do not timely submit a valid Request for Exclusion, consistent with the terms set forth in the settlement agreement, will release the Released Parties from any and all claims pled, or which could have been pled, in the Second Consolidated Amended Complaint (the "SCAC") arising out of and/or based on the facts alleged in the SCAC, whether known or unknown, for any wage-and-hour claims based on the performance of services pursuant to a Minor League Uniform Player Contract.  This release includes claims for wages, penalties, interest, attorneys' fees, restitution, and/or costs, and including, without limitation, claims for: unpaid minimum wages, unpaid overtime, failure to provide meal periods or unpaid meal period premiums, failure to provide rest periods or unpaid rest period premiums, untimely final wages, untimely wages during employment, non-compliant itemized wage statements, failure to maintain required payroll records, and unreimbursed business expenses under any state, territory, or local wage-and hour-law and/or common law on behalf of the Named Plaintiffs, Class Representatives, and Participating Class Members.  In addition, the FLSA collective members will release the Released Parties from any and all claims pled or which could have been pled in the SCAC arising out of and/or based on the facts alleged in the SCAC, whether known or unknown, for any services rendered pursuant to a Minor League Uniform Player Contract, under the FLSA.  The Rule 23(b)(2) Injunctive Relief class members will release the Released Parties from any wage-and-hour claims for injunctive and/or declaratory relief which were pled, or could have been pled, in the SCAC arising out of and/or based on the facts alleged in the SCAC, whether known or unknown, for any services rendered pursuant to a Minor League Uniform Player Contract. **All releases of claims cover the period from the beginning of time through the date of October 31, 2022.**

| 9. | How will class counsel be paid? |
|---|---|

Class counsel will request an award of attorneys' fees of up to 30% of the maximum settlement amount and reimbursement of their litigation costs of up to 5.5 Million Dollars ($5,500,000). These costs consist primarily of

8

Questions? Visit www.BaseballPlayerWageCase.com or call toll-free at 1-888-906-0571

amounts paid for deposition transcripts, travel for depositions and mediation, expert witness fees, plaintiffs' portion of the mediator's fee, and the cost of the prior rounds of notices sent to the classes certified for litigation and the FLSA collective. Class counsel's motion for an award of fees and costs will include the final amount of fees and costs requested and the supporting law and facts. The motion will be filed with the Court by November 23, 2022 and will be posted at www.baseballplayerwagecase.com. The Court will determine the actual amounts to award to class counsel for fees and costs after the final approval hearing once it has ensured the amounts are reasonable. The settlement administrator will pay any court-awarded attorneys' fees and costs directly from the maximum settlement amount.

| 10. | Why are the Named Plaintiffs asking for incentive awards? |
|---|---|

In addition to any amount, they are entitled to receive by participating in the settlement, the 45 Named Plaintiffs who brought this lawsuit and will ask the Court to approve "incentive awards" for them. Incentive awards are amounts given to individuals who bring a class action to recognize the risk they took in bringing the lawsuit and the effort they put into advancing the interests of the class by doing things like answering written discovery and sitting for depositions. Forty Named Plaintiffs served as Class Representatives and will request incentive awards of $15,000 each. The other five Named Plaintiffs will request incentive awards of $7,500 each. The motion for incentive awards will be filed with the Court by November 23, 2022 and will be posted at www.baseballplayerwagecase.com. The Court will decide the actual amount, if any, of the incentive award to be given to each Named Plaintiff/Class Representative after the final approval hearing.

## YOUR RIGHTS AND OPTIONS

| 11. | What are my options under the settlement? |
|---|---|

You have several options: 1) participate in the settlement and receive your share of the net settlement fund; 2) object to the settlement by submitting a written objection; or 3) opt out of the settlement by submitting a request for exclusion. Details about each option and how each option will affect your legal rights are explained below. You can both participate in the settlement and object, but if you opt out of the settlement, you cannot participate in the settlement or object.

| 12. | How do I participate in the settlement and receive money from it? |
|---|---|

Once the settlement approval process and settlement administration process is finalized you will be sent a check for your pro rata portion of the settlement proceeds to the below listed address:

«AddressLine1»
«AddressLine2»
«AddressLine3»
«AddressCity» «AddressState» «AddressPostalCode»
«AddressCountry»

*If no address is shown above, you must visit www.baseballplayerwagecase.com to provide an address or other information to allow for an electronic payment by **December 27, 2022**.*

To update your mailing or email address, or if you would like to receive your payment electronically rather than by a paper check, you should visit www.baseballplayerwagecase.com by **December 27, 2022** and follow the instructions to notify the settlement administrator.

If you receive a letter requesting your tax identification number, you must provide that information by **December 27, 2022.**

Payments will be made after final approval and after the settlement becomes "effective." The settlement will become effective after the time for appealing the Court's decision granting final approval of the settlement has passed or, if an appeal is filed, after all appeals are finally resolved in favor of final approval.

If you do not cash your settlement check within 90 days of receipt, we will consider your share "unclaimed." If 90 days have passed, you will have 30 days to contact the administrator to request that a check be re-issued. The settlement administrator will use any unclaimed funds to make a second *pro rata* distribution to those class members who did accept their settlement payments unless class counsel and the settlement administrator conclude the total amount of unclaimed funds is too small to justify a second distribution. If that happens, the unclaimed funds will instead be paid to a court-appointed charity under the doctrine of "*cy pres.*" Plaintiffs have asked the Court to appoint Legal Aid at Work as the *cy pres* awardee in this case, and the Court will consider the matter at the final approval hearing.

