STEPHEN M. TILLERY (*pro hac vice*)
   stillery@koreintillery.com
GARRETT R. BROSHUIS (Bar No. 329924)
   gbroshuis@koreintillery.com
MARC A. WALLENSTEIN (*pro hac vice*)
   mwallenstein@koreintillery.com
DIANE MOORE (Bar No. 214903)
   dmoore@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone:  (314) 241-4844
Facsimile: (314) 241-3525


CLIFFORD H. PEARSON (Bar No. 108523)
   cpearson@pswlaw.com
DANIEL L. WARSHAW (Bar No. 185365)          JILL M. MANNING (Bar No. 178849)
   dwarshaw@pswlaw.com                         jmanning@pswlaw.com
BOBBY POUYA (Bar No. 245527)                BENJAMIN E. SHIFTAN (Bar No. 265767)
   bpouya@pswlaw.com                           bshiftan@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**          **PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400          555 Montgomery Street, Suite 1205
Sherman Oaks, CA 91403                      San Francisco, CA 94111
Telephone: (818) 788-8300                   Telephone: (415) 433-9000
Facsimile: (818) 788-8104                   Facsimile: (415) 433-9008


Plaintiffs' Co-Lead Class Counsel

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL, et al.,<br><br>Defendants. | CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)<br><br>**CLASS ACTION**<br><br>**DECLARATION OF MATT FREVERT IN SUPPORT OF MOTION FOR INCENTIVE AWARDS** |

NO. 3:14-cv-00608-JCS

**DECLARATION IN SUPPORT OF MOTION FOR INCENTIVE AWARDS**

DocuSign Envelope ID: A09ZE7F2-E21E-4157-A32C-CB19365609E2

I, Matt Frevert, hereby declare as follows:

1.      I am one of the named plaintiffs in this case. I submit this Declaration in support of Plaintiffs' Motion for Incentive Awards.

2.      I am personally familiar with the facts set forth in this Declaration. If called as a witness, I could and would competently testify to the matters stated herein.

**Decision and Effort to Join the Lawsuit**

3.      I have been a part of this case for over eight years. I decided to join this case because I felt strongly that minor league players were not being properly paid. I understood from the outset that being a named plaintiff would not provide a large financial benefit to me and that there was no guarantee of success.

4.      Despite that knowledge, I still joined and devoted significant time to the case. That was time that I could have dedicated to other endeavors, with my family and friends or with work. I instead devoted it to ensuring the best possible outcome for all of my colleagues in the minor leagues.

5.      I filed my complaint on April 21, 2014. Before doing so, I had multiple calls with my attorneys in this case and traded multiple emails. I provided information about my career, my work routines, and my pay, which helped my attorneys draft my complaint and gain a better understanding of the case. I also began the process of looking for employment-related documents and providing them to my attorneys.

6.      I reviewed the draft complaint before it was filed to make sure that the facts were correct. I communicated with my attorneys about the draft complaint and about what the next steps would be.

7.      I estimate that this pre-filing process consumed about three hours of my time.

**Discovery**

8.      I was the subject of extensive discovery in the case. I was served with two sets of requests for production. I had numerous phone calls and traded numerous emails with my attorneys to discuss the requests for production and my obligation to search for and produce documents related to my career.

9. I took this responsibility seriously. I looked for paper documents in multiple places over multiple days. I estimate that I spent 15 hours looking for documents.

10. I also assisted my attorneys with looking for electronic documents. I met with members of my attorneys' team or a vendor hired by them to assist in the collection of electronic documents. This was often a tedious task that entailed several steps and many conversations over the course of multiple days. It also meant that I was opening up private files so that they could be searched. I allowed this to be done because I believed in the case and it was important to the success of the case. I estimate that I spent two hours on this process.

11. Because the case lasted so long, I had to search for documents again at a later date to see whether any new documents could be found. I discussed this with my attorneys over multiple lengthy phone calls and spent significant time on this supplemental search process.

