STEPHEN M. TILLERY (*pro hac vice*)
  stillery@koreintillery.com
GARRETT R. BROSHUIS (Bar No. 329924)
  gbroshuis@koreintillery.com
MARC A. WALLENSTEIN (*pro hac vice*)
  mwallenstein@koreintillery.com
DIANE MOORE (Bar No. 214903)
  dmoore@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone:  (314) 241-4844
Facsimile: (314) 241-3525


CLIFFORD H. PEARSON (Bar No. 108523)
  cpearson@pswlaw.com
DANIEL L. WARSHAW (Bar No. 185365)          JILL M. MANNING (Bar No. 178849)
  dwarshaw@pswlaw.com                          jmanning@pswlaw.com
BOBBY POUYA (Bar No. 245527)                BENJAMIN E. SHIFTAN (Bar No. 265767)
  bpouya@pswlaw.com                            bshiftan@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**           **PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400          555 Montgomery Street, Suite 1205
Sherman Oaks, CA 91403                      San Francisco, CA 94111
Telephone: (818) 788-8300                   Telephone: (415) 433-9000
Facsimile: (818) 788-8104                   Facsimile: (415) 433-9008


Plaintiffs' Co-Lead Class Counsel

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL, et al., <br><br> Defendants. | CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS) <br><br> **CLASS ACTION** <br><br> **DECLARATION OF ROBERTO ORTIZ IN SUPPORT OF MOTION FOR INCENTIVE AWARDS** |

NO. 3:14-cv-00608-JCS

**DECLARATION IN SUPPORT OF  MOTION FOR INCENTIVE AWARDS**

DocuSign Envelope ID: C3BD7AD0-4EB8-42AE-8F50-C02B6750B378

I, Roberto Ortiz, hereby declare as follows:

1.      I am one of the named plaintiffs in this case. I submit this Declaration in support of Plaintiffs' Motion for Incentive Awards.

2.      I am personally familiar with the facts set forth in this Declaration. If called as a witness, I could and would competently testify to the matters stated herein.

### Decision and Effort to Join the Lawsuit

3.      I have been a part of this case for over eight years. I decided to join this case because I felt strongly that minor league players were not being properly paid. I understood from the outset that being a named plaintiff would not provide a large financial benefit to me and that there was no guarantee of success.

4.      Despite that knowledge, I still joined and devoted significant time to the case. That was time that I could have dedicated to other endeavors, with my family and friends or with work. I instead devoted it to ensuring the best possible outcome for all of my colleagues in the minor leagues.

5.      I filed my complaint on April 21, 2014. Before doing so, I had multiple calls with my attorneys in this case and traded multiple emails. I provided information about my career, my work routines, and my pay, which helped my attorneys draft my complaint and gain a better understanding of the case. I also began the process of looking for employment-related documents and providing them to my attorneys.

6.      I reviewed the draft complaint before it was filed to make sure that the facts were correct. I communicated with my attorneys about the draft complaint and about what the next steps would be.

7.      I estimate that this pre-filing process consumed about 15 hours of my time.

### Discovery

8.      I was the subject of extensive discovery in the case. I was served with two sets of requests for production. I had numerous phone calls and traded numerous emails with my attorneys to discuss the requests for production and my obligation to search for and produce documents related to my career.

**DECLARATION IN SUPPORT OF MOTION FOR INCENTIVE AWARDS**

9.    I took this responsibility seriously. I looked for paper documents in multiple places over multiple days.

10.    I also assisted my attorneys with looking for electronic documents. I met with members of my attorneys' team or a vendor hired by them to assist in the collection of electronic documents. This was often a tedious task that entailed several steps and many conversations over the course of multiple days. It also meant that I was opening up private files so that they could be searched. I allowed this to be done because I believed in the case and it was important to the success of the case.

11.    Because the case lasted so long, I had to search for documents again at a later date to see whether any new documents could be found. I discussed this with my attorneys over multiple lengthy phone calls and spent significant time on this supplemental search process.

