STEPHEN M. TILLERY (*pro hac vice*)
  stillery@koreintillery.com
GARRETT R. BROSHUIS (Bar No. 329924)
  gbroshuis@koreintillery.com
MARC A. WALLENSTEIN (*pro hac vice*)
  mwallenstein@koreintillery.com
DIANE MOORE (Bar No. 214903)
  dmoore@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone:  (314) 241-4844
Facsimile: (314) 241-3525

CLIFFORD H. PEARSON (Bar No. 108523)
  cpearson@pswlaw.com
DANIEL L. WARSHAW (Bar No. 185365)       JILL M. MANNING (Bar No. 178849)
  dwarshaw@pswlaw.com                      jmanning@pswlaw.com
BOBBY POUYA (Bar No. 245527)             BENJAMIN E. SHIFTAN (Bar No. 265767)
  bpouya@pswlaw.com                        bshiftan@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**       **PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400      555 Montgomery Street, Suite 1205
Sherman Oaks, CA 91403                  San Francisco, CA 94111
Telephone: (818) 788-8300               Telephone: (415) 433-9000
Facsimile: (818) 788-8104               Facsimile: (415) 433-9008

Plaintiffs' Co-Lead Class Counsel

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL, et al.,<br><br>Defendants. | CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)<br><br>**CLASS ACTION**<br><br>**DECLARATION OF RYAN KIEL IN SUPPORT OF MOTION FOR INCENTIVE AWARDS** |

NO. 3:14-cv-00608-JCS

**DECLARATION IN SUPPORT OF  MOTION FOR INCENTIVE AWARDS**

I, Ryan Kiel, hereby declare as follows:

1. I am one of the named plaintiffs in this case. I submit this Declaration in support of Plaintiffs' Motion for Incentive Awards.

2. I am personally familiar with the facts set forth in this Declaration. If called as a witness, I could and would competently testify to the matters stated herein.

**Decision and Effort to Join the Lawsuit**

3. I have been a part of this case for over eight years. I decided to join this case because I felt strongly that minor league players were not being properly paid. I understood from the outset that being a named plaintiff would not provide a large financial benefit to me and that there was no guarantee of success.

4. Despite that knowledge, I still joined and devoted significant time to the case. That was time that I could have dedicated to other endeavors, with my family and friends or with work. I instead devoted it to ensuring the best possible outcome for all of my colleagues in the minor leagues.

5. I filed my complaint on March 5, 2014. Before doing so, I had multiple calls with my attorneys in this case and traded multiple emails. I provided information about my career, my work routines, and my pay, which helped my attorneys draft my complaint and gain a better understanding of the case. I also began the process of looking for employment-related documents and providing them to my attorneys.

6. I reviewed the draft complaint before it was filed to make sure that the facts were correct. I communicated with my attorneys about the draft complaint and about what the next steps would be.

7. I estimate that this pre-filing process consumed about five hours of my time.

**Discovery**

8. I was the subject of extensive discovery in the case. I was served with two sets of requests for production. I had numerous phone calls and traded numerous emails with my attorneys to discuss the requests for production and my obligation to search for and produce documents related to my career.

**DECLARATION IN SUPPORT OF MOTION FOR INCENTIVE AWARDS**

9. I took this responsibility seriously. I looked for paper documents in multiple places over multiple days. I estimate that I spent five hours looking for documents.

10. I also assisted my attorneys with looking for electronic documents. I met with members of my attorneys' team or a vendor hired by them to assist in the collection of electronic documents. This was often a tedious task that entailed several steps and many conversations over the course of multiple days. It also meant that I was opening up private files so that they could be searched. I allowed this to be done because I believed in the case and it was important to the success of the case. I estimate that I spent five hours on this process.

11. Because the case lasted so long, I had to search for documents again at a later date to see whether any new documents could be found. I discussed this with my attorneys over multiple lengthy phone calls and spent significant time on this supplemental search process.

12. In total, I estimate that I spent around 15 hours performing tasks related to searching for documents.

13. I was also served with three sets of interrogatories. I had phone calls with my attorneys to discuss these interrogatories and the answers, and I also exchanged emails. I reviewed the interrogatory answers to ensure their accuracy. The answers to my interrogatories were amended multiple times, and I reviewed them each time. I estimate that I spent around six hours related to responding to interrogatories.

14. I sat for a deposition in this case. I had multiple calls with my attorneys and exchanged messages to discuss the deposition. I also had multiple prep sessions for the deposition. I reviewed documents to prepare for the deposition. I estimate that the time spent preparing for the deposition consumed around four hours.

15. I then traveled to my deposition. That took around two-and-a-half hours each way.

16. My deposition (including breaks) lasted around eight-and-a-half hours. After the deposition, I reviewed the transcript to ensure it was accurate. I estimate that this took around three hours.

17. I estimate that the total time spent related to my deposition was around 25 hours.

**DECLARATION IN SUPPORT OF MOTION FOR INCENTIVE AWARDS**

**Prior Declarations**

18.     I previously provided a declaration in support of Plaintiffs' Motion for Notice to the Class and Conditional Certification Pursuant to the Fair Labor Standards Act. I provided information to my attorneys so that they could draft this declaration. Before signing it, I reviewed it to ensure its accuracy. I estimate that I spent around one hour related to that declaration.

19.     I also provided a declaration in support of Plaintiffs' Motion for Class Certification. I provided information to my attorneys so that they could draft this declaration. Before signing it, I reviewed it to ensure its accuracy. I estimate that I spent around one hour related to that declaration.

**General Work to Stay Informed**

20.     Throughout my years of being involved in the case, I have stayed informed of the progress through discussions and written communications with my counsel and review of court filings. I have had regular calls and have exchanged regular messages about the case throughout. That has included discussions about important filings and review of the major orders in the case. I estimate that I have spent five hours on generally staying informed about what was going on in the case and discussing what would come next.

**Trial Preparations and Settlement**

21.     As the trial date grew closer, I began having calls and exchanging messages to discuss my possible trial testimony. I began reviewing documents to prepare for it, including my deposition transcript, declarations, and interrogatory answers. I had multiple prep sessions with my attorneys to prepare to testify at trial. I estimate that I spent around 15 hours on this process.

22.     My attorneys also communicated with me about mediation and settlement possibilities. I received the settlement agreement and reviewed it before signing it. I estimate that I spent around two hours on this process.

**Reputational Risks**

23.     As a named plaintiff in this novel, high-profile lawsuit against a well-known and popular employer, I bore significant risk of harm to my reputation and my prospects for future employment. I knew that my name would be public, and I knew that members of the baseball community would likely know that I was part of the case. I also knew that it would be possible for

3

employers, both within and outside of the sports industry, to find out that I had brought this employment-related case.

24.     I willingly took on these risks and burdens because I felt strongly that the working conditions for minor league players needed to be improved, including how players are paid. I took on the burden of opening myself up to intrusive and lengthy discovery and the possibility of reputational risks because it was the right thing to do. I am proud that I played an important role in this landmark case, and am proud of the result achieved for thousands of fellow players.

25.     In light of the above, I respectfully request an incentive award in recognition of the service that I provided in the case. I believe it is warranted here because of the extensive time that I put into this lengthy, well-publicized, and contentious case, and my commitment to seeing it all the way through to settlement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____10/17/2022_____

DocuSigned by:

Ryan Kiel

56F7FBAFA1DB43E...

4                    NO. 3:14-cv-00608-JCS

**DECLARATION IN SUPPORT OF MOTION FOR INCENTIVE AWARDS**