# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| AARON SENNE, et al., Individually and on Behalf of All Those Similarly Situated;<br><br>Plaintiffs,<br><br>vs.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as MAJOR LEAGUE BASEBALL; et al.;<br><br>Defendants. | CASE NO. 3:14-cv-00608-JCS (consolidated with 3:14-cv-03289-JCS)<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES, LITIGATION COSTS, AND INCENTIVE AWARDS** |

Having considered the Motion for Award of Attorneys' Fees, Litigation Costs, and Incentive Awards, the declarations filed in support, the pleadings and other papers on file in this action, the statements of counsel and the parties, and the terms and conditions of the proposed Settlement Agreement, the Court hereby orders that the motion is GRANTED, and further orders as follows:

**The Court Awards 30% of the Common Fund in Attorneys' Fees**

1.      The Court concludes that it is appropriate to use the percentage-of-fund method when calculating attorneys' fees because Plaintiffs have created a common fund that is ascertainable. *See Kang v. Wells Fargo Bank, N.A.*, No. 17-CV-06220-BLF, 2021 WL 5826230, at *16 (N.D. Cal. Dec. 8, 2021). The Court further concludes that it is appropriate to award a percentage that is higher than the benchmark of 25% due to the circumstances of this case. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002) (affirming award of 28%). The Court determines that attorneys' fees in the amount of 30% of the common fund ($55,500,000) are proper for the following reasons.

2.      First, Plaintiffs have achieved exceptional results here. The settlement results in a non-reversionary fund of $185 million. That is around 50% of the total post-summary-judgment amount recoverable at trial, and approximately 137% of the alleged post-summary-judgment unpaid wages, which is a better-than-average result. *See* Declaration of Brian T. Fitzpatrick ("Fitzpatrick Decl.") at ¶ 27 (typical recovery is less than that recovered here). The settlement also secures important injunctive relief in addition to the $185 million common fund, which only a minority of class actions secure. Fitzpatrick Decl. at ¶ 33. This factor supports the requested award.

3.      Second, Plaintiffs secured these results despite facing far more risks than average. Having presided over the lengthy class certification battle, the Court is well aware of the risks at class certification. The substantive issues were just as risky, as this case presented an abnormal number of novel questions. This factor strongly supports the requested award.

4.      Third, this case was very complex and required a very high level of skill. It involved nearly 70 parties and multiple state and federal laws in an unsettled area of law. It required a complex method of estimating hours worked in the absence of time records. It required the ability to overcome procedural motions and to conduct complicated and extensive discovery. It required deft appellate advocacy and the ability to distill the case for summary judgment and to prepare for a trial that nearly

took place. This too strongly supports the requested award.

5.    Fourth, the contingent nature of the fee likewise supports the requested award. For approximately nine years, Plaintiffs' counsel have litigated this case on a contingency basis without a guarantee of success and fronted millions of dollars in costs.

6.    Fifth, the requested award is similar to that awarded in other cases. Many courts, including this Court, have awarded similar fees when a case is longer and more complex than normal. The recent case of *Andrews v. Plains All Am. Pipeline L.P.*, No. CV154113PSGJEMX, 2022 WL 4453864, at *1 (C.D. Cal. Sept. 20, 2022), demonstrates this. There, the parties litigated for seven years and took over 100 depositions before arriving at a $230 million settlement. The court in *Andrews* awarded 32% of the fund in fees. *Id.* The factors that supported that award in *Andrews* are also present here, as the parties have litigated for approximately 9 years, took over 100 depositions, fought a lengthy class certification battle, and did not settle until the verge of trial—after this Court's 181-page summary judgment order. So this factor also strongly supports the requested award. *See also Boyd v. Bank of Am. Corp.*, No. SACV 13-0561-DOC, 2014 WL 6473804, at *10 (C.D. Cal. Nov. 18, 2014) (collecting wage-and-hour cases awarding 33% or more); *Frelkin v. Apple Inc.*, No. 3:13-cv-03451-WHA (ECF No. 475) (N.D. Cal. Aug. 13, 2022) (awarding 30% in over eight-year-old wage-and-hour case); *Rodriguez v. Nike Retail Servs., Inc.*, No. 14-CV-01508-BLF, 2022 WL 254349, at *6 (N.D. Cal. Jan. 27, 2022) (awarding 33% in wage-and-hour case "in light of the significant amount of work Class Counsel performed in this case, including for the appeal to the Ninth Circuit, and the excellent results achieved" in the face of "unsettled" law); *Villalpando v. Exel Direct Inc.*, No. 3:12-CV-04137-JCS, 2016 WL 7740854, at *2 (N.D. Cal. Dec. 12, 2016) (33% in attorneys' fees "is reasonable under both applicable law, and in light of the contingent risk, Counsel's documented lodestar, the complex and protracted nature of the case, and strong result for the Class"); *see also* Fitzpatrick Decl. at ¶ 19 (explaining that this request falls within the "second most common range of fees in the Ninth Circuit" and is warranted given the length and complexity of the case).

