UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON SENNE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>KANSAS CITY ROYALS BASEBALL CORP., et al.,<br><br>    Defendants. | Case No. 14-cv-00608-JCS<br><br>**AMENDED ORDER FOR ADDITIONAL BRIEFING**[1] |

The Court is in receipt of the joint letter submitted by Plaintiffs and the Objectors[2] on the question of whether Plaintiffs' counsel may depose the Objectors. Dkt. no.1194. In order to resolve this dispute, the Court seeks additional briefing as set forth below.

First, the Court requests additional briefing on the question of whether the Objectors' appeal will delay the payments and other non-monetary relief afforded to the class members under the Settlement Agreement. In particular, the parties should address Defendants' response (dkt. no. 1195) to the joint letter, which argues that Objectors' appeal will, unquestionably, delay the implementation of the settlement until after Objectors' appeal is resolved under the term that governs the Effective Date of the settlement. *See* Settlement Agreement ¶ 1.m. The parties should also address the argument of Objectors' counsel to the contrary, relying on provisions of the

---

[1] The content of this Order is identical to dkt. no. 1196 except that a clerical error related to Defendants' response deadline has been corrected and some briefing deadlines have been changed in response to a letter from Objectors' counsel, dkt. no. 1198.

[2] The Court uses this term as it is defined in the joint letter.

Settlement Agreement specifying that the amount of Class Counsel's fee award is to be considered separately from the reasonableness of the overall settlement.

With respect to whether Plaintiffs' counsel may depose the Objectors, the Court finds, as a general matter, that it has jurisdiction, even after a notice of appeal has been filed, to preserve the integrity of its judgments, including by permitting additional discovery. *See In re Netflix Priv. Litig.*, No. 5:11-CV-00379-EJD, 2013 WL 6173772, at *4-5 (N.D. Cal. Nov. 25, 2013). Thus, for example, to the extent Plaintiffs may ask the Court to require under Rule 7 of the Federal Rules of Appellate Procedure that the Objectors file a bond to ensure payment of costs on appeal, narrowly tailored discovery aimed at determining the ability of the Objectors who are appealing in this case might be appropriate. Other post-judgment motion practice, such as a motion for sanctions like the one in *In re Itel Sec. Litig.*, brought under 28 U.S.C. section 1927 and Rule 11 based on alleged misconduct by the objector's attorney, might also warrant discovery. All such discovery, however, must meet the standards of relevance under Rule 26(b)(1). Further, the Supreme Court has cautioned that the Court's inherent power to protect its judgments must be used "carefully and sparingly." *In re Itel Sec. Litig.*, 596 F. Supp. at 233 (citing *Roadway Express v. Piper*, 447 U.S. 752, 765(1980)).

Accordingly, the Court requests further briefing on the specific relevance of the discovery Plaintiffs seek to any post-judgment motions it envisions being decided by *this* Court. Plaintiffs should address the need to depose both the Objectors who are appealing and those who are not. To the extent Plaintiffs seek discovery for use in responding to the Objectors' appeal rather than a motion that Plaintiffs seek to bring in this Court, Plaintiffs should cite authority establishing that such discovery may be authorized by this Court and that the information they seek can be considered on appeal even though it is not part of the current record.

Plaintiffs shall file a brief on these questions, not to exceed ten (10) pages, no later than May 5, 2023. If Defendants chose to file a response to Plaintiffs' brief, their response should be filed by May 12, 2023. Objectors' response to Plaintiffs' opening brief and Defendants' response, if any, shall be filed by May 19, 2023. Plaintiffs' reply shall be filed by May 26, 2023. Defendants may, but are not required to, file a reply to Objectors' response by May 26, 2023. The

2

1   Court will determine whether a hearing is necessary after it has considered the parties' briefs.

2   **IT IS SO ORDERED.**

3   Dated:  May 3, 2023

_____
JOSEPH C. SPERO
United States Magistrate Judge