UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON SENNE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>KANSAS CITY ROYALS BASEBALL CORP., et al.,<br><br>    Defendants. | Case No. 14-cv-00608-JCS<br><br>**ORDER RE JOINT LETTER BRIEF**<br><br>Re: Dkt. No. 1194 |

## I.   INTRODUCTION

On April 27, 2023, Plaintiffs and certain individuals represented by Mssrs. Kornhauser and David ("Objectors")[1] filed a joint discovery letter in connection with Plaintiffs' noticing of the Objectors' depositions. Dkt. no. 1194. Defendants filed a response on the same date. Dkt. no. 1195. The Court requested additional briefing and that briefing is now complete. The two disputes the Court resolves herein are as follows: 1) will the appeal by Daniel Concepcion, Anthony Garcia, Sidney Duprey Conde, and Aldemar Burgos ("Appealing Objectors") of the Court's approval order and judgment delay the implementation of the Class Action settlement in this case; and 2) should Plaintiffs be permitted to depose the Appealing Objectors.[2] The answer to both questions is yes.[3]

---

[1] Objectors, for the purposes of the instant discovery dispute, are: Yadel Marti, Sergio Miranda, Juan Valdez, Jose Diaz, Helder Velazquez, Daniel Concepcion, Brahiam Maldonado, Anthony Garcia, Sidney Duprey Conde, and Aldemar Burgos.
[2] Although Plaintiffs initially sought to depose objectors who are not named on the appeal, they stipulated in their supplemental brief that they ask the Court to compel the depositions only of the Appealing Objectors.
[3] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## II. IMPACT OF APPEAL ON IMPLEMENTATION OF SETTLEMENT AGREEMENT

The Objectors assert that their appeal is only a "very limited appeal . . . from the separate distribution and award of attorney's fees and does not affect the Final Approval Order." Dkt. no. 1204 at 5 (citing dkt. no. 1173-1, Ex. 1 (Settlement Agreement), ¶ 14(b)). They are incorrect.

California law governs the interpretation of the Settlement Agreement. Dkt. no. 1173-1, Ex. 1 (Settlement Agreement), ¶ 36. Under California law, "[t]he language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." Cal. Civ. Code section 1638. Here, the language of the relevant provisions of the Settlement Agreement is clear. Defendants' funding of the settlement, the distribution of payments to class members, and issuance of MLB's memorandum to the Major League Clubs are all conditioned upon the occurrence of the Effective Date. Dkt. no. 1173-1, Ex. 1 (Settlement Agreement), ¶¶ 12, 14, 21. The Effective Date, in turn, is defined as "the last of the following dates: (i) if there is no appeal of the Court's Final Approval Order, the day after the deadline for taking an appeal has passed; or (ii) *if there is an appeal of the Court's Final Approval Order, the day after all such appeals are resolved in favor of final approval.*" *Id.* ¶ 1(m) (emphasis added). Unless the Objectors drop their appeal, there can be no doubt that the Effective Date will occur only if and when the Court's final approval order is affirmed on appeal.

Objectors' argument to the contrary is frivolous. Objectors contend that under Paragraph 1(m)(i) of the Settlement Agreement, the Effective Date was May 1, 2023 – 30 days after the Court entered judgment in this case – because they are not actually appealing the Final Approval Order but instead, are only appealing the Court's fee award. They reason that their appeal relates only to the Court's fee award because they ask the Court of Appeals to deduct $6.5 million of the $55.5 million awarded in attorneys' fees and pay it to what they describe as the "outside settlement class players." *See* dkt. no. 1193 (Notice of Appeal). As the Court has already explained, however, there is no outside settlement class. Dkt. no. 1190 at 25. The Objectors are members of the settlement class in this case and to the extent they are challenging the amount of their settlement payments, they are challenging the allocation formula that is at the heart of the Settlement Agreement, not the attorneys' fees that were awarded under the Settlement Agreement

and approved by the Court. There is no question that the Effective Date, under these circumstances, is governed by Paragraph 1(m)(ii) of the Settlement Agreement and thus, that the Effective Date is the day after the Objectors' appeal is resolved in favor of final approval.

### III.  WHETHER PLAINTIFFS SHOULD BE PERMITTED TO DEPOSE APPEALING OBJECTORS

Plaintiffs have narrowed their request for an order compelling depositions to the Appealing Objectors. The Court finds that request to be reasonable.

"Plaintiffs may seek information from objectors to obtain relevant, needed, and reasonably narrowly tailored information regarding each objector's standing as a settlement class member to assert objections, the underlying basis for his objections, and his relationship with counsel that may be pertinent to informing the court about the nature and merits of the appeal." *In re Netflix Priv. Litig.*, No. 5:11-CV-00379-EJD, 2013 WL 6173772, at *5 (N.D. Cal. Nov. 25, 2013). This information may be used in connection with a motion in this Court, such as a motion for imposition of an appeal bond or for sanctions, or in a variety of possible motions in the appellate proceeding. *See, id.* at *2 ("discovery may be utilized to ensure that each objector is capable of posting bond in the full amount" and to "pursue information regarding Objectors' standing in regards to their appeals"); *In re Itel Sec. Litig.*, 596 F. Supp. 226, 233 (N.D. Cal. 1984), aff'd, 791 F.2d 672 (9th Cir. 1986) (holding in post-judgment proceedings that the court "possessed the inherent power to award attorneys' fees as a means of protecting the integrity of the judicial process and that this inherent authority extend[ed] to considering class plaintiffs' request for attorneys' fees, costs, and sanctions"); Rutter Group Practice Guide: Federal Ninth Circuit Civil Appellate Practice at § 6:537 ("Evidence outside the district court record that is relevant to the motion's disposition should be presented by affidavit or declaration and served and filed with the motion.").

Here, Objectors' counsel has a long history of bringing meritless motions in this case and three of the Objectors are also represented by Mr. Kornhauser in a separate case against MLB, *Concepcion, et al. v. Office of the Commissioner of Baseball, et al.*, D. P.R. Case No. 22-cv-01017-ADC (including Objectors Daniel Concepcion, Sidney Duprey Conde, and Aldemar

3

Burgos as named plaintiffs). Furthermore, Objectors' counsel has repeatedly made the frivolous assertion that the appeal will not delay implementation of the Settlement Agreement – a gross misrepresentation of the terms of the Settlement Agreement that may also have been made to the Objectors. These indicia that the Objectors' appeal may be lawyer-driven and/or based on misconceptions about basic facts related to the terms of the Settlement Agreement provide a sufficient basis to support Plaintiffs' request for an order compelling the depositions of the Appealing Objectors.

## IV.  CONCLUSION

For the reasons stated above, the Court ORDERS that within 45 days of the date of this Order, the Appealing Objectors shall sit for depositions, not to exceed four hours each, on the following subject-matter: 1) the specific grounds for their objections to the settlement; 2) their relationships with Mssrs. Kornhauser and David; 3) whether they can post an appellate bond and pay for the costs incurred by Plaintiffs on appeal; and 4) whether they understand the basic terms of the Settlement Agreement, including the terms related to the Effective Date of the agreement and its implementation.

**IT IS SO ORDERED.**

Dated:  June 7, 2023

_____
JOSEPH C. SPERO
United States Magistrate Judge