UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON SENNE, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>KANSAS CITY ROYALS BASEBALL CORP., et al.,<br><br>　　　　Defendants. | Case No. 14-cv-00608-JCS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION SEEKING TO REQUIRE OBJECTORS TO POST AN APPEAL BOND**<br><br>Re: Dkt. No. 1206 |

## I.　INTRODUCTION

Presently before the Court is Plaintiffs' Motion Seeking to Require Objectors to Post an Appeal Bond ("Motion"). In the Motion, Plaintiffs ask the Court to require that objectors Daniel Concepcion, Sidney Duprey Conde, Aldemar Burgos, and Anthony Garcia ("Objectors") post a bond pursuant to Federal Rule of Appellate Procedure 7. Plaintiffs initially requested that the bond be set at $472,000 but in their Reply brief, they asked that the amount of the bond be increased by $14,000 to account for the fact that after they filed the Motion, the Court granted their request for leave to depose the Objectors, which they contend will cost approximately $3,500 for each Objector for deposition transcripts. The Court finds that the Motion is suitable for determination without oral argument and therefore vacates the motion hearing set for June 30, 2023 pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, the Motion is GRANTED in part and DENIED in part.[1]

---

[1] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

## II. DISCUSSION

### A. Legal Standards

Federal Rule of Appellate Procedure 7 ("Rule 7") provides that "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed.R. App. P. 7. The need for a bond, as well its amount, are left to the discretion of the trial court. *Schulken v. Washington Mut. Bank*, No. 09-CV-02708-LHK, 2013 WL 1345716, at *4 (N.D. Cal. Apr. 2, 2013) (citing *Fleury v. Richemont N. Am., Inc.*, C-05-4525 EMC, 2008 WL 4680033 (N.D. Cal. Oct.21, 2008) (citing Fed. R. App. P. 7 & Advisory Committee Notes (1979 Adoption))).

Courts in the Ninth Circuit consider the following factors in determining whether a bond is appropriate: (1) the appellants' financial ability to post bond; (2) the risk that appellants will not pay the costs if they lose the appeal; and (3) the likelihood that they will lose the appeal and be subject to costs. *Id.* (citations omitted). As to the amount of the bond, the phrase "costs on appeal" is not defined in the appellate rules, but Federal Rule of Appellate Procedure 39(e) ("Rule 39(e)") lists certain specific costs of appeal that are "within the undertaking of the appeal bond[,]" namely, "(1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a bond or other security to preserve rights pending appeal; and (4) the fee for filing the notice of appeal." Fed. R. App. P. 39(e) & Advisory Committee Notes (1967 Adoption). The Ninth Circuit has held that "the costs identified in Rule 39(e) are among, but not necessarily the only, costs available on appeal." *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007). Rather, the term "costs on appeal" under Rule 7 also includes all expenses defined as "costs" by an applicable fee-shifting statute. *Id.*

### B. Whether a Bond is Needed

The Court finds that the posting of a bond is warranted in this case. First, despite assertions in their brief that they are financially unable to post a bond, Opposition at 4, the Objectors have supplied no evidence of their inability to post a bond. It is not sufficient to rely on the general understanding that the settlement class members are "not financially well-off." Rather, Objectors must provide specific financial information demonstrating that they cannot afford to

1  post a bond and/or reflecting the maximum amount that they can afford. *See Fleury v. Richemont*

2  *N. Am., Inc*., No. C-05-4525 EMC, 2008 WL 4680033, at *7 (N.D. Cal. Oct. 21, 2008)

3  (recognizing that where appellant provided "no financial information to indicate that she [was]

4  financially unable to post a bond" "[t]his factor would normally weigh in favor of a bond").

5  Second, there is a significant risk that Objectors will not pay costs if they lose their appeal. The

6  Court bases this conclusion on the fact that: 1) Objectors reside outside of California; and 2)

7  Objectors do not even assert in their Opposition that they will pay the costs of appeal if they lose,

8  simply arguing that there is no risk of nonpayment because they are not going to lose the appeal.