If the Court grants final approval of the settlement, no amount of money will be returned to defendants under any circumstances. In other words, every penny of the maximum settlement amount will go to class members, their counsel, settlement administration costs, the PAGA penalties and any *cy pres* awardee.

| 13. | How do I update my contact information, receive an electronic payment, or update my playing history? |
|---|---|

Please visit www.baseballplayerwagecase.com by the below deadlines and follow the instructions if you need to do any of the following:

- Update your email or physical mailing address by **December 27, 2022**;

- Request an electronic payment rather than a check by **December 27, 2022**; or

- Report an inaccuracy in the work periods we have listed for you on Page 1 of this notice by **November 30, 2022**. If you claim that you are eligible for additional work periods, the settlement administrator will determine whether you are eligible for any additional claimed work periods based on review of defendants' records and consultation with class counsel. You will be informed of the decision to accept or reject any additional claimed work periods no later than **December 15, 2022**, and the settlement administrator's decision will be final.

| 14. | What if I have an objection to the settlement? |
|---|---|

Participating class members who do not submit a request for exclusion may object to the settlement. You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be made and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the final approval hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Senne v. Office of the Commissioner of Baseball*, No. 3:14-00608-JCS), (b) be submitted to the Court either by mailing them to the Clerk of the Court, United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before **December 27, 2022.**

EVEN IF YOU OBJECT, YOU WILL BE CONSIDERED TO HAVE PARTICIPATED IN THE SETTLEMENT AND WILL RECEIVE YOUR SHARE OF THE SETTLEMENT FUND AND BE BOUND BY THE RELEASE OF CLAIMS IF THE COURT APPROVES THE SETTLEMENT OVER YOUR OR ANY OTHER OBJECTION.

| | |
|---|---|
| **15.** | **How do I exclude myself from (opt out of) the Damages class?** |

If you do not want to be included in the Damages class, you need to "opt out" by sending a request for exclusion by email or mail to the settlement administrator by **December 27, 2022.** The mailing and email addresses for the administrator can be found at the end of this notice.

The request for exclusion must contain: (1) the name and case number of this lawsuit (*Senne v. Office of the Commissioner of Baseball*, No. 3:14-00608-JCS); (2) your name; (3) your address, phone number, and email address; (4) the MLB Club(s), minor league affiliate(s), and approximate dates you played minor league baseball; and (5) a simple statement that you wish to exclude yourself from the Damages class.

You can ask to be excluded from the Damages class, but not the Injunctive Relief class or the FLSA collective.

You will remain a member of the Damages class if you do not timely opt out.

| | |
|---|---|
| **16.** | **What happens if I exclude myself from (opt out of) the Damages class?** |

If you timely submit a request for exclusion from the Damages class, you will not be a member of the Damages class. You will not participate in these proceedings or the settlement. You will not be subject to the release of claims or receive any money from the settlement as a member of the Damages class.

| | |
|---|---|
| **17.** | **What happens if I previously excluded myself from this class action?** |

If you previously submitted a valid request for exclusion and still wish to be excluded from the class, you do not need to do anything. All previously submitted requests for exclusion will remain in effect and you will not be subject to the release of claims or receive any money from the settlement.

If you previously filed a request for exclusion and now wish to participate in the settlement, contact the settlement administrator before **December 27, 2022**.

| | |
|---|---|
| **18.** | **What happens if I stay in the class(es)?** |

Class members will be bound by the settlement and the judgment the Court enters in the case. If finally approved, the settlement agreement will have the same force and effect on absent class members as if each of them had signed it personally. This includes any applicable release of claims. Unless you timely request exclusion, the release of claims applies to you *regardless of whether you accept payment under the settlement or object*.

## THE FINAL APPROVAL HEARING

| | |
|---|---|
| **19.** | **When and where will the Court decide whether to approve the settlement?** |

The Court located in the U.S. District Court for the Northern District of California will hold a final approval hearing at 9:30 a.m. on February 17, 2022.  The hearing will be conducted remotely via video conference. At the hearing, the Court will listen to anyone who wishes to speak in support of or in opposition to the settlement and will consider whether the settlement is fair, reasonable and adequate. The Court will also consider class counsel's request for attorneys' fees and costs and the request for the named plaintiffs' incentive awards. The Court may

11

Questions? Visit www.BaseballPlayerWageCase.com or call toll-free at 1-888-906-0571

reschedule the final approval hearing without further notice to the classes. Please check www.baseballplayerwagecase.com or the Court's PACER system to verify the date has not changed. The link to the Court's video conference may be found on the Court's website: https://cand.uscourts.gov/judges/spero-joseph-c-jcs/.

WHILE YOU ARE WELCOME TO ATTEND THE FINAL APPROVAL HEARING EITHER PERSONALLY OR BY COUNSEL HIRED AT YOUR OWN EXPENSE, YOU DO NOT NEED TO APPEAR. CLASS COUNSEL WILL APPEAR AT THE HEARING ON BEHALF OF THE SETTLEMENT CLASSES, INCLUDING YOU.