12. In total, I estimate that I spent around 20 hours performing tasks related to searching for documents.

13. I was also served with three sets of interrogatories. I had phone calls with my attorneys to discuss these interrogatories and the answers, and I also exchanged emails. I reviewed the interrogatory answers to ensure their accuracy. The answers to my interrogatories were amended multiple times, and I reviewed them each time. I estimate that I spent around three hours related to responding to interrogatories.

14. I sat for a deposition in this case. I had multiple calls with my attorneys and exchanged messages to discuss the deposition. I also had multiple prep sessions for the deposition. I reviewed documents to prepare for the deposition. I estimate that the time spent preparing for the deposition consumed around seven hours.

15. I then traveled to my deposition. That took around two hours each way.

16. My deposition (including breaks) lasted around eight hours. After the deposition, I reviewed the transcript to ensure it was accurate. I estimate that this took around three hours.

17. I estimate that the total time spent related to my deposition was around 25 hours.

**DECLARATION IN SUPPORT OF MOTION FOR INCENTIVE AWARDS**

DocuSign Envelope ID: A09ZE7F2-E21E-4157-A32C-CB19365609E2

**Prior Declarations**

18.      I previously provided a declaration in support of Plaintiffs' Motion for Notice to the Class and Conditional Certification Pursuant to the Fair Labor Standards Act. I provided information to my attorneys so that they could draft this declaration. Before signing it, I reviewed it to ensure its accuracy. I estimate that I spent around one hour related to that declaration.

19.      I also provided a declaration in support of Plaintiffs' Motion for Class Certification. I provided information to my attorneys so that they could draft this declaration. Before signing it, I reviewed it to ensure its accuracy. I estimate that I spent around one hour related to that declaration.

**General Work to Stay Informed**

20.      Throughout my years of being involved in the case, I have stayed informed of the progress through discussions and written communications with my counsel and review of court filings. I have had regular calls and have exchanged regular messages about the case throughout. That has included discussions about important filings and review of the major orders in the case. I estimate that I have spent 20 hours on generally staying informed about what was going on in the case and discussing what would come next.

**Trial Preparations and Settlement**

21.      As the trial date grew closer, I began having calls and exchanging messages to discuss my possible trial testimony. I began reviewing documents to prepare for it, including my deposition transcript, declarations, and interrogatory answers. I had a prep session with my attorneys to prepare to testify at trial. I estimate that I spent around three hours on this process.

22.      My attorneys also communicated with me about mediation and settlement possibilities. I received the settlement agreement and reviewed it before signing it. I estimate that I spent around an hour on this process.

**Reputational Risks**

23.      As a named plaintiff in this novel, high-profile lawsuit against a well-known and popular employer, I bore significant risk of harm to my reputation and my prospects for future employment. I knew that my name would be public, and I knew that members of the baseball community would likely know that I was part of the case. I also knew that it would be possible for

3                    NO. 3:14-cv-00608-JCS
**DECLARATION IN SUPPORT OF MOTION FOR INCENTIVE AWARDS**

employers, both within and outside of the sports industry, to find out that I had brought this employment-related case.

24.    I willingly took on these risks and burdens because I felt strongly that the working conditions for minor league players needed to be improved, including how players are paid. I took on the burden of opening myself up to intrusive and lengthy discovery and the possibility of reputational risks because it was the right thing to do. I am proud that I played an important role in this landmark case, and am proud of the result achieved for thousands of fellow players.

25.    In light of the above, I respectfully request an incentive award in recognition of the service that I provided in the case. I believe it is warranted here because of the extensive time that I put into this lengthy, well-publicized, and contentious case, and my commitment to seeing it all the way through to settlement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___10/19/2022_____

DocuSigned by:

712C90319CAD4FA...

**DECLARATION IN SUPPORT OF MOTION FOR INCENTIVE AWARDS**