12.    In total, I estimate that I spent around 20 hours performing tasks related to searching for documents.

13.    I was also served with three sets of interrogatories. I had phone calls with my attorneys to discuss these interrogatories and the answers, and I also exchanged emails. I reviewed the interrogatory answers to ensure their accuracy. The answers to my interrogatories were amended multiple times, and I reviewed them each time. I estimate that I spent around five hours related to responding to interrogatories.

14.    I sat for a deposition in this case. I had multiple calls with my attorneys and exchanged messages to discuss the deposition. I also had a prep session for the deposition. I reviewed documents to prepare for the deposition. I estimate that the time spent preparing for the deposition consumed around two hours.

15.    I then traveled to my deposition. That took around 45 minutes each way.

16.    My deposition (including breaks) lasted around eight hours. After the deposition, I reviewed the transcript to ensure it was accurate. I estimate that this took around four hours.

17.    I estimate that the total time spent related to my deposition was around 16 hours.

**Prior Declarations**

18.    I previously provided a declaration in support of Plaintiffs' Motion for Notice to the Class and Conditional Certification Pursuant to the Fair Labor Standards Act. I provided information to my attorneys so that they could draft this declaration. Before signing it, I reviewed it to ensure its accuracy. I estimate that I spent around two and a half hours related to that declaration.

19.    I also provided a declaration in support of Plaintiffs' Motion for Class Certification. I provided information to my attorneys so that they could draft this declaration. Before signing it, I reviewed it to ensure its accuracy. I estimate that I spent around two and a half hours related to that declaration.

**General Work to Stay Informed**

20.    Throughout my years of being involved in the case, I have stayed informed of the progress through discussions and written communications with my counsel and review of court filings. I have had regular calls and have exchanged regular messages about the case throughout. That has included discussions about important filings and review of the major orders in the case. I estimate that I have spent 30 hours on generally staying informed about what was going on in the case and discussing what would come next.

21.    I also participated in an interview with a Telemundo reporter regarding this case. I had discussions with my attorneys in preparation for this interview. I estimate that I spent around eight hours on this process.

**Trial Preparations and Settlement**

22.    As the trial date grew closer, I began having calls and exchanging messages to discuss my possible trial testimony. I began reviewing documents to prepare for it, including my deposition transcript, declarations, and interrogatory answers. I had prep sessions with my attorneys to prepare to testify at trial.

23.    My attorneys also communicated with me about mediation and settlement possibilities. I received the settlement agreement and reviewed it before signing it. I estimate that I spent around 25 hours on the trial preparation and settlement process.

**DECLARATION IN SUPPORT OF MOTION FOR INCENTIVE AWARDS**

**Reputational Risks**

24.     As a named plaintiff in this novel, high-profile lawsuit against a well-known and popular employer, I bore significant risk of harm to my reputation and my prospects for future employment. I knew that my name would be public, and I knew that members of the baseball community would likely know that I was part of the case. I also knew that it would be possible for employers, both within and outside of the sports industry, to find out that I had brought this employment-related case.

25.     I willingly took on these risks and burdens because I felt strongly that the working conditions for minor league players needed to be improved, including how players are paid. I took on the burden of opening myself up to intrusive and lengthy discovery and the possibility of reputational risks because it was the right thing to do. I am proud that I played an important role in this landmark case, and am proud of the result achieved for thousands of fellow players.

26.     In light of the above, I respectfully request an incentive award in recognition of the service that I provided in the case. I believe it is warranted here because of the extensive time that I put into this lengthy, well-publicized, and contentious case, and my commitment to seeing it all the way through to settlement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____

_____

4                    NO. 3:14-cv-00608-JCS
**DECLARATION IN SUPPORT OF MOTION FOR INCENTIVE AWARDS**

STEPHEN M. TILLERY *(pro hac vice)*
  stillery@koreintillery.com
GARRETT R. BROSHUIS (Colegio de Abogados No. 329924)
  gbroshuis@koreintillery.com
MARC A. WALLENSTEIN (*pro hac vice*)
  mwallenstein@koreintillery.com
DIANE MOORE (Colegio de Abogados No. 214903)
  dmoore@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Teléfono:   (314) 241-4844
Fax: (314) 241-3525