7.    Sixth, a lodestar crosscheck shows that the requested fee is reasonable. While the Court is not required to perform a lodestar crosscheck, *see Andrews*, 2022 WL 4453864, at *1, the Court has nevertheless performed one. The Court has reviewed the hours and rates submitted by

ORDER GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES, LITIGATION COSTS, AND INCENTIVE AWARDS

Plaintiffs' counsel, and finds them to be reasonable given the complexities and length of the case. The total lodestar is $36,322,371.75 through October 31, 2022. That results in a multiplier of 1.53, which falls well within the range commonly approved by courts. That provides further support for the requested fee.

8.     In sum, the Court finds that Class Counsel performed exemplary work on this case, diligently representing their clients and the class in a novel and important case and achieving terrific results. The Court awards 30% of the common fund in fees ($55,500,000).

9.     The award of attorneys' fees shall be allocated by Class Counsel in the manner they consider equitable.

**The Court Awards Litigation Costs from the Common Fund**

10.     Plaintiffs' counsel have shown that they incurred $4,654,538.33 in costs, which they ask to be reimbursed. The Court has reviewed the costs and finds them to be reasonable and of the type typically billed by attorneys to paying clients in the marketplace. The Court thus grants the request to have these costs reimbursed from the common fund.

11.     Plaintiffs have also asked that the Court set aside $995,000 from the common fund for settlement administration costs. The Court finds it reasonable to set aside that amount for administration costs and grants the request.

**The Court Grants Incentive Payments to the Named Plaintiffs**

12.     Lastly, the Court grants the request for incentive payments to the named Plaintiffs in the amount of $15,000 for each plaintiff serving as a class representative[1] and $7,500 for the five named plaintiffs who did not serve as class representatives.[2] The Court has discretion to award such incentive awards and finds them warranted here. This case received substantial notoriety—more than

[1] These individuals are: Craig Bennigson, Daniel Britt, Matthew Daly, Aaron Dott, Grant Duff, Matthew Frevert, Lauren Gagnier, Jonathan Gaston, Nicholas Giarraputo, Brandon Henderson, Bryan Henry, Mitchell Hilligoss, Ryan Hutson, Kyle Johnson, Jake Kahaulelio, Ryan Khoury, Ryan Kiel, Matthew Lawson, Michael Liberto, Barret Loux, Aaron Meade, Justin Murray, Jeffrey Nadeau, Joseph Newby, Brett Newsome, Kyle Nicholson, Oliver Odle, Tim Pahuta, Dustin Pease, Brandon Pinckney, David Quinowksi, Gaspar Santiago, Cody Sedlock, Aaron Senne, Leslie Smith, Bradley Stone, Mark Wagner, Kristopher Watts, Joel Weeks, and Kyle Woodruff.

[2] These individuals are: Omar Aguilar, Leonard Davis, Witer Jimenez, Bradley McAtee, Roberto Ortiz.

ORDER GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES, LITIGATION COSTS, AND INCENTIVE AWARDS

normal—and it entail reputational risks. Given the length of the case, the named plaintiffs also expended an above average amount of work. They responded to discovery and sat for depositions, and diligently stuck with the case for the entire length of it. Their work greatly benefitted the class. Further, the requested payments are similar to those approved in other cases. *See Villalpando v. Exel Direct Inc.*, No. 3:12-CV-04137-JCS, 2016 WL 7785852, at *2 (N.D. Cal. Dec. 9, 2016) (approving of $15,000 incentive awards in a wage-and-hour case); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2013 WL 1365900, at *17 (N.D. Cal. Apr. 3, 2013) ("The Court approves incentive awards of $15,000 to each of the 40 court-appointed class representatives, and $7,500 for each of eight additional named plaintiffs."); *Boyd v. Bank of Am. Corp.*, No. SACV 13-0561-DOC, 2014 WL 6473804, at *7 (C.D. Cal. Nov. 18, 2014) (in a wage-and-hour case: "[T]he Court finds that incentive awards of $15,000 to Mr. Galaz is reasonable in light of the time and effort he expended for the benefit of the class and the risks associated with representing the class."); *Ridgeway v. Wal-Mart Stores Inc.*, 269 F. Supp. 3d 975, 1003 (N.D. Cal. 2017) (approving $15,000 incentive awards to each of nine plaintiffs in a wage-and-hour case). The Court therefore grants the request for incentive awards.

**Summary of Order**

13.     The Court grants Plaintiffs' motion and awards the following:

- 30% of the common fund in attorneys' fees ($55,500,000);
- Litigation costs in the amount of $4,654,538.33;
- Incentive payments in the amount of $15,000 for the named plaintiffs who served as class representatives (*see* note 1, *supra*), and $7,500 for the named plaintiffs who ultimately did not serve as class representatives (*see* note 2, *supra*).

14.     The Court further orders that $995,000 be set aside from the common fund for settlement administration expenses.

IT IS SO ORDERED.

DATED:                                   _____

                                         HON. JOSEPH C. SPERO

ORDER GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES, LITIGATION COSTS, AND INCENTIVE AWARDS