9  *Id.* at 5. Third, the Court finds that there is a significant likelihood that Objectors will lose their

10  appeal for the reasons stated in the Court's March 29, 2023 order approving the class action

11  settlement and overruling the objections of the *Marti* plaintiffs. *See* dkt. no. 1190 at 14-27. In

12  sum, a bond is appropriate in this case to ensure that Plaintiffs will be reimbursed for the costs of

13  the appeal if Objectors lose the appeal.

### C. Amount of the Bond

15  There is no question that the amount of the bond should, at least, be sufficient to cover the

16  specific costs enumerated under Rule 39(e). Plaintiffs estimate that this amount will be

17  approximately $10,000 – an amount that was requested by Objectors' counsel in another case –

18  *Miletak v. Allstate Ins. Co*., No. C 06-03778 JW, 2012 WL 3686785, at *2 (N.D. Cal. Aug. 27,

19  2012). Motion at 4-5; Broshuis Decl. ¶ 4. The Court finds that amount to be a reasonable estimate

20  of Plaintiffs' Rule 39(e) costs.

21  "At this stage, Plaintiffs need not provide an itemized breakdown of the anticipated

22  appellate costs." *Tait v. BSH Home Appliances Corp*., No. SACV100711DOCANX, 2015 WL

23  12748268, at *2 (C.D. Cal. Oct. 19, 2015) (citation omitted). "Rather, courts must consider the

24  types of costs requested and the reasonableness of the requests . . . in light of other cases, and the

25  statements in Plaintiffs' declaration." *Id.* Based on its review of bond amounts awarded by

26  district courts in this circuit, the Court finds that Plaintiffs' $10,000 estimate is on the high side

27  but is, nonetheless, within the range of what district courts have found to be appropriate. *See*

28  *Broomfield v. Craft Brew All., Inc*., No. 17-CV-01027-BLF, 2020 WL 1972501, at *4 (N.D. Cal.

3

Apr. 13, 2020) ("[C]courts have routinely estimated that $1,000 is all that is necessary to ensure payment of costs on appeal associated with Rule 39(e)"); *Long v. Authentic Athletix LLC*, No. 16-CV-03129-JSC, 2018 WL 6168531, at *2 (N.D. Cal. Nov. 26, 2018) (reviewing cases setting bond amounts in the range of $500 to $2,500); *Schulken v. Washington Mut. Bank*, No. 09-CV-02708-LHK, 2013 WL 1345716, at *6 (N.D. Cal. Apr. 2, 2013) (setting bond at $5,000 based on Rule 39(e) costs in litigation that spanned three years and included appeals of four of the court's orders); *cf. Tait v. BSH Home Appliances Corp.*, 2015 WL 12748268, at *2 (estimating Rule 39(e) costs at $15,000); *Miletak v. Allstate Ins. Co.*, No. C 06-03778 JW, 2012 WL 3686785, at *2 (N.D. Cal. Aug. 27, 2012) (adopting plaintiffs' estimate of Rule 39(e) costs in the amount of $10,000); *In re Wachovia Corp. Pick-A-Payment Mortg. Mktg. & Sales Pracs. Litig.*, No. 5:09-MD-02015-JF PSG, 2011 WL 3648508, at *2 (N.D. Cal. Aug. 18, 2011) (estimating Rule 39(e) costs at $15,000).

This litigation has spanned almost a decade and the record is voluminous, supporting Plaintiffs' relatively high estimate of Rule 39(e) costs. Furthermore, based on the conduct of the *Marti* plaintiffs in this Court, it is likely that there will be more motions on appeal than is typical. Indeed, Objectors have already filed a motion asking the Court of Appeals to compel MLB to fund the settlement for immediate distribution to class members without waiting for the appeal to be decided and briefing on that motion is ongoing. Case No. 23-15632, Ninth Circuit Court of Appeals, dkt. no. 16.  Finally, the Court notes that Objectors have not challenged Plaintiffs' estimate of their Rule 39(e) costs on appeal.  Therefore, the Court adopts the Plaintiffs' $10,000 estimate of Rule 39(e) costs.