## <u>GETTING MORE INFORMATION</u>

| 20. | How do I get more information? |
|-----|-------------------------------|

This notice only summarizes the proposed settlement. You can find the settlement agreement and other important documents in the case on the settlement website:

www.BaseballPlayerWageCase.com

You may access the Court docket and any other publicly filed documents in this case, for a fee, through the Court's PACER system at https://ecf.cand.uscourts.gov., or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, San Francisco Courthouse, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT CONTACT THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

If you have questions about the settlement process, please contact class counsel (contact information in Section 6, above) or the court-appointed settlement administrator, JND Legal Administration:

Email: Info@BaseballPlayerWageCase.com

Phone: 1-888-906-0571

Mailing Address:

> Senne v. Office of the Commissioner of Baseball
> c/o JND Legal Administration,
> P.O. Box 91051
> Seattle, WA 98111

# EXHIBIT 3

<u>NOTICE OF CLASS ACTION SETTLEMENT</u>

**If you signed a minor league uniform player's contract and played minor league baseball during spring training, extended spring training, or instructional leagues from either 2009 to ~~[DATE OF PRELIMINARY APPROVAL]~~August 26, 2022 in Florida or 2011 to ~~[DATE OF PRELIMINARY APPROVAL]~~August 26, 2022 in Arizona, or played in the California League for at least seven days from 2010 to ~~[DATE OF PRELIMINARY APPROVAL]~~,August 26, 2022, your rights are affected by a class action settlement**

*A federal court authorized this notice.*
*This is not a solicitation from a lawyer.*

This notice is to inform you of your legal rights and options in a proposed settlement in the case called *SENNE v. OFFICE OF THE COMMISSIONER OF BASEBALL, d/b/a MAJOR LEAGUE BASEBALL*, Case No. CV 14-00608 JCS (consolidated with 3:14-cv-03289-JCS). **Please read this notice carefully.**

The case involves minimum wage and overtime laws. Eligible class members, who did not previously opt out of the case, will receive a share of the settlement money based on a number of factors including the number of work periods they participated in as a minor league baseball player as explained in Section ~~—~~7 below.

Records indicate that you played minor league baseball during the following spring training(s), extended spring training(s), or instructional league(s) from either 2009 to ~~date~~2022 in Florida or 2011 to ~~date~~2022 in Arizona:

|  | Florida, from 2009 to 2022 | Arizona, from 2011 to 2022 |
|---|---|---|
| Spring Training | «FLSTYears» | «AZSTYears» |
| Extended Spring Training | «FLESTYears» | «AZESTYears» |
| Instructional Leagues | «FLILYears» | «AZILYears» |

Records also indicate that you played ~~during~~in the championship season ~~during the following years~~ from ~~[YEARS] and~~2009 to 2022: «CSYears», including the following years from 2010 to 2022 in the California League ~~during the following periods:~~ ____: «CLYears».

If you believe any of this information is inaccurate, you can dispute it by visiting www.BaseballPlayerWageCase.com and providing additional information. Please see Section ~~___~~13, below, for instructions on how to do so. Any disputes must be submitted by ~~[28 days before opt-out deadline]~~.November 30, 2022.

**Notice ID:**  «NoticeId»

**Passcode:**  «Passcode»

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **PARTICIPATE IN THE SETTLEMENT** | If you are an eligible class member and do nothing, you will receive your share of money under the settlement and be bound by the settlement and its release of claims. <br><br> • Payments will be made via check and mailed to you at the address listed below in Section ~~—~~12. <br> • If no address is shown in Section ~~—,~~12, you must provide an address by ~~Month 00~~December 27, **2022.** <br> • If the address shown in Section ~~—~~12 is incorrect, you must provide an updated address by ~~Month 00~~December 27, **2022.** <br> • If you wish to correct the number of work periods listed above, you must do so by ~~Month 00~~November 30, **2022.** <br><br> You can update or provide the information listed above by visiting the settlement website at www.BaseballPlayerWageCase.com. |
| **EXCLUDE YOURSELF OR "OPT OUT"** | If you do not wish to participate or be bound by the settlement and its release of claims, you must send a Request for Exclusion to the Settlement Administrator by ~~Month x~~December 27, **2022**. Instructions for sending a Request for Exclusion are provided in Section ~~—~~15 below.  If you exclude yourself from ("opt out" of) the settlement, you <u>will not</u> receive any payment under the settlement, except as described in the following sentence. <br><br> If you are an Aggrieved Employee (defined below), you will receive a pro rata share of the PAGA payment (defined below) whether or not you exclude yourself from the settlement. |
| **OBJECT** | If you do not exclude yourself from the settlement and you do not believe that the settlement is fair and reasonable, you may write to the Court to tell them why. Written objections must be submitted to the Court by ~~Month x~~December 27, **2022**. If the Court rejects your objection, you will be bound by the terms of the settlement. |

| **WHAT THIS NOTICE CONTAINS** |
| --- |

**Basic Information**.................................................................................................................**4**

   1.    What is the purpose of this notice?.......................................................................... 4

   2.    What is the lawsuit about and who is involved?...................................................... 4

   3.    What is a class action?............................................................................................ 5

   4.    What is a Fair Labor Standards Act "FLSA" collective action? ............................. 5

   5.    Who is in the classes in this case? .......................................................................... 5

   6.    Who represents the classes?..................................................................................... 6

**The Settlement Benefits** ..................................................................................................**6**