CLIFFORD H. PEARSON (Colegio de Abogados No. 108523)
  cpearson@pswlaw.com
DANIEL L. WARSHAW (Colegio de Abogados No. 185365)
  dwarshaw@pswlaw.com
BOBBY POUYA (Colegio de Abogados No. 245527)
  bpouya@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Teléfono: (818) 788-8300
Fax: (818) 788-8104

JILL M. MANNING (Colegio de Abogados No. 178849)
  jmanning@pswlaw.com
BENJAMIN E. SHIFTAN (Colegio de Abogados No. 265767)
  bshiftan@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
555 Montgomery Street, Suite 1205
San Francisco, CA 94111
Teléfono: (415) 433-9000
Fax: (415) 433-9008

Abogado colíder del grupo de demandantes

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS

## DISTRITO NORTE DE CALIFORNIA, DIVISIÓN DE SAN FRANCISCO

| | |
|---|---|
| AARON SENNE, y otros, individualmente y en nombre de todos los que están en situación similar,<br><br>            Demandantes,<br><br>    vs.<br><br>OFICINA DEL COMISIONADO DE BÉISBOL, una asociación no incorporada que hace negocios como GRANDES LIGAS DE BÉISBOL, y otros, y que se encuentra en el proceso de selección,<br><br>            Demandados. | CASO NÚMERO 3:14-cv-00608-JCS (consolidado con 3:14-cv-03289-JCS)<br><br>**DEMANDA JUDICIAL COLECTIVA**<br><br>**DECLARACIÓN DE ROBERTO ORTIZ EN APOYO DE LA MOCIÓN PARA LA CONCESIÓN DE INCENTIVOS** |

NO. 3:14-cv-00608-JCS

**DECLARACIÓN EN APOYO DE LA MOCIÓN DE CONCESIÓN DE INCENTIVOS**

Yo, Roberto Ortiz, declaro lo siguiente:

1. Soy uno de los demandantes nombrados en este caso. Presento esta Declaración en apoyo de la Moción de los Demandantes para la concesión de incentivos.

2. Conozco personalmente los hechos expuestos en esta Declaración. En caso de ser llamado como testigo, podría testificar, y lo haría de forma competente, sobre los asuntos aquí expuestos.

**Decisión y esfuerzo para sumarse a la demanda**

3. He sido parte de este caso durante más de ocho años. Decidí sumarme a este caso porque me parecía que los jugadores de las ligas menores no recibían una remuneración adecuada. Comprendí desde el principio que ser un demandante nombrado no me proporcionaría un gran beneficio financiero y que no había garantía de éxito.

4. A pesar de ello, me incorporé al caso y le dediqué mucho tiempo. Era un tiempo que podía haber dedicado a otros menesteres, con mi familia y amigos o con el trabajo. En cambio, lo dediqué a garantizar el mejor resultado posible para todos mis colegas de las ligas menores.

5. Presenté mi denuncia el 21 de abril de 2014. Antes de hacerlo, tuve múltiples llamadas con mis abogados en este caso e intercambié múltiples correos electrónicos. Proporcioné información sobre mi carrera, mis rutinas de trabajo y mi salario, lo que ayudó a mis abogados a redactar mi demanda y a comprender mejor el caso. También comencé el proceso de búsqueda de documentos relacionados con el empleo y los proporcioné a mis abogados.

6. Revisé el proyecto de denuncia antes de presentarlo para asegurarme de que los hechos eran correctos. Me comuniqué con mis abogados sobre el proyecto de denuncia y sobre cuáles serían los siguientes pasos.

7. Calculo que este proceso previo a la presentación consumió unas 15 horas de mi tiempo.

**Descubrimiento**

8. Fui objeto de un amplio proceso de investigación en el caso. Se me entregaron dos series de solicitudes de producción. Tuve numerosas llamadas telefónicas e intercambié numerosos

1    NO. 3:14-cv-00608-JCS

**DECLARACIÓN EN APOYO DE LA MOCIÓN DE CONCESIÓN DE INCENTIVOS**

correos electrónicos con mis abogados para discutir las solicitudes de presentación y mi obligación de buscar y presentar documentos relacionados con mi carrera.