The Court also finds that Plaintiffs are entitled to include in the bond amount the costs that will be incurred for deposition transcripts in connection with the depositions of the Objectors, in the amount of $14,000.  Plaintiffs have provided evidence of those costs, *see* Broshuis Reply Decl. ¶ 3, which are allowable under 28 U.S.C. § 1920. *See Alflex Corp. v. Underwriters Lab'ys, Inc.*, 914 F.2d 175, 177 (9th Cir. 1990) (holding that fees for deposition copies are properly taxed under section 1920).

Finally, Plaintiffs ask that the bond include $462,000 for administrative expenses they

1  estimate will be incurred as a result of delay associated with the appeal. While there is a split of

2  authority among district courts in the Ninth Circuit on whether such expenses are properly

3  considered "costs" under Rule 7, the undersigned finds that the more persuasive authority supports

4  the conclusion that they are not.

5        In *Harris v. Amgen Inc.*, Judge Gutierrez described the split of authority regarding the

6  costs of settlement administration pending appeal as follows:

> District courts in the Ninth Circuit are currently divided over whether the incremental costs of settlement administration—labeled here as "administrative delay" costs—are properly included within a Rule 7 appeal bond. *See, e.g., In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices & Prods. Liability Litig*., No. ML 10-2151 JVS (FMOx), 2013 U.S. Dist. LEXIS 156986, at *104–05 (C.D. Cal. Oct. 21, 2013) (collecting cases); *Gould v. Motel 6, Inc.*, No. CV 09-8157 CAS (FMOx), 2014 U.S. Dist. LEXIS 74219, at *4–5 (C.D. Cal. May 29, 2014) (recognizing district-court split); *Lerma v. Schiff*, No. CV 11-1056 MDD, 2016 U.S. Dist. LEXIS 24748, at *9–10 (S.D. Cal. Feb. 29, 2016) ("The Ninth Circuit has not decided the extent to which an appeal bond can include administrative or other delay costs attendant to an appeal of a class settlement by an objector.").
>
> This district court split on settlement administration costs is the result of the Ninth Circuit's opinion in *Azizian v. Federated Department Stores, Inc.*, 499 F.3d at 958. There, the Ninth Circuit held that the amount of an appellate bond may only include: (1) costs identified in Rule 39(e), and (2) all expenses defined as "costs" by an applicable fee-shifting statute. Id. In *Azizian*, the court ultimately rejected the appellee's argument that attorneys' fees should be included in the appeal bond because the appellee could not identify a fee-shifting statute that would require the appellant to pay attorneys' fees at the conclusion of the appeal. *See id*. In interpreting *Azizian*, some district courts have treated the additional, incremental settlement administration costs as "administrative costs" and included them in the appellate bond, *see, e.g., Miletak*, 2012 WL 3686785, at *2, while others have treated them as "delay damages" and not included them in the appeal bond, *see, e.g., Fleury*, 2008 WL 4680033, at *6.
>
> Having reviewed *Azizian* and the subsequent district court opinions, the Court finds most persuasive those district court opinions that treat the additional, incremental settlement administration costs as "delay damages" not appropriate for inclusion in an appeal bond calculation. *See, e.g., Fleury*, 2008 WL 4680033, at *6; *Gould*, 2014 U.S. Dist. LEXIS 74219, at *4–5; *Schulken*, 2013 WL 1345716, at *4. These courts correctly point out that there is no fee-shifting statute or other law that would require the Appellant to pay the additional settlement administration costs if the Appellant is unsuccessful on appeal. Because the Appellant would never be responsible for these added costs, it goes against *Azizian* and the purposes of Rule 7, which is designed to protect an appellee against the risk of nonpayment, to

include these costs in the appeal bond.

No. CV075442PSGPLAX, 2017 WL 10442696, at *3 (C.D. Cal. July 18, 2017).