   7.    What are the benefits under the proposed settlement?............................................. 6

   8.    What am I giving up in return for receiving the settlement benefits? ..................... 8

   9.    How will class counsel be paid? ............................................................................. 8

   10.   Why are the Named Plaintiffs asking for incentive awards?.................................. <span style="color:red">8</span><span style="text-decoration:line-through;color:red">9</span>

**Your Rights and Options** ................................................................................................**9**

   11.   What are my options under the settlement?............................................................. 9

   12.   How do I participate in the settlement and receive money from it? ........................ 9

   13.   How do I update my contact information, receive an electronic payment, or update my playing history? ................................................................................................... 10

   14.   What if I have an objection to the settlement?...................................................... 10

   15.   How do I exclude myself from (opt out of) the Damages class?.................................... <span style="color:red">10</span><span style="text-decoration:line-through;color:red">11</span>

   16.   What happens if I exclude myself from (opt out of) the Damages class? ........................... 11

   17.   What happens if I previously excluded myself from this class action?............................... 11

   18.   What happens if I stay in the class(es)?................................................................. 11

**The Final Approval Hearing**.........................................................................................**11**

   19.   When and where will the Court decide whether to approve the settlement?...................... 11

**Getting More Information** ............................................................................................**12**

   20.   How do I get more information?............................................................................. 12

## BASIC INFORMATION

| 1. | What is the purpose of this notice? |
| --- | --- |

This notice is to inform you that the Court has preliminarily approved a proposed settlement of the case and to give you information about your legal rights under the settlement. You have been identified as a potential class member in this case and may be eligible to receive money from the settlement.

The Court has scheduled a hearing on whether to finally approve the settlement on February 17, 2022 at 9:30 a.m. The hearing will be conducted remotely via video conference using the Court's procedures for conducting such hearings. The date of the hearing may change without further notice to the class, so check the settlement website or the Court's Public Access to Court Electronic Records ("PACER") website (see Section 19, below) to confirm the date.

| 2. | What is the lawsuit about and who is involved? |
| --- | --- |

In this lawsuit, current and former minor league baseball players sued Major League Baseball (or "MLB") and the MLB Clubs claiming they failed to pay minor league players minimum wage and overtime pay in violation of the federal Fair Labor Standards Act ("FLSA") and state wage-and-hour laws in California, Arizona and Florida. The lawsuit also brought claims under other state laws, and sought civil penalties under California's Private Attorneys General Act of 2004, California Labor Code § 2698 *et seq.* ("PAGA").

The lawsuit is brought by the following "Named Plaintiffs":  Omar Aguilar, Craig Bennigson, Daniel Britt, Matthew Daly, Leonard Davis, Aaron Dott, Grant Duff, Matthew Frevert, Lauren Gagnier, Jonathan Gaston, Nicholas Giarraputo, Brandon Henderson, Bryan Henry, Mitchell Hilligoss, Ryan Hutson, Witer Jimenez, Kyle Johnson, Jake Kahaulelio, Ryan Khoury, Ryan Kiel, Matthew Lawson, Michael Liberto, Barret Loux, Bradley McAtee, Aaron Meade, Justin Murray, Jeffrey Nadeau, Joseph Newby, Brett Newsome, Kyle Nicholson, Oliver Odle, Roberto Ortiz, Tim Pahuta, Dustin Pease, Brandon Pinckney, David Quinowksi, Gaspar Santiago, Cody Sedlock, Aaron Senne, Leslie Smith, Bradley Stone, Mark Wagner, Kris Watts, Joel Weeks, and Kyle Woodruff. All of these Named Plaintiffs are also Class Representatives except Omar Aguilar, Leonard Davis, Witer Jimenez, Bradley McAtee, and Roberto Ortiz.

The MLB Clubs means all 30 of the Major League Baseball Clubs, including Kansas City Royals Baseball Club, LLC; Marlins Teamco LLC; San Francisco Baseball Associates LLC; Angels Baseball LP; St. Louis Cardinals, LLC; Colorado Rockies Baseball Club, Ltd.; The Baseball Club of Seattle, LLLP; The Cincinnati Reds, LLC; Houston Baseball Partners LLC; Athletics Investment Group LLC; Rogers Blue Jays Baseball Partnership; Padres, L.P.; San Diego Padres Baseball Club, L.P.; Minnesota Twins, LLC; Detroit Tigers, Inc.; Los Angeles Dodgers LLC; Los Angeles Dodgers Holding Company LLC; Sterling Mets, L.P.; AZPB L.P.; Pittsburgh Associates, L.P.; New York Yankees Partnership; Rangers Baseball Express, LLC; Rangers Baseball, LLC; Chicago Cubs Baseball Club, LLC; Milwaukee Brewers Baseball Club, Inc.; Milwaukee Brewers Baseball Club, L.P.; Atlanta National League Baseball Club, Inc. c/k/a Atlanta National League Baseball Club, LLC; Boston Red Sox Baseball Club L.P.; Baltimore Orioles, L.P.; Baltimore Orioles, Inc.; Chicago White Sox, Ltd.; Cleveland Indians Baseball Co., Inc. c/k/a Cleveland Guardians Baseball Co.; Cleveland Indians Baseball Co., L.P. c/k/a Cleveland Guardians Baseball Company, LLC; The Phillies; Tampa Bay Rays Baseball Ltd.; and Washington Nationals Baseball Club, LLC.