9.     Me tomé muy en serio esta responsabilidad. Busqué documentos en papel en muchos lugares durante varios días.

10.     También asistí a mis abogados en la búsqueda de documentos electrónicos. Me reuní con miembros del equipo de mis abogados o con un proveedor contratado por ellos para que me ayudara a recopilar los documentos electrónicos. A menudo era una tarea tediosa que implicaba varios pasos y muchas conversaciones a lo largo de varios días. También significaba que estaba abriendo archivos privados para que pudieran ser buscados. Lo permití porque creía en el caso y era importante para el éxito del mismo.

11.     Como el caso duró tanto tiempo, tuve que volver a buscar los documentos en una fecha posterior para ver si se podía encontrar algún documento nuevo. Lo discutí con mis abogados en múltiples y largas llamadas telefónicas y dediqué mucho tiempo a este proceso de búsqueda complementaria.

12.     En total, estimo que pasé unas 20 horas realizando tareas relacionadas con la búsqueda de documentos.

13.     También se me entregaron tres juegos de interrogatorios. Tuve llamadas telefónicas con mis abogados para discutir estos interrogatorios y las respuestas, y también intercambié correos electrónicos. He revisado las respuestas al interrogatorio para asegurarme de su exactitud. Las respuestas a mis interrogatorios fueron modificadas varias veces, y las revisé cada vez. Calculo que pasé unas cinco horas relacionadas con la respuesta a los interrogatorios.

14.     Me senté para una declaración en este caso. Tuve múltiples llamadas con mis abogados e intercambié mensajes para discutir la declaración. También tuve una sesión de preparación para la declaración. Revisé los documentos para preparar la declaración. Calculo que el tiempo dedicado a la preparación de la declaración consumió unas dos horas.

15.     Luego viajé a mi declaración. Eso llevó unos 45 minutos en cada sentido.

**DECLARACIÓN EN APOYO DE LA MOCIÓN DE CONCESIÓN DE INCENTIVOS**

16. Mi declaración (incluyendo los descansos) duró unas ocho horas. Después de la declaración, revisé la transcripción para asegurarme de que era exacta. Calculo que esto me llevó unas cuatro horas.

17. Calculo que el tiempo total dedicado a mi declaración fue de unas 16 horas.

### Declaraciones previas

18. Anteriormente proporcioné una declaración en apoyo de la Moción de los Demandantes para la Notificación a la Clase y la Certificación Condicional de conformidad con la Ley de Normas Laborales Justas. Proporcioné información a mis abogados para que pudieran redactar esta declaración. Antes de firmarlo, lo revisé para asegurarme de su exactitud. Calculo que pasé unas dos horas y media relacionadas con esa declaración.

19. También proporcioné una declaración en apoyo de la Moción de los Demandantes para la Certificación de la Clase. Proporcioné información a mis abogados para que pudieran redactar esta declaración. Antes de firmarlo, lo revisé para asegurarme de su exactitud. Calculo que pasé unas dos horas y media relacionadas con esa declaración.

### Trabajo general para mantenerse informado

20. A lo largo de mis años de participación en el caso, me he mantenido informado del progreso a través de discusiones y comunicaciones escritas con mi abogado y la revisión de los archivos del tribunal. He recibido llamadas periódicas y he intercambiado mensajes regulares sobre el caso en todo momento. Esto ha incluido discusiones sobre importantes presentaciones y la revisión de las principales órdenes del caso. Calculo que he dedicado 30 horas a mantenerme informado en general de lo que ocurría en el caso y a discutir lo que vendría después.

21. También participé en una entrevista con un reportero de Telemundo sobre este caso. He hablado con mis abogados para preparar esta entrevista. Calculo que he invertido unas ocho horas en este proceso.