The undersigned agrees with the reasoning of *Harris*. The Court further notes that in declining to include the increased costs of settlement administration in the bond amount, it does not leave Plaintiffs without a remedy for this potential harm. As Judge Chen explained in *Fleury*, addressing a similar request:

> [A]n award of such "delay damages" seems to fall within the purview of 28 U.S.C. § 1912. This statute provides that "[w]here a judgment is affirmed by the Supreme Court or a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs." 28 U.S.C. § 1912. Section 1912 thus expressly characterizes the delay damages as "damages" as distinct from "costs," and is thus not within the literal scope of Rule 7. Significantly, Section 1912 is frequently cited in tandem with F.R.A.P. 38. Courts have typically awarded costs and attorney's fees as sanctions when (1) the appeal was without merit or the result obvious; and (2) the frivolous appeal was taken in bad faith for purposes of delay or harassment. *See Oliver v. Mercy Medical Ctr., Inc.*, 695 F.2d 379, 382 (9th Cir.1982), citing Fed. R.App. P. 38; 28 U.S.C. § 1912. The Ninth Circuit has found an appeal which was "pursued for purposes of delay" to be frivolous, and imposed sanctions under F.R.A.P. 38 and 28 U.S.C. § 1912. *U.S. for Use of Ins. Co. Of North Am. v. Santa Fe Engineers, Inc*., 567 F.2d 860, 861 (9th Cir.1978). *See also DeWitt v. Western Pac. R. Co*., 719 F.2d 1448, 1451 (9th Cir.1983) (sanctions imposed under F.R.A.P. 38 and 28 U.S.C. § 1912 for filing a frivolous appeal); *Arizona Elec. Power Co-op., Inc. v. Berkeley*, 59 F.3d 988, 993-94 (9th Cir.1995) (same).

*Fleury v. Richemont N. Am., Inc*., 2008 WL 4680033, at *8. In other words, Plaintiffs may be eligible to recover the increased costs of administering the settlement caused by the delay associated with Objectors' appeal, but that is a decision appropriately left to the Ninth Circuit.

Finally, the Court finds the handful of cases cited by Plaintiffs on this point, including *Miletak*, to be unpersuasive. In *Schulken v. Washington Mut. Bank*, Judge Koh rejected plaintiffs' reliance on *Miletak* on the same issue, explaining:

> [T]he *Miletak* Court distinguished between "delay damages" (caused by the delay in recovering the award) and the "administrative costs" of responding to class members' needs pending the appeal, and included the latter in assessing the amount of an appeal bond. *Miletak*, 2012 WL 3686785 (citing Order Granting Plaintiff's Motion for Reconsideration; Requiring Appellate Bond at 4 n. 12, Docket Item No. 265 in No. 09–01808 JW). This opinion did not identify any fee-shifting statute authorizing administrative expenses as "costs," but nonetheless interpreted such expenses as falling within the meaning

of "costs" in Rule 7.

No. 09-CV-02708-LHK, 2013 WL 1345716, at *7 (N.D. Cal. Apr. 2, 2013). The undersigned, like the court in *Schulken*, finds no basis for the distinction drawn in *Miletak* between "delay damages" and "administrative costs" in determining the amount of a Rule 7 bond under *Azizian* as Plaintiffs have pointed to no rule or statute that defines the latter as "costs" and the Court has found no such rule or statute.

Plaintiffs also cites *Dennings v. Clearwire Corp.*, in support of their position, but that case recites a standard that is based on pre-*Azizian* authority and does not address the requirement under *Azizian* that Rule 7 "costs" only include expenses that have been defined as a "cost" under a rule or statute. 928 F. Supp. 2d 1270, 1272 (W.D. Wash. 2013). Similarly, the two cases Plaintiffs cite from outside of the Ninth Circuit – *In re Nutella Mktg. & Sales Pracs. Litig.*, 589 F. App'x 53, 61 (3d Cir. 2014) and *In re Wawa, Inc. Data Sec. Litig.*, No. CV 19-6019, 2022 WL 2651849, at *4 (E.D. Pa. July 8, 2022) – shed no light on whether the administrative costs of delay are properly considered as "costs" under *Azizian*.

Accordingly, the Court concludes that the amount of the bond should include Rule 39(e) costs in the amount of $10,000 and the costs associated with the Objectors' deposition transcripts, in the amount of $14,000, but not the administrative costs incurred as a result of the delay associated with the appeal.

### III. CONCLUSION

The Court finds that the posting of a bond is warranted under Federal Rule of Appellate Procedure 7. Objectors must jointly post a bond in the amount of $24,000 no later than July 14, 2023.

**IT IS SO ORDERED.**

Dated: June 27, 2023

JOSEPH C. SPERO
United States Magistrate Judge