MLB and the MLB Clubs deny all claims in the lawsuit. The parties have agreed to settle the case at this time to avoid the uncertainty and cost of trial and any potential appeal.

The judge in the case is the Honorable Joseph C. Spero. He is the Chief Magistrate Judge for the United States District Court for the Northern District of California.

This case was filed as a class action. The Court certified classes under Federal Rule of Civil Procedure 23 ("Rule 23") and an FLSA collective in this case. You likely already received a notice about the pendency of this case in

late 2015 (concerning the FLSA collective) and/or early 2021 (concerning the Rule 23 classes). This is a new notice alerting you to a proposed settlement in the case and notifying you of your rights.

If you previously opted out of (excluded yourself from) the Damages classes (defined below) or opted into the FLSA collective, your previous election remains unchanged. However, if you now wish to participate in the settlement, you can withdraw your request to opt out by going to the settlement website and following the instructions in Section ─,17, below.

| 3. | **What is a class action?** |

In a class action lawsuit, one or more people or businesses called class representatives (i.e., the Plaintiffs) sue on behalf of others who have similar claims, all of whom together are a "class." Individual class members do not have to file a lawsuit to participate in the class action, or be bound by the judgment in the class action. One court resolves the issues for everyone in the class, except for those who exclude themselves from the class.

There are several types of Rule 23 class actions, two of which are relevant here. Rule 23(b)(3) classes involve claims for money damages ("Damages class"). The "class definition" identifies who is included in the class. Rule 23(b)(2) classes involve claims for injunctive or declaratory relief (not money damages) ("Injunctive Relief class").

Class members do not have to do anything to be included in the Damages class. Potential class members who do _not_ wish to be included in the Damages class must affirmatively "opt out" by requesting that the court exclude them. Any person included in the class definition who does not opt out of a Damages class will be bound by any judgment or settlement entered in the case.

In contrast, class members typically do not have the right to opt out of an Injunctive Relief class.

| 4. | **What is a Fair Labor Standards Act "FLSA" collective action?** |

In cases involving FLSA claims, the court can certify what is known as a "collective action." A collective action is very similar to a class action described above. The chief difference between the two is that, unlike Damages class members, persons are not automatically included in an FLSA collective. Instead, persons who want to be included in an FLSA collective and be bound by any settlement or judgment in the case must affirmatively "opt in" by giving written consent to the court.

In this case, the Court certified an FLSA collective in 2015, and persons were given the right to opt in then. If you did not already submit an opt-in request, you are not a member of the FLSA collective.

| 5. | **Who is in the classes in this case?** |

This case involves two types of Rule 23 classes and the FLSA collective defined as follows:

- Rule 23 (b)(3) Damages class: All persons who: while signed to a Minor League Uniform Player Contract, participated in the California League for at least seven days on or after February 7, 2010 through [DATE OF PRELIMINARY APPROVAL],August 26, 2022, participated in spring training, instructional leagues, or extended spring training in Florida on or after February 7, 2009 through [DATE OF PRELIMINARY APPROVAL],August 26, 2022, or participated in spring training, instructional leagues, or extended spring training in Arizona on or after February 7, 2011 through [DATE OF PRELIMINARY APPROVAL].August 26, 2022. Provided, however, that participation in the activities set forth above must have occurred prior to that person's signing a Major League Uniform Player Contract.

- Rule 23(b)(2) Injunctive Relief class: Any person who is or will in the future be signed to a Minor League Uniform Player Contract and participates in spring training, extended spring training, the championship season, or instructional leagues in Florida or Arizona.

- FLSA collective: All persons who, while signed to a Minor League Uniform Player Contract, participated in the California League, or in spring training, extended spring training, or instructional leagues on or after February 7, 2011, and had not signed a Major League Uniform Player Contract before then, and previously filed a timely consent to join ("opted into") the case.

You may be a member of one or more of the classes.

You do not need to take any action to become a class/collective member if you meet any of the definitions above. We have identified the persons in the Damages and Injunctive Relief classes from defendants' records, and the FLSA collective consists of those persons who previously opted into it.

| **6.**   **Who represents the classes?** |
|---|

The Court appointed the law firms Korein Tillery, LLC and Pearson, Simon & Warshaw, LLP as class counsel to represent class members. Contact information for the lead attorneys working on the case from these firms is listed below:

Garrett R. Broshuis
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
(314) 241-4844
gbroshuis@koreintillery.com

Bobby Pouya
**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
(818) 788-8300
bpouya@pswlaw.com

If you want to be represented by your own lawyer, you are free to hire one at your own expense.

## THE SETTLEMENT BENEFITS

| **7.**   **What are the benefits under the proposed settlement?** |
|---|

A summary of the monetary and non-monetary benefits the proposed settlement provides to class members follows.

## Monetary benefits

Defendants have agreed to pay a total of One Hundred and Eighty-Five Million Dollars ($185,000,000.00) to settle the case (the "maximum settlement amount"). If you participate in the settlement, you will receive a share of this money based on estimates of the hours you participated in minor league baseball. Each class member's "settlement payment" will be determined as summarized below.

First, an expert statistician will deduct the following amounts from the maximum settlement amount: (i) any court-awarded attorneys' fees (which will be no more than 30% of the maximum settlement amount) and costs (estimated to be no more than $5.5 million); (ii) any court-awarded incentive awards for the class representatives/named plaintiffs (which will not exceed $637,500.00); (iii) the fees and expenses for settlement administration (estimated to be approximately $450,000); and (iv) the $1,736,400 allocated to California's Labor and Workforce Development Agency for the PAGA penalty.