### Preparativos para el juicio y la conciliación

22. A medida que se acercaba la fecha del juicio, empecé a recibir llamadas y a intercambiar mensajes para hablar de mi posible testimonio en el juicio. Empecé a revisar los documentos para prepararme, incluyendo la transcripción de mi declaración, las declaraciones y las

**DECLARACIÓN EN APOYO DE LA MOCIÓN DE CONCESIÓN DE INCENTIVOS**

respuestas a los interrogatorios. Tuve sesiones de preparación con mis abogados para prepararme a testificar en el juicio.

23.    Mis abogados también se comunicaron conmigo sobre la mediación y las posibilidades de acuerdo. Recibí el acuerdo de conciliación y lo revisé antes de firmarlo. Calculo que dediqué unas 25 horas a la preparación del juicio y al proceso de conciliación.

### Riesgos para la reputación

24.    Como demandante nombrado en este novedoso y destacado pleito contra un empleador muy conocido y popular, corría un riesgo significativo de dañar mi reputación y mis perspectivas de empleo en el futuro. Sabía que mi nombre sería público, y sabía que los miembros de la comunidad del béisbol probablemente sabrían que yo formaba parte del caso. También sabía que era posible que los empleadores, tanto dentro como fuera de la industria del deporte, se enteraran de que había presentado este caso relacionado con el empleo.

25.    Asumí de buen grado estos riesgos y cargas porque estaba convencido de que había que mejorar las condiciones de trabajo de los jugadores de las ligas menores, incluida la forma de pagar a los jugadores. Asumí la carga de abrirme a un descubrimiento intrusivo y prolongado y a la posibilidad de riesgos para la reputación porque era lo correcto. Estoy orgulloso de haber desempeñado un papel importante en este caso histórico, y estoy orgulloso del resultado obtenido para miles de compañeros.

26.    En vista de lo anterior, solicito respetuosamente un premio de incentivo en reconocimiento del servicio que presté en el caso. Creo que se justifica en este caso por el tiempo que he dedicado a este largo, muy publicitado y polémico caso, y por mi compromiso de llevarlo hasta el final.

Declaro bajo pena de perjurio que lo anterior es cierto y correcto.

Ejecutado en 10/22/2022 _____



DocuSigned by:

CE9DF69F9C994FB...

4                    NO. 3:14-cv-00608-JCS
**DECLARACIÓN EN APOYO DE LA MOCIÓN DE CONCESIÓN DE INCENTIVOS**



## Certified Translation

Company:        inWhatLanguage, LLC.
Address:        650 S. 500 W. Ste. 201
                Salt Lake City, UT 84101
Phone:          +1 (801) 618-3450
Email:          info@inwhatlanguage.com
Web:            www.inwhatlanguage.com

inWhatLanguage, a professional translation firm, hereby declares that in our professional opinion and to the best of our knowledge and belief, the attached Declaration documents was translated from English to Spanish by a native-speaking inWhatLanguage linguist and is a faithful and accurate translation.

The translation work was provided by resources vetted and qualified as United States citizens performing the work within the United States of America.

The translator besides meeting the residency and citizenship criteria has also been established, through testing, to be a competent professional translator and the work has been subject to a review and edit by an independent and similarly qualified editor fluent in both languages

Name:           Amanda Jean Best

Signature:

Title:          Office Manager

Date:           10/20/2022

*********************************************************************************************************

Jacqueline Rodriguez Pinon

State of Utah, County of Salt Lake On this 20th day of October, in the year 2022, before me, _____, a notary public, personally appeared, Amanda Jean Best, proved on the basis of satisfactory evidence to be the person(s) whose name is subscribed to this instrument, and acknowledged he/she executed the same.

Witness my hand and official seal.

Notary Name  Jacqueline Rodriguez Pinon    Signature



NOTARY PUBLIC
JACQUELINE RODRIGUEZ PINON
725150
MY COMMISSION EXPIRES
JUNE 09, 2026
STATE OF UTAH

North America | South America | Europe | Asia | www.inwhatlanguage.com | (801) 618-3450