The amount remaining after these deductions will be the "net settlement fund." Each class member's settlement payment will consist of his proportional share of the net settlement fund.

To calculate each class member's proportional share, the statistician will use defendants' records to determine the work periods that the class member participated in during the relevant years. Eligible work periods include: (1) spring training, extended spring training, and instructional league from either 2009 to [DATE]2022 in Florida, or 2011 to [DATE]2022 in Arizona; (2) the California League, from 2010 to [DATE],2022, and (3) championship

seasons outside the California League, from the start of the statute of limitations for the state in which the class member's minor league team is located to [DATE].2022.

The work periods we have determined that you participated in are shown on Page 1 of this notice.

The statistician will use estimates of the hours minor league players allegedly worked in any given workweek during the relevant work periods. The statistician arrived at these estimates after an extensive analysis of various records and a survey conducted of minor league players.

The statistician will then, for each class member, determine the amount each class member allegedly should have been paid by multiplying the total hours estimated to be allegedly worked in the eligible work periods by the applicable state minimum wage rate. The statistician will use the minimum wage rate in effect at the time for the state in which the class member's minor league team is located. A 50% reduction will be applied to any damages derived from alleged work performed during championship seasons outside the California League to reflect the relative weakness of these claims.

Each class member's "individual damages" will be the difference between the amount he allegedly should have been paid (as calculated above) and what he was actually paid according to MLB and MLB Clubs' records. Any liquidated damages available under Arizona, Florida, and California law will be taken into account when calculating a person's individual damages, as will any statutory penalties under Arizona and California law.

$2,315,200 of the maximum settlement amount has been designated as the recovery of civil penalties under PAGA. The law requires that 75% of this amount be paid to the California Labor & Workforce Development Agency. The other 25% (the "PAGA payment") will be paid *pro rata* to any class members who participated in the California League on or after January 30, 2013 for seven consecutive days through [the date of preliminary approval]August 26, 2022 (the "Aggrieved Employees").

The statistician will add up each participating class member's "individual damages" to get the aggregate total for all participating class members. Each class member's proportional share will be calculated by dividing the aggregate total by the class member's individual damages. That number will then be multiplied by the net settlement amount to calculate the class member's individual settlement payment.

You will be able to obtain an estimate of your individual settlement payment on the settlement website, www.baseballplayerwagecase.com, no later than _____.November 14, 2022. The estimate will represent the *gross* amount you will receive if the Court approves the settlement, assuming the following: (1) all of the potential deductions from the maximum settlement amount set forth above are approved by the Court; (2) no potential class member requests exclusion from the settlement; and (3) there is no change to the work periods originally identified for each class member. The estimate will not guarantee any specific recovery. The final amount you receive may be different than the estimate.

Be aware that part of your settlement payment has been characterized as "back wages" and is subject to mandatory withholding for federal, state and local payroll taxes. The *net* amount of your settlement payment will depend on how much we are required to withhold for taxes, as well as other mandatory deductions that might apply like garnishments, tax liens and child support. Members of the FLSA collective may be responsible for taxes on the portion of attorneys' fees attributable to the FLSA collective. We are not tax advisors. If you have questions regarding any issues relating to taxes, please check with your tax professional.

## **Non-monetary benefits**

In addition to the monetary benefits, the settlement provides an important benefit for current and future players. Specifically, MLB will rescind the part of the player contract that prevents MLB Clubs from paying wages to players outside the championship season. MLB will also send a memorandum to all MLB Clubs, advising them of the change to the contract, and advising each Club that it must compensate minor league players in compliance with wage-and-hour laws in effect in Arizona and Florida during spring training, extended spring training, instructional leagues and the championship season in those states, including any minimum wage laws that apply.

**8.      What am I giving up in return for receiving the settlement benefits?**

In order to receive the monetary benefits, participating Damages class members and FLSA collective members must give the Released Parties (defined below) a release of claims. A release of claims is where one party agrees to give up legal claims (or causes of action) he has against another party in exchange for something of value. A release operates to cut off the releasing party's ability to sue the released party on the released claims.

The claims and parties you will release if you remain in the classes are described in detail in the settlement agreement. In summary:

The "Released Parties":  MLB and the Major League Clubs, individually and collectively, and each of their present and former direct and indirect owners, parents, subsidiaries and affiliates, and each of their present and former officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives.

The "Released Claims":  All Named Plaintiffs, Class Representatives, and Rule 23(b)(3) damages class members who do not timely submit a valid Request for Exclusion, consistent with the terms set forth in the settlement agreement, will release the Released Parties from any and all claims pled, or which could have been pled, in the Second Consolidated Amended Complaint (the "SCAC") arising out of and/or based on the facts alleged in the SCAC, whether known or unknown, for any wage-and-hour claims based on the performance of services pursuant to a Minor League Uniform Player Contract.  This release includes claims for wages, penalties, interest, attorneys' fees, restitution, and/or costs, and including, without limitation, claims for: unpaid minimum wages, unpaid overtime, failure to provide meal periods or unpaid meal period premiums, failure to provide rest periods or unpaid rest period premiums, untimely final wages, untimely wages during employment, non-compliant itemized wage statements, failure to maintain required payroll records, and unreimbursed business expenses under any state, territory, or local wage-and hour-law and/or common law on behalf of the Named Plaintiffs, Class Representatives, and Participating Class Members.  In addition, the FLSA collective members will release the Released Parties from any and all claims pled or which could have been pled in the SCAC arising out of and/or based on the facts alleged in the SCAC, whether known or unknown, for any services rendered pursuant to a Minor League Uniform Player Contract, under the FLSA.  The Rule 23(b)(2) Injunctive Relief class members will release the Released Parties from any wage-and-hour claims for injunctive and/or declaratory relief which were pled, or could have been pled, in the SCAC arising out of and/or based on the facts alleged in the SCAC, whether known or unknown, for any services rendered pursuant to a Minor League Uniform Player Contract. **All releases of claims cover the period from the beginning of time through the date of October 31, 2022.**

**9.      How will class counsel be paid?**

Class counsel will request an award of attorneys' fees of up to 30% of the maximum settlement amount and reimbursement of their litigation costs of up to 5.5 Million Dollars ($5,500,000). These costs consist primarily of amounts paid for deposition transcripts, travel for depositions and mediation, expert witness fees, plaintiffs' portion of the mediator's fee, and the cost of the prior rounds of notices sent to the classes certified for litigation and the FLSA collective. Class counsel's motion for an award of fees and costs will include the final amount of fees and costs requested and the supporting law and facts. The motion will be filed with the Court by November 23, 2022 and will be posted at www.baseballplayerwagecase.com. The Court will determine the actual amounts to award to class counsel for fees and costs after the final approval hearing once it has ensured the amounts are reasonable. The settlement administrator will pay any court-awarded attorneys' fees and costs directly from the maximum settlement amount.

**10.     Why are the Named Plaintiffs asking for incentive awards?**

In addition to any amount, they are entitled to receive by participating in the settlement, the 45 Named Plaintiffs who brought this lawsuit will ask the Court to approve "incentive awards" for them. Incentive awards are amounts

given to individuals who bring a class action to recognize the risk they took in bringing the lawsuit and the effort they put into advancing the interests of the class by doing things like answering written discovery and sitting for depositions. Forty Named Plaintiffs served as Class Representatives and will request incentive awards of $15,000 each. The other five Named Plaintiffs will request incentive awards of $7,500 each. The motion for incentive awards will be filed with the Court by ~~_____~~November 23, 2022 and will be posted at www.baseballplayerwagecase.com. The Court will decide the actual amount, if any, of the incentive award to be given to each Named Plaintiff/Class Representative after the final approval hearing.

## YOUR RIGHTS AND OPTIONS

### 11.     What are my options under the settlement?

You have several options: 1) participate in the settlement and receive your share of the net settlement fund; 2) object to the settlement by submitting a written objection; or 3) opt out of the settlement by submitting a request for exclusion. Details about each option and how each option will affect your legal rights are explained below. You can both participate in the settlement and object, but if you opt out of the settlement, you cannot participate in the settlement or object.

### 12.     How do I participate in the settlement and receive money from it?

Once the settlement approval process and settlement administration process is finalized you will be sent a check for your pro rata portion of the settlement proceeds to the below listed address:



City, State Zip

*If no address is shown above, you must visit www.baseballplayerwagecase.com to provide an address or other information to allow for an electronic payment* ~~[the response deadline]~~*by December 27, 2022.*

To update your mailing or email address, or if you would like to receive your payment electronically rather than by a paper check, you should visit ~~www.baseballplayerwagecase.com   by   [the   response deadline]~~www.baseballplayerwagecase.com by **December 27, 2022** and follow the instructions to notify the settlement administrator.

If you receive a letter requesting your tax identification number, you must provide that information by **December 27, 2022.**

Payments will be made after final approval and after the settlement becomes "effective." The settlement will become effective after the time for appealing the Court's decision granting final approval of the settlement has passed or, if an appeal is filed, after all appeals are finally resolved in favor of final approval.

If you do not cash your settlement check within 90 days of receipt, we will consider your share "unclaimed." If 90 days have passed, you will have 30 days to contact the administrator to request that a check be re-issued. The settlement administrator will use any unclaimed funds to make a second *pro rata* distribution to those class members who did accept their settlement payments unless class counsel and the settlement administrator conclude the total amount of unclaimed funds is too small to justify a second distribution. If that happens, the unclaimed funds will instead be paid to a court-appointed charity under the doctrine of "*cy pres*." Plaintiffs have asked the Court to appoint Legal Aid at Work as the *cy pres* awardee in this case, and the Court will consider the matter at the final approval hearing.

If the Court grants final approval of the settlement, no amount of money will be returned to defendants under any circumstances. In other words, every penny of the maximum settlement amount will go to class members, their counsel, settlement administration costs, the PAGA penalties and any *cy pres* awardee.

| **13.** | **How do I update my contact information, receive an electronic payment, or update my playing history?** |
|---|---|

Please visit www.baseballplayerwagecase.com by [the ~~response date~~ below deadlines and follow the instructions if you need to do any of the following:

- Update your email or physical mailing address by **December 27, 2022**;
- Request an electronic payment rather than a check by **December 27, 2022**; or
- Report an inaccuracy in the work periods we have listed for you on Page 1 of this notice by **November 30, 2022**. If you claim that you are eligible for additional work periods, the settlement administrator will determine whether you are eligible for any additional claimed work periods based on review of defendants' records and consultation with class counsel. ~~You must submit any disputes by [28 days before opt-out deadline].~~ You will be informed of the decision to accept or reject any additional claimed work periods no later than ~~seven business days before [the response date].~~ **December 15, 2022**, and the settlement administrator's decision will be final.

| **14.** | **What if I have an objection to the settlement?** |
|---|---|

Participating class members who do not submit a request for exclusion may object to the settlement. You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be made and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the final approval hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Senne v. Office of the Commissioner of Baseball*, No. 3:14-00608-JCS), (b) be submitted to the Court either by mailing them to the Clerk of the Court, United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before ~~[response deadline].~~ **December 27, 2022.**

EVEN IF YOU OBJECT, YOU WILL BE CONSIDERED TO HAVE PARTICIPATED IN THE SETTLEMENT AND WILL RECEIVE YOUR SHARE OF THE SETTLEMENT FUND AND BE BOUND BY THE RELEASE OF CLAIMS IF THE COURT APPROVES THE SETTLEMENT OVER YOUR OR ANY OTHER OBJECTION.

| **15.** | **How do I exclude myself from (opt out of) the Damages class?** |
|---|---|

If you do not want to be included in the Damages class, you need to "opt out" by sending a request for exclusion by email or mail to the settlement administrator by ~~[the response deadline].~~ **December 27, 2022.** The mailing and email addresses for the administrator can be found at the end of this notice.

The request for exclusion must contain: (1) the name and case number of this lawsuit (*Senne v. Office of the Commissioner of Baseball*, No. 3:14-00608-JCS); (2) your name; (3) your address, phone number, and email address; (4) the MLB Club(s), minor league affiliate(s), and approximate dates you played minor league baseball; and (5) a simple statement that you wish to exclude yourself from the Damages class.

You can ask to be excluded from the Damages class, but not the Injunctive Relief class or the FLSA collective. You will remain a member of the Damages class if you do not timely opt out.

| **16.** | **What happens if I exclude myself from (opt out of) the Damages class?** |

If you timely submit a request for exclusion from the Damages class, you will not be a member of the Damages class. You will not participate in these proceedings or the settlement. You will not be subject to the release of claims or receive any money from the settlement as a member of the Damages class.

| **17.** | **What happens if I previously excluded myself from this class action?** |

If you previously submitted a valid request for exclusion and still wish to be excluded from the class, you do not need to do anything. All previously submitted requests for exclusion will remain in effect and you will not be subject to the release of claims or receive any money from the settlement.

If you previously filed a request for exclusion and now wish to participate in the settlement, contact the settlement administrator before [the response deadline] December 27, 2022.

| **18.** | **What happens if I stay in the class(es)?** |

Class members will be bound by the settlement and the judgment the Court enters in the case. If finally approved, the settlement agreement will have the same force and effect on absent class members as if each of them had signed it personally. This includes any applicable release of claims. Unless you timely request exclusion, the release of claims applies to you *regardless of whether you accept payment under the settlement or object*.

## THE FINAL APPROVAL HEARING

| **19.** | **When and where will the Court decide whether to approve the settlement?** |

The Court located in the U.S. District Court for the Northern District of California will hold a final approval hearing at _____ __.9:30 a.m. on _____,February 17, 2022,.. The hearing will be conducted remotely via video conference. At the hearing, the Court will listen to anyone who wishes to speak in support of or in opposition to the settlement and will consider whether the settlement is fair, reasonable and adequate. The Court will also consider class counsel's request for attorneys' fees and costs and the request for the named plaintiffs' incentive awards. The Court may reschedule the final approval hearing without further notice to the classes. Please check www.baseballplayerwagecase.com or the Court's PACER system to verify the date has not changed. The link to the Court's video conference may be found on the Court's website: https://cand.uscourts.gov/judges/spero-joseph-c-jcs/.

WHILE YOU ARE WELCOME TO ATTEND THE FINAL APPROVAL HEARING EITHER PERSONALLY OR BY COUNSEL HIRED AT YOUR OWN EXPENSE, YOU DO NOT NEED TO APPEAR. CLASS COUNSEL WILL APPEAR AT THE HEARING ON BEHALF OF THE SETTLEMENT CLASSES, INCLUDING YOU.

## GETTING MORE INFORMATION

| 20. | How do I get more information? |
| --- | --- |

This notice only summarizes the proposed settlement. You can find the settlement agreement and other important documents in the case on the settlement website:

www.BaseballPlayerWageCase.com

You may access the Court docket and any other publicly filed documents in this case, for a fee, through the Court's PACER system at https://ecf.cand.uscourts.gov., or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, San Francisco Courthouse, between 9:~~00am~~00 a.m. and 4:~~00pm,~~00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT CONTACT THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

If you have questions about the settlement ~~or claims~~ process, please contact class counsel (contact information in Section ___,6, above) or the court-appointed settlement administrator, JND Legal Administration:

Email: Info@BaseballPlayerWageCase.com

Phone: [~~INSERT~~]1-888-906-0571

Mailing Address:

Senne v. Office of the Commissioner of Baseball
c/o JND Legal Administration,
P.O. Box ~~XXXX~~91051
Seattle, WA 98111